IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.      RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court on an oral motion by the defendant for reconsideration or modification of a detention order previously entered by Magistrate Judge Peter C. Lewis in the Southern District of California upon defendant's initial appearance after arrest. Judge Lewis found that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required. [Doc. No. 8]. Upon proffer by the Defendant, and with no objection by the United States, the court allowed the hearing to be reopened for further proceedings on June 21, 2010.

The government continued to seek detention in the case and elicited testimony from Special Agent Greg Flynn of the IRS-CID. In addition to the evidence presented at the hearing on June 21, 2010, I have taken judicial notice of the information set forth in the Pretrial Services

Report prepared by officers in the Southern District of California/El Centro, the entire court file, and have considered the arguments, proffers and statements of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant based upon the following findings of fact and conclusions of law:

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

>> drug and alcohol abuse, criminal history, and record
>> concerning appearance at court proceedings; and
>>
>> (B)   whether at the time of the current offense or
>> arrest, the person was on probation, on parole, or on
>> other release pending trial, sentencing, appeal, or
>> completion of sentence for an offense under
>> Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find:

The defendant has been charged in a complex scheme of defrauding the government pursuant to Title 18 U.S.C. § 287, filing false claims against the United States. The allegations concern a so-called "OID Program" wherein it is alleged the defendant, through his co-defendant and accountant Curtis Morris, filed tax returns claiming income and refunds on a form OID-1099. The evidence at the hearing indicated that no refunds were due and none of the accounts listed in the tax returns had withheld any money from Mr. Armstrong for any reason which would have incurred an obligation of refund to the defendant. Evidence at the hearing revealed that Mr. Armstrong had been advised by his accountant that this scheme was illegal and refused to participate in it for Mr. Armstrong. However, Mr. Armstrong had already set up a relationship with the co-defendant and the alleged false returns were filed.

The evidence adduced at the hearing indicated that the defendant illegally obtained over $1.6 million dollars from the IRS, which he then distributed to various entities and trusts over which he had complete control and many of which were foreign, including bank or trust accounts

in Belize, Germany, Canada and Mexico. Monies would then come back to Mr. Armstrong from either the same or sometimes different offshore accounts.

Mr. Armstrong also purchased real property in the United States with the refunds obtained from the IRS and an aircraft which he used to fly repeatedly to international destinations. The evidence showed the defendant has submitted numerous loan applications and other documents over the years which are inconsistent with the information given to Pretrial Services in connection with the detention hearing regarding his ownership of overseas property and other financial information.

The defendant and his wife maintain residences in Prescott, Arizona, Lake Havasu, Nevada and in Cabo San Lucas, Mexico. Most of the properties owned by the defendant are or have been titled in the name of one of the many businesses or trusts which Mr. Armstrong has set up and which make tracing the proceeds of his activities extremely difficult. The properties have been quit claimed several times, occasionally coming to the defendant in his own name for periods of time and then back into the name of one of the companies controlled by Mr. Armstrong. Some of the company names used by the defendant are Admirable Global, Bonanza Pacific, Global Pacific, Foreign Enterprises, Cabo Corporation, Blackstone Pension, Redwood Resources and others. The defendant has utilized other persons to scramble his assets including Susan Miller and Larry Hall. The defendant's only ties to Colorado appear to be to the accountant/co-defendant who prepared his tax returns using the OID scheme to generate substantial refunds from the IRS.

The defendant has been a licensed pilot for many years and, although his current aircraft has been seized by the United States, his pilot's license remains active. To date the certificate of airworthiness for the seized aircraft has not been located and was not located in the aircraft as prescribed by law. The evidence revealed that the defendant associates with one or more individuals who may have access to aircraft and who appear to have issues with the United States' taxing authorities.

A large portion of the proceeds allegedly illegally paid to Mr. Armstrong have not been recovered and the investigators have had difficulty tracing the money once it was moved offshore. To date, given the transfer of the assets and the various ways in which property has been titled, the witness from the IRS said the currently outstanding liens may result in recovery of as little as $10,000.00 of the $1.6 million.

The defendant stated that he would surrender his pilot's license and his passport as a condition of bond and argued that given the seizure of his aircraft he would be unable to leave the country.

The defendant and his wife have been in Mexico during the recent past and only arrived in the United States to attend the funeral of their eldest child, whereupon the defendant was arrested at the airport in Calexico, California. The defendant's wife apparently owns a realty business in Cabo San Lucas called "Cabo Realtors" and she owns a number of web addresses related to selling real estate in Mexico.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated: June 22, 2010, nunc pro tunc to June 21, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge