**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CURTIS L. MORRIS,
2.    RICHARD KELLOGG ARMSTRONG,
    Defendants.

---

**DEFENDANTS' JOINT UNOPPOSED MOTION FOR DECLARATION OF COMPLEXITY AND TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. § 3161(h)**

---

    Defendants, by and through undersigned counsel, and pursuant to 18 U.S.C. §3161(h)(7)(A),(B)(i)-(iv), request that this Court enter an Order removing this case from the time limits established by 18 U.S.C §3161(c)(1) for the following reasons:

    1.    Defendants are charged in a nine count felony indictment charging them with mail fraud and filing false claims against the United States. The case arises out of an allegedly fraudulent scheme involving the filing of certain tax forms.

    2.    Defendants have not yet received the discovery, which is expected to comprise approximately ten banker's boxes of documents, as well as one mirror image of a computer hard drive.

    3.    The government has indicated that the investigation of this case is ongoing, and that a superseding indictment, which likely will add charges and defendants, may be forthcoming.

1

4.      Pursauant to this Court's Trial Preparation Conference Order (Document 33), pretrial motions are due July 9, 2010, and trial is set to commence on August 23, 2010 . While defense counsel believes it will have discovery by July 9th, there will not be enough time to digest the discovery in order to facilitate meaningful and effective motions practice.

5.      While the charges themselves may not be complex, the underlying factual basis is complicated and will require defense investigation, locating and interviewing potential witnesses, and an understanding of certain Internal Revenue Service practices and procedures. Accordingly, defense counsel does not believe that the August 23rd trial date will afford enough time to properly and adequately prepare a defense for trial.

6.      Moreover, the defense in this case is likely to need to locate and retain its own expert(s) who will, in turn, also need to review the discovery.

7.      Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial."

8.      As this Court is aware, Title 18 U.S.C. §3161(h)(7)(B)(i)-(iv), sets forth the factors a Court must consider in determining whether to grant an ends of justice continuance. The first factor is "whether the failure to grant such a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Title 18 U.S.C. §3161(h)(7)(B)(i).  In the present case, denying defendants and their counsel adequate time to digest and analyze the discovery, retain experts, interview potential witnesses both in the United States and possibly abroad, and to otherwise perform adequate due diligence would result in a miscarriage of justice.

9.      The second factor, "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the time limits established by this section," (see Title 18 U.S.C. §3161(h)(7)(B)(ii)) also supports this Motion.  The case is complex due to the subject matter of the alleged tax-law related scheme. In addition, prior legal and/or financial advice rendered to the defendants is at issue.

10.     The third factor, which includes "[w]hether…,or because the facts upon which the grand jury must base its determination are unusual or complex" (see Title 18 U.S.C. §3161(h)(7)(B)(iii))  also supports the continuance sought in this Motion for the reasons set forth above.

11.     The fourth factor, "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (see Title 18 U.S.C. §3161(h)(7)(B)(iv)), is applicable in this case, for all the reasons set forth herein.  The legal, factual and logistical[1] realities of dealing with the subject matter of this case do not lend themselves to motions and trial setting dates within the 70 day Speedy Trial Act window and as set forth in the Court's Trial Preparation Conference Order (Document 33).  Indeed, due to the technical nature of this case, the volume of discovery, the need to retain experts, and the attendant complex legal issues involved in the case, Defendants

---

[1] Defendant Armstrong is in custody at the FDC Englewood, thus limiting counsel's access to both Defendant and his documentation, which is located at his residence in Arizona.

respectfully submit to the Court that this case should be considered unusual and complex, thus rendering it unreasonable to expect adequate preparation for pre-trial proceedings or the trial itself within the time limits established by the speedy trial act.  Undersigned counsel respectfully avers that, for the reasons stated herein, an ends of justice continuance is necessary to counsel for the defendants reasonable time for effective preparation.

12. The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998).  However, "such a reason must be supported by the information and evidence presented to the district court."  United States v. Medrano, 2009 WL 4547801 (C.A.10 (Colo.)) (citing Gonzales, supra).

13. For all the reasons set forth herein, Defendants and their counsel are requesting this Court exclude 180 days from the Speedy Trial Act to allow them to digest the discovery, retainer experts, and perform the other due diligence necessary to file pretrial motions.

14. Assistant United States Attorney Kenneth Harmon has indicated that the government does not object to this Motion.

15. Accordingly, Defendants respectfully request that the Court enter an Order finding that this matter is complex, that the ends of justice would be served by removing this case from the time limits dictated by Title 18 U.S.C. §3161(c)(1), and excluding 180 days from the Speedy Trial Act pursuant to Title 18 U.S.C. § 3161(h).

Dated this 7th day of July, 2010.

Respectfully submitted,

s/Lisa Monet Wayne
LISA MONET WAYNE
Attorney for Defendant Curtis L. Morris
950 17th Street, Suite 1800
Denver, CO 80202
(303) 860-1661
Fax: (303) 860-1665
Lmonet20@aol.com


s/Richard K. Kornfeld
RICHARD K. KORNFELD
Attorney for Defendant Richard Armstrong
1600 Stout St., Suite 1000
Denver, Colorado 80202
(303) 573-1900
Fax: (303) 446-9400
admin@rechtkornfeld.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2010, I electronically filed the foregoing **Defendants' Joint Unopposed Motion for Declaration of Complexity and to Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. § 3161(h)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


s/Michael Shomler
Michael Shomler