**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

**ORDER DENYING
DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

**Blackburn, J.**

On July 23, 2010, the matter was before me for hearing on defendant's **Motion To Reconsider Magistrate's Order of Detention** [#43][1] filed July 14, 2010. I deny the motion.

In fashioning my ruling subsequent to *de novo* review, I (1) judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*, including, but not limited to the relevant proceedings conducted before the Honorable Kathleen M. Tafoya, United States Magistrate Judge for the District of Colorado, on June 21, 2010; (2) considered the evidence, proffer,[2] and argument presented at the hearing I

---

[1] "[#43]" is an example of the convention I use to identify the document number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Under 18 U.S.C. § 3142(f), the defendant ". . . shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise."

conducted on July 23, 2010; (3) considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing; and (4) considered the written information and recommendations of pretrial services as stated in the **Pretrial Services Report** prepared by Pretrial Services Officer, Gilbert Ramirez, executed May 25, 2010. Accordingly, I enter the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS**:

On June 21, 2010, Magistrate Judge Tafoya conducted a hearing on the defendant's oral motion to reconsider or modify the order of detention [#8] entered on June 2, 2010, by the Honorable Peter C. Lewis, United States Magistrate Judge for the Southern District of California. On June 22, 2010, Magistrate Judge Tafoya entered an **Order of Detention** [#30].

My review of the magistrate judge's order of June 22, 2010, is *de novo. See* **United States v. Leon**, 766 F.2d 77, 80 (2d Cir.1985). Under this standard of review, I must judge the issues anew, but in doing so, I may utilize and have utilized the factual and evidentiary record developed during the detention hearing before Magistrate Judge Tafoya on June 21, 2010. However, as required under *de novo* review, I must reach and have reached my own independent findings of fact and conclusions of law. *See* **Leon**, 766 F.2d at 80 (finding that on de novo review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion"). Consonant with this requirement, I have reached my own independent findings of fact and conclusions of law and included them in this order.

Essentially, I have conducted a detention hearing as required by 18 U.S.C. §

3142(e) and 18 U.S.C. § 3145(b). My review has been *de novo*.

I have afforded the defendant the presumption of innocence without modification or limitation. *See* 18 U.S.C. § 3142(j). However, I am still permitted and required to consider the weight of the evidence against the defendant. *See* 18 U.S.C. § 3142(g)(2).

On June 8, 2010, the grand jury returned a nine count indictment, *see* [#5], in which the defendant is charged in Count 1 with mail fraud, in violation of 18 U.S.C. § 1341, and in Counts 4 through 7 with filing false claims against the United States, in violation of 18 U.S.C. § 287. Mail fraud is punishable by up to 20 years in a federal penitentiary. Each of the four counts of filing false claims is punishable by up to five years in a federal penitentiary. On conviction the sentences for these crimes may be imposed concurrently or consecutively. The gravamen of these related charges is that the defendant devised and deployed an illegal and fraudulent scheme designed to procure substantial federal income tax refunds to which he was not entitled.

The government continues to contend that the defendant is a flight risk. Thus, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings. On this issue the government has the burden of proof by a preponderance of the evidence. *See* **United States v. Cisneros**, 328 F.3d 610, 616 (10th Cir. 2003). I have conducted a detention hearing as required by 18 U.S.C. § 3142(e) and applied the apposite burden of proof.

The Bail Reform Act of 1984 at 18 U.S.C. § 3142(g), directs me to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required:

(1) the nature and circumstances of the offenses charged, including whether the offenses involve a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including -

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law.

As required under 18 U.S.C. § 3142(g), I have considered carefully the factors that are relevant[3] to the defendant. In the abstract none of these factors is preponderant or dispositive. On balance these factors weigh in favor of detention.

The filing of the Indictment constitutes probable cause to believe the defendant committed the crimes with which he is charged. The defendant has been charged in a complex scheme of defrauding the government pursuant to 18 U.S.C. §§ 1341 and 287, mail fraud and filing false claims against the United States. The allegations

---

[3] Thus, I have not considered whether the defendant poses or constitutes a danger to any person or the community. 18 U.S.C. § 3142(g)(4)

concern a so-called "OID Program." It is charged that the defendant, through his co-defendant and accountant Curtis Morris, filed tax returns claiming income and refunds on a form OID-1099. However, the evidence at the June 21, 2010, hearing indicated that no refunds were due and that none of the accounts listed in the tax returns had withheld any money from the defendant for any reason that would have produced a refund to the defendant. Evidence at the hearing indicated that the defendant had been advised by his accountant that this scheme was illegal and refused to participate in it. However, the defendant had already established a relationship with the co-defendant, and the alleged false returns were filed. The evidence established that the defendant has submitted numerous loan applications and other documents over the years that contain information that is inconsistent with the information given to Pretrial Services in connection with the detention hearing regarding his ownership of overseas property and other financial information. The weight of the evidence against the defendant is significant and more than preponderant. This factor weighs in favor of detention. 18 U.S.C. § 3142(g)(2).

The defendant's history, residence, family background, family ties, employment history, financial resources, criminal record, and health are as described and represented in the pretrial services report and the evidence educed at the June 21, 2010, and July 23, 2010, detention hearings. Relevantly, defendant is 76 years old with a life of expectancy of 10.7 years.[4]

The defendant's character and conduct, including his declaration of individual

---

[4] Defendant's date of birth is May 19, 1034. *See* §13-25-103, C.R.S., which I judicially notice pursuant to Fed.R.Evid. 201, to determine life expectancy.

-5-

sovereignty and his denunciation of the authority of the government generally and the IRS specifically, evinces a disaffected personal philosophy inconsistent with and indifferent to respect for the law (and concomitant authority).[5] Yet respect for the law and judicial authority are integral to the *sine qua non* for compliance with mandatory, standard, and special conditions of bond, which are specifically designed and intended to minimize the probability of failure to appear. This factor weighs in favor of detention. 18 U.S.C. § 3142(g)(3)(A).

The defendant's physical and mental condition is unremarkable. This discrete consideration does not influence my calculus one way or the other.

The defendant's family ties, employment, financial resources, length of residence in the community, and community ties weigh heavily in favor of detention without bond. The defendant does not reside in Colorado and has no significant ties to the District of Colorado. Instead, he and his wife have homes in Prescott, Arizona, Lake Havasu, Nevada, and Cabo San Lucas, Mexico, where Mrs. Armstrong owns and operates a real estate business. 18 U.S.C. § 3142(g)(3)(A).

Defendant's financial resources are substantial, diverse, and largely, if not entirely, beyond the reach of American authorities. A large portion of the proceeds allegedly paid to Mr. Armstrong illegally have not been recovered, but remain available to the defendant either directly or indirectly. Investigators experienced significant difficulty tracing the money once it was moved offshore. Approximately $669,000 of the $1,600,000 paid to the defendant is unaccounted for. Given the myriad transfers of the

---

[5] Under our constitution, the defendant has the right to believe and espouse his personal and political beliefs as he chooses. However, his beliefs are relevant to the probability that the defendant can and will submit to the jurisdiction and authority of this court.

assets to which the defendant has access and control, and given the various ways in which property has been titled, the defendant has effectively shielded the funds from detection and recovery, while preserving his access to and use of them.

The defendant has the ways, means, and motives to eschew prosecution and possible incarceration in a federal penitentiary. At his age, any significant sentence to imprisonment would effectively eviscerate the remaining years of his life and might very well be tantamount to a life sentence, and, thus, a death sentence for the defendant. He is an experienced pilot with the connections necessary to flee covertly and quickly to Mexico or elsewhere by airplane without a passport or a pilot's license. FFA records indicate that between 2006 and 2010, the defendant's airplane – and, thus, presumably, the defendant – made 20 round trips to Mexico. This ability can not be discomfitted by even the most restrictive conditions of bond, including frequent reporting, intensive pretrial supervision, electronic monitoring, or even residence in a half-way house – whether in Colorado or Arizona. Given his age, his concomitant life expectancy, the weight of the evidence, the possible sentences to prison, his present and prospective financial circumstances, resources, and opportunities, and, his nexus to Mexico, and his ability and opportunity for unanticipated and undetectable covert international travel by airplane, the defendant has significant reasons to absquatulate to eschew prosecution. The defendant has no ties or allegiances to cause him to remain in this jurisdiction or this country. In fact, the defendant has no reason to stay and every reason to flee.

The defendant's history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, weigh against detention. The defendant does not have a history of drug or alcohol abuse. He has no criminal record

or failures to appear. 18 U.S.C. § 3142(g)(3)(A).

At the time of the alleged current offenses, the defendant was not on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law. 18 U.S.C. § 3142(g)(3)(B). Thus, this consideration weighs against detention.

Based on the foregoing findings of fact and conclusions of law, I conclude ultimately as follows: (1) that the evidence establishes by a preponderance that the defendant presents a risk of failure to appear in this court as ordered; (2) that the evidence establishes by a preponderance that there exists no condition or combination of conditions of release, which will reasonably mitigate the risks of failure to appear. Additionally, after my *de novo* review, and based on virtually the identical evidence, I approve, adopt, and incorporate the magistrate judge's well reasoned and circumstantiated findings of fact and conclusions of law in the **Order of Detention** [#30] entered June 22, 2010.[6] Thus, continued detention is warranted. Accordingly, the defendant's motion should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion To Reconsider Magistrate's Order of Detention** [#43] filed July 14, 2010, is **DENIED**;

2. That the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

---

[6] See **United States v. King**, 849 F.2d 485, 490 (11th Cir.1988) (After *de novo* review district court may explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention).

-8-

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

      3. That the defendant is remanded to the custody of the United States Marshal for continued detention; and

      4. That the defendant shall be afforded a reasonable opportunity to consult confidentially with his attorney.

      Dated August 3, 2010, at Denver, Colorado.

                                         **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge