```
                                                                  1
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF COLORADO
 3     Case No. 10-cr-00317-REB
 4     ═══════════════════════════════════════════════════════════
 5     UNITED STATES OF AMERICA,
 6          Plaintiff,
 7     vs.
 8     RICHARD KELLOGG ARMSTRONG,
 9          Defendant.
10     ═══════════════════════════════════════════════════════════
11            Proceedings before BOYD N. BOLAND, United States
12     Magistrate Judge, United States District Court for the
13     District of Colorado, commencing at 2:23 p.m., June 11,
14     2010, in the United States Courthouse, Denver, Colorado.
15     ═══════════════════════════════════════════════════════════
16            WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17     ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18     ═══════════════════════════════════════════════════════════
19                             APPEARANCES
20            KENNETH M. HARMON, Assistant United States
21     Attorney, appearing for the defendant.
22            No appearance for the defendant.
23
24     ═══════════════════════════════════════════════════════════
25                         INITIAL APPEARANCE
```

2

1              P R O C E E D I N G S
2              (Whereupon, the within electronically recorded
3  proceedings are herein transcribed, pursuant to order of
4  counsel.)
5              THE COURT: This is Case 10-cr-317, formerly a
6  sealed case.  Mr. Harmon?
7              MR. HARMON: Good afternoon, Your Honor, on behalf
8  of the United States I would move at this time to unseal the
9  indictment.  I will advise the Court that the co-defendant,
10 Curtis Morris, is now in custody so there's no longer any
11 need to have the indictment under seal.
12             THE COURT: On the motion of the United States, I
13 will unseal the indictment, this is 10-mj – I'm sorry,
14 10-cr-317, United States of America versus Richard
15 Armstrong.
16             Mr. Armstrong, can you hear?  Can you hear?
17             THE DEFENDANT: Can you turn it up?
18             MR. HARMON: Turn it up?
19             THE DEFENDANT: Yep.
20             THE COURT: Can you hear, Mr. Armstrong?
21             THE DEFENDANT: Yes, go ahead.
22             THE COURT: All right.  This case is set for an
23 initial appearance, the purpose of an initial appearance is
24 for me to advise you of your rights, of the charges and
25 possible penalties which you face, to consider appointing a

1  lawyer to represent you free of charge, and to set the case
2  for further proceedings.
3       I'll begin my advising you of your rights.  You
4  have the right to remain silent, you don't have to talk to
5  anybody.  If you do talk to somebody other than a lawyer who
6  represents you, anything you say can be used by the
7  government in its case against you.  If you start to talk to
8  somebody and change your mind, you may stop talking at any
9  time.  The have the right to be represented by a lawyer.
10 You may hire a lawyer if you want to.  If you can't afford
11 a lawyer and if you ask me to, I'll appoint a lawyer to
12 represent you free of charge.  You have the right to have
13 your lawyer present at any time that you're being questioned
14 by the police or by the government.  Do you understand these
15 rights?
16      THE DEFENDANT: Yes.
17      THE COURT: In addition, if you are a citizen of a
18 foreign country you have the right to require the consular
19 post -- you have the right to require the government to
20 contact the consular post for your country and inform it
21 that you're in jail pending trial or are otherwise being
22 detained, if that occurs.
23      You are here because you're charged with one count
24 of mail fraud in violation of 18 United States Code, Section
25 1341, and with four counts of filing false claims against

1  the United States in violation of 18 United States Code,
2  Section 287.  If convicted on the mail fraud count you face
3  a possible penalty of not more than 20 years in prison, not
4  more than a $250,000 fine, or both, and a $100 special
5  assessment fee.
6          If convicted on the false claims charges, on each
7  charge you face a possible penalty of not more than five
8  years in prison, not more than a $250,000 fine, or both, and
9  a $100 special assessment.  The document under your hands is
10 a copy of the indictment which contains the charges against
11 you.
12         I have your financial affidavit.  Would you like
13 me to consider appointing a lawyer to represent you without
14 charge?
15         THE DEFENDANT: I have a -- I have a cold.  I have
16 already retained an attorney.
17         THE COURT: So you've hired a lawyer and you don't
18 need an appointed lawyer, is that right?  Yes?
19         THE DEFENDANT: Yes.
20         THE COURT: All right, I'll destroy the financial
21 affidavit.
22         MR. HARMON: Your Honor, may I inquire of the name
23 of the attorney so if I need to talk to him before the next
24 hearing.
25         THE COURT: Can you tell us who you've hired, Mr.

1      Armstrong?

2              THE DEFENDANT: Tony Davis.

3              THE COURT: Tony Davis, is he in Denver?

4              THE DEFENDANT: Austin, Texas.

5              THE COURT: It appears that the issue of detention

6      was taken up in the United States District Court for the

7      Southern District of California and the defendant was

8      ordered detained. Is that your understanding, Mr. Harmon?

9              MR. HARMON: It is, Your Honor, but I know that the

10     court in the Southern District of California entered written

11     findings as part of the order, which is docket 7 in that

12     district, it indicated that the order was without prejudice

13     and that the court in determining the reasons for detention

14     noted that the District of Colorado was best suited to

15     determine if there are conditions that can assure the

16     defendant's appearance. So the order was entered, the

17     defendant was adjudicated, there was an adjudication on the

18     ruling that the defendant should be detained, but I think

19     that the intent of the order was to allow the defendant to

20     reopen if necessary.

21             THE COURT: So do you think we should set it for

22     detention or just wait and see if there's a motion to

23     reopen?

24             MR. HARMON: I think we're going to have to have

25     other hearings and the Court can give that time between now

1   and then time for the defendant to make a motion through
2   counsel, since he's indicated he has counsel, to reopen, and
3   that would give us enough time to have this hearing.  I'd be
4   prepared to go forward with a hearing next Wednesday.  If
5   you were asking me were we to have a detention hearing, I
6   would say we would be prepared in the three days and I would
7   request the three days, so I understand that we would need
8   to do an arraignment and a discovery conference and I'd be
9   prepared to do that next Wednesday, and I would give the
10  defendant, since he says he's represented by counsel, the
11  opportunity to make written motion to reopen that issue if
12  he so chooses.
13              THE COURT: Mr. Harmon, you have been -- I'm sorry,
14  Mr. Armstrong, an order of detention has been entered in the
15  California court but the issue of detention may be revisited
16  here.  Ordinarily the government could not keep you in jail
17  indefinitely pending trial of the charges against you and a
18  detention hearing must occur, I will order you held for the
19  next three business days.  At the end of those three
20  business days I'm going to set the case for an arraignment,
21  where you will again be advised of the charges against you
22  and asked to enter a plea, and for a discovery conference,
23  where, among other things, the lawyers will discuss the
24  exchange of information.
25              I'm also going to set the case for a detention

1  hearing, which will be held if your lawyer moves to reopen
2  detention at that time.  So it's set for all three things,
3  the detention hearing being subject to a motion to reopen
4  the detention issue.
5             Three days' time, Madam Deputy?
6             THE CLERK: June 16th at 10 o'clock, Your Honor.
7             THE COURT: All right.  I've set the case for
8  arraignment, discovery, and, if there's a motion filed,
9  reopening of detention on June 16th, 2010, at 10 a.m.  Mr.
10 Armstrong, you'll be brought back to court at that date and
11 time.  Be sure to get word to your lawyer that the matter
12 has been set so that he can be here.
13            Mr. Harmon, anything more on this case?
14            MR. HARMON: No, thank you, Your Honor.
15            THE COURT: I remand the defendant to the custody
16 of the United States Marshal pending further proceedings.
17 Thank you very much.
18            (Whereupon, the within hearing was then in
19 conclusion at 2:32 p.m. on June 11, 2010.)
20            I certify that the foregoing is a correct
21 transcript, to the best of my knowledge and belief, from the
22 record of proceedings in the above-entitled matter.
23
24     /s/ Bonnie Nikolas                    August 23, 2010
25     Signature of Transcriber                     Date