1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF COLORADO
 3       Case No. 10-cr-00317-REB
 4       ═══════════════════════════════════════════════════════
 5       UNITED STATES OF AMERICA,
 6            Plaintiff,
 7       vs.
 8       CURTIS MORRIS, et al.,
 9            Defendants.
10       ═══════════════════════════════════════════════════════
11              Proceedings before BOYD N. BOLAND, United States
12       Magistrate  Judge,  United  States  District  Court  for  the
13       District of Colorado, commencing at 10:18 a.m., June 16,
14       2010, in the United States Courthouse, Denver, Colorado.
15       ═══════════════════════════════════════════════════════
16              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17       ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18       ═══════════════════════════════════════════════════════
19                              APPEARANCES
20              KENNETH HARMON, Assistant United States Attorney,
21       appearing for the government.
22              No appearance for the defendants.
23       ═══════════════════════════════════════════════════════
24
25             ARRAIGNMENT/DETENTION/DISCOVERY CONFERENCE
```

1                    P R O C E E D I N G S

2              (Whereupon, the within electronically recorded
3     proceedings are herein transcribed, pursuant to order of
4     counsel.
5              THE COURT: This is Case 10-cr-317, United States
6     of America versus Curtis Morris and Richard Armstrong.  For
7     the United States?
8              MR. HARMON: Good morning, Your Honor, Kevin Harmon
9     on behalf of the United States.
10             THE COURT: And I understand that there is no entry
11    of appearance by counsel for either defendant.  Mr.
12    Armstrong, you were going to hire a lawyer in Texas, as I
13    recall, is that still your plan?
14             DEFENDANT ARMSTRONG: I have retained counsel in
15    Texas, and I have not had the opportunity to hire a local
16    attorney because I've been locked up.
17             MR. HARMON: Your Honor, may I inquire or ask the
18    Court to inquire as to specifically who the attorney in
19    Texas is.
20             THE COURT: Do you know the name of the man you
21    hired in Texas?
22             DEFENDANT ARMSTRONG: Yes, Tony Davis.
23             MR. HARMON: Your Honor, I have reason to believe
24    just from a cursory Internet review that this Mr. Tony Davis
25    is not in fact a lawyer.  If he is who I think he is, he's

1    a convicted felon in the federal system who sells people
2    packets of documents that contend that Title 18 of the
3    United States Code is not valid.  There are proceedings
4    against him by the Texas bar seeking to enjoin him now.
5    Now, this may not be the same person.  I can -- I may have
6    the articles here, I can give it to the Court and the Court
7    can use it at its discretion should it wish to inquire
8    further about whether this is the person that the defendant
9    has retained.
10              THE COURT: Mr. Armstrong, is it your understanding
11   that Mr. Davis does not intend to enter his appearance here
12   in Colorado but rather you'll need local counsel?
13              DEFENDANT ARMSTRONG: That is correct.
14              THE COURT: You're going -- probably going to
15   remain in custody for the immediate future since we don't
16   have a lawyer here to conduct proceedings, so the problem
17   you're having hiring a lawyer will continue for the
18   foreseeable future.  Would you like me to consider
19   appointing a lawyer to represent you free of charge just so
20   we can get the matter moving, and perhaps that person can
21   help you contact private counsel if, in fact, that's what
22   you want to do?
23              DEFENDANT ARMSTRONG: Would that mean today?
24              THE COURT: The counsel will be appointed today and
25   then we'd set your matter for further proceedings in the

1      near future.

2                   DEFENDANT ARMSTRONG: I suppose that would be
3      satisfactory, but I would like to address the Court.

4                   THE COURT: Well, let me repeat an earlier warning
5      to you.  You have the right to remain silent, you don't have
6      to talk to anybody.  If you do talk to somebody other than
7      a lawyer who represents you, including me, anything you say
8      can be used by the government in its case against you.  If
9      you start to talk to somebody and change your mind, you may
10     stop talking at any time.  Do you understand these rights?

11                  DEFENDANT ARMSTRONG: Yes.

12                  THE COURT: In view of those rights, do you still
13     want to address me?

14                  DEFENDANT ARMSTRONG: That's correct.

15                  THE COURT: All right, you may.

16                  DEFENDANT: All right.  I was denied bail in El
17     Centro, California, that's a magistrate court, based on
18     fraudulent statements made by the Assistant U.S. Attorney
19     and the IRS person stating that I was a flight risk, which
20     is not the case.  I'm a 76-year-old guy that's been locked
21     up now for 28 days, and the statements that were made to the
22     court by the U.S. Attorney was that I was a flight risk
23     because I was a licensed general aviation pilot who could
24     apparently have access to an airplane or an airport, or
25     something to that effect, and fly across the border and stay

1    there.

2         They contended -- they stated verbally and in
3    writing that I have transferred millions of dollars
4    offshore, which is a lie, there is no substantiation for
5    that.  They also contended that I own a home in Cabo San
6    Lucas in Baja California valued at $300,000, that's a lie.
7    There is no substantiation to that.  The fact there is that
8    my wife and I rent a 45-year-old mobile home --

9         THE COURT: Let me -- let me stop you there, Mr.
10   Armstrong.

11        DEFENDANT ARMSTRONG: Yes.

12        THE COURT: We're here this morning for
13   arraignment, discovery, and if a motion to reopen discovery
14   had been filed -- to reopen the detention matter had been
15   filed, then for -- to address the issue of detention, but no
16   motion was filed, so -- and one of the reasons that we set
17   it over was so that you could hire a lawyer, you said you
18   were going to do that, there's no lawyer here.  I think I
19   heard you say that you would like me to consider appointing
20   a lawyer to represent you free of charge, which I'll
21   certainly consider doing, and then that lawyer can file a
22   motion to reopen detention if he or she believes it's
23   appropriate and the issue can be reopened, but for you to
24   argue this morning about detention when there is no motion
25   pending is out of order and I'm not going to do that.

1          So do you want to have me consider appointing a
2     lawyer to represent you free of charge or not?
3          DEFENDANT ARMSTRONG: Yes.
4          THE COURT: All right.  Madam Deputy, if you would
5     give Mr. Armstrong a financial affidavit, please.
6          Mr. Morris, when we were last together you said
7     you would retain a lawyer at some time.  I don't know if
8     those are exactly your words, but something to that effect,
9     and we talked about the importance of hiring a lawyer and
10    that important proceedings were going to occur today, and
11    yet there is no lawyer.  Do you intend to hire a lawyer, do
12    you want to proceed pro se, would you like me consider
13    appointing a lawyer to represent you free of charge?
14         DEFENDANT MORRIS: My intent, Your Honor, was to
15    find counsel, whether that was a lawyer or not is not
16    specific.
17         THE COURT: Well, it can only be a lawyer.
18         DEFENDANT MORRIS: I believe there is a Supreme
19    Court case that says different.
20         THE COURT: I disagree, but anyway, you may
21    proceed.
22         DEFENDANT MORRIS: Okay.  I don't remember the
23    case.  As I was transferred to a completely different jail,
24    and all of the phone numbers that I had set out that I could
25    call became invalid at that point through the phone systems

1     at the jail, so I was unable to make any phone calls out.
2     At this point I have been unable to contact anyone.
3              THE COURT: So let me ask you my question again.
4     Do you want -- are you going to hire a lawyer, in which case
5     I'll continue your matter until you can do that, but it has
6     to be a lawyer.  Do you want to proceed pro se, in which
7     case there's some proceedings we must undertake, or do you
8     want me to consider appointing a lawyer to represent you
9     free of charge?
10             DEFENDANT MORRIS: I believe at this point I would
11    like to consider pro se.
12             MR. HARMON: Your Honor, may I make a request with
13    regard to that?
14             THE COURT: Yes.
15             MR. HARMON: Okay.  The defendant has an absolute
16    constitutional right to proceed pro se, assuming that
17    there's a knowing and intelligent and voluntary waiver of
18    that right; however, the Court has the discretion to appoint
19    advisory counsel that can help the defendant along the way.
20    Once the -- if -- should the defendant make that waiver and
21    the Court determine that waiver to be acceptable, then the
22    next matter we'll undertake with this defendant will be the
23    discovery conference memorandum and order, and it is a legal
24    document and I think the Court may be in a problematic
25    situation of having the defendant have to execute this

1   document without at least having the opportunity to consult
2   with a lawyer.
3           The arraignment itself is not that problematic,
4   but the defendant is going to be asking -- is going to be
5   called upon to ask for certain things or not ask for certain
6   things and request -- or undertake to do reciprocal
7   discovery if he wants certain things, so he probably needs
8   to have some understanding of the law, I would suggest, in
9   order to intelligently fill out this document, and if he
10  doesn't have advisory counsel with him we could be coming
11  back later on with an attack that he didn't understand his
12  discovery rights.
13          So my request would be, although the defendant
14  wishes to proceed pro se, that the Court consider appointing
15  advisory counsel to help the defendant, at his discretion
16  and election along the way, with certain things such as this
17  discovery conference memorandum and order which would be
18  among the next pieces of business to address in his case.
19          THE COURT: Thank you.
20          Mr. Morris, you do have a constitutional right to
21  represent yourself.  In order to waive your right to counsel
22  though, I must make a determination after an inquiry of you
23  that the waiver is made voluntarily and knowingly, so let me
24  make that inquiry.
25          Have you studied law?

9

1        DEFENDANT MORRIS: No, sir.
2        THE COURT: Have you ever represented yourself in
3   any other proceedings?
4        DEFENDANT MORRIS: No, sir.
5        THE COURT: Do you understand that you are charged
6   here with serious crimes, felonies?
7        DEFENDANT MORRIS: Yes, sir.
8        THE COURT: In particular, you're charged with
9   three counts of mail fraud in violation of 18 United States
10  Code, Section 1341, and six counts of filing false claims
11  against the United States in violation of 18 United States
12  Code, Section 287.  On the mail fraud counts, for each count
13  you face a possible penalty of not more than 20 years in
14  prison, not more than a $250,000 fine, or both, and a $100
15  special assessment fee.
16       And on the false claims charges, for each count
17  you face not more than five years in prison, a $250,000
18  fine, or both, and a $100 special assessment fee.  So you
19  face 60 years or more in jail in convicted of these charges,
20  do you understand that?
21       DEFENDANT MORRIS: Yes.
22       THE COURT: There are defenses available to the
23  charges that you face.  Are you aware of what those defenses
24  are?
25       DEFENDANT MORRIS: There are a number of defenses

1
2      that I'm aware of.  (Inaudible - not at a microphone) are
3      available as well.
4              THE COURT: All right, but you are aware of some
5      defenses?
6              DEFENDANT MORRIS: Yes.
7              THE COURT: Okay.  If you proceed pro se on your
8      own, you are on your own.  Neither I nor the district judge
9      nor the prosecuting attorney nor anybody else can or will
10     tell you what to do.  Do you understand all that?
11             DEFENDANT MORRIS: Yes.  May I ask the Court a
12     question?
13             THE COURT: You may.
14             DEFENDANT MORRIS: If at a later time I can find
15     appropriate counsel who represents my interests and not the
16     court's, can they be entered?
17             THE COURT: Maybe, maybe not.  It will depend on
18     the circumstances.  You cannot use proceeding pro se as a
19     weapon to delay the orderly progress of the case, and so if
20     you get too close to trial so that entry of the lawyer's
21     appearance might necessitate that the trial be delayed or
22     postponed, the judge could decide not to allow the lawyer to
23     enter his or her appearance, so it depends.
24             DEFENDANT MORRIS: Okay.
25             THE COURT: There are these things called the

```
 1    Federal Rules of Evidence.  Do you know about the Federal
 2    Rules of Evidence?
 3              DEFENDANT MORRIS: (Inaudible - not at microphone.)
 4              THE COURT: They'll govern what information is
 5    allowed into evidence and what the jury can consider.
 6              There are also the Federal Rules of Criminal
 7    Procedure, are you aware of them?
 8              DEFENDANT MORRIS: (Inaudible - not at microphone.)
 9              THE COURT: They'll govern how the procedures go
10    forward.  You'll need to follow those and the Rules of
11    Evidence.
12              DEFENDANT MORRIS: May I ask the Court a question
13    on Rules of Evidence?
14              THE COURT: You may.
15              DEFENDANT MORRIS: It is my understanding that in
16    the Rules of Evidence only the plaintiff can enter evidence
17    and that counsel cannot.  Is that not true?
18              THE COURT: Say that again.
19              DEFENDANT MORRIS: That under the Rules of Evidence
20    all evidence must be presented with first-hand knowledge.
21              THE COURT: Well, there's some exceptions to that,
22    but in general --
23              DEFENDANT MORRIS: What would be an exception to
24    that?
25              THE COURT: Well, that's why you need a lawyer.
```

```
 1      There are lots of them, and I'm not going -- I'm not in a
 2      position, nor is it my responsibility, nor would it be
 3      appropriate for me to give you legal advice, but there are
 4      exceptions to the hearsay rule, for example, for antiquated
 5      documents, like my license to practice law, and other
 6      things.
 7              In my opinion, you need a lawyer to represent you,
 8      and a lawyer would defend you far better than you can defend
 9      yourself.  It is unwise for you to proceed representing
10      yourself.  Although you've indicated some familiarity with
11      the Rules of Evidence and the Rules of Criminal Procedure,
12      you're not a licensed lawyer and you aren't familiar with
13      them to the same degree a lawyer who's a member of the bar
14      of this court would be.  You're not familiar with the court
15      procedures, and so I urge you not to represent yourself but
16      instead to hire a lawyer.
17              In view of our discussion, do you still want to
18      represent yourself?
19              DEFENDANT MORRIS: Since it is obviously an intent
20      to try and scare people --
21              THE COURT: This is called a Faretta hearing which
22      the Supreme Court requires that I conduct.
23              DEFENDANT MORRIS: I understand.  I apologize.
24      It's just I've never been in this position.  At this point
25      I have intent, but I do not know if I can get someone.
```

```
 1              THE COURT: So would you like me to consider
 2    appointing a lawyer to represent you in view of that
 3    difficulty?
 4              DEFENDANT MORRIS: I would consider it, yes.
 5              THE COURT: Madam Deputy, if you would give the
 6    defendant a financial affidavit, please.
 7              THE CLERK: Yes, Your Honor.
 8              THE COURT: Mr. Armstrong, I have your financial
 9    affidavit, would you like me to consider appointing a lawyer
10    to represent you without charge?
11              DEFENDANT ARMSTRONG: Yes.
12              THE COURT: I reviewed the affidavit. It appears
13    that the defendant may qualify to have a lawyer appointed to
14    represent him without charge, although the defendant does
15    have some assets. At some point in time, in view of that,
16    Mr. Armstrong, it may be determined that you have to
17    contribute some part of the fees which the lawyer is paid,
18    that's not what's going to happen today, but that could
19    happen later on if it's determined that you have sufficient
20    funds to assist in the payment of counsel. However, based
21    on the information before me, I will direct that a lawyer on
22    the CJA panel be contacted and appointed to represent Mr.
23    Armstrong in all further proceedings.
24              MR. HARMON: Your Honor, in that connection I have
25    a copy, I'm not sure whether it is the practice of the court
```

1  in Central District of California to make these available or
2  not, but I do have a copy of the financial affidavit that
3  the defendant filled out.  Let me just check.  I'm sorry,
4  it's not the one the defendant filled out, but I will tell
5  you, Your Honor, that the defendant has represented in other
6  financial statements to lenders that he has a net worth of
7  $2.6 million.
8              THE COURT: He does indicate assets, and, if
9  appropriate, a motion might be filed requiring his
10 contribution to the court appointed counsel.
11             MR. HARMON: Okay.  Thank you.
12             (Pause in the proceedings)
13             THE COURT: Madam Deputy?  Thank you.
14             Mr. Morris, I have your financial affidavit, would
15 you like me to consider appointing a lawyer to represent you
16 without charge?
17             DEFENDANT MORRIS: Yes.
18             THE COURT: I've reviewed the affidavit, it appears
19 that the defendant qualifies to have a lawyer appointed to
20 represent him without charge.  I'll direct that a lawyer on
21 the CJA panel be contacted and appointed to represent the
22 defendant in all further proceedings.
23             In view of these developments, I am going to
24 construe what's occurred here as a motion for extension of
25 time on the issue of detention with respect to Mr.

1  Armstrong, and also as a motion to reschedule the
2  arraignment and discovery conferences with respect to each
3  defendant, order the matter set for Monday, Madam Deputy?
4      THE CLERK: 9 a.m., Your Honor?
5      MR. HARMON: Your Honor, could I ask for an
6  afternoon setting? I'm scheduled to be before the grand
7  jury on another matter.
8      THE COURT: 3:30.
9      THE COURT: I've set the matter for further
10 proceedings on June 21st, 2010, at 3:30 p.m. I'll order
11 that the defendants be brought back to court at that date
12 and time. Gentlemen, between now and then you'll be
13 contacted by the lawyers appointed to represent you.
14     Mr. Harmon, anything more on this case?
15     MR. HARMON: No, thank you, Your Honor.
16     THE COURT: Mr. Morris?
17     DEFENDANT MORRIS: Your Honor, were there any
18 further developments on the previous request for
19 (inaudible)?
20     THE COURT: Yes, let me tell you about that. The
21 pretrial services officer went to your home and met with
22 your wife. There is a power outage at your house, maybe as
23 the result of an electrical storm, and that has also caused
24 your land line not to work. So Qwest has been contacted and
25 is going to be at your house Thursday morning, and so I

16

1    guess a repair will be made then or soon thereafter as
2    possible, and so your wife is to call the pretrial services
3    officer once the land line is reestablished and then the
4    investigation will be completed and you can be released on
5    your bond.
6         DEFENDANT MORRIS: Because I -- at that time I did
7    not receive the signature document for (inaudible).
8         THE COURT: Right. You will when you're brought in
9    for release.
10        I remand the defendants to the custody of the
11   United States Marshal pending further proceeding. Thank you
12   very much.
13
14        (Whereupon, the within hearing was then in
15   conclusion at 10:39 a.m. on June 16, 2010.)
16
17        I certify that the foregoing is a correct
18   transcript, to the best of my knowledge and belief, from the
19   record of proceedings in the above-entitled matter.
20
21        /s/ Bonnie Nikolas                August 25, 2010
22      Signature of Transcriber                  Date
23
24
25

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET
DENVER, COLORADO 80203   303-825-6119