FILED
United States Court of Appeals
Tenth Circuit

September 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

RICHARD KELLOGG ARMSTRONG,

        Defendant-Appellant.

No. 10-1345
(D.C. No. 1:10-CR-00317-REB-2)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, MURPHY,** and **O'BRIEN**, Circuit Judges.

---

Richard Kellogg Armstrong appeals from the district court's order requiring that he be detained pending trial. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm the district court's detention order.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The indictment charges Mr. Armstrong with participating in a fraudulent scheme involving the use of fabricated and false Internal Revenue Service (IRS) 1099-OID forms to obtain large income tax refunds to which he was not entitled. Greg Flynn, an IRS agent, investigated Mr. Armstrong and submitted an affidavit that was filed with the criminal complaint. Agent Flynn determined that, in October 2008, Mr. Armstrong filed amended returns for tax years 2005, 2006, and 2007, claiming that he was entitled to refunds based on federal income tax payments that were withheld by financial institutions. Mr. Armstrong attached to his amended returns IRS 1099-OID forms purportedly issued by the financial institutions that reflected large amounts of income tax withheld. Mr. Armstrong filed these returns with the help of his co-defendant, Curtis Morris, a tax-return preparer.

In December 2008, Mr. Armstrong received a $1.6 million refund from the IRS based on these amended returns. As part of his investigation, Agent Flynn contacted the financial institutions that purportedly generated Mr. Armstrong's 1099-OID forms. Those institutions informed Agent Flynn that they did not generate those 1099-OID forms and that they did not withhold the federal income taxes claimed on those forms.

After receiving the $1.6 million refund, Mr. Armstrong contacted his long-term accountant, Ken Chafin, who had previously worked with him on tax

matters. In an email to Mr. Chafin, Mr. Armstrong told him about his use of the 1099-OID forms and his receipt of the large refund. Mr. Armstrong asked Mr. Chafin to prepare his 2008 tax return using a similar process. Mr. Armstrong asserted that his use of the 1099-OID forms was legal. Mr. Chafin responded with an email in which he refused to prepare Mr. Armstrong's tax return using the 1099-OID forms, advised Mr. Armstrong that the use of the forms was illegal, and further advised Mr. Armstrong that he should return the refund or risk being subject to criminal prosecution. Mr. Chafin included in his email a link to the IRS website where the IRS had posted a fraud alert about the unlawful use of 1099-OID forms.

In January 2009, Mr. Armstrong filed his 2008 tax return with the assistance of Mr. Morris using 1099-OID forms. He claimed he was owed a refund of $1.7 million. The IRS rejected his claim. In April 2009, the IRS began investigating Mr. Morris and those clients with whom he had filed tax returns with 1099-OID forms. A criminal complaint was filed against Mr. Armstrong on May 18, 2010, and a week later he was arrested in California.

A magistrate judge in the Southern District of California held a detention hearing and subsequently issued a written decision, concluding that Mr. Armstrong should be detained because he was a flight risk and no condition or combination of conditions would reasonably assure his appearance. But, at the same time, the decision did note that the District of Colorado would be best suited

to determine if there were any conditions that could be set to ensure Mr. Armstrong's appearance at trial.

After Mr. Armstrong was transferred to the District of Colorado, he appeared before a magistrate judge who allowed him to reopen his detention hearing. The court held a hearing and the government presented documentary and testimonial evidence. Agent Flynn testified about his investigation of Mr. Armstrong that led to the indictment. He also testified about the fact that Mr. Armstrong had a pilot's license, traveled frequently to Mexico where he owned property and his wife had a real estate business, and transferred and received money from overseas banks, including financial institutions in Belize. Agent Flynn testified that he had attempted to trace the refund proceeds but that he could not locate approximately $600,000 of the proceeds, with an estimated $400,000 being transferred to international financial institutions where they could not be traced.

At the close of the hearing, the magistrate judge orally ruled that Mr. Armstrong was a flight risk and that he should be detained pending trial because there were no conditions or combination of conditions that could reasonably ensure his presence as required by the court. The next day the court issued a written order supporting the detention decision. Mr. Armstrong moved for reconsideration of the magistrate judge's detention decision. The district court reviewed de novo the detention decision, and then issued an order denying

Mr. Armstrong's motion for reconsideration and ordering his continued detention. Mr. Armstrong now appeals from that decision.

## II.

Claims of erroneous detention present mixed questions of law and fact. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). On appeal, we review the mixed questions of law and fact concerning the detention decision de novo, "but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.* It is the government's burden to prove risk of flight by a preponderance of the evidence. *Id.* at 616.

The Bail Reform Act requires a magistrate judge or district court judge to order a defendant detained before trial if the judge determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that would reasonably assure the defendant's appearance and the safety of the community, the judge must consider the following: 1) "[t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;" 2) "the weight of the evidence against the person;" 3) "the history and characteristics of the person," including, among other things, the person's family ties, length of residence in the community, employment, past conduct, criminal history, and past record of appearances at court proceedings; and 4) "the nature

and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Mr. Armstrong argues that the district court erred in its assessment of the evidence and the statutory factors. We disagree. Having reviewed the record, the parties' briefs, the applicable statutory provisions, and the decisions from the district court and magistrate judge, we conclude that the district court properly considered the evidence in conjunction with the statutory factors in reaching its determination that Mr. Armstrong is a flight risk and should be detained pending trial.

The judgment of the district court is AFFIRMED.

                                        ENTERED FOR THE COURT
                                        PER CURIAM

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | September 28, 2010 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Richard K. Kornfeld
Recht Kornfeld, PC
1600 Stout Street
Suite 1000
Denver, CO 80202

**RE:**   **10-1345, United States v. Armstrong**
District docket: 1:10-CR-00317-REB-2

Dear Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

                                             Sincerely,

                                             Elisabeth A. Shumaker
                                             Clerk of the Court

cc:   Kenneth Mark Harmon

EAS/ao