**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

**ORDER**

---

**Blackburn, J.**

      The matter is before me on defendant's **Notice To The District court of a Demand That All Grand jury Documents and Other Case Related Documents, a Violation of The Richard Kellogg Armstrong Estate and a Demand For Case Dismissal** [#135][1] filed February 2, 2011.  I construe this notice as a motion to dismiss and to recuse.[2]  I deny the motion.

      Defendant seeks a dismissal of all charges and my recusal based on his allegation that I have denied his constitutional rights to bail under the Eighth Amendment. Motion at 2. After hearing, I found the defendant to be a flight risk and ordered his detention in lieu of bail. *See* Order [#54]. My ruling involved an application of the Bail Reform Act of 1984 at 18 U.S.C. § 3142.  The United States Supreme Court has held consistently that a denial of bail does not *ipso facto* constitute a  violation of the due process of the Fifth Amendment, *see, e.g., United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), or the

---

[1] "[#135]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Because the defendant is proceeding *pro se*, I construe his papers liberally. *See **Erickson v. Pardus***, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

excessive bail clause of the Eighth Amendment, *see, e.g., Carlson v. Landon*, 342 U.S. 524, 545, 72 S.Ct. 525, 96 L.Ed. 547 (1952).[3]  Thus, the motion to dismiss should be denied.

Defendant fails to satisfy the rigorous standards for recusal at 28 U.S.C. §§ 144 and/or 455. Under both section 144 and section 455, the "extrajudicial source" doctrine severely limits recusal on the basis of unfavorable rulings made in the course of presiding over the case to those extraordinary situations in which the circumstances "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  ***Liteky v. United States***, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994); ***see also United States v. Young***, 45 F.3d 1405, 1415 (10th Cir.), ***cert. denied***, 115 S.Ct. 2633 (1995). Thus, his motion to recuse must be denied.

**THEREFORE, IT IS ORDERED** that the **Notice To The District court of a Demand That All Grand jury Documents and Other Case Related Documents, a Violation of The Richard Kellogg Armstrong Estate and a Demand For Case Dismissal** [#135] filed February 2, 2011, construed as a motion to dismiss and to recuse, is **DENIED**.

Dated February 28, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

---

[3] "The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed,  the very language of the Amendment fails to say all arrests must be bailable." *Carlson*, 342 U.S. at 537-538.