**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER

**Blackburn, J.**

The following matters are before me for consideration: (1) defendant's **Motion For Permission To Release Grand Jury Transcripts To Defendant Richard Kellogg Armstrong** [#134][1] filed February 3, 2011[2]; and (2) **Notice To The District Court To Release Grand Jury Transcripts, Testimony, Exhibits, CD's Tapes and Phone Conversations as Well as Any and All Documents Related in This Case, All To be in Printed Format and Be Certified To Be True and Correct, I Explicitly Reserve My Rights UCC-1-308 and Ask For Jurisdiction at Common Law** [#148] filed February 23, 2011.[3] I grant the former and deny the latter as moot.

---

[1] "[#134]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Generally, the government has no objection. See Response [#143] filed February 17, 2011.

[3] I construe this "notice" to be a motion. Because the defendant is proceeding *pro se*, I construe his papers liberally. See **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

On June 25, 2010, I entered an **Order** [#34] granting the **Government's Motion to Disclose Grand Jury Material To Defendant** [#32] filed June 24, 2010. My order imposed restrictions on the use and dissemination of grand jury materials. On January 27, 2011, I granted defendant's motion to waive his right to counsel and to exercise his right to self-representation, and I appointed David L. Owen, Jr., Esq., as advisory and standby counsel. *See* Minutes [#129].

On February 3, 2011, advisory-stand by counsel filed his motion, requesting that transcripts of relevant grand jury proceedings be released to defendant to facilitate his self-representation. The motion is well taken and should be granted, subject to the restrictions I imposed in my order of June 25, 2010. The granting of this motion makes moot the defendant's separate request, which should be denied as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Motion For Permission To Release Grand Jury Transcripts To Defendant Richard Kellogg Armstrong** [#134] filed February 3, 2011, is granted;

2. That the grand jury testimony and grand jury exhibits relevant to this case shall be disclosed to the defendant;

3. That such grand jury materials shall be used by the defendant only in defending this case;

4. That such materials may be disclosed only to the defendant and his advisory-stand by counsel;

5. that the defendant shall maintain custody of such materials and shall not reproduce or disseminate the same;

6.  that such materials shall be returned to the United States by the defendant at the conclusion of the case;

7.  That the **Notice To The District Court To Release Grand Jury Transcripts, Testimony, Exhibits, CD's Tapes and Phone Conversations as Well as Any and All Documents Related in This Case, All To be in Printed Format and Be Certified To Be True and Correct, I Explicitly Reserve My Rights UCC-1-308 and Ask For Jurisdiction at Common Law** [#148] filed February 23, 2011, is denied as moot; and

8.  That the **Order** [#34] entered June 25, 2010, is modified to the limited extent necessary to facilitate and implement these orders.

Dated February 28, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge