IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

        Defendants.

---

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT ARMSTRONG'S MOTIONS TO DISMISS**

---

        The United States of America, by and through its undersigned counsel, responds in opposition to Defendant Armstrong's three motions styled as follows:

        (1) "NOTICE OF CHALLENGE OF JURISDICTION AND DEMAND FOR DISMISSAL WITH PREJUDICE FOR VIOLATION OF MY CIVIL AND CONSTITUTIONAL RIGHTS OF 1787 AND THE BILL OF RIGHTS 1791.  ALSO, CHALLENGE OF TITLE 18 AS NOT CONSTITUTIONAL LAW AND CHALLENGE OF IRS AUTHORITY AS NOT BEING AN AGENCY OF THE UNITED STATES GOVERNMENT AND NOT ENTITLED TO REPRESENTATION BY THE D.O.J. I EXPLICITITY RESERVE MY RIGHTS UCC-1-308 AND ASK FOR JURISDICTION AT COMMON LAW" dated February 13, 2011 (hereinafter "Motion One"), Doc. No. 144;

        (2) "CHALLENGE OF VALIDITY OF CHARGES BROUGHT BY THE IRS, STATEMENT OF CORRECTNESS OF OID FILING AND CHALLENGE OF AUTHORITY

OF THE IRS TO BRING CHARGES AGAINST A SOVEREIGN CITIZEN OF THE united STATES AND A SOVEREIGN STATE CITIZEN OF THE REPUBLIC OF ARIZONA" dated February 22, 2011 (hereinafter "Motion Two"), Doc. No. 149; and

(3) "NOTICE TO THE UNITED STATES DISTRICT COURT THAT ALL NAMED JUDGES, MAGISTRATES AND LISTED AGENTS AND AGENCIES AS DEFENDANTS IN THE EXTRAORDINARY LAWSUIT GB-110106-70091410000134484 ARE DEMANDED THEY BE RECUSED FOR VIOLATION OF ARTICLE IV, SECTION 4 GUARANTEE OF A REPUBLIC FORM OF GOVERNMENT AND THAT THESE CASES, 10-cr-00317-REB AND 10-cv-01073, BE DISMISSED WITH PREJUDICE" dated February 24, 2011 (hereinafter "Motion Three"), Doc. No. 154.

For the reasons set forth below, Defendant Armstrong's arguments lack merit and entitle him to no relief. The Government requests that this Court deny these three motions.

## BACKGROUND

On June 8, 2010, a grand jury sitting in the District of Colorado returned an Indictment against Curtis L. Morris and Richard K. Armstrong. Doc. No. 6. The Indictment alleged, among other counts, that Armstrong caused the mailing and filing of false claims against the United States Government. Id. On February 15, 2011, a grand jury sitting in the District of Colorado returned a Superseding Indictment against Curtis L. Morris, Richard K. Armstrong, and Larry R. Hall. Doc. No. 140. The basis for the charges in the Indictment and the Superseding Indictment stems from the defendants' respective involvement in a scheme to present tax returns to the Internal Revenue Service (hereinafter "IRS") and Department of Treasury for themselves and others seeking false refunds based on fraudulent Forms 1099-OID. Id. The Superseding

Indictment charges Armstrong with one count of conspiracy to defraud the United States with respect to claims, eight counts of filing false claims against the United States, one count of mail fraud, and three counts of money laundering in violation of 18 U.S.C. §§§§ 286, 287, 1341, & 1957. Id.

On February 17, 2011, Defendant Armstrong filed Motion One. Doc. No. 144. This Court construed this filing as a motion to dismiss. Doc. No. 146. Defendant Armstrong filed Motion Two on February 24, 2011. Doc. No. 149. This Court construed this filing as a motion to dismiss for lack of jurisdiction. Doc. No. 150. On February 28, 2011, Defendant Armstrong filed Motion Three. Doc. No. 154. The substance of Motions One through Three appear to overlap. For the sake of judicial economy, the Government will address all three motions in this consolidated response. Though not entirely clear, the Government construes Motions One through Three collectively as asserting five arguments for the dismissal of the charges against Defendant Armstrong.[1] They are: (1) this Court lacks jurisdiction; (2) the Government lacks standing; (3) the grand jury process violated Defendant Armstrong's Fifth Amendment due process rights; (4) the filings of the tax returns containing false Forms 1099-OID were lawful; and (5) the judge and the prosecutors handling this case should have been recused.

## LAW AND ARGUMENT

**I.   Jurisdiction**

This Court has personal and subject matter jurisdiction in this case, and Defendant

---

[1] The motion also raises an argument for dismissal on the ground that the denial of bail violated Defendant Armstrong's Constitutional rights under the Eighth Amendment. Doc. No. 144 at 2; Doc. No. 149 at 2. The Government will not address this issue because it has been previously contemplated and rejected by this Court and no new evidence or arguments have been set forth by Defendant Armstrong since this ruling. Doc. No. 152.

Armstrong's arguments to the contrary are frivolous. He is entitled to no relief.

This Court has personal jurisdiction over Defendant Armstrong and subject matter jurisdiction over the charged offenses. Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." See United States v. Williams, 341 U.S. 58, 65-66 (1951). Those offenses include the Title 18 offenses charged in the Indictment and Superseding Indictment against Defendant Armstrong. Id. Accordingly, this Court has subject matter jurisdiction in this case. Likewise, this Court has personal jurisdiction over Defendant Armstrong. "It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained." United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991). Defendant has appeared before this Court several times in response to federal indictments filed in this case. This alone is sufficient to establish personal jurisdiction over him. See United States v. Alvarez-Machain, 504 U.S. 655, 661 (1992)(citing Ker v. Illinois, 119 U.S. 436, 444 (1886)).

Defendant Armstrong's statement that he is appearing as a special restricted visitor as opposed to a general visitor is a frivolous challenge to this Court's personal jurisdiction over him. Doc. No. 144 at 1. His argument seems to be rooted in an alleged Article IV, Section 4 Constitutional right of sovereignty from the United States and a theory that he can appear without consenting to this Court's personal jurisdiction over him. Id. However, Defendant Armstrong's alleged special visitor status is of no consequence. This Court has personal jurisdiction over him by virtue of his previous court appearances regardless of whether he consents or not. United States v. Donelson, 326 Fed.Appx. 938, 939-940 (7th Cir. 2009)(citations omitted). Moreover, while Article IV, Section 4 does provide certain political protections to States, it provides no

Constitutional rights to individuals.[2]  U.S. Const. art. IV, § 4.  In fact, "questions arising under it . . . are for the consideration of the Congress and not the courts."  State of Ohio ex rel. Bryant v. Akron Metropolitan Park Dist. for Summit County, 281 U.S. 74, 80 (1930)(citations omitted).

Defendant Armstrong's reservation of his Uniform Commercial Code (hereinafter "UCC") rights is a frivolous challenge to this Court's subject matter jurisdiction.  Doc. No. 144 at 1; Doc. No. 149 at 1; Doc. No. 154 at 1.  He seems to be arguing that, by filing certain UCC documents, he has opted out of the laws of the United States.  Doc. No. 144 at 1.  However, "the UCC has no bearing on criminal subject matter jurisdiction."  United States v. Mitchell, 405 F.Supp.2d 602, 604 (D.Md. 2005); See also United States v. Blackburn, WL 5014449 (D. Kan. 2010).  As one district court put it, "[t]hese [types of] arguments are patently without merit.  Perhaps they would even be humorous-were the stakes not so high."  Mitchell, 405 F.Supp.2d at 604.

Defendant Armstrong's argument that the territorial limits of Article III courts and the laws of Congress do not extend outside of the District of Columbia and places within the exclusive jurisdiction of the United States (hereinafter "federal zone") is a frivolous challenge to this Court's subject matter jurisdiction. Doc. No. 144 at 1-2; Doc. No. 149 at 1-2; Doc. No. 154 at 2.  "Efforts to argue that federal jurisdiction does not encompass prosecutions [in tax cases] have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation."  United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990)(citations omitted).  As the Tenth

---

[2] U.S. Const. Art. IV § 4 states, "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

Circuit has previously noted, "[t]he hackneyed tax protester refrain that federal criminal jurisdiction only extends to the ["federal zone"] . . . blithely ignore[s] 18 U.S.C. § 3231." Id. Arguments alleging that district courts located in the "state zone" are not Article III courts by virtue of being outside the "federal zone" are equally frivolous. See Donelson, 326 Fed.Appx. at 940. 18 U.S.C. § 5 clearly states, "the term 'United States', as used in [Title 18] in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States . . . ." There is no question that the state of Colorado falls within these territorial limits. As the Supreme Court has noted, "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory." Ponzi v. Fessenden, 258 U.S. 254, 259 (1922). Though it is true that, while in Colorado, Defendant Armstrong was subject to the laws of Colorado and the jurisdiction of state courts, the District of Colorado is located within the United States. Therefore, Defendant Armstrong was also subject to the laws of the United States and the concurrent jurisdiction of federal courts.

  Defendant Armstrong's argument that Title 18 was enacted in violation of the Quorum Clause of the Constitution is a frivolous challenge to this Court's subject matter jurisdiction. Doc. No. 149 at 2. The Seventh Circuit has held that "[a]rguing that Title 18-the federal criminal code-is unconstitutional because of supposed irregularities in its enactment" is frivolous. United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007). In one case where a defendant's appeal focused on alleged irregularities in the enactment of Title 18, the Seventh Circuit issued a two sentence opinion. That opinion stated, "This case is unbelievably frivolous. We AFFIRM." United States v. States, 242 Fed.Appx. 362, 2007 WL 2768906 (7th Cir. 2007); See also, Collins, 510 F.3d at 698. Defendant Armstrong's assertion that there is no evidence that the enactment of

Title 18 satisfied the Quorum Clause of the Constitution is, likewise, frivolous.

**II.     Standing**

Defendant Armstrong's argument that the IRS is not a Government agency and, therefore, cannot be represented by the Department of Justice (hereinafter "DOJ") is a frivolous challenge to the Government's standing in this case. Doc. No. 144 at 2-3. The Eighth Circuit has previously addressed a similar argument regarding the IRS not being a Government agency made by a criminal defendant. Jagim v. United States, 978 F.2d 1032, 1036 (8th Cir. 1992). It found such an argument to be "completely without merit," "patently frivolous," and made a point to state that any discussion on this issue was a waste of court resources. Id.

**III.    Due Process Clause of the Fifth Amendment**

The Government did not deprive Defendant Armstrong of his Fifth Amendment Due Process Rights. His arguments to the contrary lacks merit.[3]

Defendant Armstrong's argument that he should have been allowed to be present at the grand jury is an incorrect assertion of a violation of the Due Process Clause of the Fifth Amendment. Doc. No. 144 at 2. It is well settled that a target of a grand jury investigation does not have a right to appear before it. See, e.g., United States v. Ciambrone, 601 F.2d 616, 622-623 (2d Cir.1979); United States v. Thompson, 144 F.2d 604, 605 (2d Cir. 1944) (L. Hand,

---

[3] Defendant Armstrong's motion also argues a violation of the Equal Protection Clause of the Fourteenth Amendment on the ground that the grand jury was not made up of a jury of his peers because it contained United States citizens but no sovereigns. This argument is frivolous. Since Defendant Armstrong is admittedly a natural born American and there is no evidence he properly renounced his citizenship under 8 U.S.C. § 1481, he appears to be a citizen under the Fourteenth Amendment. Moreover, the Equal Protection Clause of the Fourteenth Amendment does not guarantee a literal jury of peers. It only guarantees that members of the grand jury will not be excluded for discriminatory purposes. See generally, Batson v. Kentucky, 476 U.S. 79 (1986). There is no evidence that any particular member of the grand jury was excluded for discriminatory purposes and, therefore, Defendant Armstrong has failed to make the prima facie case required to advance a Batson challenge. Batson, 476 U.S. at 96-98.

J.) ("[A]lthough grand juries have in recent times occasionally invited persons, whose conduct they are examining, to appear, they are never obliged to do so [.]" ), cert. denied, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944); United States v. Salsedo, 607 F.2d 318, 319 (9th Cir.1979); United States v. Smith, 552 F.2d 257, 261 (8th Cir.1977); United States v. Donahey, 529 F.2d 831, 832 (5th Cir.), cert. denied, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); Duke v. United States, 90 F.2d 840, 841 (4th Cir.), cert. denied, 302 U.S. 685, 58 S.Ct. 33, 82 L.Ed. 528 (1937). Notwithstanding the fact that Defendant Armstrong had no right to appear before the grand jury, he never even requested to appear before the grand jury in this case.

Defendant Armstrong's argument that Assistant United States Attorney (hereinafter "AUSA") Harmon misrepresented evidence to the grand jury by not disclosing his filing of a UCC-1 is an incorrect assertion of a violation of the Due Process Clause of the Fifth Amendment. Doc. No. 144 at 2. As stated above, courts have noted that "[i]t is unfathomable how such a [UCC] provision has any relevance in a criminal proceeding." Mitchell, 405 F.Supp.2d at 604. His UCC filing was neither relevant nor exculpatory. It was proper for AUSA Harmon to not disclose it to the grand jury.

**IV. Lawfulness of the Filing of Tax Returns Containing False Forms 1099-OID**

Defendant Armstrong's argument that his case must be dismissed because his actions in filing his Forms 1099-OID were lawful is not proper for a motion to dismiss. Doc. No. 144 at 2-3; Doc. No. 149 at 2-3. Rule 12 authorizes the district court to resolve before trial only those motions "that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). The lawfulness of Defendant Armstrong's actions is the general issue before this Court. Moreover, Defendant Armstrong relies on facts outside the Indictment to support this

argument to dismiss. In the Tenth Circuit, "courts may entertain . . . motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, 'as a matter of law,' the government is incapable of proving its case beyond a reasonable doubt." United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010)(quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir.1994). The Government disputes the operative facts Defendant Armstrong relies on in these portions of his motions to dismiss and objects to this Court's consideration of these facts. The legality of Defendant Armstrong's actions regarding the filing of tax returns with false Forms 1099-OID is fact driven and is the ultimate issue that a jury will need to decide in this case. As such, this Court cannot resolve it without a trial of the general issue.

**V. Recusal**

Defendant Armstrong's argument that his case must be dismissed because Judge Blackburn and AUSA Harmon failed to recuse themselves is frivolous and entitles him to no relief.[4] Doc. No. 154 at 2-3. Armstrong claims that, because of a lawsuit he and others allegedly filed against the entire United States Government in another "court," Judge Blackburn and AUSA Harmon are parties to this proceeding and should have been recused. Doc. No. 154 at 2-3. This argument fails for at least four reasons.

---

[4] Defendant Armstrong also alleges that IRS Special Agent Greg Flynn failed to recuse himself. Special Agent (SA) Flynn is a witness and, therefore, there is nothing to recuse him from. However, if Defendant Armstrong believes that his lawsuit caused SA Flynn to act with some sort of bias against him, then Defendant Armstrong can seek to question SA Flynn regarding this alleged bias at trial.

First, neither Judge Blackburn nor AUSA Harmon are parties to the proceeding. The only parties to this proceeding are Defendant Armstrong, Defendant Hall, Defendant Morris and the United States.

Second, Defendant Armstrong's allegations are unsubstantiated. 28 U.S.C. § 455 "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice'" Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)(quoting Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)). Though Defendant Armstrong proffers that a lawsuit has been filed in the "National Tenth Tribunal Court," he has not presented any evidence to support this assertion. Specifically, he has not presented any evidence supporting the existence of a "National Tenth Tribunal Court" nor has he provided this Court with any evidence that the document attached to his motion was actually filed there. Without Defendant Armstrong, at the least, providing the Government with contact information for the "National Tenth Tribunal Court," the Government has no way to verify his claims.

Third, assuming, arguendo, that a lawsuit has been filed in an actual court, "it is clear that a judge is not disqualified under 28 U.S.C. § 455 . . . merely because a litigant sues or threatens to sue him." In re Martin-Trigona, 573 F.Supp. 1237, 1243 (D.C.Conn. 1983)(citing United States v. Grismore, 564 F.2d 929, 933 (10th Cir.1977), cert. denied, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978)). "[T]his tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice . . . . To let such a motion succeed absent a legally sufficient basis would allow any litigant to thwart the legal process by merely filing a complaint against the judge hearing the case

. . . ." Jones v. City of Buffalo, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1994). Moreover, if a judge who is charged with remaining impartial need not be recused then it logically follows that an attorney charged with representing the interests of the United States against Defendant Armstrong need not be recused either.

Finally, it would make no practical sense for Judge Blackburn and AUSA Harmon to be recused from this case. Defendant Armstrong represents that his lawsuit was filed in a court the Government has never heard of. Moreover, the document Defendant Armstrong attached to Motion Three lists defendants that include every federal employee in the United States Government and makes allegations that are not specific to this case. The seemingly illegitimate and general nature of this lawsuit makes it unlikely that this document would affect Judge Blackburn's or AUSA Harmon's treatment of Defendant Armstrong in this case.

**CONCLUSION**

This Court has personal jurisdiction over Defendant Armstrong and subject matter jurisdiction over the charged offenses. Defendant Armstrong's arguments are frivolous and entitle him to no relief. The Government requests that this Court deny his motions to dismiss.

DATED: March 10, 2011, at Denver, Colorado.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>
>s/Kevin F. Sweeney
>By: Kevin F. Sweeney
>Trial Attorney
>Tax Division
>U.S. Department of Justice
>Western Criminal Enforcement Section
>601 D. Street, NW
>Washington, D.C. 20004
>Phone: (202) 305-3637
>Fax: (202) 514-9623
>Email: kevin.f.sweeney@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of March, 2011, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT ARMSTRONG'S MOTIONS TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Lisa Monet Wayne
    lmoney20@aol.com

    David L. Owen
    davidowen@lodopc.com


I also certify that I sent the foregoing via U.S. Mail to the following:

    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution
    Inmate Mail/parcels
    9595 West Quincy Avenue
    Littleton, CO 80123


                                  By:    s/ *Kevin F. Sweeney*
                                            KEVIN F. SWEENEY
                                            Trial Attorney