IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    CURTIS L. MORRIS,
2.    **RICHARD KELLOGG ARMSTRONG**, and
3.    LARRY RAY HALL,

       Defendants.

## ORDER DENYING DEFENDANT ARMSTRONG'S MOTIONS TO DISMISS

**Blackburn, J.**

The matters before me are defendant Armstrong's three papers styled as follows:

(1) **Notice of Challenge of Jurisdiction and Demand for Dismissal with Prejudice for Violation of My Civil and Constitutional Rights of 1787 and the Bill of Rights 1791.  Also, Challenge of Title 18 as Not Constitutional Law and Challenge of IRS Authority as Not Being an Agency of the United States Government and Not Entitled to Representation by the D.O.J. I Explicitity Reserve My Rights UCC-1-308 and Ask for Jurisdiction at Common Law** [#144][1] filed February 13, 2011 ("Motion One");

(2) **Challenge of Validity of Charges Brought by the IRS, Statement of**

---

[1] "[#144]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**Correctness of OID Filing and Challenge of Authority of the IRS to Bring Charges Against a Sovereign Citizen of the United States and a Sovereign State Citizen of the Republic of Arizona** [#149] filed February 22, 2011 ("Motion Two"); and

(3) **Notice to the United States District Court That All Named Judges, Magistrates and Listed Agents and Agencies as Defendants in the Extraordinary Lawsuit Gb-110106-70091410000134484 Are Demanded They Be Recused for Violation of Article IV, Section 4 Guarantee of a Republic Form of Government and That These Cases, 10-cr-00317-REB and 10-cv-01073, Be Dismissed with Prejudice** [#154] filed February 24, 2011 ("Motion Three").

I construe the two notices and the challenge as motions.[2] However, for the following reasons, Armsrong's arguments lack merit and entitle him to no relief. Thus, I deny the motions.

## BACKGROUND

On June 8, 2010, a grand jury sitting in the District of Colorado returned an Indictment [#6] against Curtis L. Morris and Richard K. Armstrong. The Indictment alleged, *inter alia*, that Armstrong caused the mailing and filing of false claims against the United States Government. *Id*. On February 15, 2011, a grand jury sitting in the District of Colorado returned a Superseding Indictment [#140] against Curtis L. Morris, Richard K. Armstrong, and Larry R. Hall. The basis for the charges in the Indictment and the Superseding Indictment stems from the defendants' respective involvement in a

---

[2] Because Armstrong is proceeding *pro se*, I construe his papers liberally. *See* **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

scheme to present tax returns to the Internal Revenue Service ("IRS") and Department of Treasury for themselves and others seeking false refunds based on fraudulent Forms 1099-OID. *Id.* The Superseding Indictment charges Armstrong with one count of conspiracy to defraud the United States with respect to claims; eight counts of filing false claims against the United States; one count of mail fraud; and three counts of money laundering in violation of 18 U.S.C. §§ 286, 287, 1341, & 1957. *Id.*

On February 17, 2011, Armstrong filed Motion One [#144]. I construed this filing as a motion to dismiss. *See* [#146]. Armstrong filed Motion Two [#149] on February 24, 2011. I construed this filing as a motion to dismiss for lack of jurisdiction. *See* [#150]. On February 28, 2011, Armstrong filed Motion Three [#154]. The substance of Motions One, Two, and Three overlap. For the sake of judicial economy, the government addressed all three motions in a consolidated response [#160] filed March 10, 2011. Though less than pellucid, I construe Motions One through Three collectively as asserting five arguments for the dismissal of the charges against Armstrong.[3] They are (1) that this court lacks jurisdiction; (2) that the government lacks standing; (3) that the grand jury process violated Armstrong's right to due process under the Fifth Amendment; (4) that the filings of the tax returns containing false Forms 1099-OID were lawful; and (5) that this court and the prosecutors handling this case should have been recused.

---

[3] The motion also raises an argument for dismissal on the ground that the denial of bail violated Armstrong's Constitutional rights under the Eighth Amendment. [#144] at 2; [#149] at 2. I do not address this issue because it has been considered and rejected by me, and no new evidence or arguments have been advanced by Armstrong since this ruling. *See* [#151].

**ANALYSIS**

**I.    Jurisdiction**

Concerning Armstrong's first argument that this court lacks jurisdiction, I find and conclude that this court has both personal and subject matter jurisdiction in this case, and that Armstrong's arguments to the contrary are jejune and feckless.

Under 18 U.S.C. § 3231, United States district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." *See United States v. Williams*, 341 U.S. 58, 65-66 (1951). Those offenses include all of the offenses charged under Title 18, United States Code, in the Indictment and Superseding Indictment against Armstrong. *Id.* Accordingly, this court has subject matter jurisdiction in this case.

Likewise, this court has personal jurisdiction over Armstrong. "It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained." *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991). Armstrong has appeared before this court several times in response to the indictments filed in this case. This alone is sufficient to establish personal jurisdiction over him. *See United States v. Alvarez-Machain*, 504 U.S. 655, 661 (1992)(*citing Ker v. Illinois*, 119 U.S. 436, 444 (1886)).

Armstrong's assertion that he is appearing as a special restricted visitor, as opposed to a general visitor, is a frivolous and effete challenge to this court's personal jurisdiction over him. *See* [#144] at 1. His misguided contention seems to be rooted in an alleged constitutional right of sovereignty from the United States under Article IV, Section 4, and a theory that he can appear without consenting to this court's personal

jurisdiction over him. *Id.* However, Armstrong grossly misapprehends Article IV, Section 4. His alleged special visitor status is of no legal consequence. This court has personal jurisdiction over him by virtue of his previous court appearances regardless of whether he consents or not. *See United States v. Donelson*, 326 Fed.Appx. 938, 939-940 (7th Cir. 2009)(citations omitted). Moreover, while Article IV, Section 4 does provide certain political protections to states, it provides no constitutional rights to individuals.[4] U.S. Const. art. IV, § 4. In fact, "questions arising under it . . . are for the consideration of the Congress and not the courts." *State of Ohio ex rel. Bryant v. Akron Metropolitan Park Dist. for Summit County*, 281 U.S. 74, 80 (1930)(citations omitted).

Armstrong's attempted reservation of his rights under the Uniform Commercial Code ( "UCC") is a frivolous and irrelevant challenge to this court's subject matter jurisdiction. *See* [#144] at 1; [#149] at 1; [#154] at 1. He seems to argue that, by filing certain UCC documents, he has opted out of the laws of the United States. [#144] at 1. However, "the UCC has no bearing on criminal subject matter jurisdiction." *United States v. Mitchell*, 405 F.Supp.2d 602, 604 (D.Md. 2005); *See also United States v. Blackburn*, WL 5014449 (D. Kan. 2010). As one district court put it, "[t]hese [types of] arguments are patently without merit. Perhaps they would even be humorous – were the stakes not so high." *Mitchell*, 405 F.Supp.2d at 604.

Armstrong's argument that the territorial limits of Article III courts and the laws of Congress do not extend outside of the District of Columbia and places within the

---

[4] U.S. Const. Art. IV § 4 states, "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

exclusive jurisdiction of the United States (the "federal zone") is also a frivolous challenge to this court's subject matter jurisdiction. [#144] at 1-2; [#149] at 1-2; [#154] at 2. "Efforts to argue that federal jurisdiction does not encompass prosecutions [in tax cases] have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990)(citations omitted). As the Tenth Circuit has noted previously, "[t]he hackneyed tax protester refrain that federal criminal jurisdiction only extends to the ["federal zone"] . . . blithely ignore[s] 18 U.S.C. § 3231." *Id.* Arguments asserting that United States district courts located in the "state zone" are not Article III courts by virtue of being outside the "federal zone" are equally effete. *See Donelson*, 326 Fed.Appx. at 940. 18 U.S.C. § 5 clearly states, "the term 'United States', as used in [Title 18] in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States . . . ." There is no question that the State of Colorado falls within these territorial limits. As the Supreme Court has noted, "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory." *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922). Though it is true that, while in Colorado, Armstrong is subject to the laws of Colorado and the jurisdiction of state courts, it is also true that the District of Colorado is located within the United States. Therefore, Armstrong is subject also to the laws of the United States and the concurrent jurisdiction of federal courts.

Armstrong's argument that Title 18 was enacted in violation of the Quorum Clause of the Constitution is yet another frivolous challenge to this court's subject matter jurisdiction. [#149] at 2. The Seventh Circuit has held that "[a]rguing that Title 18

– the federal criminal code – is unconstitutional because of supposed irregularities in its enactment" is frivolous. *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007). In one case where a defendant's appeal focused on alleged irregularities in the enactment of Title 18, the Seventh Circuit issued a two sentence opinion: "This case is unbelievably frivolous. We AFFIRM." *United States v. States*, 242 Fed.Appx. 362, 2007 WL 2768906 (7th Cir. 2007); *See also, Collins*, 510 F.3d at 698. Armstrong's uncircumstantiated assertion that there is no evidence that the enactment of Title 18 satisfied the Quorum Clause of the Constitution is likewise frivolous.

**II.     Standing**

Concerning Armstrong's next argument that the IRS is not a Government agency and, therefore, cannot be represented by the Department of Justice ( "DOJ") is a frivolous challenge to the government's standing in this case. [#144] at 2-3. The Eighth Circuit previously addressed a similar argument made by a criminal defendant regarding the IRS not being a government agency. *Jagim v. United States*, 978 F.2d 1032, 1036 (8th Cir. 1992). The court of appeals found such an argument to be "completely without merit," "patently frivolous," and made a point to state that any discussion on this issue was a waste of court resources. *Id.*

**III.    Due Process Clause of the Fifth Amendment**

Concerning Armstrong's next assertion that the government deprived him of his rights to due process under the Fifth Amendment, I find and conclude to the contrary.

His arguments to the contrary lack merit.[5]

Armstrong's assertion that he should have been allowed to be present at the grand jury proceedings does not state a claim for a violation of the Due Process Clause of the Fifth Amendment. [#144] at 2. It is well settled that a target of a grand jury investigation does not have a right to appear before it. *See, e.g., United States v. Ciambrone*, 601 F.2d 616, 622-623 (2d Cir.1979); *United States v. Thompson*, 144 F.2d 604, 605 (2d Cir. 1944) (L. Hand, J.) ("[A]lthough grand juries have in recent times occasionally invited persons, whose conduct they are examining, to appear, they are never obliged to do so [.]" ), cert. denied, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944); *United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir.1979); *United States v. Smith*, 552 F.2d 257, 261 (8th Cir.1977); *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir.), cert. denied, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); *Duke v. United States*, 90 F.2d 840, 841 (4th Cir.), cert. denied, 302 U.S. 685, 58 S.Ct. 33, 82 L.Ed. 528 (1937). In addition to the fact that Armstrong had no constitutional right to appear before the grand jury, he never requested to appear before the grand jury in this case.

Armstrong's assertion that Assistant United States Attorney ( "AUSA"), Kenneth Harmon misrepresented evidence to the grand jury by not disclosing Armstrong's filing

---

[5] Armstrong asserts also a violation of the Equal Protection Clause of the Fourteenth Amendment on the ground that the grand jury was not made up of a jury of his peers because it contained United States citizens but no sovereigns. This argument is patently frivolous, bordering on the legally absurd. First, in this criminal case in federal court, it is the equal protection clause of the Fifth Amendment, not the Fourteenth Amendment, that applies. Second, since Armstrong is admittedly a natural born American and there is no evidence he properly renounced his citizenship under 8 U.S.C. § 1481, he is a citizen, not a sovereign. Moreover, neither the Equal Protection Clause of the Fifth Amendment nor the Fourteenth Amendment guarantees a literal jury of peers. These equal protection clauses guarantee only that members of the grand jury will not be excluded for discriminatory purposes. *See generally, Batson v. Kentucky*, 476 U.S. 79 (1986). There is no evidence that any particular member of the grand jury was excluded for discriminatory purposes, and, therefore, Armstrong has failed to make the prima facie case required to advance a *Batson* challenge. *Batson*, 476 U.S. at 96-98.

of a UCC-1 does not state a violation of the Due Process Clause of the Fifth Amendment. [#144] at 2. "It is unfathomable how such a [UCC] provision has any relevance in a criminal proceeding." *Mitchell*, 405 F.Supp.2d at 604. His UCC filing was neither relevant nor exculpatory. AUSA Harmon had no constitutional duty – or any legal duty of any kind – to disclose Armstrong's UCC filing to the grand jury.

**IV. Lawfulness of the Filing of Tax Returns Containing False Forms 1099-OID**

Armstrong's argument that his case must be dismissed because his actions in filing his Forms 1099-OID were lawful is not proper for consideration in the context of a motion to dismiss. [#144] at 2-3; [#149] at 2-3. Rule 12 authorizes the district court to resolve before trial only those motions "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). The lawfulness of Armstrong's actions is the general issue presented in this criminal action. The determination of this general issue is the rightful and exclusive province of the jury at trial. In these circumstances this court may not usurp the prerogative of the jury. Such judicial activity would constitute unwarranted judicial ingerence.

Moreover, Armstrong relies impermissibly on facts outside the Indictment to support this argument to dismiss. In the Tenth Circuit, "courts may entertain . . . motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, 'as a matter of law,' the government is incapable of proving its case beyond a reasonable doubt." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010)(quoting *United States v.*

*Hall*, 20 F.3d 1084, 1088 (10th Cir.1994). Armstrong does not and can not satisfy any of these preconditions. In this case the government disputes survigrously the operative facts on which Armstrong relies in his motions to dismiss. Additionally, the government objects properly to this court's consideration of these facts. The legality, *vel non*, of Armstrong's actions regarding the filing of tax returns containing allegedly false Forms 1099-OID is fact driven and is the ultimate issue that a jury must decide in this case. As such, this court may not resolve this crucial issue without a trial of the general issue.

**V. Recusal**

Armstrong's contention that his case must be dismissed because this court and AUSA Harmon failed to recuse themselves is not supported by the apposite facts or law.[6] [#154] at 2-3. Armstrong claims that, because of a lawsuit he and others allegedly filed against the entire United States Government in another "court," this court and AUSA Harmon should be disqualified because they are parties to this phantom proceeding. [#154] at 2-3. This argument fails for at least four reasons.

First, neither this court nor AUSA Harmon are parties to this criminal case. By law, the only parties to this criminal action are the United States and defendants, Armstrong, Hall, and Morris.

Second, Armstrong's allegations are unsubstantiated. 28 U.S.C. § 455 "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is

---

[6] Defendant Armstrong alleges also that IRS Special Agent, Greg Flynn, failed to recuse himself. Special Agent (SA) Flynn is a witness and, therefore, he has nothing from which to recuse. However, if Armstrong believes that his lawsuit caused SA Flynn to act with some sort of bias against him, then he may cross-examine SA Flynn regarding this alleged bias at trial.

mandated upon the merest unsubstantiated suggestion of personal bias or prejudice'" *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)(*quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)). Although Armstrong claims that a lawsuit has been filed in the "National Tenth Tribunal Court," he has not presented any evidence to support this assertion. Specifically, he has not presented any evidence supporting the existence of a "National Tenth Tribunal Court"; nor has he provided this court with any evidence that the document attached to his motion was actually filed in such a court, if one, in fact, exists.

Third, assuming, *arguendo*, that a lawsuit has been filed in an actual court of competent jurisdiction, "it is clear that a judge is not disqualified under 28 U.S.C. § 455 . . . merely because a litigant sues or threatens to sue him." *In re Martin-Trigona*, 573 F.Supp. 1237, 1243 (D.C.Conn. 1983)(citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977), cert. denied, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978)). "[T]his tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice . . . . To let such a motion succeed absent a legally sufficient basis would allow any litigant to thwart the legal process by merely filing a complaint against the judge hearing the case . . . ." *Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1994). Moreover, if a judge who is charged with remaining impartial need not be recused then, *a fortiori*, it follows logically that an attorney charged with representing the interests of the United States need not be disqualified either.

Finally, it would make no legal or logical sense for this court or AUSA Harmon to be recused from this case. Armstrong represents that his lawsuit was filed in a court

11

whose existence is problematic.  Moreover, the document Armstrong attached to Motion Three lists defendants that include every federal employee in the United States Government and makes allegations that are not specific, let alone material, to this case. The seemingly spurious and general nature of this putative lawsuit makes it highly unlikely that this document would affect this court's or AUSA Harmon's view or treatment of him in this case.

## CONCLUSION

Based on the foregoing, I find and conclude ultimately (1) that this court has both personal and subject matter jurisdiction; (2) that the government has standing; (3) that the grand jury process did not violate Armstrong's right to due process under the Fifth Amendment; (4) that the determination whether the filings of the tax returns containing allegedly false Forms 1099-OID were lawful is reserved for the jury; and (5) that there is no factual or legal basis for the recusal of this court or the prosecutors handling this case. Thus, Armstrong's motions should be and will be denied.

## ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Notice of Challenge of Jurisdiction and Demand for Dismissal with Prejudice for Violation of My Civil and Constitutional Rights of 1787 and the Bill of Rights 1791.  Also, Challenge of Title 18 as Not Constitutional Law and Challenge of IRS Authority as Not Being an Agency of the United States Government and Not Entitled to Representation by the D.O.J. I Explicitity Reserve My Rights UCC-1-308 and Ask for Jurisdiction at Common Law** [#144] filed

February 13, 2011, which this court construes as a motion, is **DENIED**;

    2. That the **Challenge of Validity of Charges Brought by the IRS, Statement of Correctness of OID Filing and Challenge of Authority of the IRS to Bring Charges Against a Sovereign Citizen of the United States and a Sovereign State Citizen of the Republic of Arizona** [#149] filed February 22, 2011, which this court construes as a motion, is **DENIED**; and

    3. That the **Notice to the United States District Court That All Named Judges, Magistrates and Listed Agents and Agencies as Defendants in the Extraordinary Lawsuit Gb-110106-70091410000134484 Are Demanded They Be Recused for Violation of Article IV, Section 4 Guarantee of a Republic Form of Government and That These Cases, 10-cr-00317-REB and 10-cv-01073, Be Dismissed with Prejudice** [#154] filed February 24, 2011, which this court construes as a motion, is **DENIED**.

    Dated: March 23, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

                                          Robert E. Blackburn
                                          United States District Judge