IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. CURTIS L. MORRIS, and
2. RICHARD KELLOGG ARMSTRONG,

      Defendants.

---

**GOVERNMENT'S NOTICE OF INTENTION TO OFFER
EVIDENCE PURSUANT TO FED.R.EVID. 404(b)**

---

  The United States of America, by and through its undersigned counsel, hereby provides notice to the defendants and to the Court of its intention or possible intention to offer in its case-in-chief at trial, pursuant to Federal Rule of Evidence 404(b), evidence of the conduct or acts, for purposes other than to show the character of the defendants and their conformity therewith in the instant case.

  The government submits that evidence of most, if not all, of the conduct and acts described below is not, in fact, subject to the provisions of Fed.R.Evid. Rule 404(b) either because the acts are not criminal in nature or bad acts tending to impugn the character of either of the defendants, *United States v. Kendall*, 766 F.2d 1426, 1436 n. 5 (10th Cir.1985)("[t]o fall within the scope of 404(b), an act need not be criminal, so long as it tends to impugn a defendant's character"), or because the acts concern evidence that is intrinsic to the charged

1

conduct in this case.[1]  The government nonetheless hereby provides notice of its intention to offer in its case-in-chief evidence of the acts and conduct described below, in order to preserve the opportunity to seek admission of the evidence pursuant to Fed.R.Evid. Rule 404(b), in the event that the Court concludes that the admission of such evidence is governed under Rule 404(b).

In accordance with Rule 404(b), the government provides the following description of the general nature of evidence which it will or may seek to offer pursuant to Fed.R.Evid. Rule 404(b), which evidence has previously been disclosed or made available to the defendants as part of the government's ongoing pretrial disclosures in this case:

A.      The prior federal income tax filing and payment histories of both defendants Morris and Armstrong:  Such evidence will be introduced primarily through the introduction of, and testimony concerning, Internal Revenue Service ("IRS") taxpayer transcripts and filed tax returns, and  will be offered to establish that both defendants acted with the requisite intent and

---

[1] The Tenth Circuit has long recognized the distinction between "extrinsic act evidence," the admission of which is subject to the analytical framework of Fed.R.Evid. Rule 404(b), and "intrinsic act evidence," which is not.  *See, e.g., United States v. Dougherty*, No. 08-8037, 2009 WL 990526, 321 Fed.Appx. 762, 765 (10th Cir. 2009); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009); *United States v. James*, No. 06-7072, 2007 WL 521247, 217 Fed.Appx. 776, 780-81 (10th Cir.2007); *Elliot v. Turner Construction Co.*, 381 F.3d 995, 1004 (10th Cir. 2004).  "Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury.  Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *United States v. Parker*, 553 F.2d at 1314 (citations and alterations omitted).

Intrinsic evidence includes evidence that is *res gestae* of the offense conduct at issue in the case, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir.1995) or that which is "inextricably intertwined" with or intrinsically related to the charged offense "to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence," *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir.1993), or is "part of a single criminal episode." *United States v. James*, 217 Fed.Appx. at 781.

knowledge, and not as a result of mistake, in filing and preparing the income tax returns claiming the false tax refunds that are the subject of the offenses set forth in the superseding indictment.[2]

      B.      The filing with the IRS, in or about 2010, of an Amended U.S. Individual Income Tax Return, on IRS Form 1040X, by defendant Armstrong and his spouse for the year 2008, reversing, among other things, claimed income tax withholdings of $1,767,017, in order to "correct filing after 1099-OIDs were not accepted by Internal Revenue Service" (Bates Numbers 009854 - 00009867): Such evidence will be offered with respect to defendant Armstrong's knowledge and intent with respect to the charged conduct, his lack of good faith in engaging in such conduct, and the genuineness of his professed views and beliefs underlying and with respect to the IRS filings that are the subject of the charged conduct.

      C.      Evidence of representations by defendant Armstrong in loan applications in September 2004, with respect to the financing of a Cessna aircraft (Bates Numbers 003316 - 003327), and in November 2005, with respect to a residential mortgage (Bates Numbers 003406 - 003411), indicating that his monthly and yearly income for those years was significantly higher than reported by defendant Armstrong in income tax returns filed with the IRS for those years. Such evidence will be offered with respect to defendant Armstrong's knowledge and intent with respect to the charged conduct, and the absence of mistake and defendant Armstrong's lack of

---

[2] *See generally United States v. Daraio*, 445 F.3d 253, 264-65 (3d Cir. 2006)("[i]n cases involving violations of federal tax laws such as tax evasion,'[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially")(citing cases). *See also United States v. Fingado*, 934 F.2d 1163, 1165 (10th Cir. 1991)(evidence of failure to file in prior years); *United States v. McKee*, 942 F.2d 477, 480 (8th Cir. 1991)(evidence concerning prior IRS audit and false IRS Form W-4); *United States v. Johnson*, 893 F.2d 451, 453-54 (1st Cir. 1990)(evidence concerning prior failure to file and false Form W-4).

good faith in engaging in such conduct

  D. Evidence concerning defendant Morris's federal income tax preparation work for the following tax preparation clients and following tax years:

| Tax Preparation Client | Tax Year |
|---|---|
| Kevin D. & Kathie Morrs | 2007 |
| Ascensions, Inc (Sandy Guttenberg) | 2007 |
| David G. Cotton, Jr. | 2007 |
| John W. & Shurette J. Reither | 2008 |
| Robert H. & Sherry L. Fincher | 2007 |
| William Speer | 2007 |
| Darryl Witton | 2008 |

Such evidence will be offered with respect to defendant Morris's knowledge and intent with respect to the charged conduct, his lack of good faith in engaging in such conduct, and the genuineness of his professed views and beliefs underlying and with respect to the IRS filings that are the subject of the charged conduct.

  E. Evidence concerning (1) the nature and type of accounting services provided by defendant Morris for the following employers and accounting clients: Part Point, eBags, and Napa Auto Stores; (2) defendant Morris's accounting and tax preparation background and education, including his award of a degree in accounting from Black Hills State University:  Such evidence will be offered with respect to defendant Morris's knowledge and intent with respect to the charged conduct, his lack of good faith in engaging in such conduct, and the genuineness of his professed views and beliefs underlying and with respect to the IRS filings that are the subject of the charged conduct.

F.	Evidence, in the form of testimony from anticipated government witness Steven Broughton, that in July 2009 Broughton was contacted by defendant Morris and advised by Morris that IRS agents were in the midst of executing a search warrant at Morris's residence and that Broughton should delete all of his email communications with Morris. Broughton is also expected to testify that defendant Morris asked Broughton to notify Beryl Koenig about the IRS search and that Koenig, upon being contacted, indicated that she needed to discard materials that she had concerning the Form 1099-OID tax refund program that is the subject of this case. Such evidence will be offered with respect to defendant Morris's knowledge and intent with respect to the charged conduct, his lack of good faith in engaging in such conduct, and the genuineness of his professed views and beliefs underlying and with respect to the IRS filings that are the subject of the charged conduct.

G.	Evidence, in the form of testimony from anticipated government witness Steven Broughton, that in April 2009, after receiving a refund check from the IRS obtained through a fraudulent income tax return prepared for him by defendant Morris, Broughton was advised by Morris to deposit the refund check in a separate account with a particular bank in Monument, Colorado because that bank had previously defeated an IRS inquiry and, in Morris's view, would be a good bank to use. Broughton would further testify that Morris referred another of his 1099-OID clients[3] to Broughton for advice in setting up an account at this bank.

H.	Evidence concerning defendant Armstrong's movement and consequent attempts

---

[3] "1099-OID clients" in this pleading refers to tax preparation clients of defendant Morris for whom Morris prepared income tax returns claiming fraudulent refund claims using the scheme to defraud set forth in the Superseding Indictment in this case. "1099-OID income tax returns" refers to income tax returns claiming fraudulent refund claims that were prepared and submitted pursuant to the charged scheme.

5

to conceal tax refund proceeds obtained from U.S. Treasury checks received by Armstrong as a result of the 1099-OID income tax returns prepared by defendant Morris and filed by Armstrong. Such evidence is in the form of various financial and real property transactions, some of which are set forth in the Superseding Indictment in this case and others of which, including banking transactions with offshore entities, are described in the testimony of IRS-CID Special Agent Greg Flynn at the June 21, 2010 pre-trial detention hearing of defendant Armstrong in the District of Colorado and in a supplemental declaration submitted to the Court by Agent Flynn in connection with the detention issue (hereinafter, the "Flynn Declaration").[4]  The evidence, which will include tracing of the tax refund proceeds through an analysis of financial account records, will be offered with respect to defendant Armstrong's knowledge and intent with respect to the charged conduct, and the absence of mistake and defendant Armstrong's lack of good faith in engaging in such conduct.

   I.   Evidence of defendant Armstrong's use of fictitious entities (and shell companies) to conceal or encumber assets owned by defendant Armstrong (including a Cessna aircraft, vehicles, trailers and real property), in the aftermath of defendant Armstrong's receipt and deposit of tax refund checks obtained by defendant Armstrong as a result of the charged fraudulent scheme in this case and subsequent IRS tax liens seeking to recover the tax refund proceeds from Armstrong.  Such evidence includes Armstrong's use of the purported entities "Foreign Enterprises" and "San Marten Management" and will be offered with respect to

---

[4] A transcript of Agent Flynn's testimony at the June 21st hearing is docketed in this case as Docket Entry No. 48.  Agent Flynn's declaration is annexed as an attachment to the Government's July 22, 2010 Response And Submission to Defendant's Motion to Reconsider Magistrate's Order of Detention, docketed as Docket Entry No. 49 in this case.

defendant Armstrong's knowledge and intent with respect to the charged conduct, and the absence of mistake and defendant Armstrong's lack of good faith in engaging in such conduct.

      J.      Evidence in the form of recorded conversations between defendant Armstrong and his spouse concerning Armstrong's employment of offshore entities to prevent the IRS from seizing assets from him as part of IRS efforts to recover the tax refund proceeds obtained by Armstrong as part of the charged conduct in this case.  Such evidence, which is summarized in the Flynn Declaration, will be offered with respect to defendant Armstrong's knowledge and intent with respect to the charged conduct, and the absence of mistake and defendant Armstrong's lack of good faith in engaging in such conduct.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kenneth M. Harmon
By:  Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of April, 2011, I electronically filed the foregoing **GOVERNMENT'S NOTICE OF INTENTION TO OFFER EVIDENCE PURSUANT TO FED.R.EVID. 404(b)** with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

Lisa M. Wayne, Esq.
Lmonet20@aol.com
Attorney for Defendant Curtis L. Morris

David L. Owen, Esq.
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

      And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

                                          s/ Kenneth M. Harmon
                                          KENNETH M. HARMON
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          1225 Seventeenth Street, Suite 700
                                          Denver, Colorado 80202
                                          Tel. No. (303) 454-0100
                                          Fax No. (303) 454-0402
                                          E-mail: kenneth.harmon@usdoj.gov