IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

       Defendants.

---

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENSE MOTIONS**

---

The United States of America, by and through its undersigned counsel, responds to five

motions styled by Defendant Curtis L. Morris (hereinafter "Morris") as follows:

(1) "DEFENDANT CURTIS L. MORRIS' MOTION TO EXCLUDE STATEMENTS OF

LARRY RAY HALL PURSUANT TO CRAWFORD V. WASHINGTON" (hereinafter "Motion

1"), Doc. No. 198;

(2) "MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO USE 404(b)

EVIDENCE AND FOR A PRE-TRIAL HEARING TO DETERMINE THE ADMISSIBILITY

OF THAT EVIDENCE" (hereinafter "Motion 2"), Doc. No. 200;

(3) "DEFENDANT CURTIS L. MORRIS' MOTION FOR PRETRIAL

DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER

FED. R. EVID. 801(d)(2)(E)" (hereinafter "Motion 3"), Doc. No. 197;

(4) "DEFENDANT MORRIS' MOTION FOR SEVERANCE OF DEFENDANTS"

(hereinafter "Motion 4"), Doc. No. 201; and

(5) "MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(I) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET" (hereinafter "Motion 5"), Doc. No. 191.

The United States of America, by and through its undersigned counsel, also responds to one motion styled by Richard K. Armstrong (hereinafter "Armstrong") as follows:

(6) "MOTION FOR ENLARGEMENT OF TIME DUE TO NON RECEIPT OF ALL DISCOVERY AND NON RECEIPT OF ALL GRAND JURY TRANSCRIPTS" (hereinafter "Motion 6"), Doc. No. 208.

## BACKGROUND

On April 7, 2011, this Court granted "DEFENDANT MORRIS' UNOPPOSED MOTION FOR ADDITIONAL TIME TO FILE MOTIONS AS A RESULT OF THE SUPERSEDING INDICTMENT FILED ON FEBRUARY 15, 2011" filed on February 28, 2011.  Doc. No. 193. The Court extended the deadline for Morris to file non-CJA pretrial motions to April 14, 2011. Doc. No. 193.  The Court also allowed the Government and Armstrong until April 28, 2011 to file responses to any timely-filed motions by Morris.  Doc. No. 193.  The Court noted that this new motions deadline also applied to Motion 5, which Morris previously filed on April 6, 2011. Doc. No. 193.  On April 14, 2011, Defendant Morris filed Motions 1 through 4.  Then, on April 26, 2011, Armstrong filed Motion 6.  Doc. No. 208.  On April 27, 2011, this Court ordered the Government to respond to Motion 6.  Doc. No. 209.  The Government's response will address

2

Motions 1 through 6.[1]

## LAW AND ARGUMENT

### I.   MOTION 1 - Motion to Suppress Grand Jury Statements of Larry R. Hall

The Government does not intend to introduce the grand jury testimony of Larry R. Hall in its case-in-chief at trial and is not aware of circumstances, at this juncture, that would otherwise cause the government to introduce that testimony in any other facet of the case.

### II.   MOTION 2 - Motion for Notice of Fed.R.Evid. 404(b) Evidence and Hearing

The Government has mooted the issue of notice by providing this Court with a list of the evidence it intends to admit pursuant to Fed.R.Evid. 404(b).  Doc. No. 206.  Moreover, the defense has not identified any particular Fed.R.Evid. 404(b) evidence that should be excluded. Absent a justifiable challenge to particular Fed.R.Evid. 404(b) evidence, there is no reason to conduct the hearing requested by the defense.

### III.   MOTION 3 - Motion for James Hearing

Morris in this motion requests that the Court make a pretrial determination as to the admissibility of any statements that the government intends to offer at trial as co-conspirator statements under Fed.R.Evid. 801(d)(2)(E) by conducting a pretrial evidentiary hearing in accordance with United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 99 S.Ct. 2836 (1979), commonly and hereinafter referred to as a "James hearing."  Presumably in order to facilitate this hearing, and to assist him to prepare for the hearing, Morris further requests that the Court direct the Government to furnish him, in advance of the hearing, a list identifying any

---

[1] Morris also filed a motion styled, "DEFENDANT MORRIS' MOTION TO SUPPRESS ALLEGED STATEMENTS MADE TO ANY AND ALL LAW ENFORCEMENT ON JULY 1, 2009."  Doc. No. 199.  The Government will address this motion in a separate response.

statements that the Government plans on seeking to admit as co-conspirator non-hearsay under Rule 801(d)(2)(E).

As a threshold matter, Morris fails to advance any authority to support the proposition that he is entitled to pre-trial discovery of such statements as a matter of right, no less the Government's pretrial classification of these statements.  Neither Federal Rule of Evidence 801(d)(2)(E), nor any other provision of the Federal Rules of Evidence, obligates a proponent of them to furnish advance notice of an intent to offer Fed.R.Evid. 801(d)(2)(E) co-conspirator statements. Cf. Fed.R.Evid. 404(b)(prescribing pre-trial notice of intent to offer character evidence).  While requiring the Government to produce to each defendant certain categories of statements made by that defendant, Rule 16(a)(1) of the Federal Rules of Criminal Procedure does not, by its terms, provide authority for disclosure of coconspirator statements made during the course of a conspiracy. United States v. Roberts, 811 F.2d 257 (4th Cir. 1987)(en banc)("The rule is not intended to apply to discovery of statements made by co-conspirators").[2]  Nor does any other provision of the Federal Rules of Criminal Procedure mandate pre-trial production of co-conspirator statements.

The issue is nonetheless essentially academic in this case.  As part of its disclosures, the Government has already made disclosure of materials in its possession documenting any

---

[2]      Fed.R.Crim.P. 16(a)(1)(A) and (B) requires that the Government produce to each defendant, upon such a defendant's request, (1) the defendant's relevant written or recorded statements; (2) written records containing the substance of relevant oral statements made by a defendant "in response to interrogation by any person then known to the defendant to be a Government agent"; (3) the substance of any relevant oral statement made by the defendant "in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use the statement at trial"; and (4) a defendant's recorded grand jury testimony.

4

statements by individuals of which it is currently aware who could be characterized as indicted or un-indicted co-conspirators or accomplices, which the Government currently would consider offering as a co-conspirator statement under Fed.R.Evid. 801.  As part of its document production to date, the Government has endeavored to furnish the defendants records of any statements that either defendant has made which is subject to disclosure under Fed.R.Crim. 16. The Government has also endeavored to furnish the defendants with all records of communications between either of them and others involved in the charged conduct in this case. Further, the Government has made available records in its possession of any statements that any prospective witness has made concerning the subject matters of the case – whether such records are in the form of reports or memoranda of interviews or transcripts of testimony or written statements of the prospective witness.  As a consequence, the Government believes that each of the defendants currently has – as part of the Government's document production to date - records of any statements, currently in the Government's possession, which could be construed as a possible co-conspirator statement that the Government would consider offering at trial.

Nor is the Morris's request for a pretrial determination as to the admissibility of co-conspirator statements through a pretrial James hearing something to which he is entitled as a matter of statute, rule or case law.  In order to admit co-conspirator statements under Rule 801(d)(2)(E), a trial court must first find by a preponderance of the evidence that : "(1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course of and in furtherance of the conspiracy." United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996).  The Court retains great discretion and flexibility in deciding the manner and method of ensuring that such statements are

not admitted in evidence without a proper foundation. As this Court has previously observed:

> The evidence a trial court may consider in deciding these preliminary questions under Fed.R.Evid. 104(a) may be presented in diverse forms, none of which are mutually exclusive. Indeed, "the district court has the discretion to consider any evidence, not subject to a privilege, including both the alleged co-conspirator statements and any other hearsay evidence, whether or not that evidence would be admissible at trial." See United States v. Owens, 70 F.3d 1118, 1124 (10th Cir.1995); Fed.R.Evid. 104(a) and 1101(d)(1). A trial court may consider and rely on the alleged co-conspirator statements to determine whether a predicate conspiracy existed within the meaning of Fed.R.Evid. 801(d)(2)(E). Id. (citing Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). See also United States v. Hernandez, 829 F.2d 988, 994-995 (10th Cir.1987). Bourjaily requires, at most, that there be some evidence linking the defendant to the conspiracy that is independent of the Fed.R.Evid. 801(d)(2)(E) statements that the government seeks to introduce. Owens, 70 F.3d at 1124-25; United States v. Martinez, 825 F.2d 1451, 1453 (10th Cir.1987).

United States v. Graham, Case No. 03-cr-89-REB, 2003 WL 23156628, *1 (D.Colo. Dec. 2, 2003).

The Tenth Circuit, while requiring a trial court to institute procedures to ensure that the co-conspirator foundations have been met before receiving such statements in evidence pursuant to Fed.R.Evid. 802(d)(2)(E), has "never constructed a fixed formula to govern the James prophylaxis." United States v. Roberts, 14 F.3d 502, 514 (10th Cir.1993). The trial court may hold a James hearing, either before trial or during trial outside of the presence of the jury, in order to determine whether the predicate conspiracy existed. United States v. Owens, 70 F.3d at 1123; United States v. Hernandez, 829 F.2d at 994. Alternatively, the trial court may provisionally admit the co-conspirator statements under Fed.R.Evid."with the caveat that the evidence must 'connect up' during the trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. Owens, 70 F.3d at 1123; United States v. Powell, 982 F.2d 1422, 1432 (10th Cir. 1992), cert. denied, 508

6

U.S. 917 (1993).  And as part of the discretion entrusted to it with regard to these evidentiary

matters, a trial court may also use and incorporate a James proffer and other summary written

procedures in making its admissibility determinations under Rule 802(d)(2)(E). United States v.

Owens, 70 F.3d at 1124.

      This Court had not been reluctant to use a flexible approach in its past cases, tailoring its

procedures to the particular circumstances of the case at hand and eschewing reflexively ordering

potentially cumbersome and time-consuming James hearings where other reliable means were

available to the Court make admissibility determinations about co-conspirator statements under

Federal Rule of Evidence 104(a).  In some cases, the Court has reserved the admissibility

determination issue for trial, requiring the Government at that time to prove up the foundational

predicates for admission of the statements. United States v. Silva, Case No. 09-cr-00360-REB,

2010 WL 5014536 (D.Colo. Dec. 3, 2010).  In other cases, the Court has required the

Government to submit a written James proffer with a log of statements that it may seek to admit

under Rule 802(d)(2)(E) and, following the lodging of defendant objections, either exercising its

discretion to require the Government to present its evidence of the existence of a conspiracy at

trial before or contemporaneously with the offer of the statements, United States v. Arriola, Case

No. 03-cr-00614-REB, 2009 WL 1575177 (D.Colo. Jun. 4, 2009), or choosing simply to rule on

the written submission and other evidence already in the record.  United States v. Graham, supra.

      The circumstances of the instant case do not require the reflexive imposition of a pretrial

James hearing.  The Government's pretrial disclosures of potential co-conspirator statements has

been comprehensive.  The Court has evidence already in the record as to the nature and contours

of many of the essential aspects of the charged conspiracy through the submission of a criminal

complaint and supporting affidavit charging Armstrong, based on his involvement with Morris, with crimes in this case and an evidentiary hearing conducted by the Court, in connection with the issue of Armstrong's detention, wherein the Government outlined the core parts of its evidence in this case.  Should the Court so direct, the Government would be prepared to supplement this record through the preparation of a <u>James</u> log, in line with the protocol that the Court has used in other conspiracy cases before it, together with a written <u>James</u> proffer. Morris's motion for a <u>James</u> hearing should accordingly be denied at this juncture.

IV.     <u>**MOTION 4 - Motion for Severance of Defendants**</u>

Morris and Armstrong are properly charged in the same Indictment pursuant to Fed.R.Evid 8(b).  The interests of judicial economy and administration furthered by a joint trial outweigh Morris's bald assertions of the prejudice that would result.  Accordingly, a joint trial is proper in this case.  This Court should deny Morris's motion for severance of defendants.

Morris and Armstrong are both properly charged as co-conspirators in the Indictment. Rule 8(b) of the Federal Rules of Criminal Procedure allows the Government to charge two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Moreover, the Tenth Circuit has held that, "when the evidence overlaps, the offenses are similar, and the operable events occurred within a relatively short span of time, joinder of defendants . . . is proper."  <u>United States v. Esch</u>, 832 F.2d 531, 538 (10th Cir. 1987), cert. denied, 485 U.S. 908, 991 (1988).

There is a strong preference under that law that Morris and Armstrong be tried together. Both the Supreme Court and the Tenth Circuit have observed that, "[t]here is a preference in the

federal system for joint trials of defendants who are indicted together," <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993), and that, "[a]s a general rule, persons indicted together are tried jointly."  <u>United States v. Martinez</u>, 76 F.3d 1145, 1152 (10th Cir. 1996).  More specifically, "[t]he preference in a conspiracy trial is that persons charged together should be tried together." <u>United States v. Small</u>, 423 F.3d 1164, 1181 (10th Cir. 2007).  Joint trials "[p]romote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." <u>United States v. Hall</u>, 473 F.3d 1295, 1301 (10th Cir. 2005).

Rule 14(a) of the Federal Rules of Criminal Procedure authorizes the Court to sever co-defendants' trials, but only if it appears that a defendant or the government is prejudiced by a joinder authorized under Rule 8(b).  Fed. R. Crim. P. 14(a).  The Supreme Court has interpreted Rule 14(a) narrowly.  It has held that  "[a] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. <u>Zafiro</u>, 506 U.S. at 539.

Morris bears a heavy burden in his motion.  As the moving party, he must establish that clear prejudice would result if he is tried with Armstrong.  <u>Martinez</u>, 76 F.3d at 1152.  Morris "[m]ust show more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice." <u>United States v. Dirden</u>, 38 F.3d 1131, 1140-41 (10th Cir. 1994)(quoting <u>United States v. Youngpeter</u>, 986 F.2d 349 , 353 (10th Cir. 1993)).  Moreover, before granting severance, federal district courts must weigh the clear prejudice that would result from a joint trial, if any, against the "obviously important considerations of economy and expedition in judicial administration." <u>Dirden</u>, 38 F.3d at 1140 (quoting United States v. Petersen, 611 F.2d

1313, 1331 (10th Cir. 1979)).   Morris's motion fails to establish that clear prejudice would result if he is tried with Armstrong.

Morris argues that severance is warranted because the Government will attempt to introduce statements of one defendant that place blame on a co-defendant to escape criminal liability.  This argument is without merit.  First, the Government is unaware of any such statements and Morris offers no details as to when these statements were provided, who they were provided to, or the substance of the statements.  Second, even assuming that such statements do exist, the Tenth Circuit has spoken clearly: "Severance is not warranted . . .merely because defense theories conflict or because one defendant is attempting to cast blame on the other." United States v. McClure, 734 F.2d 484, 488 (10th Cir. 1984).  In order to warrant severance "[t]he defenses truly must be mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." Dirden, 38 F.3d at 1141.  Morris cannot establish that severance is warranted based upon these statements without presenting evidence that these statements actually exist and do, in fact, render the co-defendants' defenses mutually exclusive.  Morris has failed to do so here and, thus, failed to justify severance on this ground.

Morris next alleges that the pretrial determination of whether certain statements are admissible against him under Federal Rules of Evidence 801(d)(2)(E) could result in prejudice warranting severance.  This argument is misplaced.  Any such evidence found to be admissible against Morris in a joint trial would be similarly admissible against him in a separate trial. "[T]here [is] no prejudice when evidence complained of would have been admissible against defendant in separate trial."   United States v. Wardell, 591 F.3d 1279, 1301 (10th Cir.

2009)(stating the holding of United States v. Cardall, 885 F.2d 656, 668 (10th Cir.1989)).

Morris also argues that he will be prejudiced by "Mr. Armstrong's persistence in representing himself."  However, "[t]he mere fact that a codefendant is proceeding pro se is not in itself a ground for severance."  United States v. Tracy, 12 F.3d 1186, 1194 (2nd Cir. 1993); See also, United States v. Celestin, 612 F.3d 14, 21 (1st Cir. 2010); United States v. Cross, 928 F.2d 1030 (11th Cir. 1991).  United States v. Oglesby, 764 F.2d 1273, 1275-6 (7th Cir. 1985). Since Morris has failed to allege, let alone establish, specifically how he would be prejudiced by Armstrong's pro se representation in a joint trial, his argument is not a justifiable ground for severance.  Moreover, federal courts have noted that risks of pro se representation can be minimized by the appointment of standby counsel and the use of cautionary and curative instructions.  Id.  Standby counsel has been appointed in this case and this Court will have the tools of cautionary and curative instructions at its disposal.  The general risks of prejudice associated with Armstrong's pro se representation do not warrant severance.

Finally, Morris alleges that he will be denied his Sixth Amendment right to confrontation in a joint trial.  Once again, Morris does not identify any statement that is testimonial and implicates his right to confrontation.  The Government is unaware of any such statements. Indeed, the only statements of Morris's co-conspirators the Government anticipates introducing during its case-in-chief are statements that were made in furtherance of the conspiracy, which are not testimonial and, therefore, do not implicate Morris's Sixth Amendment right to confrontation.[3]  "Although the Supreme Court declined to precisely define 'testimonial,' the

---

[3]     The Government does intend to statements made by Morris to Internal Revenue Service Criminal Investigation Division agents on July 1, 2009.  These statements, which were

(continued...)

Court explicitly noted that, historically, 'statements in furtherance of a conspiracy' present an 'example' of 'statements that by their nature [a]re not testimonial." United States v. Ramirez, 479 F.3d 1229, 1249 (10th Cir. 2007)(citing Crawford v. Washington, 541 U.S. 36, 68 (2004)).

## V.   MOTIONS 5 & 6 - Motions for a Continuance By Morris and Armstrong

The Government opposes a one hundred eighty day continuance but does not oppose a ninety day continuance in this case.  Morris and Armstrong have justifiable reason to request the exclusion of approximately ninety days of speedy trial computations.  However, there is no justifiable reason for a one hundred eighty day continuance.

Morris has requested an ends-of-justice continuance of one hundred eighty days pursuant to 18 U.S.C. § 3161(h)(7)(A).  Doc. No. 191.  In his motion, he notes that this additional time is needed to prepare for the charges added in the Superseding Indictment, to review the discovery provided by the Government after the Indictment was superseded, and to contemplate changes to the defense's trial strategy resulting from this preparation and review.  Doc. No. 191.  The recent Superseding Indictment and the resulting discovery disclosures justifies a defense continuance in

_____

[3](...continued)
made by Morris as part of an interview that was conducting during the execution of a search warrant on his residence, are the subject of a separate suppression motion filed by Morris in this case. Doc. No. 199.  During this interview, Morris stated that he prepared Armstrong's false tax returns.

Though Morris lacks standing to enforce Armstrong's Sixth Amendment right to confrontation under Bruton or to request severance on these grounds, the Government recognizes that Morris's possible decision to not testify at trial could create a Bruton issue for Armstrong. Still, severance is not warranted.  The Government, in accordance with Richardson v. Marsh, 481 U.S. 200 (1987), will elicit any testimony regarding portions of Morris's statement that incriminate Armstrong in a manner that does not directly implicate Armstrong. See Spears v. Mullin, 343 F.3d 1215, 1230-32 (10th Cir. 2003); United States v. Verduzco-Martinez, 186 F.3d 1208 1212-15 (10th Cir.1999).

12

this case.  However, the defense does not need an additional six months to review two IPRO disks, eleven data disks, one hard drive, and eight banker's boxes and to prepare for new charges based upon the same criminal enterprise alleged in the Indictment returned on June 8, 2010.

Armstrong has requested an additional ninety days to prepare for trial in a separate motion.  Doc. No. 208.  The Government construes Armstrong's motion as an independent request for an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A).  His request is based upon the Government's alleged failure to comply with its discovery obligations as well as the need for additional time to prepare pretrial motions, obtain personal records, and prepare a defense.  The Government has complied with its discovery obligations and Armstrong's time for filing motions has passed.  However, Armstrong's request for a ninety day continuance to prepare for trial is reasonable and supports the exclusion of the requested time from Speedy Trial computations, given the additional charges set forth in the Superseding Indictment, which expand the scope of the alleged fraudulent scheme and classify it as part of an overall conspiracy involving Armstrong, and the discovery materials produced in connection with these charges.[4]

---

[4]      In assessing amount of time to exclude from Speedy Trial computation, it should be borne in mind that a one hundred eighty day continuance requested by Morris – whether or not supportable with respect to Morris – may not be entirely excludable from the computation of speedy trial for Armstrong.  The Tenth Circuit has held that a court may not weigh the interests of co-defendants in deciding whether to grant an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A).  United States v. Theron, 782 F.2d 1510, 1513 (10th Cir. 1986).  Therefore, 18 U.S.C. § 3161(h)(7)(A) does not, alone, permit this Court to exclude the ends-of-justice time sought through a  continuance requested by Morris from the computation of speedy trial for Armstrong.  Nonetheless, under 18 U.S.C. § 3161(h)(6), a court may grant "a reasonable period of delay [with respect to a defendant] when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."  Theron, 782 F.2d at 1514; See also, United States v. Vogl, 374 F.3d 976 (10th Cir. 2004).  Morris's ends-of-justice request for a one hundred eighty day continuance exceeds the separate ninety day ends-of-justice made by Armstrong.  In light of Armstrong's pretrial detention, a one hundred eighty

(continued...)

The Government does not, therefore, oppose an ends-of-justice continuance of approximately ninety days.  Both Morris and Armstrong have requested and justified a continuance of this length.  However, a one hundred eighty day continuance is unreasonable in light of the nature of the additional charges in the Superseding Indictment and the extent of the resulting discovery the Government has provided.

## CONCLUSION

WHEREFORE, the Government respectfully requests the aforementioned relief.

DATED: April 28, 2011.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice


s/Kenneth M. Harmon
By:  Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402

---

[4](...continued)
day delay may not be a reasonable period of delay for Armstrong.

The matter remains an academic one, should the Court agree with the Government that the excludable time warranted by each defendant's continuance request should be the same number of days and that those days should not exceed the number of days deemed warranted by the Court for Armstrong.

14

E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2011, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENSE MOTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa M. Wayne, Esq.
Lmonet20@aol.com
Attorney for Defendant Curtis L. Morris

David L. Owen, Esq.
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov