IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 10-cr-00317-REB

UNITED STATES OF AMERICA

     Plaintiff,

v.

1.  **CURTIS L. MORRIS** and
2.  RICHARD KELLOGG ARMSTRONG,

     Defendants.

---

## DEFENDANT MORRIS' SECOND MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(i) (ii) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET

---

The defendant, by and through his attorney, and pursuant to 18 U.S.C. §3161(h)(7)(B)(i) (ii) and (iv), moves this Honorable Court to continue the trial date of May 16, 2011 and for an extension of the speedy trial limits in the interests of justice and for reasons advises the Court as follows:

### INTRODUCTION

1.    The defendant incorporates herein by reference DEFENDANT CURTIS L. MORRIS' MOTION TO CONTINUE TRIAL DATE [docket 186] dated April 5, 2011. That Motion was heard and denied by this Honorable Court [docket 187] on April 6, 2011. The defendant further incorporates herein by reference DEFENDANT MORRIS' MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES

1

CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(i) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET [docket 191] dated April 6, 2011.  That motion was heard by this Honorable Court on April 7, 2011, wherein the Court ordered that the Government and defendant Armstrong shall have until April 28, 2011 to file a response [docket 193]. The Government filed a response on April 28, 2011 [docket 210].  Defendant Armstrong did not file a response to Morris' Motion.  The Court vacated the Trial Preparation Conference set for May 13, 2011 to May 11, 2011 at 1:15 p.m. [docket 205].

The defendant seeks a continuance of the May 16, 2011 trial date and concomitant vacating of the May 11, 2011  trial preparation conference date because undersigned counsel, despite her due diligence and good faith, cannot be prepared to effectively represent the defendant on May 16, 2011.  Said attorney has discussed this request with both the defendant, co-defendant Mr. Armstrong and his advisory counsel David Owens and Ken Harmon, government counsel, and none of the parties object to said request of exclusion of time and continuance of the trial date.  The interests of justice and constitutional guarantees to a fair trial and effective assistance of counsel support the granting of this motion.  The reasons are discussed below.

*Defense Counsel's Preparation*

2.      After having obtained an overview of this case, the format of the undersigned counsel's review and preparation of this matter has been divided into four aspects, namely, (1) review of the initial voluminous discovery produced on July 7, 2010 consisting of more than 7,433 pages of witness testimony and records, review of documents seized during the search warrant execution phase of the case; (2) a review

2

of the first set of  Grand Jury transcripts consisting of 114 pages; (3) an analysis of the previous two bodies of information, crystallization of defenses, and participation in ongoing investigation; and (4) working with the client, paralegal, investigator and forensic accounting expert for motions preparation, witness information,  guideline evaluations,  and trial preparation.

To date, counsel remains in the first phase, having accomplished her study of the initial discovery received. However, the Superceding Indictment filed on February 16, 2011 resulted in additional voluminous discovery, which was received by undersigned counsel on March 29, 2011 consisting of Bates Numbers 007434 through 008919 (supplemental non-grand jury materials), Bates Numbers GJ00289 through GJ02071 (concerning supplemental grand jury materials) and eleven (11) data disks that the late Larry Hall provided to the grand jury during the course of his February 2011 grand jury appearance.  Additionally, AUSA Kenneth Harmon indicated in correspondence to undersigned counsel dated March 25, 2011 that there are six (6) banker-sized boxes that contain materials that may not have been previously scanned. Undersigned counsel's CJA-appointed paralegal, Wendy Anderson, is in the process of reviewing the contents of what is believed to be those boxes of materials (which has been scanned and are presently being reviewed for case relevance).  AUSA Kenneth Harmon advised undersigned counsel that there exists a video-DVD of the search and seizure execution, however, counsel was not able to obtain a copy of this video until April 20, 2011 due to the difficulty of technology conversion that resulted in a delay.

During the search and seizure of Defendant Morris's home on July 1, 2009, two (2) computer hard-drives were obtained.  Mirror images of those hard-drives were

provided to undersigned counsel, who had the services of a forensic computer expert convert those into readable format, which was completed on March 22, 2011. The email storage of Defendant Morris consists of 14,264 "inbox" emails and attachments and 6,934 "deleted" emails and attachments (which are in the process of being reviewed by CJA appointed paralegal Wendy Anderson for relevant information pertaining to this case). Additionally, undersigned counsel's CJA appointed investigator is reviewing the 220 GB of data contained in the reconstructed hard drives seized by the government during the execution of the search warrant.

The recently disclosed Grand Jury transcripts consist of substantial testimony of deceased co-defendant Larry Hall, and alleged witnesses David Lissy, and Stephen Broughton. Although, all these individuals had been known to undersigned counsel from the previously disclosed discovery, the roles of the individuals have dramatically changed, and the impact to the theory of the defendant's case has changed positions from an arguably minimal participant to a role that is now of a co-conspirator in a larger overarching scheme to defraud the Internal revenue service, as reflected in the added Count 28 of the Indictment: Conspiracy to Defraud the Government. The testimony of co-defendant Larry Hall, if believed as credible, increases Mr. Morris' risk, and at a minimum requires undersigned counsel to further investigate the details of the grand jury testimony of June 8, 2010, August 26, 2010, and February 14.15. 2011.

The review has been challenging and laborious, and undersigned counsel has exercised due diligence and has invested hundreds of hours since the last court appearance on April 7, 2011, with the defense team in attempting to comply with this Court's request to be prepared for trial.

4

*Counsel's Additional CJA Case*

3.     At the time counsel accepted the subject-CJA appointment, she was involved in

other CJA-appointed cases in this district entitled U.S. v. Zhou (10-226); U.S. v. Abram

(07-366), U.S. v. Lopez (Milton  Espinoza – 09-55); U.S. v. Johnson (10-113) and U.S.

v. Atuna (Johnson-10-326).  Although, only two of these cases are still pending, one

requires extensive wiretap litigation.

*Counsel's Privately-Retained Matters*

4.     Counsel has been a sole practitioner since 1999, emphasizing criminal defense.

This practice has often involved complex matters.  Several of counsel's clients have

been of long-standing duration.  It is anticipated that said clientele will continue to utilize

counsel's services or refer other individuals once the instant-matter concludes.  As a

result, counsel maintains a delicate balance of devoting the necessary time to all

spheres of her practice.  Economically, however, it is absolutely necessary that counsel

continue to serve the privately-retained part of her practice while continuing her work on

the instant-case. Undersigned counsel has cut back considerably on acceptance of any

future cases until this case is resolved.

       Counsel recognizes the long hours required to prepare for a case of this nature

and complexity, and usually works a sixty hour week.  Both  CJA appointed paralegal

Wendy S. Anderson and investigator Anthony F. DiVirgilio do not work exclusively for

undersigned counsel. Although, both Ms. Anderson and Mr. DiVirgilio have put aside

other work to devote the needed hours to the work on this case, at the time of the filing

of this motion both Ms. Anderson and Mr. DiVirgilio are continuing to review the

5

discovery identified above and the most recent round of disclosed discovery provided on April 20, 2011 (Bate Stamped 11098-11201), and April 28, 2011 consisting of 3,257 pages of documents and 6 DVD discs consisting of Steven Broughton's seized information.

*Counsel's Entrance into this Case vs. that of Government Counsel*

5.      The first Indictment was returned in this case on June 8, 2010. The government's investigation of the defendants and related persons began, however, in the Fall of 2008 (See Grand Jury June 8, 2010 Tr. Pg. 19 Line 12-14) months prior to the search of Mr. Morris' home in July of 2009.  The principal government agents have been involved in the case since at least  since the Fall of 2008. The lead government lawyer, Mr. Harmon, has been counsel since the initial indictment, and more recently joined to the government's team is Kevin F. Sweeney, a trial attorney from the tax division of the department of justice, specializing in tax cases.  They separately or combined have participated in the grand jury proceedings of this case and related ones; have interviewed or in some fashion participated in the interviews of nearly all of the witnesses, have reviewed the discovery produced in the case; have actively participated in the pre-trial proceedings, and have the resources of not only the United States Attorney's office, but the Internal Revenue Service as well. Thus, the government started preparing this case for trial a year in advance of the filing of the initial indictment, and the appointment of undersigned counsel on behalf of Mr. Morris.    It is clear from the most recent disclosure of grand jury material related to the Superseding Indictment (Doc. #140) that the investigation of Mr. Morris and the co-defendants was ongoing, and continued up until at least February 15, 2011.  The playing field is far from

6

level for defendant's trial to commence on May 16, 2011.

### The Necessity of Counsel's Independent and Complete Review

6.      Undersigned counsel's review cannot be limited by the persons and material listed by the government for its case in chief.  The defense of Mr. Morris demands the review of his attorney and defense team of the entire body of accumulated information in order to independently analyze and determine what would be relevant to said defendant's defense.  After all, the government's need to prove any of the substantive counts listed in the Indictment, as well as the absence of the one deceased defendant, allows the government to focus more upon Mr. Morris during the trial.  Moreover, the government's discovery consists of thousands of pages, voluminous electronic data, hard-copy material seized during the execution of the search warrant and electronic data seized from Defendant Morris' computer hard drives. Although the government has indicated that most of the recently-produced discovery pertains only to the late Larry Hall, the balance of the materials cannot be presumed to be without relevance to Mr. Morris' defense.  Even a nearly blank document within the discovery has to be reviewed.  In sum, undersigned counsel has a long road ahead before she can be adequately prepared to defend Mr. Morris.

### CJA Appointed Paralegal, Investigator and Forensic Accounting Expert

7.      Recently, undersigned counsel requested additional funds for the CJA Appointed Paralegal (Wendy S. Anderson) and CJA Appointed Investigator (Investigative Resources, Inc., Anthony F. DiVirgilio).  Undersigned counsel will also be requesting the appointment of second CJA counsel in order to be able to consolidate the workload, and effectively prepare for trial.  Undersigned counsel has not had adequate

opportunity to review the newly received discovery to determine if nuggets of

information exist to provide tasks to the CJA Appointed Forensic Accounting Expert .

On April 20, 2011 undersigned counsel received disclosure from the government

consisting of 103 pages of information from the government relating to it's notice of

potential expert testimony from Special Agent David Riordon, characterized as an IRS

Computer Forensic Computer Examiner.   While the government indicates in it's

correspondence that it does not necessarily view Agent Riordan's prospective testimony

as constituting an expert opinion subject to the disclosure rules, it appears from

undersigned counsel's review of the potential opinions that not only will a CJA request

for an independent expert be forthcoming, but an additional analysis of the pertinent

emails that are arguably incriminating should be undertaken by the defense.   The

Court previously denied undersigned counsel's request for an enlargement of time for

filing additional motions, in part due to the lack of specificity of what motions remain

outstanding.   As the court can surmise, the lack of preparation, and the continued

review of recently disclosed discovery places undersigned counsel in the position of not

knowing what particular motions are outstanding until the completion of the above

tasks.   Additionally, each of the CJA Appointed individuals own their own respective

businesses, and it would be a significant and severe burden upon these individuals to

devote 60-plus hours a week for the past three(3) weeks or the next two (2) weeks to

prepare for trial.   As an example, Ms. Anderson was preparing for, second-chairing and

was a document chain-of-custody witness in an action in Arapahoe County, which trial

commenced on April 12, 2011 through April 15, 2011, and she had long ago scheduled

a trip to Houston, Texas from April 18, 2011 through April 24, 2011 to visit her newly

married daughter.  Accordingly, she has been unavailable to devote up to 60-hours per week on this case to assist undersigned counsel to prepare for trial.

*Recommended Date for the Retrial*

8.      Based upon counsel's current schedule of matters, both professional and personal, for the next eight (6) months or so, it is believed that counsel would be able to commence trial by October 24, 2011.  Counsel has recommended October 24, 2011 because she does not believe she can be reasonably ready before October 24, 2011 to commence an anticipated two-to-three week trial.  Undersigned counsel is scheduled for a First degree sexual assault kidnapping case in Adams County scheduled to commence on September 26, 2011. The case involves a potential life sentence, and is scheduled for a week, and will proceed on that date.

It appears from the most recent pleadings filed by the Government [Docket 210] and by co-defendant Armstrong [Docket 208] that both the government and co-defendant do not oppose a continuance of trial and an exclusion of time of 90 days. Undersigned counsel further requests that the matter be set for status conference as early as this week. Undersigned counsel has conferred with the government who is in agreement with the setting of a status date as soon as possible in light of the scheduled pretrial conference date of May 11, 2011.

WHEREFORE, defendant prays that the trial date of May 16, 2011 and trial preparation conference of May 11, 2011 be vacated and that trial be reset to commence no sooner than October 24, 2011 or such date convenient to the court and counsel, that the speedy trial limits be further extended in accordance with this resetting, and for such further relief as the court may deem proper.

9

Respectfully submitted,

*s/Lisa M. Wayne*
LISA M. WAYNE

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3RD day of May, 2011; I electronically filed the foregoing **DEFENDANT MORRIS' SECOND MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(i)(ii) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  In addition, I further certify that I have placed a copy of the same in the U. S. Mail addressed to:

Mr. Richard Kellogg Armstrong
#20413-298
9595 Quincy Avenue
Federal Detention Center
Englewood, CO 80123

*s/ Wendy S. Anderson*
Wendy S. Anderson