IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

           Plaintiff,

v.

1.     CURTIS L. MORRIS,
2.     RICHARD KELLOGG ARMSTRONG

           Defendants.

---

**GOVERNMENT'S MOTION TO SET AND CONDUCT
MOTIONS HEARING RESPECTING PENDING MOTIONS TO
CONTINUE AND EXCLUDE TIME; MOTIONS SETTING CONFERENCE
RESPECTING OTHER PENDING MOTIONS; AND STATUS CONFERENCE**

---

The United States of America, by and through its undersigned counsel, moves this Court to set and conduct (1) a motions hearing with respect to currently pending defense motions seeking a trial continuance and concomitant designations of excludable time under the Speedy Trial Act (DE191, 208, 215)[1]; (2) a motions setting hearing with respect to other pending

---

[1] "DE" refers to docket entries in this case.

    The referenced motions are specifically as follows:

DE 191    defendant Morris's motion styled, "Motion to Exclude Time Within Which the Trial for the Offenses Charged in the Superseding Indictment must Commence Pursuant to 18 U.S.C. §3161(h)(7)(B)(I) and (IV) and Continuance of Deadlines Currently Set";

DE 208    defendant Armstrong's motion styled, "Motion for Enlargement of Time Due to non Receipt of All Discovery and non Receipt of All

motions in this case; and (3) a status conference to address any other matters deemed fit and proper by the Court for the orderly administration of this case.

In support of the motion, the government states as follows:

1.      On April 28 and 29, 2011, the government filed responses to all defense motions then pending and deemed timely within the scope of the Court's prior rulings.  These motions included motions by both defendants which effectively sought a continuance of trial, currently set for May 16, 2011, and a concomitant exclusion of time under the Speedy Trial Act, 18 U.S.C. 3161 *et. seq*. (DE 191, 208).  The government indicated in its response that it did not oppose a continuance of trial but that the trial of the defendants, which should be joint, should not be continued beyond 90-days, the time period which the government submitted was reasonable for this case based on its current circumstances.   Both these motions and the other timely defense motions have now been briefed by the government and ready to be addressed by the Court.

2.      The government now respectfully requests that the Court set these motions down for a hearing prior to the currently scheduled trial preparation conference on May 11, 2011, and preferably prior to May 9, 2011.

3.      As the briefing on the motions reflect, the parties are in agreement that neither defendant is prepared to proceed to trial on May 16, 2011.  As the record in the case currently stands, however, the parties must do a host of things to comply with their current obligations to

---

|         | Grand Jury Transcripts"; |
|---------|---------------------------|
| DE 215  | defendant Morris' motion styled , "Second Motion to Exclude Time Within Which the Trial for Offenses Charged In the Superseding Indictment Must Commence Pursuant to 18 U.S.C. §3161(h)(7)(B)(I) and (IV) and Continuance of Deadlines Currently Set". |

have the case ready to go to trial on May 16, 2011.  Among other things, they must consult and submit to chambers by May 9, 2011, their proposed jury instructions and briefs supporting disputed and competing instructions.  Further, in order to fulfill the objectives of the May 11th trial preparation conference, the parties, at the conference, will also need to tender witness lists and proposed voir dire questions and be ready to address exhibit issues (presumably with exhibit lists in hand).  The government will undertake to discharge its obligations but it does not appear, at this juncture, that, based on defense representations, a trial preparation conference would be meaningful or productive.  A hearing and ruling on the defense continuance motions in advance of May 9, 2011 will permit the parties to proceed in an efficient and orderly manner in the preparation of this case for trial and will allow the Court to avoid wasting time at the trial preparation conference where necessary business – such as a discussion of possible stipulated exhibits and witnesses - cannot be conducted.

4.      An advanced hearing and ruling will also permit the government to avoid potential significant expenditure of resources and inconvenience to potential government witnesses in the case.  The government currently estimates that there are 40 potential government witnesses in its case-in-chief, 25 of which are currently considered "will call" witnesses.  A number of these witnesses are representatives from financial institutions whose testimonial scope is limited to addressing the authenticity of records filed with the Internal Revenue Service purportedly by or on behalf of their institutions or with respect to accounts held at their institutions.  As many as twenty five of the government's potential witnesses are from outside of the Denver, Colorado metropolitan region.  As the case now stands, especially without the prospect of stipulations, the government the will need to make travel arrangements for these

witnesses commencing no later than this Monday, May 9, 2011, in order to be prepared for possible trial the following Monday, May 16, 2011. All of the potential witnesses will need to be contacted to arrange and keep their schedules open so that they are prepared to testify within the currently scheduled trial period.

5.      Conducting a hearing prior to May 9, 2011 on the pending continuance motion and addressing the other pending motions with the parties at that time will permit the Court more efficiently to realistically assess the trial readiness of this case for a trial commencing May 16, 2011, and more efficiently permit the Court to re-allocate its resources and schedule to other matters should the court determine that trial commencing on that date is not feasible.

WHEREFORE, the United States respectfully requests that the Court grant this motion and set and conduct (1) a motions hearing with respect to currently pending defense motions seeking a trial continuance and concomitant designations of excludable time under the Speedy Trial Act (DE191, 208, 215); (2) a motions setting hearing with respect to other pending motions in this case; and (3) a status conference to address any other matters deemed fit and proper by the Court for the orderly administration of this case.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kenneth M. Harmon
By:  Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

> Tel. No. (303) 454-0100
> Fax No. (303) 454-0402
> E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2011, I electronically filed the foregoing

**GOVERNMENT'S MOTION TO SET AND CONDUCT MOTIONS HEARING RESPECTING PENDING MOTIONS TO CONTINUE AND EXCLUDE TIME; MOTIONS SETTING CONFERENCE RESPECTING OTHER PENDING MOTIONS; AND STATUS CONFERENCE**

with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

Lisa M. Wayne, Esq.
Lmonet20@aol.com
Attorney for Defendant Curtis L. Morris

David L. Owen, Esq.
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

5

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

6