IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00359-REB

UNITED STATES OF AMERICA,

                Plaintiff,

v.

1.     CURTIS L. MORRIS, and

2.     RICHARD KELLOGG ARMSTRONG,

                Defendants.

---

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF
### NON-STIPULATED JURY INSTRUCTIONS
___

      The United States of America, by and through its undersigned counsel, hereby submits its memorandum in support of the tendered jury instructions and verdict forms, submitted this day to chambers of the Court with a copy to counsel for the defendants and annexed hereto as exhibits to this memorandum.[1] The Government has submitted these instructions to the defense and has not been instructed of any competing instructions. Additionally, based upon Armstrong's *pro se* status, stipulated instructions are not feasible. Accordingly, the Government considers all of its instructions to be non-stipulated.

**NON-STIP  G INSTRUCTIONS NO. 1, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 16, 18, 26 (Exhibits 1, 3–9,11, 13, 14, 16, 18, 26)**

      The instructions are drawn from Tenth Circuit Pattern Instructions and are generally

---

[1] The government's tendered instructions and verdict forms are annexed as Exhibits 1-38.

1

applicable in cases involving financial crimes with multiple defendants.

## NON-STIP  G INSTRUCTION NO. 2
## THE INDICTMENT READ (Exhibit 2)

This instruction would consist of a re-reading of the indictment in the final charge to the jury before the Court instructs the jury on the elements of the offenses and provides related instructions concerning the elements of the offenses.[2]  The re-reading of the charges will assist the jury in following these particular instructions and understanding how they pertain to the case.

## NON-STIP  G INSTRUCTION NO. 10
## THE INDICTMENT READ (Exhibit 10)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The Government intends to call an accomplice of the defendants, Steven Broughton, as a witness at trial.  He received a favorable plea agreement from the government.  The instruction will assist the jury in assessing and evaluating the testimony of this accomplice turned government witness.

## NON-STIP  G INSTRUCTION NO. 12
## THE INDICTMENT READ (Exhibit 12)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The indictment references several unindicted accomplices.  The instruction will assist the jury in focusing on only the crimes charged in the indictment.

## NON-STIP  G INSTRUCTION NO. 15
## DISPOSITION OF ALL CHARGES AGAINST ONE CODEFENDANT (Exhibit 15)

The instruction is drawn from the referenced Eighth Circuit model jury instruction

---

[2] The portion of the Indictment related to criminal forfeiture have been purposefully omitted from the instruction to avoid jury confusion.

regarding the dismissal of all charges against a codefendant during trial.  It has been modified to address the circumstances of a pretrial dismissal of charges.  One defendant named in the indictment, Larry R. Hall, recently died and all charges against him have, thus, been dismissed.  Nonetheless, his name still appears in the indictment.  The instructions will assist the jury in understanding how to deal with this circumstance in assessing the guilt of the defendants.

## NON-STIP_G INSTRUCTION NO. 17
## EXPERT WITNESS (Exhibit 17)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The Government has provided notice of its intent to call a witness with specialized computer knowledge.  The instruction will assist the jury in assessing the weight of his testimony.

## NON-STIP_G INSTRUCTION NO. 19
## CONFESSION-STATEMENT - VOLUNTARINESS (Exhibit 19)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The Government intends to introduce Morris's oral statement to IRS-CID which is the subject of the defense's suppression motion.  The instruction will assist the jury in assessing the weight of this statement and caution them against considering it with respect to Armstrong.

## NON-STIP_G INSTRUCTION NO. 20
## SIMILAR ACTS (Exhibit 20)

This instruction is drawn substantially verbatim from the pattern jury instruction promulgated by the Tenth Circuit when other act evidence is admitted pursuant to Federal Rules of Evidence Rule 404(b).  The government has provided notice of its intent to admit such

evidence. The proposed instruction will assist the jury in assessing and applying this evidence.

## NON-STIP  G INSTRUCTION NO. 21 & 23
## PROOF OF KNOWLEDGE OR INTENT (Exhibit 21 & 23)

These instructions are drawn from pattern instructions set forth in the O'Malley, Grenig and Lee treatise. The Tenth Circuit pattern instruction for the elements of the offenses in this case instructs the jury that, as one of the elements of the offense, the jury must find that the defendants knew that the false income tax returns identified in the indictment were, in fact, false. This proposed instruction assists the jury in addressing the defendant's knowledge concerning this matter and provides the jury with guidance as to how to assess and evaluate the evidence in determining the existence or absence of knowledge. Moreover, Instruction 23 differentiates the difference between motive and intent and will help the jury to assess whether certain evidence is probative of knowledge or intent.

## NON-STIP  G INSTRUCTION NO. 22 - KNOWINGLY -
## DELIBERATE IGNORANCE (Exhibit 22)

As indicated about, the defendants' knowledge of the falsity of the tax returns at issue is an element of the offenses charged in this case and will likely be contested at trial. The government has reason to believe that the defendant will seek to adduce evidence either during the government's case-in-chief or as part of a defense case to suggest that the defendants were unaware of how to properly prepare certain IRS forms. Should such evidence be adduced at trial, the proposed instruction, drawn verbatim from Tenth Circuit Pattern Instructions, will assist the jury in determining whether the defendant's professed absence of knowledge was purposeful or not. The applicability of the instruction will depend on the evidence at trial.

### NON-STIP G INSTRUCTION NO. 24 & 25
### HANDWRITING EVIDENCE (Exhibit 24 & 25)

These instructions are drawn from pattern instructions set forth in the O'Malley, Grenig and Lee treatise and Tenth Circuit Pattern Jury Instructions. The government will introduce tax returns signed by the defendants. It may introduce evidence of the defendant's known signatures in other records as part of its proof that the defendant signed the paper filed income tax returns in this case. The proposed instruction will assist the jury in assessing and applying this evidence.

### NON-STIP G INSTRUCTION NO. 27-31 & VERDICT FORMS (Exhibit 27-32, 37-38)

Instructions 27, 28, 30, & 32 are drawn from the Tenth Circuit Pattern Instructions and state the elements and definitions of the counts in the indictment. However, the Tenth Circuit Pattern Instructions do not contemplate instructions for all counts listed in the indictment. According, Instructions 29 and 31 are drawn from Tenth Circuit case law, definitions from the Tenth Circuit Pattern Instructions, and the pattern instructions of other circuits. These instructions will assist the jury in understanding the elements of the counts charged in the indictment. Instructions 37 and 38 are simply the verdict forms for Morris and Armstrong

### NON-STIP G INSTRUCTION NO. 33-36
### FORFEITURE INSTRUCTIONS AND SPECIAL VERDICT FORMS (Exhibits 32-36)

The instruction is drawn from Federal Rule of Criminal Procedure 32.2 which sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. There is no right to a jury determination of the amount of a money judgment under Fed. R. Crim. P. 32.2(b). However, should defendant Richard Kellogg Armstrong request a jury determination of the forfeiture of the specific assets, the United States requests that the Court:

(1)     instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on any or all of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven, of the Superseding Indictment;

(2)     allow jury instructions regarding property subject to forfeiture and burden of proof; and

(3)     provide the jury with a special verdict form as proposed by the government.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kevin F. Sweeney
By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2011, I electronically filed the foregoing **GOVERNMENT'S MEMORANDUM IN SUPPORT OF NON-STIPULATED JURY INSTRUCTIONS** with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

    Lisa Monet Wayne
    lmoney20@aol.com

    David L. Owen
    davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution
    Inmate Mail/parcels
    9595 West Quincy Avenue
    Littleton, CO 80123

                                                     By:    s/ *Kevin F. Sween*ey
                                                                KEVIN F. SWEENEY
                                                                Trial Attorney