NON-STIP G INSTRUCTION NO. 1

PRELIMINARY INSTRUCTIONS BEFORE TRIAL

At the end of the trial I will give you detailed guidance on the law and how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by an Assistant United States Attorney, Kenneth M. Harmon, and a Department of Justice Trial Attorney, Kevin F. Sweeney. Defendant Curtis L. Morris is represented by his lawyer, Lisa M. Wayne. Defendant Richard K. Armstrong has decided to represent himself and not use the services of a lawyer. He has a perfect right to do this. His decision has no bearing on whether he is guilty or not guilty, and it should have no effect on your consideration of the case.

The indictment charges Defendants Morris and Armstrong for offenses relating to their involvement in a scheme to file false claims with the IRS for themselves and others between approximately September of 2008 and May of 2009. According to the indictment, the scheme involved the filing of false individual tax returns claiming large tax refunds based upon fictitious federal income tax withholding. The indictment alleges that the scheme participants submitted fraudulent Forms 1099-OID to the IRS showing bogus federal income tax withholding from fictitious original issue discount income.

The indictment charges Morris with one count of conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286 for his role as the tax preparer of the scheme. It also charges him with seventeen counts of filing false claims

against the United States in violation of 18 U.S.C. § 287 for preparing false amended tax returns for himself and clients of the scheme. Moreover, the indictment charges Morris with three counts of mail fraud in violation of 18 U.S.C. § 1341 for causing his false amended tax returns and the amended tax returns of Richard K. Armstrong to be delivered by mail to the IRS.

The indictment charges Armstrong for his participation in the same conspiracy to defraud the United States count in violation of 18 U.S.C. § 286. It also charges him with eight counts of filing false claims against the United States in violation of 18 U.S.C. § 287 for filing his own false amended tax returns with the IRS as well as one count of mail fraud in violation of 18 U.S.C. § 1341 for causing his false tax amended returns to be delivered to the IRS by mail. The indictment further charges Armstrong with three counts of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 using the proceeds of his mail fraud.

The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.  There are multiple defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement.  Its purpose is

only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids.  Therefore, you should not give your notes precedence over your independent recollection of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you

do take notes leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Sweeney, you may present the opening statement for the government.

1.01 and 1.02 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)