NON-STIP G INSTRUCTION NO. 27

MAIL FRAUD
18 U.S.C. § 1341

The following defendants are charged with mail fraud in violation of 18 U.S.C. § 1341 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MAIL MATTER |
|---|---|---|---|
| 1 | 10/23/2008 | Curtis L. Morris<br>Richard K. Armstrong | 3 IRS Forms 1040X Amended U.S. Individual Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong, for 2005, 2006, and 2007, addressed from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona. |
| 2 | 9/22/08 | Curtis L. Morris | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | Curtis L. Morris | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

This law makes it a crime to use the mails in carrying out a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises. To find the defendant guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is made, or caused to be made, materially false and fraudulent statements and representations on amended, individual income tax returns filed with the Internal Revenue Service.

Second: the defendant acted with specific intent to defraud or obtain money or property by false pretenses, representations or promises;

Third: the defendant mailed something, or caused another person to mail something, through the United States Postal Service or a private or commercial interstate carrier for the purpose of carrying out the scheme; and

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud or obtain money or property by means of false pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud or obtain money or property by means of false pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is

made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

2.56 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011).