NON-STIP G INSTRUCTION NO. 29

MONETARY TRANSACTIONS WITH CRIMINALLY DERIVED PROPERTY
18 U.S.C. § 1957

The following defendant is charged with engaging in monetary transactions with criminally derived property in violation of 18 U.S.C. § 1957 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MONETARY TRANSACTION |
|---|---|---|---|
| 25 | 11/22/08 | Richard K. Armstrong | Wire transfer of $727,000 from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Richard K. Armstrong | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Richard K. Armstrong | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

This law makes it a crime knowingly to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity.

To find the defendant whose case you are considering guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant engaged or attempted to engage;

*Second*: in a monetary transaction;

*Third*: in criminally derived property;

*Fourth*: knowing that the property is derived from unlawful activity, namely mail fraud; and

*Fifth*: the property is, in fact, derived from specified unlawful activity, namely mail fraud.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. "Proceeds" can be any kind of property, not just money.

You are not required to find that the defendant whose case you are considering knew that the unlawful activity was "specified unlawful activity," only that the defendant knew that the activity was unlawful.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce as defined in instruction number____, or funds or a monetary instrument, by, through, or to a financial institution. "Interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

United States v. Dazey, 403 F.3d 1147, 1163 (10th Cir. 2005); 18 U.S.C. § 1957.