NON-STIP G INSTRUCTION NO. 31

CONSPIRACY TO DEFRAUD THE UNITED STATES WITH RESPECT TO CLAIMS

Defendants Morris and Armstrong are charged in count TWENTY EIGHT with a violation of 18 U.S.C. Section 286.

This law makes it a crime for anyone to conspire with someone else to defraud the government with respect to claims. To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant entered into a conspiracy to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds;

*Second*: the claim was false, fictitious, or fraudulent;

*Third*: the defendant knew at the time that the claim was false, fictitious, or fraudulent;

*Fourth*: the defendant acted with the intent to defraud; and

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to defraud the United States by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to defraud the United States, like any other kind of

agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would defraud the United States by means of some common plan or course of action as alleged in the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants Morris and Armstrong of the charge contained in Count TWENTY EIGHT of the indictment.

An "intent to defraud" means an intent to deceive or cheat someone.

A "claim," as that word is used in these instructions, is a demand for money, property, credit or reimbursement.


7th Circuit Pattern Jury Instructions, 18 U.S.C. § 286 (1998)(modified); 18 U.S.C. § 286. "conspiracy" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 31:04 (6th ed. 2008).

"interdependence" element, 2.19 Pattern Jury Instructions, Criminal Cases Tenth Circuit

(2006) (conspiracy).

'intent to defraud" definition, 2.56 <u>Pattern Jury Instructions, Criminal Cases</u> Tenth Circuit (2006)(mail fraud).

"claim" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 30:07 (6th ed. 2008)