1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF COLORADO

3  Criminal Action No. 10-cr-00317-REB

4  UNITED STATES OF AMERICA,

5      Plaintiff,

6   vs.

7  CURTIS L. MORRIS,
   RICHARD KELLOGG ARMSTRONG,

8

9      Defendants.

10 _____

11              REPORTER'S TRANSCRIPT

12          TRIAL PREPARATION CONFERENCE
   _____

13

14        Proceedings before the HONORABLE ROBERT E. BLACKBURN,

15 Judge, United States District Court for the District of

16 Colorado, commencing at 1:25 p.m., on the 11th day of May, 2011,

17 in Courtroom A1001, Alfred A. Arraj United States Courthouse,

18 Denver, Colorado.

19

20

21          Suzanne M. Claar, Official Reporter
                   901 19th St.
22          Denver, Colorado, 80294-3589
                   (303)825-8874
23
       PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY
24          TRANSCRIPTION PRODUCED BY COMPUTER

25

APPEARANCES

KENNETH M.HARMON, 1225 17th Street, #700, Denver, Colorado, and KEVIN F. SWEENEY, United States Department of Justice, Tax Division, Western Criminal Enforcement, 601 D Street, N.W., Washington, D.C., Assistant United States Attorneys, appearing for the Government.

LISA M. WAYNE, 999 Eighteenth Street, One Denver Place, South Tower #2550, Denver, Colorado, appearing for Defendant Morris.

DAVID L. OWEN, JR., 8854 South Miners Street, Highlands Ranch, Colorado, appearing as advisory and stand-by counsel for Defendant Armstrong.

1               P R O C E E D I N G S

2        (Proceedings commenced at 1:25 p.m.)

3               THE COURT:  Good afternoon.  Thank you.  Please be

4    seated.  This is case 10-cr-317, again identified as United

5    States of America v. defendant No. 1, Curtis L. Morris, and

6    defendant No. 2, Richard Kellogg Armstrong.

7               The matter comes before this court ostensibly and

8    tentatively set for Trial Preparation Conference.

9               The government appears by Mr. Harmon and Mr. Sweeney.

10              Good afternoon.

11              MR. HARMON:  Good afternoon.  And also at the counsel

12   table, your Honor, is our Special Agent Greg Flynn from the IRS.

13   He is our case agent.

14              THE COURT:  Good afternoon.

15              MR. FLYNN:  Good afternoon.

16              THE COURT:  Mr. Morris appears in person together with

17   Ms. Wayne.  Good afternoon.

18              MS. WAYNE:  Good afternoon, your Honor.

19              THE COURT:  Mr. Armstrong appears in person, and

20   advisory and stand-by counsel Mr. Owen is also present.

21              MR. ARMSTRONG:  Good afternoon.

22              MR. OWEN:  Good afternoon, your Honor.

23              THE COURT:  Pending before the court are the

24   defendants' two motions to continue and/or to exclude additional

25   time under the Speedy Trial Act of 1974.

1          The court heard those motions on May 3 this year.  The
2     court will convert initially this Trial Preparation Conference
3     to a hearing at which the court will enter its orders with
4     respect to those pending motions.
5          On May 6, 2011, the court held a hearing on the motion
6     for enlargement of time due to non-receipt of all discovery and
7     non-receipt of all grand jury transcripts in printed format,
8     document 208, filed April 26, 2011, by Mr. Armstrong, and
9     defendant Morris' Second Motion to Exclude Time Within Which the
10    Trial for the Offenses Charged in the Superseding Indictment
11    Must Commence, pursuant to 18 U.S.C. Section
12    3161(h)(7)(B)(i)(ii) and (iv) and continuance of deadlines
13    currently set, document 215, filed May 3, 2011.
14         In his motion Mr. Armstrong requests a continuance of
15    90 days and defendant Morris requests a continuance of six
16    months.
17         After hearing I took the motions and matters under
18    advisement.  I rehearse the obvious, that in determining what
19    are tantamount to motions to continue trial, the Tenth Circuit
20    has established the following quadripartite factors:  One, the
21    diligence of the party requesting the continuance; two, the
22    likelihood that the continuance, if granted, would accomplish
23    the purpose underlying the parties' express need for the
24    continuance; three, the inconvenience to the opposing party, its
25    witnesses and the court resulting from the continuance, and

1    four, the need asserted for the continuance and the harm that

2    the defendant might suffer as a result of the District Court's

3    denial of the continuance.

4        I cite to *United States v. Rivera*, 900 F.2d 1462 at

5    page 1475, Tenth Circuit, 1990, quoting from the familiar *United*

6    *States v. West*, 828 F.2d 1468 at page 1470, Tenth Circuit, 1987.

7        The fourth and final factor, and I quote the circuit

8    from *Rivera*, is by far the most important.  I have considered

9    carefully each of these factors and find that on balance they

10   weigh in favor of a continuance of the trial.

11       Both motions implicate also the Speedy Trial Act of

12   1974 codified at 18 U.S.C. Section 3161 through 3174.

13   Specifically the motion of Mr. Morris implicates 18 U.S.C.

14   Section 3161(h), which provides in relevant part, and I quote,

15   the following periods of delay shall be excluded in computing

16   the time within which the trial of any offense must commence.

17       7A.  Any period of delay resulting from a continuance

18   granted by any judge at the request of the defendant or his

19   counsel or at the request of the attorney for the government if

20   the judge granted such continuance on the basis of his findings

21   that the ends of justice served by taking such action outweigh

22   the best interests of the public and the defendant in a speedy

23   trial, citing to 18 U.S.C. Section 3161(h)(7)(A).

24       As the Tenth Circuit noted in *United States v. Hill*,

25   the Speedy Trial Act is designed to protect a defendant's

1    constitutional right to a speedy Indictment and trial and to

2    serve the public interest in ensuring prompt criminal

3    proceedings.  *Hill*, 197 F.3d 436 at page 440, Tenth Circuit,

4    1999.

5          This statutory provision requires that a criminal

6    defendant's trial commence within seventy days after his

7    Indictment or initial appearance, whichever is later, citing to

8    18 U.S.C. Section 3161(c)(1).

9          See also *United States v. Lugo*, L-U-G-O, 170 F.3d 996,

10   1001, Tenth Circuit, 1999.  Certain periods of delay are

11   excluded and do not count toward this seventy-day limit.  See 18

12   U.S.C. Section 3161(h) 1 through 9.  Quoting from the act, the

13   act excludes any period of delay resulting from a continuance

14   granted by any judge on the basis of its findings that the ends

15   of justice served by taking such action outweigh the best

16   interests of the public and the defendant in a speedy trial.

17   *Hill*, 197 F.3d at 440 and 441, Tenth Circuit, 1999, quoting 18

18   U.S.C. Section 3161(h)(7)(A).

19         However, in order for a continuance to qualify as an

20   excludable ends of justice continuance under Section

21   3161(h)(7)(A) certain prerequisites must be satisfied, citing to

22   *Hill* at page 441.

23         First, I must consider the following factors listed in

24   Section 3161(h)(7)(B):  One, whether the failure to grant such a

25   continuance in the proceeding would be likely to make a

continuance of such proceeding impossible or, as applicable
here, result in a miscarriage of justice; two, whether the case
is so unusual or so complex due to the number of defendants, the
nature of the prosecution or the existence of novel questions of
fact or law, that it is unreasonable to expect adequate
preparation for pretrial proceedings or for the trial itself
within the time limits established by the act; three, whether in
a case in which arrest precedes Indictment, delay and the filing
of the Indictment is caused because the arrest occurs at a time
such that it is unreasonable to expect return and filing of the
Indictment within the period specified in Section 3161(b) or
because the facts upon which the grand jury must base its
determination are unusual or complex, and four, whether the
failure to grant such a continuance in a case which, taken as a
whole, is not so unusual or so complex as to fall within Clause
2 would deny the defendant reasonable time to obtain counsel,
would unreasonably deny the defendant or the government
continuity of counsel or would deny counsel for the defendant or
the attorney for the government the reasonable time necessary
for effective preparation, taking into account the exercise of
due diligence.

          Those provisions, of course, are taken from 18 U.S.C.
Section 3161(h)(7)(B)(i) through (iv).

          After considering carefully those factors, I must then
set forth in the record of the case either orally or in writing

1    my reasons for finding that the ends of justice served by the

2    granting of the requested continuance outweigh the best

3    interests of the public and the defendants in a speedy trial.

4        And although my findings may be entered on the record

5    after the fact, they may not be made after the fact.  Again,

6    *Hill*, 197 F.3d at 441.

7        Instead, under Tenth Circuit precedent, this balancing

8    must occur contemporaneously with the granting of the

9    continuance because Congress intended that the decision to grant

10   the ends of justice continuance be prospective not retroactive,

11   again citing to *Hill* at page 441.  I have discharged those

12   duties in my consideration and now my resolution by order of

13   these pending motions to continue.

14       Long ago in early September of what is now last year,

15   2010, the court at a hearing and with the aid of the defendants

16   and their counsel organized and developed a reticulated pretrial

17   schedule.

18       That effort and the concomitant order was designed for

19   trial to commence this coming Monday, May 16, 2011.  However,

20   the timing of the filing of the Superseding Indictment on

21   February 15 this year, which was complicated further by the

22   timing of disclosure of additional voluminous discovery in late

23   March 2011, has made it impossible for at least defendant Morris

24   to prepare for and to proceed to trial as now set.

25       During the hearing on May 6, 2011, counsel for

1    Mr. Morris rehearsed at length the numerous reasons that

2    Mr. Morris would not and could not be ready for trial as set.

3          Additionally, the pending pretrial motions that require

4    judicial attention and resolution, some with and some without a

5    formal hearing cannot be resolved before the trial as set.

6          As I may, I adopt, approve and incorporate the facts

7    asserted, reasons stated, arguments advanced and authorities

8    cited by counsel for Mr. Morris at the hearing on May 3, 2011.

9    Noting that those facts, reasons and arguments were largely, if

10    not entirely, unopposed by the government.

11          As I have before in this case, I once again rely on the

12    considerable professional experience and judgment of counsel in

13    fashioning this order.  I continue to be sensitive to and

14    mindful of the teachings of relevant case law, including the

15    principles and holdings in *United States v. Williams*, 511 F.3d

16    1044, Tenth Circuit, 2007*, United States v. Toombs*, 574 F.3d

17    1262, Tenth Circuit, 2009, *Bloate v. United States,* 130 S. Ct.

18    1345.

19          Based on the relevant record measured at the time of

20    the hearing on May 6th, 2011, I find that it would be

21    unreasonable, inequitable and unfair to expect adequate

22    preparation by the defendants, despite due diligence, for the

23    balance of pretrial proceedings which much occur or for trial

24    proceedings within the time initially allowed under 18 U.S.C.

25    Section 3161(c) as extended by my various relevant orders

1    entered in this case.

2              I have considered carefully the factors which I must

3    under 18 U.S.C. Section 3161(h)(7)(B)(i) through (iv).  As

4    required by 18 U.S.C. Section 3161(h)(7)(C), I have not

5    predicated this ruling on congestion of the court's calendar or

6    lack of diligent preparation by counsel or Mr. Armstrong.

7              Accordingly, I conclude as follows:  One, that failure

8    to grant a continuance of trial beyond the time prescribed by 18

9    U.S.C. Section 3161(c), *a fortiori* as extended by my various

10   relevant orders, would likely result in a miscarriage of justice

11   from the perspective of the defendants within the meaning of 18

12   U.S.C. Section 3161(h)(7)(B)(i); two, that even considering due

13   diligence, failure to grant the defense motions for continuance

14   would deny defendant Armstrong and counsel for defendant Morris

15   the reasonable time necessary to complete effective pretrial and

16   trial preparation within the meaning of 18 U.S.C. Section

17   3161(h)(7)(B)(iv).

18             That reasonably six months from May 3, 2011, should and

19   will be excluded from the computation of time for a speedy trial

20   under the Speedy Trial Act of 1974, and four, that therefore the

21   ends of justice served by granting the motions outweigh the best

22   interests of the public and defendants in a speedy trial within

23   the meaning of 18 U.S.C. Section 3161(h)(7)(A).

24             Therefore, it is ordered as follows.  That the

25   defendants' respective motions to continue are granted.

1  However, to the extent consistent with my foregoing findings of

2  fact and conclusions of law.

3        Two, that the Trial Preparation Conference set for this

4  date and time is vacated and continued without date pending

5  further order of court.

6        Three, that the trial by jury set to commence Monday,

7  May 16, 2011, at 8:30 a.m. is vacated and continued without date

8  pending further order of court.

9        I digress to set this matter for a setting conference

10  in approximately 90 days.  I exercise my discretion to defer the

11  setting of Trial Preparation Conference and trial by jury in

12  this case because I have nowhere presently to go with this

13  trial, and I am hopeful that in the next 90 to 120 days that

14  something will give and that I can set this matter for trial

15  within a time which will afford the defendants and the public a

16  speedy trial as defined by the act without displacing and

17  disadvantaging litigants who are prepared to proceed to trial

18  and who would suffer the consequences of such a delay, including

19  but not limited to other criminal cases in which the right to a

20  speedy trial under the act, if not the Sixth Amendment of the

21  United States, are also implicated.

22        Thus, let us identify a setting conference within 90 to

23  120 days, three to four months.

24        MS. WAYNE:  Your Honor, may I retrieve my calendar?

25        THE COURT:  You may.  Thank you, counsel.  Please

1    consider Friday, August 19, 2011, at 1:30 p.m. mountain daylight

2    time.  Friday, August 19, 1:30 p.m.

3              Acceptable to the government?

4              MR. HARMON:  Yes, your Honor.

5              THE COURT:  Acceptable to defendant Morris?

6              MS. WAYNE:  Yes, your Honor.

7              THE COURT:  And acceptable to you, Mr. Armstrong?

8              MR. ARMSTRONG:  Yes, your Honor.

9              THE COURT:  Mr. Owen.

10             MR. OWEN:  Your Honor, I am afraid I have a sentencing

11   in front of Judge Brimmer at 1:30 at that time.  It shouldn't

12   take very long but it is scheduled.

13             THE COURT:  Friday, September 9, at 9:00 a.m.

14             The government?

15             MR. HARMON:  Yes, your Honor, we are fine with that.

16             THE COURT:  Defendant Morris?

17             MS. WAYNE:  I am sorry, Judge, I have to -- I

18   apologize, Judge.  I am sorry, what time was that?

19             THE COURT:  9:00 a.m., although I have various times

20   throughout that Friday.

21             MS. WAYNE:  Okay.  I apologize.

22             THE COURT:  You need to stand to address the court.

23             MS. WAYNE:  I apologize, Judge.  I am trying to get the

24   time up.  That's fine.  Nine o'clock.

25             THE COURT:  Yes.

 1          MS. WAYNE:  Thank you, Judge.

 2          THE COURT:  Mr. Armstrong?

 3          MR. ARMSTRONG:  That's good.

 4          THE COURT:  Mr. Owen?

 5          MR. OWEN:  It is good, your Honor.  Yes.

 6          THE COURT:  Then after conferring with counsel, the

 7   court shall conduct a setting conference on Friday, September 9,

 8   2011, at nine o'clock a.m. to reset this matter if possible for

 9   Trial Preparation Conference and trial by jury, at which counsel

10   and the defendants shall again appear before the court without

11   further notice or order by the court.

12          Provided furthermore that to the extent necessary the

13   United States Marshal for the District of Colorado shall assist

14   the court in securing the appearance of Mr. Armstrong.  All done

15   in open court effective forthwith.

16          Addressing the government momentarily, this court by

17   minute order, document 209, on April 27, 2011, tasked the

18   government with filing a response to that portion of

19   Mr. Armstrong's motion that he had not been provided paper

20   transcripts of grand jury testimony.  I do not have a record of

21   that response being filed but I am prepared to discuss that

22   issue if counsel are.  Mr. Harmon.

23          MR. HARMON:  I am prepared, your Honor.  I -- we had it

24   in mind to address it in our consolidated response.  Perhaps we

25   didn't address it squarely on point and I apologize.

1          THE COURT:  Or I may have missed it.  You need not be

2     so charitable.

3          MR. HARMON:  The government has been providing

4     discovery to Mr. Armstrong's advisory counsel in two ways;

5     electronically through a disc which is a disc that can be used

6     to search for documents that are imaged on the disc through

7     search terms or it can be used simply to print out paper, and we

8     also are providing paper.

9          Now with respect to the grand jury transcripts, which I

10     think is that particular issue that Mr. Armstrong has raised, we

11     did provide that grand jury testimony, the exhibits and the

12     transcripts, exclusively in the form of a disc and left it to

13     Mr. Armstrong, with Mr. Owen's assistance, to retrieve that

14     material.

15          It's something we leave to counsel and we can provide

16     assistance through our information technology people as to how

17     to print all of that material out but it's fairly easy.

18          So it's there, and it's been there for quite a while

19     and if Mr. Owen is having problems -- I know Mr. Armstrong can't

20     do it -- but if Mr. Owens has a problem printing out the hard

21     copies or if we have an open line of communication with him --

22     we will have an open line and we will make sure that he knows

23     how to do it.  There are commercial copiers that could take that

24     disc and the colloquial term is blow out hard copies, and that's

25     what we suggest to the court.  We would be prepared to assist

1    Mr. Owen in that.

2          THE COURT:  Thank you.  Mr. Armstrong, have you

3    requested Mr. Owen to provide you with paper copies of these

4    grand jury transcripts in which you are interested and which

5    have been provided to you by the government?

6          And you will need to stand to address the court,

7    please.

8          MR. ARMSTRONG:  I have received a fair percentage of

9    that.  There is a portion still missing.

10         THE COURT:  What are you missing?

11         MR. ARMSTRONG:  I believe that it's the second session

12   of the August 26th hearing.

13         THE COURT:  All right.  Let me inquire of the

14   government, Mr. Harmon, further response to that specific

15   concern voiced by Mr. Armstrong?

16         MR. HARMON:  Yes, your Honor.  I think the way we would

17   propose proceeding is that there an index that accompanies all

18   of this.  I would suggest that Mr. Owen sit down with

19   Mr. Armstrong in that index and identify what portions are

20   missing.  And there are actually assigned Bates numbers, and if

21   he tells us the Bates number range that's missing we will either

22   get him a new disc or if it's not too much we can get him a hard

23   copy.

24         THE COURT:  Mr. Armstrong?

25         MR. ARMSTRONG:  Yes.  I just discovered the absence of

1   that section just a couple of days ago so we are working on it.

2   But I have no facility over at FDC to print anything.

3          THE COURT:  No, I understand that.

4          MR. ARMSTRONG:  Yes.

5          THE COURT:  Well, it sounds to me like the issue is

6   resolved, at least for now.

7          Very well.  Further business to come before the court

8   in this case from the government?

9          MR. HARMON:  Nothing for the government.  Thank you,

10  your Honor.

11         THE COURT:  Anything further on behalf of Mr. Morris?

12         MS. WAYNE:  Nothing further, your Honor.  Thank you.

13         THE COURT:  Anything further, Mr. Armstrong?

14         MR. ARMSTRONG:  Yes.  I would like your authorization

15  to record a motion with the clerk today if that's okay.

16         THE COURT:  To file one with the clerk?

17         MR. ARMSTRONG:  Uh-huh, yes.

18         THE COURT:  We will receive that paper copy from you.

19  If you will present it to Mr. Owen, he in turn will tender it to

20  Ms. Steffens and it will be scanned in and will become part of

21  the court's electronic CM/ECF system as soon as practicable.

22         MR. ARMSTRONG:  Thank you, your Honor.

23         THE COURT:  Very well.  There being no further business

24  before the court in this case, a special thanks to these Deputy

25  United States Marshals, young men known to me, good afternoon

1    and thank you.

2              Please close the record.  We are in recess.

3              (Proceedings concluded at 1:55 p.m.)

4                        REPORTER'S CERTIFICATE

5         I certify that the foregoing is a correct transcript

6     from the record of proceedings in the above-entitled matter.

7              Dated at Denver, Colorado, this 16th day of May,

8     2011.

9                               s/Suzanne M. Claar