**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER

**Blackburn, J.**

The matter is before me on the issues raised by and imbedded in (1) the defendant's **Notice of Challenge of Authority of The Internal Revenue Service To Bring Charges as The IRS is Not an Agency of The United States Government and Therefore, The Department of Justice Has No Congressional Authority To Present/Defend The IRS in Court** [#232][1] filed May 11, 2011[2]; and (2) the defendant's **Notice of Challenge of Authority of The Internal Revenue Service To Bring Charges as The IRS is Not an Agency of The United States Government and Therefore, The Department of Justice Has No Congressional Authority To Represent/Defend The IRS in Court** [#233] filed May 13, 2011[3]. I deny the relief

---

[1] "[#232]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Inexplicably, [#232] contains the same information twice. [#232] at 1 and 2 states one "Notice," and at 3 and 4 reiterates the identical "Notice."

[3] Again, inexplicably, [#233] contains the same information as [#232].

requested in [#232] on both procedural and substantive grounds, and I deny [#233] as duplicative of [#232].[4]

Procedurally, although characterized as notices, both papers constitute motions within the meaning of the **Trial Preparation Conference Order** [#33] entered June 25, 2010, and Fed. R. Crim. P 47. Mr. Armstrong has been admonished by me to file motions, not notices. Nevertheless, he continues contemptuously to ignore my continuing requirement that he file motions, not notices.

My continuing requirement that Mr. Armstrong file motions, not notices, is grounded in two primary considerations. First, in a criminal case, a party who seeks relief from the court – whether directly or indirectly – must file a motion. This requirement is codified in Fed. R. Crim. P 47, which requires in relevant part:

> (a) In General. A party applying to the court for an order must do so by motion.
> (b) Form and Content of a Motion. A motion--except when made during a trial or hearing--must be in writing, unless the court permits the party to make the motion by other means. A motion must state the grounds on which it is based and the relief or order sought. A motion may be supported by affidavit.

Fed. R. Crim. P. 47. Second, a paper that is essentially a motion requesting relief from the court but that is filed as a notice may not be docketed correctly with the result that the paper may never come to the attention of the court. Thus, I will use this order to again instruct and require Mr. Armstrong to comply with the orders of this court, including my order that he file a motion, not a notice, when he seeks relief from this

---

[4] Because Armstrong is proceeding *pro se*, I construe his papers liberally. *See* **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

court.[5]

Additionally, Mr. Armstrong must abide by the orders of this court concerning the filing of pretrial motions. Fed. R. Crim. P. 12 (c) reposes discretion in the trial court to set deadlines for filing pretrial motions. In turn, my **Trial Preparation Conference Order** [#33] entered June 25, 2010, requires in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. See REB Cr. Practice Standard V.B., C., and D.

*See* Order [#33] at 1, nt. 2. Presently, the parties, including Mr. Armstrong, are subject to my **Order** [#128] entered January 27, 2011, which required that all non-CJA pretrial motions be filed by February 28, 2011. *See* Order [#128] at 2, ¶ 2.

Substantively, the papers are legally feckless. In both papers Mr. Armstrong perseverates his legally untenable position concerning the status and role of the Internal Revenue Service (IRS) in this criminal action. First, Mr. Armstrong challenges the authority of the IRS to bring criminal charges against him. *See* [#232] at 1. Mr. Armstrong continues to misapprehend the federal criminal justice system: it is the grand jury that indicts based on the presentation and request of the United States Attorney. The IRS serves merely as an investigating agency, not the charging authority, in the

---

[5] In both [#232] and [#233], Mr. Armstrong presumptuously requires that the government file a response to his paper or risk apparently the potential adverse results of waiver or estoppel. Of course, only this court has the authority to impose such a requirement.

3

process.

Next, without relevant, let alone trenchant, legal authority, Mr Armstrong asserts, ". . . the IRS is not an agency of the United states Government and has no authority to operate anywhere in the 50 States of the Union." *See id*. Mr. Armstrong contends – again without relevant or cogent authority[6] – that "[t]he IRS, in fact, is an agency of the International Monetary Fund. . . ." *See id*. Similar arguments concerning the legal origin, nature, and jurisdiction of the IRS were dismissed summarily by the Eighth Circuit of Appeals:

> Depew's brief on appeal raises numerous arguments pro se, some of the more imaginative of which are: he cannot be punished under the tax laws of the United States because he is a citizen of the sovereign state (the "Republic") of Idaho, now claiming "asylum" in the "Republic of Colorado"; *the government in prosecuting him is acting on behalf of an agency, the IRS, that is controlled by a foreign entity*; the court had no authority to decide this case because, among other reasons, "there is no nexus, i.e., voluntary contract between [Depew] and the real parties of interest nor IRS," Brief of Appellant Depew at 14; and the tax sought is an excise tax but the tax law does not state what "privilege" is being taxed.
> These issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion.

---

[6] In support of this novel – and mistaken – proposition, Mr Armstrong cites to "Diversified Metal Products Inc. v. T. Bow Co." *See* Notice [#232] at 1. Obviously and disturbingly, Mr. Armstrong did not read this case. In this unpublished case decided by the United States District Court for the District of Idaho, the issue before the court in this civil, not criminal, action for interpleader on motion for summary judgment under Fed. R. Civ. P. 56 was the relative priority of a federal tax lien vis-à-vis competing claims by individual, non-governmental claimants. In that context, which bears no resemblance to ours, the court found:

> The Court finds that the federal tax lien was properly assessed, noticed and recorded, and that it takes priority over any competing claims. The Court further finds that T-Bow was the alter ego or nominee of Steven Morgan, and the funds payable to it are in fact, Morgan's property, and subject to the lien.

*Diversified Metal Products Inc. v. T. Bow Co.*, 1996 WL 628174, \*6 (D.Idaho 1996).

*United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992)(Emphasis supplied).[7]

Next, Mr. Armstrong claims incredibly that "[a]ll evidence indicates that the IRS is an alias for the Federal Alcohol Administration. . . ." *See* Notice at 2. This preposterous proposition is wholly unsupported by Mr. Armstrong.[8]

---

[7] The Eight circuits summary dismissal of this and related claims, which, *inter alia*, impugn the jurisdiction of federal courts in this area, is typical of the federal courts. *See, e.g.*, *United states v. Hillgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993):

> We are again faced with a "shop worn" argument of the tax protester movement. The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical "Indiana State Republic" and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is, of course, incorrect. We addressed the same issue in *United States v. Sloan*, 939 F.2d 499 (7th Cir.1991). Defendant Sloan argued that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws. We discussed this proposition fully and concluded that it was "simply wrong." Id. at 501.

*See also United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990):

> Dickstein's motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories. Dickstein's memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." Dickstein also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes, irrespective of where they are committed. See United States v. Worrall, 2 U.S. (2 Dall.) 384, 393, 1 L.Ed. 426 (1798) (Chase, J.). Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation.

[8] Mr. Armstrong misapprehends the thrust of the Supreme Court's holding and, thus, wrongly and irrelevantly cites *United States v. Constantine* for the proposition that the FAA was confined to federal territories. Instead, *United States v. Constantine*, 296 U.S. 287 (1935) focused myopically on whether a so-called excise tax levied by Congress for conducting a retail liquor business contrary to state law during Prohibition was a lawful tax or an unlawful penalty subsequent to the repeal of the Eighteenth amendment. I make this point because none of Mr. Armstrong's citations to legal authority is on point.

Another example of Mr. Armstrong's mis-citation of legal authority is his reference to the decision of the First Circuit Court of Appeals in *Used Tire International, Inc. v. Diaz-Saldana*, 155 F.3d 1 (1st Cir. 1998). He cites this case for the proposition that the IRS is rooted in Puerto Rico. However, in *Diaz* the First Circuit considered a case in which an importer of used tires into Puerto Rico challenged the constitutionality of various provisions of Puerto Rico's Tire Handling Act. The United States District Court for the District of Puerto Rico granted injunctive relief enjoining the enforcement of Act in part. On appeal, the court of appeals held: (1) that the Act's provisions requiring that used tire importers file bond for cost of handling and disposal of imported used tires, and imposing ban against importing used tires below minimum tread depth with penalty for selling tires in violation of ban, facially discriminated against

He concludes his hopelessly flawed analysis by contending that he has been wrongfully charged in this case by an agent of the IRS, which is wholly without jurisdiction and which is guilty of violating federal criminal laws as well. *See* Notice [#232] at 2. However, once again, Mr. Armstrong has produced no facts or law that would undermine the jurisdiction of this court to proceed in this criminal case in federal court or that would disqualify the participation of the IRS or its agents in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That any relief requested in the defendant's **Notice of Challenge of Authority of The Internal Revenue Service To Bring Charges as The IRS is Not an Agency of The United States Government and Therefore, The Department of Justice Has No Congressional Authority To Present/Defend The IRS in Court** [#232] filed May 11, 2011, is **DENIED**;

2. That any relief requested in the defendant's **Notice of Challenge of Authority of The Internal Revenue Service To Bring Charges as The IRS is Not an Agency of The United States Government and Therefore, The Department of Justice Has No Congressional Authority To Represent/Defend The IRS in Court** [#233] filed May 13, 2011, is **DENIED** as duplicative of that requested in his paper filed as [#232];

3. That effective forthwith, the defendant, Richard Kellogg Armstrong, subject to

---

interstate commerce in violation of the dormant commerce clause, but (2) that the provision of the Act imposing disposal charge on each imported tire, whether new or used, did not discriminate against interstate commerce in light of fact that no tires are manufactured in Puerto Rico. The holding in this case has nothing to do with the issues in our case.

the penalties for contempt of court:

      a.    shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and

      b.    shall not file any pretrial motion without advance leave of the court.[9]

Dated May 17, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[9] Mr. Armstrong is also admonished to exert reasonable and good faith efforts to ensure that his citation to legal authority actually supports the proposition for which it is offered.