*Gregory C. Langham, Clerk of the Court*

UNITED STATES DISTRICT COURT COLORADO          U.S. Certified Mail #7010 3090 0002 7265 7926

UNITED STATES OF AMERICA
    Plaintiff                                                                    Case No. 10-cr-00317-REB
    v.
RICHARD KELLOGG ARMSTRONG
    Accused

Richard Kellogg Armstrong
20413-298
FDC Englewood
9595 Quincy Ave.
Littleton, CO 80123

---

JUDICIAL NOTICE OF ADJUDICATIVE FACTS CHALLENGE OF JURISDICTION OF THE UNITED STATES DISTRICT COURT
      AS AN IMPROPER VENUE TO HEAR THE ACCUSED CRIMINAL CASES

---

    COMES NOW, Richard Kellogg Armstrong (hereinafter the Accused), de jure, challenging the presumption of the UNITED STATES DISTRICT COURT that it has jurisdiction over the Accused and case no. 10-cr-00317-REB, is a native born American, One of We the People who has declared his citizenship of the Republic of the united States of America, a man standing on the land that is evidenced by my filing with numerous State, Federal and International agencies as well as the Secretary of State, Washington. (SEE: www.getnotice.info/rka.html).

    For the UNITED STATES DISTRICT COURT (hereinafter the "USDC"), the Accused, who abides by the united States of America's Constitution 1787 and the Bill of Rights 1791, does hereby and herein invoke the right to an Article III judicial proceeding, and officials of the court are put on notice that the Accused can only be tried in an Article III Court. This court is to protect against any encroachment of the Constitutional rights and liberties. It is the duty of the courts to be watchful for the Constitutional Rights of the citizens and against the stealthy encroachment thereon. Their motto should be princpiis (SEE: Boyd v. United States, 116 U.S. 616 @ 635 (1885).

    Therefore, the Accused demands that the judge and prosecution put their oaths of office on the record before they can proceed any further and agree to protect and enforce the Accused' Inalienable and Sovereign Rights where the Constitution is the Supreme Law of the Land. Anything that is repugnant to the Constitution is considered null and void. (SEE: Marbury v. Madison, 5 U.S. 137, 1803).

    The DISTRICT COURTS FOR THE UNITED STATES are empowered by the People through Article III of the Constitution of the united States of America 1787, to protect and defend the rights, most importantly the rights to life, liberty and the pursuit of happiness.

                                  Judicial Notice and Statement of Claim(s):
              This lnited States District Court was created by statute and codified as follows:
                  Section 132 Creation and Composition of the District Courts:
    a) There should be in each judicial district court a district court which shall be a court of record known as the United States District Court for the district. Title 28 UNITED STATES CODE 132 (see: Exhibit 1-A).

    The facing page (162) of Exhibit 1-A states ..."Jurisdiction of district courts, see: 28 USCA 1331 et. sec. The et. sec. means the whole of sec. 1331 is included.

    In 28 USCA 1331, the Jurisdiction of the United States District Court is given as follows:

Sec. 1331 Federal Questions: The district courts should have original jurisdiction of all civil actions arising under the Constitutional laws, or treaties of the United States. 28 UNITED STATES CODE 1331 (SEE: Exhibit 1-B).

As the jurisdiction of the United States District Courts is civil only, their creation and jurisdiction are codified under Title 28 which is the civil section of the United States Codes.

It is the District Courts of the United States that are authorized by Article III (Judicial) of the Constitution of the united States and put into force and effect by the FIRST CONGRESS, Session I (1789) and published in the UNITED STATES STATUTES AT LARGE under the title an act established the Judicial Courts of the United States. Section 9 of this act states in part:

Section 9 and be further enacted, that the district courts shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the high seas;...saving to suitors, in all cases, the right of a common law remedy, where the common law fact , in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury (SEE: Exhibits 2-A thru 2-E).

Civil cases of admiralty and maritime jurisdiction are normally by summary judgement (without a jury) as admiralty and maritime causes come under international law and are therefore a branch of the law of nations. As the Judge is presumed to have access to this law, he determines what part of said law is to be applied to these cases (SEE: The Law of Nations or Principles of the Laws of Nature, Applied to the Conduct and Affairs of Nations and Sovereigns by Monsieur De Vattel, Book 1, Chapter XXIII, Page 125, title of the Sea, May 1, 1797).

The jurisdiction of the District Courts of the United States, given under an Act to establish the Judicial Courts of the United States, is codified in Title 18 USCA (Criminal) as follow(s): Sec. 3231 District Courts:

The District Courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offences against the laws of the United States (SEE: Exhibit 3).

As the District Courts of the United States have jurisdiction over all offences against the laws of the United States, said jurisdiction embraces both civil and criminal actions. Therefore, this court's jurisdiction is codified under Title 18 which is the criminal section of the United States codes.

Section III (judicial), of the Constitution of the united States provides for only two jurisdictions for these courts. Common Law and maritime and admiralty. Now for the examination of the characteristics of these two jurisdictions. At common law:

1. Common law Jury

We first inquire what is embraced by the phrase, trial by jury. That means a trial by jury as understood and applied at common law, and includes all the essential elements as they were recognized in this country and England when the Constitution was adopted, is not open to question. Those elements were: 1) That the jury should consist of twelve men, neither more or less; 2) That the trial should be in the presence and under a superintendence of a judge having power to instruct them as to the law and advise them in respect of the facts and the verdict should be unanimous (SEE: Patton v. U.S. 276, 288).

2. Whenever a particular statute contravenes the Constitution, it will be the duty of the judicial tribunals to adhere the latter and disregard the former (Federalist Papers 78 Hamilton).

3. At common law, even the Supreme Court can give just its OPINION as to what the law should be. It is the common law jury that decides what the law should be.

The common law jury must consist of twelve men. No women are allowed to sit on the jury. This has been English common law for some 200 to 300 years this side of the Magna Charta. At common law the judge has only the power to instruct and advise the jury as to the law and facts. The judge cannot order the jury to accept the law as herein provided and interpreted by him. At common law it is the duty of the jury (judiciary) to judge both law and facts. If, in their opinion, the law is an unfair one,the jury can render its verdict based on that law alone. In other words, the common law can render its verdict in the teeth of the law and the facts.

Admiralty and Maritime Procedure

TRULINCS 20413298 - ARMSTRONG, RICHARD KELLOGG - Unit: ENG-J-A
-------------------------------------------------------------------------------------------------

1. Admiralty and maritime courts proceed under the law of nations. These courts proceed as summary courts with the judge instructing the jury that they will base their verdict on the facts only. No matter how unfair the jury thinks the law is, said law is the provenance (origin, source) of the court; the law is not for their consideration or judgement.

2. In 1875, the FORTY-THIRD CONGRESS, Session II, CHAPTER 77, passed an act to facilitate the disposition of cases in the Supreme Court of the United States, and for other purposes, stating that the circuit courts of the United States, in deciding causes of admiralty and maritime jurisdiction could impanel a jury of not less than five and not more than twelve persons, as in cases at common law (SEE: Exhibits 4-A and 4-B).

3. In admiralty and maritime courts the judge issues an order which determines what the law will be. The judge is in fact legislating law. This gives the judge enormous power which no man/woman should have. There is a saying, "...Power corrupts and absolute power corrupts absolutely."

From there can be no doubt that the United States District Court is proceeding in maritime jurisdiction, not according to the common law. We have Chief Justice of the Supreme Court of the United States, Roger Taney, to thank for foreseeing what our tormenters would be doing to our Constitution and heading it off when he stated in the case of Dred Scott v. Sanford, with the full concurrence of the court, the following:

But in considering the question before us it must be borne in mind that there is no law of nations standing between the People of the United States and their government, and interfering with their relation to each. The powers of the government, and rights of the citizen under it, are positive and practical regulations plainly written down. The people of the United States have delegated to it certain enumerated powers, and forbidden it to exercise others. It has no power over the person or property of a citizen but what the citizens of the United States having granted, and no laws or usages of other nations of reasoning of statement or jurists upon relations of master and slaves, can enlarge the power of the government, or take from the citizens the rights they have reserved (Dred Scott v. Sanford, 19 Haw. 60U.S. 393, 451, 1856).

From the above it is plain to see that there are two distinct district courts. The District Courts of the United States established under the authority of Article III (Judicial) of the Constitution of the United States and the United States District Courts created by statute under Article I (Legislative).

As these case nos. 10-cr-00317 and 10-cv-01073 are criminal cases, this United States District Court cannot claim jurisdiction conferred upon it by Title 28 USCA, 1331.

The subject of jurisdiction has been adjudicated many times. Following are a few of the opinions of the courts:

Courts which originate in the common law possess a jurisdiction which must be regulated at the common law until some statute shall change their established principalities; but courts which are created at written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction (SEE: Re Bollman, 4 Cranch 75). Courts created by statute must look to the statute as the warrant of their authority and cannot go beyond it (SEE: Cary v. Curtis, 3 How. 236).

In all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction and to try the case, and to render judgement; and its actions in excess of these limitations is void (SEE: Re Bonner, 151 U.S. 242, 14 S. Ct. 323).

An objection to the jurisdiction of a court is not too late because first raised after entry of judgement (SEE: Panhandle Eastern Pipe Line v. Federal Power Commission, 324 U.S. 635, 65 S. Ct. 821).

It is the duty of every court of its own motion to inquire into the matter of a suit, irrespective of the wishes of the parties, and to be careful that it exercises no powers save those conferred by law (Minnesota v. Hitchcock, 185 U.S. 373, 22 S. Ct. 650).

A court cannot proceed at all in any cause without jurisdiction, but must announce the fact and dismiss the cause (Ex Parte McCradle, 7 Wall 506).

Whether a Federal court is a legislative or a constitutional court does not depend upon the intent of Congress, but upon the power under which the court was created and the jurisdiction conferred (Ex Parte Bakelite Corp. 279 U.S. 438, 49 S. Ct. 411).

Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior ro reversal (Williamson v. Berry, 8 How. 945, 540 12 L. Ed. 1189).

Once challenged, jurisdiction cannot be assumed, it must be proved to exist (Stuckey v. Medical Examiners Ca 2d 7513; 211 P 2d 389).

There is no discretion to ignore lack of jurisdiction (Joyce v. U.S. 474 2d 215).

The law provides that once state and federal jurisdiction has been challenged, it must be proven (100 S.Ct. 2502, 1980).

The jurisdiction can be challenged at any time (Basso v. Utah Power and Light Co. 495 F 2d 906, 910).

The Accused does not consent to be tried in a United States District Court that is an improper venue as the District Court of the United States is the proper venue to hear both civil and criminal cases committed against the United States. These cases must be dismissed for lack of jurisdiction.

Wherefore, as 28 United States Code 1331 clearly states, the United States District Court has only a civil jurisdiction, while this case no. 10-cr-00317-REB is clearly shown to be criminal, said court has no choice but to dismiss these actions, order the Accused be released from prison and any property taken from him be returned. This court has no choice but to see that this is so ordered. The Accused gives the United States District Court notice that the Accused be released within seven (7) days from this presentment into the court record and any other decision will be openly in defiance of the Constitution 1787 and the Bill of Rights 1791 which you have sworn to uphold by your oaths of office.

The Accused has submitted an offer of proof. Haines v. Kerner 404 U.S. 519, 522.

This document is not intended to threaten, harrass or intimidate but is my remedy in law.

May 31, 2011

                                                     Richard Kellogg Armstrong
                                                     Executor of the Estate

CC: Tenth Circuit Court of Appeals, Supreme Court of the United States,
    United States Department of Justice, District Court of the United States,
    Republic of the United States of America

## 28 § 131
ORGANIZATION OF COURTS    Part 1

**Encyclopedias**
Creation and constitution of district courts in general, see C.J.S. Federal Courts §§ 312 to 314.

**Forms**
Jurisdiction and venue in district courts, see West's Federal Forms § 10662.
Name of court, see West's Federal Forms § 3505.

**Texts and Treatises**
Specification of borders of district and where within such district federal court is to be held, see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3505.

**WESTLAW ELECTRONIC RESEARCH**
Federal courts cases: 170bk[add key number].
See, also, WESTLAW guide following the Explanation pages of this volume.

**NOTES OF DECISIONS**

1. Yellowstone National Park     1
Service of process could be made under Wyoming nonresident motorist statute in action arising out of operation of motor vehicle on highway in Yellowstone National Park. Zacharias v. Ippen, C.A.Wyo.1964, 337 F.2d 445.

§ **132. Creation and composition of district courts**

(a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.

(b) Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided by law, or rule or order of court, the judicial power of a district court with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.

(June 25, 1948, c. 646, 62 Stat. 895; Nov. 13, 1963, Pub.L. 88-176, § 2, 77 Stat. 331.)

**HISTORICAL AND STATUTORY NOTES**

**Revision Notes and Legislative Reports**
1948 Acts. Based on Title 28, U.S.C., 1940 ed., section 1, and section 641 of Title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Acts Apr. 30, 1900, c. 339, § 86, 31 Stat. 158; Mar. 3, 1909, c. 269, § 1, 35 Stat. 838; Mar. 3, 1911, c. 231, § 1, 36 Stat. 1087, which was derived from R.S. §§ 551, 552; July 30, 1914, c. 216, 38 Stat. 580; July 19, 1921, c. 42, § 313, 42 Stat. 119; Feb. 12, 1925, c. 220, 43 Stat. 890; Dec. 13, 1926, c. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of Title 28, U.S.C., 1940 ed., and section 641 of Title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

Subsection (c) is derived from section 641 of Title 48, U.S.C., 1940 ed., which

168

---

Ch. 5    DISTRICT COURTS    28 § 132

applied only to the Territory of Hawaii. The revised section, by extending it to all districts, merely recognizes established practice.

Other portions of section 1 of Title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of Title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title. 80th Congress House Report No. 308.

1963 Acts. Senate Report No. 596, see 1963 U.S.Code Cong. and Adm.News, p. 1105.

**Amendments**
1963 Amendments. Subsec. (b). Pub.L. 88-176 inserted "regular" preceding "active service."

**Continuation of Organization of Court**
Section 2(b) of Act June 25, 1948, provided in part that the provisions of this title as set out in section 1 of said Act June 25, 1948, with respect to the organization of the court, shall be construed as a continuation of existing law, and the tenure of the judges, officers, and employees thereof, and of the United States attorneys and marshals and their deputies and assistants, in office on Sept. 1, 1948, shall not be affected by its enactment but each of them shall continue to serve in the same capacity under the appropriate provisions of this title pursuant to his prior appointment.

**CROSS REFERENCES**

Assignment of district judges to other districts or courts, see 28 USCA § 292 et seq.
Authority to create courts inferior to Supreme Court, see USCA Const. Art. 3, § 1.
Guam and Virgin Islands district courts, see 48 USCA §§ 1424, 1424b, 1611 et seq.
Jurisdiction of district courts, see 28 USCA § 1331 et seq.
Three-judge courts, composition and procedure, see 28 USCA § 2284.
Venue of district courts, see 28 USCA § 1391 et seq.

**LIBRARY REFERENCES**

**American Digest System**
Constitution of district courts in general; divisions and panels, see Federal Courts ⚖=971.

**Encyclopedias**
Creation and constitution of district courts in general, see C.J.S. Federal Courts §§ 322 to 324.

**Forms**
Jurisdiction and venue in district courts, see West's Federal Forms § 1003 et seq.

**Law Reviews**
Removal of federal judges by imprisonment. Robert S. Catz, 18 Rutgers L.J. 103 (1986).

**Texts and Treatises**
Applicability of Federal Rules of Civil Procedure to district courts, see Wright & Miller, Federal Practice and Procedure: Civil § 1012.
Single judge sitting in district court, see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3505.
Status of District of Columbia courts, see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3681.

**WESTLAW ELECTRONIC RESEARCH**
Federal courts cases: 170bk[add key number].
See, also, WESTLAW guide following the Explanation pages of this volume.

169

*[Handwritten annotations: "JURISDICTION →" pointing to Jurisdiction of district courts line; "EXHIBIT #1-A"]*

## 28 § 1330
Note 23

Amend. 7, since the Amendment does not purport to require jury trial where none was required at common law and foreign sovereigns were immune from suit at common law. Williams v. Shipping Corp. of India, C.A. 4 (Va.) 1981, 653 F.2d 875, certiorari denied 102 S.Ct. 1490, 455 U.S. 982, 71 L.Ed.2d 691.

No jury can be had in any action in a federal court against a foreign state or agency or instrumentality of a foreign state where federal jurisdiction is sought to be predicated on diversity of citizenship. Ruggiero v. Compania Peruana de Vapores Inca Capac Yupanqui, C.A. 2, (N.Y.) 1981, 639 F.2d 872.

Foreign Sovereign Immunities Act precluded jury trial on counterclaim brought by crude oil purchaser against seller which was arm of Iranian government. National Iranian Oil Co. v. Ashland Oil, Inc., S.D.Miss.1989, 716 F.Supp. 268.

Passengers, who allegedly suffered mental anguish and anxiety during flight when plane developed engine trouble, were not entitled to jury trial in action against airline which was fully owned by government of France. Burke v. Compagnie Nationale Air France, D.Puerto Rico 1988, 699 F.Supp. 1016.

Where plaintiff has made jury demand, but defendant is foreign agency or instrumentality as defined in section of Foreign Sovereign Immunities Act, court should strike jury demand. Campbell v. Canadian Nat. Ry., D.Mc.1988, 684 F.Supp. 14.

Age discrimination plaintiff had no right to jury trial in action under Age Discrimination in Employment Act against airline that was agency or instrumentality of Belgian government within scope of Foreign Sovereign Immunities Act. Kraikeman v. Sabena Belgian World Airlines, S.D.N.Y.1987, 674 F.Supp. 136.

International air carrier wholly owned by the government of India qualified as a "foreign state" within meaning of statute, construed to preclude jury trials, giving district courts original jurisdiction of any nonjury civil action against a foreign state; hence, jury trial was not available in "bumping" action under the Warsaw Convention. Harpalani v. Air India, Inc., D.C.Ill.1985, 622 F.Supp. 69.

## DISTRICT COURTS—JURISDICTION    Part 4

Under Foreign Sovereign Immunities Act, district court did not have jurisdiction to try, with a jury, Federal Employers' Liability Act action brought against Canadian railroad corporation, an instrumentality of a foreign state. Bailey v. Grand Trunk Lines New England, D.C.Vt.1984, 609 F.Supp. 48, affirmed in part, vacated in part on other grounds 805 F.2d 1097, certiorari denied 108 S.Ct. 94, 484 U.S. 826, 98 L.Ed.2d 54.

Even assuming that there was diversity jurisdiction as between plaintiff, who brought suit seeking damages allegedly sustained in collision between ship and dock, and liability insurer of the alleged tort-feasor, vessel owner which was a foreign sovereign, plaintiff was not entitled to jury determination of its claim and therefore, defendant's motion to strike jury was granted, in that congressional intent that a maritime tort case against a foreign sovereign should be without a jury was expressly provided by this section and awarding jury trial against liability insurer would frustrate goal of uniform treatment of foreign state. Goar v. Compania Peruana Vapores, D.C.La.1981, 510 F.Supp. 737, affirmed 688 F.2d 417.

Fact that this section providing basis for district court jurisdiction in action against a foreign state does not recognize a jury trial in such actions does not mean that federal courts are divested of jurisdiction over all civil matters that could have been tried by jury under previous diversity of citizenship jurisdictional basis when "foreign states" were sued in federal court; rather, when suit against a foreign government-owned corporation that constituted a "foreign state" for federal jurisdictional purposes arose from the acts of the corporation in a commercial capacity, district court had jurisdiction under this section to entertain the case without a jury. Jones v. Shipping Corp. of India, Ltd., D.C.Va. 1980, 491 F.Supp. 1260.

Where barge captain brought seaman's action for personal injury against two different defendants, as to one of whom there was a statutory guarantee of jury trial, but as to other only requirement of bench trial, action was to be tried before jury on all issues, jury verdict being advisory only as to defendant against whom captain had only right to bench trial; should decision of judge and jury

## Ch. 85    FEDERAL QUESTION

differ as to one of issues, two decisions were to be reconciled in accordance with principles developed in multi-defendant actions, such as rule of joint and several liability of joint tort-feasors in maritime cases, requirement that damages be assessed on basis of proportionate fault, and prohibition against double recovery. Diodato v. Turecamo Coastal & Harbor Towing, Inc., D.C.N.Y.1984, 100 F.R.D. 756.

### 24. New trial

Where, because court was uncertain whether Foreign Sovereign Immunities Act of 1976, section 1602 et seq. of this title, compelled nonjury trial the court, with consent of parties, let jury try case and enter judgment on its verdict but also recorded his own nonjury findings to be substituted for jury's should it be decided on appeal that the Foreign Sovereign Immunities Act of 1976 compelled nonjury trial but record showed that true nonjury trial was not held, in that court more than once expressed to counsel its view of what court would have done, but did not do, had case been tried without jury, new trial was necessary and, because both parties deserved

## 28 § 1331

to be satisfied that new trial not only was but also appeared to be de novo, trial before another judge was appropriate. Houston v. Murmansk Shipping Co., C.A. 4 (Md.) 1982, 667 F.2d 1151.

### 25. Arbitration

Foreign Sovereign Immunities Act provision conferring jurisdiction on district court over civil actions against "foreign state" did not preclude reference to arbitration of importer's claims arising in connection with distribution contract with producer whose majority shareholder was French government, and district court was otherwise authorized to determine whether parties contracted to arbitrate their disputes. J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A. C.A.4(S.C.) 1988, 863 F.2d 315.

### 26. Standard of review

District court's conclusions that Republic of Bolivia did not waive its sovereign immunity and that Bolivia did not engage in sufficient commercial activity to invoke jurisdiction of United States court were subject to de novo review. Shapiro v. Republic of Bolivia, C.A.2(N.Y.) 1991, 930 F.2d 1013.

## § 1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

(June 25, 1948, c. 646, 62 Stat. 930; July 25, 1958, Pub.L. 85-554, § 1, 72 Stat. 415; Oct. 21, 1976, Pub.L. 94-574, § 2, 90 Stat. 2721; Dec. 1, 1980, Pub.L. 96-486, § 2(a), 94 Stat. 2369.)

### HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports
Based on Title 28, U.S.C., 1940 ed. § 41(1) (Mar. 3, 1911, c. 231, § 24, par. 1, 36 Stat. 1091 [derived from R.S. §§ 563, 629]; May 14, 1934, c. 283, § 1, 48 Stat. 775; Aug. 21, 1937, c. 726, § 1, 50 Stat. 738; Apr. 20, 1940, c. 117, 54 Stat. 143.)

Jurisdiction of federal questions arising under other sections of this chapter is not dependent upon the amount in controversy. (See, also, reviser's note [now Revision Notes and Legislative Reports] under section 1332 of this title.)

Words "wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs," were added to conform to rulings of the Supreme Court. See construction of provision relating to jurisdictional amount requirement in cases involving a Federal question in United States v. Sayward, 16 S.Ct. 371, 160 U.S. 493, 40 L.Ed. 508; Fishback v. Western Union Tel. Co., 16 S.Ct. 506, 161 U.S. 96, 40 L.Ed. 630, and Halt v. Indiana Manufacturing Co., 1900, 20 S.Ct. 272, 176 U.S. 68, 44 L.Ed. 374.

Words "all civil actions" were substituted for "all suits of a civil nature, at common law or in equity" to conform

EXHIBIT #1-B

FIRST CONGRESS. Sess. I. Ch. 20. 1789.   73

CHAP. XX.—*An Act to establish the Judicial Courts of the United States.*(a)

STATUTE I.
Sept. 24, 1789.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the supreme court of the United States shall consist of a chief justice and five associate justices,(b) any four of whom shall be a quorum, and shall hold annually at the seat of government two sessions, the one commencing the first Monday of February; and the other the first Monday of August. That the associate justices shall have precedence according to the date of their commissions, or when the commissions of two or more of them bear date on the same day, according to their respective ages.

Supreme court to consist of a chief justice, and five associates.
Two sessions annually.
Precedence.

SEC. 2. *And be it further enacted,* That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District; one to consist of the State of New Hampshire, and to be called New Hampshire District;(c) one to consist of the remaining part of the State of Massachusetts, and to be called Massachusetts district; one to consist of the State of Connecticut, and to be called Connecticut District; one to consist of the State of New York, and to be called New York District; one to consist of the State of New Jersey, and to be called New Jersey District; one to consist of the State of Pennsylvania, and to be called Pennsylvania District; one to consist of the State of Delaware, and to be called Delaware District; one to consist of the State of Maryland, and to be called Maryland District; one to consist of the State of Virginia, except that part called the District of Kentucky, and to be called Virginia District; one to consist of the remaining part of the State of Virginia, and to be called Kentucky District; one to consist of the State of South Carolina, and to be called South Carolina District; and one to consist of the State of Georgia, and to be called Georgia District.

Thirteen districts.

Maine.
N. Hampshire.
Massachusetts.

Connecticut.
New York.
New Jersey.
Pennsylvania.
Delaware.
Maryland.

Virginia.

Kentucky.

South Carolina.
Georgia.

SEC. 3. *And be it further enacted,* That there be a court called a District Court, in each of the afore mentioned districts, to consist of one judge, who shall reside in the district for which he is appointed, and shall be called a District Judge, and shall hold annually four

A district court in each district.

---

(a) The 3d article of the Constitution of the United States enables the judicial department to receive jurisdiction to the full extent of the constitution, laws and treaties of the United States, when any question respecting them shall assume such a form that the judicial power is capable of acting on it. That power is capable of acting only where the subject is submitted to it by a party who asserts his right in a form presented by law. It then becomes a case. Osborn et al. v. The Bank of the United States, 9 Wheat. 738; 5 Cond. Rep. 741.

(b) By the act of April 29, 1802, chap. 31, the Supreme Court was declared to consist of a Chief Justice and six associate Justices, and by the act of March 3, 1837, chap. 32, it was made to consist of a Chief Justice and eight associate Justices.

By the act of April 29, 1802, chap. 31, the provision of the act of September 24, 1789, requiring two annual sessions of the Supreme Court, was repealed, and the 2d section of that act required that the associate Justice of the fourth circuit should attend at Washington on the first Monday of August annually, to make all necessary rules and orders, touching suits and actions depending in the court. This section was repealed by the 7th section of the act of February 28, 1839, chap. 36.

By an act passed May 4, 1826, chap. 37, the sessions of the Supreme Court were directed to commence on the second Monday in January annually, instead of the first Monday in February; and by an act passed June 17, 1844, the sessions of the Supreme Court were directed to commence on the first Monday in December annually.

(c) The jurisdiction and powers of the District Courts have been declared and established by the following acts of Congress: Act of September 24, 1789; act of June 5, 1794, sec. 6; act of May 10, 1800; act of December 31, 1814; act of April 16, 1816; act of April 20, 1818; act of May 15, 1820; act of March 3, 1793.

The decisions of the Courts of the United States on the jurisdiction of the District Courts have been: The Thomas Jefferson, 10 Wheat. 428; 6 Cond. Rep. 94. United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 173. M'Donough v. Danery, 3 Dall. 188; 1 Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta v. Blas Moran, 9 Cranch, 359; 3 Cond. Rep. 132. Glass et al. v. The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, Paine's C. C. R. 620. Jansen v. The Vrow Christiana Magdalena, Bee's D. C. R. 11. Jennings v. Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. Penhallow et al. v. Donne's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. The United States v. Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. M'Lellan v. the United States,

Vol. I.—10   G

EXHIBIT #2-A

**Four sessions annually in a district; and when held.**

sessions, the first of which to commence as follows, to wit: in the districts of New York and of New Jersey on the first, in the district of Pennsylvania on the second, in the district of Connecticut on the third, and in the district of Delaware on the fourth, Tuesdays of November next; in the districts of Massachusetts, of Maine, and of Maryland, on the first, in the district of Georgia on the second, and in the districts of New Hampshire, of Virginia, and of Kentucky, on the third Tuesdays of December next; and the other three sessions progressively in the respective districts on the like Tuesdays of every third calendar month afterwards, and in the district of South Carolina, on the third Monday in March and September, the first Monday in July, and the second Monday in December of each and every year, commencing in December next; and that the District Judge shall have power to hold special courts at his discretion.

**Special district courts.**
**Stated district courts; when holden.**

That the stated District Court shall be held at the places following, to wit: in the district of Maine, at Portland and Pownalsborough alternately, beginning at the first; in the district of New Hampshire, at Exeter and Portsmouth alternately, beginning at the first; in the district of Massachusetts, at Boston and Salem alternately, beginning at the first; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the first; in the district of New York, at New York; in the district of New Jersey, alternately at New Brunswick and Burlington, beginning at the first; in the district of Pennsylvania, at Philadelphia and York Town alternately, beginning at the first; in the district of Delaware, alternately at Newcastle and Dover, beginning at the first; in the district of Maryland, alternately at Baltimore and Easton, beginning at the first; in the district of Virginia, alternately at Richmond and Williamsburgh, beginning at the first; in the district of Kentucky, at Harrodsburgh; in the district of South Carolina, at Charleston; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first; and that the special courts shall be held

**Special courts, where held.**

at the same place in each district as the stated courts, or in districts that have two, at either of them, in the discretion of the judge, or at such other place in the district, as the nature of the business and his discretion shall direct.

**Where records kept.**

And that in the districts that have but one place for holding the District Court, the records thereof shall be kept at that place; and in districts that have two, at that place in each district which the judge shall appoint.

**Three circuits, and how divided.**
**[Obsolete.]**

SEC. 4. *And be it further enacted*, That the before mentioned districts, except those of Maine and Kentucky, shall be divided into three circuits, and be called the eastern, the middle, and the southern circuit. That the eastern circuit shall consist of the districts of New Hampshire, Massachusetts, Connecticut and New York; that the middle circuit shall consist of the districts of New Jersey, Pennsylvania, Delaware, Maryland and Virginia; and that the southern circuit shall consist of the districts of South Carolina and Georgia, and that there shall be held annually in each district of said circuits, two courts, which shall be called Circuit Courts, and shall consist of any two justices of

---

1 Gallis' C. C. R. 227. Hudson et al. v. Guestier, 6 Cranch, 281; 2 Cond. Rep. 374. Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56. De Lovio v. Boit et al., 2 Gallis' Rep. 398. Burke v. Trevitt, 1 Mason, 96. The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322. The Abby, 1 Mason, 360. The Little Ann, Paine's C. C. R. 40. Slocum v. Maybury et al., 2 Wheat. 1; 4 Cond. Rep. 1. Southwick v. The Postmaster General, 2 Peters, 442. Davis v. A New Brig, Gilpin's D. C. R. 473. Smith v. The Pekin, Gilpin's D. C. R. 203. Peters' Digest, "Courts," "District Courts of the United States."

The 3d section of the act of Congress of 1789, to establish the Judicial Courts of the United States, which provides that no summary writ, return of process, judgment, or other proceedings in the courts of the United States shall be abated, arrested or quashed for any defect or want of form, &c., although it does not include verdicts, eo nomine, but judgments are included; and the language of the provision, "writ, declaration, judgment or other proceeding, in court causes," and further "such writ, declaration, pleading, process, judgment or other proceeding whatsoever," is sufficiently comprehensive to embrace every conceivable step to be taken in a court, from the emanation of the writ, down to the judgment. Roach v. Hulings, 16 Peters, 319.

EXHIBIT #2-B

the Supreme Court, and the district judge of such districts, any two of whom shall constitute a quorum: *Provided*, That no district judge shall give a vote in any case of appeal or error from his own decision; but may assign the reasons of such his decision.

SEC. 5. *And be it further enacted*, That the first session of the said circuit court in the several districts shall commence at the times following, to wit: in New Jersey on the second, in New York on the fourth, in Pennsylvania on the eleventh, in Connecticut on the twenty-second, and in Delaware on the twenty-seventh, days of April next; in Massachusetts on the third, in Maryland on the seventh, in South Carolina on the twelfth, in New Hampshire on the twentieth, in Virginia on the twenty-second, and in Georgia on the twenty-eighth, days of May next, and the subsequent sessions in the respective districts on the like days of every sixth calendar month afterwards, except in South Carolina, where the session of the said court shall commence on the first, and in Georgia where it shall commence on the seventeenth day of October, and except when any of those days shall happen on a Sunday, and then the session shall commence on the next day following. And the sessions of the said circuit court shall be held in the district of New Hampshire, at Portsmouth and Exeter alternately, beginning at the first; in the district of Massachusetts, at Boston; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the last; in the district of New York, alternately at New York and Albany, beginning at the first; in the district of New Jersey, at Trenton; in the district of Pennsylvania, alternately at Philadelphia and Yorktown, beginning at the first; in the district of Delaware, alternately at New Castle and Dover, beginning at the first; in the district of Maryland, alternately at Annapolis and Easton, beginning at the first; in the district of Virginia, alternately at Charlottesville and Williamsburgh, beginning at the first; in the district of South Carolina, alternately at Columbia and Charleston, beginning at the first; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first. And the circuit courts shall have power to hold special sessions for the trial of criminal causes at any other time at their discretion, or at the discretion of the Supreme Court.(*a*)

*Marginalia:* First session of the circuit courts; when holden. [Obsolete.] / Where holden. / Circuit courts. Special sessions.

---

(*a*) The sessions of the Circuit Courts have been regulated by the following acts: In ALABAMA—act of March 3, 1837. In ARKANSAS—act of March 3, 1837. In CONNECTICUT—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826. In DELAWARE—act of September 24, 1789; act of March 3, 1797; act of April 29, 1802; act of March 24, 1804; act of March 3, 1837. In GEORGIA—act of September 24, 1789; act of August 11, 1790; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826; act of Jan. 21, 1829. KENTUCKY—act of March 3, 1801; act of March 8, 1802; act of March 2, 1803; act of Feb. 27, 1807; act of March 22, 1808; April 22, 1824. LOUISIANA—act of March 3, 1837. MAINE—act of March 3, 1801; act of March 8, 1802; act of March 30, 1820. MARYLAND—act of Sept. 24, 1789; act of March 3, 1797; act of April 29, 1802; act of Feb. 11, 1830; act of March 3, 1837. MASSACHUSETTS—act of Sept. 24, 1789; act of March 3, 1791; act of June 9, 1794; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. MISSOURI—act of March 3, 1837. MISSISSIPPI—act of March 3, 1839. NEW HAMPSHIRE—act of Sept. 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of April 29, 1802; act of March 6, 1812. NEW JERSEY—act of September 24, 1789; act of March 3, 1797; act of April 2, 1802. NEW YORK—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of March 3, 1825; act of February 10, 1832; act of May 13, 1836; act of March 3, 1837. NORTH CAROLINA—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 31, 1796; act of March 3, 1797; act of July 5, 1797; act of April 29, 1802; act of March 8, 1806; act of February 4, 1807. OHIO—act of February 24, 1807; act of March 22, 1808; act of April 22, 1824; act of May 20, 1826. PENNSYLVANIA—act of September 24, 1789; act of May 12, 1796; act of March 3, 1797; act of December 24, 1799; act of April 29, 1802; act of March 3, 1837. RHODE ISLAND—act of June 23, 1790; act of March 3, 1791; act of March 2, 1793; act of May 22, 1796; act of March 3, 1797; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. SOUTH CAROLINA—act of September 24, 1789; act of August 11, 1790; act of March 3, 1797; act of April 29, 1802; act of April 14, 1816; act of May 25, 1824; act of March 3, 1825; act of May 4, 1826; act of February 5, 1829. TENNESSEE—act of February 24, 1807; act of March 22, 1808; act of March 10, 1812; act of January 13, 1831. VERMONT—act of March 2, 1791; act of March 2, 1793; act of May 27, 1796; act of March 3, 1797; act of April 29, 1802; act of March 22, 1816. VIRGINIA—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of March 2, 1837.

*EXHIBIT #2-C*

Case 1:10-cr-00317-REB   Document 248   Filed 06/08/11   USDC Colorado   Page 10 of 15

76                     FIRST CONGRESS. Sess. I. Ch. 20. 1789.

|  |  |
|---|---|
| Supreme court adjourned by one or more justices; circuit courts adjourned. | SEC. 6. *And be it further enacted*, That the Supreme Court may, by any one or more of its justices being present, be adjourned from day to day until a quorum be convened; and that a circuit court may also be adjourned from day to day by any one of its judges, or if none are present, by the marshal of the district until a quorum be convened;(a) and that a district court, in case of the inability of the judge to attend at the commencement of a session, may by virtue of a written order from the |
| District courts adjourned. | said judge, directed to the marshal of the district, be adjourned by the said marshal to such day, antecedent to the next stated session of the said court, as in the said order shall be appointed; and in case of the death of the said judge, and his vacancy not being supplied, all process, pleadings and proceedings of what nature soever, pending before the said court, shall be continued of course until the next stated session after the appointment and acceptance of the office by his successor. |
| The courts have power to appoint clerks. | SEC. 7. *And be it [further] enacted*, That the Supreme Court, and the district courts shall have power to appoint clerks for their respective courts,(b) and that the clerk for each district court shall be clerk also of the circuit court in such district, and each of the said clerks shall, before he enters upon the execution of his office, take the following oath |
| Their oath or affirmation. | or affirmation, to wit: "I, A. B., being appointed clerk of     do solemnly swear, or affirm, that I will truly and faithfully enter and record all the orders, decrees, judgments and proceedings of the said court, and that I will faithfully and impartially discharge and perform all the duties of my said office, according to the best of my abilities and understanding. So help me God." Which words, so help me God, shall be omitted in all cases where an' affirmation is admitted, instead of an oath. And the said clerks shall also severally give bond, with sufficient sureties, (to be approved of by the Supreme and district courts respectively) to the United States, in the sum of two thousand dollars, faithfully to discharge the duties of his office, and seasonably to record the decrees, judgments and determinations of the court of which he is clerk. |
| Oath of justices of supreme court and judges of the district court. | SEC. 8. *And be it further enacted*, That the justices of the Supreme Court, and the district judges, before they proceed to execute the duties of their respective offices, shall take the following oath or affirmation, to wit: "I, A. B., do solemnly swear or affirm, that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent on me as     , according to the best of my abilities and understanding, agreeably to the constitution and laws of the United States. So help me God." |
| District courts exclusive jurisdiction. | SEC. 9. *And be it further enacted*, <u>That the district courts(c) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States</u>, committed within their respective districts, or upon the |

By the act of March 10, 1838, the Justice of the Supreme Court is required to attend but one circuit in the districts of Indiana, Illinois, and Michigan.

By an act passed in 1844, the Justices of the Supreme Court are empowered to hold but one session of the Circuit Court in each district in their several circuits. The Judges of the District Courts hold the other sessions of the Circuit Court in their several districts.

(a) The provisions of law on the subject of the adjournments of the Supreme Court in addition to the 6th section of this act, are, that in case of epidemical disease, the court may be adjourned to some other place than the seat of government. Act of February 25, 1799.

(b) By the 2d section of the act entitled "an act in amendment of the acts respecting the judicial system of the United States," passed February 28, 1839, chap. 36, it is provided "that all the circuit courts of the United States shall have the appointment of their own clerks, and in case of disagreement between the judges, the appointment shall be made by the presiding judge of the court." See ex parte Duncan N. Hennen, 13 Peters, 230.

(c) The further legislation on the subject of the jurisdiction and powers of the District Courts are: the act of June 5, 1794, ch. 50, sec. 6; act of May 10, 1800, chap. 51, sec. 5; act of February 24, 1807, chap. 13; act of February 24, 1807, chap. 16; act of March 3, 1815; act of April 16, 1816, chap. 56, sec. 6; act of April 20, 1818, chap. 103; act of May 15, 1820, chap. 106, sec. 4; act of March 3, 1823, chap. 71.

EXHIBIT #2-D

Case 1:10-cr-00317-REB   Document 248   Filed 06/08/11   USDC Colorado   Page 11 of 15

FIRST CONGRESS.  Sess. I. Ch. 20.  1789.                77

high seas; where no other punishment than whipping, not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted; and shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas;(*a*) <u>saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it</u>; and shall also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States.(*b*)  And shall also have cognizance, concurrent with the courts of the several States, or the circuit courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States.(*c*)  And shall also have cognizance, concurrent as last mentioned, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars.  And shall also have jurisdiction exclusively of the courts of the several States, of all suits against consuls or vice-consuls, except for offences above the description aforesaid.(*d*)  <u>And the trial of issues in fact, in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury.</u>

SEC. 10. *And be it further enacted,* That the district court in Kentucky district shall, besides the jurisdiction aforesaid, have jurisdiction of all other causes, except of appeals and writs of error, hereinafter made cognizable in a circuit court, and shall proceed therein in the same

*Side notes:*
[Acts of June 5, 1794, sect. 6; act of Feb. 13, 1807; act of March 3, 1815, sect. 4.]
Original cognizance in maritime causes and of seizure under the laws of the United States.

Concurrent jurisdiction.

Trial of fact by jury.

Kentucky district court. [Obsolete.]

---

(*a*) Jurisdiction of the District Courts in cases of admiralty seizures, under laws of impost, navigation and trade. M'Donough v. Dancry, 3 Dall. 188; 1 Cond. Rep. 94. The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. Glass et al. v. The Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta, 3 Cranch, 359; 3 Cond. Rep. 425. The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. Jennings v. Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. Penhallow et al. v. Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. United States v. Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. Hudson et al. v. Guestier, 6 Cranch, 281; 2 Cond. Rep. 374. Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322. Slocum v. Maybury, 2 Wheat. 1; 4 Cond. Rep. 1. Gelston et al. v. Hoyt, 3 Wheat. 246; 4 Cond. Rep. 244. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, 1 Paine's C. C. R. 620; Bee's D. C. R. 11. De Lovio v. Boit et al., 2 Gallis' C. C. R. 398. The Abby, 1 Mason's Rep. 360. The Little Ann, Paine's C. C. R. 40. Davis v. A New Brig, Gilpin's D. C. R. 473. The Catharine, 1 Adm. Decis. 104.

(*b*) An information against a vessel under the act of Congress of May 22, 1794, on account of an alleged exportation of arms, is a case of admiralty and maritime jurisdiction; and an appeal from the District to the Circuit Court, in such a case is sustainable. It is also a civil cause, and triable without the intervention of a jury, under the 9th section of the judicial act. The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. The Abby, 1 Mason, 360. The Little Ann, Paine's C. C. R. 40.

When the District and State courts have concurrent jurisdiction, the right to maintain the jurisdiction attaches to that tribunal which first exercises it, and obtains possession of the thing. The Robert Fulton, Paine's C. C. R. 620.

(*c*) Burke v. Trevitt, 1 Mason, 96. The courts of the United States have exclusive jurisdiction of all seizures made on land or water, for a breach of the laws of the United States, and any intervention of State authority, which by taking the thing seized out of the hands of the officer of the United States, might obstruct the exercise of this jurisdiction, is unlawful. Slocum v. Mayberry et al., 2 Wheat. 1; 4 Cond. Rep. 1.

(*d*) Davis v. Packard, 6 Peters, 41. As an abstract question, it is difficult to understand on what ground a State court can claim jurisdiction of civil suits against foreign consuls. By the Constitution, the judicial power of the United States extends to all cases affecting ambassadors, other public ministers and consuls; and the judiciary act of 1789 gives to the district courts of the United States, exclusively of the courts of the several States, jurisdiction of all suits against consuls and vice consuls, except for certain offences enumerated in this act. Davis v. Packard, 7 Peters, 276.

If a consul, being sued in a State court, omits to plead his privilege of exemption from the suit, and afterwards, on removing the judgment of the inferior court to a higher court by writ of error, claims the privilege, such an omission is not a waiver of the privilege. If this was to be viewed merely as a personal privilege, there might be grounds for such a conclusion. But it cannot be so considered; it is the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations; and our constitution and law seem to put consuls on the same footing in this respect. *Ibid.*

G2

*EXHIBIT #2-E*

# CHAPTER 211—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within district—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
[3239. Repealed.]
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against Indians on Indian reservations.
3244. Jurisdiction of proceedings relating to transferred offenders.

### Historical Note

1984 Amendment. Pub.L. 98-473, Title II, § 1204(b), Oct. 12, 1984, 98 Stat. 2152 struck out item 3239 "Threatening communications".

1978 Amendment. Pub.L. 95-598, Title III, § 3140(2), Nov. 6, 1978, 92 Stat. 2678, added item 3244.

## § 3231. District courts

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

(June 25, 1948, c. 645, 62 Stat. 826.)

### Historical and Revision Notes

Reviser's Note. Based on section 588d of Title 12, U.S.C., 1940 ed., Banks and Banking; Title 18, U.S.C., 1940 ed., §§ 546, 547 (Mar. 4, 1909, c. 321, §§ 326, 340, 35 Stat. 1151, 1153; Mar. 3, 1911, c. 231, §§ 256, 291, 36 Stat. 1167; May 18, 1934, c. 304, § 4, 48 Stat. 783).

This section was formed by combining sections 546 and 547 of Title 18, U.S.C., 1940 ed., with section 588d of said Title 12, with no change of substance.

The language of said section 588d of Title 12 which related to bank robbery, or killing or kidnapping as an incident thereto (see section 2113 of this title), and which read "Jurisdiction over any offense defined by sections 588b and 588c of this title shall not be reserved exclusively to courts of the United States" was omitted as adequately covered by this section.

Senate Revision Amendment. The text of this section was changed by Senate amendment. See Senate Report No. 1620, amendment No. 10, 80th Cong.

### Cross References

Civil jurisdiction of federal courts, see section 1331 et seq. of Title 28, Judiciary and Judicial Procedure.
Consular courts, jurisdiction and procedure, see section 141 et seq. of Title 22, Foreign Relations and Intercourse.
Exclusive jurisdiction of Federal courts, see sections 1251, 1333, 1334, 1338, 1351, 1355, 1356 of Title 28, Judiciary and Judicial Procedure.
Jurisdiction over felonies in Yellowstone National Park, see section 3402 of this title.
Juvenile delinquents, jurisdiction of, see section 5033 of this title.
Refusal to appear or testify before court-martial military commission, etc, jurisdiction of offense, see section 847(b) of Title 10, Armed Forces.
Special maritime and territorial jurisdiction of the United States, see section 7 of this title.
United States magistrates, jurisdiction to try petty offenses, see section 3401 of this title.
Venue of civil actions, see section 1391 et seq. of Title 28, Judiciary and Judicial Procedure.
Wire or oral communications, authorization for interception, to provide evidence of certain Federal and State offenses, see section 2516 of this title.

### Federal Practice and Procedure

Original and exclusive jurisdiction of district courts over all offenses against laws of United States, see Wright, Miller & Cooper: Jurisdiction 2d §§ 3527, 3575.

### Library References

Criminal Law ⊜86.
C.J.S. Criminal Law § 122.

### Notes of Decisions

I. GENERALLY 1-20
II. SCOPE AND PRIORITY OF JURISDICTION 21-70
III. JURISDICTION OF PARTICULAR CRIMES OR OFFENSES 71-120
IV. PROCEDURAL ASPECTS OF JURISDICTION; INCIDENTAL POWERS 121-141

Generally 1-20
Accessory, jurisdiction over 127
Acquisition of jurisdiction 32
Admiralty and maritime offenses, territorial extent of jurisdiction 26
Admissibility of evidence 136
Bail proceedings 128
Bankruptcy frauds 71
Banks, offenses against 72
Bribery 73
Challenge to jurisdiction 44
Collateral attack 122
Comity, applicability of 21
Commencement of sentence 140
Common law as authorization and limitation 22
Concurrent federal and state jurisdiction 40
Concurrent jurisdiction with other tribunals 39
Consent to jurisdiction 31
Conspiracy 74
Construction 2
Construction with other laws 3
Contempt 75
Correction of record 138

Counsel, representation by 137
Counterfeiting and forgery 76
Defendant's choice, priority of jurisdiction 34
Depositions 123
Detainers, nullification 126
Diplomatic officers, offenses involving 77
District courts within section 24
Divesting of jurisdiction 45
Duration of jurisdiction, priority of jurisdiction 35
Elections, offenses involving 78
Escape from prison 80
Evasion of taxes 94
Exclusiveness of federal jurisdiction 30
Expiration of term of court 125
Extortion 79
Foreign countries, crime in, territorial extent of jurisdiction 27
Foreign vessels, crimes on, territorial extent of jurisdiction 28
Forgery 76
Fraud 81
Government lands, crimes on, territorial extent of jurisdiction 29

Exhibit #3

hereby appropriated out of any money in the Treasury not otherwise appropriated, to carry out the provisions of this act.

SEC. 2. That this act shall expire on the first day of September, eighteen hundred and seventy-five.   *Expiration of act.*

Approved, February 10, 1875.

---

**CHAP. 41.**—An act to amend section two thousand three hundred and twenty-four of the revised statutes, relating to the development of the mining-resources of the United States.   Feb. 11, 1875.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That section two thousand three hundred and twenty-four of the revised statutes, be, and the same is hereby, amended so that where a person or company has or may run a tunnel for the purposes of developing a lode or lodes, owned by said person or company, the money so expended in said tunnel shall be taken and considered as expended on said lode or lodes, whether located prior to or since the passage of said act; and such person or company shall not be required to perform work on the surface of said lode or lodes in order to hold the same as required by said act.   *Amending, R. S., 2324. p. 428.*

*Moneys expended on tunnels to be deemed expended on lode.*

Approved, February 11, 1875.

---

**CHAP. 76.**—An act to amend the act entitled "An act making appropriations for sundry civil expenses of the Government for the fiscal year ending June thirtieth, eighteen hundred and seventy-five, and for other purposes," approved June twenty-third, eighteen hundred and seventy-four.   Feb. 15, 1875.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the act entitled "An act making appropriations for sundry civil expenses of the Government for the fiscal year ending June thirtieth, eighteen hundred and seventy-five, and for other purposes," approved June twenty-third, eighteen hundred and seventy-four, be, and the same is hereby, amended by adding to the clause of said act relating to the engraving and printing of the plates illustrating the report of the geographical and geological explorations and surveys west of the one hundredth meridian the following words: and "that two thousand copies of the report shall be printed by the Congressional Printer," after substituting the word "dollars" in lieu of the concluding word of said clause.   *Amending, 1874. c. 455; ante, p. 224.*

Approved, February 15, 1875.

---

**CHAP. 77.**—An act to facilitate the disposition of cases in the Supreme Court of the United States, and for other purposes.   Feb. 16, 1875.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the circuit courts of the United States, in deciding causes of admiralty and maritime jurisdiction on the instance-side of the court, shall find the facts and the conclusions of law upon which it renders its judgments or decrees, and shall state the facts and conclusions of law separately. And in finding the facts, as before provided, said court may, upon the consent of the parties who shall have appeared and put any matter of fact in issue, and subject to such general rules in the premises as shall be made and provided from time to time, impanel a jury of not less than five and not more than twelve persons, to whom shall be submitted the issues of fact in such cause, under the direction of the court, as in cases at common law. And the finding of such jury, unless set aside for lawful cause, shall be entered of record, and stand as the finding of the court, upon which judgment shall be entered according to law. The review of the judgments and decrees entered upon such findings by the Supreme Court, upon appeal, shall be limited to a determination of the questions   *Separate finding of facts and conclusions of law, in admiralty cases in circuit court.*

*Jury impaneled by consent.*

*Finding of jury.*

*Review by Supreme Court; how limited.*

EXHIBIT #4-A

of law arising upon the record, and to such rulings of the circuit court, excepted to at the time, as may be presented by a bill of exceptions, prepared as in actions at law.

*Jury in patent cases heard in equity by circuit court.*

SEC. 2. That said courts, when sitting in equity for the trial of patent causes, may impanel a jury of not less than five and not more than twelve persons, subject to such general rules in the premises as may, from time to time, be made by the Supreme Court, and submit to them such questions of fact arising in such cause as such circuit court shall deem expedient; and the verdict of such jury shall be treated and proceeded upon in the same manner and with the same effect as in the case of issues sent from chancery to a court of law and returned with such findings.

*Value of matter in dispute, necessary for review in Supreme Court.*

SEC. 3. That whenever, by the laws now in force, it is required that the matter in dispute shall exceed the sum or value of two thousand dollars, exclusive of costs, in order that the judgments and decrees of the circuit courts of the United States may be re-examined in the Supreme Court, such judgments and decrees hereafter rendered shall not be re-examined in the Supreme Court unless the matter in dispute shall exceed the sum or value of five thousand dollars, exclusive of costs.

*When act to take effect.*

SEC. 4. That this act shall take effect on the first day of May, eighteen hundred and seventy-five.

Approved, February 16, 1875.

---

Feb. 17, 1875.

CHAP. 78.—An act to make an appropriation to the contingent fund of the House of Representatives.

*Appropriation.*

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That there be appropriated, out of any money in the Treasury not otherwise appropriated, the sum of twenty thousand dollars; the same to be added to the contingent fund of the House of Representatives.

*Contingent fund of House of Representatives.*

Approved, February 17, 1875.

---

Feb. 18, 1875.

CHAP. 80.—An act to correct errors and to supply omissions in the Revised Statutes of the United States.

*Amendment of Revised Statutes.*

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That for the purpose of correcting errors and supplying omissions in the act entitled "An act to revise and consolidate the statutes of the United States in force on the first day of December, anno Domini one thousand eight hundred and seventy-three," so as to make the same truly express such laws, the following amendments are hereby made therein:

*R. S., 65, p. 13.*

Section sixty-five is amended by striking out the whole section and inserting the following: "The Secretary of the Senate and Clerk of the House of Representatives shall annually advertise, once a week for at least four weeks, in one or more of the principal papers published in the District of Columbia, for sealed proposals for supplying the Senate and House of Representatives, respectively, during the next session of Congress with the necessary stationery."

*R. S., 67, p. 13.*

Section sixty-seven is amended by striking out the whole section and inserting the following: "All such proposals shall be kept sealed until the day specified in such advertisement for opening the same, when the same shall be opened in the presence of at least two persons, and the contract shall be given to the lowest bidder, provided he shall give satisfactory security to perform the same, under a forfeiture not exceeding double the contract price in case of failure; and in case the lowest bidder shall fail to enter into such contract and give such security, within a time to be fixed in such advertisement, then the contract shall be given to the next lowest bidder, who shall enter into such contract,

*EXHIBIT #4-B*

RICHARD K. MIDYSTROMS
2041 3-298
FEDERAL DETENTION CENTER
ENGLEWOOD
9595 QUINCY AVE
LITTLETON, CO 80123

GREGORY C. LANGHAM, CLERK OF THE COURT
U.S. DISTRICT COURT COLORADO
901 19TH ST, ROOM A-105
DENVER, CO 80294-3589

7010 3090 0002 7265 7926




