U.S. DISTRICT COURT DISTRICT OF COLORADO
2011 JUL 12 PM 3:11
GREGORY C. LANGHAM CLERK
BY_______ DEP. CLK

FOR THE DISTRICT OF COLORADO
DENVER DIVISION

UNITED STATES OF AMERICA §
Plaintiff/Respondent §
§
v. § 1:10-cr-00317-REB-2
§ 10-cv-01073-MEH
RICHARD KELLOGG § Affidavit
ARMSTRONG §
Defendant/Petitioner §
§ Verified

MOTION TO TAKE JUDICIAL NOTICE OF FACTS AND TO DISMISS THE CASE WITH PREJUDICE

Comes now, Petitioner, unrepresented, and hereby moves the court to take judicial notice of self-authenticating documents from the Clerks of the House of Representatives and to dismiss the case with prejudice.

A. The Evidence

Appendix A is a letter from the clerk of the House, Loraine C. Miller, dated August 24, 2010, which states regarding "the voice vote that was taken on May 12, 1947. After researching these official proceedings of the US House of Representatives, we have been unable to find the names of the 44 Members who responded to the voice vote."

Appendix B is a letter from clerk of the House, Jeff Trandahl dated June 28, 2000, which states: "In response to your inquiry, Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however Title 18 was not voted on at this time."

The first letter confirms that no Constitutional quorum existed on May 12, 1947, the only House vote on Title 18 in 1947. The second letter confirms that the House did not vote on the bill in the second session of Congress in 1948.

B. Documents Are Self-Authenticating

These documents are self authenticating as they came from Congress and have been verified as real. FRE 902(5), Self-Authentication, states that "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: (5) Official publications. Books, pamphlets, or other publications purporting to be issued by public authority."

C. Judicial Notice

"A judicially noticed fact must be one that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b).

Since the facts are capable of accurate and ready determination, then the court must take mandatory judicial notice pursuant to FRE 201(d).

D. Result of the Evidence

The evidence confirms that on May 12, 1947, no quorum was present when Congress voted on Public Law 80-772, and that vote was the only vote taken by the House in the 80th Congress, in violation of Article I, Section 5, Clause 1, the Quorum Clause, of the Constitution. It also establishes that the error is of such Constitutional significance that it cannot be ignored by the Enrolled Bill Rule:

The constitutional "quorum" issue is precluded from Field & Co.'s "enrolled bill rule" by its terms – i.e., "[t]he signing ... in open session, of an enrolled bill", 143 U.S. at 672 (emphasis added), which in any case only applies in "the absence of [a] constitutional requirement binding Congress." U.S. v. Munoz-Flores, supra, 495 U.S. at 391, n. 4. Moreover, just as "§ 7 gives effect to all of its Clauses in determining what procedures the Legislative and Executive branches must follow to enact a law", id., 495 U.S. 386 (emphasis by Court), so too does Article I, § 5, Cl. 1 "provid[e] that no law could take effect without the concurrence of the prescribed majority of the Members of both Houses", INS v. Chadha, 462 U.S. at 949-950, as to all legislative "Business". Cf. U.S. v. Ballin, 144 U.S. 1, 3-5 (1892) (to determine whether constitutionally mandated quorum was present for legislative action, the Court "assume[s] the Journals of the Houses are to be considered to decide the issue)."

E. Lack of Candor

Over 30 days ago a Request for Certified Question of Law was sent to Attorney General Eric Holder, requesting that he certify the invalidity of Public Law 80-772 and Mr. Holder was provided the evidence and Congressional records to so certify. Mr. Holder, who is the boss of the U.S. attorneys in this case, refused to answer. Thus Mr. Holder created a presumption that the statute is invalid. "[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains through the trial upon the party on whom it was original cast." FRE 301.

U.S. attorneys are presumed to know the law or where to find it. With full knowledge of Mr. Holder's actions, the U.S. attorneys in this case lack candor with the court, attempting to do a sleight of hand by ignoring the plain facts and law in front of them that establishes the court has no jurisdiction.

F. Conclusion

As established by judicially noticed facts, no quorum existed in the House on May 12, 1947, the only vote of the House in the 80th Congress on Public Law 80-772, in violation of the Quorum Clause of the Constitution. Not only does the evidence attached further establish that Public Law 80-772 is void ab initio, but a presumption now exists that the U.S. attorneys are not being candid with the court, which the U.S. attorneys can not overcome with evidence or law. The court should take mandatory judicial notice of the facts herein and order dismissal of the indictment with prejudice.

G. Prayer for Relief

Based on the evidence and argument presented herein, Petitioner moves the court to:

1. Take mandatory judicial notice of letters from the clerks of the House which confirm that Public Law 80-772 was never Constitutionally passed into law and is void ab initio;
2. Notice the U.S. attorneys that they lack candor with the court;
3. Declare Petitioner actually innocent of any charges against him;
4. Order the U.S. Marshals to release Petitioner within 48 hours from his illegal confinement;
5. Grant such other and further relief as the court seems just and proper.

Respectfully submitted,
By, [signature]

Richard Kellogg Armstrong
9595 West Quincy Avenue
Littleton, CO 80123

VERIFICATION

On this the 5TH day of JULY, 2011, I certify before the court that the facts presented herein, are true and correct under the penalty of perjury pursuant to 28 USC section 1746, that I have personal knowledge of the facts, and that I am fully prepared to testify to those facts.

[signature]
Richard Kellogg Armstrong

CERTIFICATE OF SERVICE

On this the 5TH day of JULY, a true and correct copy of the foregoing was served on the U.S. Attorney as opposing counsel in this case as is required by law.

[signature]
Richard Kellogg Armstrong

ADDITIONAL EVIDENCE FOR "MOTION TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS AND TO DISMISS THE CASE WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION"

Appendix C is a letter from the Clerk of the U.S. House of Representatives, Harlen L. Haas, dated Septembet 11, 2006. "After a thorough examination of the journals, I found no entry of the House of any May 12, 1947, vote on H.R. 3190. I found no record of names for the May 12, 1947, vote";

Appendix D is a letter from the Secretary of the Senate, Nancy Erickson, dated March 9, 2009. "I asked the Senate Historian's Office to review the correspondence you enclosed and they were able to verify that no action was taken by the Senate on H.R. 3190 prior to December 19, 1947, sine die adjournment";

Appendix E is a letter from Harley G. Lappin dated July 3, 2011. The letter stated that the National Archives and the Clerk of the House of Representatives were contacted and learned that there is no record of any quorum being present during the May 27, 1947, vote on the H.R. 3190 Bill during any session of the 80th Congress;

Appendix F is a letter from the Derkunt Law Office in Austin, Texas, and an Affidavit from an employee of the law firm, Tony Robert Davis. Mr. Davis, who has personal knowledge of the facts stated herein that he is fully competent to testify to those facts. Venice Smith, House Librarian, faxed a cover page from the House Library and a copy of a letter along with 17 pages of supporting documents which show that Public Law 80-772 was never passed into law. According to the Public Records of Congress, Public Law 80-772 is therefore, not a law.

Note: Copies of these letters on House and Senate letterhead are forthcoming.

LORRAINE C. MILLER
CLERK

DEBORAH M. SPRIGGS
DEPUTY CLERK

ROBERT F. REEVES
DEPUTY CLERK

MARIA A. LOPEZ
DEPUTY CLERK

H-154 THE CAPITOL

# Office of the Clerk
## U.S. House of Representatives
## Washington, DC 20515-6601

August 24, 2010

Thank you for contacting the Office of the Clerk.

Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947. After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote. We have included pages from the House Journal and the Congressional Record that shows the proceedings of that day as far as the quorum is concerned. The text of HR 3190 passed on May 12, 1947 it was debated, engrossed and the motion was laid on the table. HR 3190 was passed by the House and Senate on June 18, 1948 and became Public Law 80-772 on June 25, 1948. The House Convened on December 19, 1947 for daily business the start of a new session of Congress was January 6, 1948. We hope the provided information and documentation will aid in your research.

Legislative Resource Center

Office of the Clerk

US House of Representatives

APPENDIX A

July 31, 2010

Office of the Clerk
U.S. House of Representatives
Washington, D.C. 20515-6601

Dear Clerk:

I am hopeful that you can answer some questions pertaining USC Title 18 (1948), Public Law 80-772 and House Bill 3190.

1.) It is my understanding that Bill H.R. 3190 was passed by the House of Representatives on May 12, 1947. At the time of the vote, was a quorum of the members of the House of Representatives present? Please send me a copy of the the Congressional Journal for that day showing the names of the members as written.

2.) Please send me a copy of H.R. 3190 that was voted upon on May 12, 1947.

3.) During the 80th Congress, Congress adjourned several times. Please send me the date of each adjournment and indicate which of these adjournments were sine die, especially the adjournments on July 27, 1947 and December 19, 1947.

4.) What constitutes a sine die adjournment?

5.) On December 19, 1947 Congress convened by Presidential proclamation. Was this a new session of Congress?

6.) During the 80th Congress how many times did the House of Representatives vote upon the text of H.R. 3190?

7.) The text of H.R. 3190 was passed by the Senate during the 2nd session of the 80th Congress. Was this text exactly the same as the Text voted upon by the House of Representatives?

Thank you very much for your help in this matter.

Sincerely,

Kevin C. Felts
45128-079-[illegible]
Box26020
Beaumont, TX 77720

Office of the Clerk
U.S. House of Representatives
Washington , DC 20515-601
June 28, 2000

Dear Mr. Degan:

Thank you for your letter requesting information on Title 18.

In response to your inquiry, Congress was in session on June 1,3,4,7-12, and 14-19, 1948, however, Title 18 was not voted on at this time. As you may know, Title 18 covers 845 pages in the U.S.Code and this wording was developed over many years. Signed copies of laws are archived at the National Archives and Records Administration and are not available to the public.

I hope that I have been of some assistance to you. For future reference, most federal depository libraries posses this type of information. For the depository library closest to you, please consult the Government Printing Office web site: www.gpo.gov/libraries.

With best wishes, I am
Sincerely
Jeff Trandahl

APPENDIX B

OFFICE OF THE CLERK
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, MD 205154-8801 September 11, 2006

Thanks you for contacting the Office of the Clerk.

After conducting a thorough examination of the journals, I found no entry in the journal of the House of any May 12, 1947 vote on the H. R. 3190 Bill althought pages 343-344 of the Journal of the House of Representatives from the 1st Session of the 80th Congress indicates that the bill was amended, purportedly passed and transmitted to the Senate for concurrence. The Senate took no action on the H.R. 3290 bill prior to the December 19, 1947 sine die adjournment.

Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. Therefore by counting the total yes and may vote a quorum was not present.

According to the House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting. I found no record of any names for the May 12, 1947 vote. I hope this information has answered your questions.

Sincerely Yours,

Karen L. Haas
Clerk U. S. House of Representatives.

APPENDIX C

Mr. Wayne E. Matthews
713 Bonnie Meadow Lane
Ft. Washington, MD 20744

March 9, 2009

Dear Mr. Matthews:
Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress.

I asked the Senate Historian's office to review the correspondence you enclosed and they were able to verify that no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 sine die adjournment. I have enclosed relevant pages from the House Journal and Congressional Record for you reference.

Signed by Nancy Erickson
Secretary of the Senate
Enclosures

APPENDIX D

Harley G. Lappin
From: "Harley G. Lappin" Sent: Monday, July 27, 2009 3:17 PM

Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. Sections 4081, et seq., (1948). On the claim that Public Law 80-772 was nevfer passed or signed in the presense of a Quorum or Majority of both Houses of Congress as required by Article 1, Section 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the moots of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases do not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 27, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong. Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presense of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote', but the Patliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign an enrolled bill in the absense of a quorum. On May 12, 1947, a presense of 218 members in the hall of the House was require to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essense, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

APPENDIX E

I AM HERE WITH A CREW OF HELPERS AND BUSY. KEEP ME POSTED ON THE RELEASE.
SA

RICHARD KELLOGG ARMSTRONG on 7/3/2011 9:05:38 PM wrote
Thanks for all the typing. It's greatly appreciated.

Love,

Bear's Daddy
-----Armstrong, Sharon on 7/3/2011 6:33 PM wrote:

>

AFFIDAVIT OF TONY ROBERT DAVIS
UNDER THE PENALTY OF PERJURY
REGARDING NO VOTE ON TITLE 18 IN 1948

STATE OF TEXAS
COUNTY OF TRAVIS JURAT

My name is Tony Robert Davis. I am over the age of 18 and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and am fully competent to testify to those facts.

I work for the Derkunt Law Office in Austin, Texas. OUr firm has done extensive research and compiled extensive data on the invalidity of Title 18 (Public Law 80-772).

On May 10, 2008 I had conversation with Venise Smith (202) 226-5200 who works at the House of Representatives Library regarding a letter that was sent from Jeff Trandahl, Clerk of the House to Mr. Charles R. Degan on June 20, 2000.

That letter states that Congress was in session on June 1,3,4,7-12, and 14-19, 1948 and that Title 18 was not voted on at that time. Since Title 18 (Public Law 80-772) only
passed the House in l947 in the First Session of Congress as shown by the Congressional record, and the letter to Mr. Degan by the clerk of the House and the supporting evidence shows that is was not voted on in June of 1948, when it was theoretically passed into law, it is not a law but a nullity.

On May 11, 2006, Venise Smith called me back and advised me that the House Library had checked the letter, that it was valid, and that all statements made in the letter were valid, including the dates when Congress was in session and the fact that Title 18 was not voted on in June of 1948.

Venise Smith then faxed me a cover page from the House Library and copy of the letter and 17 pages of supporting documents which shows that Public Law 80-772 was never passed into law.

According the the Public Records of Congress, Public Law 80-772 is, therefore, not a law.

I certify that the foregoing is true and correct pursuant to 28 USC 1746.

Tony Robert Davis
Dunkunt Law Office
Austin, TX

APPENDIX F

RICHARD K. ARMSTRONG
20413-298
FEDERAL DETENTION CENTER
ENGLEWOOD
9595 QUINCY AVE.
LITTLETON, CO 80123

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 12 2011
GREGORY C. LANGHAM
CLERK

LEGAL MAIL

GREGORY C. LANGHAM, CLERK OF
U.S. DISTRICT COURT COLOR
901 19TH ST., ROOM A-105
DENVER, CO 80294-3589