IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

        Defendants.

---

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT ARMSTRONG'S MOTIONS FOR COURT'S AUTHORIZATION
FOR SUBMISSION OF PROFESSIONALLY WRITTEN MOTION AND MOTION FOR
LEAVE TO FILE MOTION FOR BONA FIDES**

---

The United States of America, by and through its undersigned counsel, responds to Defendant Armstrong's two motions styled as follows:

(1) "MOTION FOR COURT'S AUTHORIZATION FOR SUBMISSION OF PROFESSIONALLY WRITTEN MOTION" filed July 21, 2011 (hereinafter "Motion One"), Doc. No. 265; and

(2) "MOTION FOR LEAVE TO FILE MOTION FOR BONA FIDES" filed July 26, 2011 (hereinafter "Motion Two"), Doc. No. 268.

For the reasons set forth below, the Government construes Motions One and Two as requests for leave to file motions. Moreover, the Government does not object to Defendant Armstrong's filing of a motion regarding alleged Government misconduct related to the recently created affidavit of Elysse Del Francia but opposes permitting Defendant Armstrong to file any

other motion.

## BACKGROUND

On June 25, 2010, this Court entered its Trial Preparation Conference Order requiring in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. Doc. No. 33.

On January 27, 2011, this Court ordered that all non-CJA motions shall be filed by February 29, 2011. Doc. No. 128. Defendant Armstrong filed Motion One on July 21, 2011 and filed Motion Two on July 26, 2011. On July 27, 2011, this Court ordered the Government to respond as to whether Defendant Armstrong should be permitted to file either or both of the proposed motions and whether the court should construe Motion Two as a motion to recuse or a request for leave to file a motion to recuse.

## ARGUMENT

### I.  Motion Two Construed

The Government construes Motion Two as a motion for leave to file a recusal motion for three reasons.[1] First, Motion Two is styled as "MOTION FOR LEAVE TO FILE MOTION FOR BONA FIDES." Second, Motion Two prays only for the relief of the Court's acceptance of Defendant Armstrong's motions. In particular, the motion "moves the court for leave to file a Motion for Bona Fides" in paragraph one, "moves the court to allow [Defendant Armstrong] to

---

[1] The Government construes the term "Motion for Bona Fides" as "Motion for Recusal."

file a request " in paragraph two, and "moves the court to accept a Motion for Bona Fides" in paragraph seven.  It is telling that the relief requested in Motion Two contrasts starkly from the remedy of dismissal of charges that Defendant Armstrong has requested in nearly every substantive motion in this case.  Third, the timing of Motion Two indicates that Defendant Armstrong is requesting leave to file a recusal motion.  Prior to filing Motion Two, Defendant Armstrong had been enjoined for filing untimely motions without leave of court and had several motions stricken.  Docs. No. 235, 251, 259.  Paragraph three of Motion Two references the subjects of several of these previously stricken motions.  Doc. No. 259.  Moreover, the Court had not yet ruled on a prior request by Defendant Armstrong for leave to file motions in a general sense (Motion One).  It appears that Motion Two was Defendant Armstrong's attempt to comply with the Court's Orders by requesting advanced leave to specifically file a recusal motion.  For the aforementioned reasons, the Government construes Motion Two as a motion for leave to file a recusal motion.

**II.     Requests for Leave to File Motions**

   A.     <u>Motion One</u>

The Government requests that this Court deny Motion One in part.  Motion One consists of one sentence stating, "This is a request for the Court's authorization for the submission of a professionally written Motion for the purpose of the Court's consideration for case dismissal." Though the Government welcomes professionally written motions in a general sense, the motion does not specify the substance of the proposed motion(s) or why the motion(s) could not have been filed by the Court's motion's deadline.  Open ended permission to file any professionally written motion would eviscerate the purpose of the Trial Preparation Conference Order and the

Government opposes such an open ended request. However, based upon Defendant Armstrong's *pro se* status, the Government would not oppose the granting of leave for him to file one motion regarding his alleged prosecutorial misconduct for the government's attempted bribery of a witnesses. Defendant Armstrong has already filed similar motions which were stricken by this Court and has, once again, referenced this issue in Motion Two. Doc. Nos. 256, 257, 259. His previously filed motions include an affidavit from a potential witness named Elysse Del Francia dated June 28, 2011 that makes various allegations against government officials. Doc. Nos. 256, 257. Based upon the timing of the affidavit relative to the February 29, 2011 motion deadline and recognition that Defendant Armstrong is *pro se*, the Government does not object to this Court permitting him to file a motion on this issue at this time.

      B.      Motion Two

The Government requests that this Court deny Motion Two.[2] Defendant Armstrong previously moved for Judge Blackburn's recusal after filing a fictitious lawsuit against numerous Government officials including Judge Blackburn. Doc. No. 154. This Court rejected his argument as meritless. Doc. 169. Now it appears that Defendant Armstrong once again intends to seek recusal based upon circumstances he himself created. This time Defendant Armstrong suggests that Judge Blackburn's Orders admonishing him for repeatedly ignoring court imposed filing deadlines without advanced leave of court demonstrates bias. Docs. No. 251, 259. This is not a viable basis for recusal. His proposed motion "constitute[s], in disguised form, no more than a disagreement with the legal conclusions reached by the district judge." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1356 (3rd Cir. 1990). Moreover, the Orders he disagrees

---

[2] This argument assumes that Motion Two is a request for leave to file a recusal request.

with were issued in response to Defendant Armstrong's previous blatant disregard for Court issued deadlines and protocols. Defendant Armstrong has failed to establish good cause for leave to file a motion to recuse. This Court should deny his request.

## CONCLUSION

WHEREFORE, the Government construes Motions One and Two as requests for leave to file motions. The Government does not oppose Defendant Armstrong's filing of one motion regarding alleged Government misconduct related to the recently created affidavit of Elysse Del Francia but opposes permitting Defendant Armstrong to file any other motion.

DATED: August 10, 2011, at Denver, Colorado.

> Respectfully submitted,
>
> JOHN F. WALSH
> United States Attorney
>
> s/Kevin F. Sweeney
> By: Kevin F. Sweeney
> Trial Attorney
> Tax Division
> U.S. Department of Justice

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of August 2011, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT ARMSTRONG'S MOTIONS FOR COURT'S AUTHORIZATION FOR SUBMISSION OF PROFESSIONALLY WRITTEN MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR BONA FIDES** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Lisa Monet Wayne
    lmoney20@aol.com

    David L. Owen
    davidowen@lodopc.com


I also certify that I sent the foregoing via U.S. Mail to the following:

    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution
    Inmate Mail/parcels
    9595 West Quincy Avenue
    Littleton, CO 80123


                          By:    s/ *Kevin F. Sween*ey
                                  KEVIN F. SWEENEY
                                  Trial Attorney