IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

        Defendants.

### GOVERNMENT MEMORANDUM
### REGARDING THE STATUS OF TIME LIMITS AND EXCLUSIONS UNDER THE SPEEDY TRIAL ACT OF 1974

The United States of America, by and through its undersigned counsel, submits this memorandum to assist the Court in setting a trial date at the conference scheduled for September 9, 2011. Based upon the Government's calculations, any trial set for on or before December 17, 2011 would comply with 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act of 1974.

**Speedy Trial Calculations**

The Government calculates that, absent additional excludable delay, the speedy trial clock in this case will expire on December 17, 2011. The speedy trial clock commenced on June 8, 2010 with the filing of the initial indictment. Since that time, there have been at least four periods of time that are excludable for speedy trial purposes. First, the two day delay caused by the Government's filing of its motion to disclose grand jury material on June 24, 2010 and the Court's disposition of that motion on June 24, 2010 is automatically excludable under 18 U.S.C. § 3161(h)(1)(D). See United States v. Smith, 569 F.3d 1209, 1212 (10th Cir. 2009)(citing United

States v. Henderson, 476 U.S. 321, 329 (1986) and its holding that delay caused by motions not requiring hearings are excludable up to thirty days).  Second, the delay between the filing of the Joint Defense Motion to Declare Case Complex and Exclude Time on July 7, 2010 and the resulting motion hearing on September 2, 2010 is automatically excludable under 18 U.S.C. § 3161(h)(1)(D).  Id. (holding "because there was a hearing . . ., the time between the filing of the motions and the hearing was excludable under the Speedy Trial Act.")  Third, this Court ordered two hundred fifty-six (256) days of excludable delay for the time period between September 2, 2010 and May 16, 2011.  Finally, this Court also excluded six (6) months of delay from May 3, 2011 to November 3, 2011.  Based upon the above, the Government calculates only twenty-six (26) days of non-excludable time between the filing of the indictment on June 8, 2010 and the November 3, 2011 expiration of excludable delay ordered by this Court.  Assuming no additional periods of excludable delay after November 3, 2011, the speedy trial clock will expire forty-four days later on December 17, 2011.  The following table summarizes the Government's calculations:

| Date | Timeline | Doc. No. | Speedy Trial Clock |
|---|---|---|---|
| June 8, 2010 | Indictment Filed | 5 | 0 |
| June 23, 2010 | | | 15 |
| June 24, 2010 | Government Motion to Disclose Grand Jury Material Filed | 32 | 15 |
| June 25, 2010 | Order Issued Granting Motion to Disclose Grand Jury Material | 34 | 15 |
| July 6, 2010 | | | 26 |
| July 7, 2010 | Joint Defense Motion to Declare Case Complex and Exclude Time Filed | 36 | 26 |
| July 7, 2010 | Order Issued Setting Hearing on Joint Defense Motion to Declare Case Complex and Exclude Time for October 22, 2010 | 37 | 26 |
| August 19, 2010 | Defense Motion to Continue and Reset Hearing on Joint Defense Motion to Declare Case Complex and Exclude Time filed | 65 | 26 |
| August 20, 2010 | Order granting Defense Motion to Continue and Reset Hearing and schedule a telephonic hearing setting conference for October 24, 2010 | 67 | 26 |
| August 24, 2010 | Order Issued Resetting Hearing on Joint Defense Motion to Declare Case Complex and Exclude Time for September 2, 2010 | 70 | 26 |
| September 2, 2010 | Order Issued Setting Trial for May 16, 2011 and Excluding the two hundred fifty-six (256) days from September 2, 2010 to May 16, 2011 | 77 | 26 |
| May 3, 2011 | Defense Motion to Exclude Time Within Which the Trial for the Offenses Charged Must Commence filed | 215 | 26 |
| May 3, 2011 | Order Setting Hearing on Defense Motion to Exclude Time Within Which the Trial for the Offense Charged Must Commence for May 6, 2011 | 219 | 26 |
| May 11, 2011 | Order Issued Granting Defense Motion to Exclude Time Within Which the Trial for the Offense Charged Must Commence Excluding Six (6) Months from May 3, 2011 | 234 | 26 |
| November 3, 2011 | Expiration of Six Months of Excludable Delay | N/A | 26 |
| December 17, 2011 | Expected Expiration of Speedy Trial Clock | N/A | 70 |

**CONCLUSION**

WHEREFORE, the Government submits that, based upon its calculations, any trial set for on or before December 17, 2011 will comply with 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act of 1974.

DATED: September 8, 2011, at Denver, Colorado.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>
>s/Kevin F. Sweeney
>By: Kevin F. Sweeney
>Trial Attorney
>Tax Division
>U.S. Department of Justice
>Western Criminal Enforcement Section
>601 D. Street, NW
>Washington, D.C. 20004
>Phone: (202) 305-3637
>Fax: (202) 514-9623
>Email: kevin.f.sweeney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2011, I electronically filed the foregoing **GOVERNMENT MEMORANDUM REGARDING THE STATUS OF TIME LIMITS AND EXCLUSIONS UNDER THE SPEEDY TRIAL ACT OF 1974** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:     s/ *Kevin F. Sween*ey
KEVIN F. SWEENEY
Trial Attorney