IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

       Defendants.

---

**GOVERNMENT RESPONSE
TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS
FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT**

---

The United States of America, by and through its undersigned counsel, opposes Armstrong's "EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT" filed September 9, 2011 (hereinafter "Motion"), Doc. No. 290.

Armstrong's allegations of prosecutorial misconduct via bribery of a possible witness named Elyse Del Francia are unfounded. The prosecution team did suggest that Del Francia seek the assistance of an independent organization known as the IRS Taxpayer Advocate Service. It did so because she had complained about IRS assessed frivolous filing penalties against her. The prosecution team's actions in this regard were perfectly permissible. Moreover, though Del Francia has never been offered leniency in her civil dispute with the IRS in exchange for her truthful testimony, such an offer would never constitute bribery or prosecutorial misconduct.

Armstrong has no factual or legal basis for his allegation that the Government bribed Del Francia and even less for his assertion that this Court should presume widespread bribery of witnesses by the Government. This Court should deny Armstrong's motion without an evidentiary hearing.

## PROCEDURAL BACKGROUND

On June 25, 2010, this Court entered its Trial Preparation Conference Order requiring in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. Doc. No. 33.

Then, on January 27, 2011, it ordered that all non-CJA motions be filed by February 29, 2011. Doc. No. 128.

Armstrong filed requests for leave to file various types of motions on July 21 and July 26 of 2011 respectfully. Doc. Nos. 265, 268. On August 23, 2011, this Court granted his request to file a motion to dismiss on the sole ground of alleged prosecutorial misconduct related to the Government's alleged attempted bribery of a witness but denied him leave to file motions on any other ground. Doc. No. 273. Armstrong filed this motion on September 9, 2011. Doc. No. 290. The Government has been ordered by this Court to respond by October 3, 2011. Doc. No. 294.

## FACTS

Del Francia is a friend of Armstrong's and a client of his and Morris's scheme to file false individual income tax returns claiming fictitious Form 1099-OID withholding during 2008-2009.

Exh. 1 (IRS memorandum of interview of Del Francia dated June 22, 2010).  During this time period, Armstrong, Morris, and Del Francia caused false individual returns to be filed for Del Francia for tax years 2005-2008.[1]  Exh. 1.  The IRS assessed $20,000 of penalties to Del Francia for frivolously filing these returns.[2]

The Government identified Del Francia as a possible witness during its investigation of the case.  It interviewed Del Francia, analyzed her tax returns, and reviewed correspondence among the IRS, Del Francia, Morris, Armstrong, and others.  This evidence forms the basis of several counts in the superceding indictment filed on February 15, 2011.  Doc. No. 140.

The prosecution team first learned of the frivolous filing penalties assessed against Del Francia during a telephonic conversation between her and SA Greg Flynn on March 2, 2011. Exh. 2 (IRS memorandum of conversation with Elyse Del Francia dated March 2, 2011).  During this conversation, Del Francia frantically pleaded that she didn't understand why the IRS had fined her and was worried that it would take her house.  Exh. 2.  She purported to have complied with the IRS's requests to file corrected tax returns renouncing her position on Form 1099-OID withholding.  Exh. 2.  Based upon what Del Francia had told him, SA Flynn told her to calm down and that it was unlikely that the IRS would take her house.  Exh. 2.  SA Flynn also advised Ms. Del Francia that if she had, in fact, complied with the IRS instructions on the notices, it was possible that the IRS had mistakenly assessed these frivolous filing penalties against her.  Exh. 2. Further, he asked Del Francia to provide him with all of her records related to the returns at issue

---

[1] Del Francia filed two false returns for the tax year 2007.

[2] On January 10, 2011, Del Francia was assessed frivolous filing penalties in the amounts of $5,000 for 2006, $10,000 for 2007 ($5,000 per false return), and $5000 for 2008.  She also owes the IRS roughly for a $2,800 assessment for an unrelated matter.

3

and agreed to look into the matter.[3]  Exh. 2.

On March 3, 2011, SA Flynn looked into the matter for Del Francia.  He contacted Shani Johnston of the IRS Taxpayer Advocate Service and Shauna Henline of the IRS Frivolous Return Program regarding Del Francia's frivolous filing penalties.[4]  Ms. Henline informed SA Flynn that Del Francia had been provided notice that the IRS deemed her returns frivolous and would be assessing frivolous filing penalties if Del Francia did not file corrected returns renouncing her Form 1099-OID withholding position within thirty (30) days.  Ms. Henline then explained that Del Francia failed to comply with the IRS notice in two ways.  First, after receiving the IRS notice but before she filed her corrected returns, Del Francia sent correspondence to the IRS re-asserting her fraudulent position regarding Form 1099-OID withholding and demanding payment of the underlying refunds.  Exh. 4 (Response to frivolous filing notice received by IRS from Elyse Del Francia on or about June 1, 2009).[5]  Second, Del Francia did not file a corrected return renouncing her Form 1099-OID withholding position until approximately a year after she received the IRS notice.  In fact, it wasn't until after Del Francia was interviewed in person by IRS-CID that she finally corrected her false returns.

---

[3] During the March 2, 2011 contact, SA Flynn also informed Del Francia that she was a potential trial witness in this case and that the trial was set for May 16, 2011 in Denver, Colorado.

[4] "The Taxpayer Advocate Service (TAS) is an independent organization within the IRS. Its mission is to help taxpayers who are experiencing economic harm, such as not being able to provide necessities like housing, transportation, or food; taxpayers who are seeking help in resolving problems with the IRS; and those who believe an IRS system or procedure is not working as it should." http://www.irs.gov/advocate/article/0,,id=212313,00.html.

[5] Based upon emails between Del Francia and Morris, it appears that Morris assisted Del Francia in her responses to the IRS.

4

After speaking with Ms. Johnston and Ms. Henline, SA Flynn suggested to Del Francia via email that she contact the IRS Taxpayer Advocate Service for assistance. Exh. 3 (Email from IRS to Elyse Del Francia re: Taxpayer Advocate Service and related Form 911 sent March 9, 2011). He even attached a taxpayer advocate request form to the email to assist her in this endeavor. Exh. 3.

On April 19, 2011, IRS-CID special agents Juan Marquez and Erik Bodden served a trial subpoena for this case on Del Francia at her residence. Exh. 8 (Statement of IRS Special Agent Juan Marquez regarding interactions with Elyse Del Francia dated September 30, 2011 and Taxpayer Advocate Service handout he gave to Elyse Del Francia). At that time, Del Francia informed the agents about the frivolous filing penalties that had been accessed against her by the IRS. Exh. 8. The agents told her that these fines were related to a civil matter and not a criminal matter and that each taxpayer is ultimately responsible for her own tax returns including any benefits or penalties that might arise. Exh. 8. They also informed her that IRS Criminal Investigation Division is completely independent from the civil function of IRS that had imposed the penalties upon her. Exh. 8. Finally, the agents informed Del Francia about the IRS Taxpayer Advocate Service and handed her information about it. Exh. 8. Neither SA Marquez nor SA Bodden made any promises to Del Francia.

On May 24, 2011, SA Flynn received an email from Del Francia stating that the IRS had levied her social security check as a means of collecting the frivolous filing penalties and accused SA Flynn of lying to her. Exh. 5 (Email from Elyse Del Francia to IRS Special Agent Greg Flynn dated May 24, 2011). SA Flynn, once again, immediately looked into the matter. At approximately the same time, IRS-CID agents in California returned a call from Del Francia and

5

learned that she had previously contacted the IRS Taxpayer Advocate Service for assistance in the matter. Exh. 6 (IRS memorandum of conversation among Del Francia, SA Marquez, and SA Adrina Yepez dated May 24, 2011). Two days later, SA Flynn identified Ron Uchimura as the taxpayer representative who assisted Del Francia. Exh. 7 (IRS Special Agent Greg Flynn memorandum of interview with Taxpayer Advocate Service representative dated May 27, 2011). The day after that, SA Flynn interviewed Mr. Uchimura, who informed him that Del Francia's levies on her social security were actually tolled pending her appeal of the frivolous filing penalties. Exh. 7. Mr. Uchmimura further informed SA Flynn that Del Francia could apply for a hardship exception to these levies in the event that Del Francia lost her appeal and told SA Flynn he would send her the necessary application forms. Exh. 7. If granted, the hardship exception would stop IRS collection activities against Del Francia. Exh. 7.

On June 30, 2011, Armstrong filed a motion styled, "Emergency Motion to Dismiss for Evidence of Prosecutorial Misconduct" that was subsequently stricken by this Court. Doc. No. 256. He attached an affidavit from Del Francia dated June 28, 2011 in support of his motion. The affidavit stated that Del Francia "personally took" two IRS-CID agent's offers to provide her with the contact information of the IRS Taxpayer Advocate Service as bribes. Doc. No. 256. That affidavit appears to form the basis of this motion as well. However, the pertinent facts in the affidavit do not appear to be at issue.[6] The Government agrees that it offered to help Del Francia by directing her to the IRS Taxpayer Advocate Service on at least two occasions. The

---

[6] The Government disagrees with Del Francia's "personal take" on the characterization of the actions of the IRS but her personal opinions are not facts and should not be considered by this court. This includes her opinion that IRS penalties constitute entrapment and her characterization of offers to provide the contact information of people that may have been able to help her as bribes.

first offer to help her was extended by SA Flynn via email in response to Del Francia's frantic telephonic complaint about the assessed frivolous filing penalties. Doc. No. 256; Exh. 3. The second offer to help Del Francia was extended in person by SA Marquez and SA Bodden while serving a trial subpoena on Del Francia and was made in response to her complaint of the same. Doc. No. 256; Exh. 8. They provided Del Francia with a one page handout that explains the IRS Taxpayer Advocate Service and provides information on how to contact them. Exh. 8.

## LAW AND ARGUMENT

### I. Motion Construction

The Government construes Armstrong's assertion that the prosecution team bribed witnesses including Del Francia as alleged violations of 18 U.S.C. § 201(c)(2).[7] Additionally, his motion references an "Exhibit A" even though no exhibits are attached. The Government construes "Exhibit A" as the three (3) page affidavit of Elyse Del Francia dated June 28, 2011 that Armstrong previously filed with this court. This affidavit was attached to the stricken motion he filed on June 30, 2011 also styled, 'EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT." Doc. No. 256.

### II. 18 U.S.C. § 201(c)(2) Bribery

The prosecution team's actions with respect to Del Francia were appropriate and in no way violated 18 U.S.C. § 201(c). Title 18 U.S.C. section 201(c) states, "whoever otherwise than as provided by law for the proper discharge of official duty . . . directly or indirectly, gives,

---

[7] The Government construes this motion liberally based upon Armstrong's *pro se* status. However, this Court has limited Armstrong's leave to file to one prosecutorial misconduct motion on the sole ground of the government's alleged attempted bribery of a witness. Doc. No. 273. Therefore, that is the only ground that this response will address.

offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation . . . shall be fined under this title or imprisoned for not more than two years, or both." 18 U.S.C. § 201(c); See also United States v. Singleton, 165 F.3d 1297 (10th Cir. 199).  There was no *quid pro quo* between the prosecution team and Del Francia .  However, even if there was, offers of leniency for the truthful testimony of a witness are an appropriate mechanism for it to carry out its duty to prosecute readily provable offenses involving culpable defendants. Armstrong is entitled to absolutely no relief.

Del Francia was not given, offered, or promised anything but the contact information of an independent, publically available office that helps taxpayers with IRS disputes.  Neither SA Flynn nor SA Marquez nor SA Bodden ever promised to forgive Del Francia's civil frivolous filing penalties and Del Francia's affidavit doesn't say that they did.  In fact, because IRS-CID is separate from IRS-civil, neither agent had the power or authority to do so.  Del Francia's "personal take" or perception of why these criminal agents were really giving her the contact information of an independent organization who could help her with a dispute she had with a separate section of the IRS is inconsequential.  The prosecution team's actions with respect to her repeated complaints were wholly appropriate.

Even if the prosecution team did offer to forgive Del Francia's civil liability for the frivolous filing fees in exchange for her truthful testimony, it wouldn't constitute bribery or any other form of prosecutorial misconduct.  Courts have "drawn a longstanding practice sanctioning the testimony of accomplices against their confederates in exchange for leniency." Singleton, 165 F.3d at 1301.  "This ingrained practice of granting lenience in exchange for testimony has created a vested sovereign prerogative . . . that can only be exercised by the United States through

its prosecutor." Id.  Accordingly, the Tenth Circuit has held that it is not a violation of section 201(c)(2) for a prosecutor to offer leniency to a possible witness in a criminal proceeding exchange for their truthful testimony since this is a concession normally granted by the Government in exchange for testimony.  Singleton, 165 F.3d at 1302.  Leniency includes plea agreements or immunity in federal criminal cases but can also include Government offers to assist witnesses in unrelated matters to include gun permits, employment issues, state criminal proceedings, or immigration hearings.  See United States. v. Rodriguez, 54 Fed. Appx. 739, 751 (3d Cir. 2002)(Holding that monetary awards and assistance with gun permit and employment in exchange for testimony are normal and permissible concessions granted by the Government in exchange for testimony); See also United States v, Murphy, 193 F.3d 1, 9 (1st Cir. 1999)(Holding that granting leniency in an unrelated state criminal proceeding or offering immigration assistance involving deportation are normal and permissible concessions granted by the Government in exchange for testimony).  In light of this precedence, an offer by the government to lessen or extinguish a witness' civil tax liability in exchange for that witness' truthful testimony is a completely permissible practice.

Armstrong's allegations that the Government bribed Elyse Del Francia are unfounded and his allegations that this Court should presume widespread bribery is just preposterous.  The prosecution team did not offer anything to Del Francia but the contact information of an independent, publically available organization that could help her with a matter that it could not otherwise help her with itself.  While the law allows a prosecution team to offer leniency to a witness in exchange for truthful testimony, that didn't even occur here.  Armstrong's motion to

dismiss for prosecutorial misconduct has absolutely no factual or legal basis and should be denied.[8]

## CONCLUSION

WHEREFORE, the Government opposes Defendant Armstrong's motion and requests that this Court deny it without an evidentiary hearing.

DATED: October 3, 2011, at Denver, Colorado.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kevin F. Sweeney
By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice

---

[8] Armstrong's requested relief is misplaced in any event. No relief is actually necessary because Armstrong possesses discovery related to the Government's dealings with Del Francia that he can use to impeach her testimony. Moreover, even if Armstrong's uncredited factual assertions of supposed bribery were credited, his remedy, at best, would be suppression of Del Francia's testimony, not the extreme remedy of wholesale dismissal of the indictment or superseding indictments in this case, as the Government's dealings with Del Francia were isolated from the rest of the Government's evidence, which Armstrong fails to show were infected by supposed government misconduct.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2011, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:  s/ *Kevin F. Sween*ey
KEVIN F. SWEENEY
Trial Attorney