**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

**ORDER**

---

**Blackburn, J.**

The matter is before me *sua sponte* concerning the soi disant **Brief Amicus Curaie** [*sic*] [#326][1] filed October 17, 2011. This paper is stricken.

This putative amicus brief was filed purportedly on behalf of the defendant, Richard Kellogg Armstrong, by the "Legal Accountability Workgroup" with an address in Austin Texas. The filing of a brief by amicus curiae has not been requested or authorized by this court. Thus, it may be stricken on that basis alone.

The caption of the case misidentifies improperly Mr. Armstrong as petitioner and the government as respondent in violation of D.C.COLO.LCrR 49.3J. The paper does not contain a signature block that conforms to the requirements of D.C.COLO.LCrR 49.3K. Conveniently, the paper is signed on behalf of the Legal Accountability Workgroup by an individual whose signature is not completely legible.

The individual who signed the paper does not identify or represent himself or herself to be an attorney, let alone an attorney in good standing of the bar of this court. If the signatory

---

[1] "[#326]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout the orders entered in this case.

is not an attorney, then the signer may be engaged in the unauthorized practice of law. Thus, until or unless the status of the signer is clarified, the matter should be referred to the Colorado Supreme Court Office of Attorney Regulation Counsel for investigation.

Substantively, although titled a "brief," the paper is quintessentially a motion to dismiss. For example, the opening sentence of the paragraph provides, "Legal Accountability Workgroup on behalf of Richard Kellogg Armstrong, respectfully *moves* this Honorable Court for dismissal of all charges in his case . . . ." Paper at 1 (Emphasis supplied). The very next sentence, which is in the very next paragraph, reads, ""Legal Accountability Workgroup, a group specializing in Constitutional and Human Rights, files this amicus curaie [*sic*] on behalf of Armstrong, *seeking an immediate order* dismissing the criminal case . . . ." *Id*. (Emphasis supplied). Then on the next page the paper continues, ". . . Amicus Curiae *moves this court* to issue an order declaring Petitioner actually innocent . . . ." *Id*. at 2, ¶ I (Emphasis supplied).

The deadline for filing pretrial motions has long since passed, and the court has not authorized the filing of such a motion, *a fortiori*, by a person who is not an attorney representing Mr. Armstrong and who has not been admitted to the bar of this court. Thus, this paper, whether considered as a as a brief or a motion, should be stricken.

**THEREFORE, IT IS ORDERED** that the **Brief Amicus Curaie** [*sic*] [#326] filed October 17, 2011, is **STRICKEN**.

Dated October 19, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

2