IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    CURTIS L. MORRIS, and
2.    RICHARD KELLOGG ARMSTRONG,

       Defendants.

---

### GOVERNMENT'S RESPONSE
### TO THE LEGAL ACCOUNTABILITY WORKGROUP'S MOTION
### FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

---

The United States of America, by and through its undersigned counsel, responds to the Legal Accountability Workgroup's (hereinafter "LAWG") "MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF" filed October 19, 2011 (hereinafter "Motion").  Doc. No. 334. For the reasons set forth below, the Government opposes the motion and requests that this Court deny LAWG leave to file an amicus curiae brief.

### BACKGROUND

On June 25, 2010, this Court entered its Trial Preparation Conference Order requiring in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed.  A request for leave to file such a paper shall not be contained or included in the paper

sought to be filed.  Doc. No.  33.

On January 27, 2011, it ordered that all non-CJA motions be filed by February 29, 2011.  Doc. No. 128.  LAWG filed this motion on October 19, 2011.  Doc. No. 334.  This Court ordered the Government to respond by November 2, 2011.  Doc. No. 335.

## LAW

"There is no inherent right to file an amicus curiae brief with [a district] court."  Long v. Coast Resorts, Inc., 49 F.Supp.2d 1177, 1178 (D.Nev. 1999).  In fact, there is no statute or rule that even speaks to the propriety of amicus briefs at the district court level.  Sierra Club v. Fed. Emergency Mgmt. Agency, 2007 WL 3472851 (S.D.Tex. 2007).  Accordingly, "[t]he extent, if any, to which an amicus curiae should be permitted to participate in a ***pending*** action is solely within the broad discretion of the district court."  Waste Management of Pennsylvania, Inc. v. City of York, 162 F.R.D. 34, 36 (M.D.Pa. 1995)(emphasis added).  Nonetheless, in exercising this broad and unfettered discretion, district courts often look to the spirit of Rule 29 of the Federal Rules of Appellate Procedure concerning amicus curiae briefs.  Fed. R. App. P. 29; Martinez v. Capital Cities/ABC-WPVI, 909 F.Supp. 283, 286 (E.D.Pa. 1995); Jin v. Ministry of State Security, 557 F.Supp.2d 131, 136-37 (D.D.C. 2008).

"An amicus, of course, is not a party to the litigation and participates only to assist the court."  Waste Management of Pennsylvania, Inc., 162 F.R.D. at 36.  Therefore, courts typically only allow amicus curiae briefs to be filed when they are both "useful and timely."  Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J. 1985), aff'd mem., 782 F.2d 1033 (3rd Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986); Waste Management of Pennsylvania, Inc., 162 F.R.D. at 36; Long, 49 F.Supp.2d at 1178.

Though not a party to litigation, an amicus must still comply with the appearance requirements of Section 1654, Title 28 of the United States Code and the local rules of this Court. Under both the federal statute and local rules, only pro se parties and licensed attorneys may appear or sign pleadings, motions, or other papers. D.C.COLO.LCrR 44.1(a); 18 U.S.C. § 1654. However, generally speaking, organizations are more limited in their representation than natural persons. <u>Harrison v. Wahatoyas, L.L.C.</u>, 253 F.3d 552, 556-57 (10th Cir. 2001). Because organizations are incapable of acting except through their agents, they are incapable of representing themselves pro se. <u>Jones v. Niagara Frontier Transp. Authority</u>, 722 F.2d 20, 22 (2nd Cir. 1983); <u>MOVE Organization v. U.S. Dept. of Justice</u>, 555 F.Supp. 684, 693 (D.C.Pa. 1983). Therefore, unlike natural persons, federal courts generally require an attorney to make appearances and file pleadings for organizations. <u>Harrison</u>, 253 F.3d at 556-57.

## ARGUMENT

LAWG has not made a proper appearance in this case and its proposed amicus curiae brief will offer no assistance to this Court with respect to any pending issue. The granting of leave to file will do nothing but unnecessarily waste time and resources. The motion should be denied without a hearing.

LAWG has not made a proper appearance in this case. Its motion lists LAWG in the signature block but is signed by an unidentified person.[1] Moreover, its silent as to this person's relation to LAWG. The return address on the envelope used to file the motion similarly fails to identify this or any other individual. Since the motion does not appear to have been signed or filed by a licensed attorney, it fails to comply with the appearance requirements under Section

---

[1] The signature is utterly illegible and does not contain his or her printed name.

3

1654, Title 28 of the United States Code and the local rules of this Court.  This Court can and should strike the motion on procedural grounds.

LAWG's motion for leave to file should also be denied on substantive grounds because the proposed amicus brief is neither timely nor useful to this Court.  The proposed amicus curiae brief admittedly only "raises one issue."[2]  Doc. No. 326 at 2.  The issue relates to this Court's subject matter jurisdiction.  Doc. No. 326.  Specifically, it alleges that the enactment of Title 18 of the United States Code is unconstitutional based upon alleged violations of the quorum clause. Doc. No. 326.  However, this argument has already been made by Armstrong, rejected by this Court as frivolous, and is no longer a pending issue.  Doc. No. 169.  The proposed amicus brief is, therefore, untimely if not moot.  Moreover, it makes little sense for this Court to consider the views of non-party laymen concerning arguments already deemed by it and other courts to be

---

[2]   The Government construes LAWG's references in the motion to instances of conflicts of interest, bribery, grand jury fraud, and judicial bias that it has allegedly observed as bases for why leave to file should be granted.  Doc. No. 334 at 1.  LAWG's allegations of conflicts, misconduct and bias, wholly conclusory in nature and factually baseless, fail to explain, however, why the Court should entertain from it an unrelated legal argument concerning the unconstitutionality of Title 18, United States Code, the sole issue raised in the proposed brief served upon the government and docketed but stricken by the Court. Doc. No. 326.

This Court, in any event, has already considered and rejected arguments by defendant Armstrong that the presiding district judge is biased and should recuse himself and that the government has committed "grand jury fraud" and bribed a witness.  While LAWG asserts that one of the prosecutors in the case has committed "gross misconduct" because he has a "direct conflict" owing to his spouse's employment with the Internal Revenue Service ("IRS"), LAWG fails to explain why that employment would constitute a "direct conflict of interest" for the prosecutor to be involved in the case,  no less "gross misconduct" on his part.  For whatever it is worth, that prosecutor's spouse ceased to be employed by the IRS well before the initiation of charges in this case and the investigation that led to them.  Accordingly, this accusation, like the others, is factually unfounded and irrelevant.

frivolous.  Docs. No. 169, 326.  "The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative . . . [and]  lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.  Jones, 722 F.2d at 22.  The granting of leave to file the proposed amicus curiae brief would serve only to waste time and resources litigating such vexatious claims.

This case is similar to the Long case in which the District Court of Nevada denied a motion for leave to participate as amicus.  Long, 49 F.Supp.2d at 1177-78.  In that case, the District Court found that the motion and proffered brief was "neither timely nor useful."  Id.  In reaching its conclusion, the District Court noted that the motion for leave had been filed two months **after** the Court issued an Order on the matter and that the brief merely reargued what had already been argued.  Id.  Similar to the facts in Long, LAWG filed its motion for leave to file **after** this Court had already adjudicated the issue LAWG sought to raise.  Moreover, there does not appear to be any differences between the arguments that LAWG will make and that which Armstrong has already made.  Therefore, like the District Court in Long, this Court should deny LAWG leave to file the proposed amicus curiae brief.

## CONCLUSION

WHEREFORE, the Government opposes LAWG's motion and requests that this Court deny it leave to file an amicus curiae brief.

DATED: October 31, 2011, at Denver, Colorado.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney


        <u>s/Kevin F. Sweeney</u>
        By: Kevin F. Sweeney
        Trial Attorney
        Tax Division
        U.S. Department of Justice

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of October 2011, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO THE LEGAL ACCOUNTABILITY WORKGROUP'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Lisa Monet Wayne
    lmoney20@aol.com

    David L. Owen
    davidowen@lodopc.com


I also certify that I sent the foregoing via U.S. Mail to the following:

    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution
    Inmate Mail/parcels
    9595 West Quincy Avenue
    Littleton, CO 80123


                                       By:    s/ *Kevin F. Sween*ey
                                                   KEVIN F. SWEENEY
                                                   Trial Attorney