FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 NOV -9 AM 9:01

GREGORY C. LANGHAM
CLERK

BY _____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

UNITED STATES OF AMERICA §
    Plaintiff, §
§
v §   No. 10-CR-00317-REB
§
CURTIS L MORIS, §
RICHARD KELLOGG ARMSTRONG §
    Defendants §
_____§

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT

    Comes now, Defendant, Richard Kellogg Armstrong, and files this Reply to Government's Response.

A.    PROSECUTOR IS ACTING AS WITNESS

    On page 1 and 2 of the Government's Response the prosecutor is acting as a fact witness, which is forbidden. Therefore, the response must be stricken, or the prosecutor must resign and be sworn in as a witness. For example, the prosecutor says that "the prosecution team did suggest...". That is a factual statement from a witness. The prosecutor has not been sworn in as a witness. The Response from the government must be stricken or the prosecutor must be sworn in and cross-examined, and resign as US attorney on this case.

B.    PROSECUTOR'S STATEMENTS ARE HEARSAY

    The prosecutor's statements are hearsay, and must be stricken. Statements on page 1-2 such as the "prosecution team did suggest" and "though Del Francia has never been offered leniency" constitute hearsay, statements without personal knowledge. The prosecutor's response must be stricken.

C.    PROSECUTOR HAS A CONFLICT OF INTEREST

    The prosecutor will receive a bonus or raise if the prosecutor wins this case. However, the prosecutor has failed to recuse himself as having a conflict of interest in this case. The prosecutor's wife is an IRS agent, and the IRS is his client. The prosecutor is acting in violation of the Code of Professional Responsibility for a Prosecutor and in violation of State Bar Code of Professional Conduct.

D.    PROSECUTOR'S STATEMENTS ARE CONCLUSORY

    The prosecutor's statements constitute begging the question and are circular and conclusory. The prosecutor's statements are self-fulfilling. Thus the response by the prosecutor must be stricken.

E.    THE RESPONSE MUST BE STRICKEN BECAUSE THE PROSECUTOR USES INFLAMATORY STATEMENTS, INTENDED TO SWAY THE COURT

    On page 2, the government states "Morris scheme". No scheme has been proven, and the government is finding the Defendant already guilty without a trial. The government states: "Del Francia is a friend of Armstrong's and a client of his and Morris's scheme to file false individual income tax returns claiming fictitious Form 1099-OID withholding during 2008-2009." Those statements are not only inflammatory, intended to sway the court, but are hearsay and not yet proven. The government's response must be stricken.

F.     THE GOVERNMENT'S DENIAL OF BOND IS INTENDED TO INSURE DEFENDANT CAN NOT DEFEND HIMSELF

The government continues in their diatribe in their response to attempt to inflame the court and portray Defendant as the equivalent of Jack the Ripper. Yet Defendant does not even have a traffic ticket, and has never been convicted of a crime. The intention of the government is to so inflame the court that Defendant can not obtain pre-trial bond (an Eighth Amendment right) in order to properly defend himself.

G.     THE GOVERNMENT ADMITS THAT THE EVIDENCE FROM DEL FRANCIA FORMS THE BASIS OF SEVERAL COUNTS OF THE SUPERSEDING INDICTMENT

On page 3 of their response the government admits that the information from Del Francia forms the basis of several counts of the superseding indictment. That admission makes Del Francia a significant witness in this case. Then the prosecutor attempts to dismiss the seriousness of her testimony by stating that the prosecutor's office did not know about the frivolous filing penalties until after the superseding indictment. Page 3. The prosecutor should take a lie detector test. He would fail. It is common knowledge that facts known to the agents are known to the prosecutor. For the prosecutor to play this game with the court requires that prosecutor's motion be stricken.

H.     THE CID IS NOT INDEPENDENT OF THE CIVIL DIVISION

The government next claims that the CID is independent of the civil division. In other words the government has a Chinese Wall that shields information. Once again the prosecutor is attempting to mislead the court. The civil divisions of the IRS routinely refer criminal referrals to the CID as a matter of policy. The government's statements are malarkey and the response should be stricken.

I. THE GOVERNMENT MISQUOTES THE LAW

The government then tries to extrapolate the findings of Singleton to justify their unlawful acts of attempted bribery. It stands in logic that if the government attempts to bribe one witness, they will attempt to bribe others. It also stands in logic that the government attempts to turn potential witnesses into informants in order to control them at trial. It further stands in logic that the prosecutor has at least two interviews with a potential witness: on the first interview the prosecutor throws out a mild threat and states that if the person cooperates with the government then the prosecutor will not do anything against that witness. In the second interview prior to trial the prosecutor hands the witness a script and instructs the witness what to say during testimony. If that is not coercion of a witness then we should all live in the day of Judge Roy Bean.

The government seems to think that the Singleton case justifies the government bribing witnesses. The actions of the government would clearly qualify as intimidation or bribery. The government also misquotes Singleton. "It further follows, therefore, the absence of such language makes patent section 201(c )(2) was not intended to apoly to the United States or its attorneys" Singleton, page 4. The offer was not made from a US Attorney but from an IRS agent. Singleton goes on to state: "Our conclusion in no way permits an agent of the government to step beyond the limits of his or her office to make an offer to a witness other than one traditionally exercised by the sovereign." Singleton, pg. 4 of 5, FN.

The government further attempted to mislead the court by failing to cite Webb v. Texas, 409 U.S. 95 (1972), which supersedes Singleton. "In Washington v. Texas, 388 U.S. 14, 388 U.
S. 19 (1967), we stated: 'The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is, in plain terms, the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.' In the circumstances of this case, we conclude that the judge's threatening remarks, directed only at the single witness for the defense, effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment. Washington, pg. 3 of 8. In this case, Fifth Amendment Due Process was violated by the agent and his actions, rendering the indictment void.

CONCLUSION

For the reasons above, the court should strike the government's response. The government wants to take the United States into a new era: Where the bribery or coercion of testimony is completely legal, as long as it is by the government. If the government's argument is allowed to stand, the government can do anything they want to win a case, legal or illegal. The court should strike the government's Response for the reasons cited and invoke the Due Process rights as expounded in Washington, supra.

Respectfully submitted,

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

CERTIFICATE OF SERVICE

On this the __6 TH__ day of __NOVEMBER__, a true and correct copy of the foregoing was served on opposing counsel by first class mail, postage prepaid.

Richard Kellogg Armstrong

November 6, 2011

Honorable Judge Robert E. Blackburn,
U.S. District Court Colorado
901 19th Street
Denver, CO 80294-3589

Subj: Response to Government's Response To Defendant Armstrong's Emergency Motion To Dismiss For Evidence of Prosecutorial Misconduct, Case No. 10-cr-00317-REB-2

Honorable Judge Blackburn,

Enclosed is my response as noted above that you had authorized me to file in open court October 18, 2011, during the scheduled status conference.

I was prepared to file my response that day but, as you may recall, the status conference was cancelled at 2:10 PM. It was not specifically clear in your Minute Order #319 if my filing was to be oral or written so please accept this as my belated response. Thank you.

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong, pro se



Richard K. Armstrong
20413-298
Federal Detention Center Englewood
9595 Quincy Ave.
Littleton, CO 80123

LEGAL MAIL

GREGORY C. LANGHAM, CLERK
Honorable Judge Robert E. Blackburn
US District Court Colorado
901 19th St.
Denver, CO 80294-3589

RECEIVED
NOV 08 2011
UNITED STATES DISTRICT COURT
DENVER, COLORADO