

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | No. 10-cr-oo317-REB-2 |
| | § | |
| RICHARD KELLOGG ARMSTRONG | § | |
| Defendant | § | |
| | § | |

## MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF

Comes now, Richard Kellogg Armstrong, Petitioner, unrepresented, and moves

the court to issue a show cause order for the Attorney General of the United States, the

supreme authority related to federal law in the United States[1], or his designated

representative in the District of Colorado, Denver Division, in the case of *United States v.*

*Armstrong,* Case No. 10-cr-00317-REB-2, to answer a certified question of law related to

the court's jurisdiction to prosecute Petitioner.

### A.     Introduction

A federal judge is bound by his oath to uphold the Constitution of the United

States, understanding that the United States of America is a nation of law. Without law,

anarchy would reign in the United States. Therefore, the court has a duty to insure that

the question of jurisdiction is answered, see *Carol Ann Bond v. United States*, no. 09-

1227 (any statute repugnant to the Constitution is void)[2] and if no jurisdiction exists, the

---

[1] Under the Supremacy Doctrine, the attorney general is also the Supreme Authority for state law.
[2] The vote in Bond was 9-0, and the court reaffirmed its litany of Supreme Court jurisdictional cases. The Supreme Court has repeatedly warned the lower courts not to attempt to overturn its decisions.

1

government is bound to issue an admission declaring Public Law 80-772 void,[3] answer

the following certified question of law within fourteen (14) days and put their stamp and

government seal on the answer.

It should be noted, that all government officials are required to take an oath to

uphold the Constitution, and as a part of taking the office, have also taken an oath to

uphold the integrity of the legal system of the United States.  Without a legal system, this

country would revert to chaos.

"The United States Attorney is the representative not of an ordinary party to a

controversy, but of a sovereignty whose obligation to govern impartially is as compelling

as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution

is not that it shall win a case, but that justice shall be done.  As such, he is in a peculiar

and very definite sense the servant of the law, the twofold aim of which is that guilt shall

not escape or innocence suffer.  He may prosecute with earnestness and vigor - indeed, he

should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones.

It is as much his duty to refrain from improper methods calculated to produce a wrongful

conviction as it is to use every legitimate means to bring about a just one."

*Berger v. U.S.,* 295 U.S. 78, 88  (1935)

"As an attorney, it was my mandate to fight against authority when it was overbearing,

abusive, or unjust, but also to respect and believe in the system.  When I challenged the

system it was not from disrespect; rather, it was the ultimate form of respect. I understood

---

[3] Failure for the US attorney to admit the clear evidence that the statute is invalid would constitute lack of candor to the court and would be a violation of the rules for US prosecutors and the Citizens Protection Act of 1998.

2

then, as I do today, that absent challenge, authority becomes totalitarian.  Authority needs to be challenged if we are to ensure the integrity of the process.  It is one of the great truths of our system."

-- Judge Harold J. Rothwax

## B.   Offer of Proof

Defendant has witnesses, evidence, and testimony in an offer of proof that Title 18 is void, ab initio, and that 18 USC § 546 (1940)deprived the district court of jurisdiction over any alleged crimes other than Title 18 crimes, and deprived the district court of jurisdiction over Title 18 crimes after 1940 due to the Fair Warning Doctrine.

The court cannot refuse an offer of proof.  Upon evidencing the essential facts, it will be plain and clear that the case against Armstrong must be totally stricken from the record.

5)   *"Allegations such as those asserted by petitioner, (a pro se litigant), however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. Accordingly, although we intimate no view on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof."*
*Haines v. Kerner*, 404 U.S. 519, 522.

Armstrong presents the following offer of proof:

The first point is that *Marshall Field & Co.*, 143 US 649 (1892), the enrolled bill rule, required that the Speaker of the House and President of the Senate sign the bill into law in **"open session".**   The bill was signed into law not in "open session" as it was signed by the Speaker of the House and President of the Senate on June 23, 1948, after Congress was completely and fully adjourned sine die on June 20, 1948, and was **not in open session**.  Further, *Field v. Clark* was overturned by *Clinton v. New York*, 524 US

417 (1998) and *US v. Munos-Flores*, 495 US 385 (1990).  See FN 4 of *Munos-Flores*

(*Munos-Flores* and *Clinton* together overturned *Marshall Field* on *Field's* own facts and

thereby limited is application to errors not of Constitutional magnitude).

## C.    Controlling Authority

Article I, Section V, Clause I of the Constitution: "Each House shall be the Judge

of the Elections, Returns and Qualifications of its own Members, and a Majority of each

shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to

day, and may be authorized to compel the Attendance of absent Members, in such

Manner, and under such Penalties as each House may provide."  The Court should take

mandatory judicial notice of Article I, Section V, Clause I of the Constitution.

*Carol Ann Bond v. United States*, 09-1227, 6/16/11, in which the Supreme Court

in a 9-0 vote reaffirmed its prior rulings related to a challenge to jurisdiction and declared

that any statute that is repugnant to the Constitution is void.  The Court should take

mandatory judicial notice of Carol Ann Bond v. United States.  The lower courts have

repeatedly been warned not to overturn Supreme Court precedent.

Where issues arise as to jurisdiction or venue, discovery under the federal rules of

civil procedure (rules 26-27) is available to ascertain the facts bearing on such issues.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-351, 57 L.Ed.2d. 253, 98 S.Ct.

2380 (1978).  The Court should take mandatory judicial notice of *Oppenheimer Fund,*

*Inc. v. Sanders.*

The Congressional Records of the 80th Congress, which establishes that no quorum was present on May 12, 1947 when the House "voted" on Public Law 80-772 and no quorum was in place on June 23, 1948 when the Speaker of the House and the President pro tempore of the Senate "signed" Public Law 80-772.  The court should take mandatory judicial notice of the records of the 80th Congress.

The exhibits attached hereto, which are self-authenticating as government documents:

1.  The letter from Jeff Trandahl, Clerk of the House dated June 28, 2000, addressed to Charles R. Degan, in which Trandahl stated that Title 18 was not voted on by Congress in June of 1948.  **Exhibit A.**  Since the document is self-authenticating, the court should take judicial notice of the document.

2.  The letter from Karen L. Haas, Clerk of the House dated September 11, 2008 **Exhibit B**, in which she stated:  "After conducting a thorough examination of the journals, I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill, although pages 343344 of the Journal of the House of Representatives from the 1[st] Session of the 80[th] Congress indicates that the bill was amended, purportedly passed, and transmitted to the Senate for concurrence.  The Senate took no action on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment...."  Since the document is self-authenticating, the Court should take mandatory judicial notice of the

document.

3.  The letter from Nancy Erickson, Secretary to the Senate, to Mr. Wayne
    Matthews, **Exhibit C,** in which she stated:  "I asked the Senate Historian's
    office to review the correspondence you enclosed, and they were able to
    verify that no action was taken by the Senate on H.R. 3190 prior to the
    December 19, 1947 *sine die* adjournment.  I have enclosed relevant pages
    from the House journal and Congressional Record for your reference."  Since
    the document is self-authenticating, the Court should take mandatory judicial
    notice of the document.

4.  A letter dated August 24, 2010 form the Office of the Clerk of the House,
    **Exhibit D**, in which it stated:  "Our office has conducted research of the
    House Journal and the Congressional Record in regards to HR 3190 and the
    voice vote that was taken on May 12, 1947.  After researching these official
    proceedings of the US House of Representatives we have been unable to find
    the names of the 44 Members who responded to the voice vote.  We have
    included pages from the House Journal and the Congressional Re cord that
    shows the proceedings of that day as far as the quorum is concerned....".
    Since the document is self-authenticating, the Court should take mandatory
    judicial notice of this portion of the document.[4]

---

[4] Miller makes one significant error in her letter, when she states that "HR 3190 was passed by the House
and Senate on June 18, 1948 and became Public Law 80-772 on June 25, 1948."  Miller cites no evidence

5. An internal memorandum to staff by Harley G. Lappin, Director of the
Federal Bureau of Prisons, dated July 27, 2009 at 3:17 PM, **Exhibit E,** which
states:  Attention all Department Heads, there has been a large volume of
inmate Requests for Administrative Remedies questioning the validity of the
Bureau's authority to hold or classify them under 18 U.S.C. §§4081, et. seq.
(1948).  On the claim that Public Law 80-772 ws never passed or signed in the
presence of a Quorum or Majority of both Houses of Congress as required by
Article I, §5, Clause 1 of the Constitution.  Although most courts have, thus
far, relied on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits
of these claims, however the have been some which have stated that they were
not bound by the Field case, but those cases did not involve any Quorum
Clause challenge.  So out of an abundance of caution, I contacted the Office of
Legal Counsel, the National Archives and the Clerk of the House of
Representatives to learn that there is no record of any quorum being present
during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93
Cong.Rec. 5049) and the record is not clear as to whether there was any
Senate vote on the H.R. 3190 Bill during any session of the 80th Congress.
There is only one Supreme Court case that says in order for any bill to be
valid the Journals of both Houses must show that it was passed in the presence
of a Quorum.  See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892).
The Clerk of the House states that the May 12, 1947 vote was a 'voice vote',

---

for her statement.  As Exhibit A, the letter from Jeff Trandahl, clerk of the House states, "Congress was in
session on June 1, 3, 4, 7-12, and 14-19, 1948, however Title 18 was not voted on at this time."

but the Parliamentarian of the House states that a Voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum.  On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal.  It appears that the 1909 version of the Federal Criminal Code has never been repealed.  Therefore, in essence our only true authority is derived from the 1948 predecessor to Public Law 80-772.  "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994).  Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or the courts can repeal or declare a federal statute unconstitutional."  Since the document is self-authenticating, the Court should take mandatory judicial notice of this document.

### D.    Fair Warning Doctrine Prevents Prior Jurisdiction

The Fair Warning Doctrine, which prevents any district court from obtaining jurisdiction pursuant to the 1909 codification of Title 18.

**Fair warning doctrine** invokes due process rights and requires that criminal statute at issue be sufficiently definite to notify persons of reasonable intelligence that their planned conduct is criminal.  *United States v. Nevers*, 7 F.3d 59 (5th Cir. 1993). See

*United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080(3d Cir. 1974)(The notice requirements of Due Process would not permit a state, after ruling one of its criminal statutes was overly vague, to apply that statute's superseding predecessor statute in the very case which ruled the successor statute unconstitutional).

In *United States ex. Rel. Clark v. Anderson*, 502 F.2d 1080(3d Cir. 1974), 502 F.2d 1080, 1081-1082, the court found that at the time the offense occurred and the accused was indicted, "the state of Delaware had published and was holding out the new [statute] as its only proscription of such misconduct as the indictment charged." The crime was also not a crime at common law. The court ruled the new statute unconstitutional. ***And by definition, an unconstitutional statute is one that fails to give fair notice that particular conduct is proscribed by the state.*** See *United States v. Harris*, 1954, 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808; *Connally v. General Construction Co.*, 1926, 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126. Thus, the state's own interpretation of the new statute and its rejection of that section as a statutory basis for Clark's prosecution caused the court to hold that the new statute did not provide constitutionally adequate notice.

The *Clark* court determined that the defendant's conviction **could be upheld only if** the old statute, the supercession of which had been legislatively declared and publicly announced, could continue to serve as notice of the criminality of defendant's conduct. In order to reach that conclusion the court decided that one would have to reason, first that the new statute on its face gave adequate notice of its own invalidity, and second, that the public, thus informed, was then put on further notice that the officially announced statutory repeal or supercession of the old statute was legally ineffective. Id.

The court concluded that such reasoning was "too tortured and too far removed" from reality to satisfy the due process requirement that, at the time of the alleged offense, the accused shall have been on notice that his conduct was proscribed by the criminal law. The court could not even surmount the first hurdle that the new statute could serve as notice of its own invalidty. Without that notice, no occasion was available to consider the old statute as possibly relevant.

As in the *Clark* case, and its Supreme Court precedents, to meet Due Process, Public Law 80-772 and 18 U.S.C. § 3231 would have had to give adequate public notice on their faces of their own invalidity and the public would have to have been put on further notice that the officially announced statutory repeal or supercession of the old statutes was legally effective. The court can not even reach the first hurdle, much less the second one. The court obtained its jurisdiction to prosecute crimes pursuant to 18 U.S.C. § 3231. Without proper notice of the invalidity of the statute, defendant's indictment and conviction can not be upheld and the court has only one choice, to order dismissal of defendant's indictment and conviction ab initio.

According to standing precedent, this court had absolutely no jurisdiction to prosecute Defendant under either 18 U.S.C. § 3231 or the prior enactment. On June 25, 1948, President Truman signed into law Public Law 80-773 enacting into positive law Title 28, United States Code. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869. That Act positively repealed the former criminal jurisdiction granted to the district courts. id., § 39 *et seq.*, 62 Stat. 991 *et seq.* (positive repeal listing former 28 U.S.C. § 41, ¶ 2 in schedule of repealed statutes). The court should take mandatory judicial notice of the Fair Warning Doctrine.

The court should take judicial notice of *Field v. Clark*, 143 U.S. 649 (1892), which invoked the enrolled bill rule. *Field v. Clark* is inapplicable to this issue by its own terms:

"a Congress in *open session*".  Field has since been overturned by the Supreme Court.

The court should take mandatory judicial notice that no court has made findings of fact and conclusions of law regarding the Quorum issue.

### E.    Request for Certified Questions of Law

The following questions should be addressed and answered by the Attorney General, his designated representatives and/or a federal judge:

1) On May 12, 1947, the House of Representatives voted on Public Law 80-772, Title 18, the United States Criminal Code, by a vote of 38 to 6, when 435 members were in the House of Representatives.  Under Article I, Section 5, Clause 1 of the Constitution, a quorum is required for any House to pass a bill.  Since no quorum was present on May 12, 1947, and this is the only vote of the House of Representatives during the 80th Congress, does that render Public Law 80-772 unconstitutional and **void ab initio?**

2) On June 23, 1948, in the second session of the 80th Congress, after Congress was completely and fully disbanded *sine die* on June 20, 1948, at 7 am (a Sunday), the President pro tempore of the Senate and the Speaker of the House of Representatives signed Public Law 80-772 without Congress being in session and without a quorum being

present.  Does that violation of the quorum Clause of the Constitution, Article I, Section 5, Clause 1, on June 23, 1948,  render Public Law 80-772 *void ab initio*?

3)Assuming Public Law 80-772 is *void ab initio*,  because it violated Article I, Section 5, Clause 1, of the Constitution, can a court exercise jurisdiction under the 1940 prior codification of Title 18, which was repealed in 1948?

4)Assuming Article I, Section 5, Clause 1 of the Constitution is good law and no quorum existed during the enactment of Public Law 80-772 in the 80th Congress, can a court exercise jurisdiction under the 1909 statute for Title 18, which is in violation of the Fair Warning Doctrine of the United States?

5)Assuming Article I, Section 5, Clause 1 of the Constitution is still good law, can a court exercise jurisdiction pursuant to 18 USC section 3231, which is part of Public Law 80-772, its only jurisdictional authorization, or since Public Law 80-772 is unconstitutional, are all sections of Public Law 80-772 unconstitutional and void ab initio?

I, Richard Kellogg Armstrong, request that these questions be answered, that Public Law 80-772 be declared unconstitutional, and that I be ordered released from my illegal confinement.    *Richard Kellogg Armstrong*, pro se

**CERTIFICATE OF SERVICE**

On this the ___16 TH___ day of ___NOVEMBER___, 2011, a true and correct copy of the foregoing was sent by First Class U.S. Mail to John F. Walsh, U.S. Attorney, as opposing counsel in this case as is required by law.


Richard Kellogg Armstrong, pro se

Petitioner/Defendant

**APPENDIX A**

JEFF TRANDAHL
CLERK

MARTHA C. MORRISON
DEPUTY CLERK

H-154 THE CAPI

# Office of the Clerk
## U.S. House of Representatives
### Washington, DC 20515-6601

June 28, 2000

Mr. Charles R. Degan
Mail Stop 116012076
Building Beale B 313
1101 John Denie Road
Memphis, TN 38184

Dear Mr. Degan:

Thank you for your letter requesting information on Title 18.

In response to your inquiry, Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time. As you may know, Title 18 covers 845 pages in the U.S. Code and this wording was developed over many years. Signed copies of laws are archived at the National Archives and Records Administration and are not available to the public.

I hope that I have been of some assistance to you. For future reference, most federal depository libraries possess this type of information. For the depository library closest to you, please consult the Government Printing Office web site: www.gpo.gov/libraries.

With best wishes, I am

Sincerely,

Jeff Trandahl

JT/rs

**APPENDIX B**

# Office of the Clerk
## U.S. House of Representatives
### Washington, DC 20515-6601

September 11, 2008

Thank you for contacting the Office of the Clerk.

After conducting a thorough examination of the journals, I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill, although pages 343-344 of the Journal of the House of Representatives from the 1st Session of the 80th Congress indicates that the bill was amended, purportedly passed, and transmitted to the Senate for concurrence. The Senate took no action on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment.

Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. Therefore by counting the total yea and nay vote a quorum was not present.

According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting. I found no record of any names for the May 12, 1947 vote. I hope this information has answered your questions.

Sincerely Yours,

*Karen L. Haas*

Karen L. Haas
Clerk, U.S. House of Representatives

**APPENDIX C**

NANCY ERICKSON
SECRETARY

SUITE S-312
THE CAPITOL
WASHINGTON, DC 20510-7106
(202) 224-3622

# United States Senate

### OFFICE OF THE SECRETARY

March 9, 2009

Mr. Wayne E. Matthews
713 Bonnie Meadow Lane
Ft. Washington, MD 20744

Dear Mr. Matthews:

    Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress.

    I asked the Senate Historian's office to review the correspondence you enclosed, and they were able to verify that no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 *sine die* adjournment. I have enclosed relevant pages from the *House Journal* and *Congressional Record* for your reference.

Sincerely,

Nancy Erickson
Secretary of the Senate

NE:rwp

Enclosures

**APPENDIX D**

H-154 THE CAPITOL

LORRAINE C. MILLER
CLERK

DEBORAH M. SPRIGGS
DEPUTY CLERK

ROBERT F. REEVES
DEPUTY CLERK

MARIA A. LOPEZ
DEPUTY CLERK

# Office of the Clerk
## U.S. House of Representatives
### Washington, DC 20515-6601

August 24, 2010

Thank you for contacting the Office of the Clerk.

Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947.  After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote.  We have included pages from the House Journal and the Congressional Record that shows the proceedings of that day as far as the quorum is concerned.  The text of HR 3190 passed on May 12, 1947 it was debated, engrossed and the motion was laid on the table.  HR 3190 was passed by the House and Senate on June 18, 1948 and became Public Law 80-772 on June 25, 1948.  The House Convened on December 19, 1947 for daily business the start of a new session of Congress was January 6, 1948.  We hope the provided information and documentation will aid in your research.

Legislative Resource Center

Office of the Clerk

US House of Representatives

**APPENDIX E**

FROM : LINDA MARIANO                    PHONE NC. : 7849552999                   May. 15 2012 07:58PM P1

Page 1 of 1

## Harley G. Lappin

From:   "Harley G. Lappin" <harley.lappin@usdoj.gov>
Sent:   Monday, July 27, 2009 3:17 PM



Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649(1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

Harley G. Lappin
Director, Federal Bureau of Prisons

7/27/2009

Honorable Judge Robert E. Blackburn
United States District Court Colorado
901 19th Street
Denver, CO 80294-3589

Ref: UNITED STATES OF AMERICA
      Plaintiff
         v.
   RICHARD kELLOGG ARMSTRONG
      Defendant

Subj: MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE AND AN OFFER OF PROOF

Judge Blackburn,

    Enclosed is Petitioner's Motion as noted above, the filing of which you authorized to occur within fourteen days of the November 1, 2011, court hearing.

    Petitioner made every effort to file the subject Motion within the allotted time but was inhibited from doing so because of the delays in receipt of that document due to the inadequacies of the BOP mail delivery system.

    As this is an exceptionally important Motion for Petitioner's defense, Petitioner asks that you accept and allow the filing of the subject Motion into this case.

    Petitioner has just gained possession of the document through the BOP mail system and is mailing to the Court via Priority Mail, Certified #7010 3090 0002 7264 9945 as the most expeditious method available to Petitioner.

    Thank you for your assistance and understanding in this matter.

    Respectfully.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong, pro se
Petitioner

Richard K. Armstrong
2011-3-298
Federal Detention Center
Englewood
9595 Quincy Ave,
Littleton, CO 80123

Clerk of This Court
U.S. District Court Colorado
901 19th St.
Denver, CO 80294-3589