IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.     RICHARD KELLOGG ARMSTRONG,

        Defendant.

---

**GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S MOTION
FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL
RELEASE ON BOND PURSUANT TO 8TH AMENDMENT**
[*corrected copy*]

---

The United States of America, by and through its undersigned counsel, responds to Defendant Armstrong's motion styled "MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT" (DE 359). As indicated below, this motion constitutes defendant Armstrong's fifth undertaking to litigate his pretrial detention in this case, a matter that has now been considered and reviewed by two federal magistrate judges, the presiding district judge in this case and three federal appellate judges of this circuit. For reasons which follow, the government opposes the motion and requests that this Court deny Armstrong leave to file a motion for rehearing on his pretrial detention.

**Background**

On May 20, 2010, defendant Armstrong was arrested in the Southern District of

California based on a complaint filed and arrest warrant issued in this case (DE 1, 2). On May 25, 2010, a magistrate judge in the Southern District of California conducted a pretrial detention hearing on the government's request that defendant Armstrong be detained pending trial in this case. After receiving arguments from government counsel and Armstrong, through retained counsel, the magistrate judge ordered that Armstrong be held in custody pending trial on the ground that he was a flight risk and ordered his removal to the District of Colorado forthwith (DE 8). On June 21, 2010, following his initial appearance in this district and his arraignment on the indictment in this case, Armstrong, then represented by court-appointed counsel, successfully moved to reopen the issue of his detention before Magistrate Judge Kathleen Tafoya, who conducted an evidentiary hearing at which the government presented testimony from its case agent, IRS-CID Special Agent Greg Flynn, in support of Armstrong's continued detention, and Armstrong, through his court-appointed counsel, cross-examined the agent and made a factual proffer and argument in support of Armstrong's pretrial release on various possible conditions (DE 23, 48). After hearing the testimony, defense counsel's proffer and counsels' argument, Magistrate Judge Tafoya orally reaffirmed that defendant Armstrong was a risk of flight and so should be detained pending trial because there were no conditions or combinations of conditions short of detention that would reasonably ensure his future presence in this case (DE 48, 6/21/10 Detention Hrg. Tr. at 97-99). The following day, the magistrate judge issued a written order detailing her findings of fact and conclusions of law supporting Armstrong's continued detention (DE 30).

On July 14, 2010, Armstrong's court-appointed counsel filed a motion for reconsideration, with the presiding district judge in this case, of Magistrate Judge Tafoya's

detention order (DE 43) In response, the Government submitted additional evidence uncovered after the June 21, 2010 hearing (DE 49). On July 23, 2010, this Court conducted a hearing as part of its *de novo* review of the motion for reconsideration and took the issue under advisement (DE 51, 75). After judicially noticing all relevant adjudicative facts in the record and file, carefully considering the additional evidence, proffers, and argument presented at the hearing, and reviewing the Pretrial Services Report, this Court issued a written order affirming Magistrate Judge Tafoya's factual finding and conclusions of law and agreeing that defendant Armstrong presented a risk of flight warranting continued detention (DE 54).

Defendant Armstrong, through court-appointed counsel, appealed this ruling with the United States Court of Appeals for the Tenth Circuit (DE 56). On September 28, 2010, finding oral argument to be unnecessary and ruling on the parties' briefs, the Tenth Circuit affirmed this Court's detention order, finding that the Court properly determined, based upon the evidence, that Armstrong: (1) was a flight risk; and (2) should be detained pending trial (DE 86).

On September 19, 2011, following the Court's February 29, 2011 deadline for pretrial motions (DE 128), defendant, proceeding *pro se*, moved the Court for leave to file a motion for rehearing on the issue of his pretrial detention in this case, alleging, without more, that the government's case agent had previously presented "fraudulent, misleading and perjurious statements" in support of the government's detention requests (DE 297). The Court denied this motion on October 17, 2011, finding that defendant Armstrong had not shown why the motion could not have been filed before the February 29th motions deadline, had not established a factual basis for his contentions and had already had an adequate opportunity to cross examine the case agent (DE 324).

3

The instant motion, filed November 15, 2011, now follows.

## Argument

Defendant's request for leave to move this Court to reconsider the issue of his detention turns, ultimately, on whether he satisfies the statutory requirements for challenging his pretrial detention status. Defendant has already availed himself of *de novo* review by this Court of the magistrate judges' detention rulings and unsuccessfully appealed this Court's *de novo* ruling, pursuant to 18 U.S.C. §§ 3145(b), (c). His remaining statutory basis for challenging his continued detention is under 18 U.S.C. § 3142(f), which governs when a detention hearing can be reopened. That statutory provision provides, in pertinent part, that:

> The [detention] hearing may reopened ... at any time before trial if
> the judicial officer finds that information exists that was not known
> to the movant at the time of the hearing and that has a material
> bearing on the issue whether there are conditions of release that
> will reasonably assure the appearance of the person as required and
> the safety of any other person in the community.

*Id. See United States v. Cisneros*, 328 F.3d 610, 614-17 (10th Cir. 2003).[1] "[I]f it is clear that the information relied upon by the movant actually was known and available at the time of the original detention hearing, the proffered evidence will be deemed irrelevant in the context of the motion to reopen. *United States v. Bradshaw*, Slip. Op., Case No. 00-40033-04-DES, 2000 WL 1371517*2, n. 1 (D.Kan. July 20, 2000)(citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st

---

[1] The Tenth Circuit in *Cisneros* held that a request to reopen a detention hearing should be made before the judicial officer who conducted the detention hearing and entered the initial detention order. *United States v. Cisneros*, 328 F.3d at 614-17. *See United States v. Whiteskunk*, Slip Op., Case No. 10-cr-00443-PAB, 2010 WL 5103031 (D. Colo. Dec. 9, 2010). Here, the presiding district judge conducted *de novo* proceedings and issued a detention order based on those proceedings, which incorporated proceedings before Magistrate Judge Tafoya. Accordingly, the request to reopen detention proceedings can be addressed, in the first instance, by the presiding district judge.

Cir.1991) (affirming district court's decision not to reopen detention hearing based on defendant's submission of affidavits from witnesses who could have been secured at the original hearing), and *United States v. Hare*, 873 F.2d 795, 799 (5th Cir.1989) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new)).

  Defendant Armstrong's instant motion satisfies neither the statutory requirement that he now possesses information concerning his detention status that was not known to him at the time of his detention hearings in this case, nor the statutory requirement that such information is material to the determination of his detention status. Nor, for that matter, does the motion show why his present bond request could not have been made within the allotted time for pretrial motions generally. Defendant Armstrong's motion, on its face, constitutes little more than a reiteration of arguments that either were previously asserted and rejected, or that could have been asserted and addressed before and which do not make a difference now. Thus, for example, Armstrong, in support of the motion, contends that his court-appointed counsel failed to advise the Court that Armstrong had two residences in Denver, Colorado where he could stay as a condition of pretrial release. Yet his counsel, in moving for reconsideration of the magistrate judge's detention order, did, in fact, indicate that Armstrong had friends in Denver with whom he could stay upon release and even suggested, at one point, that a possible release condition could be that Armstrong reside in a halfway house in Denver (DE 43, Mot. to Reconsider at ¶12; DE 75, 7/23/10 Hrg. Tr. at 39). Armstrong's court-appointed counsel also pointed to his lack of a criminal record and the non-violent nature of the offense conduct as reasons for pretrial release (DE 43, Mot. to Reconsider at ¶ 12; DE 75, 7/23/10 Hrg. Tr. at 30).

5

Similarly, defendant Armstrong's desire to be with family and his need to prepare a defense were matters that were raised by appointed counsel both with the magistrate judge and the presiding district judge (*see, e.g.*, DE 48, 6/21/10 Hrg. Tr. at 91; DE 75, 7/23/10 Hrg. Tr.). So too were defendant Armstrong's ability to travel to Mexico without a passport or to fly to that country without a flight plan issues that were vetted in previous proceedings: Defendant Armstrong now contends that he would not be able to fly to that country without detection because a flight plan identifying him would have to be filed with federal authorities in advance of the flight. Yet the government previously presented evidence showing how defendant Armstrong could obviate that requirement by simply changing the flight path of a private domestic flight, for which no flight plan was required (DE 48, 6/21/10 Hrg. at 47-5, 66-67, 70-71). Defendant Armstrong now also points out that he cannot legally reside in Mexico for more than thirty days without a passport and tourist permit or visa. Yet that subject too was thoroughly addressed before, with the government offering evidence showing that defendant Armstrong could easily cross the border into Mexico and remain there without a passport (*see, e.g.*, DE44-1, Flynn Dec. at ¶13). And, indeed, the Court, in affirming defendant Armstrong's continued detention acknowledged that his covert flight to Mexico, without a passport, was a viable prospect (DE 54 at 7).[2]

---

[2] Other specific contentions made in the instant motion – such as defendant' assertion that there was not as much unaccounted unlawful proceeds as the IRS case agent calculated and that he lacks accessible funds now to maintain a fugitive status abroad, that his connections to Germany and Belize were nothing more than wire transfer repayments of lines of credit, and that he lacks the incentive to flee – all involved matters that were addressed or touched upon in some way in previous proceedings. They were matters that were known to defendant Armstrong, in any event, at the time of those proceedings or arguments that were at his disposal at the time.

Further, while defendant Armstrong in the instant motion also contends that he has health issues that cannot adequately be addressed in a custodial setting, he offers nothing to indicate what these issues are and why they cannot be addressed in custody. Nor does he show or allege that these are problems that are recent and could not have been raised either at the time of detention proceedings or by the pretrial motions deadline in this case. The government notes, in this regard, that defendant Armstrong's court-appointed counsel did, in prior proceedings, suggest that defendant's advanced age, and potential health issues that it might present in custody, were matters that the Court should consider, so that the defendant could have developed the issue before (see, e.g., DE 48, 6/21/10 Hrg Tr.at 12-13). Additionally, defendant Armstrong could have supported this motion with an *in camera* submission concerning his health condition were this, in fact, a recent matter that could not have previously been raised.

Finally, defendant Armstrong's instant motion observes that he has now been in pretrial confinement for 18 months. Yet this fact alone is insufficient to warrant reopening detention proceedings. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989)( length of his current or potential future detention cannot be considered under Section 3142(f) since it is not material to the issue of risk of flight or dangerousness). Nor does the duration of his confinement itself present constitutional problems despite the caption of his motion.[3]

---

[3] In captioning his motion, defendant suggests that his pretrial confinement violates the Eighth Amendment. However, pretrial detention based on risk of flight does not violate the eighth amendment. *See, e.g., United States v. Winsor*, 785 F.2d 755 (9th Cir.1986).

Moreover, length of detention, alone, rarely offends due process, and courts have held that periods of pretrial confinement comparable to or longer than defendant Armstrong's have not offended due process. *See, e.g., United States v. Lacallo*, Slip. Op., Case No. 09-cr-00055-PAB, 2010 WL 4511079**2-3 (D.Colo. Nov. 1, 2010); *United States v. Stanford*, 722

(continued...)

7

**Conclusion**

WHEREFORE, the government opposes Defendant Armstrong's motion and requests that this Court deny him leave to file a motion for a rehearing of his detention.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kenneth M. Harmon
By: Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

David L. Owen
davidowen@lodopc.com

and will undertake to cause said pleading to be mailed to:

---

[3](...continued)
F.Supp.2d 803, 809 (S.D. Tex. 2010). The government notes that it has not requested continuances of trial in this case and that most of the delays therefore have resulted from continuance requests made or joined in by defendant Armstrong.

8

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

Case 1:10-cr-00317-REB Document 367-1 Filed 12/01/11 USDC Colorado Page 9 of 9