IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.      RICHARD KELLOGG ARMSTRONG,

        Defendant.

_____

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING DEFENDANT ARMSTRONG'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT**
_____

        The United State of America, by and through its undersigned counsel, hereby advises the Court of the following unpublished supplemental authority to consider in connection with determining Defendant Armstrong's Motion for Leave to File a Motion for Rehearing for Pretrial Release on Bond Pursuant to 8th Amendment (DE 366):[1]

        In *United States v. Cos*, No. 06-2244, 198 Fed.Appx. 722, 2006 WL 2821376 (10th Cir. Oct. 4, 2006)(unpublished), a panel of the Tenth Circuit U.S. Court of Appeals affirmed a district court's order of continued detention of a defendant pending a government interlocutory appeal of an order granting a suppression motion in the case. In so affirming, however, the panel

---

[1] "DE" stands for docket entries in this case.

1

remanded the case to the district court for the limited purpose of considering whether the length of the defendant's pretrial detention implicated due process concerns. In concluding that a limited remand for this purpose was in order, the panel, while acknowledging that "[a] district court is not required to consider the length of pretrial detention when making its initial detention decision," agreed with case law in the Second and Third Circuits that "at some point due process may require a release from pretrial detention or, at a minimum, a fresh [detention] proceeding at which more is required of the government than is mandated by section 3142." *United States v. Cos*, 198 Fed.Appx. at 732 (quoting *United States v. Accetturo*, 783 F.2d 382,388 (3d Cir. 1986)). Relying on this case law, the panel held that, because the defendant's motion in that case was akin to a motion to reopen his detention hearing, it was appropriate for the defendant to argue for release based on due process grounds and for a district court to consider and rule upon the issue, considering three factors: "(1) the length of detention; 2) the extent of the prosecution's responsibility for the delay of trial; and 3) the strength of the evidence upon which the detention was based." *Id*. (quoting *United States v. Millan*, 4 F.3d 1038, 1043-1047 (2d Cir.1993)).

Accordingly, the government acknowledges, based on this supplemental authority, that the Court is not disabled from reconsidering defendant Armstrong's detention, in order to consider its due process implications, simply because Armstrong has failed to meet the requirements for reopening detention under 18 U.S.C. § 3142(f). *But Cf. United States v. Jarvis*, No. 08-2223, 299 Fed.Appx. 804, 2008 WL 4889961 (10th Cir. Nov 13, 2008)(unpublished)(cautioning that district court should consider established constitutional and non-constitutional remedies before undertaking a substantive due process analysis of a defendant's continued pretrial detention). However, the government notes that Armstrong has

not expressly raised due process considerations as a basis for his release and that the Court need not reopen detention proceedings, in any event, in order to consider the due process implications of defendant Armstrong's continued detention, the current record providing a sufficient basis in order to examine the foregoing factors. *See, e.g., United States v. Lacallo*, Slip. Op., Case No. 09-cr-00055-PAB, 2010 WL 4511079**2-3 (D.Colo. Nov. 1, 2010).

As indicated in the government's response to the motion, defendant Armstrong's current and prospective detention are within the range of pretrial detention periods that have been deemed not to run afoul of due process rights and, it is respectfully submitted, the government has not been the primary cause of most of the delay in bringing the case to trial to date. The strength of the government's detention evidence can be readily assessed from the prior record.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kenneth M. Harmon
By: Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

3

to the following email address:

    David L. Owen
    davidowen@lodopc.com

and will undertake to cause said pleading to be mailed to:

    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution
    Inmate Mail/parcels
    9595 West Quincy Avenue
    Littleton, CO 80123

    s/ Kenneth M. Harmon
    KENNETH M. HARMON
    Assistant United States Attorney
    U.S. Attorney's Office
    1225 Seventeenth Street, Suite 700
    Denver, Colorado 80202