**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION
TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT**

**Blackburn, J.**

The matter before me is the **Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct** [#290][1] filed September 9, 2011, by the defendant, Richard Kellogg Armstrong. Mr. Armstrong seeks to dismiss the charges against him on the ground that the government attempted to bribe a key witness, Elyse Del Francia.[2] In response to my directive (**see Minute Order** [#294], filed September 12, 2011), the government filed a response ([#318] on October 3, 2011),[3] and I approve, adopt, and

---

[1] "[#290]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiff is proceeding *pro se*, I continue to construe his pleadings more liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[3] After his prior motion to dismiss on this basis was stricken for failure to obtain prior leave of court (**see Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011), defendant was granted leave to file the present motion (**see Order** [#273] filed August

incorporate the reasons stated, arguments advanced, and authorities cited in that response. After careful consideration of the file, the record, the motion, the response, and the applicable law, I deny the motion without a hearing.[4]

The credible evidence before me supports the following construction of the relevant underlying events. Ms. Del Francia is a long-time friend of Mr. Armstrong who, at his suggestion and with his assistance and that of co-defendant, Curtis Morris, filed IRS Forms 1099-OID for tax years 2005 through 2008, inclusive. The IRS determined that these filings were fraudulent and assessed significant penalties against Ms. Del Francia, which she asserts that she is unable to pay. Ms. Del Francia expressed her concerns, and more specifically, that the IRS would attempt to take her house, to IRS Special Agent Greg Flynn when he called to inform her that she might be subpoenaed to testify against defendants in the then-impending trial of the case. Attempting to reassure Ms. Del Francia, Special Agent Flynn informed her, *inter alia*, that she might be able to receive assistance through IRS's Taxpayer Advocate Service ("TAS"), an independent organization within the IRS that helps taxpayers whose problems with the IRS are causing financial difficulty resolve their issues. In a subsequent email, Special Agent Flynn again suggested that Ms. Del Francia contact TAS and provided her with

---

23, 2011). However, Mr. Armstrong neither sought nor obtained leave to file his **Reply to Government's Response to Defendant Armstrong's Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct** [#355] filed November 9, 2011. (*See* **Trial Preparation Conference Order** ¶ 2 n.2 at 1 [#33], filed June 25, 2010 (requiring leave of court to file, *inter alia*, reply briefs).) Thus, I have not considered the reply.

[4] The issues raised by and inherent to the motion are presented and briefed sufficiently; thus, obviating the necessity for an evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers and the record. ***See United States v. Cuervelo***, 949 F.2d 559, 567(10th Cir. 1991) (noting that hearing on allegations of outrageous government conduct is the preferred course of action in cases only where disputed factual issues exist).

both a toll-free phone number and IRS Form 911, which constitutes a formal request for such assistance.

Several weeks later, IRS-CID Special Agents Juan Marquez and Erik Bodden served a trial subpoena on Ms. Del Francia at her residence in California.  When Ms. Del Francia expressed concern about the fines assessed against her, the agents informed her that they were part of the criminal investigations division of the IRS, whereas such assessments were a matter within the ambit of the civil division of the IRS, a completely separate and independent branch of the agency.  Nevertheless, the agents provided Ms. Del Francia with a handout describing the role of the TAS and suggested that she contact the toll-free number.  Ms. Del Franica represents that she "personally took the offer as a bribe for my testimony," whereby the IRS would agree to waive the penalties assessed against her in exchange for her testimony against defendants.  (***See*** Def. Motion App., Exh. A ¶¶ 9-10 at 2 [#256, filed June 30, 2011.)[5] Mr. Armstrong relies on this interpretation in seeking dismissal of the charges against him.

Ms. Del Francia's personal, subjective interpretations notwithstanding, nothing in this otherwise uncontested series of events suggests an attempt to bribe or influence a witness.  Although it is a crime to give, offer, or promise anything of value in return for a person's testimony, *see* 18 U.S.C. § 201(c), Ms. Del Francia was not promised that the fines assessed against her would be waived or otherwise removed or reduced by the

---

[5] The motion to which this affidavit was appended was ordered stricken for failure to obtain prior leave of court.  (***See* Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011.)  Although the instant motion refers to an "Exhibit A," no such attachment is appended.  I presume from the content and context of his arguments, however, that Mr. Armstrong intended to refer to Ms. Del Francia's prior affidavit.

3

IRS in exchange for her testimony.  The IRS agents to with whom she interacted never represented anything of the sort, and the Form 911 she received from Special Agent Flynn and the handout given her by Special Agents Marquez and Bodden demonstrate no more than that gratuitous assistance in negotiating with the IRS in connection with such fines is available through the TAS.  In addition, Special Agents Marquez and Bodden informed Ms. Del Francia that they were not associated with the division of the IRS that assesses the fines to which she was subject, making her inference that they had authority over the assessment or negotiation of such fines all the more implausible.[6]

Moreover, even if the CID agents had such authority, section 201(c) does not apply if the offer or promise is made "as provided by law for the proper discharge of official duty[.]" 18 U.S.C. § 201(c).  Courts have long been recognized and sanctioned the process of offering witnesses leniency in exchange for their testimony. ***See United States v. Singleton***, 165 F.3d 1297, 1301 (10th Cir.) (en banc) (citing long line of concurring authority), ***cert. denied***, 119 S.Ct. 2371 (1999).  Indeed, the practice is so "ingrained" that the en banc Tenth Circuit court has determined that it constitutes "a vested sovereign prerogative in the government."  ***Id.***  "[T]herefore, any reading of [18 U.S.C. §] 201(c)(2) that would restrict the exercise of this power is surely a diminution of sovereignty not countenanced in our jurisprudence." ***Id.*** at 1301-02.  Nor would a concession of IRS fines be so beyond the range of those considerations normally granted by the government as to constitute an abuse of prosecutorial authority.  ***See id.***

---

[6] Nor is there anything in Ms. Del Francia's affidavit that suggests any representative of the IRS suggested to her that she should testify untruthfully.  Even if they had, the more apt remedy would be suppression of the evidence, not wholesale dismissal of the charges against Mr. Armstrong.

at 1302.

The Tenth Circuit has framed the test for outrageous governmental conduct in this way: "[i]n determining whether the government has committed outrageous conduct,'the relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice.' ***United States v. Lacey***, 86 F.3d 956, 964 (10th Cir.1996) (quotations omitted)." ***United States v. Scull***, 321 F.3d 1270, 1277 (10th Cir. 2003). The Tenth Circuit has never rendered a decision upholding such a claim. ***United States v. Garcia***, 411 F.3d 1173, 1181 (10th Cir. 2005). "The absence of any decision by this court upholding such a claim . . . bears testament to its narrow scope." ***Lacey***, 86 F.3d 956 ,964 (10th Cir. 1996). Mr. Armstrong has failed abjectly to circumstantiate his claim of prosecutorial misconduct. Thus, his motion must be denied. *See* ***United States v. Diaz***, 189 F.3d 1239, 1245 (10th Cir. 1999) (noting that the burden is on defendant to prove outrageous government conduct), ***cert. denied***, 120 S.Ct. 1448 (2000).

**THEREFORE, IT IS ORDERED** that the **Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct** [#290] filed September 9, 2011, by the defendant, Richard Kellogg Armstrong is **DENIED**.

Dated December 13, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5