IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

        Defendants.

---

**GOVERNMENT RESPONSE TO MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF**

---

The United States of America, by and through its undersigned counsel, responds in opposition to Defendant Armstrong's motion styled, "MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF" (hereinafter "Motion"). The motion is completely devoid of merit. To the extent that Armstrong is requesting the United States to provide him with legal advice, the United States declines to do so. To the extent that the motion challenges this Court's subject matter jurisdiction yet again, the Government requests that this Court deny Armstrong any relief to include answers to his so-called "certified questions of law."

## PROCEDURAL BACKGROUND

On November 1, 2011, this Court held a status conference at which it provided Armstrong with fourteen days to re-file a motion and the United States fourteen days to respond to that motion. Doc. No. 347 at page 3, paragraph 6. Armstrong re-filed the motion after the

Court's deadline and the Government mistakenly overlooked his filing.[1]  Doc. No. 361.  On December 19, 2011, this Court ordered the Government to provide a response by December 23, 2011.  Doc. No. 379.[2]  This constitutes the Court ordered Government response to Armstrong's re-filed motion.

## LAW AND ARGUMENT

The motion appears to be a challenge to this Court's subject matter jurisdiction.[3] Specifically, Armstrong contends that this Court lacks subject matter jurisdiction because Public Law 80-772, which created Title 18 and, in particular, 18 U.S.C. § 3231, was not properly enacted and asks for answers to "certified questions of law."  Armstrong's argument is frivolous and the answers he seeks are non-justiciable political questions.  He is entitled to absolutely no relief.

Contrary to Armstrong's contentions, this Court has already determined that it has subject matter jurisdiction in this case.  Doc. No. 169 at 4.  It held that, "[u]nder 18 U.S.C. § 3231, United States district courts have exclusive jurisdiction over "all offenses against the laws of the United States."  Doc. No. 169 at 4.  This includes the Title 18 offenses charged in the Indictment and Superseding Indictment.  Doc. No. 169 at 4.  As this Court has previously put it, "Armstrong's argument that Title 18 was enacted in violation of the Quorum Clause of the

---

[1] The United States apologizes to the Court for its oversight.

[2] The Court Order references page 3, paragraph 5 of Doc. No. 347.  However, it appears that the motion that Armstrong re-filed was actually referenced on page 3, paragraph 6.

[3] The motion also appears to request legal advice from the United States.  The United States declines to offer Armstrong any legal advice.

2

Constitution is [a] frivolous challenge . . . ."  Doc. No. 169 at 6.

       This Court should refrain from answering Armstrong's "certified questions of law" because they are not legal questions at all.  His challenge is not to the substance of the statute but rather to purported defects in the political process leading to its enactment.  See United States v. Chillemi, 2007 WL 2995726 (D.Ariz. 2007).  Like the Chillemi case, Armstrong's motion concedes that Public Law 80-772 was in fact signed by the Speaker of the House, the President of the Senate, and by the President of the United States.  Doc. No. 361 at 10-11; Id.  "The respect due to coequal and independent departments requires the judicial department . . . to accept, as having passed Congress, all bills authenticated in the manner stated; leaving the courts to determine, when the question properly arises, whether the act so authenticated, is in conformity with the Constitution."  Id. (quoting Marshall Field & Co. v. Clark, 143 U.S. 649, 672 (1892)).  Armstrong's motion is essentially a challenge to the authenticity of Title 18 not a substantive challenge to its conformity with the Constitution.  "The validity of the enactment of Title 18 is a political question, and it is not for this Court to look back into the legislative process and declare that something was amiss."[4]  Id.

---

[4] The purported defects in the laws preceding Public Law 80-772 are likewise political questions and wholly irrelevant to this proceeding.

## CONCLUSION

Armstrong's arguments in this motion are unbelievably frivolous. There is no doubt that this Court has subject matter jurisdiction in this case. The United States declines to provide Armstrong with the legal advice he seeks and requests that this Court decline to do so as well. Armstrong is entitled to absolutely no relief.

DATED: December 22, 2011, at Denver, Colorado.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

        s/Kevin F. Sweeney
        By: Kevin F. Sweeney
        Trial Attorney
        Tax Division
        U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2011, I electronically filed the foregoing **GOVERNMENT RESPONSE TO MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com


I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123


By:   s/ *Kevin F. Sween*ey
     KEVIN F. SWEENEY
     Trial Attorney

5