UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

UNITED STATES OF AMERICA §
    Plaintiff/Respondent §
§
§ No. 10-cr-00317-REB-2
§
RICHARD KELLOGG ARMSTRONG §
    Defendant/Petitioner §
§

## MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON MOTION FOR CERTIFIED QUESTION OF LAW

Comes now Petitioner, Richard Kellogg Armstrong, and moves the court for judgment on the pleadings based on the court's lack of jurisdiction as provided by Petitioner and not refuted by the government. (See Motion for Certified Question of Law and failure to Respond). It should be noted that the court must address the issue of jurisdiction when presented, and that a failure to address the issue would constitute structural error on the court's behalf. Therefore, Petitioner does not need a motion for leave to file.

Comes now Petitioner, counsel refusing to address the issues presented, acting in a pro se status by necessity to preserve his Constitutional rights, and hereby moves the court to issue a judgment on the pleadings for Petitioner and order Petitioner actually innocent of any crimes charged, including any prior federal convictions.

Petitioner invokes *Carol Ann Bond v. United States*, No. 09-1227, 6/16/11, which requires the court to address its own jurisdiction and declares a statute repugnant to the Constitution *void*, and *United States v. Cotton*, 535 U.S. 625, 630, (2002)(the term "jurisdiction" means the courts' statutory or constitutional power to adjudicate the case.

1

This concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can *never be forfeited or waived*. Consequently, defects in subject matter jurisdiction require correction regardless of whether the error was raised in district court)[1].

The government failed to respond to Petitioner's Motion for a Certified Question of Law. Petitioner now moves the court to issue an order declaring that Petitioner is actually innocent as a matter of law of any federal charges.

---

[1] See also *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error has historically been recognized as fundamental, and for which collateral relief has accordingly been available. Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction. Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation. The doctrine of procedural default does not apply).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff/Respondent | §<br>§<br>§<br>§ No. 10-cr-00317-REB-2<br>§ |
| RICHARD KELLOGG ARMSTRONG<br>Petitioner/Petitioner | §<br>§<br>§<br>§ |

TO:   THE UNITED STATES OF AMERICA AND ITS ATTORNEY

YOU WILL PLEASE TAKE NOTICE that at a session of the above-named Court, to be held before the Honorable judge of this Court on the first date Petitioner can be heard, Petitioner will move this Court to dismiss the indictment and any convictions of Petitioner as structurally defective and lacking jurisdiction and issue an order declaring the Petitioner actually innocent as a matter of law.  This motion is brought pursuant to Petitioner's rights under the First, Fourth, Fifth, Sixth, and Eighth amendments of the Constitution of the United States.

Respectfully submitted,

*Richard Kellogg (signature)*
Richard Kellogg Armstrong

3

RICHARD K. ARMSTRONG
20413-298
FEDERAL DETENTION CENTER
ENGLEWOOD, ~~CO 80123~~
9595 QUINCY AVE.
LITTLETON, CO 80123








7010 3090 0002 7264 9976

LEGAL MAIL

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 21 2011

GREGORY C. LANGHAM
CLERK

CR

U.S. DISTRICT COURT COLORADO
901 19TH ST.
DENVER, CO 80294-3589