**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**DENVER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff/Respondent** | §<br>§<br>§ | |
| | §<br>§ | **No. 10-cr-00317-REB-2** |
| **RICHARD KELLOGG ARMSGTRONG**<br>**Petitioner/Defendant** | §<br>§<br>§ | |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

**SIRS/MS:**

**PLEASE TAKE NOTICE**, that upon the pleadings in this action filed herein, the undersigned will move this Court, for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and respective criminal procedure, in favor of the Petitioner herein, on the ground that Petitioner is entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings; to wit the following:

1. It is undisputed and Respondent has not denied that the Judge in this Case has taken an oath of office to uphold the Constitution of the United States.

2. It is undisputed and the Respondent has not denied that the U.S. Attorney in this case has taken an oath of office to uphold the Constitution of the United States.

3. It is undisputed and the Respondent has not denied that the U.S. Attorney is governed by *Berger v. U.S.* "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be

done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor - indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

*Berger v. U.S.*, 295 U.S. 78, 88 (1935)

4. It is undisputed and Respondent has not denied that no quorum was present when Public Law 80-772, Title 18 of the United States criminal code, allegedly "passed" the House of Representatives on May 12, 1947[2] when 435 members were in the

---

2 H.R. 3190 was introduced and committed to the Committee of the entire House of Representatives on the State of the Union of the First Session of the 80th Congress entitled "Crimes and Criminal Procedure." See House Report No. 304 (April 24, 1947), p. 1. See also 94 Cong. Rec. D556-D557 (Daily Digest) (charting H.R. 3190). H.R. 3190 differed from "five ... bills which ... preceded it ... [because] it constitute[d] a revision, as well as a codification, of the Federal laws relating to crimes and criminal procedure." 93 Cong. Rec. 5048-5049 (May 12, 1947). The bill was intended (1) to revise and compile **all** of the criminal law, (2) to "restate[]" and "consolidate[]" "existing statutes," (3) to "repeal" "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to "clarify and harmonize" penalties of the "many acts" passed by Congress which were found to be "almost identical." (Id.) "The bill was ordered to be engrossed and read a third time, was read a third time, and [allegedly] passed" the House on May 12, 1947, id.; Journal of the House of Representatives ("House Journal"), May 12, 1947, pp. 343-344; 94 Cong. Rec. D556-D557 (showing H.R. 3190's only passage by the House of Rep. on May 12, 1947), sent to the Senate and there "referred ... to the Committee on the Judiciary." 93 Cong. Rec. 5121, May 13, 1947; Journal of the Senate ("Senate Journal"), May 13, 1947, p. 252.[2]

As passed and enrolled by the House of Representatives H.R. 3190 included at section 3231, Subtitled "District Courts," the following text:

> Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

See United States v. Sasscer, 558 F. Supp. 33, 34 (D.MD. 1982).

On July 27, 1947, Congress adjourned without the Senate passing H.R. 3190. See 93 Cong. Rec. 10439, 10522 (July 26, 1947). On November 17, 1947, Congress reconvened pursuant to a Presidential proclamation. Yet, Congress again "adjourned *sine die* on December 19, 1947," without the Senate passing H.R. 3190. Kennedy v. Sampson, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974).

House of Representatives and the House voted 38 to 6 for passage of Public Law 80-772, violating the Constitution of the United States and its quorum clause, Article I, Section V, Clause 1, of the Constitution.[3]

5. It is undisputed and the government has not denied that the district court obtained its jurisdiction over Petitioner pursuant to 18 USC section 3231, part of HR 3190 and Title 18 of the United States code.

6. It is undisputed and the government has not denied that the ***in toto*** provision requires that if Public Law 80-772 is unconstitutional then 18 U.S.C. § 3231 is unconstitutional.[4]

7. It is undisputed and the government has not denied that Congress adjourned on June 20, 1948 at 7 am, ***sine die***.

8. It is undisputed and government has not denied that the Speaker of the House and the President pro tempore of the Senate signed Public Law 80-772, "into law" on June 23, 1948, when Congress was completely and fully adjourned sine die and not in session.

9. It is undisputed and the government has not denied that the signature of the

---

[3] See 93 Congressional Record 5049.

[4] The effect of this ***in toto requirement*** is to compel the President to make an **all-or-nothing** choice regarding a broad and multifarious legislative package, even though he/she might prefer to accept some items and reject others. The ***in toto requirement*** serves to ensure that Congress retains ultimate authority to define the range of choices available to the President. Furthermore, the Statutes at Large show no severability clause for Public Law 80-772.

Speaker of the House and the President pro tempore of the Senate signed Public Law 80-772 while Congress was fully and completely adjourned and not in session is a violation of the Quorum Clause of the Constitution.[5]

10. It is undisputed and the government has not denied that a failure to properly investigate the jurisdiction of the court in a criminal charge by a defense attorney is a violation by the criminal defense attorney of the Sixth Amendment.

11. It is undisputed and the government has not denied that the U.S. Attorney is responsible to advise the court when it has a lack of jurisdiction and such failure to advise the court constitutes lack of candor to the court, structural error, and a violation of the Citizen Protection Act of 1998 by the U.S. Attorney.

---

[5] The Senate Committee on the Judiciary reported amendments to H.R. 3190 on June 14, 1948, under Sen. Rep. No. 1620. 94 Cong. Rec. 8075 (June 14, 1948) (App. 50); Senate Journal, June 14, 1948, p. 452 (App. 34).[5] Sen. Rep. No. 1620 contained "a large volume of amendments" and "the new Federal Rules of Criminal Procedure [were] keyed to the bill and [were] reflected in part II of [the new proposed] title 18." Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended," the Senate wanted "the amendments adopted en bloc," including a new jurisdictional section for Title 18. 94 Cong. Rec. 8721 (App. 51). The report contained only the proposed amendments. See Sen. Rep. No. 1620, pp. 1 & 4 (App. 103-104).

"[T]he amendments were considered and agreed to en bloc" and then "ordered to be engrossed." 94 Cong. Rec. 8721-8722 (June 18, 1948) (App. 51-52), Senate Journal, June 18, 1948, p. 506 (H.R. 3190, "as amended," passed the Senate) (App. 37). It was moved that "the Senate insist upon its amendments" by the House (94 Cong. Rec. at 8722); and "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments." Senate Journal, supra, p. 506; House Journal, June 18, 1948, p. 688 (App. 16).

The House received the proposed amendments. The Clerk "read the Senate amendments" collectively into the record with which the House concurred. 94 Cong. Rec. 8864-8865 (June 18, 1948) (App. 53-54); House Journal, June 18, 1948, p. 704 (the "said Senate amendments were concurred in") (App. 17). Although "[t]he House agreed to the amendments to ... H.R. 3190," Senate Journal, June 18, 1948, p. 510 (App. 38), no action was taken on H.R. 3190 as amended.[5] The Journal of the House of Representatives is devoid of any vote on H.R. 3190 itself on June 18, 1948, and thereafter through adjournment on June 20, 1948. Moreover, the official historical chart of H.R. 3190 clearly shows the *only* passage by the House of Representatives occurring on May 12, 1947, and specifically references volume 93, page 5048 of the Congressional Record as the recorded date the House passed the bill. 94 Cong. Rec. D556-D557 (Daily Digest).

12. It is undisputed and the government has failed to deny that actions of the court without jurisdiction, as established by the records in this case, constitute structural error in this case..

It is Petitioner's contention that these errors in this case are of constitutional dimensions, and that they cannot be condoned as harmless beyond a reasonable doubt. In fact, the errors are structural error, reversible by definition, in three dimensions: first, the errors are structural because the court was required to address its own jurisdiction and if it lacked jurisdiction, to dismiss the case; second the errors are structural because the prosecutor was required to advise the court that it had no jurisdiction to prosecute and request dismissal of the case; third, the errors were structural because the defense attorney was required to research the court's jurisdiction and such failure is a 6th amendment violation as a matter of law.

In summary, the House of Representatives failed to pass Public Law 80-772 on May 12, 1947 according to the Constitution, and the Speaker of the House and that the President Pro tempore of the Senate signed a bill into law on June 23, 1948 when Congress was completely and fully adjourned in violation of the Quorum Clause.

If the Court finds that Petitioner is not entitled to judgment on the pleadings, then in the alternative, Petitioner respectfully requests the Court to conduct a plenary hearing as soon as is practicable, in order that the Court may make an independent inquiry to fully hear and resolve the issues of fact that are not sufficiently disposed of in the record and to provide subpoenas to Petitioner to bring government officials under oath. Where issues arise as to jurisdiction or venue, discovery under the federal rules of civil procedure (rules 26-27) is available to ascertain the facts bearing on such issues.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-351, 57 L.Ed.2d. 253, 98 S.Ct. 2380 (1978). The Court should take mandatory judicial notice of *Oppenheimer Fund, Inc. v. Sanders*.

Petitioner respectfully urges that dismissal of the case and declaration of actual innocence, or, alternatively, a plenary hearing is mandated.

In the course of such hearing, Petitioner will establish the truth of all of the allegations of his petition, in particular the facts stated above.

Respectfully submitted,

Richard Kellogg Armstrong

**CERTIFICATE OF SERVICE**

On this the 15TH day of DECEMBER, a true and correct copy of the foregoing motion was served on Respondent's counsel by first class mail, postage prepaid, as required by law.

**Richard Kellogg Armstrong**

RICHARD K. ARMSTRONG
20413-298
FEDERAL DETENTION CENTER
ENGLEWOOD ~~CO 80123~~
9595 QUINCY AVE.
LITTLETON, CO 80123

CERTIFIED MAIL™



7010 3090 0002 7264 9976







RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 21 2011

GREGORY C. LANGHAM
CLERK

CR

LEGAL MAIL

U.S. DISTRICT COURT COLORADO
901 19TH ST.
DENVER, CO 80294-3589