```
                                    FILED
                               U.S. DISTRICT COURT
                               DISTRICT OF COLORADO

                               2012 JAN 10  PM 2:45

                               GREGORY C. LANGHAM
                                      CLERK
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO                    BY_____DEP. CLK
DENVER DIVISION

UNITED STATES OF AMERICA §
    Plaintiff §
     §
     § No. 1:10-cr-00317-REB-2
     §
RICHARD KELLOGG ARMSTRONG §
    Defendant §
_____§

### DEFENDANT'S RESPONSE TO ORDER FOR CONTEMPT

Comes now Defendant, and hereby files this opposition to the court's order to show cause why criminal contempt should not be assessed against Defendant.

Criminal contempt is defined in sections 401 and 402 of Title 18 of the criminal code.

Section 401 states: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other as--(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Section 402 states: "Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia, by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both."

1.     Defendant demands a Jury Trial

Although not required for contempt of less than 6 months, based on the history
    of the case to date, and the bias established by the court, the only fair due process
    that could accrue to the defendant is to have an independent jury rule on the
    facts and law of the case. Therefore, Defendant demands a trial by jury.

2.     The Court is Biased

Based on the record in the case, the court has acted with bias throughout. Defendant incorporates the record of the court and the filings of the Petitioner, by reference. The court is acting as nothing more than an arm of the DOJ, and is in violation of the Separation of Powers Doctrine. Therefore, the only alternative for this court is to refer this matter to the 10th Circuit for their independent review of the case.

3.     The Court is Acting In Retaliation

Defendant has continued to attempt to exercise his Due Process rights, which have repeatedly been throttled by the court. The court is acting in retaliation for Defendant exercising those rights, which is a violation of Bordenkircher v. Hayes, S.Ct. (1978) (even the appearance of retaliation is a violation of Due Process).

4.     The Statute is Unconstitutional

Defendant incorporates his Motion for a Certified Question of Law herein. Public Law 80-772 was never Constitutionally passed, because Quorum violations occurred on May 12, 1947 and June 23, 1948, in violation of Article I, Section 5, Clause 1, of the Constitution. The Constitution is not frivolous. With the unconstitutionally of Title 18, then 18 USC 401 and 402 are likewise unconstitutional and are therefore void ab initio. Therefore, no contempt can be exercised and allow the judge and prosecutor to maintain their oath of office.

5.     Summary

In summary, the court has no grounds for contempt. Defendant, pro se, was simply attempting to exercise his Constitutional rights. Should the court deny Defendant's Constitutional rights, the court should just revert to the ball and chain theory of justice as found in the Middle Ages.

The court has clearly establishes its bias in this case, the court has clearly established that is acting in retaliation, and the statute used to invoke the contempt is unconstitutional on its face. The court should either dismiss this matter or refer it to the 10th Circuit for an independent review. Should the court proceed in this case, then Defendant demands a jury trial based on the bias established by the court to date.

Respectfully submitted,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

CERTIFICATE OF SERVICE

On this 1/7/12, a true and correct copy of the foregoing was served on opposing counsel by first class mail, postage prepaid.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

Richard K. Armstrong
20413-298
Federal Detention Center
Englewood
9595 Quincy Ave,
Littleton, CO 80123

LEGAL MAIL

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2012

GREGORY C. LANGHAM
CLERK

U.S. District Court Colorado
901 19th St.
Denver, CO 80294-3589