**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CURTIS MORRIS,
2.  RICHARD KELLOGG ARMSTRONG,

    Defendants.

## ORDER DENYING MOTIONS TO SEVER

**Blackburn, J.**

The matters before me are (1) **Defendant Morris'** [*sic*] **Motion for Severance of Defendants** [#201][1] filed April 14, 2011; and (2) **Accused Armstrong's Notice for Severance of Defendants** [#213] filed April 29, 2011. I heard the motions on January 4, 2012, and took them under advisement. I now deny the motions.

In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case *pro tanto*. I have considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing on January 4, 2012. I have considered the totality of relevant circumstances. Based on the foregoing, I enter the following findings of fact,[2] conclusions of law, and orders.

---

[1] "[#201]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order and the orders entered in this case.

[2] Any finding of fact is based on a preponderance of the extant relevant evidence.

## I. STANDARD OF REVIEW

The concatenated issues of joinder and severance implicate Fed. R. Crim. P. 8(b) and 14(a). Rule 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Defendants do not contend – nor could they – that they are improperly joined.

Ordinarily, defendants who are properly joined under Rule 8(b) should be tried together. *See United States v. Yazzie*, 188 F.3d 1178, 1194 (10th Cir. 1999); *see also United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (collecting cases from various circuits). In turn, Rule 14(a), permits a district court to grant relief from prejudicial joinder "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Nevertheless, "Rule 14(a) does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).

Consistent with the law and established preference in the federal system, the government seeks a joint trial of defendants, who are indicted together. "Joint trials play a vital role in the criminal justice system[.]" *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987). Consequently, "[c]ourts generally adhere to the principle that 'those indicted together, especially co-conspirators, should be tried together.'" *United States v. Peveto*, 881 F.2d 844, 857 n.16 (10th Cir.), *cert. denied*, 110 S.Ct. 348 (1989) (citation and internal quotation marks omitted). Joint trials promote economy and efficiency and serve the interests of justice by avoiding multiple trials and

inconsistent verdicts.  *Zafiro,* 113 S.Ct. at 938.  "The strong presumption in favor of joint trials is designed to conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the necessity of having witnesses reiterate testimony in a series of trials."  *United States v. Kennedy*, 819 F.Supp. 1510, 1516 (D. Colo.) (citation and internal quotation marks omitted), *aff'd*, 994 F.2d 747 (10th Cir. 1993).  Joint trials also help "avoid[] the scandal and inequity of inconsistent verdicts."  *Richardson*, 107 S.Ct. at 1709 (footnote omitted).

Given the strong presumption in favor of joint trials, defendants shoulder the burden to establish prejudice sufficient to warrant severance under Rule 14.  *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001), *cert. denied*, 122 S.Ct. 2299 (2002).  Defendants must demonstrate that severance is the only remedy sufficient to ameliorate the prejudice presented by their joint trial.  *See Zafiro,* 113 S.Ct. at 938.  A district court must grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence.  *Id.*  In that regard, it should be noted that conflicting defenses are not *per se* prejudicial, and that even if prejudice is shown, severance is not necessarily required.  Rather, the district court retains discretion to tailor relief appropriate to the circumstances before it.  Even when the risk of prejudice is high and the court, thus, more likely to determine that separate trials are necessary, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.  *Id.* at 937-38.

## II. ANALYSIS

Defendants are charged jointly in the **Superseding Indictment** [#140] filed February 15, 2011, with various counts of mail fraud, wire fraud, making false claims against the government, and conspiracy to defraud the government. Defendants seek to be tried separately.[3] However, nothing in their motions demonstrates the necessity of severance in this case.

Both defendants raise the prospect that a joint trial may adversely implicate the intersection of their constitutional rights to avoid self-incrimination, on the one hand, and to confront the witnesses against them, on the other. In ***Bruton v. United States***, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court, on Sixth Amendment grounds, excluded admission at trial of a non-testifying co-defendant's pretrial confession that also directly incriminated the defendant. ***See id.***, 88 S.Ct. at 1623-24.

For his part, Morris has identified no statements by Armstrong implicating him that potentially implicate ***Bruton*** concerns. Moreover, the government avers that it knows of no such statements. As for Armstrong, the government has agreed to redact and/or offer no testimony about those portions of IRS-CID Special Agent Greg Flynn's July 2, 2009, Memorandum of Interview, which recounts statements made by Morris that implicate Armstrong. (***See* Government's Notice of Intent To Offer a Redacted Version of Curtis Morris's Verbal Statement to IRS-CI** [#385] filed January 3, 2012.) I find these redactions proper and, because Armstrong has identified no other specific statements by

---

[3] A third co-defendant, Larry Ray Hall, died on February 17, 2011, and the charges against him were dismissed on the government's motion. (***See* Order of Dismissal Only as to Defendant Hall** [#172] filed March 23, 2011 (granting government's **Motion To Dismiss Counts and Superseding Indictment with Respect to Defendant Hall** [#171] filed March 23, 2011).)

4

Morris implicating him, sufficient to ameliorate any potential **Bruton** issues potentially prejudicial to Armstrong.

To the extent that either defendant may attempt to lay blame at the other's feet, such circumstance does not merit severance either.  "Severance is not warranted . . . merely because defense theories conflict or because one defendant is attempting to cast blame on the other." **United States v. McClure**, 734 F.2d 484, 488 (10th Cir. 1984). Rather, severance is required only when "the defenses are so antagonistic that they are mutually exclusive.  The conflict between co-defendant defenses must be so intense that there is a danger the jury will unjustifiably infer from the conflict alone that both defendants are guilty." **United States v. Esch**, 832 F.2d 531, 538 (10th Cir. 1987), **cert. denied**, 108 S.Ct. 1084, **and cert. denied**, 108 S.Ct. 1299 (1988).  Of course, this argument is purely theoretical at this juncture, since neither defendant has suggested expressly or obliquely that he intends to point a finger at his co-defendant.  Nevertheless, it strikes this court as unlikely that any defense presented by either defendant, while it might seek to inculpate the other, would be so mutually antagonistic as to warrant severance under existing precedents.[4]

Finally, Morris suggests that he will be prejudiced by Armstrong's continuing insistence on representing himself *pro se* in this matter, including at trial.  Of course, Morris recognizes that "[a] codefendant's *pro se* representation is not, without more,

---

[4] Moreover, any prejudice can be extenuated effectively, if not eliminated all together, by propitious jury instructions, requiring the jury to give separate consideration to each individual defendant and to each separate charge against him and asseverating each defendant's right to have his case determined from his own conduct and from the evidence applicable to him.  **See United States v. Wacker**, 72 F.3d 1453, 1467 (10th Cir. 1996); **United States v. Edwards**, 69 F.3d 419, 434 (10th Cir. 1995).  As is my custom and practice, I intend to give such instructions in this case.

grounds for severance; a defendant must additionally show that strong prejudice [will] result[] from the representation.:" ***United States v. DeMasi***, 40 F.3d 1306, 1313 (1st Cir. 1994), ***cert. denied***, 115 S.Ct. 947 (1995).  Armstrong has done nothing in his appearances before this court up to this juncture that would lead me to suspect that he is likely to engage in behavior in the jury's presence that would create the degree of prejudice that might warrant severance.  Moreover, Armstrong now has been appointed advisory and standby counsel, further reducing the risk of potentially prejudicial missteps.  To the extent any such statements or actions may occur, however, there is no reason to think at this juncture that they cannot be adequately remedied by proper instructions to the jury.

Moreover, I find nothing to support the conclusion that either defendant will be deprived of the opportunity to present in a joint trial all relevant evidence, including allegedly exculpatory evidence, that could be presented in a severed trial.  Nor do I find any indication of any of the potentially highly prejudicial situations posited in ***Zafiro***.  ***See Zafiro***, 113 S.Ct. at 938.

Ultimately, I find and conclude that a joint trial will not prevent either defendant from fully realizing and exercising the full panoply of salutary and prophylactic constitutional rights commonly identified as within the due process penumbra of rights necessary to a fair trial.[5]  Nor will a joint trial prevent the jury from making a reliable

---

[5]  These include (1) the absolute right to a presumption of innocence; (2) the right to participate in the jury selection process through challenges for cause and exercise of peremptory challenges; (3) the right to require the government to establish, if it can, each essential element of each crime charged by proof beyond a reasonable doubt; (4) the right to vigorously confront and cross-examine all witnesses and evidence presented; (5) the right to testify or to remain silent as either defendant chooses (after consultation with counsel, if any), and a concomitant jury instruction regarding the effect of that choice; (6) the right to call witnesses and present evidence, including the right to compel the attendance of witnesses by

judgment about guilt or innocence.  *See id.*  To the contrary, a joint trial likely will maximize the relevant evidence made available to the jurors in the discharge of their solemn duties.

Thus, I find and conclude that neither defendant has sustained the burden to establish irreparable prejudice absent severance.   A joint trial in the circumstances and context of this case and these defendants will accrue all the benefits historically associated with joint trials and simultaneously enhance the ascertainment of the truth to the benefit of all parties in interest.  A joint trial is the best means to achieve the goal of a reliable judgment about guilt or innocence and is, thus, the optimum milieu for the ascertainment of the truth.  Accordingly, defendants' motions to sever should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Morris'** [*sic*] **Motion for Severance of Defendants** [#201] filed April 14, 2011, is **DENIED**; and

2.  That **Accused Armstrong's Notice for Severance of Defendants** [#213] filed April 29, 2011, is **DENIED**.

Dated January 23, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

subpoena; (7) the right to participate in the formulation of jury instructions; (8) the right to require that separate consideration be given to each individual defendant and to each separate charge against him; and (9) the right to have each defendant's case determined from his or her own conduct and from the evidence applicable to him. No specific trial right is implicated or inquinated by a joint trial of these codefendants.