**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant.

**ORDER DENYING DEFENDANT ARMSTRONG'S CONDITIONAL MOTION FOR THE APPOINTMENT OF AN ATTORNEY TO ASSIST DEFENDANT WITH CRIMINAL CONTEMPT PROCEEDINGS**

**Blackburn, J.**

The matter before me is the **Motion for the Court To Appoint an Attorney as Co-Counsel To Assist Petitioner** [*sic*] **With Criminal Contempt Proceedings** [#409][1] filed February 8, 2012, *pro se* by the defendant, Richard Kellogg Armstrong. Quintessentially, Mr. Armstrong requests that I appoint an attorney who is acceptable to him to represent or assist him in the pending contempt proceedings.[2] I deny his conditional motion.

Because Mr. Armstrong is proceeding *pro se*, I continue to construe his papers

---

[1] "[#409]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2] To me Mr. Armstrong's position is ambiguous. On the one hand his request may be that I appoint and attorney to represent him. On the other hand, his request may be that I appoint an attorney to serve as his co-counsel with Mr. Armstrong serving as his own counsel. I will disambiguate this issue at the next contempt-related hearing.

liberally. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Thus, although the motion was filed beyond the deadline required by the court (*see* **Courtroom Minutes** [#404] at 4 filed January 24, 2012), I exercise my discretion to consider it.

Mr. Armstrong has been ordered to show cause why he should not be held in criminal contempt for continuing to flout the duly issued orders of this court. (*See* **Order To Show Cause** [#378] filed December 16, 2011.) As an alleged contemnor, Mr. Armstrong is "entitled to full criminal process," including the right to counsel. *United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831, 834-35 114 S.Ct. 2552, 2560-61, 129 L.Ed.2d 642 (1994).

At the contempt advisement proceedings on January 24, 2012, I asked Mr. Armstrong whether he wanted to be represented by an attorney in the contempt proceedings. He advised me that he would consider the matter, and I required him to inform me of his answer in writing. The instant motion is his response.

However, because Mr. Armstrong attempts to place unreasonable and unacceptable conditions on the appointment of counsel, his request must be denied. Other than the fact that the contempt proceedings arose in the context of this criminal case, the contempt charges themselves have nothing to do with the substantive allegations underlying the Indictment. Therefore, there is no reason whatsoever that Mr. Armstrong requires an attorney who "possess[es] in-depth knowledge of the IRS

and [has] direct experience in the defense of IRS cases" to defend against the contempt charges. **See Motion** at 1.  Indeed, his insistence on such appears to be little more than a thinly veiled attempt to circumvent my denial of his prior motion to dismiss David L. Owen, Jr., Esq., as his standby and advisory counsel.  (**See Order Denying Defendant Armstrong's Motion To Terminate Court Appointed Assistance of Counsel** [#189] filed April 6, 2011.)

Moreover, I explicitly and emphatically reject Mr. Armstrong's requirement that he must find the attorney appointed to represent him "acceptable," whatever that may mean.  Although an indigent defendant has the right to counsel, he does not have the right to counsel of his choice.  **United States v. Nichols**, 841 F.2d 1485, 1504 (10th Cir. 1988).  Although Mr. Armstrong continues to profess an unexplicated "personality clash" with Mr. Owen,[3] there is no other attorney better edified or situated to competently represent Mr. Armstrong in the contempt proceedings.  He is familiar with the history and development of this case in general and these contempt charges in particular. There is important public interest in having these charges resolved as efficiently and expeditiously as possible, and Mr. Owen is not only eminently qualified, but the best positioned, attorney to efficaciously assist Mr. Armstrong in addressing them.

**THEREFORE, IT IS ORDERED** that the **Motion for the Court To Appoint an Attorney as Co-Counsel To Assist Petitioner** [*sic*] **With Criminal Contempt**

---

[3] As I noted in denying Mr. Armstrong's previous motion to dismiss Mr. Owen, this conflict seems to arise largely from Mr. Owen's apparent disagreement with "Mr. Armstrong's views concerning such issues as 'the U.S. monetary system,' 'the legal status of the IRS, individual sovereignty, 'declared citizenship,' and the standing of the United States.  (**Order Denying Defendant Armstrong's Motion To Terminate Court Appointed Assistance of Counsel** at 2 [#189], filed April 6, 2011.)  As I said in that order, such allegations "do[] not provide any cogent factual or legal basis" to infer that Mr. Owen cannot represent Mr. Armstrong competently.

**Proceedings** [#409] filed February 8, 2012, *pro se* by the defendant, Richard Kellogg Armstrong is **DENIED**.

Dated February 10, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

4