**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

     Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ARMSTRONG'S MOTION FOR CJA FEES
FOR APPOINTMENT OF EXPERT WITNESS**

**Blackburn, J.**

The matter before me is the **Motion for Leave To File a Motion for Authorization for Court Paid Expert Forensic Witness To Investigate and Challenge IRS Charges of Petitioner Filing Fraudulent and Fictitious Income Tax Forms Claiming Original Issue Discount As Well As Demand for a Trial Date Extension** [#408][1] filed *pro se* February 8, 2012, by the defendant, Richard Kellogg Armstrong. Mr. Armstrong again seeks authorization to file yet another motion authorizing payment to Victoria Osborn, a putative certified fraud examiner.[2] I grant the

---

[1] "[#408]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Mr. Armstrong also uses this motion spuriously to complain again of my purported failure to address his **Motion To Answer a Certified Question of Law Related to Jurisdiction in This Case, and an Offer of Proof** [#361] filed November 18, 2011. As I informed Mr. Armstrong during the proceedings

1

motion for leave to file,[3] but again deny the substantive request to authorize CJA funds.

As I have done assiduously during the time that Mr. Armstrong has represented himself, I construe his papers liberally.  **See Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Notwithstanding, *pro se* litigants still bear responsibility to develop the factual bases in support of their requests for relief.  **See Whitney v. State of New Mexico**, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A request for compensation under the Criminal Justice Act (CJA) is "a direct claim upon the limited resources of the U.S. Treasury."  **United States v. Smith**, 76 F.Supp.2d 767, 768 (S.D. Tex. 1999).  Expenditure of such public funds is proper only when authorized by Congress.  **See United States v. MacCollom**, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089-90, 48 L.Ed.2d 666 (1976).  Pursuant to the statute, funds may be authorized when it has been shown that the requested expenditures are "necessary for an adequate representation."  18 U.S.C. § 3006A(a).

---

on January 24, 2012, I have already ruled on and denied this motion, which itself was a reiteration of a previously denied motion.  (**See Order Denying Motion To Answer a Certified Question of Law Related to Jurisdiction in This Case** at 1-2 [#400] filed January 17, 2012.)  The court's CM/ECF system confirms that a copy of this order was mailed timely to Mr. Armstrong.  Nevertheless, in an abundance of caution, I will direct the clerk of the court to mail another copy of this order to Mr. Armstrong.

[3] The inclusion of the substantive motion itself within the motion for leave to file is improper, as I previously advised Mr. Armstrong.  (**See Amended Minute Order** at 1 n.2 [#410] filed February 9, 2012.) The **Trial Preparation Conference Order** [#33] filed June 25, 2010, provides in relevant part that "[a] request for leave to file [a motion] shall not be contained or included in the paper sought to be filed.  **See REB Cr. Practice Standard** V.B., C., and D."  (*Id.* at 1, n. 2.)  Although the initial trial preparation conference order has been supplanted by the **Second Trial Preparation Conference Order** [#403] filed January 24, 2012 (*see* **Order** at 6, ¶ 21), **REB Cr. Practice Standard** V.B., C., and D. remains in full force and effect.

A court need not appoint an expert unless it is convinced that such services are necessary to an adequate defense. ***Christian v. United States***, 398 F.2d 517, 519 (10th Cir.1968). Furthermore, it is the defendant's burden to make a showing of necessity. ***See United States v. Mundt***, 508 F.2d 904, 908 (10th Cir.1974), ***cert. denied***, 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 103 (1975).

In a previous order, filed under restriction,[4] addressing this same request, I advised Mr. Armstrong of these precepts underlying entitlement to CJA funds. Further, and more relevantly, I informed him that his "mere *ipse dixit* is not sufficient to establish necessity," pointing out that he had failed to "identif[y] any specific issues or areas of inquiry that Ms. Osborn may be asked to investigate or address" or to "suggest how much time she may need to devote to any investigation that may be contemplated[.]"[5]

The latest reincarnation of the motion only partially rectifies these shortcomings. Mr. Armstrong does state, but without further essential explication, that Ms. Osborn anticipates approximately 40 hours of work at a rate of $195 an hour. However, nothing in his motion or in Ms. Osborn's curriculum vitae sheds any further light on the specific nature of Ms. Osborn's purported mission. Given the alleged centrality of Ms. Osborn's testimony to the defense, Mr. Armstrong must have some notion of what issues and

---

[4] The instant motion was not filed *ex parte* or under restriction.

[5] Mr. Armstrong also chides me for alleged delay in ruling on this matter. Any delay, however, is attributable to Mr. Armstrong himself. As outlined in my order denying his prior CJA motion, Mr. Armstrong initially filed his request for expert assistance in his *civil* case, which is not before this court. Although once apprised of the matter, I granted Mr. Armstrong leave to file a proper motion in this case, that motion was wholly unsubstantiated. I, therefore, directed the court's CJA Specialist to contact Mr. Armstrong and inform him that further information and documentation were required. After affording him ample time to respond to that missive, and having received nothing from Mr. Armstrong, I ruled on his motion in due course. I note, moreover, that despite the supposed urgency of this matter, Mr. Armstrong waited another three weeks after that order was issued to file the present motion, which adds little of substance to his previous submission.

3

matters he will ask her to investigate.[6]  Yet the exact purposes and parameters of Ms. Osborn's investigation remain a mystery.  Without knowing precisely what issues Ms. Osborn may address or what tasks she may perform on Mr. Armstrong's behalf, it is impossible to conclude that her services are necessary to his adequate representation.[7]

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's **Motion for Leave To File a Motion for Authorization for Court Paid Expert Forensic Witness To Investigate and Challenge IRS Charges of Petitioner Filing Fraudulent and Fictitious Income Tax Forms Claiming Original Issue Discount As Well As Demand for a Trial Date Extension** [#408], filed February 8, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.  That the motion for leave to file a motion seeking authorization for the appointment of Ms. Osborn is **GRANTED**; and

b.  That the **Motion for Authorization for Court Paid Expert Forensic Witness To Investigate and Challenge IRS Charges of Petitioner Filing Fraudulent and Fictitious Income Tax Forms Claiming Original Issue Discount As Well As Demand for a Trial Date Extension** is **DENIED**; and

2.  That the clerk of the court is **DIRECTED** to mail Mr. Armstrong another copy

---

[6] Moreover, I certainly would not authorize the expenditure of CJA funds to allow any expert to conduct a fishing expedition in the mere hope of turning up some alleged flaw in the government's case.

[7] Concomitantly, without a more detailed description of the precise tasks Ms. Osborn might undertake and the precise issues she might address, it is not possible to conclude that 40 hours is a reasonable estimate of the time Ms. Osborn will require to complete her investigation.  Similarly, there is nothing in the motion to substantiate the assertion that Ms. Osborn's schedule necessitates 90 days "lead time," and, thus, no basis for Mr. Armstrong's *demand* for a continuation of the trial date. At this late date it is the responsibility of Mr. Armstrong to nominate a putative expert who can complete the work required in time for trial, which is set to commence on April 9, 2012.

of the **Order Denying Motion To Answer Certified Question of Law Related to Jurisdiction in This Case** [#400] filed January 17, 2012.

Dated February 13, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge