IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.      RICHARD KELLOGG ARMSTRONG,

        Defendant.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANT ARMSTRONG'S "MOTION FOR RETURN OF PROPERTY, OR ALTERNATIVELY A STAY ON SEIZURE PROCEEDINGS PENDING THE OUTCOME OF TRIAL PROCEEDINGS" (Doc. 406)**
_____

        COMES NOW, the United States of America by and through United States Attorney John F. Walsh and Assistant United States Attorney Tonya S. Andrews, and responds as follows to the defendant's "Motion for Return of Property, or Alternatively a Stay on Seizure Proceedings Pending the Outcome of Trial Proceedings" (Doc. 406).

**Relevant Facts**

        1.    On February 15, 2011, the defendant was indicted by a grand jury, which found that if the defendant is convicted of the violations alleged in the Superseding Indictment, he would be subject to forfeit his "right, title and interest in" a Beech Aircraft, real property located at 14255 Harvest Mile Road in Brighton, Colorado (hereinafter "Harvest Mile property"), and real property located at 30 Perkins Dive in Prescott, Arizona (hereinafter "Perkins Drive property").   (Doc. 140).

1

2.	On July 12, 2010, the United States filed a Second Amended Verified Complaint for Forfeiture *In Rem* for the Beech Aircraft, the Harvest Mile property, and the Perkins Drive property.  (Civil Action No. 10-cv-01073-MSK-MEH, Doc. 28).[1]  On July 29, 2010, a Second Amended Warrant for Arrest *In Rem* was issued for the Beech Aircraft.  (Doc. 30).

3.	Based on the warrant *in rem* issued by the Court and the Complaint, the United States seized the Beech aircraft and filed lis pendens against the Harvest Mile property and the Perkins Drive property.[2]

4.	On September 15, 2010, the defendant moved to stay all civil forfeiture proceedings pending the outcome of the criminal case.  (Civ. Doc. 56).  This motion was unopposed by the government and granted by the Court in the civil case.  (Civ. Docs. 57 and 103).

5.	On January 31, 2012, the defendant filed the instant motion.  (Doc. 406). In his motion, the defendant requested a return of property under Federal Rules of Criminal Procedure Rule 41(g) or a stay of the forfeiture proceedings pending the outcome of the criminal trial.[3]  The defendant also claims that the government could not

---

[1] To distinguish between the civil forfeiture case pleadings and the instant criminal proceedings, the United States will refer to pleadings in the criminal case by "Doc. #" and pleadings in the civil forfeiture case, Case no. 10-cv-001073-MSK-MEH, by "Civ. Doc. #."

[2] Technically, the United States seized the Beech Aircraft and filed the lis pendens based on the initial Complaint and Warrant for Arrest In Rem.  The United States simply maintained custody based on the second Amended Warrant In Rem thereafter.

[3] The defendant also argues that 18 U.S.C. § 3231 is unconstitutional and, therefore, the court lacks jurisdiction to hear this case.  (Doc. 406).  However, this is an issue that has already been ruled on twice before by this Court, finding that this claim is "jejune and feckless" and an argument of "patent frivolity."  (Docs. 169 and 400).

seize his property unless he is found guilty at trial.  Finally, the defendant contests the government's attempt to seize the Perkins Drive property because he claims that it belongs to his wife,[4] and the Harvest Mile property because he claims it is subject to abatement by the estate of Larry Hall.[5]  (Doc. 406).

## Properties Pending Forfeiture in Civil Proceedings
## Verified Civil Complaint for Forfeiture In Rem

A motion for return of property pursuant to Rule 41(g) is not the proper mechanism for challenging property that is pending forfeiture in a criminal or civil forfeiture proceeding.  See *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, . . . , to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property").  Rule 41(g) is an equitable remedy available only to a defendant who has an inadequate remedy at law.  *Frazee v.*

---

The defendant also claims that he is innocent because he lacks the necessary intent to be found guilty.  This claim has also been previously addressed by the Court when it declined to "usurp the prerogative of the jury" by ruling on such issues before trial.  (Doc. 169).

[4] The defendant lacks the necessary standing on this argument.  In order to have standing, a party must suffer an "injury in fact" that is personal to the party alleging it.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  If his wife has an interest in the property, she may file a petition asserting her interest.  *See* FED. R. CRIM. P. 32.2(c)(1)-(2); *see also United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008).  Moreover, his wife has already filed a claim in the related civil forfeiture action.

[5] However, the defendant has previously stated that "Mr. Hall had no legal interest in the [Brighton] property whatsoever and that any submissions made to the Court by Mr. Hall were unauthorized.  His only interest in that property was as a tenant." (Civ. Doc.110).  Furthermore, even if Mr. Hall had an interest in the property, the government can still proceed with civil forfeiture because civil forfeiture does not abate upon the death of an owner.  *See United States v. $120,751.00*, 102 F.3d 342, 344 (8th Cir. 1996).

*I.R.S.*, 947 F.2d 448, 449 (10th Cir. 1991).  Judicial forfeiture proceedings, criminal and civil, provide the defendants with an adequate remedy at law to challenge the forfeiture and the legality of the seizure.  *Frazee*, 947 F.2d at 449-51; *see also United States v. Floyd*, 860 F.2d 999, 1003-4 (10th Cir. 1988).

In this case, the government is seeking forfeiture of the Beech Aircraft, the Harvest Mile property, and the Perkins Drive property through both civil and criminal proceedings.  The defendant has an adequate remedy at law to challenge the forfeiture in both proceedings.  *See United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000).  To the extent the defendant seeks the return of any property sought for forfeiture, the defendant's remedy at law is to file a claim to the property in the civil case pursuant to 18 U.S.C. § 983, as he has done, or contest the forfeiture at trial or before the Court at sentencing.  (Civ. Doc. 48); *see Akers*, 215 F.3d at 1106 (finding that a pending civil forfeiture proceeding "provides a defendant with an adequate remedy at law for resolving a claim to seized property."); Fed. R. Crim. P. 32.2 (b)(1) (providing for forfeiture proceeding after the adjudication of guilt).[6]  Thus, to the extent that the defendant's motion for return of property seeks the return of assets that are part of pending civil and criminal forfeiture proceedings, the defendant's motion should be denied because he has other adequate remedies at law.

---

[6] The defendant is correct in his assertion that the government cannot criminally forfeit his interest in property if he is not convicted of any related criminal activity.  If convicted, the appropriate time to challenge the validity of the criminal forfeiture is after the jury has found the defendant guilty of related charges or the defendant has plead guilty to related charges, making the challenge at this point in the proceedings premature.  *United States v. Lake*, 472 F.3d 1247, 1251 (10th Cir. 2007) (noting that the forfeitures could not stand in light of the reversal of the convictions); *see also* FED. R. CRIM. P. 32.2(b)(1) (providing for forfeiture proceedings after the adjudication of guilt).

4

Moreover, contrary to the defendant's assertion, the government has set forth sufficient facts supporting their claim that the Beech Aircraft is subject to forfeiture, and may, therefore seize the Beech Aircraft pending litigation. *See* Civ. Doc. 28; Supplemental Rule for Maritime and Asset Forfeiture Claims G(4)(a)(iv)(C). The seizure of the aircraft was authorized by the Court through a Warrant for Arrest of Property *In Rem*.[7] (Civ. Doc. 29). Accordingly, the government does not, as the defendant suggests, have to prove that he is guilty of a crime before it may seize property it alleges is subject to forfeiture because it is traceable to proceeds of the related criminal conduct.

Finally, the alternative relief the defendant is requesting, a stay, has already been granted. (Civ. Docs. 57 and 103). Thus, the defendant's instant motion is moot in that regard.[8]

WHEREFORE, for these reasons, the United States respectfully requests that defendant's "Motion for Return of Property, or Alternatively a Stay on Seizure Proceedings Pending the Outcome of Trial Proceedings" be DENIED.

DATED this 17th day of February, 2012.

---

[7] The two other assets that the Government is seeking through forfeiture are two pieces of real property. These properties have not been seized and the residents have not been deprived of their use. Therefore, defendant Armstrong's request that they be "returned" pending his criminal trial must be denied.

[8] A stay of forfeiture proceedings is unnecessary in a criminal case because forfeiture is not addressed until after the adjudication of guilt. *See* note 5.

5

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to the following participants:

Kenneth Mark Harmon
Kevin F. Sweeney
*Attorneys for the United States*

And a copy mailed to:

Richard Kellogg Armstrong
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123
*Pro Se*

s/ *Raisa V. Pitman*
FSA Data Analyst
Office of the U.S. Attorney