IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CURTIS L. MORRIS, and
2.    RICHARD KELLOGG ARMSTRONG,

    Defendants.

---

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENTION TO OFFER
EVIDENCE PURSUANT TO FED.R.EVID. 404(b)**

---

The United States of America, by and through its undersigned counsel, hereby provides

supplemental notice to the defendants and to the Court of its intention or possible intention to

offer in its case-in-chief at trial, pursuant to Federal Rule of Evidence 404(b), evidence of the

conduct or acts,  for purposes other than to show the character of the defendants and their

conformity therewith in the instant case.

The government submits that evidence of most, if not all, of the conduct and acts

described below is not, in fact, subject to the provisions of Fed.R.Evid. Rule 404(b) either

because the acts are not criminal in nature or bad acts tending to impugn the character of either of

the defendants, *United States v. Kendall*, 766 F.2d 1426, 1436 n. 5 (10th Cir.1985)("[t]o fall

within the scope of 404(b), an act need not be criminal, so long as it tends to impugn a

defendant's character"), or because the acts concern evidence that is intrinsic to the charged

1

conduct in this case.[1]  The government nonetheless hereby provides notice of its intention to offer in its case-in-chief evidence of the acts and conduct described below, in order to preserve the opportunity to seek admission of the evidence pursuant to Fed.R.Evid. Rule 404(b), in the event that the Court concludes that the admission of such evidence is governed under Rule 404(b).

In accordance with Rule 404(b), the government provides the following supplemental description of the general nature of evidence which it will or may seek to offer pursuant to Fed.R.Evid. Rule 404(b), which evidence has previously been disclosed or made available to the defendants as part of the government's ongoing pretrial disclosures in this case:

A.      In its prior Rule 404(b) notice, the government indicated that it would elicit testimony from anticipated government witness Steven Broughton that in April 2009, after receiving a refund check from the IRS obtained through a fraudulent income tax return prepared for him by defendant Morris, Broughton was advised by Morris to deposit the refund check in a

---

[1]      The Tenth Circuit has long recognized the distinction between "extrinsic act evidence," the admission of which is subject to the analytical framework of Fed.R.Evid. Rule 404(b), and "intrinsic act evidence," which is not.  *See, e.g., United States v. Dougherty*, No. 08-8037, 2009 WL 990526, 321 Fed.Appx. 762, 765 (10th Cir. 2009); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009); *United States v. James*, No. 06-7072, 2007 WL 521247, 217 Fed.Appx. 776, 780-81 (10th Cir.2007); *Elliot v. Turner Construction Co.*, 381 F.3d 995, 1004 (10th Cir. 2004).  "Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *United States v. Parker*, 553 F.2d at 1314 (citations and alterations omitted).

Intrinsic evidence includes evidence that is *res gestae* of the offense conduct at issue in the case, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir.1995) or that which is "inextricably intertwined" with or intrinsically related to the charged offense "to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence," *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir.1993), or is "part of a single criminal episode." *United States v. James*, 217 Fed.Appx. at 781.

separate account with a particular bank in Monument, Colorado because that bank had previously defeated an IRS inquiry and, in Morris's view, would be a good bank to use.  Broughton would further testify that Morris referred another of his 1099-OID clients[2] to Broughton for advice in setting up an account at this bank (DE 206 at 5 ¶G).[3]

A.1.    The government also intends to introduce evidence, in this connection, through Mr. Broughton's testimony, that:

–    defendant Morris recommended that Broughton withdraw the tax refund proceeds out of the bank account at this Monument, Colorado bank in sub-$10,000 increments so that the withdrawals would "not be flagged by the IRS" (Bates Stamp Nos. GJ00001908-19109);[4] and

–    after his residence was searched by the IRS, defendant Morris recommended that Broughton look into finding "asset protection" vehicles to help prevent the IRS from recovering Broughton's fraudulent tax refund proceeds and to shield Broughton's assets from the IRS generally; that defendant Morris introduced Broughton to two separate individuals to advise and assist Broughton in this regard; that the second individuals was deceased defendant Larry Hall; and that Hall undertook to assist Broughton protect his tax refund

---

[2]    "1099-OID clients" in this pleading refers to tax preparation clients of defendant Morris for whom Morris prepared income tax returns claiming fraudulent refund claims using the scheme to defraud set forth in the Superseding Indictment in this case. "1099-OID income tax returns" refers to income tax returns claiming fraudulent refund claims that were prepared and submitted pursuant to the charged scheme.

[3]    "DE __" refers to docket entries in this case.

[4]    "Bates Stamp No. GJ_____" refers to control/identification numbers assigned to certain documentary materials produced by the government to the defense as part of its pretrial disclosures in the case.

proceeds and other assets from the IRS, among other ways, through the formation of a trust (Bates Stamp Nos. GJ00001922-1934).

B.      The government also intends to elicit testimony from Mr. Broughton that he was recruited to assist defendant Morris and others as a notary on a "secured creditors program" and that, in or about early May 2009, in connection with such assistance, he was introduced to defendant Armstrong and his spouse at a meeting in North Denver concerning such program (Bates Stamp Nos. GJ00001910-1917).  Mr. Broughton is expected to further testify that he learned, as a result of this introduction and conversation with defendant Morris and others, that defendant Armstrong was one of Morris's "1099-OID clients" who had received a tax refund as a result of returns prepared by Morris and, according to Morris, was also confronting the IRS concerning its contention that the Morris-prepared returns were frivolous (Bates Stamp Nos. GJ00001911-1915).

C.      The foregoing evidence would be offered, pursuant to Fed.R.Evid. Rule 404(b), with respect to defendant Morris's knowledge and intent with respect to the charged conduct,  his lack of good faith in engaging in such conduct, and the genuineness (or lack thereof) of his professed views and beliefs underlying and with respect to the IRS filings that are the subject of the charged conduct.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kenneth M. Harmon

4

By:  Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2012, I electronically filed the foregoing **GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENTION TO OFFER EVIDENCE PURSUANT TO FED.R.EVID. 404(b)** with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

Lisa M. Wayne, Esq.
Lmonet20@aol.com
Attorney for Defendant Curtis L. Morris

David L. Owen, Esq.
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700

5

Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov