FILED
United States Court of Appeals
Tenth Circuit

March 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

RICHARD KELLOGG
ARMSTRONG,

        Petitioner.

No. 12-1082
(D.C. No. 1:10-CR-00317-REB-2)
(D. Colo.)

---

**ORDER**

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Criminal proceedings are pending against Richard Kellogg Armstrong in the United States District Court for the District of Colorado, in which he is charged with one count of mail fraud in violation of 18 U.S.C. § 1341, and four counts of filing false claims against the United States in violation of 18 U.S.C. § 287.

Mr. Armstrong, who is pro se in the district court, with standby counsel, has filed in this court a pro se "[] Petition for a Common Law Writ of Mandamus and/or Prohibition to the United States District Court for the District of Colorado, Denver Division," in which he seeks an order compelling the district court to "declar[e] that Public Law 80-772 [which gives the district court jurisdiction over federal crimes] is *void ab initio*, that [he] is actually innocent of any alleged crimes as a matter of law, and that [he] is released from his illegal confinement."

Pet. at 1, 5. Mr. Armstrong's primary arguments are that the district court has refused to dismiss the charges against him and that 18 U.S.C. § 3231, the statute that grants the district court jurisdiction over his case, is invalid.

"Three conditions must be met before a writ of mandamus may issue. First, because a writ is not a substitute for an appeal, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009) (quotations omitted). *See also Sangre de Cristo Cmty. Mental Health Serv., Inc. v. United States (In re Vargas)*, 723 F.2d 1461, 1468 (10th Cir. 1983) ("Writs of prohibition, like writs of mandamus, are not to be used as a substitute for appeal."). "Second, the petitioner must demonstrate that his right to the writ is clear and indisputable. Finally, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cooper Tire*, 568 F.3d at 1187 (quotations and citation omitted). Because Mr. Armstrong has not demonstrated a clear and indisputable right to the writ, or that he cannot raise his arguments on appeal, or that issuance of the writ would be an appropriate exercise of our discretion, we deny the petition.

The motion to proceed without prepayment of costs and fees is DENIED.

The petition for mandamus/prohibition is DENIED.

          Entered for the Court

          */s/ Elisabeth A. Shumaker*

          ELISABETH A. SHUMAKER, Clerk