IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.   CURTIS L. MORRIS, and
2.   RICHARD KELLOGG ARMSTRONG,

        Defendants.
_____

**UNITED STATES' FORFEITURE JURY INSTRUCTIONS, SPECIAL VERDICT FORM, AND MEMORANDUM OF LAW**
_____

The United States of America, by and through Assistant United States Attorney Kenneth M. Harmon, Assistant United States Attorney Tonya S. Andrews, and Department of Justice Tax Division Trial Attorney Kevin F. Sweeney, submits this memorandum in conjunction with the proposed forfeiture jury instructions[1] (Exhibit 1) and special verdict form (Exhibit 2). Neither defendant has requested a jury determination regarding the assets identifiable as directly forfeitable. Therefore, the issues of forfeiture jury instructions and special verdict forms are not ripe for review. Nonetheless, in the event that defendant Curtis L. Morris is convicted of Count One, and defendant Richard Kellogg Armstrong is convicted of any or all of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven of the Superseding Indictment, **and if either defendant requests a jury determination of the**

---

[1] Federal Rule of Criminal Procedure 32.2(b)(5) addresses the right of *either* party in any case tried before a jury to request that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict. Fed. R. Crim. P. 32.2(b)(5). The United States will not make such a request in this case.

**amount of the forfeiture money judgments,** this memorandum outlines the United States' objection to such request. If defendant Richard Kellogg Armstrong[2] requests a jury determination regarding the assets identified as directly forfeitable, the government proposes the procedures to follow in that event.

Count One of the Superseding Indictment charges defendant Curtis L. Morris and Richard Kellogg Armstrong with a scheme to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 2.

Counts Twenty-Five, Twenty-Six, and Twenty-Seven charge defendant Richard Kellogg Armstrong with money laundering in violation of 18 U.S.C. § 1957.

### I.     Applicable Statutes

The Court's authority to order forfeiture for violations of 18 U.S.C. § 1341 as charged in the Indictment is based upon 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of the following:[3]

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

18 U.S.C. § 981(a)(1)(C). Title 18 U.S.C. § 1956(c)(7) identifies as specified unlawful activity, any act constituting an offense listed in 18 U.S.C. § 1961(1) - a list which includes violations of 18 U.S.C. § 1341 (mail fraud).

---

[2] In regard to specific and identifiable assets, the United States is only seeking to forfeit assets directly traceable to the criminal offenses belonging to defendant Richard Kellogg Armstrong. Thus, only defendant Richard Kellogg Armstrong, not defendant Curtis Morris, would have the right to request a jury determination on the forfeiture of assets belonging to him.

[3] Title 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property which can be forfeited civilly. The procedures for the forfeiture and disposition of property are governed by the provisions of 21 U.S.C. § 853.

Likewise, Title 18 U.S.C. § 982(a)(1) provides for the criminal forfeiture of any property, real or personal, involved in an offense in violation of Title 18 U.S.C. § 1957, or any property traceable to such property.

## II. Forfeiture Proceeding

### A. Jury Determination as to Specific Properties

The plain language of the applicable rules contemplates that the Court make the ultimate determination on forfeiture. Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, either the plaintiff or the defendant may request **before the jury begins deliberation** that the jury determine the forfeitability of specific property. FED. R. CRIM. P. 32.2(b)(5) (emphasis added). Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form . . . asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

If a jury verdict is requested, it is the jury's function to decide whether the government has proved the elements necessary for the Court to declare the property forfeited. It is no longer necessary for the jury to determine the extent of the defendant's interest in the property[4] — that issue is left for the ancillary proceedings. Fed. R. Crim. P.

---

[4] "Since the enactment of the ancillary proceeding statutes, the requirement in [former] Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources." Fed. R. Crim. P. 32.2(b)

32.2 (*Advisory Committee Notes 2000*). It is the duty of the jury solely to determine whether the government has established the requisite nexus between the property alleged subject to forfeiture and the offense(s) for which the defendant was found guilty.

In this case, the government seeks the forfeiture of several specifics properties belonging to defendant Richard Kellogg Armstrong, namely the real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado; real property, including all attachments thereto, located at 30 Perkins Drive, Prescott, Arizona; and Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527. Thus, the jury must only determine the nexus between the criminal offenses for which they have found the defendant Richard Kellogg Armstrong guilty and these specific properties. *See* Rule 32.2(b)(1)(A) ("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense").

If defendant Richard Kellogg Armstrong elects to have a jury determination regarding the forfeiture of the specific assets, the United States proposes the following procedures to be used when a jury must determine the forfeitability of specific property. In order to determine the forfeiture nexus between the subject property and the offense, the jury must answer questions which will allow the court to enter the order of forfeiture. FED. R. CRIM. P. 32.2(b)(5)(B); *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise

---

(*Advisory Committee Notes* 2000).

**United States' Memorandum of Law Regarding Forfeiture - Page 4**

but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).  The government's proposed special verdict form is in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the court enters the order, the jury is not advised of the ramifications of its decision–just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Thus, the portion of the Superseding Indictment entitled "Notice of Forfeiture Allegation" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided.  Hence, bifurcated proceedings are required.  *See* Fed. R. Crim. P. 32.2(b)(1).  The portion of the Superseding Indictment entitled "Notice of Forfeiture Allegation" is merely the required statutory notice to the defendants that the government seeks to forfeit their property in accordance with the applicable statute.  FED. R. CRIM. P. 32.2(a), *Advisory Committee Notes* (West 2003).

### B. Objection to Jury Determination as to Money Judgments

In this case, in addition to the specific properties identified-above, the government also seeks to forfeit the total amount of proceeds obtained by the defendants and/or involved in the money laundering offenses by obtaining money judgments in those

amounts.[5]  Therefore, the only determination to be made for the purposes of the money judgments is the calculation of the amounts, not a determination of whether a nexus exists between the forfeitable property – the criminal proceeds – and the crime.  *See* FED. R. CRIM. P. 32.2(b)(1)(A) ("If the government seeks a **personal money judgment**, the **court** must determine ***the amount of money*** that the defendant will be ordered to pay.") (emphasis added).  Therefore, neither party has a right to request a jury determination of the amount of a money judgment.[6]

Moreover, there is no constitutional right to a jury determination of the forfeiture of property.  *See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").[7]  The only right to a jury trial is created in Federal Rule of Criminal Procedure 32.2(b)(5).  *See*

---

[5] The government realizes that the funds fraudulently obtained by mail as alleged in Count One are the same funds that were laundering as alleged in Counts Twenty-Five, Twenty-Six, and Twenty-Seven.  Consequently, the government will, at the appropriate time, only seek to impose one money judgment – the highest supported by the counts of conviction and found by the Court or the jury – against each defendant for which they would be jointly and severally liable.

[6] Although the United States asserts that there is no right to a jury determination of the money judgments, it does intend to pursue obtaining such judgments with the Court after the defendants have been convicted in this case.

[7] The post-*Libretti* changes to federal sentencing law do not impact forfeiture.  *See United States v. Booker*, 125 S.Ct. 738, 764 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid").  This is so because *Booker* "prohibits a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range."  *See United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005).  Pre-*Booker*, the Eleventh Circuit has held that forfeiture need only be proved by a preponderance and was outside *Apprendi* analysis.  *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

*United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b) gives the defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2$^d$ Cir. 2004). As noted above, the plain language of Rule 32.2(b)(5) limits the role of the jury to determining the forfeitability of specific assets, while leaving it to the Court to determine the amount of a money judgment. *See* Rule 32.2(b)(5)(B) (Special Verdict Form should ask "the jury to determine whether the government has established the ***requisite nexus between the property and the offense***") (emphasis added). This allocation of responsibilities makes particular sense since for sentencing purposes the Court, not the jury, is responsible for determining the total amount of the loss, which in a fraud case is almost always identical to the amount of the proceeds. It would be both inefficient and potentially problematic to retain the jury to set the amount of the proceeds, when the Court must make the same finding at sentencing.

The caselaw on this issue supports the interpretation that juries have no role in determining the amount of a money judgment. *See United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2 is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment); *see also United States v. Reiner*, 393 F. Supp. 2d 52, 55 (D. Me. 2005) (when the government is seeking only a money judgment, there is no nexus requirement and thus no nexus for the jury to find).

### III.     Conclusion

In conclusion, should defendant Richard Kellogg Armstrong request a jury determination of the forfeiture of the specific assets, the United States requests that the Court:

(1) instruct the jury on the issue of forfeiture <u>after</u> the jury has returned a guilty verdict on any or all of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven, of the Superseding Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof (See Exhibit 1); and

(3) provide the jury with a special verdict form as proposed by the government (See Exhibit 2).

In the event, either defendant request a jury determination of the forfeiture money judgments, pursuant to Rule 32.2(b)(5), the government requests that the Court deny such request because jury determinations are limited to the finding of a nexus between specific property sought for forfeiture and the offense of conviction. There is no right to a jury determination of the amount of a money judgment.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kevin F. Sweeney
By: Kevin F. Sweeney
Special Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Phone: 303-454-0100
Kevin.Sweeney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2012, I electronically filed the foregoing **UNITED STATES' FORFEITURE JURY INSTRUCTIONS, SPECIAL VERDICT FORM, AND MEMORANDUM OF LAW** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:   s/ *Kevin F. Sweeney*
     KEVIN F. SWEENEY
     Trial Attorney