**NON-STIP G INSTRUCTION NO. 1**
PRELIMINARY  INSTRUCTIONS BEFORE TRIAL

At the end of the trial I will give you detailed guidance on the law and how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by an Assistant United States Attorney, Kenneth M. Harmon, and a Department of Justice Trial Attorney, Kevin F. Sweeney. Defendant Curtis L. Morris is represented by his lawyer, Lisa M. Wayne.  Defendant Richard K. Armstrong has decided to represent himself and not use the services of a lawyer.  He has a perfect right to do this. His decision has no bearing on whether he is guilty or not guilty, and it should have no effect on your consideration of the case.

The Superseding Indictment [hereinafter " indictment"] charges Defendants Morris and Armstrong for offenses relating to their involvement in a scheme to file false claims with the IRS for themselves and others between approximately September of 2008 and May of 2009.  According to the indictment, the scheme involved the filing of false income tax returns and amended income tax returns claiming large tax refunds based upon fictitious federal income tax withholding.  The indictment alleges that the scheme participants submitted fraudulent Forms 1099-OID to the IRS showing bogus federal income tax withholding from fictitious original issue discount income.

The indictment charges Morris with one count of conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286 for his role as the tax preparer of the scheme.  It also charges him with seventeen counts of filing false

claims against the United States in violation of 18 U.S.C. § 287 for preparing false income tax returns and amended income tax returns for himself and clients of the scheme.  Moreover, the indictment charges Morris with three counts of mail fraud in violation of 18 U.S.C. § 1341 for causing the amended income tax returns of Richard K. Armstrong to be delivered by mail to the IRS and for causing one amended income tax return and one income tax return for himself to be delivered by mail to the IRS.

The indictment charges Armstrong for his participation in the same conspiracy to defraud the United States count in violation of 18 U.S.C. § 286.  It also charges him with eight counts of filing false claims against the United States in violation of 18 U.S.C. § 287 for filing his own false income tax returns and amended income tax returns with the IRS as well as one count of mail fraud in violation of 18 U.S.C. § 1341 for causing his false tax amended returns to be delivered to the IRS by mail.  The indictment further charges Armstrong with three counts of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 for using the proceeds of his mail fraud.

The indictment is simply the description of the charge(s) made by the government against the defendant(s); it is not evidence of guilt or anything else.  The defendant(s) pleaded not guilty and each is presumed innocent.  They may not be found guilty by you unless all twelve of you unanimously find that the government has proved their guilt beyond a reasonable doubt.  There are multiple defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.   If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you

may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect

exactly what was said, so your notes should be used only as memory aids.  Therefore,

you should not give your notes precedence over your independent recollection of the

evidence.  You should also not be unduly influenced by the notes of other jurors.  If you

do take notes, leave them in the jury room at night and do not discuss the contents of

your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the

defendant(s), or with any of the lawyers at all.  In addition, during the course of the trial

you should not talk about the trial with anyone else.  Do not discuss the case with

anyone or provide any information about the trial to anyone outside the courtroom until

the verdict is received.  Do not use the internet or any other form of electronic

communication to provide any information.  Simply put, do not communicate with

anyone about the trial until your verdict is received.  Also, you should not discuss this

case among yourselves until I have instructed you on the law and you have gone to the

jury room to make your decision at the end of the trial.  It is important that you wait until

all the evidence is received and you have heard my instructions on the controlling rules

of law before you deliberate among yourselves.  Let me add that during the course of

the trial you will receive all the evidence you properly may consider to decide the case.

Because of this, you should not attempt to gather any information or do any research

on your own.  Do not attempt to visit any places mentioned in the case, either actually

or on the internet, and do not in any other way try to learn about the case outside the

courtroom.

The court reporter is making stenographic notes of everything that is said.  This

is basically to assist any appeals.  However, a typewritten copy of the testimony will not

be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Sweeney, you may present the opening statement for the government.

1.01 and 1.02 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 2**
THE INDICTMENT READ

The indictment charges the defendants as follows:

**COUNTS 1 - 5**

(Mail Fraud)

1.      From as early as in or about September 2008, and continuing at least through in or about May 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG and**
**LARRY RAY HALL,**

together, and in concert with persons known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations from the United States Department of Treasury and one of its agencies, the Internal Revenue Service ("IRS"), through the submission of false claims for federal income tax refunds, as part of individual federal income tax returns filed with the IRS, that were based upon and supported by false and fictitious information about federal income taxes purportedly withheld on original issue discount income, as set forth in the federal income tax returns and as purportedly reflected on IRS Forms 1099-OID filed with the IRS.

**Background**

At all times material to this Superseding Indictment:

2.      Original issue discount ("OID") income was a form of interest income typically realized on debt instruments that were issued at a discount to, or purchased at

less than, the ultimate redemption value of the debt instrument. The IRS typically considered the holders of such discounted debt instruments to have realized yearly OID income from such instruments in amounts corresponding to a pro rated portion of the overall difference in value between the issuance or purchase price of the instrument and its redemption price.

3.     The IRS required financial institutions to report OID income realized from OID instruments for a particular year, both to the IRS and to the holder of the OID instrument, through the use of IRS Form 1099-OID, a copy of which form was required to be provided to the holder of the OID instrument for use in preparing the taxpayer's federal income tax return for the year and the original of which was to be filed by the financial institution with the IRS.  While a portion of the Form 1099-OID required the financial institution to report any amounts of OID income withheld from the taxpayer for the purpose of paying over federal income taxes on behalf of the taxpayer, OID income was not generally subject to federal income tax withholdings, and Forms 1099-OID, accordingly, would typically report federal income tax withholdings on OID income only for those taxpayers who were subject to certain backup withholding requirements by the IRS.

4.     Defendant CURTIS L. MORRIS was a resident of Elizabeth, Colorado who worked as an accountant, bookkeeper and business consultant and was self-employed, part-time, as an income tax preparer, doing business, through EFFN Books, Inc., under the trade name "Numbers and Beyond."  Defendant MORRIS charged clients of his tax preparation business a fee for the federal income tax returns that he prepared on their behalf.

5.      Beginning in or about September 2008, defendant MORRIS began to prepare a series of federal income tax returns for a number of clients claiming large federal income tax refunds as the result of large amounts of federal income taxes purportedly withheld from OID income earned by the clients (hereinafter, defendant MORRIS's "OID tax return preparation clients").  Defendant MORRIS also prepared federal income tax returns for himself and his spouse claiming federal income tax refunds based on purported federal income tax withholdings on their OID income (said returns hereinafter referred to, from time to time, as "OID returns").

6.      Defendant RICHARD KELLOGG ARMSTRONG was a part-time resident of Arizona.  ARMSTRONG was one of defendant MORRIS's tax preparation clients for whom MORRIS prepared federal income tax returns claiming large refunds based on purported federal income tax withholdings on OID income.  ARMSTRONG recruited other individuals to have federal income tax returns prepared on their behalf by MORRIS seeking large refunds on the same basis.

7.      Defendant LARRY RAY HALL was a resident of Parker, Colorado and later Brighton, Colorado.  Defendant HALL was a promoter of the use of self-prepared Forms 1099-OID and corresponding federal income tax returns as vehicles to claim large federal income tax refunds as a result of reporting large amounts federal income taxes purportedly withheld from OID income supposedly earned by taxpayers. Defendant HALL, among other things, solicited persons to file federal income tax returns claiming refunds in this manner, explained the process by which the refunds could be claimed based on purported tax withholdings from supposed OID income, and referred interested individuals to accountants such as MORRIS to prepare the federal income tax returns claiming refunds on such basis.

8.      Defendant HALL also had federal income tax returns for himself and his spouse prepared claiming federal income tax refunds based on purported federal income tax withholdings on their OID income.

## The Scheme And Artifice

9.      It was part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations that:

a.      Defendant HALL, together with others known and unknown to the grand jury, would explain to solicited persons how they could use accounts with various types of financial institutions, such as mortgage loan accounts, personal and business loan accounts, lines of credit, credit card accounts, and bank accounts (hereinafter, "financial institution accounts"), to claim entitlement from the IRS to payments commensurate with loan and credit amounts relating to these accounts.  Defendant HALL would explain that the payments would be secured in the form of income tax refunds that would be claimed through federal income tax returns and Forms 1099-OID that, depending on the account, would depict the loan, credit, and checking debit amounts as OID income earned by the taxpayer with respect to the accounts and would represent that federal income taxes approximating these amounts was withheld by the financial institutions where these accounts were held.

b.      Defendant HALL, directly and through others, would provide the solicited persons with documentation prepared by HALL explaining the philosophy and rationale behind seeking tax refunds from the IRS in this manner and purporting to justify the legitimacy of doing so.

c.      Defendant HALL, together with others known and unknown to the grand jury (including, from time to time, defendant MORRIS), would provide persons

interested in securing payments from the IRS through the use of federal income tax returns and Forms 1099-OID exploiting this concept with instructions on how to identify and compile information about their financial institution accounts and would provide these interested persons with specific forms through which to list these accounts and related information.

d.       Defendant HALL, together with others known and unknown to the grand jury, would subsequently refer these interested persons to defendant MORRIS to prepare the OID returns using this compiled information or, alternatively, indicate to these persons that they should select another tax professional familiar with the concept of using Forms 1099-OID and OID returns to obtain tax refunds to prepare the OID returns.

e.  Defendant ARMSTRONG and defendant MORRIS's other OID tax return preparation clients, upon being solicited by HALL and others involved in the scheme, would compile, for the particular tax year in question, a list of their various financial institution accounts and to provide, as part of that list, identifying information about the accounts and the loan, credit or checking debit amounts that they wanted to use to claim tax refunds based on the supposed OID income tax withholdings.

f.       Defendant ARMSTRONG and these other OID tax preparation clients would then provide these lists and the related account information to defendant HALL and others involved in the scheme to use to prepare IRS Forms 1099-OID that would falsely portray the accounts as generating large amounts of OID income for the taxpayer and correspondingly large amounts of federal income taxes withheld on the OID income, whereas the nature of the accounts and the  activity in the accounts, in reality, reflected that the taxpayers owed money to the financial institutions in question

or had negligible bank interest on bank account deposits and, in any event, had not been subject to federal income tax withholdings with respect to the accounts.  The amounts represented in the fabricated Forms 1099-OID as OID income realized and income taxes withheld on that income was typically derived from and corresponded to the loans or credit lines that the taxpayer had with the financial institution or, in the case of bank accounts, the amounts withdrawn or debited from the accounts over the course of the year.

    g. The resulting Forms 1099-OID would be fabricated to make it appear that they had been issued by the financial institutions in question.  Defendant ARMSTRONG and the other OID tax return preparation clients of defendant MORRIS, upon completion of these fabricated Forms 1099-OID, would cause the forms to be filed with the IRS and then furnished to defendant MORRIS for use in preparing the OID returns.  The returns that defendant MORRIS would prepare would take the federal income tax withholding amounts reported on the fabricated Forms 1099-OID and record them as tax payments that would offset and exceed his taxpayer clients' calculated income tax liabilities for the year and thereby form the basis for their claimed federal income tax refunds.

    h. Defendant MORRIS would then sign the returns as the paid preparer and forward the prepared returns to defendant ARMSTRONG and the other OID tax return preparation clients for filing with the IRS.

    I. Defendant HALL would solicit defendant MORRIS's OID tax return preparation clients and others who had agreed to file OID returns to entrust with him the proceeds of the anticipated tax refunds for investment in real estate, which investment HALL claimed could be used to generate additional tax refund payments through the

filing of additional Forms 1099-OID and OID returns.

### *The Armstrong OID Returns And Claimed Refunds.*

10.     On or about November 3, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant ARMSTRONG caused three Amended U.S. Individual Tax Returns for him and his spouse for the years 2005 through 2007, prepared by defendant MORRIS, to be filed with the IRS.  The amended returns claimed a federal income tax refund of $582,352 for 2005, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount; $283,746 in tax refunds for 2006, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount; and $605,300 in tax refunds for 2007, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

11.     On or about January 31, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant ARMSTRONG caused a U.S. Individual Tax Return for him and his spouse for the year 2008, prepared by defendant MORRIS, to be filed with the IRS. The return claimed a federal income tax refund of $1,739,452 for 2008, based on purported federal income tax withheld from purported OID income.

### *DL's OID Returns And Claimed Refunds.*

12.     Over the course of in or about October 2008 through in or about November 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL recruited a Golden, Colorado resident identified herein as "DL" to be an OID tax

preparation client of defendant MORRIS and prepared sets of fabricated Forms 1099-OID for DL for the years 2005 through 2007 for DL to submit to the IRS.  Defendant MORRIS then prepared three Amended U.S. Individual Tax Returns for DL and his ex-spouse for the years 2005 through 2007, using the information in these fabricated Forms 10099-OID, for DL to file with the IRS.

13.    The amended returns claimed federal income tax refunds, based on purported federal income tax withheld from purported OID income by financial institutions, of $553,386 for 2005; $1,179,323 for 2006; and $469,550 for 2007.

### *SB's OID Returns And Claimed Refunds.*

14.    Over the course of in or about January 2009 through in or about February 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS prepared and caused to be filed with the IRS three Amended U.S. Individual Tax Returns for a Parker, Colorado resident identified herein as "SB," one of MORRIS's OID tax preparation clients, and SB's spouse, for the years 2005 through 2007.  Defendant MORRIS also prepared and caused to be filed with the IRS a U.S. Individual Tax Return for SB and his spouse for the year 2008.

15.    The amended returns claimed federal income tax refunds, based on purported federal income tax withheld from purported OID income by financial institutions, of $333,127 for 2005; $211,429 for 2006; and $355,441 for 2007. The OID return for 2008 claimed a federal income tax refund of $197,824, based on purported federal income tax withheld from purported OID income by financial institutions.

### *EDF's OID Returns And Claimed Refunds.*

16.     Over the course of on or about February 2009 through in or about May 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS prepared four U.S. Individual Tax Returns for a Rancho Mirage, California resident identified herein as "EDF," an OID tax preparation client referred by defendant ARMSTRONG, for the years 2005 through 2008, which OID returns EDF then filed with the IRS.

17.     The returns claimed federal income tax refunds, based  purported federal income tax withheld from purported OID income by financial institutions, of $203,203 for 2005; $253,683 for 2006; $1,126,473 for 2007; and $345,000 for 2008.

### *The Morris OID Returns And Claimed Refunds.*

18.     On or about October 7, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS caused an Amended U.S. Individual Tax Returns for him and his spouse for the year 2006, which he personally prepared, to be filed with the IRS.  The amended return claimed a federal income tax refund of $74,546, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

19.     On or about April 16, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS caused an U.S. Individual Tax Returns for himself for the year 2008, which he personally prepared, to be filed with the IRS.  The return claimed a federal income tax refund of $90,481, based, in substantial part, on purported

federal income tax withheld from purported OID income by financial institutions totaling approximately $129,983.

### *The Hall OID Returns And Claimed Refunds.*

20.     On or about October 6, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL caused an Amended U.S. Individual Tax Return for him and his spouse for the year 2006, to be filed with the IRS.  The amended return claimed a federal income tax refund of $66,550, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

21.     On or about April 15, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL caused an U.S. Individual Tax Return for himself and his spouse for the year 2008, to be filed with the IRS.  The return claimed a federal income tax refund of $745,781, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

## COUNT 1

22.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

23.     On or about October 23, 2008, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG and**
**LARRY RAY HALL,**

did knowingly cause, and aid and abet others to cause, to be deposited matters and things to be sent and delivered by a commercial interstate carrier, according to the direction thereon, to wit, three completed amended U.S. Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong for the years 2005, 2006, and 2007, from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 2 - 3

24.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

25.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendant,

**CURTIS L. MORRIS,**

did knowingly cause to be delivered by United States mail according to the direction thereon, the following matters and things:

| COUNT | DATE | MAIL MATTER |
|---|---|---|
| 2 | 9/22/08 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

All in violation of Title 18, United States Code, Sections

1341 and 2.

## COUNTS 4 - 5

26.    The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

27.    On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendant,

**LARRY RAY HALL,**

did knowingly cause to be delivered by United States mail according to the direction thereon, the following matters and things:

| COUNT | DATE | MAIL MATTER |
|-------|------|-------------|
| 4 | 10/6/2008 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |
| 5 | 4/15/09 | IRS Form 1040 U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 6 - 9
(False Claims)

28.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

29.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,
RICHARD KELLOGG ARMSTRONG and
LARRY RAY HALL**,

made and presented, and caused to be made and presented, to the United States Treasury Department the following claims against the United States for payment, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for defendant Armstrong and his spouse, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed

refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|---|---|---|---|---|
| 6 | 10/20/08 | 2005 | 1040X | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | $605,300 |
| 9 | 1/28/09 | 2008 | 1040 | $1,739,452 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 10 - 12
(False Claims)

30.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

31.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS and
LARRY RAY HALL**

made and presented, and caused to be made and presented, to the United States Treasury Department the following claims against the United States for payment, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for DL and his then spouse, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 10 | 10/24/08 | 2005 | 1040X | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | $469,550 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 13 - 16
(False Claims)

32.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

33.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG and**
**LARRY RAY HALL**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims against the United States for payment, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for EDF, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|---|---|---|---|---|
| 13 | 2/19/09 | 2005 | 1040X | $203,203 |
| 14 | 2/19/09 | 2006 | 1040x | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | $345,000 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 17 - 20
(False Claims)

34.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

35.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**CURTIS L. MORRIS,**

made and presented, and caused to be made and presented, to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for SB and his spouse, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 17 | 1/7/09 | 2005 | 1040X | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | $197,824, |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 21 - 22
(False Claims)

36.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

37.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**CURTIS L. MORRIS,**

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by preparing and mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for the particular tax years and in the particular names indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Taxpayer | Refund Claimed |
|-------|------|----------|------|----------|----------------|
| 21 | 9/18/08 | 2006 | 1040X | Susan K. Morris and Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | Curtis L. Morris | $90,481 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 23 - 24
(False Claims)

38.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

39.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**LARRY RAY HALL,**

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by causing to be mailed mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for him and his spouse for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 23 | 10/6/08 | 2006 | 1040X | $66,550 |
| 24 | 4/15/09 | 2008 | 1040 | $754,781 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 25 - 27
(Monetary Transactions in Criminally Derived Property)

40.     The allegations contained in paragraphs 1 through 21  and paragraph 23 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

41.     On or about the dates alleged below as to each Count, in the State and District of Colorado, and elsewhere, the defendants,

### RICHARD KELLOGG ARMSTRONG and
### LARRY RAY HALL

did knowingly engage and attempt to engage in the following  monetary transactions affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, namely, mail fraud, in violation of Title 18, Untied States Code, Section 1341, as described and set forth and alleged in Count 1 of this Indictment:

| Count | Date | Transaction |
|-------|------|-------------|
| 25 | 11/22/08 | Wire transfer of $727,000  from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |

| 27 | 1/7/09 | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |
|---|---|---|

In violation of Title 18 of the United States Code, Sections 1957 and 2.

## COUNT 28
### (Conspiracy to Defraud the Government)

42.    The allegations contained in paragraphs 1 through 17, 23, 29, 33, 35 and 41 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

43.  Beginning in or about September 2008 and continuing until in or about May 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,
RICHARD KELLOGG ARMSTRONG and
LARRY RAY HALL,**

did knowingly agree, combine and conspire, with each other and with persons known and unknown to the Grand Jury, to defraud the United States Department of Treasury, by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims, that is, claims for payment of money against the United States Treasury Department, through the Internal Revenue Service, such claims being IRS Form 1040X Amended U.S. Individual Income Tax Returns and IRS Form 1040 U.S. Individual Income Tax Returns, together with IRS Forms 1099-OID submitted to the IRS in relation to said returns, seeking refunds on behalf of the taxpayers named in the said returns.

44.     Said agreement, combination and conspiracy was carried out through the manner and means described in connection with the scheme and artifice to defraud, and to obtain money and property by false and fraudulent material pretenses and representations, set forth in relation to Counts 1 through 5 of this Superseding Indictment.

In violation of Title 18 of the United States Code, Section 286.

*see* Superseding Indictment

**NON-STIP G INSTRUCTION NO. 3**
INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case--for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

1.03 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 4**
DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened–that is, in reaching your decision as to the fact– it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

1.04 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 5**
PRESUMPTION OF INNOCENCE -
BURDEN OF PROOF - REASONABLE DOUBT

The indictment or formal charge against the defendant is not evidence of guilt.

Indeed, the defendant is presumed by the law to be innocent.  The law does not require

a defendant to prove his innocence or produce any evidence at all.  The government

has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails

to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

defendant's guilt.  There are few things in this world that we know with absolute

certainty, and in criminal cases the law does not require proof that overcomes every

possible doubt.  It is only required that the government's proof exclude any "reasonable

doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on

reason and common sense after careful and impartial consideration of all evidence in

the case.

If, based on your consideration of the evidence, you are firmly convinced that the

defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand,

you think there is a real possibility that he is not guilty, you must give him the benefit of

the doubt and find him not guilty.

1.05 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011) (modified with
language from 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions,
Sixth Edition, 2008, § 13:04)

## NON-STIP G INSTRUCTION NO. 6
EVIDENCE - DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

1.06 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 7**
EVIDENCE - DIRECT AND CIRCUMSTANTIAL - INFERENCES

[There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.]

[As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.]

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

1.07 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 8**
EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, 2008, § 11:09

**NON-STIP G INSTRUCTION NO. 9**
SUMMARIES AND CHARTS

Certain charts and summaries have been shown to you to help explain the

evidence in this case.  Their only purpose is to help explain the evidence.  These charts

and summaries are not evidence or proof of any facts.

1.41 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G  INSTRUCTION NO. 10**
"KNOWINGLY" -- DEFINED

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, 2008, § 17:04

**NON-STIP G INSTRUCTION NO. 11**
"INTERSTATE COMMERCE" – DEFINED

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation and communication.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.  All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

1.39   Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)
1.39.1 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 12**
CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection —like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

1.08 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**GOVERNMENT'S INSTRUCTION NO. 13**
NON-TESTIFYING DEFENDANT

The defendant(s) did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

1.08.01 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified)

**GOVERNMENT'S INSTRUCTION NO. 14**
IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of witnesses who, before this trial, made a statement that may be different from their testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable the witnesses' testimony in this trial was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating that witnesses' testimony here in court.

1.10  <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)(modified w/ plural)

**NON-STIP G INSTRUCTION NO. 15**
JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of testimony or exhibits

does not coincide with your own recollection of that evidence, it is your recollection

which should control during your deliberations and not the statements of the Court or of

counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition,
2008, § 12:07

**GOVERNMENT'S INSTRUCTION NO. 16**
"ON OR ABOUT"-EXPLAINED

You will note that the indictment charges that the crimes alleged were committed "on or about" or "in or about" a certain date or between approximate dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1.18 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified w/ plural)
1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008, § 13:05

**NON-STIP G INSTRUCTION NO. 17**
CAUTION - CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged.  The defendants are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proven guilty of the crimes charged.

1.19 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified w/ plural)

**NON-STIP G INSTRUCTION NO. 18**
SIMILAR ACTS

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by

defendants MORRIS and ARMSTRONG.  You may consider that evidence only as it

bears on the defendants' [e.g., motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake or accident] and for no other purpose.  Of

course, the fact that one or both of the defendants may have previously committed an

act similar to the ones charged in this case does not mean that either one necessarily

committed the acts charged in this case.

1.30 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)(modified w/ plural)

**NON-STIP G INSTRUCTION NO. 19**
PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, 2008, § 17:07

**NON-STIP G INSTRUCTION NO. 20**
<u>STATUTE DEFINING THE OFFENSE CHARGED</u>
CONSPIRACY TO DEFRAUD THE GOVERNMENT WITH RESPECT TO CLAIMS
*[18 U.S.C. § 286]*

Defendants Morris and Armstrong are charged in count TWENTY EIGHT with a violation of 18 U.S.C. Section 286.

This law makes it a crime for anyone to conspire with someone else to defraud the government with respect to claims. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant entered into a conspiracy to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds;

*Second*: the claim was false, fictitious, or fraudulent;

*Third*: the defendant knew at the time that the claim was false, fictitious, or fraudulent;

*Fourth*: the defendant acted with the intent to defraud; and

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to defraud the United States by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to defraud the United States, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in

every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would defraud the United States by means of some common plan or course of action as alleged in the indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants Morris and Armstrong of the charge contained in Count TWENTY EIGHT of the indictment.

An ''intent to defraud'' means an intent to deceive or cheat someone.

A "claim," as that word is used in these instructions, is a demand for money, property, credit or reimbursement.

Seventh Circuit Criminal Pattern Jury Instructions, (1998)(modified); *see* 18 U.S.C. § 286
"conspiracy" definition, 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008 § 31:04
"interdependence" element, 2.19 Pattern Jury Instructions, Criminal Cases Tenth Circuit (2011)
'intent to defraud" definition, 2.56 Pattern Jury Instructions, Criminal Cases Tenth Circuit (2011)(mail fraud)
"claim" definition, 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008 § 30:07

**NON-STIP G INSTRUCTION NO. 21**
STATUTE DEFINING THE OFFENSE CHARGED
FALSE CLAIMS AGAINST THE GOVERNMENT
*[18 U.S.C. § 287]*

The following defendants are charged with filing false claims in violation of 18

U.S.C. § 287 and aiding and abetting such offenses as described in the chart below:

| Count | Date | Tax Yr | Form | Client | DEFENDANT(S) | Claim |
|-------|------|--------|------|--------|--------------|-------|
| 6 | 10/20/08 | 2005 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $605,300 |
| 9 | 1/28/09 | 2008 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $1,739,452 |
| 10 | 10/24/08 | 2006 | 1040X | DL | Curtis L. Morris | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | DL | Curtis L. Morris | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | DL | Curtis L. Morris | $469,550 |
| 13 | 2/19/09 | 2005 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $203,203 |
| 14 | 2/19/09 | 2006 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $345,000 |
| 17 | 1/7/09 | 2005 | 1040X | SB | Curtis L. Morris | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | SB | Curtis L. Morris | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | SB | Curtis L. Morris | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | SB | Curtis L. Morris | $197,824 |
| 21 | 9/18/09 | 2006 | 1040X | CM | Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | CM | Curtis L. Morris | $90,481 |

This law makes it a crime to knowingly make a false or fraudulent claim against any department or agency of the United States.  The United States Department of the Treasury is a department or agency of the United States within the meaning of that law.  To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly made and presented to the United States Department of the Treasury, through the Internal Revenue Service, a false or fraudulent claim against the United States; and

*Second:* the defendant knew that the claim was false or fraudulent.

It is not necessary to show that the government agency or department was in fact deceived or misled.  To make a claim, the defendant need not directly submit the claim to an employee or agency or department of the United States.  It is sufficient if the defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

2.18 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 22**
STATUTE DEFINING THE OFFENSE CHARGED
MAIL FRAUD
*[18 U.S.C. § 1341]*

The following defendants are charged with mail fraud in violation of 18 U.S.C.

§ 1341 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MAIL MATTER |
|---|---|---|---|
| 1 | 10/23/2008 | Curtis L. Morris<br>Richard K. Armstrong | 3 IRS Forms 1040X Amended U.S. Individual Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong, for 2005, 2006, and 2007, addressed from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona. |
| 2 | 9/22/08 | Curtis L. Morris | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | Curtis L. Morris | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

This law makes it a crime to use the mails in carrying out a scheme to defraud or

obtain money or property by means of false or fraudulent pretenses, representations, or

promises.  To find the defendant guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is made, or caused to be made, materially false and fraudulent statements and representations on individual income tax returns or amended income tax returns filed with the Internal Revenue Service.

Second: the defendant acted with specific intent to defraud or obtain money or property by false pretenses, representations or promises;

Third: the defendant mailed something, or caused another person to mail something, through the United States Postal Service or a private or commercial interstate carrier for the purpose of carrying out the scheme; and

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud or obtain money or property by means of false pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud or obtain money or property by means of false pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is

made with intent to defraud.

A false statement is ''material'' if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.  To ''cause'' the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

2.56 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 23**
CONFESSION-STATEMENT--VOLUNTARINESS BY DEFENDANT
(MULTIPLE DEFENDANTS)

Evidence relating to any statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care.  You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement.  For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances.  If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

1.26 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

## NON-STIP G INSTRUCTION NO. 24
### MONETARY TRANSACTIONS IN CRIMINALLY DERIVED PROPERTY
### *[18 U.S.C. § 1957]*

The following defendant is charged with monetary transactions in criminally

derived property in violation of 18 U.S.C. § 1957 and aiding and abetting such offenses

as described in the chart below:

| COUNT | DATE | DEFENDANT | MONETARY TRANSACTION |
|---|---|---|---|
| 25 | 11/22/08 | Richard K. Armstrong | Wire transfer of $727,000  from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Richard K. Armstrong | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Richard K. Armstrong | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

This law makes it a crime knowingly to engage in a monetary transaction in

criminally derived property of a value greater than $10,000 and which is derived from

specified unlawful activity.

To find the defendant whose case you are considering guilty of this crime, you

must be convinced that the government has proved each of the following beyond a

reasonable doubt:

*First*: the defendant engaged or attempted to engage;

*Second*: in a monetary transaction;

*Third*: in criminally derived property;

*Fourth*: knowing that the property is derived from unlawful activity, namely mail fraud; and

*Fifth*: the property is, in fact, derived from specified unlawful activity, namely mail fraud.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. "Proceeds" can be any kind of property, not just money.

You are not required to find that the defendant whose case you are considering knew that the unlawful activity was "specified unlawful activity," only that the defendant knew that the activity was unlawful.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce as defined in instruction number ___, or funds or a monetary instrument, by, through, or to a financial institution. "Interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

<u>United States v. Dazey</u>, 403 F.3d 1147, 1163 (10th Cir. 2005); *see* 18 U.S.C. § 1957

**NON-STIP G INSTRUCTION NO. 25**
AIDING AND ABETTING

Counts Six through Eight of the indictment also charge a violation of 18 United States Code Section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime.  To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* someone else committed the charged crime, and

*Second:* the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.


2.06 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 26**
KNOWINGLY – DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

Knowledge can be inferred if the defendant was aware of a high probability of the existence of [the fact in question], unless the defendant did not actually believe [the fact in question].

1.37 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 27**
EXPERT WITNESS

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

1.17 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)(modified to delete first sentence)

**NON-STIP G INSTRUCTION NO. 28**
PRESUMPTION OF AUTHENTICATED SIGNATURE

The fact that an individual's name is signed to a return means that you may find

that the tax return was in fact signed by that individual, until and unless outweighed

by evidence presented which leads you to a different conclusion.  If you find proof

beyond a reasonable doubt that the defendant signed his tax return, you may, but are

not required to, find that the defendant knew of the false matter in the return.

2.93 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)(applying this instruction to 26 U.S.C. § 7206(1)); *See also* 26 U.S.C. § 6064

**NON-STIP G INSTRUCTION NO. 29**
HANDWRITING EVIDENCE

When the identity of the person who has handwritten something is a question in

any trial, any proved or admitted handwriting of this person, or anyone else, may be

received in evidence and used as an exemplar or a specimen for comparison with any

handwriting in dispute.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition,
2008, § 14:12

**NON-STIP G INSTRUCTION NO. 30**
ACCOMPLICE—PLEA AGREEMENT

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict a defendant based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

The government acknowledges that one of its witnesses, Steven Broughton, is an accomplice in this case. The government has entered into a plea agreement with this witness providing for a recommendation of a sentence he might not otherwise received. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

A person who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. The fact that a witness has agreed to plea guilty to an offense related to the charged conduct is not evidence of the guilt of any other person.

1.14 and1.15 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)(modified to address a government witness that is not a co-defendant)

**NON-STIP G INSTRUCTION NO. 31**
MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment.  You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

1.22 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 32**
CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment.  Each charge, and

the evidence pertaining to it, should be considered separately by the jury.  The fact that

you may find the defendant guilty or not guilty as to one of the counts should not control

your verdict as to any other count.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition,
2008, § 12:12

**NON-STIP G INSTRUCTION NO. 33**
DISPOSITION OF CHARGES AGAINST CO-DEFENDANT

For reasons that do not concern you, the case against co-defendant LARRY R.

HALL is no longer before you.  Do not speculate why.  This fact should not influence

your verdicts with reference to the remaining defendants, and you must base your

verdicts solely on the evidence against the remaining defendants.

2.14 <u>Ninth Circuit Manual of Model Jury Instructions – Criminal </u>(2010)

**NON-STIP G INSTRUCTION NO. 34**
CAUTION - PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdict.

1.20 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 35**
DUTY TO DELIBERATE - VERDICT FORMS

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

Verdict forms have been prepared for your convenience.

*[Explain the Verdict Forms]*

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

1.23 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

**NON-STIP G INSTRUCTION NO. 36**
COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

1.44 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified by striking the phrase "and sentencing proceedings" from paragraph 2)