**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

_____

## ORDER OF CONTEMPT
_____

**Blackburn, J.**

    This order is entered pursuant to Fed. R. Crim. P. 42(b) to certify, confirm, reiterate, expatiate, and supplement the findings of fact, conclusions of law, and order of contempt (with sanctions) entered summarily by the court during trial (outside the presence of the jury) on Monday, April 16, 2012, against the defendant, Richard Kellogg Armstrong, as punishment for the criminal contempt committed by him in the presence of the court.

    On April 16, 2012, at approximately 1:20 p.m., the court entered certain orders requiring Mr. Armstrong to respond, if at all, directly, relevantly, and responsively to the simple and direct questions of the court. These orders essentially required Mr. Armstrong to respond, if at all, to the questions of the court directly and relevantly, subject to the penalties for contempt of court specified by the court in its orders issued in open court from the bench.

Notwithstanding the entry of its orders, on the fifth day of trial held on Monday, April 16, 2012, at approximately 1:49 p.m., Mr. Armstrong violated the lawful orders of this court when he, in response to the simple and direct question of the court, "Mr. Armstrong, do you have any questions for this witness," Mr. Armstrong replied irrelevantly and improperly,

> Thank you, Your Honor.  So that  I'm not in contempt of court, I will say what you want me to say, do what you want me to do over my objection and under the threat of duress and coercion.  My answer is no objection, Your Honor.[1]

The court found this response to be in violation of the orders of the court that Mr. Armstrong respond directly and relevantly with a simple yes or no to the questions of the court that could and should be answered with a simple yes or no.  Accordingly, the court removed the jury from the courtroom and entered findings of fact, conclusions of law, and orders in the nature of contempt.

In responding to this act of contempt, which was committed in the presence of the court, the court exercised its authority under 18 U.S.C. § 401 and Fed. R. Crim. P. 42(b) to summarily punish criminal contempt committed in the presence of the court to vindicate the dignity and authority of the court and to require Mr. Armstrong to conform his conduct to the lawful orders of the court. The contemptuous conduct implicated 18 U.S.C. § 401(1) and (3).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, Richard Kellogg Armstrong, is found guilty of contempt of court; and

---

[1] The excerpts above were taken from the unofficial transcript available to the court.

    2. That as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of Five Hundred Dollars ($500.00) by April 17, 2012.

    Done in chambers April 17, 2012, pursuant to Fed. R. Crim. P. 42(b), to certify, confirm, reiterate, expatiate, and supplement the findings of fact, conclusions of law, and order of contempt entered summarily by the court during trial on April 16, 2012.

                                        **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge