**NON-STIP G INSTRUCTION NO. 20 (Revised)**
<u>STATUTE DEFINING THE OFFENSE CHARGED</u>
CONSPIRACY TO DEFRAUD THE GOVERNMENT WITH RESPECT TO CLAIMS
*[18 U.S.C. § 286]*

Defendants Morris and Armstrong are charged in count TWENTY EIGHT with a violation of 18 U.S.C. Section 286.

This law makes it a crime for anyone to conspire with someone else to defraud the government with respect to claims. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant entered into a conspiracy to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds;

*Second*: the claim was false, fictitious, or fraudulent;

*Third*: the defendant knew at the time that the claim was false, fictitious, or fraudulent;

*Fourth*: the defendant acted with the intent to defraud; and

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to defraud the United States by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to defraud the United States, like any other kind of

agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would defraud the United States by means of some common plan or course of action as alleged in the indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

If the evidence establishes beyond a reasonable doubt that a defendant knowingly and deliberately entered into an illegal agreement, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants Morris and Armstrong of the charge contained in Count TWENTY EIGHT of the indictment.

An ''intent to defraud" means an intent to deceive or cheat someone.

A "claim," as that word is used in these instructions, is a demand for money, property, credit or reimbursement.

7th Circuit Pattern Jury Instructions, 18 U.S.C. § 286 (1998)(modified); 18 U.S.C. § 286.
"conspiracy" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 31:04 (6th ed. 2008).
"interdependence" element, 2.19 Pattern Jury Instructions, Criminal Cases Tenth Circuit (2011) (conspiracy).
'intent to defraud" definition, 2.56 Pattern Jury Instructions, Criminal Cases Tenth Circuit (2011)(mail fraud).
"conspiracy - membership in an agreement" optional paragraph, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 30.05 (6th ed. 2008).
"claim" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 30:07 (6th ed. 2008).

**NON-STIP G INSTRUCTION NO. 22 (Revised)**
<u>STATUTE DEFINING THE OFFENSE CHARGED</u>
MAIL FRAUD
*[18 U.S.C. § 1341]*

The following defendants are charged with mail fraud in violation of 18 U.S.C. § 1341 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MAIL MATTER |
|---|---|---|---|
| 1 | 10/23/2008 | Curtis L. Morris<br>Richard K. Armstrong | 3 IRS Forms 1040X Amended U.S. Individual Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong, for 2005, 2006, and 2007, addressed from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona. |
| 2 | 9/22/08 | Curtis L. Morris | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | Curtis L. Morris | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

This law makes it a crime to use the mails in carrying out a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises. To find the defendant guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is made, or caused to be made, materially false and fraudulent statements and representations on individual income tax returns or amended income tax returns filed with the Internal Revenue Service.

Second: the defendant acted with specific intent to defraud or obtain money or property by false pretenses, representations or promises;

Third: the defendant mailed something, or caused another person to mail something, through the United States Postal Service or a private or commercial interstate carrier for the purpose of carrying out the scheme; and

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud or obtain money or property by means of false pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud or obtain money or property by means of false pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is

made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.  To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the mailed material was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

2.56 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified to add the last paragraph which was taken from the use note to the mail fraud instruction in the 2005 Tenth Circuit Criminal Pattern Jury Instructions).

## NON-STIP G INSTRUCTION NO. 24 (Revised)

MONETARY TRANSACTIONS IN CRIMINALLY DERIVED PROPERTY
*[18 U.S.C. § 1957]*

The following defendant is charged with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT | MONETARY TRANSACTION |
|---|---|---|---|
| 25 | 11/22/08 | Richard K. Armstrong | Wire transfer of $727,000 from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Richard K. Armstrong | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Richard K. Armstrong | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering. The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

*First*: the Defendant knowingly engaged or attempted to engage in a monetary transaction;

*Second*: the Defendant knew the transaction involved property or funds that were

proceeds of some criminal activity;

*Third*: the property had a value of more than $10,000;

*Fourth*: the property was in fact proceeds of mail fraud; and

*Fifth*: the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an FDIC insured bank or a commercial bank.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing unlawful activity alleged in indictment. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.


74.6 <u>Pattern Jury Instructions, Criminal Cases</u>, Eleventh Circuit (2010).

**SUPPLEMENTAL NON-STIPULATED G INSTRUCTION NO. 1**
MOTIVE -- EXPLAINED

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

Comment to 2.92 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Vol. 1A, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 1A, § 17:06 (6th ed. 2008).

**SUPPLEMENTAL NON-STIPULATED G INSTRUCTION NO. 2**
CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE CRIMES
COMMITTED BY CO-CONSPIRATORS; CONSPIRACY CHARGED-ELEMENTS

A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count TWENTY-EIGHT and if you find beyond a reasonable doubt that while he was a member of the conspiracy, his fellow conspirator(s) committed offenses in furtherance of and as a foreseeable consequence of that conspiracy, then you should find him guilty of these counts.

5.09 Pattern Criminal Federal Jury Instructions for the Seventh Circuit (1998)
(Conspirator's Liability for Substantive Crimes Committed by Co-Conspirators;
Conspiracy Charged Elements)