**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

## SECOND ORDER TO SHOW CAUSE

**Blackburn, J.**

    This matter is before me *sua sponte*. I issue this second[1] order to show cause because the record indicates that the defendant, Richard Kellogg Armstrong, has failed to comply with the duly issued orders of this court and, thus, may be subject to punishment by contempt.

    On May 17, 2011, I issued an **Order** [#235] in which I admonished defendant, not for the first time, that he was to cease filing requests for relief from the court as "notices," as opposed to motions. In addition, I reminded Mr. Armstrong that, as the deadline for the filing of non-CJA pretrial motions had passed, no such motion, even properly designated, could to be filed absent leave of court. (**Trial Preparation Conference Order** at 1 n.2 [#33] filed June 25, 2010, and **Order** at 2, ¶ 2 [#128] filed January 27, 2011.)  Finally, I ordered and advised Mr. Armstrong, in relevant part:

---

[1] I issued the first **Order To Show Cause** [#378] on December 16, 2011.

> 3. That effective forthwith, the defendant, Richard Kellogg Armstrong, *subject to the penalties for contempt of court*:
> 
>     a. shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and
> 
>     b. shall not file any pretrial motion without advance leave of the court.

(**Order** at 6-7, ¶ 3 [#235] filed May 17, 2011 (emphasis added).) I assiduously included the identical or similar language in subsequent orders. (*See, e.g.,* **Order Striking Defendant's Notices** at 4-5, ¶ 7 [#251] filed June 10, 2011; **Order Striking Motion To Take Judicial Notice of Facts And To Dismiss the Case With Prejudice** at 2, ¶ 2 [#263] filed July 15, 2011; **Order Striking Notice** at 2, ¶ 2 [#364] filed November 28, 2011; **Order Striking Papers** at 3, ¶ 4 [#395] filed January 12, 2012; **Order Striking Defendant's Notices** at 2-3, ¶ 5 [#463] filed April 5, 2012; **Order Striking Defendant's Notices** at 3, ¶ 4 [#467] filed April 6, 2012; and **Order Striking Defendant's Notices** at 3, ¶ 6 [#494] filed April 23, 2012).

Despite these clear and unequivocal admonitions, Mr. Armstrong has continued to file unauthorized "notices." (*See, e.g.*, **Order** [#241], filed May 31, 2011 (striking notices filed at docket numbers 236, 237, and 240); **Order Striking Defendant's Notices** [#251] filed June 10, 2011 (striking notices filed at docket numbers 244, 245, 246, 247, 248, and 249); **Order Striking Notice** [#364] filed November 28, 2011 (striking notice filed at docket number 363); **Order Striking Defendant's Notices** [#463] filed April 5, 2012 (striking notices filed at docket numbers 455, 456, 457, and 458); **Order Striking Defendant's Notices**[#467] filed April 6, 2012 (striking notices filed at docket numbers 459, 460, 461, and 462); and **Order Striking Defendant's**

**Notices** [#494] filed April 23, 2012 (striking notices filed at docket numbers 481, 490, 491, 492, and 493)).

In addition, Mr. Armstrong has continued to file non-CJA motions and other pleadings without leave of court. (*See, e.g.*, **Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011 (striking motions filed at docket numbers 254, 256, 257, and 258); **Order Striking Motion To Take Judicial Notice of Facts and To Dismiss the Case With Prejudice** [#263] filed July 15, 2011 (striking motion filed at docket number 262); **Order** [#331] filed October 19, 2011 (striking purported amicus brief filed at docket number 326)).

The amount of time and judicial resources that have been expended in responding to these blatantly contemptuous filings is prodigal and unwarranted. The continued refusal of Mr. Armstrong to comply with the duly issued orders of this court can neither be ignored nor tolerated.

In my order [#463] filed April 5, 2012, I specifically advised Mr. Armstrong that I would require him to show cause in writing why he should not be found guilty of contempt of court and punished accordingly. The foregoing recitation of facts suggest criminally contemptuous conduct, and I advise Mr. Armstrong that I perceive these actions to constitute criminal contempt. *See* **FED. R. CRIM. P.** 42(a)(1)(C). Accordingly, I find and conclude that the defendant, Richard Kellogg Armstrong, should be required to show cause why he should not be held in contempt of court based on his ostensible and repeated failures to comply most recently with my order [#463] filed April 5, 2012.

Accordingly, Mr. Armstrong is advised again[2] as follows. A district court has the

---

[2] I gave this same advisement to Mr. Armstrong in my initial **Order To Show Cause** [#378] at 3-4.

3

inherent power to enforce its orders through contempt. "Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution." **United Mine Workers of America v. Bagwell**, 512 U.S. 821, 831, 114 S.Ct. 2552, 2559, 129 L.Ed.2d 642 (1994). This authority is now codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(a)(3).

Contempt proceedings are either civil or criminal in nature, and the difference between the two types of contempt turns on the character and purpose of the sanction involved. **Bagwell**, 114 S.Ct. at 2557. If the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. See **Colombo v. New York**, 405 U.S. 9, 10-11, 92 S.Ct. 756, 757, 30 L.Ed.2d 762 (1972); **United States v. Haggerty**, 528 F.Supp. 1286, 1296 (D. Colo. 1981). When the penalty is fixed and there is no possibility of purging the contempt by compliance, the contempt is criminal. See **Shillitani v. United States**, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966).

Because the sanction contemplated in these circumstances involves punishing Mr. Armstrong for actions that have already occurred and seeks to vindicate the authority of the court, it is criminal in nature. **Bagwell**, 114 S.Ct. at 2557-58; **Local 28 of Sheet Metal Workers' International Association v. E.E.O.C.**, 478 U.S. 421, 443, 106 S.Ct. 3019, 3033, 92 L.Ed.2d 344 (1986); **In re Lucre Management Group, LLC**,

4

365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." **Bagwell**, 114 S.Ct. at 2556 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to full criminal process." *Id.* at 2560. This includes the right to counsel and proof beyond a reasonable doubt. *Id.* at 2561. *See also* **United States v. Peterson**, 456 F.2d 1135, 1139-40 (10th Cir. 1972). If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury. **Bagwell**, 114 S.Ct. at 2557; **Taylor v. Hayes**, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701-02, 41 L.Ed.2d 897 (1974); **Federal Trade Commission v. Kuykendall**, 371 F.3d 745, 752 (10th Cir. 2004).

As contemplated by Fed. R. Crim. P. 42(a)(2), I find that the interest of justice do not require the appointment of an attorney other than an attorney for the government. However, if the government declines to appoint an attorney to prosecute this matter, I will appoint an attorney to prosecute the contempt. **FED. R. CRIM. P.** 42(a)(2); *see also* **Mellott v. MSN Communications, Inc.**, 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011). Because the contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial. **FED. R. CRIM. P.** 42(a)(3).

By a separate order, I will schedule an initial appearance and an advisement of rights, and Mr. Armstrong will be afforded a reasonable time to prepare his defense. **FED. R. CRIM. P.** 42(a)(1)(A) & (B). Mr. Armstrong is advised explicitly and specifically that he has the right to be represented by counsel at the hearing.

**THEREFORE, IT IS ORDERED** as follows:

1. That by **May 14, 2012**, the defendant, Richard Kellogg Armstrong, shall **SHOW CAUSE** in writing why he should not be held in contempt of court and punished accordingly for his failure to comply with the requirements of my **Order Striking Defendant's Notices** [#463] filed April 5, 2012;

2. That the attorney for the government is **APPOINTED** to prosecute the criminal contempt contemplated by this Order;

3. That this matter will be set for an initial appearance and an advisement of rights at which proceeding the defendant, Richard Kellogg Armstrong, **SHALL APPEAR** without further notice or order of the court; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado **SHALL ASSIST** the court in securing the appearance of the defendant.

Dated May 1, 2012, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

6