## INSTRUCTION NO. 1

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear arguments of counsel and of Richard Kellogg Armstrong, it becomes the duty of the court to give you the instructions of the court as to the law applicable to this trial.  It is your duty as jurors to follow the law as the court shall state it to you, and to apply the law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by the court.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case.  Finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return.

Counsel and Mr. Armstrong may quite properly refer to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel or Mr. Armstrong and that stated by the court in these instructions, you are, of course, to be governed by the final instructions of the court.

Nothing the court states in these instructions is to be taken as an indication that the court has any opinion about the facts of the case, or what that opinion is.  It is not the function of the court to determine the facts, but rather yours.

You were chosen as a juror for this trial in order to evaluate all the evidence received and to decide each of the factual questions presented by the allegations

brought by the government in the indictment and the pleas of not guilty by Curtis L. Morris and Richard Kellogg Armstrong. You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach just verdicts, regardless of the consequences.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  Nothing else is evidence.  The statements and arguments of the lawyers and Mr. Armstrong are not evidence.  Their questions and objections are not evidence.  The legal rulings of the court are not evidence.  The comments, admonitions, and questions of the court are not evidence.

There are two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

If any reference by the court or by counsel or Mr. Armstrong to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements

of the court or of counsel or Mr. Armstrong .  You are the sole judges of the evidence received in this case.

You are to consider only the evidence in the case.  However, in your consideration of the evidence, you are not limited to just the statements of the witnesses.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved beyond a reasonable doubt, such reasonable inferences as you feel are justified in light of your experience.   An inference is a conclusion that reason and common sense may lead you to draw from the facts which you find have been proved beyond a reasonable doubt.  By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been proved beyond a reasonable doubt by the testimony and evidence in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

In certain instances, evidence has been admitted only against a particular party or for a particular purpose and not generally for all purposes.  For the limited purpose for which such evidence was received, you may give it such weight as you feel it deserves.  However, you may not use this evidence for any other purpose or against any other party.

Certain charts and summaries have been shown to you to help explain the evidence in this case. These charts and summaries were not admitted in evidence. Their only purpose is to help explain the evidence. Any chart or summary that was not admitted in evidence is not evidence or proof of any facts.

When the identity of the person who has handwritten something is a question in any trial, any proved or admitted handwriting of this person, or anyone else, may be received in evidence and used as an exemplar or a specimen for comparison with any handwriting in dispute.

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Morris or Mr. Armstrong is guilty of any of the crimes with which each is charged in the indictment. Mr. Morris and Mr. Armstrong are not on trial for any act, conduct, or crime not charged in the indictment. Neither the indictment nor the allegations contained in it are evidence.

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find Mr. Morris or Mr. Armstrong guilty or not guilty as to one of the counts should not control your verdict as to any other count or the other defendant.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony, if she is permitted to do so.

## INSTRUCTION NO. 2

I remind you that it is your job – and yours alone – to decide whether the government has proved the guilt of the defendant whose case you are then considering beyond a reasonable doubt.  In doing so, you must consider all the evidence.  This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony of each witness.  An important part of your job will be making judgments about the credibility and weight of testimony of the witnesses, who testified in this case.

You should consider carefully the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

Curtis L. Morris and Richard Kellogg Armstrong did not testify and I remind you that you cannot consider the decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to Mr. Morris and Mr. Armstrong the right to remain silent. That means the right not to testify. That is a constitutional right in this country; it is very carefully guarded; and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 3**

You have heard the testimony of witnesses who, before this trial, made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable the witness's testimony was in this trial.  You cannot use them as proof of anything else.  You can only use them as one way of evaluating that witness's testimony here in court.

## INSTRUCTION NO. 4

An accomplice is someone who joined with another person in committing a crime voluntarily and with common intent.  The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. It is your exclusive prerogative to decide how much weight, if any, it should be given.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care.  You should not convict either Curtis L. Morris or Richard Kellogg Armstrong based on the unsupported testimony of an alleged accomplice unless you believe the unsupported testimony beyond a reasonable doubt.

The government acknowledges that one of its witnesses, Steven Broughton, is an accomplice in this case.  The government has entered into a plea agreement with this witness providing for a recommendation of a sentence he might not otherwise have received.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

A person who has entered into a plea agreement with the government is not prohibited from testifying.  On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  The fact that a witness has agreed to plead guilty to an offense related to the charged conduct is not evidence of the guilt of any other person.

**INSTRUCTION NO. 5**

Evidence relating to any statement attributed Curtis L. Morris, alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider all factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Morris, any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to Richard Kellogg Armstrong.

**INSTRUCTION NO. 6**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant whose case you are then considering is guilty of the crime you are then considering. Curtis L. Morris and Richard Kellogg Armstrong are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the defendant who case you are then considering has been proven guilty of the crime you are then considering.

**INSTRUCTION NO. 7**

You will note that the indictment charges that the crimes alleged were committed "on or about" or "in or about" a certain date or between approximate dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

## INSTRUCTION NO. 8

Curtis L. Morris and Richard Kellogg Armstrong are presumed innocent of each crime with which each is charged in the indictment.  The presumption of innocence remains with the defendant whose case you are considering until all jurors conclude that the government has proven beyond a reasonable doubt the guilt of that defendant concerning the crime then under your consideration.

The government has the burden of proof.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant whose case you are then considering guilty beyond a reasonable doubt, and if the government fails to do so, then you must find the defendant whose case you are then considering not guilty of the crime then under your consideration.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt concerning the crime then under your consideration.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  The law requires that the government's proof exclude any "reasonable doubt" concerning the guilt of the defendant whose case you are then considering.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence or lack of evidence in the case.  It is not a vague, speculative, or imaginary doubt, but the kind of doubt that would cause a reasonable person to hesitate to act in a matter of importance to himself or herself.

If, based on your consideration of the evidence, you are firmly convinced that the defendant whose case you are then considering is guilty of the crime then under your consideration, you must find that defendant guilty of that specific crime.  If, on the other hand, you think there is a real possibility that the defendant whose case you are then considering is not guilty of the crime then under your consideration, you must give the defendant the benefit of the doubt and find him not guilty of that specific crime.

**INSTRUCTION NO. 9**

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant whose case you are then considering, means that he was conscious and aware of his actions, that he acted voluntarily and intentionally, that he realized what he was doing or what was happening around him, and that he did not act or fail to act because of ignorance, mistake, or accident.

Although knowledge on the part of a defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

## INSTRUCTION NO. 10

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## INSTRUCTION NO. 11

You have heard evidence of other acts engaged in by Richard Kellogg Armstrong.  You may consider that evidence only as it bears on the motive, intent, preparation, plan, knowledge, identity, absence of mistake or accident of Mr. Armstrong and for no other purpose.

Of course, the fact that Mr. Armstrong may have previously committed an act similar to the ones charged in this case does not mean that Mr. Armstrong necessarily committed any of the acts with which he is charged in this case.

## INSTRUCTION NO. 12

A separate crime is charged against Curtis L. Morris and/or Richard Kellogg Armstrong in each count of the indictment.  You must consider separately the evidence against each defendant on each count and return a separate verdict for each defendant as to each count in which he is charged in the indictment.

It is your duty to give separate and personal consideration to the case of each defendant.  When you do so, you should analyze what the evidence in the case shows with respect to that defendant, leaving out of consideration entirely any evidence admitted solely against the other defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to the other defendant or counts.

**INSTRUCTION NO. 13**

For reasons that do not concern you, the case against co-defendant Larry R. Hall is no longer before you.  Do not speculate as to why.  This fact should not influence your verdicts with reference to Curtis L. Morris or Richard Kellogg Armstrong. You must base your verdicts solely on the evidence against Mr. Morris and Mr. Armstrong.

# INSTRUCTION NO. 14

Curtis L. Morris and/or Richard Kellogg Armstrong are charged with mail fraud in violation of 18 U.S.C. § 1341 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MAIL MATTER |
|-------|------|--------------|-------------|
| 1 | 10/23/2008 | Curtis L. Morris<br>Richard K. Armstrong | 3 IRS Forms 1040X Amended U.S. Individual Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong, for 2005, 2006, and 2007, addressed from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona. |
| 2 | 9/22/08 | Curtis L. Morris | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | Curtis L. Morris | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

This law makes it a crime to use the mails in carrying out a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations,

or promises.

To find the defendant whose case you are considering guilty of this crime you must be convinced that the government has proved each of the following four (4) essential elements beyond a reasonable doubt:

*First*:  That the defendant whose case you are considering knowingly devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises, that is made, or caused to be made, materially false and fraudulent statements and representations on individual income tax returns or amended income tax returns filed with the Internal Revenue Service; and

*Second*:  That the defendant whose case you are considering acted with specific intent to defraud or obtain money or property by false pretenses, representations or promises; and

*Third*: That the defendant whose case you are considering mailed something, or caused another person to mail something, through the United States Postal Service or a private or commercial interstate carrier for the purpose of carrying out the scheme; and

*Fourth*: That the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud or obtain money or property by means of false pretenses, representations, or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.  A "scheme to defraud"

includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud or obtain money or property by means of false pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

For the specific count you are considering and for the defendant whose case you are considering, what must be proved beyond a reasonable doubt is that the defendant whose case you are considering knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment and that the use of the mails was closely related to the scheme, in that the defendant whose case you are considering either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

It is not necessary that the government prove all the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the mailed material was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

For the specific count you are considering and for the defendant whose case you are considering, if you find after consideration of all the evidence that each and all four (4) of these essential elements have been proven beyond a reasonable doubt, then you must find the defendant whose case you are considering guilty of the crime of mail fraud as charged in Counts 1 through 3 of the indictment and should so indicate on the Verdict Form for that defendant and for the specific count you are considering.

On the other hand, if you find after consideration of all the evidence that any one of these essential elements has not been proven beyond a reasonable doubt, then you must find the defendant whose case you are considering not guilty of the crime of mail fraud as charged in Counts 1 through 3 of the indictment and should so indicate on the Verdict Form for that defendant and for the specific count you are considering.

## INSTRUCTION NO. 15

Curtis L. Morris and/or Richard Kellogg Armstrong are charged with filing false

claims in violation of 18 U.S.C. § 287 and aiding and abetting such offenses as

described in the chart below:

| Count | Date | Tax Yr | Form | Client | DEFENDANT(S) | Claim |
|-------|------|--------|------|--------|--------------|-------|
| 6 | 10/20/08 | 2005 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $605,300 |
| 9 | 1/28/09 | 2008 | 1040 | RA | Curtis L. Morris<br>Richard K. Armstrong | $1,739,452 |
| 10 | 10/24/08 | 2006 | 1040X | DL | Curtis L. Morris | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | DL | Curtis L. Morris | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | DL | Curtis L. Morris | $469,550 |
| 13 | 2/19/09 | 2005 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $203,203 |
| 14 | 2/19/09 | 2006 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $345,000 |
| 17 | 1/7/09 | 2005 | 1040X | SB | Curtis L. Morris | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | SB | Curtis L. Morris | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | SB | Curtis L. Morris | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | SB | Curtis L. Morris | $197,824 |

| 21 | 9/18/08 | 2006 | 1040X | CM | Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | CM | Curtis L. Morris | $90,481 |

This law makes it a crime to knowingly make a false or fraudulent claim against any department or agency of the United States. The United States Department of the Treasury is a department or agency of the United States within the meaning of that law.

To find the defendant whose case you are considering guilty of this crime, you must be convinced that the government has proved both of the following two (2) essential elements beyond a reasonable doubt:

*First*: That the defendant whose case you are considering knowingly made and presented to the United States Department of the Treasury, through the Internal Revenue Service, a false or fraudulent claim against the United States; and

*Second*: That the defendant whose case you are considering knew that the claim was false or fraudulent.

It is not necessary to show that the government agency or department was in fact deceived or misled. To make a claim, the defendant need not directly submit the claim to an employee or agency or department of the United States. It is sufficient if the defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

For the specific count you are considering and for the defendant whose case you are considering, if you find after consideration of all the evidence that both these essential elements have been proven beyond a reasonable doubt, then you must find the defendant whose case you are considering guilty of the crime of knowingly making

a false claim as charged in Counts 6 through 22 of the indictment and should so indicate on the Verdict Form for that specific defendant and for the specific count you are considering.

On the other hand, if you find after consideration of all the evidence that either one or both of these essential elements has not been proven beyond a reasonable doubt, then you must find the defendant whose case you are considering not guilty of the crime of knowingly making a false claim as charged in Counts 6 through 22 of the indictment and should so indicate on the Verdict Form for that specific defendant and for the specific count you are considering.

INSTRUCTION NO. 16

Richard Kellogg Armstrong is charged with engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT | MONETARY TRANSACTION |
|-------|------|-----------|----------------------|
| 25 | 12/22/08 | Richard K. Armstrong | Wire transfer of $727,000 from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 12/23/08 | Richard K. Armstrong | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Richard K. Armstrong | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

This law makes it a crime knowingly to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity.

To find Mr. Armstrong guilty of this crime, you must be convinced that the government has proved each of the following five (5) essential elements beyond a reasonable doubt:

*First*: That Mr. Armstrong engaged or attempted to engage; and

*Second*: In a monetary transaction; and

*Third*: In criminally derived property; and

*Fourth*: Knowing that the property was derived from unlawful activity, namely the mail fraud charged in the indictment; and

*Fifth*: That the property is, in fact, derived from specified unlawful activity, namely the mail fraud charged in the indictment.  You are not required to find that Mr. Armstrong knew that the unlawful activity was "specified unlawful activity," only that he knew the activity was unlawful.  Nor does it matter whether all the property involved was derived from a crime.  The government need only prove that $10,000 worth of the property was obtained or derived from committing a crime.

As used in the second essential element above, the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce or funds or a monetary instrument, by, through, or to a financial institution.  The term "interstate commerce" means commerce or travel between the states, territories, or possessions of the United States, including the District of Columbia.  It is not necessary that Mr. Armstrong have intended or anticipated an effect on interstate commerce.  All that is necessary is that the natural and probable consequence of the acts taken by Mr. Armstrong would be to affect interstate commerce.   A "financial institution" means an FDIC insured bank or a commercial bank.

Instruction No. 16
Page 2 of  3

As used in the third essential element above, the term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.  "Proceeds" can be any kind of property, not just money, obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

For the specific count you are considering, if you find after consideration of all the evidence that each and all five (5) of these essential elements have been proven beyond a reasonable doubt, then you must find Mr. Armstrong guilty of the crime of knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity as charged in Counts 25 through 27 of the indictment and should so indicate on the Verdict Form for Mr. Armstrong for the specific count you are considering.

On the other hand, if you find after consideration of all the evidence that any one of these essential elements has not been proven beyond a reasonable doubt, then you must find Mr. Armstrong not guilty of the crime of knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity as charged in Counts 25 through 27 of the indictment and should so indicate on the Verdict Form for Mr. Armstrong for the specific count you are considering.

**INSTRUCTION NO. 17**

Curtis L. Morris and Richard Kellogg Armstrong are charged in Count 28 of the indictment with a violation of 18 U.S.C. Section 286.  This law makes it a crime for anyone to conspire with someone else to defraud the government with respect to claims.

To find the defendant whose case you are considering guilty of this crime, you must be convinced that the government has proved each and all of the following five (5) essential elements beyond a reasonable doubt:

*First*:   That the defendant whose case you are considering entered into a conspiracy, as described in Instruction Nos. 18 and 19, to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds; and

*Second*: That the claim was false, fictitious, or fraudulent as to a material fact; and

*Third*: That the defendant whose case you are considering knew at the time that the claim was false, fictitious, or fraudulent; and

*Fourth*: That the defendant whose case you are considering acted with the intent to defraud; and

*Fifth*: That there was interdependence among the members of the conspiracy.

A "claim," as that term is used in the first essential element of this instruction, is a demand for money, property credit, or reimbursement.

A "material fact," as that term is used in the second essential element of this instruction, is an important fact, not some unimportant or trivial detail, that has a natural

tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

An "intent to defraud," as that term is used in the fourth essential element of this instruction, means an intent to deceive or cheat the Internal Revenue Service.

"Interdependence," as that term is used in the fifth essential element of this instruction, exists where the alleged conspirators' activities are essential and integral steps toward the realization of a common, illicit goal.  In other words, interdependence exists where the alleged conspirators act together for their shared mutual benefit within the scope of the conspiracy charged in Count 28 of the indictment.

If you find after consideration of all the evidence that each of these five (5) essential elements has been proven beyond a reasonable doubt, then you should find the defendant whose case you are considering guilty of conspiracy to defraud the government as charged in Count 28 of the indictment and should so indicate on that defendant's Verdict Form.

On the other hand, if you find after consideration of all the evidence that any one of these essential elements has not been proven beyond a reasonable doubt, then you should find the defendant whose case you are considering not guilty of conspiracy to defraud the government as charged in Count 28 of the indictment and should so indicate on that defendant's Verdict Form.

## INSTRUCTION NO. 18

In considering whether the government has established as to the defendant whose case you are considering the first essential element of Count 28 of the indictment as stated in Instruction No. 17, which first essential element requires as follows,

> That the defendant whose case you are considering entered into a conspiracy, as described in Instruction Nos. 18 & 19, to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds,

you must consider the following.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

In order to sustain its burden of proof for this charge, the government must show that the single overall conspiracy alleged in Count 28 of the indictment existed.  Proof of separate or independent conspiracies is not sufficient, unless one of the several conspiracies that is proved is the conspiracy charged in the indictment.  You must determine whether the single conspiracy, as charged in the indictment, existed, and if it did, whether the defendant whose case you are considering was part of it.

If you find that the defendant whose case you are considering was not a member of the conspiracy charged in the indictment, then you must find him not guilty of the conspiracy charge, even though he may have been a member of some other

conspiracy. However, proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he also was a member of the conspiracy charged in the indictment.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all the details of the understanding.

To prove that a conspiracy existed, moreover, the government is not required to show that all the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all the members of the alleged conspiracy were named or charged, or that all the people whom the evidence shows were actually members of a conspiracy agreed to all the means or methods set out in the indictment. In addition, mere similarity of conduct among various persons, the fact that they may have associated with each other, or that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

The government must prove beyond a reasonable doubt that the defendant whose case you are considering and at least one other person, who may or may not be a defendant, knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would defraud the government as charged in Count 28 of the indictment. It is proof of this conscious understanding and deliberate agreement by the

alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants of conspiracy to defraud the government as charged in Count 28 of the indictment, the essential elements of which are described in Instruction No. 17.

## INSTRUCTION NO. 19

Before the jury may find that a defendant, or any other person, became a member of the conspiracy charged in Count 28 of the indictment, as described in Instruction Nos. 17 and 18, the evidence in the case must show beyond a reasonable doubt that the person knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant whose case you are then considering knowingly and deliberately entered into an agreement to defraud the government, the fact that the defendant did not join the agreement at its beginning or did not know all the details of the agreement or did not participate in each act of the agreement or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or merely knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## INSTRUCTION NO. 20

Evidence has been received in this case that certain persons, who are alleged to be conspirators in Count 28 of the indictment charging conspiracy to defraud the government, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals or purposes.

Such acts and statements of these other individuals may be considered by you in determining whether the government has proven as against the defendant whose case you are considering the charge of conspiracy to defraud the government, as charged in Count 28 of the indictment, the essential elements of which are described in Instruction No. 17.

Since these acts may have been performed and these statements may have been made outside the presence of Curtis L. Morris and/or Richard Kellogg Armstrong and even done or said without the knowledge of Mr. Morris and/or Mr. Armstrong, these acts or statements should be examined with particular care by you before considering them against a defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged conspirator before a defendant joined a conspiracy also may be considered by you in determining whether the government has sustained its burden of proof as to Count 28 of the indictment charging conspiracy to defraud the government.  Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may be considered by you only regarding the person who performed that act or made that statement.

## INSTRUCTION NO. 21

Curtis L. Morris and Richard Kellogg Armstrong are charged in Counts 1-3, Counts 6-22, and Counts 25-27 of the indictment with a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes a person criminally liable for a crime as an aider and abetter if he intentionally helps someone else commit a crime. To find the defendant whose case you are considering guilty as an aider and abettor of the crime you are considering, you must be convinced that the government has proved both of the following two (2) essential elements beyond a reasonable doubt as to that specific defendant and that specific crime:

*First*: That someone else committed the charged crime; and

*Second*: That the defendant whose case you are considering intentionally associated himself in some way with the crime under your consideration and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant whose case you are considering consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

A defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.  However, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed also are not sufficient to establish aiding and abetting.

## INSTRUCTION NO. 22

Curtis L. Morris argues that he is not chargeable with making false claims because he acted in good faith.  Good faith is a complete defense to Counts 6 through 22 of the indictment because it is inconsistent with an intent to defraud, which is an essential element of those charges.  The burden of proof is not on Mr. Morris to prove good faith, of course, since a defendant has no burden to prove anything.  The government must establish beyond a reasonable doubt that Mr. Morris acted with specific intent to defraud as charged in the indictment.

One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken.  Similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

If Mr. Morris believed in good faith that an income tax return as prepared by him truthfully reported the taxable income and allowable withholdings of the taxpayer under the internal revenue laws, he cannot be guilty of willfully preparing or presenting, or causing to be prepared or presented, a false or fraudulent return.

Evidence that Mr. Morris acted in good faith may be considered by you, together with all the other evidence, in determining whether he acted with the intent to defraud the U.S. Department of Treasury, or that he knowingly submitted false, fictitious, and fraudulent information to the U. S. Department of Treasury.

## INSTRUCTION NO. 23

The law permits and the government has advanced three theories of prosecution concerning Counts 1-3 and Counts 6-22 of the indictment.  First, a defendant may be found guilty if there is proof beyond a reasonable doubt that he committed the crime himself, as described in Instructions No. 14, 15, and 16.  Second, a defendant may be found guilty if there is proof beyond a reasonable doubt that he committed the crime as an aider or abettor as described in Instruction No. 21.  Third, a defendant may be found guilty if there is proof beyond a reasonable doubt that he is responsible for a crime committed by another conspirator as described in Instruction No. 17-20.

The government is not required to prove all three of these theories or bases before a defendant may be convicted of the crimes charged in Counts 1-3 and Counts 6-22 of the indictment.  However, as to the defendant whose case you are considering, each juror must agree with each of the other jurors that the same legal theory or basis has been established beyond a reasonable doubt before that defendant may be found guilty of the crime under your consideration, which crime is among the crimes charged in Counts 1-3 and Counts 6-22 of the indictment.

**INSTRUCTION NO. 24**

If you find the defendant whose case you are then considering guilty of any one or more of the crimes charged in the indictment, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdicts.

## INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with the court, you may send a note via the bailiff signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

If you do send a note to the court containing a question or request for further direction, please bear in mind that a response will take some time and effort.  The court must first notify counsel and Richard Kellogg Armstrong to return to court.  Then the court must confer with counsel and Mr. Armstrong, consider their arguments and, if necessary, research the question before reducing the answer or direction, if any, to writing.

There may be some questions or matters that under the law the court is not permitted to answer or address.  If it is improper for the court to answer the question or address the issue, the court will tell you.  Please do not speculate about what the answer to your question might be or why the court is not able to answer a particular question or address a particular matter.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are prohibited to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

## INSTRUCTION NO. 26

The original written instructions are a part of the court record.  You are not permitted to write any notes on the original instructions or to deface them in any way. The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review carefully the instructions and Verdict Forms.  Not only will your deliberations be more productive if you understand the legal principles on which your verdicts must be based, but for your verdicts to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the original instructions of the court.

You may deliberate only while all jurors are present together in the jury room. You must suspend your deliberations until and unless you are all present together in the jury room.

Your deliberations will be secret.  You will never have to explain your verdicts to anyone.

Any verdict you reach must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.  You must decide whether the government has proved the defendant whose case you are then considering guilty beyond a reasonable doubt as to the crime then under your consideration.

Any verdict you return must be based solely on the evidence received in the case.  Nothing you have seen, heard, observed, or read outside of court may be considered.  Nothing that the court has said or done during the course of this trial is intended, in any way, to suggest to you somehow what the court thinks your verdicts should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts the court thinks you should return.  What any verdict shall be is the exclusive duty and responsibility of the jury.  As the court has told you many times, you are the sole judges of the evidence and facts.

Verdict Forms have been prepared for your convenience.  You will take the Verdict Forms to the jury room, and when you have reached unanimous agreement as to your verdicts, you will have your foreperson enter your verdicts, and date and sign, together with all other jurors, the Verdict Forms.

When you have arrived at your verdicts and have completed, dated, and signed the Verdict Forms, your foreperson shall notify the bailiff, who, in turn, will notify the court.  You shall remain in the jury room until the court calls for you to return to the courtroom.  When you return to the courtroom, your foreperson should bring the original instructions and the Verdict Forms with him or her.