**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  CURTIS L. MORRIS,

        Defendant.

---

**ORDER TO SHOW CAUSE**

---

**Blackburn, J.**

        This matter is before me *sua sponte*.  I issue this fifth[1] order to show cause because the

record indicates that once again, Mr. Morris has failed to comply with the duly issued orders of

this court and, thus, may be subject to punishment by contempt.

        I have admonished Mr. Morris on multiple occasions that the court will not accept pro se

filings from a party who, like him, is represented by counsel.  (*See, e.g.,* **Order Striking**

**Unauthorized Pro Se Notice** [#495][2] filed April 23, 2012; **Order Striking Unauthorized Pro Se**

**Notices** [#435] filed March 21, 2012; **Order Striking Unauthorized Pro Se Notices** [#423] filed

March 6, 2012; **Order Striking Unauthorized Pro Se Notices** [#419] filed March 1, 2012;

**Order Striking Unauthorized Pro Se Notices** [#352] filed November 8, 2011; **Order** [#332]

filed October 19, 2011; **Order** [#327] filed October 18, 2011; **Order** [#317] filed October 3, 2011;

**Order** [#313] filed September 29, 2011; **Order** [#277] filed August 30, 2011; and **Order** [#272]

---

        [1] The first **Order To Show Cause** [#377] was issued December 16, 2011, the second **Order To Show Cause** [#422] was issued March 5, 2012, the third **Order To Show Cause** [#424] was issued March 6, 2012, and the fourth **Order To Show Cause** [#436] was issued March 21, 2012.

        [2] "[#495]"  is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

filed August 23, 2011). In most of these orders, including the most recent eight, I provided

expressly,

> That subject to the penalties for contempt of court, as long as the
> defendant, Curtis L. Morris, is represented in this action by an
> attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in
> any form in this action without the advance permission of this
> court.

(*See, e.g.,* **Order Striking Unauthorized Pro Se Notice** [#495] filed April 23, 2012; **Order

Striking Unauthorized Pro Se Notices** [#435] filed March 21, 2012; **Order Striking

Unauthorized Pro Se Notices** [#423] filed March 6, 2012; **Order Striking Unauthorized Pro

Se Notices** [#419] filed March 1, 2012; **Order Striking Unauthorized Pro Se Notices** ¶ 2 at 3

[#352] filed November 8, 2011; **Order** ¶ 2 at 2 [#332] filed October 19, 2011; **Order** ¶ 2 at 2

[#327] filed October 18, 2011; **Order** ¶ 2 at 2 [#317] filed October 3, 2011.)

Despite these clear and unequivocal admonitions, Mr. Morris has continued to file

pleadings and papers pro se.  *See*  **Order Striking Unauthorized Pro Se Notice** [#495] filed

April 23, 2012. The amount of time and judicial resources that have been expended in

responding to these blatantly contemptuous filings is prodigal.  The continued inability or refusal

to comply with the lawful orders of this court by Mr. Morris should and may not be ignored or

tolerated.

In my most recent order [#495] addressing the latest unauthorized and improper pro se

filings  [#469] and [#470], I specifically advised Mr. Morris that I would require him to show

cause in writing why he should not be found guilty of contempt of court and punished

accordingly.  (*See* **Order Striking Unauthorized Pro Se Notice** at 2 [#495] filed April 23, 2012)

The foregoing factual history suggests ongoing criminally contemptuous conduct, and I advise

Mr. Morris that I perceive his latest misbehavior to constitute a continuing pattern of criminal

contempt.  *See* **FED. R. CRIM. P.** 42(a)(1)(C).  Accordingly, I find and conclude that the

defendant, Curtis L. Morris, should be required to show cause why he should not be held in

contempt of court based on his ostensible and most recent failure to comply with the orders of

this court by filing more unauthorized notices. *See* [#430], [#432], and [#434].

 Accordingly, Mr. Morris is advised again as follows.[3]  A district court has the inherent

power to enforce its orders through contempt.  "Courts independently must be vested with

power to impose silence, respect, and decorum, in their presence, and submission to their

lawful mandates, and . . . to preserve themselves and their officers from the approach and

insults of pollution."  ***United Mine Workers of America v. Bagwell***, 512 U.S. 821, 831, 114

S.Ct. 2552, 2559, 129 L.Ed.2d 642 (1994).  This authority is now codified at 18 U.S.C. § 401,

which provides, in relevant part, that "[a] court of the United States shall have power to punish

by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other,

as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or

command."  18 U.S.C. § 401(a)(3).

 Contempt proceedings are either civil or criminal in nature, and the difference between

the two types of contempt turns on the character and purpose of the sanction involved.

***Bagwell***, 114 S.Ct. at 2557.  If the sentence imposed is conditional and grants the defendant

the ability to end the penalty by complying with the order, the contempt is civil.  *See **Colombo v.***

***New York***, 405 U.S. 9, 10-11, 92 S.Ct. 756, 757, 30 L.Ed.2d 762 (1972); ***United States v.***

***Haggerty***, 528 F.Supp. 1286, 1296 (D. Colo. 1981).  When the penalty is fixed and there is no

possibility of purging the contempt by compliance, the contempt is criminal.  *See **Shillitani v.***

***United States***, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966).

 Because the sanction contemplated in these circumstances involves punishing Mr.

Morris for actions that have already occurred and seeks to vindicate the dignity and authority of

the court, it is criminal in nature.  ***Bagwell***, 114 S.Ct. at 2557-58; ***Local 28 of Sheet Metal***

***Workers' International Association v. E.E.O.C.***, 478 U.S. 421, 443, 106 S.Ct. 3019, 3033, 92

---

[3] This advisement is essentially a rehearsal of the advisement that I provided Mr. Morris in the first **Order To Show Cause** [#377] at 2-4, and that I reiterated in the second **Order To Show Cause** [#422] at 2-4, and that I reiterated in the third **Order To Show Cause** [#424] at 3-4, and that I reiterated in the fourth **Order To Show Cause** [#436] at 3-4, .

3

L.Ed.2d 344 (1986); *In re Lucre Management Group, LLC*, 365 F.3d 874, 876 (10th Cir. 2004).

"Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed

on someone who has not been afforded the protections that the Constitution requires of such

criminal proceedings."  *Bagwell*, 114 S.Ct. at 2556 (citations and internal quotation marks

omitted).  Accordingly, "criminal contempt sanctions are entitled to full criminal process."  *Id.* at

2560.  This includes the right to counsel and proof beyond a reasonable doubt.  *Id.* at 2561.

*See also **United States v. Peterson**, 456 F.2d 1135, 1139-40 (10th Cir. 1972).  If the

prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also

is entitled to a trial by jury.  *Bagwell*, 114 S.Ct. at 2557; *Taylor v. Hayes*, 418 U.S. 488, 495, 94

S.Ct. 2697, 2701-02, 41 L.Ed.2d 897 (1974); *Federal Trade Commission v. Kuykendall*, 371

F.3d 745, 752 (10th Cir. 2004).

     As contemplated by Fed. R. Crim. P. 42(a)(2), I find that the interests of justice do not

require the appointment of a prosecuting attorney other than an attorney for the government.

However, if the government declines to appoint an attorney to prosecute this matter, I will

appoint an attorney to prosecute the contempt.  **FED. R. CRIM. P.** 42(a)(2); *see also **Mellott v.

MSN Communications, Inc.**, 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011).  Because the

contempt does not involve disrespect toward or criticism of me personally, I find and conclude

that I am not disqualified from presiding over the hearing or trial.  **FED. R. CRIM. P.** 42(a)(3).

     I use this order to schedule an initial appearance and an advisement of rights. As is his

right, Mr. Morris will be afforded a reasonable time to retain or request counsel and to prepare

his defense.  **FED. R. CRIM. P.** 42(a)(1)(A) & (B).

     **THEREFORE, IT IS ORDERED** as follows:

     1.  That by **May 14, 2012**, the defendant, Curtis L. Morris, shall **SHOW CAUSE** in writing

why he should not be held in contempt of court and punished accordingly for his failures to

comply with the orders of this court by filing on April 6, 2012, the unauthorized notices docketed

as [#469] and [#470];

2.  That the attorney for the government is **APPOINTED** to prosecute the criminal contempt proceedings contemplated by this order; and

3.  That this matter shall be set for an initial appearance and an advisement of rights at which proceeding the defendant, Curtis L. Morris, **SHALL APPEAR** without further notice or order of the court; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado **SHALL ASSIST** the court in securing the appearance of the defendant.

Dated May 1, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge