**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER STRIKING DEFENDANT'S NOTICES

**Blackburn, J.**

The matter is before me on the following: (1) **NOTICE Notice of Fault – Opportunity To Cure "Final Expression in a Record"** [#524] filed May 4, 2012; (2) **NOTICE (2nd) Notice of Fault – Opportunity To Cure "Final Expression in a Record"** [#525] filed May 4, 2012; (3) **NOTICE Notice of Default in Dishonor Consent to Judgment** [#526] filed May 4, 2012; and (4) **NOTICE Notice of Default in Dishonor Consent to Judgment** [#526] filed May 4, 2012. All four of these unauthorized notices were filed by defendant, Richard Kellogg Armstrong.[1] I strike all four notices.

To rehearse, at least as early as the proceedings on April 7, 2011, I admonished and instructed Mr. Armstrong, to cease and desist from filing notices in lieu of motions. Soon thereafter I expanded the injunction to enjoin Mr. Armstrong from filing any pretrial

---

[1] As I have done assiduously during the time that Mr. Armstrong has represented himself, I construe his papers liberally. See **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). However, I have not acted as an advocate for Mr. Armstrong.

motion or other paper without advance leave of the court.  I reiterated and asseverated these requirements in a series of orders, the most recent of which was entered April 23, 2012. See Order [#494] at 3, ¶ 6.a. and b.  Notwithstanding, Mr. Armstrong filed the four "notices" described above.

Whether considered individually or collectively, none of these notices are required by law or by order of the court; none is necessary to preserve the constitutional or legal rights of Mr. Armstrong in this criminal case; and none may be construed as a response to the recently filed second, third, fourth, or fifth orders to show cause. Thus, these notices will be stricken as violative of my continuing oral and written orders.

Additionally, I will issue a separate, fifth order to show cause, requiring Mr. Armstrong to show cause in writing by a date certain why he should not be found guilty of contempt of court and punished accordingly.  Finally, as I have so often now, I will reiterate and asseverate my orders that Mr. Armstrong cease and desist from filing notices in lieu of motions and that he not file any additional pretrial motions or papers without advance leave of this court.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **NOTICE Notice of Fault – Opportunity To Cure "Final Expression in a Record"** [#524] filed May 4, 2012,is **STRICKEN**;

2.  That the **NOTICE (2<sup>nd)</sup> Notice of Fault – Opportunity To Cure "Final Expression in a Record"** [#525] filed May 4, 2012, is **STRICKEN**;

3.  That the **NOTICE Notice of Default in Dishonor Consent to Judgment** [#526] filed May 4, 2012, is **STRICKEN**; and

    4.  that the **NOTICE Notice of Default in Dishonor Consent to Judgment** [#526] filed May 4, 2012, is **STRICKEN**; and

    5.  That once again the defendant, Richard Kellogg Armstrong, subject to the penalties for contempt of court[2]:

        a.    shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and

        b.    shall not file any pretrial motion, notice, or other paper without advance leave of the court.[3]

Dated May 8, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] I rehearsed those penalties for Mr. Armstrong in the **Order To Show Cause** [#378] entered December 16, 2011, and during the contempt advisement proceedings I conducted on January 24, 2012. *See* **Courtroom Minutes** [#404] at 4.

[3] Once again, this order does not prohibit or enjoin Mr. Armstrong from filing a proper motion seeking leave of the court to file a motion or other paper in this case.