**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER STRIKING DEFENDANT'S NOTICES

**Blackburn, J.**

    The matter is before me on the following: (1) **NOTICE Notice of Mistake** [#544][1] filed May 14, 2012; and (2) **NOTICE Constructive Notice of Conditional Acceptance** [#545] filed May 14, 2012. Both of these unauthorized notices were filed by defendant, Richard Kellogg Armstrong.[2] I strike both of these notices.

    To rehearse, at least as early as the proceedings on April 7, 2011, I admonished and instructed Mr. Armstrong, to cease and desist from filing notices in lieu of motions. Soon thereafter I expanded the injunction to enjoin Mr. Armstrong from filing any pretrial motion or other paper without advance leave of the court. I reiterated and asseverated

---

[1] "[#544]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] As I have done assiduously during the time that Mr. Armstrong has represented himself, I construe his papers liberally. See **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). However, I have not acted as an advocate for Mr. Armstrong.

these requirements in a series of orders, the most recent of which was entered May 8, 2012. See Amended Order [#539] at 3, ¶ 5.a. and b.  Notwithstanding, Mr. Armstrong filed the two "notices" described above.

Whether considered individually or collectively, neither of these notices is required by law or by order of the court; neither is necessary to preserve the constitutional or legal rights of Mr. Armstrong in this criminal case; and neither may be construed as a response to the recently filed second, third, fourth, or fifth orders to show cause. Thus, these latest, two, unauthorized notices will be stricken as violative of my continuing oral and written orders.

Additionally, I will issue a separate, sixth order to show cause, requiring Mr. Armstrong to show cause in writing by a date certain why he should not be found guilty of contempt of court and punished accordingly.  Finally, as I have so often now, I will reiterate and asseverate my orders that Mr. Armstrong cease and desist from filing notices in lieu of motions and that he not file any additional pretrial motions or papers without advance leave of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the  **NOTICE Notice of Mistake** [#544] filed May 14, 2012, is **STRICKEN**;

2. That the **NOTICE Constructive Notice of Conditional Acceptance** [#545] filed May 14, 2012, is **STRICKEN**; and

3. That once again the defendant, Richard Kellogg Armstrong, subject to the

penalties for contempt of court[3]:

        a.    shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and

        b.    shall not file any pretrial motion, notice, or other paper without advance leave of the court.[4]

Dated May 15, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3] I rehearsed those penalties for Mr. Armstrong during the contempt advisement proceedings I conducted on January 24, 2012, see **Courtroom Minutes** [#404] at 4, and in each of the five orders to show cause that I have issued.

[4] This order does not prohibit or enjoin Mr. Armstrong from filing a proper motion seeking leave of the court to file a motion or other paper in this case or from filing a proper and timely response to an order to show cause.

3