IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date:                August 10, 2012

Courtroom Deputy:   Nel Steffens
Court Reporter:     Tracy Weir
Probation Officer:  Justine Kozak

**Criminal Action No.  10-cr-00317-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Kenneth Harmon |
|     Plaintiff, | |
| v. | |
| 2.  RICHARD KELLOGG ARMSTRONG, | *Pro Se*, with David Owen as advisory counsel |
|     Defendant. | |

### SENTENCING MINUTES

**1:37 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

The defendant confirms that he has received and read the presentence report and addenda.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and

presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts 1, 6-9, 13-16, and 25-28 of the Indictment;

2. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned on each of Counts 6, 7, 8, 9, 13, 14, 15, and 16 for a term of **sixty (60) months** and on each of Counts 1, 25, 26, 27, and 28 for a term of **108 months**, which terms shall be served concurrently one with another and are imposed and shall be served consecutively with the term of imprisonment ordered by the court in its **Order of Contempt** [#484] entered April 17, 2012, and in its **Order of Contempt** [#510] entered May 1, 2012, and any subsequent terms of imprisonment that may be imposed by this court in pending contempt proceedings;

3. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each and all of these counts of conviction, which terms shall be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

4. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    • all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    • all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    • the following explicit or special conditions of supervised release:

        • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of

        supervised release;

- that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation/alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer; he shall apply any monies or funds received from income tax refunds, lottery winnings, inheritances, devises, judgments and from any anticipated or unanticipated financial gains to the outstanding court ordered financial obligations in this case, including any restitution and the special victim's fund

- assessments;

- that at defendant's expense, the defendant shall submit to financial monitoring by or at the direction of his probation officer; any employment contemplated by the defendant must be approved in advance by his probation officer; the defendant shall maintain accurate and complete business records for any business activities in which he engages during his term of supervised release, and, furthermore, he shall provide all requested documentation to his probation officer regarding any of his business activities; the defendant shall document all income, compensation, and financial support generated or received by or from any source and provide that information to his probation officer on request;

- that the defendant shall comply with all legal obligations, duties, responsibilities, and requirements imposed by federal and/or state law concerning income taxation and income taxes;

5. That no fine is imposed;

6. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction;

7. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

8. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

9. That an order and judgment of forfeiture shall be entered under the authority of guideline section 5K1.4 and the statutory provisions of 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c);

10. That the defendant shall pay restitution for the benefit of the Internal Revenue Service, payable immediately to the care of the Clerk of the Court in full, in the amount of $1,678,834.00; provided furthermore, that if not paid immediately, then resitution shal bee paid by the defendant in monthly installments of not less than ten (10) percent of his monthly gross income as determined periodically by his probation officer; that restitution shall be paid jointly and severally with co-defendant Curtis L. Morris;

11. That the defendant is remanded to the custody of the United States Marshal.

Government has no objection to the sentence imposed.

The defendant states objections.

The defendant is advised of the right to appeal the sentences imposed by the court.

Discussion regarding setting trial on the criminal contempt charges.

>   **IT IS ORDERED** as follows:

12. That after conferring with the parties in interest, the criminal contempt proceedings and charges shall be tried to the court commencing on Friday, **September 7, 2012, at 9:00 a.m.**, at which time the defendant shall again appear before the court without further notice or order;

13. That to the extent necessary the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendant.

**2:41 p.m.     Court in recess.**

Total time in court:   01:04

Hearing concluded.