Case No. PR-2012-0330-AJ          Document 08          Filed 08/09/2012          Page 1 of 7

F I L E D
SECRETARY OF STATE FOR ARIZONA

AUG 0 9 2012

BY _____
BENTON HALL, NOTARY PUBLIC

Richard Kellogg Armstrong
1642 North McCulloch Blvd. #391
Lake Havasu City, Arizona [86403]

# IN THE OFFICE OF THE SECRETARY OF STATE
## FOR ARIZONA STATE NORTHEAST REGION COURT DISTRICT
## MARICOPA COUNTY
## UNITED STATES OF AMERICA

**Petitioner**
RICHARD KELLOGG ARMSTRONG                §
By: Richard Kellogg Armstrong            §     Civil Action No. PR-2012-0330-AJ
    Accommodation Party                  §
    1642 North McCulloch Blvd. #391      §
    Lake Havasu City, Arizona [86403]    §
                                         §
v.                                       §     **PETITIONER'S MOTION FOR**
                                         §     **SUMMARY JUDGMENT**
**Respondent**                           §
UNITED STATES OF AMERICA                 §
UNITED STATES DISTRICT COURT             §
FOR THE DISTRICT OF COLORADO             §
By: CHIEF FINANCIAL OFFICER              §
    TRUSTEE AND AGENT FOR PRINCIPAL:     §
    UNITED STATES OF AMERICA             §
    c/o 901 19th Street                  §
    Denver, Colorado 80294               §
                                         §
_____§

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**Aug 14, 2012**

GREGORY C. LANGHAM, CLERK

    Comes now Richard Kellogg Armstrong, Accommodation Party for RICHARD KELLOGG ARMSTRONG, hereinafter "Petitioner", in the proceedings to move this Court for the entry of Summary Judgment in favor of Petitioner for the reasons as set forth in the attached Memorandum in support.

    This Motion for Summary Judgment on the claims set out in Petitioner's Petition (Complaint) should be granted in that there is no genuine dispute as to any material fact in the claims and the Petitioner is entitled as a matter of law to the Judgment.

Respectfully submitted this 9th day of August, 2012.

*Richard K Armstrong*
RICHARD KELLOGG ARMSTRONG
Petitioner,
c/o 1642 North McCulloch Blvd. #391
Lake Havasu City, Arizona [86403]

All responses are to be in writing with one original document with original signature and a signed "Proof of Service" addressed to the Court named above in care of:

BENTON HALL, NOTARY PUBLIC
c/o 1635 North Greenfield Road, Suite 126
Mesa, Arizona 85205

One copy of the original filing is to be mailed to the other party at said party's address. A written response is due and must be postmarked to the above addresses within ten days (10) days from the date of service of the above document.

///

///

///

///

///

///

///

///

///

Case No. PR-2012-0330-AJ            Document 08            Filed 08/09/2012            Page 3 of 7

## MEMORANDUM IN SUPPORT

### I. STATEMENTS OF FACTS

1. Petitioner RICHARD KELLOGG ARMSTRONG is a Defendant and an Aggrieved Party in Case Number 1:10-cr-00317-REB in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, (hereinafter "Public Proceedings"), having no just remedy in said Public Proceedings;

2. Richard Kellogg Armstrong is an accommodation party for Defendant RICHARD KELLOGG ARMSTRONG under the brother's keeper rule of Genesis 4:9, and under provisions of civil law [Uniform Commercial Code Article 3 §419], to discharge Defendant RICHARD KELLOGG ARMSTRONG'S debt accounted within the Public Proceedings;

3. Respondent is the Chief Financial Officer of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, hereinafter "Court";

4. Respondent is an Officer of the Court;

5. Respondent is a fiduciary and trustee who is entrusted to collect the funds paid into the Court proceedings;

6. Respondent has a duty to issue receipts for the funds collected;

7. Respondent has duty to pay over said funds to the beneficiaries of the Court proceedings as so directed;

8. Respondent has the capacity to bind the public Court pursuant to the transactions conducted in accordance with law;

9. Petitioner, through Accommodation Party Richard Kellogg Armstrong, tendered full satisfaction of payment on or about April 2, 2011, to Internal Revenue Service, Stop 4440, P.O. Box 9036, Ogden, Utah 84201 (hereinafter "Banker"), for setoff, settlement, and closure of the accounting

charges to discharge the accounts in the Public Proceedings, or for ten million dollars ($10,000,000.00) in reimbursement payable to Defendant RICHARD KELLOGG ARMSTRONG for charges or accusations in Case Number 1:10-cr-00317-REB if said Public Proceedings are not discharged, see Exhibit A, a copy of which is available upon request;

10. Banker by tacit acquiescence has not denied holding adequate or proper tender;

11. Banker by tacit acquiescence has not denied Banker's duty to provide the funds to Respondent, See Exhibit C, a copy of which is available upon request, to tender in the presentment of the Notice to Setoff Accounts;

12. Respondent has received notice of tender to Banker for setoff, settlement, and closure of the obligation of the Defendant RICHARD KELLOGG ARMSTRONG in the Public Proceedings on or about April 2, 2011, see Exhibit B, a copy of which is available upon request;

13. Respondent has agreed by tacit consent that the tender is proper and sufficient to setoff, settle, and close, the Public Proceedings in behalf of Defendant RICHARD KELLOGG ARMSTRONG by discharge;

14. Respondent has agreed by tacit consent that Respondent does have the funds or can acquire the funds at will, see Exhibit E, a copy of which is available upon request;

15. Neither Respondent nor Respondent's Principal, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, have produced a ledger showing the tender for setoff, settlement, and closure of the Public Proceedings to discharge the Accommodated Party, RICHARD KELLOGG ARMSTRONG;

16. Neither Respondent nor Respondent's Principal, UNITED STATES DISTRICT FOR THE DISTRICT OF COLORADO, have produced a claim as to why the Court should not issue a SUMMARY JUDGMENT, ORDER, or DECREE showing that the tender for setoff, settlement, and closure of the Public

Proceedings to discharge the Accommodated Party, RICHARD KELLOGG ARMSTRONG should not be granted.

## II.
## ARGUMENT

There is a provision under due process of law and equal protection of law for a party claiming relief to move, with or without supporting affidavits, for summary judgment on all or any part of the claim before the Court. The motion may be filed after twenty (20) days have commenced from the filing of the action. In the instant matter, the Complaint in this Court has been filed and served upon the Respondent more than twenty-one (21) days ago. Respondent has furthermore failed to respond to the Complaint at this time.

Under due process of law and equal protection of law, Respondent has a duty to respond. When a motion for summary judgment is properly made and supported, an opposing party may not merely rely on allegations per denials or no response at all, but its response must- by affidavits or other supporting claims, set out specific facts showing that a genuine issue of facts exists for trial. If the opposing party does not so timely respond, summary judgment should, if appropriate, be entered against that party. The Respondent has ten (10) days from the service of this Motion to enter a response.

This Summary Judgment should be rendered by the Court based upon Petitioners pleadings, the materials on file in this Court, the affidavits in support of this Motion for Summary Judgment, and the fact that there is no genuine issue as to any material fact and that the Petitioner herein is entitled to judgment as a matter of law. Furthermore, a judgment must be entered for Petitioner against a Respondent who has been defaulted for not appearing and who is neither a minor nor an incompetent

person and when the Petitioner has requested said judgment claim based upon an affidavit showing the amount due for a sum certain or a sum that can be made certain by computation.

Based upon the pleadings of the Petitioner, the materials on record in this Court, the affidavits in support of this Motion for Summary Judgment, Petitioner has set forth the fact that an adequate tender was made to Chief Financial Officer of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, to setoff the accounting debt of RICHARD KELLOGG ARMSTRONG, a Defendant and an Aggrieved Party in Case Number 1:10-cr-00317-REB in the above court. The facts set forth that the Chief Financial Officer has not disputed the above facts. Evidence as to the fact that the tender was made and was sufficient as to form, substance, and amount, has been supported by tacit agreement of the parties involved including Respondent's banker- the Internal Revenue Service of the United States of America, and the Chief Financial Officer of the Respondent who has the capacity to bind the Respondent entity, the UNITED STATES OF AMERICA in the matter. This is supported by affidavit of the Petitioner herein and a default filing in the Secretary of State's office in the state of California to a private administrative process dated April 30 of 2012.

There is no genuine issue as to any material fact that the Petitioner herein is entitled to judgment as a matter of law that Respondent Chief Financial Officer in Respondent's capacity as fiduciary and agent for Respondent UNITED STATES OF AMERICA has been tendered by Petitioner herein sufficient and necessary units to setoff, settle, and close the accounting deficit of the Defendant in Case Number 1:10-cr-00317-REB in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, and is entitled to a receipt thereof, or in the alternative is entitled to reimbursement from the UNITED STATES OF AMERICA in the amount of ten million dollars ($10,000,000.00). According to commercial law [Uniform Commercial Code §3-603] if tender of payment of an obligation to pay an instrument is made to the person (Chief Financial Officer) entitled to enforce the instrument and the

tender is refused, there is discharge, to the extent of the amount of tender, of the obligation of the indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

### III.
### CONCLUSION

Based on the foregoing, Petitioner Richard Kellogg Armstrong, Accommodation Party for RICHARD KELLOGG ARMSTRONG requests that this Court issue a Summary Judgment in favor of the Petitioner in this matter.

Respectfully submitted this 9th day of August, 2012.

_Richard K Armstrong_
Authorized Representative

Case #PR-2012-0330-A

# AFFIDAVIT OF SERVICE

It is hereby certified that on the date noted below, the undersigned mailed to:

**Chief Financial Officer**
c/o UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
901 19th Street
Denver, CO 80294

cc:

**United States of America**
via **Kenneth Mark Harmon**
U.S. Attorney's Office-Denver
c/o 1225 17th Street East
Seventeenth Street Plaza, #700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Email: kenneth.harmon@usdoj.gov

**Kevin F. Sweeney**
c/o U.S. Dept. of Justice-DC-Tax Division
601 D. Street, N.W.
Tax Division, Western Criminal Enforcement
Washington, DC 20530
Phone: (202) 305-3637
Fax: (202) 514-9623
Email: kevin.f.sweeney@usdoj.gov

**Martha Ann Paluch**
c/o U.S. Attorney's Office-Denver
1225 17th Street East
Seventeenth Street Plaza #700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Email: Martha.Paluch@usdoj.gov

**Tonya Shotwell Andrews**
c/o U.S. Attorney's Office-Denver
1225 17th Street East
Seventeenth Street Plaza #700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Email: Tonya.Andrews@usdoj.gov

**All serviced by: USPS "Certificate of Mailing" (PS Form 3817)**

hereinafter "Recipients", to the documents and sundry papers pertaining to a certain Civil Action No. PR-2012-0330-AJ as follows:

1. **PETITIONER'S MOTION FOR SUMMARY JUDGMENT** (2 leaves), and;
2. Reference copy of this AFFIDAVIT OF SERVICE dated August 9, 2012 (signed original on file) (2 leaves).

These mailings contained a total of nine (7) leaves each. They were sent via the United States Postal Service under the control and direction of the USPS "Certificate of Mailing" (PS Form 3877) referenced above. The aforesaid mailings were placed in postpaid envelopes properly addressed to the Recipients. They were deposited at an official depository under the exclusive face and custody of the United States Postal Service within the State of Arizona.

AFFIDAVIT OF SERVICE

Case #PR-2012-0330-A

<u>August 9, 2012</u>

Date

_____

Shannon Hall
Phone: (623) 224-4199


_____

Erin Gingrich
Phone: (480) 265-6237

AFFIDAVIT OF SERVICE                                                             Page 2 of 2





Richard Armstrong
c/o Shannon Hall
1635 N. Greenfield Road, Ste. 126
Mesa, Arizona [85205]
*Non-domestic without the U.S.*