1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF COLORADO

3    Criminal Action No. 10-cr-00317

4    UNITED STATES OF AMERICA,

5        Plaintiff,

6     vs.

7    CURTIS MORRIS, RICHARD KELLOG ARMSTRONG,

8        Defendants.

9    _____

10              REPORTER'S TRANSCRIPT

11        HEARING ON MOTIONS AND STATUS CONFERENCE
     _____

12

13          Proceedings before the HONORABLE ROBERT E. BLACKBURN,

14   Judge, United States District Court for the District of

15   Colorado, commencing at 1:40 p.m., on the 7th day of April,

16   2011, in Courtroom A1001, Alfred A. Arraj United States

17   Courthouse, Denver, Colorado.

18                    APPEARANCES

19          KENNETH M.HARMON, Assistant United States Attorney,

20   1225 17th Street, #700, Denver, Colorado, appearing for the

21   Government, and;

22

               Suzanne M. Claar, Official Reporter
23                    901 19th St.
                Denver, Colorado, 80294-3589
24                    (303)825-8874

25        PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY
             TRANSCRIPTION PRODUCED BY COMPUTER

1                          APPEARANCES (Continued)

2              KEVIN R. SWEENEY, U.S. Department of Justice, Tax

3    Division, Western Criminal Enforcement, 601 D. Street, N.W.,

4    Washington, D.C. 20530, appearing for the Government.

5              LISA M. WAYNE, 999 Eighteenth Street, One Denver Place,

6    South Tower #2550, Denver, Colorado, appearing for Defendant

7    Morris.

8              RICHARD KELLOG ARMSTRONG, #20413-298 Englewood Federal

9    Correctional Institution, Inmate Mail/Parcels, 9595 West Quincy

10   Avenue, Littleton, Colorado 80123, appearing pro se.

11             DAVID L. OWEN, JR., 8854 South Miners Street, Highlands

12   Ranch, Colorado, appearing as stand-by counsel for Defendant

13   Armstrong.

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2        (Proceedings commenced at 1:40 p.m.)

 3               THE COURT:  Good afternoon, and thank you.  Please be

 4   seated.

 5               This is case 10-cr-317, identified as United States of

 6   America v. defendant No. 1, Curtis Morris, and defendant No. 2,

 7   Richard Kellog Armstrong.

 8               The matter is before this court for hearing and

 9   consideration of defendant Morris's Unopposed Motion for

10   Additional Time to File Motions as a result of the Superseding

11   Indictment filed February 15, 2011, doc No. 140, document 153,

12   filed February 28, 2011.

13               The government appears by Assistant United States

14   Attorney Kenneth Harmon.  Good afternoon.

15               MR. HARMON:  Good afternoon, your Honor.  May I also

16   introduce the other members at government counsel table.  With

17   me to my right is Kevin Sweeney.  He is the cocounsel in this

18   case.  He entered an appearance just recently.  He is a trial

19   attorney with the United States Department of Justice's Tax

20   Division.  Also to his right is the case agent, Special Agent

21   Greg Tafoya.

22               THE COURT:  Gentlemen, good afternoon.

23               The defendant Curtis Morris is present in person,

24   together with his attorney, Lisa Wayne.  Lady, gentleman, good

25   afternoon.
```

1          MS. WAYNE:  Good afternoon, your Honor.

2          THE COURT:  The defendant Richard Kellog Armstrong is

3     present in person proceeding *pro se*, joined by his advisory and

4     stand-by counsel, David Owen.  Good afternoon.

5          MR. OWEN:  Good afternoon, your Honor.

6          MR. ARMSTRONG:  Your Honor, I would like to correct

7     that.  I am proceeding *sui juris*.

8          THE COURT:  You are not *sui juris*, Mr. Armstrong.  You

9     are *pro se*.

10         Now, Ms. Wayne, this is your motion.  You may take the

11    podium, and I will receive your presentation in support of the

12    motion.

13         MS. WAYNE:  Thank you, your Honor.

14         THE COURT:  At the time you filed the motion --

15         MS. WAYNE:  At the time I filed the motion --

16         THE COURT:  -- what pretrial motions did you have in

17    mind that would require an extension of time?

18         MS. WAYNE:  Judge, I have a number of pretrial motions

19    that go to the Indictment.  I have a Motion to Suppress in terms

20    of the search pursuant to the warrant in this case.  There is an

21    ongoing grounds for a Motion to Sever the defendants in this

22    case.

23         There are motions --

24         THE COURT:  Well, let me stop you there, and I

25    apologize for interrupting, but certainly a Motion to Sever

1    suggested itself before the time that you filed this motion on

2    February 28.  I am talking about in the weeks and months that

3    preceded that.

4               MS. WAYNE:  And I --

5               THE COURT:  What was different on February 28, 2011,

6    that wasn't different on January 1, concerning severance of

7    these two defendants?

8               MS. WAYNE:  Well, Judge, as the court knows, severance

9    can be an ongoing situation.  As a result of the Superseding

10   Indictment that was filed in this case, initially there were

11   grounds for severance that went to not only potentially

12   antagonistic defenses, but other grounds that concern the

13   ongoing representation, or I should say *pro se* representation of

14   Mr. Armstrong in this case.

15              As a result of the -- and because of those grounds have

16   been evolving as a result of the representation from

17   Mr. Armstrong actually being represented by counsel, going to

18   stand-by counsel and going to *pro se*, those grounds have been

19   evolving as a result of not only his own filings but as a result

20   of positions that he has been taking in court as it relates to

21   those filings.

22              So that's one of the motions.  Now I will be honest

23   with the court.  I believe -- and Mr. Harmon and I have actually

24   had these discussions because Mr. Harmon has requested of me of

25   what my position may be in terms of the Motion to Sever, and I

1    have been very frank with him from the beginning of January that

2    it seems that based upon how Mr. Armstrong is proceeding in this

3    case, that I am looking for what would be mandatory severance

4    grounds to be able to submit to this court that again have been

5    ongoing as a result of the filings in this case by Mr. Armstrong

6    and his presentation in this courtroom.

7          THE COURT:  Well, I am curious if you can cite to me

8    one case post *Zafiro* that has held that a trial court abused its

9    discretion for denying a Motion to Sever on any grounds.

10         MS. WAYNE:  I don't think there are any.

11         THE COURT:  Now, with respect to your proposed Motion

12   to Suppress the search.  What search?

13         MS. WAYNE:  There was a search that was conducted by

14   the agents in this case of my client Mr. Morris' house pursuant

15   to a warrant that was issued.

16         THE COURT:  When?

17         MS. WAYNE:  That happened -- and, Judge, I don't have

18   those things in front of me because I wasn't prepared to give

19   the court the details of the motions that I anticipate filing.

20         The search in this case happened at the very beginning

21   of the case, in the summer.  As a result of that, though, there

22   were a number of items that were seized from my client,

23   including his computer.  That computer and that hard drive,

24   although it was made available to us, the mirror image of that

25   computer, which are contained in my motion, I believe it's five

1    gigabytes, but the mirror image of that had to be -- and I am

2    not sure I am using the right language -- but had to be picked

3    up by our expert and our expert had to take a look at that and

4    we are going through that.

5         That all has taken place before the -- the search was

6    done before, obviously, the superseding, but the disclosure and

7    our ability to be able to do that has been in the preceding

8    months, Judge, of February and March, and we still have not been

9    able to take a look at that completely.

10   THE COURT:  Well, I am interested to understand how the

11   condition of the hard drive would affect the constitutionality

12   of the search itself.  Perhaps you could enlighten me.

13        MS. WAYNE:  Well, I am assuming --

14   THE COURT:  My suggestion is that this search was

15   either constitutional or not at the time that it happened months

16   ago, so I am interested to know why you need an extension of

17   time to file a Motion to Suppress that should have suggested

18   itself shortly after you reviewed the application, warrant

19   affidavit and the warrant itself.

20        MS. WAYNE:  Well, Judge, I think that the property or

21   evidence seized by the government obviously goes to the defense

22   counsel's assessment of whether or not that evidence may be

23   incriminating and could be used against him in a prosecution.

24        That has been ongoing as a result of the Superseding

25   Indictment, which has expanded the scope of my client's conduct

1    and the relationship with an unindicted -- well, an indicted

2    individual, Mr. Hall at this point, and the theory of the case

3    in terms of my client's culpability.  That obviously has

4    changed.

5            And that information was ongoing in terms of us being

6    able to look at it, determine whether or not it is incriminating

7    and, if so, are there grounds to suppress it based upon the

8    conduct of law enforcement at the time that contact was made.

9            Just because evidence is taken from your client doesn't

10   necessarily mean that you want to suppress it or that it is

11   relevant to any theory of the case that the government might

12   have.

13           THE COURT:  So your most recent review of the

14   difference in the information on the hard drive and the mirror

15   image of the hard drive has now led you to determine that there

16   is unconstitutionality with respect to the initial search

17   focusing on the initial application, warrant affidavit and

18   search warrant.  Is that what you are telling me?

19           MS. WAYNE:  No, Judge, because I haven't completed that

20   review.  As I have indicated to the court, the fact that that

21   information was available and, you know, I have to tell the

22   court I feel like I need to object in terms of being specific

23   and factual with the court about the dates and the actual

24   information that the government possessed, when it was made

25   available to us and our ability to actually review that.

1          I think that that's important in terms of what I would

2    have been looking at in terms of Motions to Suppress and so

3    forth.  I can tell the court I can go back to my hard drive on

4    my computer and there are those motions on my computer ready to

5    be filed prior to the filing of the Superseding Indictment in

6    this case.  And I would prefer to be specific with the court in

7    terms of that information.

8          I can tell the court that the new discovery that has

9    been disclosed to us today in terms of the index that's in there

10   and what was actually filed in my Motion to Exclude Time, is

11   that there is reference to the hard drive and the information

12   that was contained on the computer that was taken from my

13   client's house, our efforts to get the computer, which has not

14   been -- and I don't want there to appear to say that the

15   government hasn't given us those things.  It's our ability to go

16   get those things.

17         As the court knows, I filed *ex parte* motions relating

18   to that and my ability to review that computer in total in terms

19   of the evidence that was taken off my client's hard drive.

20         THE COURT:  Well, so the record is clear, the only

21   motion before this court is the Motion for Extension of Time to

22   File Additional Motions.  That's document 153.

23         What is not before the court, because it's not yet

24   ripe, is this Motion to Exclude Time filed yesterday as document

25   191.

1    So I am interested in circumstances that confronted you

2    at the time you filed the motion now on for hearing on

3    February 28 that requires an extension of time to file those

4    motions.

5         MS. WAYNE:   And I understand that, Judge, and I think

6    that it's clear in my motion that as a result of the Superseding

7    Indictment, that expanded the scope, added nine new counts,

8    including the conspiracy charge against my client and the amount

9    of discovery that was forthcoming, including the grand jury

10   transcripts that we just received, that I would need more time

11   based upon the Superseding Indictment to file those motions that

12   would not necessarily have been applicable to the original

13   Indictment -- that would not be -- they may or may not be.

14   Frankly, Judge, there may be motions that are the same, but

15   because of the Superseding Indictment and because of this

16   forthcoming discovery, I anticipate that these motions will be

17   different and that I need that time to digest those so that I

18   can file the appropriate motions.

19        THE COURT:   Conspicuously absent in your motion now on

20   for hearing is any assessment and thus request of what

21   additional time is required.

22        What did you have in mind on February 28?

23        MS. WAYNE:   Judge, you know, frankly I will be honest.

24   I didn't know because I knew that this discovery was

25   forthcoming.  In order to anticipate that, I knew that I needed

to file this motion to request further time, knowing that new

discovery was forthcoming, and that the Superseding Indictment

would include expanded charges because Mr. Harmon had been very

clear with me that that was something that was coming down the

pike.

And so again, Judge, and I feel a little bit at a

disadvantage when the court is asking me these specifics as to

only the fact that I can tell the court in my motion is very

clear and my Motion to Continue, that the discovery that we had

received is voluminous, and it may or may not require a change

in the motions.

Frankly, I have been very, very hesitant to file

motions early, such as the Motion to Sever, because I didn't

know whether or not there would be new grounds and further

evidence to suggest a severance is appropriate in this case.

THE COURT:  But you can always move to supplement, can

you not?

MS. WAYNE:  I guess that's right, Judge, but I don't

always know what may require a hearing and what may not require

an evidentiary hearing.

THE COURT:  Wouldn't that cause you to err

conservatively on the side of filing pretrial motions as opposed

to speculating?

MS. WAYNE:  Judge, I have never done that.  I have

never filed pretrial motions without the -- knowing that I have

1    a complete copy of the discovery because I will tell you what

2    happens, Judge, is I could put my client at a disadvantage of

3    disclosing trial strategy that might be completely different in

4    light of the new discovery, in light of the new scope of the

5    alleged Indictment.

6         In this case, for example, Mr. Morris has now alleged

7    to have been in a complete conspiracy that involved another

8    individual who is now deceased but part of a greater conspiracy.

9    That includes an increase in not only his relevant conduct, but

10   increases his guidelines.

11        That changes the complexion of the case and the theory

12   of the case in terms of how I may want to posture Mr. Morris in

13   terms of his case going forward.

14        So it would be ineffective of me, Judge -- I have never

15   done that.  I have to tell the court knowing that a superseding

16   is going to have a lot more discovery disclosed to me to

17   anticipate that maybe I should at least file any motion, some

18   motion, and just go ahead and do that, even if I know the

19   discovery is not complete.

20        As the court knows, and it's no secret to Mr. Harmon,

21   that I have hired an expert consultant for the tax issues in

22   this case.  As a result of the ongoing discovery, a number of

23   these new documents are obviously tax documents.  That also

24   increases the likelihood of is this Indictment charged

25   correctly.  Are there legal issues in terms of the IRS issues

1    and the statutes that have been brought by the government that

2    are complete.  Are they online here with the statutes and the

3    discovery that has been disclosed to me.  Those are things that

4    are simply not complete, and effectively I could not present

5    motions to the court.

6             So I did it knowing that once the Indictment had come

7    down, Judge, I filed this motion, and if the court would like to

8    see the motions that were I guess -- I would call in the chute,

9    I would be able to disclose those *ex parte* to the court.

10            THE COURT:  You need not.  Thank you.

11            MS. WAYNE:  I have nothing else further, Judge.

12            THE COURT:  Counsel, thank you.

13            Response by the government, Mr. Harmon.

14            MR. HARMON:  Thank you, your Honor.

15            Just factually for the record, the computers that

16   were -- the search that's in question that would be the subject

17   of an anticipated or possible Motion to Suppress took place in

18   July of 2009.

19            That search was actually the subject of civil

20   litigation where Mr. Morris was a party to the litigation.  The

21   computer that was the subject of the search was returned to

22   Mr. Morris in July of that year.

23            The mirror image -- what happens is when the IRS

24   executed the search, they mirror imaged the computer and took

25   the hard drive.  A copy of that mirror image, a forensically

1    identical copy, was provided to the defendants on September 28,

2    2010.

3           I have had discussions with Ms. Wayne, and I think I

4    understand some of the issues that may involve being able to

5    look at that hard drive.  You need forensic tools, software to

6    do that.  The hard drive itself is not usable.  So I know that

7    the defense was struggling to try to make sure that they have

8    the tools to examine that, and they can speak to whether they

9    have them or not and when they got them.

10          The e-mails that were recovered from the mirror image

11   of the computer, however, were basically -- the ones we intend

12   to use -- were part of the grand jury presentation for the

13   initial Indictment, and so the hard copies were part of the

14   grand jury exhibits that were made available with the first wave

15   of grand jury production.

16          We provided in early discovery, not in the recent

17   discovery, every e-mail we thought we were going to use in this

18   case, and I believe that's where we are at on that.

19          The only other thing I will say is that we did make a

20   production on March 25th of materials that we believed became

21   relevant because of the Superseding Indictment and the

22   additional charges.

23          We gave over, and tried to give over, and make an

24   inspection of basically everything in the case that we got that

25   involved the three individuals, whether or not we thought it was

1    a part of the charges that were brought or we thought it was

2    Brady or exculpatory, but the core discovery was basically

3    provided on March 25th.

4            The entire grand jury presentation with the exhibits

5    were provided at that time.  And basically what we were going to

6    use was primarily produced by March 25th.

7            The only other comment that I would make, and this is

8    the first I am hearing about possibly a motion attacking the

9    Superseding Indictment because there may be some issues about

10   whether the tax charges were brought properly.

11           This is really not a tax case.  This is a claim to get

12   money from the government through a false refund and so we are

13   really not talking about the intricacies of Title 26 and all

14   that.

15           So from the government's perspective, it's a false

16   claim against the government that happens to have been done

17   through the instrument of false tax returns and false tax

18   documents.

19           I am happy to answer any questions that the court may

20   have of me that would be material to the court's consideration

21   of this motion.

22           I stand by my position that I don't oppose the relief

23   sought in the motion.  However, we would want to have a

24   conversation about when extended motions deadlines would be

25   brought relative to the trial.

1      I am currently expecting and planning to prepare to try

2   the case against both of these defendants on May 16th, and I

3   plan to come to court on May 13th to comply with all the trial

4   preparation obligations that the court imposes on me, and

5   actually the week preceding that since there are jury

6   instructions and whatnot that need to be filed.

7      And if the court is inclined to grant the motion, then

8   I would ask the court to engage in dialogue with counsel as to

9   when that deadline should be set so that we don't impact on our

10  ability to try this case on May 16th, absent the court's

11  consideration of a Motion to Continue.

12      THE COURT:  Thank you.

13      Well, this I know with as much certainty as I can have

14  is that we will be proceeding to trial as set on May 16th.  The

15  only question will be whether we will have one defendant or two

16  defendants, and that remains to be seen.

17      Mr. Armstrong remains incarcerated.  He continues to

18  demand his right to a speedy trial, and this court will afford

19  him that right.  So we know at least Mr. Armstrong will be

20  proceeding to trial on Monday, May 16.

21      Again, the only question is whether or not Mr. Morris

22  will be with him at that time.

23      Now, Ms. Wayne, back to you.  Let's talk about how much

24  time you need to file additional motions.  I presume that you

25  have motions in the queue; the Motion to Dismiss, the Motion to

1    Sever and the Motion to Suppress the search.

2           Those should be spooled up and ready to go.  Are there

3    any other motions that you can now identify that you can file in

4    the reasonably near future?

5           And then I understand you may need an additional time

6    to complete your review of the discovery, which may or may not

7    prompt or precipitate an additional request to file additional

8    motions.

9           MS. WAYNE:  Judge, I can attempt to file a Motion to

10   Dismiss related to the Indictment, um, within a week.  The court

11   sounds like you are allowing me to reserve that right to

12   obviously supplement any motions that I might have, so with that

13   understanding, I can do both the Motion to Dismiss the

14   Indictment and a Motion to Suppress the search, with the ability

15   to obviously supplement that also in a week.

16          I will tell the court that in terms of reviewing the

17   rest of the discovery, we just received this document relating

18   to -- it's about an additional 3,000 pages that relate to the

19   Bates stamp that doesn't relate to the computer drive that I am

20   talking about and to -- I think the things that I have outlined

21   in the other motions.  So that was filed this morning.

22          So with that said, Judge, the Motion to Sever, I can do

23   that in a week as well, Judge.

24          THE COURT:  Very well.

25          MS. WAYNE:  I am not going to pretend, though, Judge,

1    that I can review this discovery by trial so.

2            THE COURT:  Well, I have provided you with the tools

3    that will certainly make that possible.

4            MS. WAYNE:  Okay.

5            THE COURT:  And I not only expect but require your

6    continuing best efforts, you and your team, to complete that,

7    because part of what I am hearing is, although in volume, this

8    discovery is significant, that which the government intends to

9    present during its case-in-chief in trial has been provided to

10   Mr. Morris through you sometime ago --

11           MS. WAYNE:  No.

12           THE COURT:  -- including March 25th.

13           MS. WAYNE:  No.

14           THE COURT:  We still have a number of weeks between now

15   and the time to commence trial.

16           MS. WAYNE:  I understand that, Judge.  This is not my

17   only case.  So I understand what the court is saying --

18           THE COURT:  Let me interrupt that.  What trials in

19   Federal Court do you have between now and May 16th?

20           MS. WAYNE:  I don't have any other trials set, Judge.

21           THE COURT:  Then I encourage you, exhort you to treat

22   this as your only case.

23           MS. WAYNE:  Judge, I always proceed appropriately on my

24   cases.  I will tell the court that if you want me to address the

25   additional discovery issue, because I am under the impression

1    that the court feels that I have been in possession of all the

2    discovery, that is not correct.

3              THE COURT:  I understand.

4              MS. WAYNE:  Okay.  And I want to be clear, and I think

5    that I have been clear, in my *ex parte* requests for my team

6    support that some of this discovery, we have gone over to the

7    United States Attorney's Office and there is discovery that we

8    have been reviewing all along that was not scanned or provided

9    by the government that we felt the onus was still on us to go

10   look at it, even though it may not be part of their theory of

11   the case.

12             The ongoing issue in the case, as the court knows, in

13   any defense of any defendant, is that the government may not

14   think that it's relevant, but obviously the defense in rebutting

15   or negating the allegations may think all of it is relevant, and

16   that is obviously our responsibility to look at all of the

17   evidence.

18             THE COURT:  Pack to your remark that this is not your

19   only case, I note in my review of your Motion to Exclude Time

20   and to Continue the Trial, document 191, filed yesterday, I

21   failed to see any reference to any professional conflicts,

22   including any other cases in municipal, state or Federal Court

23   that would detract you or deter you from giving this case your

24   full attention.

25             Of course that information, if it exists under *Toombs*,

1  must have been included in your motion.

2          MS. WAYNE:  Judge, I -- indicated in the motion, and I

3  think I was very clear about the *Toombs* requirements.  I

4  apologize to the court because, frankly, I should have been much

5  more clear in the first motion that was denied, and I went back

6  and looked at *Toombs* and *West*, and including the court rules,

7  but I think I was very clear in laying out the pertinent *Toombs*

8  factors that apply to me.

9          THE COURT:  What you did was the exception, and I don't

10  mean to interrupt you.  But *Toombs* is simple.  If you seek to

11  exclude time under the Speedy Trial Act you have to do a couple

12  of things.  First, you have to identify a discrete activity,

13  pretrial activity, that requires the exclusion of time.  You

14  must tether with that discrete activity the amount of time that

15  must be excluded, and then you wrap that in a reticulated way

16  with your argument.

17          Now, as I review your motion, I see a blanket request

18  for 180 days, but I don't see discrete activities tied to

19  discrete times to be excluded, and then individual arguments

20  justifying the exclusion of that quantity of time for that

21  discrete activity.  That's *Toombs*.

22          In any event, I am going to give you a week to file

23  these motions.  We will next talk about what's a reasonable time

24  to respond, and we will play it by ear from there.

25          Any other record?

1          MS. WAYNE:  No, Judge.

2          I just -- I am looking at document 191, Judge, and I

3     think starting on page 3 of the document I outline for the court

4     that -- and I am referencing the discovery, the grand jury

5     materials, the things that were provided to me March 25th, which

6     was last week, and the things that I have received, including

7     the eleven data discs that contained the information as to

8     Mr. Hall.

9          Mr. Harmon has been forthright with me in terms of

10    indicating that, although the eleven data discs concerning what

11    Mr. Hall provided to the grand jury may not be that relevant to

12    them in terms of their theory of the case, I am not sure, but he

13    did indicate to me what he believed was the review of those

14    discs.

15         We have also received in court today a document

16    indicating further discovery.  I believe information that was

17    contained in some of the banker boxes that were indicated in my

18    motion that should be disclosed to us.

19         So I have outlined the material in the motion in terms

20    of what has been disclosed, and I want to be clear about that in

21    terms of what I just received and what I have in my possession.

22         THE COURT:  Well, you talk about pertinent discovery,

23    its review, additional investigation.  You imply there may be

24    additional motions, and again you lump that together in a

25    request for 180 days, and I am telling you that's insufficient

1    under *Toombs*.

2         If you want to talk about the need to review, organize

3    and analyze additional discovery, that's fine.  But you tie a

4    specific quantity of time to be excluded.

5         If you want to talk about additional pretrial

6    investigation, you do the same thing.  If you anticipate that is

7    likely to precipitate the filing of pretrial motions, then you

8    estimate as best you can in your circumstances the discrete

9    amount of time that's tied to that activity.

10         And that's why I am critical of even your second motion

11   because I don't see that degree of dissection that I believe is

12   required under *Toombs*.

13         MS. WAYNE:  I understand, Judge.

14         THE COURT:  Now I am going to give you a chance to do

15   all of that because eventually, before we quit this hearing, I

16   am going to provide for a time for the government and

17   Mr. Armstrong to respond to your Motion to Continue the Trial,

18   and I am going to set that for hearing and we are going to hear

19   it.

20         MR. HARMON:  May I --

21         MS. WAYNE:  I don't have anything further, Judge.

22         THE COURT:  All right.  Thank you.

23         Mr. Harmon.

24         MR. HARMON:  I just wanted to weigh in on amplifying

25   what the government's position is on the current motion and what

1    I anticipate the court is going to transition to, which is

2    determining a briefing schedule for the motions that the court

3    is allowing.

4            The court is now allowing one week for Ms. Wayne to

5    provide motions, and here's the government's position.  I mean

6    we did not object in the abstract to extending time to file

7    additional motions, but we have been having a dialogue with

8    Ms. Wayne about the severance issue since -- well, at least

9    since we returned the Indictment.  And what I am asking the

10   court to consider in connection with determining the briefing

11   schedule is this.

12           I hear the court loud and clear, the government is

13   going to trial on May 16.

14           THE COURT:  Amen.

15           MR. HARMON:  Okay.  What I am asking for the court to

16   consider is this.  Briefing on threshold motions that will

17   determine whether the government is going to trial on two

18   defendants or one, namely two motions, severance and

19   continuance.  I hear the court to be saying that the court is

20   inviting Ms. Wayne to renew her exclusion continuance motion to

21   make it more rigorous and comply with *Toombs*.

22           THE COURT:  No, I am not.  I have lead everybody

23   through that exercise, and to the best we can, we will identify

24   discrete activities to which we will tether discrete quantities

25   of time, and then I will receive your argument in response with

1  respect to those issues.

2          MR. HARMON:  Will we be doing that today?

3          THE COURT:  No.

4          MR. HARMON:  Okay.

5          THE COURT:  Mr. Armstrong, I don't know if he has even

6  seen this motion, but he deserves the right to respond to it.

7          MR. HARMON:  My request is this; that those two

8  motions, the currently pending motion for excludable time and

9  continuance and the severance motion, that they be treated first

10 and that the government be required to provide response to them

11 first, and then once they are ruled upon, then the court can

12 consider the briefing on the other motions, or allow the

13 government to brief those other motions after the trial of

14 Mr. Armstrong.

15         Because here is the dilemma I want the government to be

16 able to avoid, which is we have a whole slate of motions that we

17 think should have been brought a long time ago by Mr. Morris

18 that we are required to respond to in that one-month window of

19 time we now have to prepare the case for trial.  So that's what

20 I am asking the court to consider.

21         THE COURT:  Well, we are looking at a Motion to Dismiss

22 the Indictment, a Motion to Suppress the Search, which is a four

23 corners analysis for the court, and a Motion for Severance.

24         With all due respect, Mr. Harmon, the court probably

25 can and will determine those motions before I receive your

1   response to them.  Because they are simply that kind of motion.

2          Very difficult to dismiss an Indictment, very difficult

3   to work a severance, and a four corners analysis of an

4   application, warrant affidavit and search warrant?

5   Constitutional law 101.

6          So I don't see the government being prejudiced at all.

7   There will be more work for the court than there will be for

8   anybody else.

9          MR. HARMON:  All right, Judge.  I understand.  Thank

10  you.

11         THE COURT:  But I still didn't hear from you how much

12  time do you need to respond to the anticipated Morris Motions to

13  Dismiss, Sever and Suppress?

14         MR. HARMON:  Can we ask for two weeks?

15         THE COURT:  A week after the filing?

16         MR. HARMON:  Well, two weeks from the filing of the

17  motions.

18         THE COURT:  That's reasonable.  That puts us at

19  April 28th, and we will still have time between then and the

20  anticipated date for trial.

21         Now, how much time does the government request to file

22  its anticipated response to Mr. Morris' most recent Motion to

23  Continue the trial that was filed yesterday?  When can the

24  government bring its response?

25         MR. HARMON:  You know, your Honor, our position on that

1    is intertwined with the severance issue, so I would ask that our

2    response on the continuance motion come at the same time as the

3    response on the severance.

4        These issues have been combined, have been linked all

5    along, which is why we have been pushing the defense to put them

6    before the court at a date earlier than today because we know

7    the court is coming up.

8        If the court grants a severance, then my position on

9    Ms. Wayne's continuance motion is a very different one than if

10   the court doesn't grant a severance.

11       I mean I will tell you today, if the court wants to go

12   to trial on May 16 and is inclined to deny or is likely to deny

13   a severance motion, I am objecting to the continuance.  I mean I

14   want to try both defendants at the same time.  That's my

15   position.  I have been telling that to Ms. Wayne for a couple of

16   weeks now.

17       THE COURT:  Well, you know, I can't do that,

18   Mr. Harmon, because the government on March 25th heaped another

19   load of discovery on Mr. Morris and Mr. Armstrong.

20       MR. HARMON:  Okay.

21       THE COURT:  So I am less than completely empathetic or

22   sympathetic to the government's plight.  My suspicion is that

23   evidence has been around for a lot longer than March 25th, but

24   that's just an educated guess on my part.

25       MR. HARMON:  Well, the grand jury materials were

1   generated in connection with the return of the Indictment, which

2   would have been mid-February, so we will settle for a couple of

3   weeks.

4          THE COURT:  And it's my guess that the government, who

5   is running the train called prosecution, and who runs the grand

6   jury, could have considered a Superseding Indictment perhaps

7   before it did, but again just another educated guess on my part.

8          But I have no sympathy for heaping discovery that

9   diverts the attention of Mr. Morris from finalizing his pretrial

10  attention, no sympathy for the government in those

11  circumstances, no, sir.

12         MR. HARMON:  I understand, your Honor.  I am not going

13  to extend, unless the court wants me to explain why we delayed

14  it.  There are reasons, and it deals with my schedule, but

15  bottom line is I am asking the court to defer my response on the

16  continuance motion to make it the same time as my response on

17  the severance motion.

18         THE COURT:  I will do that.

19         Mr. Armstrong, I have in mind allowing you to respond

20  to the most recent motion of Mr. Morris to continue the trial

21  that's now set for May 16th, giving you until April 28th to file

22  your response.

23         Any objection?

24         MR. ARMSTRONG:  No.

25         THE COURT:  Very well.  Thank you.  Then on the Motion

1  for Additional Time to File Motions, document 153, filed

2  February 28, 2011, it is ordered as follows:  That this motion

3  is granted consistent with the following orders.

4       That defendant Morris shall have until April 14, 2011,

5  by which to file additional non-CJA pretrial motions.  Now

6  anticipated to include, but not necessarily be limited to, a

7  Motion to Dismiss the Superseding Indictment, a Motion to Sever,

8  and a Motion to Suppress the search occurring in the summer of

9  2009.

10      That the government and Mr. Armstrong shall have until

11  April 28, 2011, by which to file a response to any timely-filed

12  motion by Mr. Morris.

13      That the government and Mr. Armstrong shall have until

14  that same date, April 28, 2011, by which to file a response to

15  defendant Morris' Motion to Exclude time and to Continue Trial,

16  filed as document 191, on April 6th, 2011.

17      All done in open court effective forthwith.

18      Further business by the government?

19      MR. HARMON:  One matter, your Honor.  We filed a motion

20  that was stricken because it was at the time beyond the motions

21  deadline for a protective order relating to tax return

22  information.

23      In light of the court's ruling now, I would ask that we

24  be allowed to refile the motion.  We can do it today, actually.

25  The grounds for the motion became clear to the government --

1          THE COURT:  I read the motion.  I assume you will

2     simply refile the one that I struck.

3          MR. HARMON:  That's right.

4          THE COURT:  Because apparently the government couldn't

5     read the court's practice standards or Trial Preparation

6     Conference Order either.

7          MR. HARMON:  Well, yes and no.  I will tell you that

8     the impetus for the motion, the reason we needed the protective

9     order, in our view, was that once we had an Indictment that was

10    returned that expanded the scope of matters to include tax

11    materials of people other than the defendants in this case, we

12    felt that there was the need to obviously turn over tax

13    materials of other people, and then the issue of this protective

14    order became a ripe one, in our view.

15         THE COURT:  Then why not do that which is required by

16    the court's practice standard and Trial Preparation Conference

17    Order which is in play to seek leave of the court to file the

18    anticipated motion?

19         What prevented the government, once again, from reading

20    and heeding my practice standards and the Trial Preparation

21    Conference Order?

22         MR. HARMON:  Well, we did it wrong, and this time we

23    will try to do it right.

24         THE COURT:  Very well.  I observe that when one is in a

25    hole, it is best to stop digging.

1          Further business on behalf of defendant Morris,

2     Ms. Wayne?

3          MS. WAYNE:  Nothing further, your Honor.

4          THE COURT:  Anything further, Mr. Armstrong?

5          MR. ARMSTRONG:  Well, I've had almost no access to any

6     of the discovery and I have seen no grand jury Indictments to

7     this date.  There is no way that I can prepare for a trial

8     May 16th.  Not a chance.

9          Now just to clarify one thing, your Honor, a couple of

10    months ago you agreed that I would be tried in an Article III

11    court, so when trial comes, I am going to be looking for an

12    injured party, not a fictitious entity that brought the charges.

13         THE COURT:  Well, Mr. Armstrong, I understand that is

14    your view.  It is mistaken.  It is misguided.  It is a

15    misapprehension of federal law, starting with the United States

16    Supreme Court and percolating down through the Circuit Court of

17    Appeals, which you misname repeatedly offensively in your

18    pleadings with this court, and therefore I have found and

19    concluded as a matter of law, subject only to appeal by you,

20    Mr. Armstrong, after a trial and assuming a conviction, to the

21    Tenth Circuit Court of Appeals, I have considered and rejected

22    that argument.  In this case, in this trial, concerns you, sir,

23    it is fait accompli.

24         MR. ARMSTRONG:  All right.  Well, there is no way that

25    I will be able, especially with the limited computer facilities

1     over at the prison, to be able to prepare for trial by May 16th.

2            THE COURT:  Well, then, I will anticipate your written

3     motion, and not in the form of a notice, Mr. Armstrong.  The

4     Federal Rules of Criminal Procedure do not recognize these

5     notices that you file.

6            Now, you may find it entertaining that you repeat in

7     your introduction that which you have repeated regularly in

8     every such paper that you file with the court and hope that I

9     will, like pigs hunting for truffles, find the embedded gravamen

10    of the relief that you request, but no more.

11           You are to read Rules 12 and 47 of the Federal Rules of

12    Criminal Procedure and to comply with them.

13           MR. ARMSTRONG:  All right.  I have never received

14    copies of the response, the responses to your two minute orders

15    for response from the government.

16           Now, you stated in your most recent communication that

17    they were mailed to me, but I have never received them.

18           THE COURT:  Well, I will follow up with the clerk's

19    office, which I did before.

20           MR. ARMSTRONG:  Thank you.

21           THE COURT:  They are going to the address that you have

22    provided in your mailings to the court.

23           MR. ARMSTRONG:  It's pretty easy to find me over there.

24           THE COURT:  It certainly is.

25           MR. ARMSTRONG:  Yeah.  I believe that you are aware of

1    the extraordinary lawsuit that was filed with the tribunal

2    court.

3            THE COURT:  There is no such thing as a tribunal court,

4    Mr. Armstrong.  It appears to me that you purported to file a

5    lawsuit with the Tenth Circuit Court of Appeals and, of course,

6    Mr. Armstrong, that is a circuit appellate court, not a trial

7    court.  Your lawsuit is misfiled in that court.

8            To the extent that you think you can file a piece of

9    paper in the appellate court and work a disqualification or

10   recusal of this court, you are wrong and mistaken as both a

11   matter of fact and law.

12           So if that's your intent, Mr. Armstrong, it misses the

13   mark.

14           Very well.  It appears that there is no further

15   business properly to come before the court.  Mr. Owen.

16           MR. OWEN:  I am sorry to do this, Judge, but if I may,

17   I do believe that some clarification as to my role in this case

18   is required.

19           I have done *pro se* or stand-by representations for

20   years.  However, I am being asked to do things that is totally

21   incongruous with stand-by counsel.  And I think those need to be

22   clarified.

23           THE COURT:  Then file an appropriate motion, Mr. Owen.

24           MR. OWEN:  I will, your Honor.

25           MR. ARMSTRONG:  Now, I --

1          THE COURT:  Now, Ms. Steffens, if you would be so kind

2     as to print the last several orders that this court has issued

3     concerning Mr. Armstrong before he leaves the courtroom today,

4     he can take them with him.  And to the deputy marshals, I don't

5     want these copies of this court's orders to be considered by you

6     or Mr. Armstrong's jailers as contraband, please.

7          Ms. Steffens, if you would do that.

8          THE COURTROOM DEPUTY:  Certainly.

9          THE COURT:  It will not need the attention of the court

10    to do that, therefore please close the record in this case.  The

11    court is again in recess.

12          (Proceedings concluded at 2:30 p.m.)

13                    REPORTER'S CERTIFICATE

14          I certify that the foregoing is a correct transcript

15     from the record of proceedings in the above-entitled matter.

16          Dated at Denver, Colorado, this 30th day of August,

17    2012.

18                              s/Suzanne M. Claar

19

20

21

22

23

24

25