# NON NEGOTIABLE NOTICE OF ACCEPTANCE

NOTICE DATE: Day Five      Month Three      **FILED**      Year 2013 C.E.

UNITED STATES DISTRICT COURT
DENVER, COLORADO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge, Robert E. Blackburn
901 19th Street
Denver, Colorado 80294-3589

MAR 0 8 2013

JEFFREY P. COLWELL
CLERK

**In reply to:** "Case 1:10-cr-00317-REB Document 378 Filed 12/16/11 USDC Colorado Page 1 of 6 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO Judge Robert E. Blackburn ORDER TO SHOW CAUSE, Page 2 of 6, Page 3 of 6, Page 4 of 6, Page 5 of 6, Page 6 of 6 Dated December 16, 2011 at Denver Colorado BY THE COURT Robert E. Blackburn United States District Judge"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept your Presentment "Case 1:10-cr-00317-REB Document 378 Filed 12/16/11 USDC Colorado Page 1 of 6 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO Judge Robert E. Blackburn ORDER TO SHOW CAUSE, Page 2 of 6, Page 3 of 6, Page 4 of 6, Page 5 of 6, Page 6 of 6 Dated December 16, 2011 at Denver Colorado BY THE COURT Robert E. Blackburn United states District Judge" for value and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case.
- I request you issue me the Appearance Bond and waive all Public costs.
- I request you close Account Number 1:10-cr-00317-REB.
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy.
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachment: "Case 1:10-cr-00317-REB Document 378 Filed 12/16/11 USDC Colorado Page 1 of 6 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO Judge Robert E. Blackburn ORDER TO SHOW CAUSE, Page 2 of 6, Page 3 of 6, Page 4 of 6, Page 5 of 6, Page 6 of 6 Dated December 16, 2011 at Denver Colorado BY THE COURT Robert E. Blackburn United States District Judge"

cc: **UNITED STATES DISTRICT COURT Colorado, 901 19th Street, Denver Colorado 80294-3589**
cc: **UNITED STATES DISTRICT COURT Colorado, Clerk of the Court, 901 19th Street Room A-105, Denver, Colorado 80294-3589**

*"ACCEPTED"*
*Richard Kellogg Armstrong*
MARCH 5, 2013 C.E.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

**Blackburn, J.**

    This matter is before me *sua sponte*. I issue this order to show cause because the record indicates that the defendant, Richard Kellogg Armstrong, has failed to comply with the duly issued orders of this court and, thus, may be subject to punishment by contempt.

    On May 17, 2011, I issued an **Order** [#235] in which I admonished defendant, not for the first time, that he was to cease filing requests for relief from the court as "notices," as opposed to motions. In addition, I reminded Mr. Armstrong that, as the deadline for the filing of non-CJA pretrial motions had passed, no such motion, even properly designated, could to be filed absent leave of court. (**Trial Preparation Conference Order** at 1 n.2 [#33] filed June 25, 2010, and **Order** ¶ 2 at 2 [#128] filed January 27, 2011.) Finally, I ordered and advised Mr. Armstrong, in relevant part:

> 3.    That effective forthwith, the defendant, Richard Kellogg Armstrong, *subject to the penalties for contempt of court*:


*"ACCEPTED"*
*Richard Kellogg [signature]*
*MARCH 5, 2013 C.E.*

a. shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and

b. shall not file any pretrial motion without advance leave of the court.

(**Order** ¶ 3 at 6-7 [#235] filed May 17, 2011 (emphasis added).) I included the identical language in a subsequent order. (*See* **Order Striking Defendant's Notices** ¶ 7 at 4-5 [#251] filed June 10, 2011.)

Despite these clear and unequivocal admonitions, Mr. Armstrong has continued to file unauthorized "notices." (*See, e.g.,* **Order** [#241], filed May 31, 2011 (striking notices filed at docket numbers 236, 237, and 240); **Order Striking Defendant's Notices** [#251] filed June 10, 2011 (striking notices filed at docket numbers 244, 245, 246, 247, 248, and 249); **Order Striking Notice** [#364] filed November 28, 2011 (striking notice filed at docket number 363).) In addition, Mr. Armstrong has continued to file non-CJA motions and other pleadings without leave of court. (*See, e.g.,* **Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011 (striking motions filed at docket numbers 254, 256, 257, and 258); **Order Striking Motion To Take Judicial Notice of Facts and To Dismiss the Case With Prejudice** [#263] filed July 15, 2011 (striking motion filed at docket number 262); **Order** [#331] filed October 19, 2011 (striking purported amicus brief filed at docket number 326).) The amount of time and judicial resources that have been expended in responding to these blatantly contemptuous filings is excessive and unwarranted. The continued inability or refusal of Mr. Armstrong to comply with the duly issued orders of this court can no longer be ignored or tolerated.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MARCH 5, 2013 A.E.*

More than six months ago, I specifically advised Mr. Armstrong that I would require him to show cause in writing why he should not be found guilty of contempt of court and punished accordingly.  (*See* **Order Striking Defendant's Notices** at 3 [#251] filed June 10, 2011.)  The foregoing recitation of facts suggest criminally contemptuous conduct, and I advise Mr. Armstrong that I perceive these actions to constitute criminal contempt.  *See* **FED. R. CRIM. P.** 42(a)(1)(C).  Accordingly, I find and conclude that the defendant, Richard Kellogg Armstrong, should be required to show cause why he should not be held in contempt of court based on his ostensible and repeated failures to comply with my **Order** ¶ 3 at 6-7 [#235] filed May 17, 2011, and **Order Striking Defendant's Notices** ¶ 7 at 4-5 [#251] filed June 10, 2011.  Accordingly, Mr. Armstrong is advised as follows.

A district court has the inherent power to enforce its orders through contempt.  "Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution."  **United Mine Workers of America v. Bagwell**, 512 U.S. 821, 831, 114 S.Ct. 2552, 2559, 129 L.Ed.2d 642 (1994).  This authority is now codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(a)(3).

Contempt proceedings are either civil or criminal in nature, and the difference between the two types of contempt turns on the character and purpose of the sanction involved.  **Bagwell**, 114 S.Ct. at 2557.  If the sentence imposed is conditional and

"ACCEPTED"
*Richard Kellogg* [signature]
MARCH 5, 2013 C.E.

grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. See **Colombo v. New York**, 405 U.S. 9, 10-11, 92 S.Ct. 756, 757, 30 L.Ed.2d 762 (1972); **United States v. Haggerty**, 528 F.Supp. 1286, 1296 (D. Colo. 1981). When the penalty is fixed and there is no possibility of purging the contempt by compliance, the contempt is criminal. See **Shillitani v. United States**, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966).

Because the sanction contemplated in these circumstances involves punishing Mr. Armstrong for actions that have already occurred and seeks to vindicate the authority of the court, it is criminal in nature. **Bagwell**, 114 S.Ct. at 2557-58; **Local 28 of Sheet Metal Workers' International Association v. E.E.O.C.**, 478 U.S. 421, 443, 106 S.Ct. 3019, 3033, 92 L.Ed.2d 344 (1986); **In re Lucre Management Group, LLC**, 365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." **Bagwell**, 114 S.Ct. at 2556 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to full criminal process." **Id.** at 2560. This includes the right to counsel and proof beyond a reasonable doubt. **Id.** at 2561. See also **United States v. Peterson**, 456 F.2d 1135, 1139-40 (10th Cir. 1972). If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury. **Bagwell**, 114 S.Ct. at 2557; **Taylor v. Hayes**, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701-02, 41 L.Ed.2d 897 (1974); **Federal Trade Commission v. Kuykendall**, 371 F.3d 745, 752 (10th Cir. 2004).

As contemplated by Fed. R. Crim. P. 42(a)(2), I find that the interest of justice do not require the appointment of an attorney other than an attorney for the government.

4

"ACCEPTED"
*Richard Kellogg Armstrong*
MARCH 5, 2013 C.E.

However, if the government declines to appoint an attorney to prosecute this matter, I will appoint an attorney to prosecute the contempt. **FED. R. CRIM. P.** 42(a)(2); *see also* **Mellott v. MSN Communications, Inc.**, 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011). Because the contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial. **FED. R. CRIM. P.** 42(a)(3).

By this order, I will schedule an initial appearance and an advisement of rights, and Mr. Armstrong will be afforded a reasonable time to prepare his defense. **FED. R. CRIM. P.** 42(a)(1)(A) & (B). Mr. Armstrong is advised explicitly and specifically that he has the right to be represented by counsel at the hearing.

**THEREFORE, IT IS ORDERED** as follows:

1. That by **January 9, 2012**, the defendant, Richard Kellogg Armstrong, shall **SHOW CAUSE** in writing why he should not be held in contempt of court and punished accordingly for his failures to comply with the requirements of my **Order** ¶ 3 at 6-7 [#235] filed May 17, 2011, and my **Order Striking Defendant's Notices** ¶ 7 at 4-5 [#251] filed June 10, 2011;

2. That the attorney for the government is **APPOINTED** to prosecute the criminal contempt contemplated by this Order;

3. That this matter is set for an initial appearance and an advisement of rights on **Friday, January 26, 2012**, at **9:00 a.m.** (MST), with the court reserving one hour for the proceeding at which the defendant, Richard Kellogg Armstrong, **SHALL APPEAR** without further notice or order of the court; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado **SHALL ASSIST** the

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MARCH 5, 2013 C.E.*

court in securing the appearance of the defendant.

Dated December 16, 2011, at Denver, Colorado.

BY THE COURT:

*/s/ Robert Blackburn*
Robert E. Blackburn
United States District Judge