# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Seven          Month: Five     F I L E D          Year: 2013 C.E.
                                        UNITED STATES DISTRICT COURT
                                            DENVER, COLORADO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO                    MAY 1 0 2013
CLERK OF THE COURT, Room A-105
901 19th Street                            JEFFREY P. COLWELL
Denver, Colorado 80294-3589                         CLERK


**In reply to:** "Case 1:10-cr-00317-REB Document 540 Filed 05/09/12 USDC Colorado Page 1 of 5 Criminal Case No. 10-cr-00317-REB ORDER DENYING DEFENDANT MORRIS' OBJECTION TO GOVERNMENT'S CLOSING ARGUMENT AND REQUEST FOR MISTRIAL OR IN THE ALTERNATIVE A CURATIVE INSTRUCTION, Page 2 of 5 2, Page 3 of 5 3, Page 4 of 5 4, Page 5 of 5 Dated May 9, 2012 at Denver, Colorado. BY THE COURT: Robert E. Blackburn United States District Judge 5"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

                                        Sincerely,

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California


Attachment: "supra"

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                NNNOA

"ACCEPTED"
*Richard Kellogg Armstrong*
May 7, 2013 CE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. CURTIS L. MORRIS,

      Defendant.

---

### ORDER DENYING DEFENDANT MORRIS' OBJECTION TO GOVERNMENT'S CLOSING ARGUMENT AND REQUEST FOR MISTRIAL OR IN THE ALTERNATIVE A CURATIVE INSTRUCTION

---

**Blackburn, J.**

The matter before me is **Defendant Morris'** [*sic*] **Objection to Government's Closing Argument and Request for Mistrial or in the Alternative a Curative Instruction** [#505][1] filed April 30, 2012. Because the jury returned its verdicts before the motion could be resolved, I deny the motion for a curative instruction as moot and construe the motion for a mistrial as a motion for new trial. Thus construed, I deny the motion and vacate the extant hearing.

This case was tried to a jury on April 9-26, 2012. During closing argument, the government sought to address Mr. Morris's good faith defense in its rebuttal:

> If they [Mr. Morris and the clients who testified to their belief
> that he believed in good faith in the validity of the returns he
> filed] think at the end of the day they have good faith, it's the

---

[1] "[#505]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

"ACCEPTED"
Richard Kellogg Armstrong
MAY 7, 2013 CE

good faith that's simply the product of desperation and compartmentalization.

If they get the money . . ., they rationalize it and say, you know what? I am owed that money. Just like that case, in this case, if they get the money from the man, they say, you know, it's the IRS. They're a big organization. It's their mistake. They should go after the banks anyway. So they rationalize it that way. They say to themselves, all I did was got one over on the man.

Well, ladies and gentlemen of the jury, the man is you. The man is you. The man is me. The man is all of us. And what these people are doing at the end of the day is trying to get one over on us.

I ask you at this point don't let them do it again. Hold them criminally accountable by doing the only thing you can in this case, speaking with one voice and returning an indictment [sic] holding these defendants accountable.

Neither defendant objected to the government's remarks. Nevertheless, Mr. Morris now claims that the government's statements constituted an improper "naked appeal to the personal interests of the jury – in essence that each juror was a direct victim of the alleged criminal conduct." (**Motion** at 1 [#505] filed April 30, 2012.)

The standard for granting a new trial in a criminal case is set forth in Fed. R. Crim. P. 33, which provides that a new trial may be granted "if the interest of justice so requires." **FED. R. CRIM. P.** 33(a). Nevertheless, "a motion for a new trial is not regarded with favor and is only issued with great caution." **United States v. Herrera**, 481 F.3d 1266, 1269-70 (10th Cir. 2007). In addition, where, as here, no contemporaneous objection was made, the jury's verdict should be set aside only if admission of the statements constituted plain error, that is, "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have

"ACCEPTED"
Richard Kellogg Armstrong
May 7, 2013 CR

been done." *United States v. Harlow*, 444 F.3d 1255, 1261 (10th Cir. 2006) (emphasis in original).

Improper argument by government counsel may constitute a basis for granting a new trial if the arguments impaired the constitutional guarantee of the Due Process Clause to a fair trial. *United States v. Black*, 369 F.3d 1171, 1177 (10th Cir.), *cert. denied*, 125 S.Ct, 341 (2004); *United States v. Gabaldon*, 91 F.3d 91, 93-94 (10th Cir. 1996). The court must determine both whether the comments in fact were improper and, if so, whether the error was harmless beyond a reasonable doubt. *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1134 (10th Cir.), *cert. denied*, 125 S.Ct. 679 (2004). This latter inquiry is made within the context of the trial record as a whole, and the verdicts should not be overturned "unless the prosecutor's misconduct was enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented." *United States v. Espinoza*, 771 F.2d 1382, 1401 (10th Cir.), *cert. denied*, 106 S.Ct. 579 (1985) (citation and internal quotation marks omitted).

I find and conclude that the government's comments here satisfy neither of these criteria. First, the remarks were not improper. Instead, they addressed with precision Mr. Morris's closing argument suggesting that the government prosecuted this case out of a sense of embarrassment or wounded pride with concomitant frustration and anger over its failure to more quickly identify the improper claims of Mr. Morris and his clients, referring in that context to the government's mismanagement of "our money." *See United States v. Pirro*, 9 Fed. Appx. 45, 50 (2nd Cir. May 4, 2001) ("[T]he fact that [the prosecutor's] argument implies that jurors, as taxpayers, are harmed by the crimes at

3

"ACCEPTED"
Richard Kellogg [signature]
MAY 7, 2013 CE

issue does not render the argument improper."). Having interjected this idea into the proceedings, Mr. Morris hardly can be heard to complain when the government sought to rebut that contention. **See United States v. Fleming**, 667 F.3d 1098, (10th Cir. 2011) ("It is well established that prejudicial error does not result from the improper remarks made during closing argument when such remarks were provoked by opposing counsel.") (citation and internal quotation marks omitted).

Yet even if the remarks were improper, I find and conclude that their admission was harmless beyond a reasonable doubt. Such remarks did not constitute a lingering or central theme of the government's rebuttal argument, but instead were comparatively "singular and isolated." **See United States v. Pena**, 930 F.2d 1486, 1491 (10th Cir. 1991). Moreover, the jury was reminded on several occasions – before, during, and immediately subsequent to closing argument – that the arguments of counsel were not evidence. **Id.**; **see also United States v. Thompson**, 2006 WL 2925700 at *8 (D.C. Colo. Oct. 11, 2006). Finally, the evidence of Mr. Morris's guilt beyond these remarks can be described only as overwhelming, and the evidence supporting his good faith defense comparatively meager and unimpressive. **See Pulido-Jacobs**, 377 F.3d at 1134.

I therefore find and conclude that any error in the admission of the remarks was harmless beyond a reasonable doubt and therefore did not constitute plain error or otherwise merit a new trial

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant Morris' [sic] Objection to Government's Closing**

*"ACCEPTED"*
*Richard Kellogg [signature]*
*MAY 7, 2013 CR*

**Argument and Request for Mistrial or in the Alternative a Curative Instruction** [#505] filed April 30, 2012, is **DENIED IN PART** and **DENIED AS MOOT** in part as follows:

    a. That the motion for mistrial, construed as a motion for new trial, is **DENIED**; and

    b. That the motion for a curative instruction is **DENIED AS MOOT**; and

    2. That the hearing on the motion, currently scheduled for Thursday, May 10, 2012, at 1:30 p.m., is **VACATED**.

Dated May 9, 2012, at Denver, Colorado.

                                        **BY THE COURT:**

                                        *[signature]*
                                        Robert E. Blackburn
                                        United States District Judge