# NON NEGOTIABLE NOTICE OF ACCEPTANCE

Notice Date: Day Six            Month: Five            Year: 2013 C.E.

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Gregory C. Langham, Clerk of Court
901 19th Street, Room A-105
Denver, Colorado 80294-3589

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2013

JEFFREY P. COLWELL
CLERK

In reply to: "Case 1:10-cr-00317-REB Document 564 Filed 06/22/12 USDC Colorado Page 1 of 10 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO UNITED STATES' MOTION FOR FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE, Page 2 of 10, Page 3 of 10, Page 4 of 10, Page 5 of 10, Page 6 of 10, Page 7 of 10, Page 8 of 10, Page 9 of 10, Page 10 of 10 CERTIFICATE OF SERVICE s/ Raisa Vilensky"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE**. Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Attachment: "supra"

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge, Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE DISTRICT OF COLORADO, John Walsh, 1225 17th Street, Suite 700, Denver, Colorado 80202
cc: Tonya S. Andrews, A.U.S.A., DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE DISTRICT OF COLORADO 1225 17th Street, Suite 700, Denver, Colorado 80202

## CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California on May 6, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Gregory C. Langham, Clerk of Court, 901 19th Street, Room A-105, Denver, Colorado 80294-3589.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

*"Accepted"*

*Richard Kellogg Armstrong*

*May 6, 2013*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    RICHARD KELLOGG ARMSTRONG,

        Defendant.

---

**UNITED STATES' MOTION FOR FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

---

COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States the defendant's interest in the following:

    a.    a $1,637,481.61 money judgment, representing the amount of proceeds obtained by the defendant, less any funds obtained from the forfeiture of directly traceable assets;

    b.    real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado;

    c.    real property, including all attachments thereto, located at 30 Perkins Drive, Prescott, Arizona; and

    d.    Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527,

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*May 6, 2013 CE*

and directing the United States, or its designated sub-custodian to seize the property subject to forfeiture, and to publish notice of the forfeiture.

In support of its motion, the government submits the following memorandum of law:

## MEMORANDUM OF LAW

### I.  Statement of Facts

1. On February 15, 2011, the United States charged defendant Richard K. Armstrong by Superseding Indictment, in part, in Count One with a violation of 18 U.S.C. § 1341 and 2, and in Counts Twenty-Five through Twenty-Seven with violations of 18 U.S.C. § 1957 and 2. (Doc. 140).

2. The Forfeiture Allegation in the Superseding Indictment sought forfeiture from defendant Richard K. Armstrong pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c) of the following property:

   a.  a $1,637,481.61 money judgment, representing the amount of proceeds obtained by the defendant, less any funds obtained from the forfeiture of directly traceable assets;

   b.  real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado (hereinafter "Harvest Mile Road property");

   c.  real property, including all attachments thereto, located at 30 Perkins Drive, Prescott, Arizona (hereinafter "Perkins Drive property"); and

   d.  Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527 (hereinafter "Beech Aircraft").



"ACCEPTED"
Richard Kellogg Armstrong
MAY 6, 2013

3. On April 30, 2012, a jury found defendant Richard K. Armstrong guilty of Counts One, and Twenty-Five through Twenty-Seven in violation of 18 U.S.C. §§ 1341, 1957, and 2.[1]

## II. Applicable Law

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) as soon as practicable after a guilty verdict. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

### A. Forfeiture Authority

The Court's authority to order forfeiture for violations of 18 U.S.C. § 1341 as charged in the Superseding Indictment is based upon 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of the following:[2]

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

18 U.S.C. § 981(a)(1)(C). Title 18 U.S.C. § 1956(c)(7) identifies as specified unlawful activity, any act constituting an offense listed in 18 U.S.C. § 1961(1) - a list which includes violations of 18 U.S.C. § 1341 (mail fraud).

---

[1] Richard Armstrong was also convicted of Counts Six through Nine, Thirteen through Sixteen, and Twenty-Eight, but the government is not seeking forfeiture based on those counts.

[2] Title 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property which can be forfeited civilly. The procedures for the forfeiture and disposition of property are governed by the provisions of 21 U.S.C. § 853.

*"ACCEPTED"*

*[signature]*

*May 6, 2013 CJS*

Likewise, Title 18 U.S.C. § 982(a)(1) provides for the criminal forfeiture of any property, real or personal, involved in an offense in violation of Title 18 U.S.C. § 1957, or any property traceable to such property.

**B.      Authority to Enter Money Judgment**

Pursuant to Rule 32.2(b)(1)(A), when a money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).  Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A).

In this instance, the evidence introduced at trial demonstrated that Richard Armstrong obtained $1,637,481.61 from the Internal Revenue Service as a result of the mail fraud scheme he was convicted of in Count One of the Superseding Indictment. Specifically, on December 15, 2008, Richard Armstrong deposited the following refund checks issued as a result of his fraudulent tax returns into his personal account at Bank of America ending in 7682:

       a.     Refund for the year 2005 in the amount of $699,449.70,

       b.     Refund for the year 2006 in the amount of $315,252.75, and

       c.     Refund for the year 2007 in the amount of $622,779.16.

See Govt's Exs. 101D, 102D, 103D, and 310C.

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*May 6, 2013 CE*

Accordingly, a forfeiture money judgment in the amount of $1,637,481.61 should be entered against defendant Richard Armstrong pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[3]

### C. Authority to Order Forfeiture of Specific Property

Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), following the entry of guilty verdict, if the jury has not done so, the Court must make a factual determination regarding the sufficiency of the *nexus* between the offense and the property sought for forfeiture. Thus, in this case, the Court must determine if the Harvest Mile Road property, the Perkins Drive property, and the Beech Aircraft have a nexus to defendant Armstrong's convictions for mail fraud and money laundering. Based on the evidence introduced at trial and facts known to the United States, the United States submits that there is a nexus to these assets and defendant Armstrong's offenses.

#### i. Harvest Mile Road Property

Specifically, the evidence showed that on December 22, 2008, just seven days after the deposit of mail fraud funds into his personal checking account, the defendant transferred $727,000.00 from his personal checking account to an account held by Larry Hall. *See* Gov't's Ex. 320E. On December 23, 2008, Larry Hall then transferred $665,000.00 from his personal account to Land Title Guarantee Company for the purchase of the Harvest Mile property. *See* Gov't's Ex. 320F. Shortly thereafter, defendant Armstrong sent Curtis Morris an email, stating "As you probably know, we

---

[3] The United States will credit defendant Richard Armstrong's forfeiture money judgment by any funds forfeited from the directly traceable assets identified *inter alia*, and any substitute assets forfeited in the future.

5

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*May 6, 2013 US*

bought a home for Larry for $560,000.00." See Govt's Ex. 704A. In light of the above, it is clear that the Harvest Mile Road property was purchased with funds traceable to defendant Armstrong's scheme and, therefore, is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

This purchase is also the basis for defendant Armstrong's money-laundering convictions of Counts Twenty-Five and Twenty-Six of the Superseding Indictment. In Counts Twenty-Five and Twenty-Six, the United States alleged, and defendant Armstrong was convicted of, engaging in monetary transactions over $10,000 with property derived from a specified unlawful activity – mail fraud. These monetary transactions were the transfers of the fraud proceeds for the purchase of the Harvest Mile Road property. Therefore, in order to have been convicted of Counts Twenty-Five and Twenty-Six, the jury necessarily had to determine that these funds were derived from defendant Armstrong's mail fraud scheme. Likewise, the Harvest Mile Road property was clearly property "involved" in a money laundering transaction, and, thus, is also subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

### ii. Perkins Drive Property

Defendant Richard Armstrong also used mail fraud proceeds to purchase his sister-in-law's interest in the real property located at 30 Perkins Drive, Prescott, Arizona. Specifically, on December 26, 2008, approximately 11 days after he received the fraudulent proceeds, Richard Armstrong purchased a cashier's check in the amount of $150,000 made payable to Susan E. Miller with funds from his personal Bank of America account. See Govt's Ex. 310H, p. 4. The memo line of the check read "RE: 30

"ACCEPTED"

*Richard Kellogg Armstrong*

MAY 6, 2013 03

Perkins Dr. Prescott, AZ." *Id*. Moreover, agents with the Internal Revenue Service talked with Ms. Miller, defendant Armstrong's sister-in-law, who stated that the $150,000 provided to her was for payment of her one-half interest in the Perkins Drive property that had been left to her and her sister, defendant Armstrong's wife, by their mother. Shortly after this exchange, Ms. Miller quit-claimed her interest in the Perkins Drive property to Ms. Sharon Armstrong. *See* Govt's Ex. 404, p.1. The Perkins Drive property was then titled to Richard K. Armstrong and Sharon L. Armstrong. *Id*. at p. 3. Accordingly, the evidence clearly shows that $150,000 in fraudulent proceeds was used to purchase a fifty percent interest in the Perkins Drive property, and, therefore is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as proceeds traceable to defendant Armstrong's offense of conviction.[4]

### iii. Beech Aircraft

Finally, the evidence also demonstrates that defendant Richard Armstrong used mail fraud proceeds to purchase the Beech Aircraft. Specifically, on December 22, 2008, Richard Armstrong issued a check from his personal account in the amount of $345,000.00 to Cabo Corporation for the purchase Beech Aircraft A36, Registration Number N5509Y. The memo line on the check read "N5509Y." *See* Govt's Ex. 330C. On December 29, 2008, the Federal Aviation Administration (FAA) received the aircraft bill of sale for US Registration Number N5509Y, confirming defendant Beech Aircraft

---

[4] The United States is aware that the Perkins Drive property may not be subject to forfeiture in its entirety. However, as explained *infra*, this issue is irrelevant at this time and is properly addressed in any future ancillary proceedings.

"ACCEPTED"

*Richard Kelly Armstrong*
MAY 6, 2013 CJS

was sold by Cabo Corporation to Richard K. Armstrong and Sharon L. Armstrong.[5] See Govt's Ex. 901, p.8. Accordingly, the Beech Aircraft was purchased with fraud proceeds traceable to defendant Armstrong's criminal conduct for which he was convicted in Count One and, therefore, is subject to forfeiture § 981(a)(1)(C) and 28 U.S.C. § 2461.

### D.    Third-Party Interests Are Irrelevant At This Time

If the Court is satisfied that the government has met the statutory criteria for entry of a preliminary order, "the court must enter the order without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A) (2004). Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c). *Id.* Thus, although the properties may not be held in defendant Richard Armstrong's name in their entirety,[6] these assets may still properly be included as part of the Preliminary Order of Forfeiture because they are clearly traceable to fraud proceeds derived from the underlying counts of conviction.

### III.   Conclusion

In this case, defendant Richard K. Armstrong received $1,637,481.61 in refunds from the Internal Revenue Service through the filing of his fraudulent OID tax returns. Based upon the evidence introduced at trial and set forth above, the United States has established the requisite nexus between these fraudulent funds and defendant

---

[5] The United States is aware that defendant Richard Armstrong was the president of Cabo Corporation at the time of this transfer. However, defendant Armstrong clearly designed this transaction to constitute the purchase of the Beech Aircraft by the individuals Richard K. Armstrong and Sharon L. Armstrong from Cabo Corporation.

[6] The Harvest Mile Road property is held in the name of Foreign Enterprises, which is believed to be a shell corporation for defendant Richard Armstrong. The Perkins Drive property is held in the name of Richard K. Armstrong and Sharon L. Armstrong. The Beech Aircraft is registered to Richard K. Armstrong and Sharon L. Armstrong.

"ACCEPTED"
*Richard Kellogg Armstrong*
May 6, 2013 CR

Armstrong's purchase of the Harvest Mile Road property, a portion of the Perkins Drive property, and the Beech Aircraft. Accordingly, the defendant's interest in the subject assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), and the United States requests that the Court enter a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 22nd day of June 2012.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By:   s/ *Tonya S. Andrews*
>      Tonya S. Andrews
>      Assistant United States Attorney
>      United States Attorney's Office
>      1225 17th Street, Suite 700
>      Denver, Colorado 80202
>      Telephone: (303) 454-0100
>      E-mail: Tonya.Andrews@usdoj.gov
>      *Attorney for the United States*

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*May 6, 2013 CE*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record, and true copies were mailed, via regular and certified mail, return receipt requested, to:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

s/ *Raisa Vilensky*
FSA Data Analyst
Office of the U.S. Attorney