# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four          Month: Five                    Year: 2013 C.E.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589

UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 8 2013

JEFFREY P. COLWELL
CLERK

**In reply to:** "Case 1:10-cr-00317-REB Document 140 Filed 02/15/11 USDC Colorado Page 1 of 28 Criminal Case No. 10-cr-00317-REB(s) 1, Page 2 of 28 2, Page 3 of 28 3, Page 4 of 28 4, Page 5 of 28 5, Page 6 of 28 6, Page 7 of 28 7, Page 8 of 28 8, Page 9 of 28 9, Page 10 of 28 10, Page 11 of 28 11, Page 12 of 28 12, Page 13 of 28 13, Page 14 of 28 14, Page 15 of 28 15, Page 16 of 28 16, Page 17 of 28 17, Page 18 of 28 18, Page 19 of 28 19, Page 20 of 28 20, Page 21 of 28 21, Page 22 of 28 22, Page 23 of 28 23, Page 24 of 28 24, Page 25 of 28 25, Page 26 of 28 26, Page 27 of 28 27, Page 28 of 28 A TRUE BILL: FOREPERSON John F. Waslh Kenneth M. Harmon 28"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

Sincerely,

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Attachment: "supra"

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Case No. 10-cr-00317-REB(s)**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**

1. **CURTIS L. MORRIS,**
2. **RICHARD KELLOGG ARMSTRONG, and**
3. **LARRY RAY HALL**

    **Defendant.**

---

**SUPERSEDING INDICTMENT**
**18 U.S.C. §286**
**18 U.S.C. §287**
**18 U.S.C. §1341**
**18 U.S.C. §1957**
**18 U.S.C. §981(a)(1)(C)**
**18 U.S.C. §982(a)(1)**
**18 U.S.C. §2**

---

The Grand Jury charges that:

### COUNTS 1 - 5
(Mail Fraud)

1. From as early as in or about September 2008, and continuing at least through in or about May 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendants,

    **CURTIS L. MORRIS,**
  **RICHARD KELLOGG ARMSTRONG, and**
    **LARRY RAY HALL,**

together, and in concert with persons known and unknown to the

*" ACCEPTED "*
*Richard Kellogg departing*
*MAY 24, 2013 C.E.*

Grand Jury, devised and intended to devise a scheme and artifice

to defraud and to obtain money and property by means of false and

fraudulent material pretenses and representations from the United

States Department of Treasury and one of its agencies, the

Internal Revenue Service ("IRS"), through the submission of false

claims for federal income tax refunds, as part of individual

federal income tax returns filed with the IRS, that were based

upon and supported by false and fictitious information about

federal income taxes purportedly withheld on original issue

discount income, as set forth in the federal income tax returns

and as purportedly reflected on IRS Forms 1099-OID filed with the

IRS.

### Background

At all times material to this Superseding Indictment:

2.    Original issue discount ("OID") income was a form of

interest income typically realized on debt instruments that were

issued at a discount to, or purchased at less than, the ultimate

redemption value of the debt instrument. The IRS typically

considered the holders of such discounted debt instruments to

have realized yearly OID income from such instruments in amounts

corresponding to a pro rated portion of the overall difference in

value between the issuance or purchase price of the instrument

and its redemption price.

3.    The IRS required financial institutions to report OID

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

income realized from OID instruments for a particular year, both

to the IRS and to the holder of the OID instrument, through the

use of IRS Form 1099-OID, a copy of which form was required to be

provided to the holder of the OID instrument for use in preparing

the taxpayer's federal income tax return for the year and the

original of which was to be filed by the financial institution

with the IRS.  While a portion of the Form 1099-OID required the

financial institution to report any amounts of OID income

withheld from the taxpayer for the purpose of paying over federal

income taxes on behalf of the taxpayer, OID income was not

generally subject to federal income tax withholdings, and Forms

1099-OID, accordingly, would typically report federal income tax

withholdings on OID income only for those taxpayers who were

subject to certain backup withholding requirements by the IRS.

 4. Defendant CURTIS L. MORRIS was a resident of Elizabeth,

Colorado who worked as an accountant, bookkeeper and business

consultant and was self-employed, part-time, as an income tax

preparer, doing business, through EFFN Books, Inc., under the

trade name "Numbers and Beyond."  Defendant MORRIS charged

clients of his tax preparation business a fee for the federal

income tax returns that he prepared on their behalf.

 5. Beginning in or about September 2008, defendant MORRIS

began to prepare a series of federal income tax returns for a

number of clients claiming large federal income tax refunds as

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

the result of large amounts of federal income taxes purportedly

withheld from OID income earned by the clients (hereinafter,

defendant MORRIS's "OID tax return preparation clients"").

Defendant MORRIS also prepared federal income tax returns for

himself and his spouse claiming federal income tax refunds based

on purported federal income tax withholdings on their OID income

(said returns hereinafter referred to, from time to time, as "OID

returns").

6.    Defendant RICHARD KELLOGG ARMSTRONG was a part-time

resident of Arizona.  ARMSTRONG was one of defendant MORRIS's tax

preparation clients for whom MORRIS prepared federal income tax

returns claiming large refunds based on purported federal income

tax withholdings on OID income.  ARMSTRONG recruited other

individuals to have federal income tax returns prepared on their

behalf by MORRIS seeking large refunds on the same basis.

7.    Defendant LARRY RAY HALL was a resident of Parker,

Colorado and later Brighton, Colorado.  Defendant HALL was a

promoter of the use of self-prepared Forms 1099-OID and

corresponding federal income tax returns as vehicles to claim

large federal income tax refunds as a result of reporting large

amounts federal income taxes purportedly withheld from OID income

supposedly earned by taxpayers.  Defendant HALL, among other

things, solicited persons to file federal income tax returns

claiming refunds in this manner, explained the process by which

4

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*MAY 24, 2013 C.E.*

the refunds could be claimed based on purported tax withholdings from supposed OID income, and referred interested individuals to accountants such as MORRIS to prepare the federal income tax returns claiming refunds on such basis.

8.    Defendant HALL also had federal income tax returns for himself and his spouse prepared claiming federal income tax refunds based on purported federal income tax withholdings on their OID income.

### The Scheme And Artifice

9.    It was part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations that:

a.    Defendant HALL, together with others known and unknown to the grand jury, would explain to solicited persons how they could use accounts with various types of financial institutions, such as mortgage loan accounts, personal and business loan accounts, lines of credit, credit card accounts, and bank accounts (hereinafter, "financial institution accounts"), to claim entitlement from the IRS to payments commensurate with loan and credit amounts relating to these accounts.  Defendant HALL would explain that the payments would be secured in the form of income tax refunds that would be claimed through federal income tax returns and Forms 1099-OID that, depending on the account, would depict the loan, credit,

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*1 MAY 24, 2013 C.E.*

and checking debit amounts as OID income earned by the taxpayer with respect to the accounts and would represent that federal income taxes approximating these amounts was withheld by the financial institutions where these accounts were held.

     b.    Defendant HALL, directly and through others, would provide the solicited persons with documentation prepared by HALL explaining the philosophy and rationale behind seeking tax refunds from the IRS in this manner and purporting to justify the legitimacy of doing so.

     c.    Defendant HALL, together with others known and unknown to the grand jury (including, from time to time, defendant MORRIS), would provide persons interested in securing payments from the IRS through the use of federal income tax returns and Forms 1099-OID exploiting this concept with instructions on how to identify and compile information about their financial institution accounts and would provide these interested persons with specific forms through which to list these accounts and related information.

     d.    Defendant HALL, together with others known and unknown to the grand jury, would subsequently refer these interested persons to defendant MORRIS to prepare the OID returns using this compiled information or, alternatively, indicate to these persons that they should select another tax professional familiar with the concept of using Forms 1099-OID and OID returns

6

*"ACCEPTED"*
*Michael Villa Armstrong*
*1 MAY 24, 2013 C.E.*

to obtain tax refunds to prepare the OID returns.

      e.   Defendant ARMSTRONG and defendant MORRIS's other OID tax return preparation clients, upon being solicited by HALL and others involved in the scheme, would compile, for the particular tax year in question, a list of their various financial institution accounts and to provide, as part of that list, identifying information about the accounts and the loan, credit or checking debit amounts that they wanted to use to claim tax refunds based on the supposed OID income tax withholdings.

      f.   Defendant ARMSTRONG and these other OID tax preparation clients would then provide these lists and the related account information to defendant HALL and others involved in the scheme to use to prepare IRS Forms 1099-OID that would falsely portray the accounts as generating large amounts of OID income for the taxpayer and correspondingly large amounts of federal income taxes withheld on the OID income, whereas the nature of the accounts and the  activity in the accounts, in reality, reflected that the taxpayers owed money to the financial institutions in question or had negligible bank interest on bank account deposits and, in any event, had not been subject to federal income tax withholdings with respect to the accounts. The amounts represented in the fabricated Forms 1099-OID as OID income realized and income taxes withheld on that income was typically derived from and corresponded to the loans or credit

*" ACCEPTED "*
*Richard Kellog Armstrong*
*MAY 24, 2013 C.E.*

lines that the taxpayer had with the financial institution or, in the case of bank accounts, the amounts withdrawn or debited from the accounts over the course of the year.

g.    The resulting Forms 1099-OID would be fabricated to make it appear that they had been issued by the financial institutions in question.  Defendant ARMSTRONG and the other OID tax return preparation clients of defendant MORRIS, upon completion of these fabricated Forms 1099-OID, would cause the forms to be filed with the IRS and then furnished to defendant MORRIS for use in preparing the OID returns.  The returns that defendant MORRIS would prepare would take the federal income tax withholding amounts reported on the fabricated Forms 1099-OID and record them as tax payments that would offset and exceed his taxpayer clients' calculated income tax liabilities for the year and thereby form the basis for their claimed federal income tax refunds.

h.    Defendant MORRIS would then sign the returns as the paid preparer and forward the prepared returns to defendant ARMSTRONG and the other OID tax return preparation clients for filing with the IRS.

i.    Defendant HALL would solicit defendant MORRIS's OID tax return preparation clients and others who had agreed to file OID returns to entrust with him the proceeds of the anticipated tax refunds for investment in real estate, which

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

investment HALL claimed could be used to generate additional tax
refund payments through the filing of additional Forms 1099-OID
and OID returns.

### *The Armstrong OID Returns And Claimed Refunds*.

10.  On or about November 3, 2008, as a part of the scheme
and artifice to defraud and to obtain money and property by false
and fraudulent material pretenses and representations, defendant
ARMSTRONG caused three Amended U.S. Individual Tax Returns for
him and his spouse for the years 2005 through 2007, prepared by
defendant MORRIS, to be filed with the IRS.  The amended returns
claimed a federal income tax refund of $582,352 for 2005, based
on purported federal income tax withheld from purported OID
income by financial institutions equaling that amount; $283,746
in tax refunds for 2006, based on purported federal income tax
withheld from purported OID income by financial institutions
equaling that amount; and $605,300 in tax refunds for 2007, based
on purported federal income tax withheld from purported OID
income by financial institutions equaling that amount.

11.  On or about January 31, 2009, as a part of the scheme
and artifice to defraud and to obtain money and property by false
and fraudulent material pretenses and representations, defendant
ARMSTRONG caused a U.S. Individual Tax Return for him and his
spouse for the year 2008, prepared by defendant MORRIS, to be
filed with the IRS. The return claimed a federal income tax

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

refund of $1,739,452 for 2008, based on purported federal income
tax withheld from purported OID income.

### DL's OID Returns And Claimed Refunds.

12.  Over the course of in or about October 2008 through in
or about November 2008, as a part of the scheme and artifice to
defraud and to obtain money and property by false and fraudulent
material pretenses and representations, defendant HALL recruited
a Golden, Colorado resident identified herein as "DL" to be an
OID tax preparation client of defendant MORRIS and prepared sets
of fabricated Forms 1099-OID for DL for the years 2005 through
2007 for DL to submit to the IRS.  Defendant MORRIS then prepared
three Amended U.S. Individual Tax Returns for DL and his ex-
spouse for the years 2005 through 2007, using the information in
these fabricated Forms 10099-OID, for DL to file with the IRS.

13.  The amended returns claimed federal income tax refunds,
based on purported federal income tax withheld from purported OID
income by financial institutions, of $553,386 for 2005;
$1,179,323 for 2006; and $469,550 for 2007.

### SB's OID Returns And Claimed Refunds.

14.  Over the course of in or about January 2009 through in
or about February 2009, as a part of the scheme and artifice to
defraud and to obtain money and property by false and fraudulent
material pretenses and representations, defendant MORRIS prepared
and caused to be filed with the IRS three Amended U.S. Individual

*"ACCEPTED"*
*Richard Kellog Armstrong*
*May 24, 2013 C.E.*

Tax Returns for a Parker, Colorado resident identified herein as
"SB," one of MORRIS's OID tax preparation clients, and SB's
spouse, for the years 2005 through 2007.  Defendant MORRIS also
prepared and caused to be filed with the IRS a U.S. Individual
Tax Return for SB and his spouse for the year 2008.

15.  The amended returns claimed federal income tax refunds,
based on purported federal income tax withheld from purported OID
income by financial institutions, of $333,127 for 2005; $211,429
for 2006; and $355,441 for 2007. The OID return for 2008 claimed
a federal income tax refund of $197,824, based on purported
federal income tax withheld from purported OID income by
financial institutions.

### EDF's OID Returns And Claimed Refunds.

16.  Over the course of on or about February 2009 through in
or about May 2009, as a part of the scheme and artifice to
defraud and to obtain money and property by false and fraudulent
material pretenses and representations, defendant MORRIS
prepared four U.S. Individual Tax Returns for a Rancho Mirage,
California resident identified herein as "EDF," an OID tax
preparation client referred by defendant ARMSTRONG, for the years
2005 through 2008, which OID returns EDF then filed with the IRS.

17.  The returns claimed federal income tax refunds, based
purported federal income tax withheld from purported OID income
by financial institutions, of $203,203 for 2005; $253,683 for

11

*"Accepted"*
*Richard Kellogg Armstrong*
*May 24, 2013 C.E.*

2006; $1,126,473 for 2007; and $345,000 for 2008.

### *The Morris OID Returns And Claimed Refunds.*

18.   On or about October 7, 2008, as a part of the scheme
and artifice to defraud and to obtain money and property by false
and fraudulent material pretenses and representations, defendant
MORRIS caused an Amended U.S. Individual Tax Returns for him and
his spouse for the year 2006, which he personally prepared, to be
filed with the IRS.   The amended return claimed a federal income
tax refund of $74,546, based primarily on purported federal
income tax withheld from purported OID income by financial
institutions equaling that amount.

19.   On or about April 16, 2009, as a part of the scheme and
artifice to defraud and to obtain money and property by false and
fraudulent material pretenses and representations, defendant
MORRIS caused an U.S. Individual Tax Returns for himself for the
year 2008, which he personally prepared, to be filed with the
IRS.   The return claimed a federal income tax refund of $90,481,
based, in substantial part, on purported federal income tax
withheld from purported OID income by financial institutions
totaling approximately $129,983.

### *The Hall OID Returns And Claimed Refunds.*

20.   On or about October 6, 2008, as a part of the scheme
and artifice to defraud and to obtain money and property by false
and fraudulent material pretenses and representations, defendant

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

HALL caused an Amended U.S. Individual Tax Return for him and his spouse for the year 2006, to be filed with the IRS.  The amended return claimed a federal income tax refund of $66,550, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

21.  On or about April 15, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL caused an U.S. Individual Tax Return for himself and his spouse for the year 2008, to be filed with the IRS.  The return claimed a federal income tax refund of $745,781, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

## COUNT 1

22.  The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

23.  On or about October 23, 2008, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

did knowingly cause, and aid and abet others to cause, to be

deposited matters and things to be sent and delivered by a

commercial interstate carrier, according to the direction

thereon, to wit, three completed amended U.S. Income Tax Returns

for Richard K. Armstrong and Sharon L. Armstrong for the years

2005, 2006, and 2007, from 5996 Pine Ridge Drive, Elizabeth,

Colorado to 30 Perkins Drive, Prescott, Arizona.

In violation of Title 18, United States Code, Sections

1341 and 2.

## COUNTS 2 - 3

24.  The allegations contained in paragraphs 1 through 21 of

this Superseding Indictment are hereby re-alleged as if set out

in full and incorporated herein by reference.

25.  On or about the dates enumerated as to each count

below, in the State and District of Colorado, and elsewhere, for

the purpose of executing the aforesaid scheme and artifice to

defraud and to obtain money and property by means of false and

fraudulent material pretenses and representations, and attempting

to do so, the defendant,

### CURTIS L. MORRIS,

did knowingly cause to be delivered by United States mail

according to the direction thereon, the following matters and

things:



| COUNT | DATE | MAIL MATTER |
|---|---|---|
| 2 | 9/22/08 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 4 - 5

26.   The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

27.   On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendant,

**LARRY RAY HALL,**

did knowingly cause to be delivered by United States mail according to the direction thereon, the following matters and things:

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*May 24, 2013 C.E.*

| COUNT | DATE | MAIL MATTER |
|-------|------|-------------|
| 4 | 10/6/2008 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |
| 5 | 4/15/09 | IRS Form 1040 U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 6 - 9
(False Claims)

28.  The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

29.  On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

made and presented, and caused to be made and presented, to the United States Treasury Department the following claims against the United States for payment, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income

16

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*1 MAY 24 2013 C.E.*

Tax Returns, on Forms 1040X and 1040, for defendant Armstrong and

his spouse, for the particular tax years indicated below, which

returns were presented to the United States Treasury Department,

through the Internal Revenue Service, wherein they caused to be

claimed refunds of taxes in the indicated amounts, knowing such

claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 6 | 10/20/08 | 2005 | 1040X | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | $605,300 |
| 9 | 1/28/09 | 2008 | 1040 | $1,739,452 |

All in violation of Title 18, United States Code, Sections

287 and 2.

## COUNTS 10 - 12
### (False Claims)

30.   The allegations contained in paragraphs 1 through 21 of

this Superseding Indictment are hereby re-alleged as if set out

in full and incorporated herein by reference.

31.   On or about the dates enumerated as to each count

below, in the State and District of Colorado, and elsewhere, the

defendants,

**CURTIS L. MORRIS, and**
**LARRY RAY HALL**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims

17

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

against the United States for payment, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for DL and his then spouse, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|---------|----------|-------|----------------|
| 10 | 10/24/08 | 2005 | 1040X | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | $469,550 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 13 - 16
(False Claims)

32.  The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

33.  On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL**

18

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*1 MAY 24, 2013 C.E.*

made and presented, and caused to be made and presented,
to the United States Treasury Department the following claims
against the United States for payment, which they knew to be
false, fictitious and fraudulent, by preparing and causing to be
prepared on or about the indicated dates, U.S. Individual Income
Tax Returns, on Forms 1040X and 1040, for EDF, for the particular
tax years indicated below, which returns were presented to the
United States Treasury Department, through the Internal Revenue
Service, wherein they caused to be claimed refunds of taxes in
the indicated amounts, knowing such claims to be false,
fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 13 | 2/19/09 | 2005 | 1040X | $203,203 |
| 14 | 2/19/09 | 2006 | 1040x | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | $345,000 |

All in violation of Title 18, United States Code, Sections
287 and 2.

### COUNTS 17 - 20
(False Claims)

34. The allegations contained in paragraphs 1 through 21 of
this Superseding Indictment are hereby re-alleged as if set out
in full and incorporated herein by reference.

35. On or about the dates enumerated as to each count
below, in the State and District of Colorado, and elsewhere, the

*"ACCEPTED"*

*Robert I Kellogg* *[signature]*

*1 MAY 24, 2013 C.E.*

defendant,

**CURTIS L. MORRIS,**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims

against the United States for payment, which he knew to be false,

fictitious and fraudulent, by preparing and causing to be

prepared on or about the indicated dates, U.S. Individual Income

Tax Returns, on Forms 1040X and 1040, for SB and his spouse, for

the particular tax years indicated below, which returns were

presented to the United States Treasury Department, through the

Internal Revenue Service, wherein they caused to be claimed

refunds of taxes in the indicated amounts, knowing such claims to

be false, fictitious, and fraudulent:

| **Count** | **Date** | **Tax Year** | **Form** | **Refund Claimed** |
|-----------|----------|--------------|----------|---------------------|
| 17 | 1/7/09 | 2005 | 1040X | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | $197,824, |

All in violation of Title 18, United States Code, Sections

287 and 2.

**COUNTS 21 - 22**
(False Claims)

36.   The allegations contained in paragraphs 1 through 21 of

this Superseding Indictment are hereby re-alleged as if set out

in full and incorporated herein by reference.

*"ACCEPTED"*
*Richard J Kelley Signature*
*MAY 22, 2013 C.E.*

37.   On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**CURTIS L. MORRIS,**

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by preparing and mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for the particular tax years and in the particular names indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Taxpayer | Refund Claimed |
|-------|------|----------|------|----------|----------------|
| 21 | 9/18/08 | 2006 | 1040X | Susan K. Morris and Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | Curtis L. Morris | $90,481 |

All in violation of Title 18, United States Code, Sections 287 and 2.

**COUNTS 23 - 24**
(False Claims)

38.   The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out

*"ACCEPTED"*
*Richard J Keller Anction*
*MAY 24, 2013 C.E.*

in full and incorporated herein by reference.

39. On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**LARRY RAY HALL,**

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by causing to be mailed mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for him and his spouse for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|--------|----------|-------|----------------|
| 23 | 10/6/08 | 2006 | 1040X | $66,550 |
| 24 | 4/15/09 | 2008 | 1040 | $754,781 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 25 - 27
(Monetary Transactions in Criminally Derived Property)

40. The allegations contained in paragraphs 1 through 21 and paragraph 23 of this Superseding Indictment are hereby re-

*"ACCEPTED"*
*Vicki S Kellogg Armstrong*
*1 MAY 24, 2013 C.E.*

alleged as if set out in full and incorporated herein by

reference.

41.  On or about the dates alleged below as to each Count,

in the State and District of Colorado, and elsewhere, the

defendants,

### RICHARD KELLOGG ARMSTRONG, and
### LARRY RAY HALL

did knowingly engage and attempt to engage in the following

monetary transactions affecting interstate or foreign commerce,

in criminally derived property of a value greater than $10,000,

which property was derived from a specified unlawful activity,

namely, mail fraud, in violation of Title 18, Untied States Code,

Section 1341, as described and set forth and alleged in Count 1

of this Indictment:

| Count | Date | Transaction |
|-------|------|-------------|
| 25 | 11/22/08 | Wire transfer of $727,000  from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

In violation of Title 18 of the United States Code, Sections

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*1 MAY 22, 2013 C.E.*

1957 and 2.

## COUNT 28
### (Conspiracy to Defraud the Government)

42.   The allegations contained in paragraphs 1 through 17, 23, 29, 33, 35 and 41 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

43.   Beginning in or about September 2008 and continuing until in or about May 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

did knowingly agree, combine and conspire, with each other and with persons known and unknown to the Grand Jury, to defraud the United States Department of Treasury, by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims, that is, claims for payment of money against the United States Treasury Department, through the Internal Revenue Service, such claims being IRS Form 1040X Amended U.S. Individual Income Tax Returns and IRS Form 1040 U.S. Individual Income Tax Returns, together with IRS Forms 1099-OID submitted to the IRS in relation to said returns, seeking refunds on behalf of the taxpayers named in the said returns.

24

*"ACCEPTED"*
*Richard I Kellogg Armstrong*
*MAY 28, 2013 C.E.*

44.   Said agreement, combination and conspiracy was carried out through the manner and means described in connection with the scheme and artifice to defraud, and to obtain money and property by false and fraudulent material pretenses and representations, set forth in relation to Counts 1 through 5 of this Superseding Indictment.

In violation of Title 18 of the United States Code, Section 286.

### Notice of Forfeiture Allegation

45.   The allegations contained in Count 1 and Counts 25 through 27 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) (mail fraud); and Title 18, United States Code, Section 982(a)(1) (money laundering).

46.   Upon conviction of the violations alleged in Counts 1 through 5 of this Superseding Indictment involving violations of Title 18, United States Code, Section 1341, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

shall forfeit to the United States, pursuant to  Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7), and 1961(1), any

*"Accepted"*
*Robin J. Kellogg Armstrong*
*May 22, 2013 C.E.*

and all of the defendants' right, title and interest in all

property, real or personal, constituting and derived from any

proceeds the defendants obtained directly and indirectly as a

result of the commission of such offenses, including, but not

limited to:

      a.   A $1,637,481.61 money judgment, representing the
amount of proceeds obtained by the defendants less
any funds obtained from the forfeiture of directly
traceable assets;

      b.   real property, including all attachments thereto,
located at 14255 Harvest Mile Road, Brighton,
Colorado;

      c.   real property, including all attachments thereto,
located at 30 Perkins Drive, Prescott, Arizona;
and

      d.   Beech Aircraft A36, FAA Registration Number
N5509Y, Serial Number E-2527.

    47.  Upon conviction of the violations alleged in Counts 25

through 27 of this Superseding Indictment involving violations of

Title 18, United States Code, Section 1957, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

shall forfeit to the United States, pursuant to  Title 18, United

States Code, Section 982(a)(1), any and all of the defendants'

right, title and interest in all property, real or personal,

involved in or traceable to property involved in such offenses,

including, but not limited to:

      a.   A $1,637,481.61 money judgment, representing the

26

*"ACCEPTED",*
*Richard Kellogg Armstrong*
*, MAY 24, 2013 C.E.*

amount of proceeds obtained by the defendants less any funds obtained from the forfeiture of directly traceable assets;

b.   real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado;

c.   real property, including all attachments thereto, located at 30 Perkins Drive, Prescott, Arizona; and

d.   Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527.

48.   If any of the property described in paragraphs 46 and 47 above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

*"ACCEPTED"*

*Nudra I Killa&& Opinion*

*MAY 24, 2013 C.E.*

<u>Ink signature on file in the Clerk's Office</u>
FOREPERSON


JOHN F. WALSH
UNITED STATES ATTORNEY


By:   <u>s/Kenneth M. Harmon</u>
      KENNETH M. HARMON
      Assistant United States Attorney
      U.S. Attorney's Office
      1225 17th Street, Suite 700
      Denver, CO  80202
      Telephone: (303) 454-0100
      Fax:  (303) 454-0402
      E-mail:  <u>kenneth.harmon@usdoj.gov</u>