# NON NEGOTIABLE NOTICE OF ACCEPTANCE

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 7 2013

JEFFREY P. COLWELL
CLERK

Notice Date: Day Twenty-four          Month: Five          Year: 2013 C.E.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589

In reply to: "Case 1:10-cr-00317-REB Document 351 Filed 11/08/11 USDC Colorado Page 1 of 2 Criminal Case No. 10-cr-00317-REB-02 AMENDED ORDER, Page 2 of 2 November 8, 2011 BY THE COURT: Robert E. Blackburn United States District Judge"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

Sincerely

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Attachment: "supra"

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, Gregory C. Langham, Clerk, Room A-105, 901 19th Street, Denver, Colorado 80294-3598

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                          NNNOA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*May 24, 2013 C.E.*

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

**AMENDED ORDER**[1]

**Blackburn, J.**

      The matter is before me once again on the **Motion For Leave To File An Amicus Curiae Brief** [#334][2] filed October 19, 2011, by the "Legal Accountability Workgroup" by an unidentified representative. I deny the motion.

      Having considered the record, the motion [#334], the proposed amicus brief [#326], and the response [#344], I find and conclude as follows: (1) that the proposed amicus brief is neither timely nor useful; (2) that the issues made the myopic focus of the proposed amicus brief has been considered and resolved; and (3) that the proposed

---

[1] I enter this amended order on the heels of the **Order** [#350] entered November 7, 2011, to recite correctly that this motion was not filed by Mr. Armstrong, but instead, purportedly by an organization that is not a party to this action.

[2] "[#334]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

"*ACCEPTED*"

*Richard Kellogg Armstrong*

*MAY 24, 2013 C·E·*

amicus brief is not submitted by attorney who is a member of the bar of this court.[3]

Thus, the motion should be denied.

      **THEREFORE, IT IS ORDERED** as follows:

      1. That the **Motion For Leave To File An Amicus Curiae Brief** [#334] filed

October 19, 2011, by the Legal Accountability Workgroup  is **DENIED**; and

      2. That this amended order **SUPPLANTS** and **SUPERSEDES** the **Order** [#350]

filed November 7, 2011.

      Dated November 8, 2011, at Denver, Colorado.

                                **BY THE COURT:**

                                Bob Blackburn
                                Robert E. Blackburn
                                United States District Judge

---

      [3] I adopt, approve, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#344] filed October 31, 2011.

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four          Month: Five                    Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1:10-cr-00317-REB Document 366 Filed 11/29/11 USDC Colorado Page 1
of 9 Criminal Case No. 10-CR-00317-REB GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S MOTION
FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH
AMENDMENT, Page 2 of 9 2, Page 3 of 9 3, Page 4 of 9 4, Page 5 of 9 5, Page 6 of 9 6,
Page 7 of 9 7, Page 8 of 9 John F. Walsh Kenneth M. Harmon David L. Owen Richard Kellogg
Armstrong 8, Page 9 of 9 Kenneth M. Harmon 9"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "supra" and return your offer for closure and settlement of the
accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of
  the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE
OF ACCEPTANCE.** Dishonor may result if you fail to respond.

                                        Sincerely,

                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California


Attachment: "supra"

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                        NNNOA

"*ACCEPTED*"
*Richard Kellogg Armstrong*
*May 24, 2013 C.E.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.


2.     RICHARD KELLOGG ARMSTRONG,

       Defendant.

---

**GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S MOTION
FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL
RELEASE ON BOND PURSUANT TO 8TH AMENDMENT**

---

      The United States of America, by and through its undersigned counsel, responds to

Defendant Armstrong's motion styled "MOTION FOR LEAVE TO FILE A MOTION FOR

REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT"

(DE 359). As indicated below, this motion constitutes defendant Armstrong's fifth undertaking

to litigate his pretrial detention in this case, a matter that has now been considered and reviewed

by two federal magistrate judges, the presiding district judge in this case and three federal

appellate judges of this circuit. For reasons which follow, the government opposes the motion

and requests that this Court deny Armstrong leave to file a rehearing on his pretrial detention.

## Background

      On May 20, 2010, defendant Armstrong was arrested in the Southern District of

California based on a complaint filed and arrest warrant issued in this case (DE 1, 2). On May

25, 2010, a magistrate judge in the Southern District of California conducted a pretrial detention

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

hearing on the government's request that defendant Armstrong be detained pending trial in this

case.  After receiving arguments from government counsel and Armstrong, through retained

counsel, the magistrate judge ordered that Armstrong be held in custody pending trial on the

ground that he was a flight risk and ordered his removal to the District of Colorado forthwith

(DE 8).  On June 21, 2010, following his initial appearance in this district and his arraignment on

the indictment in this case, Armstrong, then represented by court-appointed counsel, successfully

moved to reopen the issue of his detention before Magistrate Judge Kathleen Tafoya, who

conducted an evidentiary hearing at which the government presented testimony from its case

agent,  IRS-CID Special Agent Greg Flynn, in support of Armstrong's continued detention, and

Armstrong, through his court-appointed counsel, cross-examined the agent and made a factual

proffer and argument in support of Armstrong's pretrial release on various possible conditions

(DE 23, 48).  After hearing the testimony, defense counsel's proffer and counsel's argument,

Magistrate Judge Tafoya orally reaffirmed that defendant Armstrong was a risk of flight and so

should be detained pending trial because there were no conditions or combinations of conditions

short of detention that would reasonably ensure his future presence in this case (DE 48, 6/21/10

Detention Hrg. Tr. at 97-99).  The following day, the magistrate judge issued a written order

detailing her findings of fact and conclusions of law supporting Armstrong's continued detention

(DE 30).

On July 14, 2010, Armstrong's court-appointed counsel filed a motion for

reconsideration, with the presiding district judge in this case, of Magistrate Judge Tafoya's

detention order (DE 43)  In response, the Government submitted additional evidence uncovered

after the June 21, 2010 hearing (DE 49).  On July 23, 2010, this Court conducted a hearing as

*"ACCEPTED"*

*Richard Kellogg (signature)*

*MAY 24, 2013 C.E.*

part of its *de novo* review of the motion for reconsideration and took the issue under advisement (DE 51, 75). After judicially noticing all relevant adjudicative facts in the record and file, carefully considering the additional evidence, proffers, and argument presented at the hearing, and reviewing the Pretrial Services Report, this Court issued a written order affirming Magistrate Judge Tafoya's factual finding and conclusions of law and agreeing that defendant Armstrong presented a risk of flight finding warranting continued detention (DE 54).

Defendant Armstrong, through court-appointed counsel, appealed this ruling with the United States Court of Appeals for the Tenth Circuit (DE 56). On September 28, 2010, finding oral argument to be unnecessary and ruling on the parties' briefs, the Tenth Circuit affirmed this Court's detention order, finding that the Court properly determined, based upon the evidence, that Armstrong: (1) was a flight risk; and (2) should be detained pending trial (DE 86).

On September 19, 2011, following the Court's February 29, 2011 deadline for pretrial motions (DE 128), defendant, proceeding *pro se*, moved the Court for leave to file a motion for rehearing on the issue of his pretrial detention in this case, alleging, without more, simply that the government's case agent had previously presented "fraudulent, misleading and perjurious statements" in support of the government's detention requests (DE 297). The Court denied this motion on October 17, 2011, finding that defendant Armstrong had not shown why the motion could not have been filed before the February 29th motions deadline, had not established a factual basis for his contentions and had already had an adequate opportunity to cross examine the case agent (DE 324).

The instant motion, filed November 15, 2011, now follows.

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*1 MAY 22, 2013 C.E.*

## Argument

Defendant's request for leave to move this Court to reconsider the issue of his detention

turns, ultimately, on whether he satisfies the statutory requirements for challenging his pretrial

detention status.  Defendant has already availed himself of *de novo* review by this Court of the

magistrate judges' detention rulings and unsuccessfully appealed this Court's *de novo* ruling,

pursuant to 18 U.S.C. §§ 3145(b), (c).  His remaining statutory basis for challenging his

continued detention is under 18 U.S.C. § 3142(f), which governs when a detention hearing can be

reopened.  That statutory provision provides, in pertinent part, that:

> The [detention] hearing may  reopened ... at any time before trial if
> the judicial officer finds that information exists that was not known
> to the movant at the time of the hearing and that has a material
> bearing on the issue whether there are conditions of release that
> will reasonably assure the appearance of the person as required and
> the safety of any other person in the community.

*Id.  See United States v. Cisneros*, 328 F.3d 610, 614-17 (10th Cir. 2003).[1]  "[I]f it is clear that the

information relied upon by the movant actually was known and available at the time of the

original detention hearing, the proffered evidence will be deemed irrelevant in the context of the

motion to reopen. *United States v. Bradshaw*, Slip. Op., Case No. 00-40033-04-DES, 2000 WL

1371517*2, n. 1 (D.Kan. July 20, 2000)(citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st

Cir.1991) (affirming district court's decision not to reopen detention hearing based on defendant's

---

[1]      The Tenth Circuit in *Cisneros* also held that a request to reopen a detention
hearing should be made before the judicial officer who conducted the detention hearing and
entered the initial detention order. *United States v. Cisneros*, 328 F.3d at 614-17. *See United
States v. Whiteskunk*, Slip. Op., Case No. 10-cr-00443-PAB, 2010 WL 5103031 (D. Colo. Dec. 9,
2010).  Here, the presiding district judge conducted *de novo* proceedings and issued a detention
order based on those proceedings, which incorporated proceedings before Magistrate Judge
Tafoya. Accordingly, the request to reopen detention proceedings can be addressed, in the first
instance, by the presiding district judge.

4

*"ACCEPTED"*

*Michael Kellogg (Armstrong)*
*MAY 24, 2013 C.E.*

submission of affidavits from witnesses who could have been secured at the original hearing),

and *United States v. Hare*, 873 F.2d 795, 799 (5th Cir.1989) (affirming district court's decision

not to reopen detention hearing based on proffered testimony of defendant's family members and

a friend, because the proffered information was not new)).

Defendant Armstrong's instant motion satisfies neither the statutory requirement that he

now possesses information concerning his detention status that was not known to him at the time

of his detention hearings in this case, nor the statutory requirement that such information is

material to the determination of his detention status.   Nor, for that matter, does the motion show

why his present detention request could not have been made within the allotted time for pretrial

motions generally.  Defendant Armstrong's motion, on its face, constitutes little more than a

reiteration of arguments that either were previously asserted and rejected, or that could have been

asserted and addressed before and which do not make a difference now.  Thus, for example,

Armstrong, in support of the motion, contends that his court-appointed counsel failed to advise

the Court that Armstrong had two residences in Denver, Colorado where he could stay as a

condition of pretrial release.   Yet his counsel, in moving for reconsideration of the magistrate

judge's detention order, did, in fact, indicate that Armstrong had friends in Denver with whom he

could stay upon release and even suggested, at one point, that a possible release condition could

be that Armstrong reside in a halfway house in Denver (DE 43, Mot. to Reconsider at ¶12; DE

75, 7/23/10 Hrg. Tr. at 39).   Armstrong's court-appointed counsel also pointed  to his lack of a

criminal record and the non-violent nature of the offense conduct as reasons for pretrial release

(DE 43, Mot. to Reconsider at ¶ 12; DE 75, 7/23/10 Hrg. Tr. at 30).

Similarly, defendant Armstrong's desire to be with family and his need to prepare a

"ACCEPTED"
Richard Kellogg Armstrong
MAY 24, 2013 C.E.

defense were matters that were raised by appointed counsel both with the magistrate judge and

the presiding district judge (*see, e.g.*, DE 48, 6/21/10 Hrg. Tr. at 91; DE 75, 7/23/10 Hrg. Tr.).

So too was defendant Armstrong's ability to travel to Mexico without a passport or to fly to that

country without a flight plan issues that were vetted in previous proceedings:   Defendant

Armstrong now contends that he would not be able to fly to that country without detection

because a flight plan identifying him would have to be filed with federal authorities in advance of

the flight.   Yet the government previously presented evidence showing how defendant could

obviate that requirement by simply changing the flight path of a private domestic flight, for

which no flight plan was required (DE 48, 6/21/10 Hrg. at 47-5, 66-67, 70-71).   Defendant

Armstrong now also points out that he cannot legally reside in Mexico for more than thirty days

without a passport and tourist permit or visa. Yet that subject too was thoroughly addressed

before, with the government offering evidence showing that defendant Armstrong could easily

cross the border into Mexico and remain there without a passport (*see, e.g.*, DE44-1, Flynn Dec.

at ¶13). And, indeed, the Court, in affirming defendant Armstrong's continued detention

acknowledged that his covert flight to Mexico, without a passport, was a viable prospect (DE 54

at 7).[2]

        Further, while defendant Armstrong in the instant motion also contends that he has health

issues that cannot adequately be addressed in a custodial setting, he offers nothing to indicate

---

        [2]        Other specific contentions made in the instant motion – such as defendant'
assertion that there was not as much unaccounted unlawful proceeds as the IRS case agent
calculated and that he lacks accessible funds now to maintain a fugitive status abroad, that his
connections to Germany and Belize were nothing more than wire transfer repayments of lines of
credit, and that he lacks the incentive to flee – were all matters that were addressed or touched
upon in some way in previous proceedings. They are matters known to defendant, in any event, at
the time of those proceedings or arguments that were at his disposal at the time.

*"ACCEPTED"*
*Michael Kellogg Armstrong*
*MAY 24, 2013 C.R.*

what these issues are and why they cannot be addressed in custody  that these issues. Nor does he

show or allege that these are problems that are recent and could not have been raised either at the

time proceedings or the pretrial motions deadline in this case.  The government notes, in this

regard, that defendant Armstrong's court-appointed counsel did suggest that defendant's

advanced age and potential health issues that it might present were matters put before the Court

in prior proceedings, so that the defendant could have developed the issue before (see, e.g., DE

48, 6/21/10 Hrg Tr.at 12-13).  Additionally, defendant Armstrong could have supported this

motion with an in camera submission concerning his health condition were this, in fact, a recent

matter that could not have previously been raised.

        Finally, defendant Armstrong's instant motion observes that he has now been in pretrial

confinement for 18 months.  Yet this fact alone is insufficient to warrant reopening detention

proceedings. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989)( length of his current or

potential future detention cannot be considered under Section 3142(f) since it is not material to

the issue of risk of flight or dangerousness).  Nor does the duration of his confinement itself

present constitutional problems despite the caption of his motion.[3]

---

[3]        In captioning his motion, defendant suggests that his pretrial confinement violates
the Eighth Amendment.  However, pretrial detention based on risk of flight does not violate the
eighth amendment. *See, e.g., United States v. Winsor*, 785 F.2d 755 (9th Cir.1986).

        Moreover, length of detention, alone, rarely offends due process, and courts have
held that periods of pretrial confinement comparable to or longer than defendant Armstrong's
have not offended due process. *See, e.g., United States v. Lacallo*, Slip. Op., Case No. 09-cr-
00055-PAB, 2010 WL 4511079**2-3 (D.Colo. Nov. 1, 2010);  *United States v. Stanford*, 722
F.Supp.2d 803, 809 (S.D. Tex. 2010).  The government notes that it has not requested
continuances of trial in this case and that most of the delays therefore have resulted from
continuance requests made or joined in by defendant Armstrong.

*" ACCEPTED "*
*Richard Kellogg [signature]*
*MAY 24, 2013 C.E.*

### Conclusion

WHEREFORE, the government opposes Defendant Armstrong's motion and requests

that this Court deny him leave to file a motion for a rehearing of his detention.


          Respectfully submitted,

          JOHN F. WALSH
          United States Attorney


          s/Kenneth M. Harmon
          By:  Kenneth M. Harmon
          Assistant U.S. Attorney
          1225 Seventeenth Street, Suite 700
          Denver, Colorado 80202
          Tel. No. (303) 454-0100
          Fax No. (303) 454-0402
          E-mail: kenneth.harmon@usdoj.gov


### CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of November 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:


    David L. Owen
    davidowen@lodopc.com

and will undertake to cause said pleading to be mailed to:


    Richard Kellogg Armstrong
    #20413-298
    Englewood Federal Correctional Institution

*"ACCEPTED"*

*Richard Kellogg (Armstrong)*
*MAY 24, 2013 C.E.*

Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

9

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four        Month: Five                    Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1:10-cr-00317-REB Document 369 Filed 12/01/11 USDC Colorado Page 1 of 2 Criminal Case No. 10-cr-00317-REB-02 MINUTE ORDER, Page 2 of 2 Dated: December 1, 2011 2"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

                                        Sincerely

                                        *Richard D Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California

Attachment: "supra"

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, Gregory C. Langham, Clerk, Room A-105, 901 19th Street, Denver, Colorado 80294 -3598

                                        *Richard D Kellogg Armstrong*
                                        Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                                NNNOA

*"ACCEPTES"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

## MINUTE ORDER[1]

---

      The following matters are before the court for consideration: (1) **Government's Motion To Permit Filing of Corrected Copy of Government Response To Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment (DE 366)** [#367][2] filed November 30, 2011; and (2) **Government's Motion To Permit Filing of Notice of Supplemental Authority Concerning Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment** [#368] filed November 30, 2011.  After reviewing the motions and the file, the court has concluded that the motions should be granted.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the **Government's Motion To Permit Filing of Corrected Copy of Government Response To Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment (DE 366)** [#367] filed November 30, 2011, is **GRANTED**;

      2.  That the **Government Response To Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment** [#367-1] is accepted for filing;

---

[1]This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

[2]"[#367]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Case 1:10-cr-00317-REB   Document 369   Filed 12/01/11   USDC Colorado   Page 2 of 2

"*ACCEPTED*"

*Richard P. Kellogg Armstrong*

*MAY 24, 2013 C.E.*

3. That the **Government's Motion To Permit Filing of Notice of Supplemental Authority Concerning Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment** [#368] filed November 30, 2011, is **GRANTED**; and

4. That the **Government's Notice of Supplemental Authority Concerning Defendant Armstrong's Motion For Leave To File a Motion For Rehearing For Pretrial Release on Bond Pursuant to 8th Amendment** [#368-1] is accepted for filing.

Dated:  December 1, 2011

2

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four          Month: Five                    Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1: 10-cr-00317-REB Document 379 Filed 12/19/11 USDC Colorado Page
1 of 1 Criminal Case No. 10-cr-00317-REB-02 MINUTE ORDER Dated: December 19, 2011"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "supra" and return your offer for closure and settlement of the
accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of
  the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE
OF ACCEPTANCE.** Dishonor may result if you fail to respond

                                        Sincerely,

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California

Attachment: "supra"

cc:  UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc:  UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver,
     Colorado 80294-3589


### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with
First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc
3600 Guard Road Lompoc, California on May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO, Gregory C. Langham, Clerk, Room A-105, 901 19th Street, Denver, Colorado 80294-
3589.

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                          NNN04

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*1 MAY 29, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

## MINUTE ORDER[1]

---

        The matter is before the court *sua sponte*.  The government was to have filed a response by November 15, 2011, to defendant's **Motion To Answer a Certified Question of Law Related To Jurisdiction in This Case, and an Offer of Proof** [#361][2] (see Courtroom Minutes [#347] filed November 1, 2011, at page 3, paragraph 5. No response has been filed.

        **THEREFORE, IT IS ORDERED** that the government shall have until **December 23, 2011**, in which to file a response.

        Dated:  December 19, 2011

---

[1]This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

[2] "[#361]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four          Month: Five                    Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1:10-cr-00317-REB Document 380 Filed 12/22/11 USDC Colorado Page 1
of 5 Criminal Case No. 10-CR-00317-REB GOVERNMENT RESPONSE TO MOTION TO ANSWER A CERTIFIED
QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF, Page 2 of
5 2, Page 3 of 5 3, Page 4 of 5 DATED: December 22, 2011 John F, Walsh Kevin F. Sweeney
4, Page 5 of 5 Lisa Monet Wayne David L. Owen Richard Kellogg Armstrong Kevin F. Sweeney"5"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "supra" and return your offer for closure and settlement of the
accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of
  the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE
OF ACCEPTANCE.** Dishonor may result if you fail to respond.

                                        Sincerely,

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California


Attachment: "supra"

NON NEGOTIABLE
NOTICE OF ACCEPTANCE

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*MAY 24, 2013   C.E.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CURTIS L. MORRIS, and
2.     RICHARD KELLOGG ARMSTRONG,

        Defendants.

---

**GOVERNMENT RESPONSE TO MOTION TO ANSWER A CERTIFIED QUESTION
OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF**

---

The United States of America, by and through its undersigned counsel, responds in

opposition to Defendant Armstrong's motion styled, "MOTION TO ANSWER A CERTIFIED

QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF

PROOF" (hereinafter "Motion").  The motion is completely devoid of merit.  To the extent that

Armstrong is requesting the United States to provide him with legal advice, the United States

declines to do so.  To the extent that the motion challenges this Court's subject matter

jurisdiction yet again, the Government requests that this Court deny Armstrong any relief to

include answers to his so-called "certified questions of law."

### PROCEDURAL BACKGROUND

On November 1, 2011, this Court held a status conference at which it provided

Armstrong with fourteen days to re-file a motion and the United States fourteen days to respond

to that motion.  Doc. No. 347 at page 3, paragraph 6.  Armstrong re-filed the motion after the

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

Court's deadline and the Government mistakenly overlooked his filing.[1]  Doc. No. 361.  On

December 19, 2011, this Court ordered the Government to provide a response by December 23,

2011.  Doc. No. 379.[2]  This constitutes the Court ordered Government response to Armstrong's

re-filed motion.

## LAW AND ARGUMENT

The motion appears to be a challenge to this Court's subject matter jurisdiction.[3]

Specifically, Armstrong contends that this Court lacks subject matter jurisdiction because Public

Law 80-772, which created Title 18 and, in particular, 18 U.S.C. § 3231, was not properly

enacted and asks for answers to "certified questions of law."  Armstrong's argument is frivolous

and the answers he seeks are non-justiciable political questions.  He is entitled to absolutely no

relief.

Contrary to Armstrong's contentions, this Court has already determined that it has

subject matter jurisdiction in this case.  Doc. No. 169 at 4.  It held that, "[u]nder 18 U.S.C. §

3231, United States district courts have exclusive jurisdiction over "all offenses against the laws

of the United States."  Doc. No. 169 at 4.  This includes the Title 18 offenses charged in the

Indictment and Superseding Indictment.  Doc. No. 169 at 4.  As this Court has previously put it,

"Armstrong's argument that Title 18 was enacted in violation of the Quorum Clause of the

---

[1] The United States apologizes to the Court for its oversight.

[2] The Court Order references page 3, paragraph 5 of Doc. No. 347.  However, it appears
that the motion that Armstrong re-filed was actually referenced on page 3, paragraph 6.

[3] The motion also appears to request legal advice from the United States.  The United
States declines to offer Armstrong any legal advice.

2

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

Constitution is [a] frivolous challenge . . . ."  Doc. No. 169 at 6.

This Court should refrain from answering Armstrong's "certified questions of law" because they are not legal questions at all.  His challenge is not to the substance of the statute but rather to purported defects in the political process leading to its enactment.  See United States v. Chillemi, 2007 WL 2995726 (D.Ariz. 2007).  Like the Chillemi case, Armstrong's motion concedes that Public Law 80-772 was in fact signed by the Speaker of the House, the President of the Senate, and by the President of the United States.  Doc. No. 361 at 10-11; Id.  "The respect due to coequal and independent departments requires the judicial department . . . to accept, as having passed Congress, all bills authenticated in the manner stated; leaving the courts to determine, when the question properly arises, whether the act so authenticated, is in conformity with the Constitution."  Id. (quoting Marshall Field & Co. v. Clark, 143 U.S. 649, 672 (1892)).  Armstrong's motion is essentially a challenge to the authenticity of Title 18 not a substantive challenge to its conformity with the Constitution.  "The validity of the enactment of Title 18 is a political question, and it is not for this Court to look back into the legislative process and declare that something was amiss."[4]  Id.

---

[4] The purported defects in the laws preceding Public Law 80-772 are likewise political questions and wholly irrelevant to this proceeding.

3

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*1 MAY 24, 2013 C.E.*

## CONCLUSION

Armstrong's arguments in this motion are unbelievably frivolous.  There is no doubt that this Court has subject matter jurisdiction in this case.  The United States declines to provide Armstrong with the legal advice he seeks and requests that this Court decline to do so as well. Armstrong is entitled to absolutely no relief.

DATED: December 22, 2011, at Denver, Colorado.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kevin F. Sweeney
By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*MAY 24, 2013 C.E.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2011, I electronically filed the foregoing **GOVERNMENT RESPONSE TO MOTION TO ANSWER A CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE, AND AN OFFER OF PROOF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:    s/ Kevin F. Sweeney
KEVIN F. SWEENEY
Trial Attorney

5