# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

*RECEIVED*
*UNITED STATES DISTRICT COURT*
*DENVER, COLORADO*

*MAY 28 2013*

*JEFFREY P. COLWELL*
*CLERK*

NOTICE DATE: Day Twenty-four          Month Five          Year 2013 C.E.

UNITED STATES DISTRICT COURT COLORADO
Clerk of the Court
Room A-105 901 19th Street
Denver, Colorado 80294

**In reply to:** "Case 1:10-cr-00317-REB Document 373 Filed 12/13/11 USDC Colorado Page 1 of 5 Criminal Case no. 10-cr-00317-REB-02 ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTIORIAL MISCONDUCT BLACKBURN, J., Page 2 of 5 2, Page 3 of 5 3, Page 4 of 5 4, Page 5 of 5 Dated December 13, 2011 BY THE COURT Robert E. Blackburn United States District Judge 5"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts;
- I request you issue me the appearance bond Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE.**  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachment: "supra"
cc: UNITED STATES DISTRICT COURT COLORADO 901 19th Street, Denver, Colorado 80294
cc: UNITED STATES DISTRICT COURT COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road, Lompoc, California on May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT COLORADO, Clerk of the Court, Room A-105 901 19th Street, Denver, Colorado 80294-3589

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No.  10-cr-00317-REB-02

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION
## TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT

**Blackburn, J.**

      The matter before me is the **Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct** [#290][1] filed September 9, 2011, by the defendant, Richard Kellogg Armstrong.  Mr. Armstrong seeks to dismiss the charges against him on the ground that the government attempted to bribe a key witness, Elyse Del Francia.[2]  In response to my directive (**see Minute Order** [#294], filed September 12, 2011), the government filed a response ([#318] on October 3, 2011),[3] and I approve, adopt, and

---

[1]  "[#290]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2]  Because plaintiff is proceeding *pro se*, I continue to construe his pleadings more liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[3]  After his prior motion to dismiss on this basis was stricken for failure to obtain prior leave of court (**see Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011), defendant was granted leave to file the present motion (**see Order** [#273] filed August

incorporate the reasons stated, arguments advanced, and authorities cited in that

response.  After careful consideration of the file, the record, the motion, the response,

and the applicable law, I deny the motion without a hearing.[4]

The credible evidence before me supports the following construction of the

relevant underlying events.  Ms. Del Francia is a long-time friend of Mr. Armstrong who,

at his suggestion and with his assistance and that of co-defendant, Curtis Morris, filed

IRS Forms 1099-OID for tax years 2005 through 2008, inclusive.  The IRS determined

that these filings were fraudulent and assessed significant penalties against Ms. Del

Francia, which she asserts that she is unable to pay.  Ms. Del Francia expressed her

concerns, and more specifically, that the IRS would attempt to take her house, to IRS

Special Agent Greg Flynn when he called to inform her that she might be subpoenaed

to testify against defendants in the then-impending trial of the case.  Attempting to

reassure Ms. Del Francia, Special Agent Flynn informed her, *inter alia*, that she might

be able to receive assistance through IRS's Taxpayer Advocate Service ("TAS"), an

independent organization within the IRS that helps taxpayers whose problems with the

IRS are causing financial difficulty resolve their issues.  In a subsequent email, Special

Agent Flynn again suggested that Ms. Del Francia contact TAS and provided her with

---

23, 2011).  However, Mr. Armstrong neither sought nor obtained leave to file his **Reply to Government's Response to Defendant Armstrong's Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct** [#355] filed November 9, 2011.  (*See* **Trial Preparation Conference Order** ¶ 2 n.2 at 1 [#33], filed June 25, 2010 (requiring leave of court to file, *inter alia*, reply briefs).)  Thus, I have not considered the reply.

[4] The issues raised by and inherent to the motion are presented and briefed sufficiently; thus, obviating the necessity for an evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers and the record. **See** *United States v. Cuervelo*, 949 F.2d 559, 567(10th Cir. 1991) (noting that hearing on allegations of outrageous government conduct is the preferred course of action in cases only where disputed factual issues exist).

both a toll-free phone number and IRS Form 911, which constitutes a formal request for such assistance.

Several weeks later, IRS-CID Special Agents Juan Marquez and Erik Bodden served a trial subpoena on Ms. Del Francia at her residence in California.  When Ms. Del Francia expressed concern about the fines assessed against her, the agents informed her that they were part of the criminal investigations division of the IRS, whereas such assessments were a matter within the ambit of the civil division of the IRS, a completely separate and independent branch of the agency.  Nevertheless, the agents provided Ms. Del Francia with a handout describing the role of the TAS and suggested that she contact the toll-free number.  Ms. Del Franica represents that she "personally took the offer as a bribe for my testimony," whereby the IRS would agree to waive the penalties assessed against her in exchange for her testimony against defendants.  (*See* Def. Motion App., Exh. A ¶¶ 9-10 at 2 [#256, filed June 30, 2011.)[5] Mr. Armstrong relies on this interpretation in seeking dismissal of the charges against him.

Ms. Del Francia's personal, subjective interpretations notwithstanding, nothing in this otherwise uncontested series of events suggests an attempt to bribe or influence a witness.  Although it is a crime to give, offer, or promise anything of value in return for a person's testimony, *see* 18 U.S.C. § 201(c), Ms. Del Francia was not promised that the fines assessed against her would be waived or otherwise removed or reduced by the

---

[5] The motion to which this affidavit was appended was ordered stricken for failure to obtain prior leave of court.  (*See* **Order Striking Defendant's Motions To Dismiss and Motion To Reinstate Notices** [#259] filed July 7, 2011.)  Although the instant motion refers to an "Exhibit A," no such attachment is appended.  I presume from the content and context of his arguments, however, that Mr. Armstrong intended to refer to Ms. Del Francia's prior affidavit.

IRS in exchange for her testimony.  The IRS agents to with whom she interacted never represented anything of the sort, and the Form 911 she received from Special Agent Flynn and the handout given her by Special Agents Marquez and Bodden demonstrate no more than that gratuitous assistance in negotiating with the IRS in connection with such fines is available through the TAS.  In addition, Special Agents Marquez and Bodden informed Ms. Del Francia that they were not associated with the division of the IRS that assesses the fines to which she was subject, making her inference that they had authority over the assessment or negotiation of such fines all the more implausible.[6]

Moreover, even if the CID agents had such authority, section 201(c) does not apply if the offer or promise is made "as provided by law for the proper discharge of official duty[.]" 18 U.S.C. § 201(c).  Courts have long been recognized and sanctioned the process of offering witnesses leniency in exchange for their testimony. *See United States v. Singleton*, 165 F.3d 1297, 1301 (10th Cir.) (en banc) (citing long line of concurring authority), *cert. denied*, 119 S.Ct. 2371 (1999).  Indeed, the practice is so "ingrained" that the en banc Tenth Circuit court has determined that it constitutes "a vested sovereign prerogative in the government." *Id.*  "[T]herefore, any reading of [18 U.S.C. §] 201(c)(2) that would restrict the exercise of this power is surely a diminution of sovereignty not countenanced in our jurisprudence." *Id.* at 1301-02.  Nor would a concession of IRS fines be so beyond the range of those considerations normally granted by the government as to constitute an abuse of prosecutorial authority.  *See id.*

---

[6] Nor is there anything in Ms. Del Francia's affidavit that suggests any representative of the IRS suggested to her that she should testify untruthfully.  Even if they had, the more apt remedy would be suppression of the evidence, not wholesale dismissal of the charges against Mr. Armstrong.

at 1302.

The Tenth Circuit has framed the test for outrageous governmental conduct in this way: "[i]n determining whether the government has committed outrageous conduct,'the relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice.' *United States v. Lacey*, 86 F.3d 956, 964 (10th Cir.1996) (quotations omitted)." *United States v. Scull*, 321 F.3d 1270, 1277 (10th Cir. 2003). The Tenth Circuit has never rendered a decision upholding such a claim. *United States v. Garcia*, 411 F.3d 1173, 1181 (10th Cir. 2005). "The absence of any decision by this court upholding such a claim . . . bears testament to its narrow scope." *Lacey*, 86 F.3d 956 ,964 (10th Cir. 1996). Mr. Armstrong has failed abjectly to circumstantiate his claim of prosecutorial misconduct. Thus, his motion must be denied. *See United States v. Diaz*, 189 F.3d 1239, 1245 (10th Cir. 1999) (noting that the burden is on defendant to prove outrageous government conduct), *cert. denied*, 120 S.Ct. 1448 (2000).

THEREFORE, IT IS ORDERED that the **Emergency Motion To Dismiss for Evidence of Prosecutorial Misconduct [#290]** filed September 9, 2011, by the defendant, Richard Kellogg Armstrong is **DENIED**.

Dated December 13, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

Notice Date: Day Twenty-four          Month: Five          Year: 2013 C.E.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 382 Filed 12/22/11 USDC Colorado Page
1 of 3 Criminal Case No. 10-cr-00317-REB GOVERNMENT'S NOTICE REGARDING ORDER TO SHOW
CAUSE 1, Page 2 of 3 John F. Walsh Kenneth M. Harmon 22nd day of December, 2011 David
L. Owen, Esq. Richard Kellogg Armstrong 2, Page 3 of 3 Kenneth M. Harmon 3"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 382 Filed 12/22/11 USDC Colorado
Page 1 of 3 Criminal Case No. 10-cr-00317-REB GOVERNMENT'S NOTICE REGARDING ORDER TO
SHOW CAUSE 1, Page 2 of 3 John F. Walsh Kenneth M. Harmon 22nd day of December, 2011
David L. Owen, Esq. Richard Kellogg Armstrong 2, Page 3 of 3 Kenneth M. Harmon 3" and
return your offer for closure and settlement of the accounting. I request you issue
me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number 1:10-cr-00317-REB and issue me the Order of
  the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE
OF ACCEPTANCE.** Dishonor may result if you fail to respond

                                    Sincerely,

                                    *Richard Kellogg Armstrong*
                                    Richard Kellogg Armstrong
                                    c/o 20413-298
                                    Federal Correctional Institution
                                    3600 Guard Road
                                    Lompoc, California

Attachment: "Case 1:10-cr-00317-REB Document 382 Filed 12/22/11 USDC Colorado Page 1
of 3 Criminal Case No. 10-cr-00317-REB GOVERNMENT'S NOTICE REGARDING ORDER TO SHOW CAUSE
1, Page 2 of 3 John F. Walsh Kenneth M. Harmon 22nd day of December, 2011 David L. Owen,
Esq. Richard Kellogg Armstrong 2, Page 3 of 3 Kenneth M. Harmon 3"

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                          NNNOA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

            Plaintiff,

v.

2.     RICHARD KELLOGG ARMSTRONG,

            Defendant.

---

## GOVERNMENT'S NOTICE REGARDING ORDER TO SHOW CAUSE

The United State of America, by and through its undersigned counsel, provides the following notice in relation to matters addressed in the Court's December 16, 2011 Order to Show Cause (DE 378),[1] which order, *inter alia*, directs defendant Armstrong to show cause in writing as to why he should not be held in criminal contempt and punished for failure to comply with specified orders of the Court in this case and which appoints the government to prosecute the criminal contempt proceedings contemplated by said order to show cause:

1.     Government counsel assigned to prosecute the instant pending criminal case acknowledge and accept their appointment to prosecute the criminal contempt proceedings contemplated by the Court's December 16, 2011 Order to Show Cause (DE 378) and are prepared to discharge their obligations to do so.

2.     The government does not seek a term of imprisonment as punishment for the cited

---

[1]    "DE _" refers to docket entries in this case.

contemptuous conduct which would exceed six months in duration and so does not request that

the criminal contempt matters by tried to a jury.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kenneth M. Harmon
By:  Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2011, I electronically filed the foregoing  with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

David L. Owen, Esq
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

"*ACCEPTED* "
*Kathleen J Kellogg Johnston*
*MAY 24, 2013 C.R.*

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

3

**NOTICE OF AND RESCISSION OF MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT FOR CAUSE**

Notice Date: Twenty-four          Month: Five          Year: 2013 C.E.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 359 Filed 11/15/11 USDC Colorado Page 1 of 4 No. 10-cr-00317-REB-2 MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT, Page 2 of 4, Page 3 of 4 Richard Kellogg Armstrong CERTIFICATE OF SERVICE ninth day of November, 2011, Richard Kellogg Armstrong, Page 4 of 4"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being rescind the Original "supra" including every copy bearing my signature "Richard Kellogg Armstrong" for cause. I made a mistake creating, preparing, signing and filing the MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT. I repent of my sin.

I willingly, knowingly, voluntarily, intentionally and intelligently perform this act and deed.

[1]"My son, if you have become surety for your friend," if you have shaken hands in a pledge for a stranger"[2]"You are snared by the words of your mouth; you are taken by the words of you mouth."[3]"So do this, my son, and deliver yourself; for you have come into the hand of your friend; go humble yourself; plead with your friend."[4]"Give no sleep to your eyes, nor slumber to your eyelids."[5]"Deliver yourself like a gazelle from the hand of the hunter, and like a bird from the hand of the fowler."

**I RESERVE ALL MY RIGHTS WITH EXPLICIT RESERVATION AND WITHOUT PREJUDICE.**

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Footnotes: 1) Proverbs 6:1 2) Proverbs 6:2 3) Proverbs 6:3 4) Proverbs 6:4 5) Proverbs 6:5

Attachment: "supra"

cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589

**CERTIFICATE OF MAILING**

I, Richard Kellogg Armstrong certify this **NOTICE OF AND RESCISSION OF MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH AMENDMENT FOR CAUSE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California on May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, Gregory C. Langham, Clerk, A-105, 901 19th Street, Denver, Colorado 80294-3598.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 NOV 15   AM 11: 08

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

November 8, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

UNITED STATES OF AMERICA
    Plaintiff

        v.                                            No.10-cr-00317-REB-2

RICHARD KELLOGG ARMSTRONG
    Defendant

---

MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING FOR PRETRIAL RELEASE ON BOND PURSUANT TO 8TH
AMENDMENT

---

REQUEST THAT THE COURT RECOGNIZE
Haines v. Kerner 404 U.S., 519

    Richard Kellogg Armstrong, Petitioner, pro se, unrepresented renews his motion to this Court for leave to file a Motion to
order his release on bond pending trial. Trial in this matter is not scheduled at this time. Mr. Armstrong's continued confinement
is part of a long and undisguised effort to prolong his confinement by any measure or method. The Government used smoke
and mirrors to keep the Defendant confined based on the fact that the Defendant had a passport, a pilots license and a home in
Mexico. If the fact that a defendant had a passport was grounds to hold a defendant, then no person with a passport would ever
be allowed bond! There is no compelling reason to continue to hold Mr. Armstrong pending trial on a non-terrorism offense,
particularly given his willingness to wear an electronic bracelet to guarantee continual monitoring.

    Petitioner's previous attorney, Mr. Kornfeld, petitioned the court to release Mr. Armstrong only to Arizona. However, Mr.
Kornfeld was advised prior to both hearings that Petitioner had two residences in the Denver area to live which is still the case.
That fact should satisfy the tracking or reporting concerns of the prosecution. Petitioner will furnish verifiable residence
information to the court.

    Federal statutes have outlined the factors that a Court should consider when making a determination of pre-trial release. All
of these factors point in the favor of release. Mr. Armstrong is not a danger to the community, there is no risk that Mr. Armstrong
will not appear for trial; Mr. Armstrong has been charged with a non-violent offense; Mr. Armstrong has significant family ties to
the region; and there is no record of criminal activity, drug use or alcohol use. Moreover, Mr. Armstrong is willing to submit to
conditions, including the use of electronic monitoring, that assures the Court and Government that a pre-trial release will occur
incident free and that the Defendant will appear for trial.

I. LEGAL STANDARD

    The Government has the burden to prove by clear and convincing evidence that Mr. Armstrong's release would be
detrimental to the safety of the community or to prove by a preponderance of the evidence that release would not assure Mr.
Armstrong's attendance at trial.  18 U.S.C. , 3142 (e),(f); See, e.g., United States v. Xulam, 84F.3d 441,442 (D.C. Cir.1996);
United States v. Manuel-Duarte, 2008 U.S. Dist. LEXIS 35966 (W.D.N.C. Apr.15, 2008). The Court must consider factors set
out in 18 U.S.C., 3142 (g), including the nature and circumstances of the offense charged; the weight of evidence against the
defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the
community that would be posed by the person's release. See, e.g., Xulam, 84 F .3d at 442.

## II. MR. ARMSTRONG POSES NO DANGER TO THE COMMUNITY

Mr. Armstrong has never been and is not a danger to the community. He has never been arrested or accused of any violent behavior; he has been a model prisoner during his confinement. If he were to be released pending trial, he would spend almost all of his time with his family , with whom he has been separated from for the past seventeen months, as well as working on his trial. Mr. Armstrong has one surviving child, and a loving wife who is planning to return to the United States shortly.

His other interactions would be limited to close friends, his attorneys and an expert witness. The government cannot legitimately claim that Mr. Armstrong would pose a danger to the community if he was released for an unspecified number of weeks pending trial. Mr. Armstrong has never been charged with a violent offense and the current charge against him is nothing more than a dispute over tax liability and did not involve any violence.

Very importantly, Petitioner has some health issues that cannot be addressed in prison. Petitioner will discuss in private as necessary.

Petitioner has been a model citizen all of his life, has never been arrested for anything and has the utmost of integrity. He is not a risk of flight.

## III. MR. ARMSTRONG'S ATTENDANCE AT TRIAL IS ASSURED

There is no chance that Mr. Armstrong will flee the area. If Mr. Armstrong were to be released pending trial, such an action would violate his principles, betray his family, betray his friends, subject him to considerable financial loss and would force him to live in the shadows for the remainder of his life.

No one can remain in Mexico for more than thirty days without a passport and must obtain a tourist permit/visa at a Port of Entry that must be renewed every thirty days . Also, no one has seen Mr. Armstrong's passport since it was handed to the Border and Customs Agent at Calexico, California, on his return from Mexico where he was arrested.

No flight, commercial or private, may be made crossing either border without a prefiled Homeland Security, precleared flight plan that includes complete pilot, aircraft and passenger information; names, home addresses, home contact information, pilot license and passport data. The prosecution's blatant, uninformed statements that one or more of Mr. Armstrong's pilot licensed friends would commit a felony by smuggling Mr. Armstrong across the border is absurd and borders on arrogance and lack of knowledge of the facts. The Homeland Security information is transmitted to the designated Mexican Port of Entry as well as the estimated time of arrival and the route of flight is tracked.

The prosecution and their key witness have made numerous unsubstantiated claims that the petitioner has funds in the order of $350,000 to $600,000 hidden offshore allowing for a comfortable retirement in Mexico. The fact is simply not true. Mr. Kornfeld and Mr. Armstrong, with only limited records to work with because he did not have access to records in Arizona, accounted for all but about $90,000.

The Prosecutor's claim of Petitioner's connections with Canada and Germany are also baseless. The IRS claimed a Germany connection but that was the result of their tracking a wire transfer to Belize where a German bank was nothing more than an intermediary bank in the wire transfer process. The prosecutor should know better. All wire transfers to entities in Belize were for the purpose of repayment to lines of credit that were secured by assets.

Mr. Armstrong is a figure who has continued his struggle on the basis of principles against abuses by the Justice Department. He has maintained what he and his supporters view as an honorable position in contrast to his treatment by the Justice Department and maintains his innocence in this instant case. Were Defendant to flee during the period of his pre-trial release, Mr. Armstrong would have to discard core religious and political principles, violate promises to his family and supporters and put his family in danger.

Mr. Armstrong is not accused of any crime of terrorism that would prompt him to flee before trial and the Justice Department cannot show that he is withholding criminal evidence. It would be completely ridicules for him to attempt to flee the country without a passport under such circumstances. First, it is very unlikely that he could succeed without travel documents. Second, even if he were to be successful, he would live the life of a fugitive- unable to even contact his children or grandchildren in the United States and be unable to move freely in speaking with groups around the world. Becoming a fugitive would pose a threat to both his health and even his life. Mr. Armstrong has already been forced to sell assets to support his family and pay his legal

expenses.

The statement made by a Phoenix area IRS agent who said that Mr. Armstrong said that his assets were out of reach of the IRS was absolutely correct. All of his personal and real property were previously secured by the filing of a Commercial Security Agreement and a Legal Notice and Demand backed by UCC filings, both by the Petitioner and his wife with 18 State, Federal and International Agencies that include the Arizona Secretary of State, Arizona Attorney General, Timothy Geithner, Secretary of the Treasury, Douglas Schulman, IRS Commissioner and Eric Thorson, Secretary of Agriculture as well as IRS, Puerto Rico where the IRS is based. Please see Petitioner's public filing on his website www.getnotice.info/rka.html. And, by the way, IRS agent Flynn hasn't bothered to disclose the verified fact that the liens placed on the Petitioner's real properties, the levy of approximately $10,000 from Petitioner's bank account and the seizure of Petitioner's aircraft were done fraudulently and unlawfully and also that the IRS has never acknowledged that Petitioner discharged the alleged $1.6 million dollar debt to the IRS FIVE TIMES in 2009 and 2010. IRS actually owes the Petitioner $6.4 million dollars.

Regarding Mr. Armstrong's eventual trial, he would also be running a great risk were he to flee. He has already served seventeen months in prison as a flight risk, without due process. Were he to flee during the period of his pretrial release, he would be subjecting himself to a significantly greater period of incarceration, something he surely wishes to avoid. Finally, Mr. Armstrong believes that the instant indictment is fatally flawed and that even if convicted, he has a strong argument on sentencing. It would be irrational to risk a life as a fugitive or a long sentence rather than fight a multiple count indictment.

IV. THE COURT CAN IMPOSE RESTRICTIONS THAT SHOULD SATISFY THE GOVERNMENT'S CONCERNS

Even if the court were not entirely satisfied that the pre-trial release on his own recognizance in the Denver area would ensure Mr. Armstrong's attendance at trial, there are a number of tools the Government can utilize to satisfy the courts doubts. As Section 3142 states, once the Court has made the determination that a defendant does not qualify for release under section 3142(b), the judicial officer must follow Section 3142(c). The judicial officer must impose the least restrictive condition or combination of conditions necessary to "reasonably assure" the defendant's appearance as required and to "reasonably assure the safety of any person and the community." 18 U.S.C. 3142 (c)(1)(B).

Mr. Armstrong is more than willing to have certain conditions placed upon his release if it allows for him to prepare for trial. Such detention, electronic monitoring, regular calls or visits with pre-trial services, or any other measures the Court deems necessary. Mr. Armstrong only wishes to spend time with his family and properly prepare for trial.

For the foregoing reasons, Mr. Armstrong respectfully moves the Court for authorization to file a Motion that he be released on bond prior to trial that is not yet scheduled but estimated to occur about April, 2012.

Richard Kellogg Armstrong, pro se
Petitioner

CERTIFICATE OF SERVICE

I hereby certify that on the ninth day of November, 2011, I mailed the foregoing to the Clerk of Court via First Class Certified U. S. Mail #7010 3090 0002 7265 8152.

Richard Kellogg Armstrong



RICHARD K. ARMSTRONG
20413-298
FEDERAL DETENTION CENTER
ENGLEWOOD
9595 QUINCY AVE.
LITTLETON, CO 80123

LEGAL MAIL

AGENT

CERTIFIED MAIL

7010 3090 0002 7265 6155

United States Government

CLERK OF THE COURT
U.S. DISTRICT COURT COLORADO
901 19TH ST.
DENVER, CO 80294-3189

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 14 2011

GREGORY C. LANGHAM
CLERK

CP

**NOTICE OF AND RESCISSION OF MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON MOTION FOR CERTIFIED QUESTION OF LAW FOR CAUSE**

Notice Date: Day Twenty-four          Month: Five          Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1:10-cr-00317-REB Document 383 Filed 12/22/11 USDC Colorado Page
1 of 4 No. 10-cr-00317-REB-2 MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON MOTION FOR
CERTIFIED QUESTION OF LAW 1, Page 2 of 4 2, Page 3 of 4 Richard Kellogg Armstrong, Page
4 of 4"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being rescind the
Original "supra" including every copy bearing my signature "Richard Kellogg Armstrong"
for cause. I made a mistake creating, preparing, signing and filing the MOTION FOR
JUDGMENT ON THE PLEADINGS BASED ON MOTION FOR CERTIFIED QUESTION OF LAW. I repent of
my sin.

I willingly, knowingly, voluntarily, intentionally and intelligently perform this act
and deed.

[1]"My son, if you have become surety for your friend, if you have shaken hands in a pledge
for a stranger"[2]"You are snared by the words of your mouth; you are taken by the words
of you mouth."[3]"So do this, my son, and deliver yourself; for you have come into the
hand of your friend; go humble yourself; plead with your friend."[4]"Give no sleep to your
eyes, nor slumber to your eyelids."[5]"Deliver yourself like a gazelle from the hand of
the hunter, and like a bird from the hand of the fowler."

**I RESERVE ALL MY RIGHTS WITH EXPLICIT RESERVATION AND WITHOUT PREJUDICE.**

Sincerely,

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California


Footnotes: 1) Proverbs 6:1 2) Proverbs 6:2 3) Proverbs 6:3 4) Proverbs 6:4 5) Proverbs 6:5

Attachment: "supra"

cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver,
      Colorado 80294-3589


**CERTIFICATE OF MAILING**


I, Richard Kellogg Armstrong certify this **NOTICE OF AND RESCISSION OF MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON MOTION FOR CERTIFIED QUESTION OF LAW FOR CAUSE** was sealed in an envelope with First Class Postage
paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc,
California on May 24, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLORADO, Gregory C. Langham, Clerk, Room A-105, 901 19th Street, Denver, Colorado 80294-3589.

Richard Kellogg Armstrong

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

UNITED STATES OF AMERICA          §
    Plaintiff/Respondent          §
                    §
                    §     No. 10-cr-00317-REB-2
                    §
RICHARD KELLOGG ARMSTRONG          §
    Defendant/Petitioner          §
                    §

## MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON MOTION FOR CERTIFIED QUESTION OF LAW

      Comes now Petitioner, Richard Kellogg Armstrong, and moves the court for judgment on the pleadings based on the court's lack of jurisdiction as provided by Petitioner and not refuted by the government. (See Motion for Certified Question of Law and failure to Respond).  It should be noted that the court must address the issue of jurisdiction when presented, and that a failure to address the issue would constitute structural error on the court's behalf. Therefore, Petitioner does not need a motion for leave to file.

      Comes now Petitioner, counsel refusing to address the issues presented, acting in a pro se status by necessity to preserve his Constitutional rights,  and hereby moves the court to issue a judgment on the pleadings for Petitioner and order Petitioner actually innocent of any crimes charged, including any prior federal convictions.

      Petitioner invokes *Carol Ann Bond v. United States*, No. 09-1227, 6/16/11, which requires the court to address its own jurisdiction and declares a statute repugnant to the Constitution *void*, and *United States v. Cotton*, 535 U.S. 625, 630, (2002)(the term "jurisdiction" means the courts' statutory or constitutional power to adjudicate the case.

1

This concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can *never be forfeited or waived*. Consequently, defects in subject matter jurisdiction require correction regardless of whether the error was raised in district court)[1].

The government failed to respond to Petitioner's Motion for a Certified Question of Law. Petitioner now moves the court to issue an order declaring that Petitioner is actually innocent as a matter of law of any federal charges.

---

[1] See also *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error has historically been recognized as fundamental, and for which collateral relief has accordingly been available. Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction. Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation. The doctrine of procedural default does not apply).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### DENVER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff/Respondent | § | |
| | § | |
| | § | No. 10-cr-00317-REB-2 |
| | § | |
| RICHARD KELLOGG ARMSTRONG | § | |
| Petitioner/Petitioner | § | |
| | § | |

TO:   THE UNITED STATES OF AMERICA AND ITS ATTORNEY

YOU WILL PLEASE TAKE NOTICE that at a session of the above-named

Court, to be held before the Honorable judge of this Court on the first date Petitioner can

be heard, Petitioner will move this Court to dismiss the indictment and any convictions of

Petitioner as structurally defective and lacking jurisdiction and issue an order declaring

the Petitioner actually innocent as a matter of law. This motion is brought pursuant to

Petitioner's rights under the First, Fourth, Fifth, Sixth, and Eighth amendments of the

Constitution of the United States.

Respectfully submitted,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong

RICHARD K. ARMSTRONG
20413-298
FEDERAL DETENTION CENTER
ENGLEWOOD ~~CO 80153~~
9595 QUINCY AVE.
LITTLETON, CO 80123









LEGAL
MAIL

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 21 2011

GREGORY C. LANGHAM
CLERK

CR

U.S. DISTRICT COURT COLORADO
901 19TH ST.
DENVER, CO 80294-3589

**NOTICE OF AND RESCISSION OF DEFENDANT'S RESPONSE TO ORDER FOR CONTEMPT FOR CAUSE**

Notice Date: Day Twenty-four          Month: Five                    Year: 2013 C.E.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gregory C. Langham, Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589


**In reply to:** "Case 1:10-cr-00317-REB Document 391 Filed 01/09/12 USDC Colorado Page
1 of 4 1, Page 2 of 4 2, Page 3 of 4 RA/s/ CERTIFICATE OF SERVICE 1/7/12 RA/s/ 3,
Page 4 of 4"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being rescind
the Original "supra" including every copy bearing my initials "RA" for cause. I made
a mistake creating, preparing, initialing and filing the DEFENDANT'S RESPONSE TO ORDER
FOR COMTEMPT. I repent of my sin.

I willingly, knowingly, voluntarily, intentionally and intelligently perform this act
and deed.

[1]"My son, if you have become surety for your friend, if you have shaken hands in a pledge
for a stranger[2]"You are snared by the words of your mouth; you are taken by the words
of you mouth."[3]"So do this, my son, and deliver yourself; for you have come into the
hand of your friend; go humble yourself; plead with your friend."[4]"Give no sleep to your
eyes, nor slumber to your eyelids."[5]"Deliver yourself like a gazelle from the hand of
the hunter, and like a bird from the hand of the fowler."

**I RESERVE ALL MY RIGHTS WITH EXPLICIT RESERVATION AND WITHOUT PREJUDICE.**

                                        Sincerely,

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional Institution
                                        3600 Guard Road
                                        Lompoc, California

Footnotes: 1) Proverbs 6:1 2) Proverbs 6:2 3) Proverbs 6:3 4) Proverbs 6:4 5) Proverbs 6:5

Attachment: "supra"

cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc:   UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver,
      Colorado 80294-3589

**CERTIFICATE OF MAILING**

I, Richard Kellogg Armstrong certify this **NOTICE OF AND RESCISSION OF DEFENDANT'S RESPONSE TO ORDER FOR CONTEMPT
FOR CAUSE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal
Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California on May 24, 2013 C.E. for same
day delivery to UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, Gregory C. Langham, Clerk, Room
A-105, 901 19th Street, Denver, Colorado 80294-3589.

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**DENVER DIVISION**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2012 JAN -9  PM 3:29

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
|     Plaintiff | § |
| | § |
| | § | No. 1:10-cr-00317-REB-2 |
| | § |
| RICHARD KELLOGG ARMSTRONG | § |
|     Defendant | § |
| | § |

## DEFENDANT'S RESPONSE TO ORDER FOR CONTEMPT

Comes now Defendant, and hereby files this opposition to the court's order to show cause why criminal contempt should not be assessed against Defendant.

Criminal contempt is defined in sections 401 and 402 of Title 18 of the criminal code.

Section 401 states: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other as--(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Section 402 states: "Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia, by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both."

1

### 1.    Defendant demands a Jury Trial

Although not required for contempt of less than 6 months, based on the history

of the case to date, and the bias established by the court, the only fair due process

that  could accrue to the defendant is to have an independent jury rule on the

facts  and  law of the case.  Therefore, Defendant demands a trial by jury.

### 2.    The Court is Biased

Based on the record in the case, the court has acted with bias throughout.

Defendant incorporates the record of the court and the filings of the Petitioner, by

reference.  The court is acting as nothing more than an arm of the DOJ, and is in

violation of the Separation of Powers Doctrine.  Therefore, the only alternative for

this court is to refer this matter to the 10th Circuit for their independent review of

the case.

### 3.   The Court is Acting In Retaliation

Defendant has continued to attempt to exercise his Due Process rights, which

have repeatedly been throttled by the court.  The court is acting in retaliation for

Defendant exercising those rights, which is a violation of Bordenkircher v. Hayes,

S.Ct. (1978)(even the appearance of retaliation is a violation of Due Process).

### 4.   The Statute is Unconstitutional

Defendant incorporates his Motion for a Certified Question of Law herein.  Public

Law 80-772 was never Constitutionally passed, because Quorum violations

occurred on May 12, 1947 and June 23, 1948, in violation of Article I, Section 5,

Clause 1, of the Constitution.  The Constitution is not frivolous.  With the

unconstitutionality of Title 18, then 18 USC 401 and 402 are likewise

unconstitutional and are therefore void ab initio. Therefore, no contempt can be exercised and allow the judge and prosecutor to maintain their oath of office.

**5. Summary**

In summary, the court has no grounds for contempt. Defendant, pro se, was simply attempting to exercise his Constitutional rights. Should the court deny Defendant's Constitutional rights, the court should just revert to the ball and chain theory of justice as found in the Middle Ages.

The court has clearly established that it's bias in this case, the court has clearly established that is acting in retaliation, and the statute used to invoke the contempt is unconstitutional on its face. The court should either dismiss this matter or refer it to the 10th Circuit for an independent review. Should the court proceed in this case, then Defendant demands a jury trial based on the bias established by the court to date.

Respectfully submitted,

Richard Kellogg Armstrong

**CERTIFICATE OF SERVICE**

On this _1/7/12_ , a true and correct copy of the foregoing was served on opposing counsel by first class mail, postage prepaid.

Richard Kellogg Armstrong

