# NON NEGOTIABLE NOTICE OF ACCEPTANCE

Notice Date: Day Twenty-six Month: Eight Year: 2013 C.E.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2013

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Clerk of the Clerk, Room A-105
901 19th Street
Denver, Colorado 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 1 of 11 Criminal Case No. 10-CR-00317-REB GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT, Page 2 of 11 2, 3 3, 4 4, 5 5, 6 6, 7 7, 8 8, 9 9, Page 10 of 11 DATED: October 3, 2011 John F. Walsh Kevin F. Sweeney 10, Page 11 of 11 Lisa Monet Wayne David L. Owen Kevin F. Sweeney 11, Document 318-1 Page 1 of 4 EXHIBIT #1, Page 2 of 4 DEPARTMENT OF THE TREASURY Memorandum Page 1 of 3 U.S. Treasury Criminal Investigation 00008396, Page 3 of 4 Memorandum Page 2 of 3 U.S. Treasury Criminal Investigation 00008397, Page 4 of 4 Adian Yepez Juan Marquez Memorandum Page 3 of 3 U.S. Treasury Criminal Investigation 00008389,Document 318-2 Page 1 of 3 EXHIBIT #2, Page 2 of 3 DEPARTMENT OF THE TREASURY Memorandum Page 1 of 2 U.S. Treasury Investigation Criminal Investigation, Page 3 of 3 Greg M. Flynn Memorandum Page 2 of 2 U.S. Treasury Criminal Investigation, Document 318-3 Page 1 of 6 EXHIBIT #3, Page 2 of 6 Flynn Greg M 1, Page 3 of 6, Page 4 of 6, Page 5 of 6, Page 6 of 6, Document 318-4 Page 1 of 8 EXHIBIT #4, Page 2 of 8 Internal Revenue Service Departtment of the Treasury Date: April 24, 2009 Elyse Del Francia, Page 3 of 8, Page 4 of 8 INVOICE # EDF-1040-2007-1 May 19, 2009 Page 1 of 4, Page 5 of 8 INVOICE # EDF-1040-2007-1 Page 2 of 4, Page 6 of 8 INVOICE # EDF-1040-2007-1 Page 3 of 4, Page 7 of 8 INVOICE # EDF-1040-2007-1 Elyse Del Francia Page 4 of 4, Page 8 of 8, Document 318-5 Page 1 of 2 EXHIBIT #5, Page 2 of 2 Flynn Greg M 1, Document 318-6 Page 1 of 3 EXHIBIT #6, Page 2 of 3 DEPARTMENT OF THE TREASURY Memorandum Page 1 of 2 U.S. Treasury Criminal Investigation, Page 3 of 3 May 24, 2011 Juan Marquez Adrian Yepez Memorandum Page 2 of 2 U.S. Treasury Criminal Investigation, Document 318-7 Page 1 of 3 EXHIBIT #7, Page 2 of 3 DEPARTMENT OF THE TREASURY Memorandum Page 1 of 2 U.S. Treasury Criminal Investigation, Page 3 of 3 Greg M. Flynn Memorandum Page 2 of 2 U.S. Treasury Criminal Investigation, Document 318-8 Page 1 of 3 EXHIBIT #8, Page 2 of 3 Flynn Greg M, Page 3 of 3"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offers for closure and settlement of the accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offers by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number: 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

Sincerely,

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Attachment: "supra"

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589
cc: DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE, John F. Walsh, 1225 17th Street, Suite 700, Denver, Colorado 80202
cc: DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE, Kevin F. Sweeney, 1225 17th Street, Suite 700, Denver, Colorado 80202
cc: David L. Owen, Jr., c/o UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: Lisa Monet Wayne, c/o UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: Greg M. Flynn, Department of the Treasury, Internal Revenue Service, 1999 Broadway, Suite 2700, Denver, Colorado 80202

**CERTIFICATE OF MAILING**

I, Richard Kellogg Armstrong, certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California on August 26, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Clerk of the Court, Room A-105, 901 19th Street, Denver, Colorado 80294-3589.

Richard Kellogg Armstrong

"ACCEPTED" Richard Kellogg Armstrong AUGUST 26, 2013 C.E.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. CURTIS L. MORRIS, and
2. RICHARD KELLOGG ARMSTRONG,

Defendants.

---

**GOVERNMENT RESPONSE**
**TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS**
**FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT**

---

The United States of America, by and through its undersigned counsel, opposes Armstrong's "EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT" filed September 9, 2011 (hereinafter "Motion"), Doc. No. 290.

Armstrong's allegations of prosecutorial misconduct via bribery of a possible witness named Elyse Del Francia are unfounded. The prosecution team did suggest that Del Francia seek the assistance of an independent organization known as the IRS Taxpayer Advocate Service. It did so because she had complained about IRS assessed frivolous filing penalties against her. The prosecution team's actions in this regard were perfectly permissible. Moreover, though Del Francia has never been offered leniency in her civil dispute with the IRS in exchange for her truthful testimony, such an offer would never constitute bribery or prosecutorial misconduct.

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 2 of 11

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

Armstrong has no factual or legal basis for his allegation that the Government bribed Del Francia and even less for his assertion that this Court should presume widespread bribery of witnesses by the Government. This Court should deny Armstrong's motion without an evidentiary hearing.

## PROCEDURAL BACKGROUND

On June 25, 2010, this Court entered its Trial Preparation Conference Order requiring in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. Doc. No. 33.

Then, on January 27, 2011, it ordered that all non-CJA motions be filed by February 29, 2011. Doc. No. 128.

Armstrong filed requests for leave to file various types of motions on July 21 and July 26 of 2011 respectfully. Doc. Nos. 265, 268. On August 23, 2011, this Court granted his request to file a motion to dismiss on the sole ground of alleged prosecutorial misconduct related to the Government's alleged attempted bribery of a witness but denied him leave to file motions on any other ground. Doc. No. 273. Armstrong filed this motion on September 9, 2011. Doc. No. 290. The Government has been ordered by this Court to respond by October 3, 2011. Doc. No. 294.

## FACTS

Del Francia is a friend of Armstrong's and a client of his and Morris's scheme to file false individual income tax returns claiming fictitious Form 1099-OID withholding during 2008-2009.

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 3 of 11

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

Exh. 1 (IRS memorandum of interview of Del Francia dated June 22, 2010). During this time period, Armstrong, Morris, and Del Francia caused false individual returns to be filed for Del Francia for tax years 2005-2008.[1] Exh. 1. The IRS assessed $20,000 of penalties to Del Francia for frivolously filing these returns.[2]

The Government identified Del Francia as a possible witness during its investigation of the case. It interviewed Del Francia, analyzed her tax returns, and reviewed correspondence among the IRS, Del Francia, Morris, Armstrong, and others. This evidence forms the basis of several counts in the superceding indictment filed on February 15, 2011. Doc. No. 140.

The prosecution team first learned of the frivolous filing penalties assessed against Del Francia during a telephonic conversation between her and SA Greg Flynn on March 2, 2011. Exh. 2 (IRS memorandum of conversation with Elyse Del Francia dated March 2, 2011). During this conversation, Del Francia frantically pleaded that she didn't understand why the IRS had fined her and was worried that it would take her house. Exh. 2. She purported to have complied with the IRS's requests to file corrected tax returns renouncing her position on Form 1099-OID withholding. Exh. 2. Based upon what Del Francia had told him, SA Flynn told her to calm down and that it was unlikely that the IRS would take her house. Exh. 2. SA Flynn also advised Ms. Del Francia that if she had, in fact, complied with the IRS instructions on the notices, it was possible that the IRS had mistakenly assessed these frivolous filing penalties against her. Exh. 2. Further, he asked Del Francia to provide him with all of her records related to the returns at issue

[1] Del Francia filed two false returns for the tax year 2007.

[2] On January 10, 2011, Del Francia was assessed frivolous filing penalties in the amounts of $5,000 for 2006, $10,000 for 2007 ($5,000 per false return), and $5000 for 2008. She also owes the IRS roughly for a $2,800 assessment for an unrelated matter.

"ACCEPTED" Richard Kellogg Armstrong AUGUST 26, 2013 C.I.E.

and agreed to look into the matter.[3] Exh. 2.

On March 3, 2011, SA Flynn looked into the matter for Del Francia. He contacted Shani Johnston of the IRS Taxpayer Advocate Service and Shauna Henline of the IRS Frivolous Return Program regarding Del Francia's frivolous filing penalties.[4] Ms. Henline informed SA Flynn that Del Francia had been provided notice that the IRS deemed her returns frivolous and would be assessing frivolous filing penalties if Del Francia did not file corrected returns renouncing her Form 1099-OID withholding position within thirty (30) days. Ms. Henline then explained that Del Francia failed to comply with the IRS notice in two ways. First, after receiving the IRS notice but before she filed her corrected returns, Del Francia sent correspondence to the IRS re-asserting her fraudulent position regarding Form 1099-OID withholding and demanding payment of the underlying refunds. Exh. 4 (Response to frivolous filing notice received by IRS from Elyse Del Francia on or about June 1, 2009).[5] Second, Del Francia did not file a corrected return renouncing her Form 1099-OID withholding position until approximately a year after she received the IRS notice. In fact, it wasn't until after Del Francia was interviewed in person by IRS-CID that she finally corrected her false returns.

---

[3] During the March 2, 2011 contact, SA Flynn also informed Del Francia that she was a potential trial witness in this case and that the trial was set for May 16, 2011 in Denver, Colorado.

[4] "The Taxpayer Advocate Service (TAS) is an independent organization within the IRS. Its mission is to help taxpayers who are experiencing economic harm, such as not being able to provide necessities like housing, transportation, or food; taxpayers who are seeking help in resolving problems with the IRS; and those who believe an IRS system or procedure is not working as it should." http://www.irs.gov/advocate/article/0,,id=212313,00.html.

[5] Based upon emails between Del Francia and Morris, it appears that Morris assisted Del Francia in her responses to the IRS.

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 5 of 11

"ACCEPTED" Richard Kellogg Armstrong August 26, 2013 C.E.

After speaking with Ms. Johnston and Ms. Henline, SA Flynn suggested to Del Francia via email that she contact the IRS Taxpayer Advocate Service for assistance. Exh. 3 (Email from IRS to Elyse Del Francia re: Taxpayer Advocate Service and related Form 911 sent March 9, 2011). He even attached a taxpayer advocate request form to the email to assist her in this endeavor. Exh. 3.

On April 19, 2011, IRS-CID special agents Juan Marquez and Erik Bodden served a trial subpoena for this case on Del Francia at her residence. Exh. 8 (Statement of IRS Special Agent Juan Marquez regarding interactions with Elyse Del Francia dated September 30, 2011 and Taxpayer Advocate Service handout he gave to Elyse Del Francia). At that time, Del Francia informed the agents about the frivolous filing penalties that had been accessed against her by the IRS. Exh. 8. The agents told her that these fines were related to a civil matter and not a criminal matter and that each taxpayer is ultimately responsible for her own tax returns including any benefits or penalties that might arise. Exh. 8. They also informed her that IRS Criminal Investigation Division is completely independent from the civil function of IRS that had imposed the penalties upon her. Exh. 8. Finally, the agents informed Del Francia about the IRS Taxpayer Advocate Service and handed her information about it. Exh. 8. Neither SA Marquez nor SA Bodden made any promises to Del Francia.

On May 24, 2011, SA Flynn received an email from Del Francia stating that the IRS had levied her social security check as a means of collecting the frivolous filing penalties and accused SA Flynn of lying to her. Exh. 5 (Email from Elyse Del Francia to IRS Special Agent Greg Flynn dated May 24, 2011). SA Flynn, once again, immediately looked into the matter. At approximately the same time, IRS-CID agents in California returned a call from Del Francia and

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.I.E.

learned that she had previously contacted the IRS Taxpayer Advocate Service for assistance in the matter. Exh. 6 (IRS memorandum of conversation among Del Francia, SA Marquez, and SA Adrina Yepez dated May 24, 2011). Two days later, SA Flynn identified Ron Uchimura as the taxpayer representative who assisted Del Francia. Exh. 7 (IRS Special Agent Greg Flynn memorandum of interview with Taxpayer Advocate Service representative dated May 27, 2011). The day after that, SA Flynn interviewed Mr. Uchimura, who informed him that Del Francia's levies on her social security were actually tolled pending her appeal of the frivolous filing penalties. Exh. 7. Mr. Uchmimura further informed SA Flynn that Del Francia could apply for a hardship exception to these levies in the event that Del Francia lost her appeal and told SA Flynn he would send her the necessary application forms. Exh. 7. If granted, the hardship exception would stop IRS collection activities against Del Francia. Exh. 7.

On June 30, 2011, Armstrong filed a motion styled, "Emergency Motion to Dismiss for Evidence of Prosecutorial Misconduct" that was subsequently stricken by this Court. Doc. No. 256. He attached an affidavit from Del Francia dated June 28, 2011 in support of his motion. The affidavit stated that Del Francia "personally took" two IRS-CID agent's offers to provide her with the contact information of the IRS Taxpayer Advocate Service as bribes. Doc. No. 256. That affidavit appears to form the basis of this motion as well. However, the pertinent facts in the affidavit do not appear to be at issue.[6] The Government agrees that it offered to help Del Francia by directing her to the IRS Taxpayer Advocate Service on at least two occasions. The

---

[6] The Government disagrees with Del Francia's "personal take" on the characterization of the actions of the IRS but her personal opinions are not facts and should not be considered by this court. This includes her opinion that IRS penalties constitute entrapment and her characterization of offers to provide the contact information of people that may have been able to help her as bribes.

"ACCEPTED" Richard Kellogg Armstrong August 26, 2013 C.R.

first offer to help her was extended by SA Flynn via email in response to Del Francia's frantic telephonic complaint about the assessed frivolous filing penalties. Doc. No. 256; Exh. 3. The second offer to help Del Francia was extended in person by SA Marquez and SA Bodden while serving a trial subpoena on Del Francia and was made in response to her complaint of the same. Doc. No. 256; Exh. 8. They provided Del Francia with a one page handout that explains the IRS Taxpayer Advocate Service and provides information on how to contact them. Exh. 8.

## LAW AND ARGUMENT

### I. Motion Construction

The Government construes Armstrong's assertion that the prosecution team bribed witnesses including Del Francia as alleged violations of 18 U.S.C. § 201(c)(2).[7] Additionally, his motion references an "Exhibit A" even though no exhibits are attached. The Government construes "Exhibit A" as the three (3) page affidavit of Elyse Del Francia dated June 28, 2011 that Armstrong previously filed with this court. This affidavit was attached to the stricken motion he filed on June 30, 2011 also styled, 'EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT." Doc. No. 256.

### II. 18 U.S.C. § 201(c)(2) Bribery

The prosecution team's actions with respect to Del Francia were appropriate and in no way violated 18 U.S.C. § 201(c). Title 18 U.S.C. section 201(c) states, "whoever otherwise than as provided by law for the proper discharge of official duty . . . directly or indirectly, gives,

---

[7] The Government construes this motion liberally based upon Armstrong's *pro se* status. However, this Court has limited Armstrong's leave to file to one prosecutorial misconduct motion on the sole ground of the government's alleged attempted bribery of a witness. Doc. No. 273. Therefore, that is the only ground that this response will address.

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 8 of 11

"ACCEPTED" Richard Kellogg Armstrong AUGUST 26, 2013 C.R.

offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation . . . shall be fined under this title or imprisoned for not more than two years, or both." 18 U.S.C. § 201(c); See also United States v. Singleton, 165 F.3d 1297 (10th Cir. 199). There was no *quid pro quo* between the prosecution team and Del Francia . However, even if there was, offers of leniency for the truthful testimony of a witness are an appropriate mechanism for it to carry out its duty to prosecute readily provable offenses involving culpable defendants. Armstrong is entitled to absolutely no relief.

Del Francia was not given, offered, or promised anything but the contact information of an independent, publically available office that helps taxpayers with IRS disputes. Neither SA Flynn nor SA Marquez nor SA Bodden ever promised to forgive Del Francia's civil frivolous filing penalties and Del Francia's affidavit doesn't say that they did. In fact, because IRS-CID is separate from IRS-civil, neither agent had the power or authority to do so. Del Francia's "personal take" or perception of why these criminal agents were really giving her the contact information of an independent organization who could help her with a dispute she had with a separate section of the IRS is inconsequential. The prosecution team's actions with respect to her repeated complaints were wholly appropriate.

Even if the prosecution team did offer to forgive Del Francia's civil liability for the frivolous filing fees in exchange for her truthful testimony, it wouldn't constitute bribery or any other form of prosecutorial misconduct. Courts have "drawn a longstanding practice sanctioning the testimony of accomplices against their confederates in exchange for leniency." Singleton, 165 F.3d at 1301. "This ingrained practice of granting lenience in exchange for testimony has created a vested sovereign prerogative . . . that can only be exercised by the United States through

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 9 of 11

"ACCEPTED" Richard Kellogg Armstrong AUGUST 26, 2013 C.E.

its prosecutor." Id. Accordingly, the Tenth Circuit has held that it is not a violation of section 201(c)(2) for a prosecutor to offer leniency to a possible witness in a criminal proceeding exchange for their truthful testimony since this is a concession normally granted by the Government in exchange for testimony. Singleton, 165 F.3d at 1302. Leniency includes plea agreements or immunity in federal criminal cases but can also include Government offers to assist witnesses in unrelated matters to include gun permits, employment issues, state criminal proceedings, or immigration hearings. See United States. v. Rodriguez, 54 Fed. Appx. 739, 751 (3d Cir. 2002)(Holding that monetary awards and assistance with gun permit and employment in exchange for testimony are normal and permissible concessions granted by the Government in exchange for testimony); See also United States v, Murphy, 193 F.3d 1, 9 (1st Cir. 1999)(Holding that granting leniency in an unrelated state criminal proceeding or offering immigration assistance involving deportation are normal and permissible concessions granted by the Government in exchange for testimony). In light of this precedence, an offer by the government to lessen or extinguish a witness' civil tax liability in exchange for that witness' truthful testimony is a completely permissible practice.

Armstrong's allegations that the Government bribed Elyse Del Francia are unfounded and his allegations that this Court should presume widespread bribery is just preposterous. The prosecution team did not offer anything to Del Francia but the contact information of an independent, publically available organization that could help her with a matter that it could not otherwise help her with itself. While the law allows a prosecution team to offer leniency to a witness in exchange for truthful testimony, that didn't even occur here. Armstrong's motion to

"ACCEPTED", Richard Kellogg Armstrong AUGUST 26, 2013 C.I.S

dismiss for prosecutorial misconduct has absolutely no factual or legal basis and should be denied.[8]

## CONCLUSION

WHEREFORE, the Government opposes Defendant Armstrong's motion and requests that this Court deny it without an evidentiary hearing.

DATED: October 3, 2011, at Denver, Colorado.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kevin F. Sweeney
By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice

[8] Armstrong's requested relief is misplaced in any event. No relief is actually necessary because Armstrong possesses discovery related to the Government's dealings with Del Francia that he can use to impeach her testimony. Moreover, even if Armstrong's uncredited factual assertions of supposed bribery were credited, his remedy, at best, would be suppression of Del Francia's testimony, not the extreme remedy of wholesale dismissal of the indictment or superseding indictments in this case, as the Government's dealings with Del Francia were isolated from the rest of the Government's evidence, which Armstrong fails to show were infected by supposed government misconduct.

Case 1:10-cr-00317-REB Document 318 Filed 10/03/11 USDC Colorado Page 11 of 11

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October 2011, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S EMERGENCY MOTION TO DISMISS FOR EVIDENCE OF PROSECUTORIAL MISCONDUCT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By: s/ *Kevin F. Sweeney*
KEVIN F. SWEENEY
Trial Attorney

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 1

Case 1:10-cr-00317-REB Document 318-1 Filed 10/03/11 USDC Colorado Page 2 of 4

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013

**DEPARTMENT OF THE TREASURY**
**Internal Revenue Service**
**Criminal Investigation**

**Memorandum of Interview**

**Investigation #:** 1000227053
**Investigation Name:** Armstrong, Richard
**Date:** June 22, 2010
**Time:** Approximately 3:00p.m.-4:05p.m.
**Participant(s):** Elyse Del Francia, Taxpayer
Juan Marquez, Special Agent
Adrian Yepez, Special Agent

**Location:** **Denny's Restaurant**
69050 East Palm Canyon Dr
Cathedral City, CA 92234

On the above date and approximate time Special Agents Juan Marquez (SA Marquez) and Adrian Yepez (SA Yepez) met with the above named individual. Upon meeting with the above named individual, the SA's credentials were presented for identification and the purpose of the meeting was explained. In response to questions asked, Elyse Del Francia (Del Francia) provided, in substance, the following information:

1. Del Francia identified herself and provided her Nevada Driver License:

   - Driver License # 1114
   - Expires -09
   - DOB -1949
   - Darrelyn Elyse Delfrancia-Del Francia
   - , Las Vegas, NV 89109

2. Del Francia currently resides at Rancho Mirage, CA, 92270. Del Francia 's cell phone number is (702) 809-0716.

3. Del Francia 's husband died in 2007. In 2008, Del Francia lost her business due to the bad economy.

4. Richard "Dick" Armstrong (Dick) and his wife, Sharon Armstrong, have been friends for 30-40 years. In December 2008, Dick informed Del Francia how she can receive a large tax refund by filing Forms 1099-OID. Dick mentioned that he knew a network of people who attend seminars that explained the process and who can file Forms 1099-OID for her. Dick reassured Del Francia that the process was legal and legitimate. Dick had always been involved in multi-level marketing. Dick informed Del Francia that he filed Forms 1099-OID and received a tax refund United States Treasury check. Dick sent her a copy of the treasury check via email.

5. Del Francia cannot recall whether she had a *conversation* with Dick that explained in detail the legality of the Form 1099-OID process. De Francia thought that this program had to be legal otherwise why would the IRS sent people such a large tax refund check.

ACCEPTED



Richard Kellogg Armstrong
August 26 2013 C.E.

6. Dick referred Del Francia to Jan Reynolds (Reynolds), Larry Hill (Hill), and Curtis Morris (Morris). Hill stated that the filing of Forms 1099-OID was legal and that very few people knew about it. No one explained the process of filing the Forms 1099-OID to Del Francia. Del Francia has never met Reynolds, Hill, or Morris in person. Hill gave Del Francia a 35 page document explaining how the I.R.S. does not understand the filing of Forms 1099-OID.

7. All contact with Reynolds, Hill, and Morris was conducted via telephone, email, mail, and fax.

8. Reynolds contacted Del Francia via telephone or email, Del Francia. Reynolds requested Del Francia to order blank Form 1099-OID for the years 2005 through 2008 from the Internal Revenue Service and send them back to her.

9. Reynolds sent all documents Del Francia provided to Morris for processing. Morris prepared Del Francia 's 2005, 2006, 2007 and 2008 tax returns that contained information in Forms 1099-OID. After preparing the tax returns they were mailed to Del Francia requesting her signature. After Del Francia signed the tax returns she mailed them back to Morris who then filed them with the IRS. Del Francia believes Fed Ex was used for the mailings. Morris mailed the tax returns to the I.R.S.

10. Del Francia paid Reynolds $200.00 for filing the Forms 1099-OID and 2005 through 2008 tax returns. Del Francia cannot recall if she paid in cash or check. Reynolds mentioned to Del Francia that it would be nice if Del Francia could give her some money once she received her refund check. No one requested a percentage of Del Francia's tax refund treasury check as a form of compensation for filing her tax returns and Forms 1099-OID.

11. Del Francia identified her signature and personal information on documents the following documents:

- 2005 Amended U.S. Individual Income Tax Return, Form 1040X
- 2006 Amended U.S. Individual Income Tax Return, Form 1040X
- 2007 U.S. Individual Income Tax Return, Form 1040
- 2008 U.S. Individual Income Tax Return, Form 1040

12. Del Francia was shown the amounts listed on the Schedule B for each of her 2005 through 2008 tax returns. Del Francia stated that she did not have the interest income as listed on her schedule B for each of her 2005 through 2008 tax returns. Del Francia identified the amounts listed on the Schedule B of her 2005 through 2008 tax returns as being false.

13. SA Marquez showed Del Francia copies of the Forms 1099-OID and explained the correct and legal procedures for filing the forms. SA Marquez informed Del Francia that the Forms 1099-OID filed on her behalf for the years 2005 through 2008 are fraudulent.

14. Del Francia was shown copies of Fed-Ex receipts. Del Francia acknowledged that the receipts belonged to mail she sent to Reynolds and Morris regarding information requested to process her tax returns and Forms 1099-OID. Curtis sent Del Francia copies of her 2005-2008 completed tax returns for her sign. Del Francia sent the signed

"ACCEPTED" Richard Kellogg Armstrong August 26, 2013 C.E.

copies of her 2005-2008 tax returns via Fed Ex back to Curtis.

15. Del Francia sent a letter to the I.R.S. in response to frivolous letter sent to Del Francia after filing fraudulent 2005-2008 Tax Returns and Forms 1099-OID. The letter was given to her and prepared by Morris. Del Francia signed the letter.

16. Del Francia 's email address is elyse@verizon.net. Del Francia was shown a series of email printouts. Del Francia identified the email printouts as being emails that contained communications between her and by Morris regarding the legality and process of filing her 2005-2008 tax returns and Forms 1099-OID. Del Francia signed and dated all email printouts after making her identification of each printout.

17. Reynolds told Del Francia that if she wanted to forget about all this OID stuff to write the I.R.S. and ask them how to fix her tax returns and forget about the problem.

18. Del Francia spoke with Maurine Greene (Greene) an I.R.S. representative. Greene sent Del Francia frivolous letters regarding her 2005-2008 tax returns. Greene told Del Francia to resubmit her 2005-2008 tax returns.

19. Del Francia did not refer anyone to file a Form 1099-OID with Reynolds, Hall, and Morris.

20. Jeff Frankie (Frankie) is a tax preparer. Frankie prepared Del Francia 's tax returns before Morris prepared her 2005-2008 tax returns. Frankie prepared Del Francia 's tax returns in Palm Desert, CA. Del Francia has not filed her 2009 U.S. Individual Income Tax Return, Form 1040 since she has no money. Del Francia is currently losing her home.

The interview concluded at approximately 4:05p.m with no further incident.

I prepared this memorandum on June 24, 2010, after refreshing my memory from notes made during and immediately after the interview with Elyse Del Francia.

Memorandum Author Adrian Yepez EY

Adrian Yepez
Special Agent

Juan C. Marquez EY

Juan Marquez
Special Agent

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 2

Case 1:10-cr-00317-REB Document 318-2 Filed 10/03/11 USDC Colorado Page 2 of 3

"ACCEPTED" Richard Kellogg Armstrong AUGUST 26, 2013



**DEPARTMENT OF THE TREASURY**
**Internal Revenue Service**
**Criminal Investigation**

# Memorandum of Conversation

| **Investigation #:** | 1000227053 | **Location:** | **(702) 809-0716** |
|---|---|---|---|
| **Investigation Name:** | Richard Kellogg Armstrong | | |
| **Date:** | March 2, 2011 | | |
| **Time:** | 5:14 to 5:23 pm | | |
| **Participant(s):** | Elyse Del Francia, Taxpayer | | |
| | Greg M. Flynn, Special Agent | | |
| | | | |
| | | | |

1. On March 2, 2011, Special Agent Greg Flynn spoke with Elyse Del Francia regarding fines she had been assessed by the IRS for OID income tax returns she had prepared by Curtis Morris at the suggestion of Richard Armstrong.

2. Ms. Del Francia was somewhat worried and upset. She stated she received a letter from the IRS stating she owed $30,000 in fines, and that they might take her home. Ms. Del Francia stated she does not have the money. Ms. Del Francia stated she filed additional tax returns, that did not claim the refunds owed, and was not sure why she was being fined. Special Agent Flynn informed Ms. Del Francia that if she had in fact re-filed her taxes backing away from the OID claims, that she should not have been fined.

3. Special Agent Flynn stated he would look into the matter, and requested that Ms. Del Francia gather all of the documents relating to the OID returns, and subsequent tax returns to assist in the resolution of this matter. Special Agent Flynn suggested that Ms. Del Francia relax, and told her it was unlikely the IRS would try to take her home. Special Agent Flynn also informed Ms. Del Francia about the IRS Taxpayer Advocate Service, and stated they might be able to assist as well.

4. Ms. Del Francia stated that the IRS should not just give out Forms 1099-OID to people, and stated that was why she experienced trouble on this matter. Special Agent Flynn stated that IRS simply provides taxpayers with blank forms when they request them, and they hope people will fill them out honestly and accurately.

5. Special Agent Flynn informed Ms. Del Francia that she is a potential witness at the trial of Curtis Morris, and Richard Armstrong set for May 16th, 2011 in Denver. Special Agent Flynn stated he would reach out at a later date with a subpoena, and that the court would pay expenses for the travel. Ms. Del Francia did not express any concern or problem with testifying.

I prepared this memorandum on March 4, 2011, after refreshing my memory from notes made during and immediately after the conversation with Elyse Del Francia.

Greg M. Flynn
Special Agent

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.I.E.

# Exhibit # 3

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

**Flynn Greg M**

**From:** Flynn Greg M
**Sent:** Wednesday, March 09, 2011 4:13 PM
**To:** 'elyse@verizon.net'
**Subject:** RE: OID document
**Attachments:** f911.pdf

Elyse,

I would suggest you contact the Taxpayer Advocate Service at 1(877) 777-4778, and/or complete the attached form that requests assistance. The Taxpayer Advocate Service may be able to assist you with this matter.

Thanks,

Greg

"ACCEPTED"



Richard Kellogg Armstrong
August 26, 2013 C.E.

OMB No. 1545-1504

Department of the Treasury - Internal Revenue Service

# Request for Taxpayer Advocate Service Assistance
## (And Application for Taxpayer Assistance Order)

Form **911** (Rev. 6-2007)

## Section I – Taxpayer Information *(See Pages 3 and 4 for Form 911 Filing Requirements and Instructions for Completing this Form.)*

| | | |
|---|---|---|
| 1a. Your name as shown on tax return | 2a. Your Social Security Number | |
| 1b. Spouse's name as shown on tax return | 2b. Spouse's Social Security Number | |
| 3a. Your current street address *(Number, Street, & Apt. Number)* | | |
| 3b. City | 3c. State *(or Foreign Country)* | 3d. ZIP code |
| 4. Fax number *(if applicable)* | 5. E-mail address | |
| 6. Employer Identification Number *(EIN) (if applicable)* | 7. Tax form(s) | 8. Tax period(s) |
| 9. Person to contact | 10. Daytime phone number ☐ Check if Cell Phone | 11. Best time to call |

12. Indicate the special communication needs you require *(if applicable)*

☐ TTY/TDD Line ☐ Interpreter - Specify language other than English *(including sign language)* ____________

☐ Other *(please specify)*

13a. Please describe the tax problem you are experiencing *(If more space is needed, attach additional sheets.)*

13b. Please describe the relief/assistance you are requesting *(If more space is needed, attach additional sheets.)*

I understand that Taxpayer Advocate Service employees may contact third parties in order to respond to this request and I authorize such contacts to be made. Further, by authorizing the Taxpayer Advocate Service to contact third parties, I understand that I will not receive notice, pursuant to section 7602(c) of the Internal Revenue Code, of third parties contacted in connection with this request.

| | |
|---|---|
| 14a. Signature of Taxpayer or Corporate Officer, and title, if applicable | 14b. Date signed |
| 15a. Signature of spouse | 15b. Date signed |

## Section II – Representative Information *(Attach Form 2848 if not already on file with the IRS.)*

| | |
|---|---|
| 1. Name of authorized representative | 2. Centralized Authorization File (CAF) number |
| 3. Current mailing address | 4. Daytime phone number ☐ Check if Cell Phone |
| | 5. Fax number |
| 6. Signature of representative | 7. Date signed |

"ACCEPTED"



Richard Kellogg Armstrong
August 26, 2013 C.E.

**Section III is to be completed by the IRS only**

## Section III – Initiating Employee Information

| Taxpayer name | | | Taxpayer Identification Number *(TIN)* | |
|---|---|---|---|---|
| 1. Name of employee | 2. Phone number | 3a. Function | 3b. Operating division | 4. Organization code no. |

5. How identified and received *(Check the appropriate box)*

**IRS Function Identified Issue as meeting Taxpayer Advocate Service (TAS) criteria**

☐ (r) Functional referral (Function identified taxpayer issue as meeting TAS criteria).
☐ (x) Congressional correspondence/inquiry not addressed to TAS but referred for TAS handling.
Name of Congressional Representative ______________________

**Taxpayer or Representative requested TAS assistance**

☐ (n) Taxpayer or representative called into a National Taxpayer Advocate (NTA) Toll-Free site.
☐ (s) Functional referral (taxpayer or representative specifically requested TAS assistance).

6. IRS received date

7. TAS criteria *(Check the appropriate box. **NOTE: Checkbox 9 is for TAS Use Only**)*

☐ (1) The taxpayer is experiencing economic harm or is about to suffer economic harm.
☐ (2) The taxpayer is facing an immediate threat of adverse action.
☐ (3) The taxpayer will incur significant costs if relief is not granted (including fees for professional representation).
☐ (4) The taxpayer will suffer irreparable injury or long-term adverse impact if relief is not granted.
☐ (5) The taxpayer has experienced a delay of more than 30 days to resolve a tax account problem.
☐ (6) The taxpayer did not receive a response or resolution to their problem or inquiry by the date promised.
☐ (7) A system or procedure has either failed to operate as intended, or failed to resolve the taxpayer's problem or dispute within the IRS.
☐ (8) The manner in which the tax laws are being administered raise considerations of equity, or have impaired or will impair the taxpayer's rights.
☐ (9) The NTA determines compelling public policy warrants assistance to an individual or group of taxpayers (**TAS Use Only**).

8. What action(s) did you take to help resolve the problem *(Must be completed by the initiating employee)*

9. State the reason(s) why the problem was not resolved *(Must be completed by the initiating employee)*

10. How did the taxpayer learn about the Taxpayer Advocate Service

ACCEPTED''



Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

## Instructions for completing Form 911 (Rev. 6-2007)

### Form 911 Filing Requirements

**When to Use this Form:** Use this form if any of the following apply to you:

1. You are experiencing economic harm or are about to suffer economic harm.
2. You are facing an immediate threat of adverse action.
3. You will incur significant costs if relief is not granted (including fees for professional representation).
4. You will suffer irreparable injury or long-term adverse impact if relief is not granted.
5. You have experienced a delay of more than 30 days to resolve a tax account problem.
6. You have not received a response or resolution to your problem or inquiry by the date promised.
7. A system or procedure has either failed to operate as intended, or failed to resolve your problem or dispute within the IRS.
8. The manner in which the tax laws are being administered raise considerations of equity, or have impaired or will impair your rights.
9. The NTA determines compelling public policy warrants assistance to an individual or group of taxpayers.

If an IRS office will not grant the assistance requested or will not grant the assistance in time, you may submit this form. The Taxpayer Advocate Service will generally request that certain activities be stopped while your request for assistance is pending (e.g., lien filings, levies, and seizures).

**Where to FAX or Mail this Form:** Submit this request to the Taxpayer Advocate office located in the city or state where you reside. For the address of the Taxpayer Advocate office near you or for additional information, call the National Taxpayer Advocate Toll-Free Number: 1-877-777-4778. You can also find the address, phone and fax number of your local Taxpayer Advocate office in the government listings in your local telephone directory. Information can also be found on the IRS website, **www.irs.gov**, under Taxpayer Advocate.

**Third Party Contact:** You should understand that in order to respond to this request you are authorizing the Taxpayer Advocate Service to contact third parties when necessary, and that you will not receive further notice regarding contacted parties. See IRC 7602(c).

**Overseas Taxpayers:** Taxpayers residing overseas can submit this application by mail to the Taxpayer Advocate Service, Internal Revenue Service, PO Box 193479, San Juan, Puerto Rico 00919-3479, or in person at San Patricio Office Center, #7 Tabonuco Street, Room 202, Guaynabo, PR 00966. The application can also be faxed to 1-787-622-8933.

**Caution:** Incomplete information or requests submitted to a Taxpayer Advocate office outside of your geographical location may result in delays. If you do not hear from us within one week of submitting Form 911, please contact the Taxpayer Advocate office where you originally submitted your request. The Taxpayer Advocate Service will not consider frivolous arguments raised on this form, such as those listed in Notice 2007-30. Frivolous arguments may include arguments that the income tax is illegal or that the IRS has no authority to assess and collect tax. You can find additional examples of frivolous arguments in *Publication 2105, Why do I have to Pay Taxes?*. If you use this form to raise frivolous arguments, you may be subject to a penalty of $5,000.

**Paperwork Reduction Act Notice:** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Your response is voluntary. You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Code section 6103. Although the time needed to complete this form may vary depending on individual circumstances, the estimated average time is 30 minutes.

Should you have comments concerning the accuracy of this time estimate or suggestions for making this form simpler, please write to: **Internal Revenue Service,** Tax Products Coordinating Committee, Room 6406 , 1111 Constitution Ave. NW, Washington, DC 20224.

### Instructions for Section I

1a. Enter your name as shown on the tax return that relates to this request for assistance.

1b. Enter your spouse's name (if applicable) if this request relates to a jointly filed return.

2a. Enter your Social Security Number.

2b. Enter your spouse's Social Security Number if this request relates to a jointly filed return.

3a-d. Enter your current mailing address, including the street number and name, and if applicable, your apartment number, your city, town, or post office, state or possession or foreign country, and ZIP code.

4. Enter your fax number, including the area code.

5. Enter your e-mail address. We may use this to contact you if we are unable to reach you by telephone. We will not, however, use your e-mail address to discuss the specifics of your case.

6. Enter your Employer Identification Number if this request involves a business or non-individual entity (e.g., a partnership, corporation, trust, or self-employed individual).

7. Enter the number of the Federal tax return or form that relates to this request. For example, an individual taxpayer with an income tax issue would enter Form 1040.

**Instructions for Section I continue on the next page**

ACCEPTED "



Richard Kellogg Armstrong

AUGUST 26, 2013 C.E.

## Instructions for Section I - *(Continued from Page 3)*

8. Enter the quarterly, annual, or other tax period that relates to this request. For example, if this request involves an income tax issue, enter the calendar or fiscal year; if an employment tax issue, enter the calendar quarter.

9. Enter the name of the individual we should contact. For partnerships, corporations, trusts, etc., enter the name of the individual authorized to act on the entity's behalf. If the contact person is not the taxpayer or other authorized individual, please see the Instructions for Section II.

10. Enter your daytime telephone number, including the area code. If this is a cell phone number, please check the box.

11. Indicate the best time to call you. Please specify a.m. or p.m. hours.

12. Indicate any special communication needs you require (such as sign language). Specify any language other than English.

13a. Describe the problem. Specify the actions that the IRS has taken (or not taken) to resolve the problem. If the problem involves an IRS delay of more than 30 days in resolving your issue, indicate the date you first contacted the IRS for assistance in resolving your problem.

13b. Please describe the relief/assistance you are requesting. Specify the action that you want taken and that you believe necessary to resolve the problem. Furnish any documentation that you believe would assist us in resolving the problem.

14-15. If this is a joint assistance request, both spouses must sign in the appropriate blocks and enter the date the request was signed. If only one spouse is requesting assistance, only the requesting spouse must sign the request. If this request is being submitted for another individual, only a person authorized and empowered to act on that individual's behalf should sign the request. Requests for corporations must be signed by an officer and include the officer's title.

**Note:** The signing of this request allows the IRS by law to suspend, for the period of time it takes the Taxpayer Advocate Service to review and decide upon your request, any applicable statutory periods of limitation relating to the assessment or collection of taxes. However, it does not suspend any applicable periods for you to perform acts related to assessment or collection, such as petitioning the Tax Court for redetermination of a deficiency or requesting a Collection Due Process hearing.

## Instructions for Section II

**Taxpayers:** If you wish to have a representative act on your behalf, you must give him/her power of attorney or tax information authorization for the tax return(s) and period(s) involved. For additional information see Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, and the accompanying instructions. Information can also be found in Publication 1546, The Taxpayer Advocate Service of the IRS-How to Get Help With Unresolved Tax Problems.

**Representatives:** If you are an authorized representative submitting this request on behalf of the taxpayer identified in Section I, complete Blocks 1 through 7 of Section II. Attach a copy of Form 2848, Form 8821, or other power of attorney. Enter your Centralized Authorization File (CAF) number in Block 2 of Section II. The CAF number is the unique number that the IRS assigns to a representative after Form 2848 or Form 8821 is filed with an IRS office.

**Note:** Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. Form 8821 does authorize anyone you designate to inspect and/or receive your confidential tax information in any office of the IRS, for the type of tax and tax periods you list on Form 8821.

## Instructions for Section III *(For IRS Use Only)*

Enter the taxpayers name and taxpayer identification number from the first page of this form.

1. Enter your name.
2. Enter your phone number.
3a. Enter your Function (e.g., ACS, Collection, Examination, Customer Service, etc.).
3b. Enter your Operating Division (W&I, SB/SE, LMSB, or TE/GE).
4. Enter the Organization code number for your office (e.g., 18 for AUSC, 95 for Los Angeles).
5. Check the appropriate box that best reflects how the need for TAS assistance was identified. For example, did taxpayer or representative call or write to an IRS function or the Taxpayer Advocate Service (TAS).
6. Enter the date the taxpayer or representative called or visited an IRS office to request TAS assistance. Or enter the date when the IRS received the Congressional correspondence/inquiry or a written request for TAS assistance from the taxpayer or representative. If the IRS identified the taxpayer's issue as meeting TAS criteria, enter the date this determination was made.
7. Check the box that best describes the reason TAS assistance is requested. **Box 9 is for TAS Use Only.**
8. State the action(s) you took to help resolve the taxpayer's problem.
9. State the reason(s) that prevented you from resolving the taxpayer's problem. For example, levy proceeds cannot be returned because they were already applied to a valid liability; an overpayment cannot be refunded because the statutory period for issuing a refund expired; or current law precludes a specific interest abatement.
10. Ask the taxpayer how he or she learned about the Taxpayer Advocate Service and indicate the response here.

Case 1:10-cr-00317-REB Document 318-4 Filed 10/03/11 USDC Colorado Page 1 of 8

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 4

**Internal Revenue Service**
**1973 North Rulon White Blvd.**
**Ogden, UT 84404-0040**

**Department of the Treasury**

**Taxpayer Identification Number:** -0208

**Form: 1040 Tax Year(s): 2007**

**Person to Contact: Ms Green**

**Employee Identification Number:** 2033

**Contact Telephone Number: 1-866-899-9083 (Toll Free)**
**Contact Hours: 7 A.M to 7 P.M MST Monday-Friday**

COPY

**Date:** April 24, 2009

ELYSE DEL FRANCIA
37922 LOS COCOS DR E
RANCHO MIRAGE CA 92270-2111-221

RECEIVED
250 JUN 01 2009 IRS-OSC
OGDEN, UT

Dear Taxpayer:

This letter serves to inform you of the potential consequence of the position you have taken and to offer you an opportunity to correct your submission within 30 days from the date of this letter.

**Why We Are Contacting You**

Based on Internal Revenue Code Section 6702, *Frivolous Tax Submissions*, we have determined that the information you filed as a return of tax, or purported return of tax, on 3/22/2009 is frivolous and there is no basis in the law for your position. We have made this determination because what you submitted is based on positions that fall under one or both of the following:

- Your information is based on positions identified as frivolous under Section 6702(c). (See Notice 2007-30, 2007-14 I.R.B. 883 at www.irs.gov/pub/irs-irbs/irb07-14.pdf)
- Your information reflects a desire to delay or impede the administration of Federal tax laws.

Federal courts, including the Supreme Court of the United States, have considered and repeatedly rejected, as without merit, positions such as yours.

**Internal Revenue Code Section 6702 imposes a $5,000 penalty for the filing of a frivolous tax return or purported tax return. We are proposing a $5,000 penalty per return based on your filing of a frivolous tax return(s) or purported tax return(s).**

**Letter 3176(SC) (Rev. 7-2007)**
Catalog Number 26860K

### What You Need To Do

Send us corrected return(s) for the taxable period(s) within 30 days of the date of this letter. If you send us corrected return(s), we will disregard the previous document(s) filed and not assess the frivolous tax submissions penalty to each correct return filed.

Please attach this letter to your corrected return(s) and mail to the address shown at the top of this letter. We have enclosed a copy of this letter for your records and an envelope for your convenience.

### What Happens If You Don't Respond

If you do not file the corrected return(s) within 30 days of the date of this letter, or if you submit instead another document(s) asserting a frivolous position, we will assess the **$5,000 penalty for** frivolous tax submissions. We will charge this fee for each purported return you filed for which you did not file a corrected return. Once we assess the penalty, the IRS will bill you $5,000 for each frivolous return or purported return filed. We will not respond to future correspondence asserting any frivolous position.

In addition, if we do not hear from you within the above timeframe, we may issue a notice of deficiency. A notice of deficiency states the amount of additional tax and/or penalties you owe and explains your right to contest the deficiency by filing a petition with the United States Tax Court.

We have enclosed Publication 2105, *Why Do I Have to Pay Taxes?*, which provides basic information about the tax system. In answering tax questions, we encourage you to seek advice from a competent tax professional or an attorney qualified to practice in your state.

Sincerely yours,

[signature]

Operations Manager
Exam SC support

COPY

Enclosures:
- Publication 2105
- Copy of this letter
- Envelope

**INVOICE # EDF-1040-2007-1**

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.I.E.

May 19, 2009

Internal Revenue Service
1973 North Rulon White Blvd.
Ogden UT 84404-0040

ATTN: Ms. Green EIN 2033

Taxpayer ID # : ·0208
Tax Year : Dec. 31, 2007

Re: Letter 3176(SC) dated April 24, 2009
Form: 2007 1040 Tax Return
Erroneous IRS Claim and False Assertions

**NOTE:** THIS LETTER IS TIME SENSITIVE AND REQUIRES IMMEDIATE ATTENTION

Dear Ms. Green,

I am in receipt of your IRS letter 3176(SC) dated April 24, 2009, attached as Exhibit A. In response, and as a request for records and an enumeration of the specific issues identified by the Service needing clarification. Please make all correspondence in writing, so that a complete legal record of these proceedings and matters may be maintained for future legal purposes if needed. Enclosed is a reprint copy of the tax return 1040 for 2007 and the 1099-OID support copies.

In researching Title 26 of the United States Code, Sections 1271-1275, 33A of the American Jurisprudence 2D, pages 695-715, IRS Publication 1212, and the IRS Instructions for the forms that are submitted, has lead to the determination and filing the return to obtain a refund of tax due. Based on this research of your statutes and codes, the filing is a fully valid, correct, complete, and timely 1040 return for tax year 2007. The return is a request for refund, it contains sufficient information to calculate tax liability and is signed under penalty of perjury from my first-hand knowledge, and it is prepared by a knowledgeable and competent tax professional.

I am being subjected to refund delays, penalty "assertions", and false accusations. Your generic form Letters 3176(SC) is over zealous, excessively aggressive, and is both intimidating, and misleading to us as lawful claimants. Additionally, it does not specifically identify any problem, alleged violation of law, or alleged failure on my part under the rules and regulations for obtaining a refund as laid out in the statutes of Subtitle A of Title 26.

I should not have to remind you that my claim for refund of overpaid taxes is within the provisions of the US Code and the statutes behind them. The laws reflected by 26 USC 6401(b)(1) and (c) state that "the amount of such excess shall be considered an overpayment" and must be returned to us promptly per 26 USC 6402 (a).

INVOICE # EDF-1040-2007-1

"Accepted" Richard Kellogg Armstrong August 26, 2013 C.E.

**Please make note the following facts:**

1. My return is fully valid, true, correct, and complete, and from my first-hand knowledge.
2. The return is signed under penalty of perjury.
3. The return clearly shows all required items of income, deductions, credits, etc.
4. All return information is in full agreement, and clearly shows a correct final assessment.
5. No frivolous or unlawful positions were taken. The return has every basis in law.
6. No desire is present anywhere in the return to impede or delay any federal income tax laws.
7. The return is a direct claim for refund of overpaid or withheld amounts.
8. The return and all enclosures that were submitted are on valid IRS documents and show valid OMB numbers.
9. The return included copies of all documents identifying the amount of tax withheld that was not previously reported and where the funds are being held for reclamation.

The IRS has erroneously asserted that the return I filed is frivolous and proposed a penalty, but failed to identify exactly what information was deemed by the Service to be frivolous. Contrary to your assertion, the return does NOT meet the criteria for a frivolous position as defined in 26 USC 6702 (a). And does not even meet the initial criteria defined in paragraph (1) (A). A brief look at my return clearly shows that sufficient information is reported to correctly determine a self-assessment, and that the resulting assessments fully agree with the figures on the face of the returns. Additionally, no Service identified "frivolous positions" were taken. I am requesting your prompt correction, the retraction of unlawful penalty "assertions" on my good name, and immediate payment of the refund due of $1,126,473.

The IRS has also asserted that my return possibly "reflects a desire to delay or impede the administration of the Federal tax laws". There is absolutely no desire evident, nor present in the return to impede or delay any Federal tax laws. To the best of my knowledge and belief, I have never taken a "position" which is "frivolous", and I have not taken any actions to delay or impede the administration of the tax laws. There is clearly no desire to delay or impede the administration of the tax laws that appears on my returns or that is evident in my behavior.

Therefore, my 2007 1040 return does not meet the test for classification as, or determination to be, a "frivolous tax return", and there is no reason or cause for the IRS, its agents, and/or officers to assess a frivolous return penalty, or any other penalties on us for the year at issue.

On the contrary, my information is complete, fully valid, true and correct.

Either the IRS employees who "asserted" these penalties do not understand the law, or they know the law but have chosen to operate contrary to its provisions, and to my detriment. That would be a violation 26 USC 7214(a)(1) . Under this law, each and every penalty that is imposed by the Service without any legal basis or legitimate explanation at law, citing statute and regulation, will be recognized as unlawful "extortion under color of office". I also refer to the definitions of employee misconduct contained in the Taxpayer Bill of Rights II, IRM 13.1.15.2 (10-31-2004), and ask that you review the same.

"ACCEPTED"



INVOICE # EDE-1040-2007-1

Richard Kellogg Armstrong
AUGUST 26 2013 C.I.E.

I am being subjected to false claims and penalty assertions, even though I'have fully followed the revenue laws as written. The IRS has submitted no signed, sworn proof of any liability that differs from my return (IRC § 6201(d), 6703(a), 6751(b)(1)). If such information or records exist within the Service, please furnish them to us within 10 days of receipt of this letter along with specific references to the authority in the Statutes, IRC, CFR, or IRM, as it specifically relates to my 2007 1040 return as defined in 26 USC 6702(a). Also, please provide the statute, Section and paragraph, besides Section 1461 which has no applicability to me, that you have relied upon to identify or determine that I have a statutory liability for the payment of federal income tax **on any funds other than those that I have paid to foreign persons**, i.e.: from whom I have withheld monies as tax while acting as a federal tax collector in the form of a *Withholding Agent* (made liable under IRC § 1461) or as an *employer* (made liable under IRC § 3403). Upon receipt of such, I will consider your information, and do my best to determine whether your information is correct and whether any corrections are necessary to complete the claim and supporting information.

My sworn testimony is still true and fully correct. The whole foundation of these "assertions" is in error.

I have attached copies of all of the Documents that were previously submitted, all of which were submitted on valid IRS forms, delivered to you by USPS Certified Mail with return receipts, in full and complete compliance with the IRS Tax Code, US Congressional declarations and policies, all relevant directives of the Internal Revenue Service, and as guaranteed by the Public Laws of the United States, and the Constitution of the United States of America and its Amendments.

A fully valid, correct and complete return has been filed, and all amounts of income, as well as deductions, credits, etc. were entered in the appropriate fields. My assessment is fully correct; the IRS simply needs to correct its records to match the information reported in my return and pay the refund.

I request and demand any and all due process to which I am entitled or which is in any way appropriate and/or available to us under any provision or practice of common, statutory, and/or administrative law or protocol-- including, but not limited to that which your notice refers; and incorporate by reference into this request and demand all relevant information included on or in that notice, a copy of which is attached.

Please remove all penalties at once, process into the computer system any and all documents that have been submitted, and file, process, and remit my full refund in the amount of $1,126,473, plus all applicable interest, within 21 days from your receipt of this invoice, as determined by the date stamped or written on the USPS return receipt. If I do not receive my full refund within 21 days, this invoice shall begin accruing interest at 10% per year for the first year and 20% per year after that.

Thank you for your prompt attention to this critical matter.

"ACCEPTED"



**INVOICE # EDF-1040-2007-1**

August 26, 2013 C.E.

*Under penalties of perjury, I hereby declare that I have thoroughly examined this return and all accompanying documents, and, that all information herein is true, correct, complete, and of my first-hand knowledge.*

By: ______________________
Elyse Del Francia

Enclosures:
Copy of subject IRS Letters 3176 SC
Copy of 1040 return (Tax Year 2007)
Copy of 1099-OID's (Tax Year 2007)

CC: DOUGLAS SHULMAN

**NOTICE**

*Notice is hereby given that if the IRS agent fails to process the refund requested above, or that if the IRS agent fails to provide documented evidence in response to the information requested above signed under penalty of perjury and waiving all immunities, that failure to do so shall be construed as constructive silence and concealment of incriminating evidence, and shall create the legal presumption or conclusion that lawful authority to enforce does not exist, and that the IRS agent has acted as an individual under color of law or under color of office and not as a lawfully authorized agent of the federal government, and that such IRS agent is involved in misrepresentation or fraud, intending a knowing unlawful conversion in the name of tax only. If the IRS should choose to authorize activities by such agent in conflict with statutory or delegated authority, it would constitute a violation of my rights.*

"Accepted"
Richard Kellogg Armstrong
August 26, 2013 C.E.

CERTIFIED MAIL

7006 2760 0000 3803 7353

UNITED STATES POSTAL SERVICE
1000
84404
U.S. POSTAGE
PAID
RANCHO MIRAGE,CA
92270
MAY 21, 09
AMOUNT
$6.49
00085251-14

COPY KATZ Celebrity Revue
37922 Los Cocos Dr. East
Rancho Mirage, CA 92270

Internal Revenue Service
1973 North Rulon White Bl.
Ogden, Utah 84404-0044

Case 1:10-cr-00317-REB Document 318-5 Filed 10/03/11 USDC Colorado Page 1 of 2

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 5

Case 1:10-cr-00317-REB Document 318-5 Filed 10/03/11 USDC Colorado Page 2 of 2

**Flynn Greg M**

**From:** Elyse [elyse@verizon.net]
**Sent:** Tuesday, May 24, 2011 12:16 PM
**To:** Flynn Greg M
**Subject:** Elyse Del Francia here!!

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

Dear Greg,

I just received my Social Security check, which is my only means of income, and the IRS has seized a percentage of it to pay for the outrageous $28,000 in penalties that were levied for the OID filing.

I am 62 years old Greg and my entire life is now in jeopardy because the IRS did not accept my "corrected" tax returns as offered. This is a nightmare that you said not to worry about?? Well, I am now in jeopardy of loosing the income my life is budgeted on.

I am not a criminal and I am furious that I am being targeted as such.
You have not been truthful with me about this situation as I have been with you and your other investigators.

You will no longer be hearing from me as I feel that I have been lied to from you and now I am fearful of how I am to live the rest of my life!!

Thanks for nothing but BS Greg,
Elyse

Elyse Del Francia

www.celebrityimpersonators.com
www.michaeljacksontoo.com

Elyse Del Francia and Celebrity Look A Likes By Elyse has invested time, energy and funds in developing the information included in this presentation. It is our belief that our services are unique and creative in their content and, thus, represents concepts, ideas and information that is essential to our business success. We therefore consider these materials to constitute confidential trade information on loan to you with the understanding and acceptance of their proprietary nature. No part of this presentation may be reproduced or redistributed without the written consent of Elyse Del Francia. All talent recommendations are set forth to be considered by the client for the purpose of booking said talent. For continued bookings, call Elyse at (702) 809-0716

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 6

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.I.E.



**DEPARTMENT OF THE TREASURY**
**Internal Revenue Service**
**Criminal Investigation**

# Memorandum of Conversation

| **Investigation #:** | 1000227053 | **Location:** | 702-809-0716 |
|---|---|---|---|
| **Investigation Name:** | Armstrong, Richard | | |
| **Date:** | May 24, 2011 | | |
| **Time:** | Approximately 2:15pm-2:18pm | | |
| **Participant(s):** | Elyse Del Francia, Taxpayer | | |
| | Juan Marquez, Special Agent | | |
| | Adrian Yepez, Special Agent | | |

On the above date and time Special Agents (SA) Adrian Yepez and Juan Marquez of the Internal Revenue Service Criminal Investigation called Elyse Del Francia at her cellular telephone number 702-809-0716. Earlier today May 24, 2011, Elyse Del Francia called SA Marquez and left voice messages on his cellular telephone number 213-305-8083 and on his office telephone number 909-388-8209. Elyse Del Francia requested SA Marquez to call her back.

SA Marquez informed Elyse Del Francia that he was returning her call per her request. At this time Elyse Del Francia in an upset tone of voice informed SA Marquez that the IRS started taking some of her Socio Security check to pay the $27,000, she was penalized for filing frivolous tax returns. Elyse Del Francia stated that the IRS was unfair to take the money of someone that lives only on Socio Security benefits. Elyse Del Francia stated that she did not feel like she had done anything illegal.

Elyse Del Francia said that she contacted the IRS Taxpayer Advocate and they informed her that her request for the abatement of the penalties was rejected and that there was nothing they could do for her.

Elyse Del Francia stated that the IRS was ruthless. Elyse Del Francia then proceeded to mention that she wanted to sue the IRS.

"ACCEPTED"; Richard Kellogg Armstrong AUGUST 26 2013 C.E.

At this point SA Marquez informed Elyse Del Francia that there was always the option of filing an appeal. Elyse Del Francia replied that the IRS was ruthless and bigger than her just prior to hanging up.

I prepared this memorandum on May 24, 2011, after refreshing my memory.

**Memorandum Author**

Juan C Marquez

Juan Marquez
Special Agent

Adrian Yepez

Adrian Yepez
Special Agent

Case 1:10-cr-00317-REB Document 318-7 Filed 10/03/11 USDC Colorado Page 1 of 3

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 7

Case 1:10-cr-00317-REB Document 318-7 Filed 10/03/11 USDC Colorado Page 2 of 3

"ACCEPTED" Richard Kellogg Armstrong August 26, 2013



**DEPARTMENT OF THE TREASURY**
**Internal Revenue Service**
**Criminal Investigation**

# Memorandum of Interview

| | | | |
|---|---|---|---|
| **Investigation #:** | 1000227053 | **Location:** | **call to TAS** |
| **Investigation Name:** | Richard Kellogg Armstrong | | |
| **Date:** | May 27, 2011 | | |
| **Time:** | | | |
| **Participant(s):** | Ron Uchimura, representative TAS<br>Greg M. Flynn, Special Agent | | |

1. On May 27, 2011 Special Agent Greg Flynn spoke with Ron Uchimura of the IRS Taxpayer Advocate Service regarding Elyse Del Francia.

2. Mr. Uchimura stated he had spoken with Elyse Del Francia and that currently the IRS levies on her social security have been tolled pending her appeal of the frivolous filing penalties. Mr. Uchimura stated that if Ms. Del Francia loses her appeal the levies will resume, and her social security benefits will be garnished.

3. Special Agent Flynn asked Mr. Uchimura if a taxpayer could have IRS collection actions tolled if they posed a hardship to them. Mr. Uchimura stated taxpayers can apply to collection to have their accounts reclassified as currently uncollectable, which would stop IRS collection activities. Ms. Uchimura stated the taxpayer needs to apply to have their account changed to uncollectable and provide financial information.

4. Mr. Uchimura stated that Elyse Del Francia is currently appealing the frivolous filing fines themselves, and not applying to have the levy on her social security stopped due to hardship. Mr. Uchimura stated he had not sent Ms. Del Francia the paperwork to apply for a hardship because she had not asked for it. Special Agent Flynn asked Mr. Uchimura if he would please send Ms. Del Francia the paperwork to apply to have her account changed to uncollectable, and Mr. Uchimura stated he would send her the required paperwork.

5. Mr. Uchimura stated that Elyse Del Francia told him that her situation was all the IRS' fault because they sent her the Form 1099-OID and should not have given them to her. Mr. Uchimura stated he did not see how Ms. Del Francia would prevail in her appeal forwarding such an argument.

6. Special Agent Flynn thanked Mr. Uchimura for his assistance.

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

I prepared this memorandum on 6/6/2011, after refreshing my memory from notes made during and immediately after the interview with Ron Uchimura TAS.

Greg M. Flynn
Special Agent

Case 1:10-cr-00317-REB Document 318-8 Filed 10/03/11 USDC Colorado Page 1 of 3

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.E.

# Exhibit # 8

"ACCEPTED"
Richard Kellogg Armstrong
AUGUST 26, 2013 C.I.E.

**Flynn Greg M**

**From:** Marquez Juan
**Sent:** Friday, September 30, 2011 12:33 AM
**To:** Flynn Greg M
**Cc:** Bodden Erik A; Parrish Michael D
**Subject:** RE: please call me - Case#1000227053
**Attachments:** Del Francia, Elyse 5-24-11 MOC.docx; TAXPAYER ADVOCATE PRINTOUT.doc

The Trial Subpoena was served by both SA Bodden & Myself at her residence in the Palm Springs Area. Elyse Del Francia informed SA Bodden & Myself that she had been accessed approximately $30,000 in fines from the IRS. Elyse Del Francia was informed that the fines that she was accessed were related to a civil matter and not a criminal matter. Elyse Del Francia was informed that each taxpayer is ultimately responsible for their own tax returns and any benefits or penalties that might arise from the filing of those tax returns.

Elyse Del Francia was told that the purpose of the agents being at her home was due to a criminal investigation in Colorado and the serving her in person a Trial subpoena. Elyse Del Francia was informed that the IRS had different sections that worked independently from each other. Elyse Del Francia was informed that the purpose of IRS Criminal Investigation was to conduct strictly Criminal Investigation and was completely independent from the Civil function of the IRS. Elyse Del Francia was informed that the penalties that she was accessed were from the Civil division of the IRS, which is a completely independent entity from the Criminal Division. I informed Elyse Del Francia that there was a service available to taxpayers such as herself that possibly could help her with her IRS Civil issues. Elyse Del Francia was handed the attachment. At this time she thanked SA Bodden and myself and we departed her residence.

Elyse Del Francia was never made any promises at any time. The only thing she was told was told call the phone number 1-877-777-4778 that appeared in the printout that she was handed.

Attached is also an MOC of a telephone conversation SA Bodden and myself had with Elyse Del Francia after the subpoena was served on May 24, 2011.

"ACCEPTED"



Richard Kellogg Armstrong
August 26, 2013 C.I.E.

**The Taxpayer Advocate Service is Your Voice at the IRS!**

Taxpayer Advocate Service (TAS) Mission: As an independent organization within the IRS, we help taxpayers resolve problems with the IRS and recommend changes that will prevent the problems.

Here are seven things every taxpayer should know about TAS:

1. TAS is your voice at the IRS.

2. Our service is free, confidential, and tailored to meet your needs.

3. You may be eligible for TAS help if you have tried to resolve your tax problem through normal IRS channels and have gotten nowhere, or you believe an IRS procedure just isn't working as it should.

4. TAS helps taxpayers whose problems are causing financial difficulty or significant cost, including the cost of professional representation. This includes businesses as well as individuals.

5. TAS employees know the IRS and how to navigate it. We will listen to your problem, help you understand what needs to be done to resolve it, and stay with you every step of the way until your problem is resolved.

6. TAS has at least one local taxpayer advocate in every state, the District of Columbia, and Puerto Rico. You can call your local advocate, whose number is in your phone book, in Publication 1546, Taxpayer Advocate Service -- Your Voice at the IRS, and on our website at Contact Your Advocate. You can also call our toll-free case intake line at 1-877-777-4778.

7. You can learn about your rights and responsibilities as a taxpayer by visiting our online tax toolkit at www.taxtoolkit.irs.gov .