# NON NEGOTIABLE NOTICE OF ACCEPTANCE

Notice Date: Day Twenty-nine      Month: Eight      Year: 2013 C.E.

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Clerk of the Court, Room A-105
901 19th Street
Denver, Colorado 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Documnet 321 Filed 10/13/11 USDC Colorado Page 1 of 6 Criminal Case No. 10-cr-00317-REB GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S MOTION FOR LEAVE TO FILE FOR A REHEARING ON PETITIONER'S DETENTION, Page 2 of 6 2, Page 3 of 6 3, Page 4 of 6 4, Page 5 of 6 John F. Walsh Kevin F. Sweeney 5, Page 6 of 6 Lisa Monet Wayne David L. Owen Kevin F. Sweeney 6"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close the Account Number: 1:10-cr-00317-REB and issue me the Order of the Court immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days from the date you receive this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, California

Attachment: "supra"

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 3 2013

JEFFREY P. COLWELL
CLERK

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                    NNNOA

cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Judge Robert E. Blackburn, 901 19th Street, Denver, Colorado 80294-3589
cc: DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE, John F. Walsh, 1225 17th Street, Suite 700, Denver, Colorado 80202
cc: DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE, Kevin F. Sweeney, 1225 17th Street, Suite 700, Denver, Colorado 80202
cc: David L. Owen, Jr., c/o UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589
cc: Lisa Monet Wayne, c/o UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 19th Street, Denver, Colorado 80294-3589

## CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON-NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at F.C.I. Lompoc 3600 Guard Road Lompoc, California on August 29, 2013 C.E. for same day delivery to UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, Clerk of the Court, Room A-105, 901 19th Street, Denver, Colorado 80294-3589.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*August 29, 2013 C.E.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CURTIS L. MORRIS, and
2.    RICHARD KELLOGG ARMSTRONG,

    Defendants.

---

## GOVERNMENT RESPONSE
## TO DEFENDANT ARMSTRONG'S MOTION FOR LEAVE TO FILE
## FOR A REHEARING ON PETITIONER'S DETENTION

---

The United States of America, by and through its undersigned counsel, responds to Defendant Armstrong's "MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING ON PETITIONER'S DETENTION" filed September 19, 2011 (hereinafter "Motion"), Doc. No. 297. For the reasons set forth below, the Government opposes the motion and requests that this Court deny Armstrong leave to file a request for a rehearing on his pretrial detention.

### BACKGROUND

On May 18, 2010, a complaint and arrest warrant was filed against Armstrong in the District of Colorado. Doc. No. 1, 2. He was arrested two days later in the Southern District of California. Doc. No. 8. Armstrong made his initial appearance in the Southern District of California on May 21, 2010 before Magistrate Judge Peter C. Lewis. Doc. No. 8. On May 25, 2010, Judge Lewis ordered that Armstrong be held in custody pending trial on the ground that he

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*AUGUST 29, 2013 C.15.*

was a flight risk and ordered his removal to the District of Colorado forthwith. Doc. No. 8.

Armstrong made his initial appearance in the District of Colorado before Magistrate Judge Boyd N. Boland on June 11, 2010. Doc. No. 10. On June 16, 2010, Judge Boland appointed CJA counsel and set a date for Armstrong's arraignment. Doc. No. 10, 14, 19. He also ordered a rehearing on Armstrong's continued detention. Doc. No. 10, 14, 19.

Armstrong was arraigned before Magistrate Judge Kathleen Tafoya on June 21, 2010 and the Court reopened the issue of Armstrong's continued detention at that time. Doc. No. 23. The Government called IRS-CID agent Greg Flynn as a witness and Armstrong's attorney, Richard Kornfeld, cross-examined him. Doc. No. 23, 48. After evaluating this evidence, Judge Tafoya verbally ordered Armstrong's continued detention. Doc. No. 23. On June 22, 2010, Judge Tafoya issued a written order detailing her findings of fact and conclusions of law. Doc. No. 30.

On July 14, 2010, Armstrong's counsel filed a motion for reconsideration of Judge Tafoya's decision with this Court. Doc. No. 43. In response, the Government submitted additional evidence uncovered after the June 21, 2010 hearing. Doc. No. 49. On July 23, 2010, this Court conducted a hearing as part of its *de novo* review of the motion for reconsideration and took the issue under advisement. Doc. No. 51. After judicially noticing all relevant adjudicative facts in the record and file, carefully considering the additional evidence, proffers, and argument presented at the hearing, and reviewing the Pretrial Services Report, this Court issued a written order finding that continued detention was warranted. Doc. No. 54.

On August 4, 2010, Armstrong's attorney filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit. Doc. No. 56. The Tenth Circuit found that oral argument was unnecessary and affirmed this Court's decision based on the parties' briefs. Doc.

"ACCEPTED"
*Richard Kellogg Armstrong*
AUGUST 29, 2013 C.E.

No. 86. It specifically found that it was proper for this Court to determine, based upon the evidence, that Armstrong: (1) was a flight risk; and (2) should be detained pending trial. Doc. No. 86.

On June 25, 2010, this Court entered its Trial Preparation Conference Order requiring in relevant part:

> Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. Doc. No. 33.

Then, on January 27, 2011, it ordered that all non-CJA motions be filed by February 29, 2011. Doc. No. 128. Defendant Armstrong filed this motion on September 19, 2011. Doc. No. 297. On September 29, 2011, this Court ordered the Government to respond to his motion by October 13, 2011. Doc. No. 314. The following constitutes the Government's response.

## ARGUMENT

Armstrong requests leave to file a motion for a detention rehearing. The sole basis of his request is the bald assertion that IRS-CID agent Greg Flynn made fraudulent, misleading, and perjurous statements to the Court at the detention hearing. Armstrong's groundless assertion entitles him to absolutely no relief.

This Court should deny Armstrong's motion without a hearing for the following reasons. First, the motion does not state, let alone establish, any facts supporting Armstrong's alleged belief that SA Flynn's statements were fraudulent, misleading, or perjurous. Second, the motion does not state how or when Armstrong discovered that portions of SA Flynn's statements to the

*"ACCEPTED"*
*Richard Kellogg-Armstrong*
*AUGUST 29, 2013 C.E.*

Court were fraudulent, misleading, or perjurous or why he could not have filed his motion prior to the Court imposed deadline. To the contrary, Defendant Armstrong has demonstrated that he could have filed a timely motion through his actions of submitting similar timely filings such as his motion to reconsider his detention, his notice of appeal of this Court's ruling, and numerous motion-like documents alleging that his detention violated the Eighth Amendment. Doc. No. 43, 56, 144, 149. Finally, in light of the already lengthy record on this issue, further inquiry into Armstrong's speculative allegations is unnecessary. Armstrong's attorney has already rigorously cross-examined SA Flynn and zealously challenged Armstrong's detention. Based upon the filings, it is apparent that Armstrong's attorney found no evidence that SA Flynn's statements were fraudulent, misleading, or perjurous. Moreover, the Government attorneys have reviewed SA Flynn's statements to this Court, have asked SA Flynn to review his own statements, and have compared SA Flynn's statements to the evidence in this case. They have, likewise, found no indications that SA Flynn's statements were fraudulent, misleading, or perjurous.[1]

Armstrong's motion fails to set forth, let alone establish, any factual basis for its vague accusations. It neither demonstrates a necessity for the leave Armstrong seeks nor the merit of the motion he desires to file. Armstrong is entitled to absolutely no relief.

---

[1] Though there are no indications that any testimony offered by the Government was false, the Government recognizes its continuing duty under Colorado Rules of Professional Conduct 3.3(a)(3) to take reasonable remedial measures against any material evidence it learns to be false in the future to include disclosure to this Court. It will discharge this duty if it, at any point, learns that any testimony or statements offered to this Court was, in fact, false.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*AUGUST 29, 2013 L.E.*

## CONCLUSION

WHEREFORE, the Government opposes Defendant Armstrong's motion and requests that this Court deny him leave to file a motion for a rehearing of his detention.

DATED: October 13, 2011, at Denver, Colorado.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/Kevin F. Sweeney
By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*AUGUST 29, 2013 C.E.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2011, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT ARMSTRONG'S MOTION FOR LEAVE TO FILE FOR A REHEARING ON PETITIONER'S DETENTION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa Monet Wayne
lmoney20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:   s/ *Kevin F. Sweeney*
      KEVIN F. SWEENEY
      Trial Attorney

6