# NON NEGOTIABLE NOTICE OF ACCEPTANCE

NOTICE DATE: Day Twenty-five        Month Eleven                    Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 183 Filed 04/04/11 USDC Colorado Page 1 of 9 ORDER, 2, 3, 4, 5, 6, 7, 8, Page 9 of 9 Dated April 4, 2011 Bob Blackburn, Robert E. Blackburn 9"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being  accept for value your Presentment "supra" and  return your offer for closure and  settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public cost;
- I request you close Account Number 1:10-cr-00317-RED, and issue the Order of the Court to me immediately;
- I request you adjust and set-off all Public charges by  the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE.** Dishonor may result if you fail to respond.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 2 2013

JEFFREY P. COLWELL
CLERK

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachemt: "supra"
cc:  Matthew Berg c/o Robert E Blackburn, United States District Judge, U.S. District Court, 901 19th Street Denver, CO 80294-3589 .Kristen L. Mix U.S. Magistrate Judge, c/o Robert E. Blackburn, United States District Judge U.S. District Court, 901 19th  Street, Denver, CO 80294-3589
cc:  Robert E. Blackburn, United States District Judge, U.S. District Court. 901 19th Street, Denver, CO 80294-3589
cc:  U.S.District Court, 901 19th Street, Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road Lompoc, California on November 25, 2013 C.E. for same day delivery to Clerk of the Court, U.S. District Court, 901 19th Street, Denver, CO 80294-3589

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

"*ACCEPTED*"
*November 25, 2013 C.E.*
*Richard Kellogg [signature]*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER

**Blackburn, J.**

The issues raised by and imbedded in the following papers are before me for consideration:

    1)    defendant's **Notice To The Courts To Recognize My Standing As One of We The People and Abide By The Constitution of 1787 and The Bill of Rights 1791, The Affiant Hereby Dissolves and Terminates Any Franchise Agreements Connected With The Birth Certificate or Trust Instrument Originating At The California State Registrar and Dismissing Case Nos. 10-cr-00317-REB and 10-cv-01073. As The Executor of the Richard Kellogg Armstrong Estate, I am Directing The Court To Dismiss Both Cases With Prejudice and Challenges The Validity of The Indictments, The Validity of the Charges and The Authority of The IRS** [#177][1] filed March 29, 2011;

---

[1] "[#177]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

*"Accepted"*
*November 25, 2013 C.E.*
*Richard Kellogg (signature)*

2) defendant's **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#178] filed March 29, 2011; and

3) defendant's **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#179] filed March 29, 2011.

Because Armstrong is proceeding *pro se*, I continue to construe his papers liberally. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Armstrong's first putative notice [#177] consists of 29 pages. The first four pages are essentially a reiteration of much of the same misstatement and misapplication of largely irrelevant legal principles that is common to several of Armstrong's previous papers. This reiteration of the irrelevant is followed with Armstrong's putative defense relating to the filing of "Original Issue Discounts," which runs from the final four paragraphs on page four through the first two paragraphs on page seven of his paper. The following headings appear thereafter: "Political Status Classified Truth Freehold," Notice at 8; "Status: Indigenous, Truth A-1 Freehold By Inheritance," *id.*; "Certificate of Exemption on Indigenous Grounds, Denial of Corporate Status And Negative Averment," *id.* at 9; "No Third Parties Allowed," *id.*; "Notice to the California State Registrar,"[2] *id.*; "This Is a Lawful And Legal Notice of Claimant Remedy," *id.* at 11; "Political Status," *id.*; "Affidavit of Truth," *id.*; "The Corporate United States Is in Violation of the Organic Constitution of 1787 And

---

[2] In this section of his paper, Armstrong asserts presumptiously and erroneously that if "[u]nrebutted after thirty (30) days from the date of Court Stamp Presentment, this affidavit stands as fact in the DISTRICT COURT OF THE UNITED STATES OR THE TERRITORIAL COURT of the UNITED STATES DISTRICT COURT, or any court in the land including the Tribunal Courts." Notice at 10. Of course, Armstrong does not have the authority to impose such a condition.

*"Accepted"*
*November 25, 2013 c.e.*
*Richard Kellogg Armstrong*

the Bill of Rights of 1791," *id.*; "The Following Facts,"[3] *id.* at 11-12; and "Written Allocution Related to Arraignment," *id.* at 12.[4]

To this notice Armstrong attaches an "Exhibit A," which is a request made by him on March 9, 2011, to Marie A. O'Rourke – Assistant director, U.S. Department of Justice, under the Freedom of Information Act for certain information about him. Exhibit A to Notice at 13-14. Following this Exhibit A is a paper Armstrong attaches as "Exhibit B," which is titled, "Actual Innocence Claim," and "Motion for Dismissal of Indictment with Prejudice As the Court Has No Jurisdiction Over Petitioner." Exhibit B to Notice at 15-22. Lastly, Armstrong attaches his "Exhibit C," which paper is titled, "Written Allocution Related to Arraignment." Exhibit C to Notice at 23-28.[5]

To the extent Armstrong presents intelligible demands and/or requests for relief in his notice and/or its exhibits, I deny the same on both procedural and substantive grounds.

Procedurally, Armstrong's demands and requests are filed out of time. *See* the Order [#128] entered January 27, 2011, at page 2, paragraph 2, which requires non-CJA motions to be filed by February 28, 2011. *See also* the Trial Preparation Conference Order [#33] entered June 25, 2011, at page 1, footnote 2, which provides that "Non-CJA motions shall not be filed out of time without leave of court." *See also* Fed. R. Crim. P 47(c)(The timing of a motion may be set by court order.)

Substantively, Armstrong's demands as stated in his notice and Exhibit B fail as

---

[3] Here, Armstrong repeats his jejune and irrelevant argument that Title 18 of the United States Code is not "Constitutional law" because it does not satisfy the requirements of the "Quorum Clause of the Constitution." Notice at 11-12. Armstrong then repeats his demand that he be discharged. *Id.*

[4] In this section, Armstrong reiterates his demand that the case be dismissed and that he be released from incarceration. Notice at 12.

[5] The final page 29 of the notice is a copy of the envelope used by Armstrong to transmit the notice and its concomitant exhibits A, B, and C.

*"ACCEPTED"*
*November 25, 2013 C.E.*
*[signature] Richard Kellogg Armstrong*

well, whether considered as discreet motions for relief or as motions to reconsider. When considered as motions, as opposed to motions to reconsider, I find and conclude that I have already addressed and denied the relief he now seeks again. *See* order [#151] entered February 28, 2011, and order [#169] entered March 23, 2011.

When the notice and Exhibit B are analyzed as motions to reconsider, Armstrong's arguments and demands fare no better. I begin by rehearsing the familiar formulation applicable to motions to reconsider which require a showing: (1) that there has been an intervening change in controlling law; (2) that there is new relevant evidence that was unavailable at the time of the initial motion; or (3) that reconsideration is necessary to correct clear error or to prevent manifest injustice. *See, e.g., United States v. D'Armond*, 80 F.Supp.2d 1157, 1170 -1171 (D.Kan. 1999).[6] None of those circumstances exists her.

Exhibit C to the notice requires individual attention. Although Exhibit C is titled "Written Allocution Related to Arraignment," it is substantively unrelated to arraignment. An arraignment is governed in the main by Fed. R. Crim. P. 10, which requires in relevant part that arraignment be conducted in open court and in a manner ensuring that

---

[6] Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. Like my colleague from the District of Kansas, I believe that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. Thus, a motion to reconsider must be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. *D'Armond*, 80 F.Supp.2d at 1170.(citations omitted). A court's rulings are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure. *Id*. A motion to reconsider is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Id*. at 1171. A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Id*.

*"Accepted"*
*November 25, 2013 C.E.*
*Richard Kellogg Armstrong*

the defendant has a copy of the indictment, reading the indictment to the defendant, and receiving the defendant's plea to the indictment. Fed. R. Crim. P. 10(a)(1), (2), and (3).

However, Exhibit C does present two issues that require consideration. First, Armstrong appears to attempt to conditionally reassert his right to counsel and waive implicitly his right to self-representation, which he demanded and which I permitted after a lengthy advisement on January 27, 2011. Courtroom Minutes [#129] filed January 27, 2011. In Exhibit C, "Petitioner notifies the court that Petitioner does not waive his right to counsel, as according (sic) him by Supreme Court and Constitution, but requests the right to have a written interview of any potential counsel to determine his competence pursuant to the Sixth Amendment of the Constitution."[7] Exhibit C at 1 to Notice at 23.

On January 27, 2011, after a lengthy advisement, I found that Armstrong voluntarily, knowingly, intelligently, and intentionally waived his right to counsel and exercised his right to self-representation. During the advisement, I warned Armstrong specifically that his decision to represent himself might be irrevocable,

There is no absolute right to counsel of one's choice," *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir.1987). *A fortiori*, there is no right to pick and choose among candidates as court appointed counsel. *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 624 (1989) ("Petitioner does not, nor could it defensibly do so, assert that impecunious defendants have a Sixth Amendment right to choose their counsel.") Armstrong's attempt to waive implicitly his right to self-representation and now exercise his right to counsel, provided he can interview prospective court appointed counsel, is

---

[7] Armstrong repeats this statement and request in the "Prayer for Relief." Exhibit C at 4 to Notice at 26.

*"ACCEPTED"*
*NOVEMBER 25, 2013 C.E.*
*Richard Kellogg Armstrong*

as unacceptable as it is unwarranted.

Second, Armstrong requests that the government produce certain documents, including certified copies of many of the documents, and answer certain interrogatories. Exhibit C at 2-4, ¶¶ 1-15 to Notice at 24-26. However, I conclude that none of the discovery now requested by Armstrong is required by Fed. R. Crim. P. 16, or by *Brady, Bagley, Giglio* or their progeny.[8]

Next, I consider Armstrong's **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#178] filed March 29, 2011. Although less than clear, I construe this paper to constitute a motion to dismiss based on the alleged failure of the government to file a timely response to Armstrong's paper [#154] filed February 28, 2011. The chronology of relevant events is taken from the CM/EFC system of the court. On February 28, 2011, Armstrong filed his paper [#154]. On March 1, 2011, I entered a **Minute Order** [#155], requiring the government to file a response to Armstrong's paper [#154] by March 14, 2011. On March 10, 2011, the government filed **Government's Consolidated Response to Defendant Armstrong's Motions To Dismiss** [#160].

In its consolidated response, the government addressed Armstrong's papers filed as [#144], [#149], and [#154]; thus, more than discharging its duty under my minute order. The CM/ECF information pertaining to the government's response [#160] notes that a copy of the response was mailed to Armstrong on March 10, 2011. Based on my review of Armstrong's papers and the government's consolidated response, I entered an order

---

[8] The reference to "*Brady, Bagley, Giglio,*" is a reference to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

6

"ACCEPTED"
NOVEMBER 25, 2013 6:15
Richard Kellogg Armstrong

[#169] on March 23, 2011, denying any and all relief requested by Armstrong in [#144], [#149], and [#154].

I find and conclude (1) that the government filed a timely response as required by my order; (2) that a copy of the government's response was served on Armstrong; and (3) that I addressed and resolved the issues raised by and imbedded in Armstrong's papers and the government's response. Thus, any relief requested by Armstrong in his **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#178] filed March 29, 2011, should be denied.

Finally, I consider Armstrong's **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#179] filed March 29, 2011. Again, although less than clear, I construe this paper to constitute a motion to dismiss based on the alleged failure of the government to file a timely response to Armstrong's paper [#144] filed February 17, 2011, which paper I construed as a motion to dismiss. See **Minute Order** [#146] entered February 22, 2011. Once again, the chronology of relevant events is taken from the court's CM/EFC system. On February 17, 2011, Armstrong filed his paper [#144]. On February 22, 2011, I entered a **Minute Order** [#146], requiring the government to file a response to Armstrong's paper [#144] by March 19, 2011. On March 10, 2011, the government filed **Government's Consolidated Response to Defendant Armstrong's Motions To Dismiss** [#160].

In its consolidated response, the government addressed Armstrong's papers filed as [#144], [#149], and [#154]; thus, more than discharging its duty under my minute order. The CM/ECF information pertaining to the government's response [#160] notes that a copy of the response was mailed to Armstrong on March 10, 2011. Based on my review of

*"ACCEPTED"*
*NOVEMBER 25, 2013 & E.*
*Richard Kellogg Armstrong*

Armstrong's papers and the government's consolidated response, I entered an order [#169] on March 23, 2011, denying any and all relief requested by Armstrong in [#144], [#149], and [#154].

I find and conclude (1) that the government filed a timely response as required by my order; (2) that a copy of the government's response was served on Armstrong; and (3) that I addressed and resolved the issues raised by and imbedded in Armstrong's papers and the government's response. Thus, any relief requested by Armstrong in his **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#179] filed March 29, 2011, should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That any relief requested in the **Notice To The Courts To Recognize My Standing As One of We The People and Abide By The Constitution of 1787 and The Bill of Rights 1791, The Affiant Hereby Dissolves and Terminates Any Franchise Agreements Connected With The Birth Certificate or Trust Instrument Originating At The California State Registrar and Dismissing Case Nos. 10-cr-00317-REB and 10-cv-01073. As The Executor of the Richard Kellogg Armstrong Estate, I am Directing The Court To Dismiss Both Cases With Prejudice and Challenges The Validity of The Indictments, The Validity of the Charges and The Authority of The IRS** [#177] filed March 29, 2011, is **DENIED**;

2. That specifically, the relief requested in Exhibit B [#177 at 15] titled "Actual Innocence Claim," and "Motion for Dismissal of Indictment with Prejudice As the Court Has No Jurisdiction Over Petitioner" is **DENIED**;

3. That specifically, the relief and discovery requested in Exhibit C [#177 at 23]

*"ACCEPTED"*
*November 25, 2013 C.E.*
*Richard Kellogg Armstrong*

titled "Written Allocution Related to Arraignment" are **DENIED**;

    4. That Armstrong's attempt as stated in Exhibit C [#177 at 23 and 26] to waive implicitly his right to self-representation and to now exercise his right to counsel, provided he can interview prospective court appointed counsel, is **REJECTED** as unacceptable and unwarranted;

    5. That any relief requested by Armstrong in his **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#178] filed March 29, 2011, is **DENIED**; and

    6. That any relief requested by Armstrong in his **Notice To The Agent is Notice To The Principal and Notice To The Principal is Notice To the Agent** [#179] filed March 29, 2011, is **DENIED**.

    Dated April 4, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

                                          *Bob Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge