# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Ten        Month Twelve                    Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 191 File 04/06/11 USDC Colorado Page 1 of 8 MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENCES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C §3161(h)(7)(B)(i) and(iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET 1, 2, 3, 4, 5, 6 Page 7 of 8 Dated: April 6, 2011   Lisa M. Wayne 7, Page 8 of 8 Wendy S. Anderson 8"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "supra" and return your offer for closure and settlement of the accounting. I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE**. Dishonor my result if you fail to respond.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 3 2013

JEFFREY P. COLWELL
CLERK

Sincerely,

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachement: "supra"
cc:  Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc:  U.S. District Court 901 19th Street Denver, CO 80294-3589
cc:  Lisa Wayne, Attorney C/O U.S. District Court, 901 19th Street Denver, CO 80294-3589

**CERTIFICATE OF MAILING**

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road Lompoc, California December 10, 2013 C.E. for same day delivery to Clerk of the Court, U.S. District Court, 901 19th Street, Denver CO 80294-3589

Richard Kellogg Armstrong

*"ALLISTIES"*
*Richard Kellogg Armstrong*
*December 10, 2013 C.E.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 10-cr-00317-REB

UNITED STATES OF AMERICA

    Plaintiff,

v.

1. **Curtis L. Morris,** and
2. Richard Kellogg Armstrong,

    Defendants.

---

**MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(i) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET**

---

Undersigned counsel, pursuant to 18 U.S.C. §3161(h)(7(B)(i) and (iv) requests that this Court enter an Order excluding 180 days from the time in which the offenses charged in the Superseding Indictment [#140]1 and continue the deadlines currently set in accordance with the exclusion of 180 days. As grounds therefore, undersigned counsel states as follows:

    1.    The original indictment [#5] charged Mr. Morris and co-defendant Richard Armstrong with one count of mail fraud in violation of 18. U.S.C. §1341 and §1342 involving U.S. Tax returns filed for the years 2005, 2006, and 2007. Mr. Morris was

---

1 "[#140]" is used throughout this pleading to reference the docket number assigned to a specific pleading or document by the court's electronic case filing and management system (CM/ECF).

1

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 10, 2013 C.E.*

charged with two additional counts of mail fraud in violation of 18 U.S.C. §1341 and §1342 for the alleged mailing on September 22, 2008 of I.R.S. Form 1040X U.S. Individual Income Tax Return for Susan K. Morris and Curtis Morris for 2006 alleged to have been mailed on September 22, 2008, and for the alleged mailing on April 16, 2009 of I.R.S form 1040 U. S. Individual Income Tax Return for Curtis L. Morris, for 2008. Mr. Morris and co-defendant Mr. Armstrong were jointly charged with four counts of filing false, fictitious, and fraudulent claims on October 23, 2008 for tax years 2005, 2006, and 2007, and for a filing on January 28, 2009 involving tax year 2008. Finally, two counts of the first indictment charged Mr. Morris with filing false, fictitious, and fraudulent claims on September 22, 2008 and April 16, 2009 in violation of 18 U.S.C. §287. The original indictment alleges a scenario involving an alleged scheme set forth in 11 typed pages.

2.   The superseding indictment [#140], filed February 15, 2011, expands the allegations against Mr. Morris to include additional dates and times and newly alleged criminal conduct, including the following: conspiracy to defraud the Government with respect to the tax return claims in violated of 18 U.S.C. §286; engaging in monetary transactions in property derived from specified unlawful activity in violation of 18. U. S. C. §1957; a forfeiture count under 18 U. S. C. §981 (a)(1)(C); an additional mail fraud count in violation of 28 U. S. C. §2461(c); and money laundering in violation of 18 U. S. C. 982(a)(1) and 18 U.S. C. §2. All told, the superseding indictment added 12 counts as to Mr. Morris, more than doubling the initial 9 counts charged against Mr. Morris in the original indictment.

*"ACCEPTED"*
*Richard Kellogg [signature]*
*December 10, 2013 C.E.*

3. On September 2, 2010, this Court held a hearing on Defendants' Joint Unopposed Motion for Declaration of Complexity and To Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. §3161(h) [#36] and granted the motion, thereby excluding 256 days from September 2, 2010, from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§3161-74. Defendant filed a Motion for Extension of Time to File Motions on February 28, 2011 [#153]; a hearing on this motion is set for April 7, 2011.

4. On March 25, 2011, AUSA Kenneth M. Harmon sent an IPRO computer disk to undersigned counsel containing computer file images of additional records, together with an index of documents identified at Bates 007434 through 008919 (supplemental Grand Jury materials), documents identified at GJ00289 through GJ02071 (concerning supplemental Grand Jury materials), and eleven (11) data disks (containing data disks the late Larry Hall provided to the Grand Jury during the course of his February 2011 Grand Jury appearance).

5. According to AUSA Harmon's letter, "there are six banker sized boxes that contain materials that may not have been previously scanned . . . These materials, a large portion of which we currently intend to scan and make available in a subsequent production . . ." Mr. Morris' defense team will need to review these additional materials, which have not yet been received by undersigned counsel as of the date of the filing of this Motion.

6. Additionally, undersigned counsel received and recently converted the contents of the mirror-imaged hard-drive obtained during the search and seizure of materials from Mr. Morris' residence containing email stores of Defendant Morris.

3

*"ACCEPTED"*
*[signature] Richard Kellogg Armstrong*
*December 10, 2013 CE*

These materials contain in excess of 6 gigabytes of data which must be reviewed prior to trial. Mr. Morris was originally indicted on June 8, 2010. (#5).

7. Given the expansion of the scope of the charges against Mr. Morris in addition to the ongoing production of significant discovery, some of which is still forthcoming, it is undersigned counsel's position that not only has the strategy and theory of defense been drastically altered, but the necessity of further investigation, conferring with potential experts, and preparation of the filing of motions on behalf of Mr. Morris require substantial additional time. Mr. Morris has so been advised, and is in complete agreement with the request to continue the presently scheduled trial, and request a new deadline for filing of all motions, and a new trial date.

8. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. §3161(h)(7)(B)(i)-(iv).

9. The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). "Adequate preparation time is clearly a permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). In this regard, the Supreme Court recently recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much

*"ACCEPTED"*
*[signature] Richard Kellogg Armstrong*
*DECEMBER 10, 2013 c.12*

of the Act's flexibility.'" *Bloate v. United States*, 130 S.Ct. 1345 (2010), aff'd in part, rev'd in part. To exclude the requested time under the Speedy Trial Act, the Court must make specific findings under Section (h)(7).

10.   Defendant is seeking a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice," 18 U.S.C. §3161(h)(7)(B)(i), and "would deny counsel for the defendant...reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv). See *Tombs*, 574 F.3d at 1268.

11. This case includes two Defendants, one that is proceeding pro se, novel questions of fact and law, and a significant amount of material that must be reviewed and investigated by the Defendants. Undersigned counsel cannot adequately review discovery, investigative defenses, draft motions, and prepare for trial within the presumptive time frame established by 18 U.S.C. §3161(c). See *Toombs*, 574 F.3d at 1269 ("(ii) whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section").

12.   In accordance with *United States v. West*, 828 F.2d 1468 (10th Cir. 1987), undersigned counsel states the following:

    a.  That she has been diligent in preparing for trial and is seeking a continuance based upon the late disclosure of discovery by the Government;

5

*"ACCEPTED"*
*Richard Kellogg (signature)*
*DECEMBER 10, 2013 C.E.*

b.  That the continuance, if granted, would allow the defense to adequately prepare the case for trial, and to be effective assistance of counsel on behalf of Mr. Morris ;

c.  That little inconvenience to the opposing party would result from a continuance, as the Government bears a similar burden to the Defendant with regard to additional investigation and disclosure and review of new discovery;

d.  Similarly, there would be little inconvenience to the witnesses and the Court as the trial is still a month and a half away and no witnesses have yet been scheduled to appear;

e.  That the need expressed by Defendant for a continuance is for reasonable time necessary for effective preparation for trial, and a denial of a continuance would result in irreparable prejudice and harm to Defendant.

*See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

13.  Undersigned counsel respectfully requests that the Court enter an order, pursuant to the facts set out above regarding the ongoing and unfinished production of significant, pertinent discovery and the need for additional investigation, finding that the ends of justice would be served by removing this case from the time limits dictated by 18 U.S.C. §3161, and excluding 180 days from the computation of speedy trial under the Speedy Trial Act.  As the additional investigation and review of discovery will also impact pretrial motions, undersigned counsel further requests the Order accordingly

*"ACCEPTED"*
*Richard Kellogg [signature]*
*December 10, 2013 CE*

reset the deadlines for pretrial motions, pretrial conference, and the trial date.  See

*Toombs*, 574 F.3d at 1269.

14.     Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel has conferred with the Government who does not take a position regarding the substance of this motion.

WHEREFORE, Defendant respectfully seeks an ends of justice continuance of the trial presently set for May 16, 2011 and an exclusion of 180 days from the computation of Speedy Trial under the Speedy Trial Act of 1974.

Dated: April 6, 2011.

Respectfully submitted,

s/ Lisa M. Wayne

_____
Lisa Monet Wayne, Esq.
Attorney for Curtis L. Morris
Denver Place-South Tower
999 18th Street, Suite 2550
Denver, Colorado 80202
(303) 860-1661

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of April, 2011; I electronically filed the foregoing **MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(i) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

"*Accepted*"
*Richard Kellogg Armstrong*
*December 16, 2013 CIE.*

In addition, I further certify that I have placed a copy of the same in the U. S. Mail addressed:

Mr. Richard Kellogg Armstrong
#20413-298
9595 Quincy Avenue
Federal Detention Center
Englewood, CO 80123

*s/ Wendy S. Anderson*
Wendy S. Anderson
