# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four       Month Twelve       Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 223 Filed 05/09/11 USDC Colorado
Page 1 of 7 GOVERNMENT'S MEMORANDUM IN SUPPORT OF NON-STIPULATED JURY INSTRUCTIONS
'the government's tendered instructions and verdict forms are annexed as Exhibits 1-38.1,
2, 3, 4, 5, Page 6 of 7 John F. Walsh, Kevin F. Sweeney 6, Page 7 of 7 Kevin F. Sweeney
7, "Document 223-1 Page 1 of 6 NON-STIP G INSTRUCTION NO.1, 2, 3, 4, 5, 6, "Document
223-2 Page 1 of 21 NON-STIP G INSTRUCTION NO.2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,
14, 15, 16, 17, 18, 19, 20, 21, "Document 223-3 Page 1 of 1 NON-STIP G INSTRUCTION NO.3
1.03 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006), "Document 223-4
Page 1 of 1 NON-STIP G INSTRUCTION NO.4, "Document 223-5 Page 1 of 1 NON-STIP G
INSTRUCTION NO.6, Page 2 of 2, "Document 223-6 Page 1 of 1 NON STIP G INSTRUCTION NO.5,
"Document 223-7 Page 1 of 1 NON-STIP G INSTRUCTION NO.7, "Document 223-8 Page 1 of 2
NON-STIP G INSTRUCTION NO.8, Page 2 of 2, "Document 223-9 Page 1 of 1 NON-STIP G
INSTRUCTION NO.9, "Document 223-10 Page 1 of 1 NON-STIP G INSTRUCTION NO.10, "Document
223-11 Page 1 of 1 NON-STIP INSTRUCTION NO.11, "Document 223-12 Page 1 of 2 NON-STIP G
INSTRUCTION NO.12, Page 2 of 2, "Document 223-13 Page 1 of 1 NON-STIP G INSTRUCTION
NO.13, "Document 223-14 Page 1 of 1 NON STIP G INSTRUCTION NO.13 MULTIPLE DEFENDANTS-
MULTIPLE COUNTS, "Document 223-15 Page 1 of 1 NON STIP G INSTRUCTION NO.15, "Document
223-16 Page 1 of 2 NON-STIP INSTRUCTION NO.16, Page 2 of 2, "Document 223-17 Page 1 of 1
NON STIPULATED G INSTRUCTION NO.17, "Document 223-18 Page 1 of 1 NON-STIP G INSTRUCTION
NO.18, "Document 223-19 Page 1 of 1 NON-STIP G INSTRUCTION NO.19 Page 1 of 1, "Document
223-20 Page 1 of 1 NON-STIP G INSTRUCTION NO.20, "Document 223-21 Page 1 of 1, "Document
223-22 Page 1 of 2, Page 2 of 2, "Document 223-23 Page 1 of 2 NON-STIP G INSTRUCTION
NO.23, Page 2 of 2, "Document 223-24 Page 1 of 1 NON-STIP G INSTRUCTION NO. 24, "Document
223-25 Page 1 of 1 NON-STIP G INSTRUCTION NO. 26, "Document 223-26 Page 1 of 3 NON-STIP
G INSTRUCTION NO.27, Page 2 of 3, Page 3 of 3, "Document 223-27 Page 1 of 2 NON-STIP G
INSTRUCTION NO.28, Page 2 of 2, "Document 223-28 Page 1 of 1 NON-STIP G INSTRUCTION
NO.30, "Document 223-29 Page 1 of 2 NON-STIP G INSTRUCTION NO.29, Page 2 of 2, "Document
223-30 Page 1 of 3 NON-STIP G INSTRUCTION NO.31, Page 2 of 3, Page 3 of 3, "Document
223-31 Page 1 of 2 NON-STIP G INSTRUCTION NO.32, Page 2 of 2, "Document 223-32 Page 1 of
3 NON-STIP G INSTRUCTION NO.33, Page 2 of 3, Page 3 of 3, "Document 223-33 Page 1 of 1
NON-STIP G INSTRUCTION NO.34, "Document 223-34 Page 1 of 2 SPECIAL VERDICT FORM, Page
2 of 2, "Document 223-35 Page 1 of 1 SPECIAL VERDICT FORM, "Document 223-36 Page 1 of 4
VERDICT FORM , Page 2 of 4, Page 3 of 4, Page 4 of 4, "Document 223-37 Page 1 of 6
VERDICT FORM, Page 2 of 6, 3, 4, 5, Page 6 of 6, "Document 223-38 Page 1 of 1 NON-STIP G
INSTRUCTION NO.25 Page 1 of 1"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "supra" and return your offer for closure and settlement of the
accounting.  I request you issue me the Order of the Court.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 27 2013

JEFFREY P. COLWELL
CLERK

NON NEGOTIABLE
NOTICE OF ACCEPTANCE

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*December 28, 2013 C.E.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00359-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  CURTIS L. MORRIS, and

2.  RICHARD KELLOGG ARMSTRONG,

   Defendants.

---

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF
## NON-STIPULATED JURY INSTRUCTIONS

---

   The United States of America, by and through its undersigned counsel, hereby submits its

memorandum in support of the tendered jury instructions and verdict forms, submitted this day

to chambers of the Court with a copy to counsel for the defendants and annexed hereto as

exhibits to this memorandum.[1]  The Government has submitted these instructions to the defense

and has not been instructed of any competing instructions.  Additionally, based upon

Armstrong's *pro se* status, stipulated instructions are not feasible.  Accordingly, the Government

considers all of its instructions to be non-stipulated.

### NON-STIP G INSTRUCTIONS NO. 1, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 16, 18, 26 (Exhibits 1, 3–9,11, 13, 14, 16, 18, 26)

   The instructions are drawn from Tenth Circuit Pattern Instructions and are generally

---

[1] The government's tendered instructions and verdict forms are annexed as Exhibits 1-38.

1

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 28, 2013 C.L.*

applicable in cases involving financial crimes with multiple defendants.

### NON-STIP  G INSTRUCTION NO. 2
### THE INDICTMENT READ (Exhibit 2)

This instruction would consist of a re-reading of the indictment in the final charge to the jury before the Court instructs the jury on the elements of the offenses and provides related instructions concerning the elements of the offenses.[2]  The re-reading of the charges will assist the jury in following these particular instructions and understanding how they pertain to the case.

### NON-STIP  G INSTRUCTION NO. 10
### THE INDICTMENT READ (Exhibit 10)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The Government intends to call an accomplice of the defendants, Steven Broughton, as a witness at trial.  He received a favorable plea agreement from the government. The instruction will assist the jury in assessing and evaluating the testimony of this accomplice turned government witness.

### NON-STIP  G INSTRUCTION NO. 12
### THE INDICTMENT READ (Exhibit 12)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit.  The indictment references several unindicted accomplices.  The instruction will assist the jury in focusing on only the crimes charged in the indictment.

### NON-STIP  G INSTRUCTION NO. 15
### DISPOSITION OF ALL CHARGES AGAINST ONE CODEFENDANT (Exhibit 15)

The instruction is drawn from the referenced Eighth Circuit model jury instruction

---

[2] The portion of the Indictment related to criminal forfeiture have been purposefully omitted from the instruction to avoid jury confusion.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 25 2013 C.E.*

regarding the dismissal of all charges against a codefendant during trial. It has been modified to address the circumstances of a pretrial dismissal of charges. One defendant named in the indictment, Larry R. Hall, recently died and all charges against him have, thus, been dismissed. Nonetheless, his name still appears in the indictment. The instructions will assist the jury in understanding how to deal with this circumstance in assessing the guilt of the defendants.

## NON-STIP  G INSTRUCTION NO. 17
### EXPERT WITNESS (Exhibit 17)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit. The Government has provided notice of its intent to call a witness with specialized computer knowledge. The instruction will assist the jury in assessing the weight of his testimony.

## NON-STIP  G INSTRUCTION NO. 19
### CONFESSION-STATEMENT - VOLUNTARINESS (Exhibit 19)

The instruction is drawn from the referenced pattern jury instructions promulgated by the Tenth Circuit. The Government intends to introduce Morris's oral statement to IRS-CID which is the subject of the defense's suppression motion. The instruction will assist the jury in assessing the weight of this statement and caution them against considering it with respect to Armstrong.

## NON-STIP  G INSTRUCTION NO. 20
### SIMILAR ACTS (Exhibit 20)

This instruction is drawn substantially verbatim from the pattern jury instruction promulgated by the Tenth Circuit when other act evidence is admitted pursuant to Federal Rules of Evidence Rule 404(b). The government has provided notice of its intent to admit such

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 2?, 2013 CE.*

evidence.  The proposed instruction will assist the jury in assessing and applying this evidence.

**NON-STIP  G INSTRUCTION NO. 21 & 23**
**PROOF OF KNOWLEDGE OR INTENT (Exhibit 21 & 23)**

These instructions are drawn from pattern instructions set forth in the O'Malley, Grenig

and Lee treatise.  The Tenth Circuit pattern instruction for the elements of the offenses in this

case instructs the jury that, as one of the elements of the offense, the jury must find that the

defendants knew that the false income tax returns identified in the indictment were, in fact, false.

This proposed instruction assists the jury in addressing the defendant's knowledge concerning

this matter and provides the jury with guidance as to how to assess and evaluate the evidence in

determining the existence or absence of knowledge.  Moreover, Instruction 23 differentiates the

difference between motive and intent and will help the jury to assess whether certain evidence is

probative of knowledge or intent.

**NON-STIP  G INSTRUCTION NO. 22 - KNOWINGLY -**
**DELIBERATE IGNORANCE (Exhibit 22)**

As indicated about, the defendants' knowledge of the falsity of the tax returns at issue is

an element of the offenses charged in this case and will likely be contested at trial.  The

government has reason to believe that the defendant will seek to adduce evidence either during

the government's case-in-chief or as part of a defense case to suggest that the defendants were

unaware of how to properly prepare certain IRS forms.  Should such evidence be adduced at

trial, the proposed instruction, drawn verbatim from Tenth Circuit Pattern Instructions, will assist

the jury in determining whether the defendant's professed absence of knowledge was purposeful

or not.  The applicability of the instruction will depend on the evidence at trial.

4

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

## NON-STIP  G INSTRUCTION NO. 24 & 25
## HANDWRITING EVIDENCE (Exhibit 24 & 25)

These instructions are drawn from pattern instructions set forth in the O'Malley, Grenig and Lee treatise and Tenth Circuit Pattern Jury Instructions. The government will introduce tax returns signed by the defendants.  It may introduce evidence of the defendant's known signatures in other records as part of its proof that the defendant signed the paper filed income tax returns in this case. The proposed instruction will assist the jury in assessing and applying this evidence.

## NON-STIP  G INSTRUCTION NO. 27-31 & VERDICT FORMS (Exhibit 27-32, 37-38)

Instructions 27, 28, 30, & 32 are drawn from the Tenth Circuit Pattern Instructions and state the elements and definitions of the counts in the indictment.  However, the Tenth Circuit Pattern Instructions do not contemplate instructions for all counts listed in the indictment. According, Instructions 29 and 31 are drawn from Tenth Circuit case law, definitions from the Tenth Circuit Pattern Instructions, and the pattern instructions of other circuits.  These instructions will assist the jury in understanding the elements of the counts charged in the indictment.  Instructions 37 and 38 are simply the verdict forms for Morris and Armstrong

## NON-STIP  G INSTRUCTION NO. 33-36
## FORFEITURE INSTRUCTIONS AND SPECIAL VERDICT FORMS (Exhibits 32-36)

The instruction is drawn from Federal Rule of Criminal Procedure 32.2 which sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.  There is no right to a jury determination of the amount of a money judgment under Fed. R. Crim. P. 32.2(b).  However, should defendant Richard Kellogg Armstrong request a jury determination of the forfeiture of the specific assets, the United States requests that the Court:

*"ACCEPTED"*
*Robert E. Williams Consisting*
*DECEMBER 24, 2013 CE.*

(1)     instruct the jury on the issue of forfeiture after the jury has returned a guilty

verdict on any or all of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven, of the

Superseding Indictment;

(2)     allow jury instructions regarding property subject to forfeiture and burden of

proof; and

(3)     provide the jury with a special verdict form as proposed by the government.


                              Respectfully submitted,

                              JOHN F. WALSH
                              United States Attorney


                              s/Kevin F. Sweeney
                              By: Kevin F. Sweeney
                              Trial Attorney
                              Tax Division
                              U.S. Department of Justice


## CERTIFICATE OF SERVICE

" *ACCEPTED* "

*Richard Kellogg Armstrong*
*December 2?, 2013 C.E.*

I hereby certify that on this 9th day of May, 2011, I electronically filed the foregoing
**GOVERNMENT'S MEMORANDUM IN SUPPORT OF NON-STIPULATED JURY
INSTRUCTIONS** with the Clerk of the Court using the CM/ECF, which will send notification
to counsel listed below.

> Lisa Monet Wayne
> lmoney20@aol.com
>
> David L. Owen
> davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

> Richard Kellogg Armstrong
> #20413-298
> Englewood Federal Correctional Institution
> Inmate Mail/parcels
> 9595 West Quincy Avenue
> Littleton, CO 80123

By:      s/ Kevin F. Sweeney
         KEVIN F. SWEENEY
         Trial Attorney

7

*" ACCEPTED "*
*[signature]*
*DECEMBER 24, 2013 CE.*

NON-STIP G INSTRUCTION NO. 1

PRELIMINARY INSTRUCTIONS BEFORE TRIAL

At the end of the trial I will give you detailed guidance on the law and how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by an Assistant United States Attorney, Kenneth M. Harmon, and a Department of Justice Trial Attorney, Kevin F. Sweeney. Defendant Curtis L. Morris is represented by his lawyer, Lisa M. Wayne.  Defendant Richard K. Armstrong has decided to represent himself and not use the services of a lawyer. He has a perfect right to do this. His decision has no bearing on whether he is guilty or not guilty, and it should have no effect on your consideration of the case.

The indictment charges Defendants Morris and Armstrong for offenses relating to their involvement in a scheme to file false claims with the IRS for themselves and others between approximately September of 2008 and May of 2009. According to the indictment, the scheme involved the filing of false individual tax returns claiming large tax refunds based upon fictitious federal income tax withholding. The indictment alleges that the scheme participants submitted fraudulent Forms 1099-OID to the IRS showing bogus federal income tax withholding from fictitious original issue discount income.

The indictment charges Morris with one count of conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286 for his role as the tax preparer of the scheme. It also charges him with seventeen counts of filing false claims

"ACCEPTED"
Michael J Hughs Justice
DECEMBER 28, 2013 C.E.

against the United States in violation of 18 U.S.C. § 287 for preparing false amended

tax returns for himself and clients of the scheme. Moreover, the indictment charges

Morris with three counts of mail fraud in violation of 18 U.S.C. § 1341 for causing his

false amended tax returns and the amended tax returns of Richard K. Armstrong to be

delivered by mail to the IRS.

The indictment charges Armstrong for his participation in the same conspiracy to

defraud the United States count in violation of 18 U.S.C. § 286. It also charges him with

eight counts of filing false claims against the United States in violation of 18 U.S.C. §

287 for filing his own false amended tax returns with the IRS as well as one count of

mail fraud in violation of 18 U.S.C. § 1341 for causing his false tax amended returns to

be delivered to the IRS by mail. The indictment further charges Armstrong with three

counts of engaging in monetary transactions in criminally derived property in violation of

18 U.S.C. § 1957 using the proceeds of his mail fraud.

The indictment is simply the description of the charge made by the government

against the defendant; it is not evidence of guilt or anything else. The defendant

pleaded not guilty and is presumed innocent. He may not be found guilty by you unless

all twelve of you unanimously find that the government has proved his guilt beyond a

reasonable doubt.  There are multiple defendants in this case and you will have to give

separate consideration to the case against each defendant as each is entitled to

individual consideration.

The first step in the trial will be the opening statements.  The government in its

opening statement will tell you about the evidence which it intends to put before you.

Just as the indictment is not evidence, neither is the opening statement.  Its purpose is

*"ACCEPTED"*

*Richard Kellyg Armstrong*

*DECEMBER 28, 2013 C, IE.*

only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.   If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

*" ACCEPTED "*

*Richard W Killips Reporting*

*DECEMBER 24 2013 C.E.*

During the course of the trial I may have to interrupt the proceedings to confer

with the attorneys about the rules of law that should apply.  Sometimes we will talk

briefly, at the bench.  But some of these conferences may take more time, so I will

excuse you from the courtroom.  I will try to avoid such interruptions whenever possible,

but please be patient even if the trial seems to be moving slowly because conferences

often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to

decide what evidence to believe and how much of any witness's testimony to accept or

reject.

After you have heard all the evidence on both sides, the government and the

defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you

are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness.  If I do, that does

not indicate I have any opinion about the facts in the case but am only trying to bring out

facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand,

you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that

you become distracted, and remember that your notes will not necessarily reflect

exactly what was said, so your notes should be used only as memory aids.  Therefore,

you should not give your notes precedence over your independent recollection of the

evidence.  You should also not be unduly influenced by the notes of other jurors.  If you

"ACCEPTED"
*Nina L. Kellogg (signature)*
DECEMBER 27, 2013 C.E.

do take notes leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Sweeney, you may present the opening statement for the government.

"ACCEPTED"

*Richard Kellogg (signature)*

DECEMBER 28, 2013

1.01 and 1.02 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

"ACCEPTED"
*Richard Kellogg Armstrong*
DECEMBER 28, 2013 C.E.

NON-STIP G INSTRUCTION NO. 2

THE INDICTMENT READ

The indictment charges the defendants as follows:

## COUNTS 1 - 5

(Mail Fraud)

1.      From as early as in or about September 2008, and continuing at least

through in or about May 2009, the exact dates being unknown to the Grand Jury, in the

State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,
RICHARD KELLOGG ARMSTRONG, and
LARRY RAY HALL,**

together, and in concert with persons known and unknown to the Grand Jury, devised

and intended to devise a scheme and artifice to defraud and to obtain money and

property by means of false and fraudulent material pretenses and representations from

the United States Department of Treasury and one of its agencies, the Internal Revenue

Service ("IRS"), through the submission of false claims for federal income tax refunds,

as part of individual federal income tax returns filed with the IRS, that were based upon

and supported by false and fictitious information about federal income taxes purportedly

withheld on original issue discount income, as set forth in the federal income tax returns

and as purportedly reflected on IRS Forms 1099-OID filed with the IRS.

## Background

At all times material to this Superseding Indictment:

2.      Original issue discount ("OID") income was a form of interest income

typically realized on debt instruments that were issued at a discount to, or purchased at

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

less than, the ultimate redemption value of the debt instrument. The IRS typically

considered the holders of such discounted debt instruments to have realized yearly OID

income from such instruments in amounts corresponding to a pro rated portion of the

overall difference in value between the issuance or purchase price of the instrument and

its redemption price.

3.      The IRS required financial institutions to report OID income realized from

OID instruments for a particular year, both to the IRS and to the holder of the OID

instrument, through the use of IRS Form 1099-OID, a copy of which form was required

to be provided to the holder of the OID instrument for use in preparing the taxpayer's

federal income tax return for the year and the original of which was to be filed by the

financial institution with the IRS.  While a portion of the Form 1099-OID required the

financial institution to report any amounts of OID income withheld from the taxpayer for

the purpose of paying over federal income taxes on behalf of the taxpayer, OID income

was not generally subject to federal income tax withholdings, and Forms 1099-OID,

accordingly, would typically report federal income tax withholdings on OID income only

for those taxpayers who were subject to certain backup withholding requirements by the

IRS.

4.      Defendant CURTIS L. MORRIS was a resident of Elizabeth, Colorado who

worked as an accountant, bookkeeper and business consultant and was self-employed,

part-time, as an income tax preparer, doing business, through EFFN Books, Inc., under

the trade name "Numbers and Beyond."  Defendant MORRIS charged clients of his tax

preparation business a fee for the federal income tax returns that he prepared on their

behalf.

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DECEMBER 28, 2013 C.E.*

5.      Beginning in or about September 2008, defendant MORRIS began to prepare a series of federal income tax returns for a number of clients claiming large federal income tax refunds as the result of large amounts of federal income taxes purportedly withheld from OID income earned by the clients (hereinafter, defendant MORRIS's "OID tax return preparation clients").  Defendant MORRIS also prepared federal income tax returns for himself and his spouse claiming federal income tax refunds based on purported federal income tax withholdings on their OID income (said returns hereinafter referred to, from time to time, as "OID returns").

6.      Defendant RICHARD KELLOGG ARMSTRONG was a part-time resident of Arizona.  ARMSTRONG was one of defendant MORRIS's tax preparation clients for whom MORRIS prepared federal income tax returns claiming large refunds based on purported federal income tax withholdings on OID income.  ARMSTRONG recruited other individuals to have federal income tax returns prepared on their behalf by MORRIS seeking large refunds on the same basis.

7.      Defendant LARRY RAY HALL was a resident of Parker, Colorado and later Brighton, Colorado.  Defendant HALL was a promoter of the use of self-prepared Forms 1099-OID and corresponding federal income tax returns as vehicles to claim large federal income tax refunds as a result of reporting large amounts federal income taxes purportedly withheld from OID income supposedly earned by taxpayers.  Defendant HALL, among other things, solicited persons to file federal income tax returns claiming refunds in this manner, explained the process by which the refunds could be claimed based on purported tax withholdings from supposed OID income, and referred interested individuals to accountants such as MORRIS to prepare the federal

*"ACCEPTED"*

*[handwritten signature] December 2?, 2013 C.E.*

income tax returns claiming refunds on such basis.

8.      Defendant HALL also had federal income tax returns for himself and his spouse prepared claiming federal income tax refunds based on purported federal income tax withholdings on their OID income.

### The Scheme And Artifice

9.      It was part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations that:

a.      Defendant HALL, together with others known and unknown to the grand jury, would explain to solicited persons how they could use accounts with various types of financial institutions, such as mortgage loan accounts, personal and business loan accounts, lines of credit, credit card accounts, and bank accounts (hereinafter, "financial institution accounts"), to claim entitlement from the IRS to payments commensurate with loan and credit amounts relating to these accounts.  Defendant HALL would explain that the payments would be secured in the form of income tax refunds that would be claimed through federal income tax returns and Forms 1099-OID that, depending on the account, would depict the loan, credit, and checking debit amounts as OID income earned by the taxpayer with respect to the accounts and would represent that federal income taxes approximating these amounts was withheld by the financial institutions where these accounts were held.

b.      Defendant HALL, directly and through others, would provide the solicited persons with documentation prepared by HALL explaining the philosophy and rationale behind seeking tax refunds from the IRS in this manner and purporting to justify the legitimacy of doing so.

"ACCEPTED"
*Richard Kellogg Armstrong*
DECEMBER 24, 2013 CE.

      c.      Defendant HALL, together with others known and unknown to the grand jury (including, from time to time, defendant MORRIS), would provide persons interested in securing payments from the IRS through the use of federal income tax returns and Forms 1099-OID exploiting this concept with instructions on how to identify and compile information about their financial institution accounts and would provide these interested persons with specific forms through which to list these accounts and related information.

      d.      Defendant HALL, together with others known and unknown to the grand jury, would subsequently refer these interested persons to defendant MORRIS to prepare the OID returns using this compiled information or, alternatively, indicate to these persons that they should select another tax professional familiar with the concept of using Forms 1099-OID and OID returns to obtain tax refunds to prepare the OID returns.

      e.  Defendant ARMSTRONG and defendant MORRIS's other OID tax return preparation clients, upon being solicited by HALL and others involved in the scheme, would compile, for the particular tax year in question, a list of their various financial institution accounts and to provide, as part of that list, identifying information about the accounts and the loan, credit or checking debit amounts that they wanted to use to claim tax refunds based on the supposed OID income tax withholdings.

      f.      Defendant ARMSTRONG and these other OID tax preparation clients would then provide these lists and the related account information to defendant HALL and others involved in the scheme to use to prepare IRS Forms 1099-OID that would falsely portray the accounts as generating large amounts of OID income for the

*"ACCEPTED"*

*Richard Kellogg (signature)*

*DECEMBER 26, 2013 C.E.*

taxpayer and correspondingly large amounts of federal income taxes withheld on the

OID income, whereas the nature of the accounts and the activity in the accounts, in

reality, reflected that the taxpayers owed money to the financial institutions in question

or had negligible bank interest on bank account deposits and, in any event, had not

been subject to federal income tax withholdings with respect to the accounts.  The

amounts represented in the fabricated Forms 1099-OID as OID income realized and

income taxes withheld on that income was typically derived from and corresponded to

the loans or credit lines that the taxpayer had with the financial institution or, in the case

of bank accounts, the amounts withdrawn or debited from the accounts over the course

of the year.

        g.      The resulting Forms 1099-OID would be fabricated to make it

appear that they had been issued by the financial institutions in question.  Defendant

ARMSTRONG and the other OID tax return preparation clients of defendant MORRIS,

upon completion of these fabricated Forms 1099-OID, would cause the forms to be filed

with the IRS and then furnished to defendant MORRIS for use in preparing the OID

returns.  The returns that defendant MORRIS would prepare would take the federal

income tax withholding amounts reported on the fabricated Forms 1099-OID and record

them as tax payments that would offset and exceed his taxpayer clients' calculated

income tax liabilities for the year and thereby form the basis for their claimed federal

income tax refunds.

        h.      Defendant MORRIS would then sign the returns as the paid

preparer and forward the prepared returns to defendant ARMSTRONG and the other

OID tax return preparation clients for filing with the IRS.

*" ACCEPTED "*

*(handwritten signature)*

*DECEMBER 2[?], 2013 CE*

      i.     Defendant HALL would solicit defendant MORRIS's OID tax return preparation clients and others who had agreed to file OID returns to entrust with him the proceeds of the anticipated tax refunds for investment in real estate, which investment HALL claimed could be used to generate additional tax refund payments through the filing of additional Forms 1099-OID and OID returns.

### *The Armstrong OID Returns And Claimed Refunds.*

     10.     On or about November 3, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant ARMSTRONG caused three Amended U.S. Individual Tax Returns for him and his spouse for the years 2005 through 2007, prepared by defendant MORRIS, to be filed with the IRS. The amended returns claimed a federal income tax refund of $582,352 for 2005, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount; $283,746 in tax refunds for 2006, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount; and $605,300 in tax refunds for 2007, based on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

     11.     On or about January 31, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant ARMSTRONG caused a U.S. Individual Tax Return for him and his spouse for the year 2008, prepared by defendant MORRIS, to be filed with the IRS. The return claimed a federal income tax refund of $1,739,452 for 2008, based on purported federal income tax withheld from purported OID income.

"ACCEPTED"

*Richard Kellogg Armstrong*

DECEMBER 24, 2013 CE.

### DL's OID Returns And Claimed Refunds.

12.      Over the course of in or about October 2008 through in or about

November 2008, as a part of the scheme and artifice to defraud and to obtain money

and property by false and fraudulent material pretenses and representations, defendant

HALL recruited

a Golden, Colorado resident identified herein as "DL" to be an OID tax preparation client

of defendant MORRIS and prepared sets of fabricated Forms 1099-OID for DL for the

years 2005 through 2007 for DL to submit to the IRS.  Defendant MORRIS then

prepared three Amended U.S. Individual Tax Returns for DL and his ex-spouse for the

years 2005 through 2007, using the information in these fabricated Forms 10099-OID,

for DL to file with the IRS.            13.      The amended returns claimed federal income

tax refunds, based on purported federal income tax withheld from purported OID income

by financial institutions, of $553,386 for 2005; $1,179,323 for 2006; and $469,550 for

2007.

### SB's OID Returns And Claimed Refunds.

14.      Over the course of in or about January 2009 through in or about February

2009, as a part of the scheme and artifice to defraud and to obtain money and property

by false and fraudulent material pretenses and representations, defendant MORRIS

prepared and caused to be filed with the IRS three Amended U.S. Individual Tax

Returns for a Parker, Colorado resident identified herein as "SB," one of MORRIS's OID

tax preparation clients, and SB's spouse, for the years 2005 through 2007.  Defendant

MORRIS also prepared and caused to be filed with the IRS a U.S. Individual Tax Return

for SB and his spouse for the year 2008.

"*ACCEPTED*"

*Richard Villegas (Jointment)*
*DECEMBER 29, 2013 CE.*

15.     The amended returns claimed federal income tax refunds, based on purported federal income tax withheld from purported OID income by financial institutions, of $333,127 for 2005; $211,429 for 2006; and $355,441 for 2007. The OID return for 2008 claimed a federal income tax refund of $197,824, based on purported federal income tax withheld from purported OID income by financial institutions.

### EDF's OID Returns And Claimed Refunds.

16.     Over the course of on or about February 2009 through in or about May 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS prepared four U.S. Individual Tax Returns for a Rancho Mirage, California resident identified herein as "EDF," an OID tax preparation client referred by defendant ARMSTRONG, for the years 2005 through 2008, which OID returns EDF then filed with the IRS.

17.     The returns claimed federal income tax refunds, based  purported federal income tax withheld from purported OID income by financial institutions, of $203,203 for 2005; $253,683 for 2006; $1,126,473 for 2007; and $345,000 for 2008.

### The Morris OID Returns And Claimed Refunds.

18.     On or about October 7, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS caused an Amended U.S. Individual Tax Returns for him and his spouse for the year 2006, which he personally prepared, to be filed with the IRS.  The amended return claimed a federal income tax refund of $74,546, based primarily on purported federal income tax withheld from purported OID income by

*" ACCEPTED "*

*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

financial institutions equaling that amount.

19.     On or about April 16, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant MORRIS caused an U.S. Individual Tax Returns for himself for the year 2008, which he personally prepared, to be filed with the IRS.  The return claimed a federal income tax refund of $90,481, based, in substantial part, on purported federal income tax withheld from purported OID income by financial institutions totaling approximately $129,983.

### *The Hall OID Returns And Claimed Refunds.*

20.     On or about October 6, 2008, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL caused an Amended U.S. Individual Tax Return for him and his spouse for the year 2006, to be filed with the IRS.  The amended return claimed a federal income tax refund of $66,550, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

21.     On or about April 15, 2009, as a part of the scheme and artifice to defraud and to obtain money and property by false and fraudulent material pretenses and representations, defendant HALL caused an U.S. Individual Tax Return for himself and his spouse for the year 2008, to be filed with the IRS.  The return claimed a federal income tax refund of $745,781, based primarily on purported federal income tax withheld from purported OID income by financial institutions equaling that amount.

### COUNT 1

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

22.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

23.     On or about October 23, 2008, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent material pretenses and representations, and attempting to do so, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

did knowingly cause, and aid and abet others to cause, to be deposited matters and things to be sent and delivered by a commercial interstate carrier, according to the direction thereon, to wit, three completed amended U.S. Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong for the years 2005, 2006, and 2007, from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 2 - 3

24.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

25.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and

*"ACCEPTED"*
*Richard Kietteg Armstrong*
*DECEMBER 2&, 2013 C.E.*

fraudulent material pretenses and representations, and attempting to do so, the

defendant,

### CURTIS L. MORRIS,

did knowingly cause to be delivered by United States mail according to the direction

thereon, the following matters and things:

| COUNT | DATE | MAIL MATTER |
|-------|------|-------------|
| 2 | 9/22/08 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

All in violation of Title 18, United States Code, Sections

1341 and 2.

### COUNTS 4 - 5

26.     The allegations contained in paragraphs 1 through 21 of this Superseding

Indictment are hereby re-alleged as if set out in full and incorporated herein by

reference.

27.     On or about the dates enumerated as to each count below, in the State

and District of Colorado, and elsewhere, for the purpose of executing the aforesaid

scheme and artifice to defraud and to obtain money and property by means of false and

fraudulent material pretenses and representations, and attempting to do so, the

defendant,

*"ACCEPTED"*
*Michael Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

**LARRY RAY HALL,**

did knowingly cause to be delivered by United States mail according to the direction

thereon, the following matters and things:

| COUNT | DATE | MAIL MATTER |
|-------|------|-------------|
| 4 | 10/6/2008 | IRS Form 1040X Amended U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |
| 5 | 4/15/09 | IRS Form 1040 U.S. Individual Income Tax Return for Mary A. Sands and Larry R. Hall, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, California |

All in violation of Title 18, United States Code, Sections

1341 and 2.

## COUNTS 6 - 9
(False Claims)

28.    The allegations contained in paragraphs 1 through 21 of this Superseding

Indictment are hereby re-alleged as if set out in full and incorporated herein by

reference.

29.    On or about the dates enumerated as to each count below, in the State

and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims against the United States

for payment, which they knew to be false, fictitious and fraudulent, by preparing and

causing to be prepared on or about the indicated dates, U.S. Individual Income Tax

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 27, 2013 C.E.*

Returns, on Forms 1040X and 1040, for defendant Armstrong and his spouse, for the

particular tax years indicated below, which returns were presented to the United States

Treasury Department, through the Internal Revenue Service, wherein they caused to be

claimed refunds of taxes in the indicated amounts, knowing such claims to be false,

fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|----------|----------|-------|----------------|
| 6 | 10/20/08 | 2005 | 1040X | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | $605,300 |
| 9 | 1/28/09 | 2008 | 1040 | $1,739,452 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 10 - 12
### (False Claims)

30.     The allegations contained in paragraphs 1 through 21 of this Superseding

Indictment are hereby re-alleged as if set out in full and incorporated herein by

reference.

31.     On or about the dates enumerated as to each count below, in the State

and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS, and**
**LARRY RAY HALL**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims against the United States

for payment, which they knew to be false, fictitious and fraudulent, by preparing and

causing to be prepared on or about the indicated dates, U.S. Individual Income Tax

Returns, on Forms 1040X and 1040, for DL and his then spouse, for the particular tax

*" ACCEPTED "*
*Michael Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

years indicated below, which returns were presented to the United States Treasury

Department, through the Internal Revenue Service, wherein they caused to be claimed

refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious,

and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 10 | 10/24/08 | 2005 | 1040X | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | $469,550 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 13 - 16
(False Claims)

32.     The allegations contained in paragraphs 1 through 21 of this Superseding

Indictment are hereby re-alleged as if set out in full and incorporated herein by

reference.

33.     On or about the dates enumerated as to each count below, in the State

and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims against the United States

for payment, which they knew to be false, fictitious and fraudulent, by preparing and

causing to be prepared on or about the indicated dates, U.S. Individual Income Tax

Returns, on Forms 1040X and 1040, for EDF, for the particular tax years indicated

below, which returns were presented to the United States Treasury Department,

''ACCEPTED''

*Richard Kellogg Armstrong*

DECEMBER 24, 2013 C.E.

through the Internal Revenue Service, wherein they caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 13 | 2/19/09 | 2005 | 1040X | $203,203 |
| 14 | 2/19/09 | 2006 | 1040x | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | $345,000 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 17 - 20
(False Claims)

34.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

35.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**CURTIS L. MORRIS,**

made and presented, and caused to be made and presented,

to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by preparing and causing to be prepared on or about the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for SB and his spouse, for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein they caused to be claimed

*"ACCEPTED"*
*Michael Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 17 | 1/7/09 | 2005 | 1040X | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | $197,824, |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 21 - 22
### (False Claims)

36.     The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

37.     On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

### CURTIS L. MORRIS,

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by preparing and mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for the particular tax years and in the particular names indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

" *ACCEPTED* "

*Richard Kellogg Armstrong*

*DECEMBER 24, 2013 C.E.*

| Count | Date | Tax Year | Form | Taxpayer | Refund Claimed |
|-------|------|----------|------|----------|----------------|
| 21 | 9/18/08 | 2006 | 1040X | Susan K. Morris and Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | Curtis L. Morris | $90,481 |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 23 - 24
(False Claims)

38.    The allegations contained in paragraphs 1 through 21 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

39.    On or about the dates enumerated as to each count below, in the State and District of Colorado, and elsewhere, the defendant,

**LARRY RAY HALL,**

made and presented to the United States Treasury Department the following claims against the United States for payment, which he knew to be false, fictitious and fraudulent, by causing to be mailed mailing on the indicated dates, U.S. Individual Income Tax Returns, on Forms 1040X and 1040, for him and his spouse for the particular tax years indicated below, which returns were presented to the United States Treasury Department, through the Internal Revenue Service, wherein he caused to be claimed refunds of taxes in the indicated amounts, knowing such claims to be false, fictitious, and fraudulent:

| Count | Date | Tax Year | Form | Refund Claimed |
|-------|------|----------|------|----------------|
| 23 | 10/6/08 | 2006 | 1040X | $66,550 |

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

| 24 | 4/15/09 | 2008 | 1040 | $754,781 |

All in violation of Title 18, United States Code, Sections 287 and 2.

### COUNTS 25 - 27
(Monetary Transactions in Criminally Derived Property)   40.   The allegations contained in paragraphs 1 through 21  and paragraph 23 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

41.   On or about the dates alleged below as to each Count, in the State and District of Colorado, and elsewhere, the defendants,

**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL**

did knowingly engage and attempt to engage in the following  monetary transactions affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, namely, mail fraud, in violation of Title 18, Untied States Code, Section 1341, as described and set forth and alleged in Count 1 of this Indictment:

| Count | Date | Transaction |
|-------|------|-------------|
| 25 | 11/22/08 | Wire transfer of $727,000  from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

| 27 | 1/7/09 | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |
|----|--------|---|

In violation of Title 18 of the United States Code, Sections 1957 and 2.

## COUNT 28
### (Conspiracy to Defraud the Government)

42.     The allegations contained in paragraphs 1 through 17, 23, 29, 33, 35 and 41 of this Superseding Indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

43.  Beginning in or about September 2008 and continuing until in or about May 2009, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendants,

**CURTIS L. MORRIS,**
**RICHARD KELLOGG ARMSTRONG, and**
**LARRY RAY HALL,**

did knowingly agree, combine and conspire, with each other and with persons known and unknown to the Grand Jury, to defraud the United States Department of Treasury, by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims, that is, claims for payment of money against the United States Treasury Department, through the Internal Revenue Service, such claims being IRS Form 1040X Amended U.S. Individual Income Tax Returns and IRS Form 1040 U.S. Individual Income Tax Returns, together with IRS Forms 1099-OID submitted to the IRS in relation to said returns, seeking refunds on behalf of the taxpayers named in the said returns.

44.     Said agreement, combination and conspiracy was carried out through the

*"ACCEPTED"*

*Richard Kellogg (Juristiction)*

*DECEMBER 24, 2013 C.E.*

manner and means described in connection with the scheme and artifice to defraud,

and to obtain money and property by false and fraudulent material pretenses and

representations, set forth in relation to Counts 1 through 5 of this Superseding

Indictment.

In violation of Title 18 of the United States Code, Section 286.

*" ACCEPTED "*
*Richard I. Kellogg Armstrong*
*DECEMBER 28, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 3

INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration.

It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case--for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdict you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

1.03 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 4

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened  −  that is, in reaching your decision as to the facts  −  it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

1.04 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DECEMBER 28, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 6

EVIDENCE - DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

1.06 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)

"ACCEPTED"

Richard Kellogg Armstrong

DECEMBER 24, 2013 C.E.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 28, 2013 R.E.*

NON-STIP G INSTRUCTION NO. 5

PRESUMPTION OF INNOCENCE - BURDEN OF PROOF - REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

1.05 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)

*"Accepted"*
*Richard Kellogg Armstrong*
*December 24, 2013 CE*

NON-STIP G INSTRUCTION NO. 7

EVIDENCE - DIRECT AND CIRCUMSTANTIAL - INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

1.07 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

"ACCEPTED"
*Vincent Kelley Armstrong*
*DECEMBER 26, 2013 @ 1F*

NON-STIP G INSTRUCTION NO. 8

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendants] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection —like failure of recollection—is not uncommon.

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DISCEMBER 29, 2013 L.E.*

[The testimony of the defendants should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendants did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

1.08 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

*"ACCEPTED"*

*Richard Kellogg (signature)*

*DECEMBER 24, 2013 RE*

NON-STIP G INSTRUCTION NO. 9

IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of witnesses who, before this trial, may have made statements that are different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide on the credibility of those witnesses.  You cannot use the prior inconsistent statements as proof of anything else.  You can only use them as one way of evaluating the witnesses' testimony here in court.

1.10  Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006) (modified to address multiple witnesses)

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 2[?], 2013 C[?]E.*

NON-STIP G INSTRUCTION NO. 10

ACCOMPLICE—PLEA AGREEMENT

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict a defendant based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

The government acknowledges that one of its witnesses, Steven Broughton, is an accomplice in this case. The government has entered into a plea agreement with this witness providing for a recommendation of a sentence he might not otherwise received. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

A person who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. The fact that a witness has agreed to plea guilty to an offense related to the charged conduct is not evidence of the guilt of any other person.

1.14 & 1.15 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)(modified to address a government witness that is not a co-defendant)

*"ACCEPTED"*
*Michael Hillery Armstrong*
*DECEMBER 24, 2013 C.F.*

### NON-STIP G INSTRUCTION NO. 11

### ON OR ABOUT

You will note that the indictment charges that the crimes in this case were committed "on or about" or "in or about" certain dates. The government must prove beyond a reasonable doubt only that the defendant committed the crimes reasonably near the dates alleged in the indictment.

1.18 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)(modified to insert the word "only" in the second sentence, to add the words "in or about," and to address dates as those alleged in the indictment, not as specific dates).

*"ACCEPTED"*
*Richard Kellar Armstrong*
*DECEMBER 24, 2013 CE.*

NON-STIP G INSTRUCTION NO. 12

CAUTION - CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether these defendants have been proved guilty of the crime charged.

1.19 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

"ACCEPTED"

Richard Kellogg Armstrong

DECEMBER 24, 2013   C.E.

*"ACCEPTED"*

*Richard Kellogg (signature)*

*DECEMBER 28, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 13

CAUTION - PUNISHMENT

If you find the defendants guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdict.

1.20 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

*"ACCEPTED"*
*Richard Kelley Armstrong*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 13

MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

1.22 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

*"ACCEPTED"*

*Richard Willow Armstrong*

*DECEMBER 24, 2013 CE*

NON-STIP G INSTRUCTION NO. 15

DISPOSITION OF ALL CHARGES AGAINST ONE CODEFENDANT

I have previously read the indictment to you. It names Larry R. Hall as a defendant in this case. The charges against Larry R. Hall have been disposed of, and he is no longer a defendant in this case. You should not guess about or concern yourselves with the reason for this disposition. You are not to consider this fact when deciding if the government has proved, beyond a reasonable doubt, its case against defendants Morris and Armstrong.

2.12 <u>Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit</u> (2009)(modified to reflect that charges were dismissed prior to trial)

*"ACCEPTED"*
*Richard Kelley Armstrong*
*DECEMBER 28, 2013 CE*

NON-STIP G INSTRUCTION NO. 16

DUTY TO DELIBERATE - VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

*"ACCEPTED"*
*Richard I. Kellogg (signature)*
*DECEMBER 28, 2013 C.E.*

A verdict form has been prepared for your convenience.

*[Explain the Verdict Form]*

The foreperson will write the unanimous answer of the jury in the space provided for the count in this indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict form.

1.23 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)(modified by striking final paragraph to eliminate redundancy with Tenth Circuit Pattern Instruction 1.43)

"ACCEPTED"
*Richard Kellogg Armstrong*
Dec 24, 2013 CE

NON-STIPULATED G. INSTRUCTION NO. 17

EXPERT WITNESS

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

1.17 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)(modified to delete first sentence)

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*December 24, 2013   C.E.*

NON-STIP G. INSTRUCTION NO. 18

SUMMARIES AND CHARTS

Charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

The accuracy and reliability of these summaries and charts are to be determined by you based on the testimony and exhibits admitted into evidence.

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008, § 14.02; 1.41 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006), Comment.

*"ACCEPTED"*
*Richard Killoy Armstrong*
*DECEMBER 20, 2013 CE*

NON-STIP G INSTRUCTION NO. 19

## CONFESSION-STATEMENT—VOLUNTARINESS

### (Multiple Defendants)

Evidence relating to any statement attributed to the defendants alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care. Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made, you should consider, for example, the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

1.26 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

*"ACCEPTED"*
*Richard P. Kellogg Armstrong*
*DECEMBER 24, 2013  C.E.*

NON-STIP G INSTRUCTION NO. 20

SIMILAR ACTS

You have heard evidence of other acts or crimes engaged in by the defendants.

You may consider that evidence only as it bears on the defendants' willfulness, intent,

knowledge, common scheme, modus operandi, and absence of mistake or accident and

for no other purpose.  Of course, the fact that the defendants may have previously

committed an act similar to the one charged in this case does not mean that the

defendants necessarily committed the act charged in this case.

1.30 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2006)(modified to include
the phrase "acts or" in the first sentence)

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 28, 2013 C.R*

## NON-STIP G INSTRUCTION NO. 21

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, 2008,  § 17.07

*"ACCEPTED"*
*Richard Kellogg (signature)*
*DECEMBER 24, 2013 C.E.*

### NON-STIP G INSTRUCTION NO. 22

### DEFINITION - KNOWLEDGE - DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendants cannot be established merely by demonstrating that the defendants were negligent, careless, or foolish, knowledge can be inferred if the defendants deliberately blinded themselves to the existence of a fact. Knowledge can be inferred if the defendants were aware of a high probability of the existence of a fact, unless the defendants did not actually believe that fact.

1.37 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2006)

"ACCEPTED"

*Richard Kellogg Armstrong*

DECEMBER 24, 2013 C/E

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DECEMBER 25, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 23

MOTIVE - EXPLAINED

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted. Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendants is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendants.

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008, § 17:06

"ACCEPTED"

Michael Kellogg Armstrong

DECEMBER 24, 2013  C.E.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*December 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 24

PRESUMPTION OF AUTHENTICATE SIGNATURE

The fact that an individual's name is signed to a return means that you may find

that the tax return was in fact signed by that individual, until and unless outweighed

by evidence presented which leads you to a different conclusion. If you find proof

beyond a reasonable doubt that the defendants signed their tax returns, you may, but

are not required to, find that the defendants knew of the false matter in the return.

2.93 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(applying this
instruction to 26 U.S.C. section 7206(1)); See also Title 26 U.S.C. § 6064.

*" ACCEPTED "*

*Richard Wlloze [signature]*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 26

COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  It may take some time as counsel will have to return to court and we may need to research an answer to your question.  But I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

1.43 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011)(modified by striking the phrase "and sentencing proceedings" from second paragraph)

*"ACCEPTED"*
*Richard Kellogg (Armstrong)*
*DECEMBER 24, 2013  CE*

NON-STIP G INSTRUCTION NO. 27

MAIL FRAUD
18 U.S.C. § 1341

The following defendants are charged with mail fraud in violation of 18 U.S.C. §

1341 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MAIL MATTER |
|---|---|---|---|
| 1 | 10/23/2008 | Curtis L. Morris<br>Richard K. Armstrong | 3 IRS Forms 1040X Amended U.S. Individual Income Tax Returns for Richard K. Armstrong and Sharon L. Armstrong, for 2005, 2006, and 2007, addressed from 5996 Pine Ridge Drive, Elizabeth, Colorado to 30 Perkins Drive, Prescott, Arizona. |
| 2 | 9/22/08 | Curtis L. Morris | IRS Form 1040X Amended U.S. Individual Income Tax Return for Susan K. Morris and Curtis L. Morris, for 2006, addressed to Department of Treasury, Internal Revenue Service Center, Andover, MA 05501-0422 |
| 3 | 4/16/09 | Curtis L. Morris | IRS Form 1040 U.S. Individual Income Tax Return for Curtis L. Morris, for 2008, addressed to Department of Treasury, Internal Revenue Service Center, Fresno, CA 93888-0002 |

This law makes it a crime to use the mails in carrying out a scheme to defraud or

obtain money or property by means of false or fraudulent pretenses, representations, or

promises. To find the defendant guilty of this crime you must be convinced that the

*"ACCEPTED"*

*Michael Hillary Smithson*

*DECEMBER 24, 2013 C.E.*

government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is made, or caused to be made, materially false and fraudulent statements and representations on amended, individual income tax returns filed with the Internal Revenue Service.

Second: the defendant acted with specific intent to defraud or obtain money or property by false pretenses, representations or promises;

Third: the defendant mailed something, or caused another person to mail something, through the United States Postal Service or a private or commercial interstate carrier for the purpose of carrying out the scheme; and

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud or obtain money or property by means of false pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud or obtain money or property by means of false pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is

"*ACCEPTED*"

*Michael Keller (motion)*
*December 28, 2013 C.E.*

made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

2.56 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011).

*"ACCEPTED"*
*Richard Kellogg Smithson*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 28

FALSE CLAIMS AGAINST THE GOVERNMENT
18 U.S.C. § 287

The following defendants are charged with filing false claims in violation of 18

U.S.C. § 287 and aiding and abetting such offenses as described in the chart below:

| Count | Date | Tax Yr | Form | Client | DEFENDANT(S) | Claim |
|-------|------|--------|------|--------|--------------|-------|
| 6 | 10/20/08 | 2005 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $582,352 |
| 7 | 10/20/08 | 2006 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $283,746 |
| 8 | 10/20/08 | 2007 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $605,300 |
| 9 | 1/28/09 | 2008 | 1040X | RA | Curtis L. Morris<br>Richard K. Armstrong | $1,739,452 |
| 10 | 10/24/08 | 2006 | 1040X | DL | Curtis L. Morris | $553,386 |
| 11 | 11/5/08 | 2006 | 1040X | DL | Curtis L. Morris | $1,179,323 |
| 12 | 10/24/08 | 2007 | 1040X | DL | Curtis L. Morris | $469,550 |
| 13 | 2/19/09 | 2005 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $203,203 |
| 14 | 2/19/09 | 2006 | 1040X | EDF | Curtis L. Morris<br>Richard K. Armstrong | $253,653 |
| 15 | 3/12/09 | 2007 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $1,126,473 |
| 16 | 3/25/09 | 2008 | 1040 | EDF | Curtis L. Morris<br>Richard K. Armstrong | $345,000 |
| 17 | 1/7/09 | 2005 | 1040X | SB | Curtis L. Morris | $333,127 |
| 18 | 1/7/09 | 2006 | 1040X | SB | Curtis L. Morris | $211,429 |
| 19 | 3/12/09 | 2007 | 1040X | SB | Curtis L. Morris | $355,441 |
| 20 | 2/19/09 | 2008 | 1040 | SB | Curtis L. Morris | $197,824 |
| 21 | 9/18/09 | 2006 | 1040X | CM | Curtis L. Morris | $74,546 |
| 22 | 4/16/09 | 2008 | 1040 | CM | Curtis L. Morris | $90,481 |

"ACCEPTED"
*Richard Kellogg Armstrong*
*December 24, 2013 C.E.*

This law makes it a crime to knowingly make a false or fraudulent claim against any department or agency of the United States. The United States Department of the Treasury is a department or agency of the United States within the meaning of that law. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly made and presented to the United States Department of the Treasury, through the Internal Revenue Service, a false or fraudulent claim against the United States; and

*Second:* the defendant knew that the claim was false or fraudulent.

It is not necessary to show that the government agency or department was in fact deceived or misled. To make a claim, the defendant need not directly submit the claim to an employee or agency or department of the United States. It is sufficient if the defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

2.18 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011).

*"ACCEPTED"*
*Richard Nilloz (Armstrong)*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 30

INTERSTATE AND FOREIGN COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

1.39 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2011).

*"ACCEPTED"*

*Richard Villa Armstrong*

*December 24, 2013 CR.*

NON-STIP G INSTRUCTION NO. 29

MONETARY TRANSACTIONS WITH CRIMINALLY DERIVED PROPERTY
18 U.S.C. § 1957

The following defendant is charged with engaging in monetary transactions with criminally derived property in violation of 18 U.S.C. § 1957 and aiding and abetting such offenses as described in the chart below:

| COUNT | DATE | DEFENDANT(S) | MONETARY TRANSACTION |
|-------|------|--------------|----------------------|
| 25 | 11/22/08 | Richard K. Armstrong | Wire transfer of $727,000  from Bank of America Account ending in -7682, in the name of Richard K. Armstrong, to TCF Bank Account ending in - 0141, in the name of Larry Hall |
| 26 | 11/23/08 | Richard K. Armstrong | Wire transfer of $665,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to FirstBank Account ending in - 1825, in the name of Land Title Guarantee Company |
| 27 | 1/7/09 | Richard K. Armstrong | Wire transfer of $127,000 from TCF Bank Account ending in - 0141, in the name of Larry Hall, to Bank of America Account ending in -7682, in the name of Richard K. Armstrong |

This law makes it a crime knowingly to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity.

To find the defendant whose case you are considering guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant engaged or attempted to engage;

*"Accepted"*

*Richard Kellogg Armstrong*

*December 24, 2013 C.E.*

*Second*: in a monetary transaction;

*Third*: in criminally derived property;

*Fourth*: knowing that the property is derived from unlawful activity, namely mail fraud; and

*Fifth*: the property is, in fact, derived from specified unlawful activity, namely mail fraud.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. "Proceeds" can be any kind of property, not just money.

You are not required to find that the defendant whose case you are considering knew that the unlawful activity was "specified unlawful activity," only that the defendant knew that the activity was unlawful.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce as defined in instruction number_____, or funds or a monetary instrument, by, through, or to a financial institution. "Interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

United States v. Dazey, 403 F.3d 1147, 1163 (10th Cir. 2005); 18 U.S.C. § 1957.



Doc. # 223

1 OF 2