# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four     Month Twelve     Year 2013 C.E.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 27 2013

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**JEFFREY P. COLWELL**
**CLERK**

**In reply to:** "Case 1:10-cr-00317-REB Document 645 Filed 03/01/13 USDC Colorado
Page 1 of 1 copy of no. 10 mailing envelope OFFICE OF THE CLERK UNITED STATES DISTRICT
COURT ALFRED A ARRAJ COURTHOUSE 901-19th St., Room A105 DENVER, CO 80294-3589 FEDERAL
FACILITY REFUSES TO PAY POSTAGE DUE 10-cr-00317-REB Doc.# 629 Returned FCI Lompoc 3901
Klein Blvd Lompoc, CA 93436 801233:ii"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 645 Filed 03/01/13 USDC Colorado
Page 1 of 1 copy of no. 10 mailing envelope OFFICE OF THE CLERK UNITED STATES DISTRICT
COURT ALFRED A ARRAJ COURTHOUSE 901-19th St., Room A105 DENVER, CO 80294-3589 FEDERAL
FACILITY REFUSES TO PAY POSTAGE DUE 10-cr-00317-REB Doc.# 629 Returned FCI Lompoc 3901
Klein Blvd Lompoc, CA 93436 801233:ii" and return your offer for closure and settlement
of the accounting,  I request you issue me the Order of the Court.

I **indicate my acceptance** of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE**.  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with
First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600
Guard Road Lompoc, California on December 24, 2013 C.E. for same day delivery to Clerk of the Court U.S.
District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                    NNNOA

*"ACCEPTED"*
*[handwritten signature] Michael Victory Company*
*DECEMBER 24, 2013 CE*

NON-STIP G INSTRUCTION NO. 32

## AID AND ABET
### 18 U.S.C. § 2(a)

Each count of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.


2.06 <u>Pattern Jury Instructions, Criminal Cases</u>, Tenth Circuit (2011)

" ACCIEPTED "

Richard Kellogg Armstrong

DECEMBER 28, 2013 CE

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 28, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 33

FORFEITURE

Ladies and Gentleman of the Jury, at this stage of the proceeding, there is one additional duty which you must perform as jurors. This will require you to deliberate and consider a special verdict on the forfeiture of property which the government seeks from the defendant.

In view of your verdict finding the Defendant(s) guilty of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven, you must also decide, under the law I will now explain to you now, whether the Defendant(s) must forfeit certain property which the government claims is subject to forfeiture to the United States because of its connection to the Defendant(s') illegal activities.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial plus the additional evidence that will be presented to you when I finish giving you these instructions.

The property at issue is:

a.  real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado;

b.  real property, including all attachments thereto, located at 30 Perkins Drive,          Prescott, Arizona and,

c.  Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527.

In order to be entitled to the forfeiture of any of these assets in regard to Count

*"ACCEPTED"*

*Richard Ulrich Armstrong*

*DECEMBER 24, 2013 C.E.*

One, the Government must have proved by a preponderance of the evidence:

*First*: That the money or property to be forfeited constitutes the proceeds the Defendant(s) obtained directly or indirectly as the result of the crime charged in Count One of the Superseding Indictment;

**OR**

*Second*: That the property to be forfeited was either derived from or traceable to the proceeds the Defendant(s) obtained directly or indirectly as the result of the crime charged in Count One of the Superseding indictment.

In order to be entitled to the forfeiture of any of these assets in regard to Counts Twenty-Five, Twenty-Six, and Twenty-Seven, the Government must have proved by a preponderance of the evidence:

*First*: That the money or property to be forfeited was involved in the financial transaction charged in Counts Twenty-Five, Twenty-Six, and Twenty-Seven of the Superseding Indictment;

**OR**

*Second*: That the property to be forfeited was traceable to property involved in the financial transaction charged in Counts Twenty-Five, Twenty-Six, and Twenty-Seven of the Superseding Indictment.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  You do not need to be

*"ACCEPTED"*

*Richard Kellog Armstrong*

*DECEMBER 24, 2013 CE.*

convinced beyond a reasonable doubt, just whether the true answer to each question is more likely yes than no.

To be "derived" from something means that the property under consideration must have been formed or developed out of the original source so as to be directly descended from that source.

To be "involved in a financial transaction" means that the property under consideration was the subject of the financial transaction that constituted the money laundering violation.

To be "traceable" to something means that the property under consideration must have followed an ascertainable course or trail in successive stages of development or progress from the original source.

While deliberating, you are to consider the evidence offered by the parties in your previous deliberations as well as any additional evidence presented by either the Government or the Defendant(s) during this forfeiture phase of the trial.

I further instruct you that what happens to property of the Defendant(s) or any third party after your special verdict is exclusively a matter for the Court to decide.  In this regard, I instruct you that your previous verdict that the Defendant(s) is/are guilty of Counts One, Twenty-Five, Twenty-Six, and Twenty-Seven as charged in the Superseding Indictment is binding on this part of the proceeding, and you must not discuss or seek to determine anew whether [he is/they are] guilty or not guilty of those charges.

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DECEMBER 24, 2013 CE.*

NON-STIP G INSTRUCTION NO. 34

SPECIAL VERDICT FORM

A Special Verdict Form has been prepared.  The special verdict requires you to answer certain questions about the relationship between the property and the violation(s) of which you have found the Defendant(s) guilty, as follows:

1.     Whether the Subject Property constitutes proceeds or was derived from proceeds of Count One for which the Defendant(s) have been found guilty?

2.     Whether the Subject Property was involved in Counts Twenty-Five, Twenty-Six, and Twenty-Seven for which you have found the Defendant Richard Kellogg Armstrong guilty?

You may answer the questions by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No."  Your answer to each question must be unanimous; that is, you must all agree that the answer is either "Yes" or "No."  After you are finished, the foreperson must then sign and date the Special Verdict Form.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.     RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

## SPECIAL VERDICT FORM

---

We, the Jury, return the following Special Verdict:

    (1)    We find that $1,637,481.61, constitutes or was derived from proceeds obtained, directly or indirectly, as the result of the violations of which the defendant has been convicted, in Count One of the Superseding Indictment.

        **YES_____**          **NO_____**

    (2)    We find that real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado, constitutes or was derived from proceeds obtained, directly or indirectly, as the result of the violations of which the defendant has been convicted, in Count One of the Superseding Indictment.

        **YES_____**          **NO_____**

    (3)    We find that real property, including all attachments thereto, located at 30 Perkins Drive, Prescott, Arizona, constitutes or was derived from proceeds obtained, directly or indirectly, as the result of the violations of which the defendant has been convicted, in Count One of the Superseding Indictment.

        **YES_____**          **NO_____**

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

(4)     We find that Beech Aircraft A36, FAA Registration Number N5509Y, Serial Number E-2527, constitutes or was derived from proceeds obtained, directly or indirectly, as the result of the violations of which the defendant has been convicted, in Count One of the Superseding Indictment.

**YES_____          NO_____**

(5)     We find that a $1,519,000.00 money judgment was involved in, in any manner or part, the commission of the violations of which the defendant has been convicted, in Counts Twenty-Five, Twenty-Six, and Twenty-Seven of the Superseding Indictment.

**YES_____          NO_____**

(6)     We find that real property, including all attachments thereto, located at 14255 Harvest Mile Road, Brighton, Colorado was involved in, in any manner or part, the commission of the violations of which the defendant has been convicted, in Counts Twenty-Five, Twenty-Six, and Twenty-Seven of the Superseding Indictment.

**YES_____          NO_____**

So Say We All, this _____ day of _____, 2011.

_____
FOREPERSON

*"ACCEPTED"*
*Richard Kelley (noting)*
*December 24, 2013  C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     CURTIS L. MORRIS,

      Defendant.

---

## SPECIAL VERDICT FORM

---

We, the Jury, return the following Special Verdict:

    (1)    We find that $1,637,481.61, constitutes or was derived from proceeds obtained, directly or indirectly, as the result of the violations of which the defendant has been convicted, in Count One of the Superseding Indictment.

        **YES**_____               **NO**_____

        So Say We All, this _____ day of _____, 2011.

                             _____

                             FOREPERSON

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 COE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.     RICHARD KELLOGG ARMSTRONG,

      Defendant.

---

## VERDICT FORM

---

### COUNT ONE

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count One of the indictment:

    _____    Not Guilty

    _____    Guilty

### COUNT SIX

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Six of the indictment:

    _____    Not Guilty

    _____    Guilty

*"ACCEPTED"*
*Richard Kellog (Armstrong*
*DECEMBER 24, 2013 CE.*

## COUNT SEVEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Seven of the indictment:

_____  Not Guilty

_____  Guilty

## COUNT EIGHT

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Eight of the indictment:

_____  Not Guilty

_____  Guilty

## COUNT NINE

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Nine of the indictment:

_____  Not Guilty

_____  Guilty

## COUNT THIRTEEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Thirteen of the indictment:

_____  Not Guilty

_____  Guilty

*"ACCEPTED"*

*Richard I Kellogg Armstrong*

*DECEMBER 28, 2013 CE*

## COUNT FOURTEEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Fourteen of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT FIFTEEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Fifteen of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT SIXTEEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Sixteen of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT TWENTY FIVE

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Twenty Five of the indictment:

_____ Not Guilty

_____ Guilty

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*December 24, 2013 CE.*

## COUNT TWENTY SIX

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Twenty Six of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT TWENTY SEVEN

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Twenty Seven of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT TWENTY EIGHT

We, the jury, upon our oaths, unanimously find the defendant, RICHARD K.

ARMSTRONG, in Count Twenty Eight of the indictment:

_____ Not Guilty

_____ Guilty

_____

FOREPERSON

Dated this ____ day of _____, 2011.

*" ACCEPTED "*
*Richard Kellez & Armstrong*
*DECEMBER 24, 2013 C.E.*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     CURTIS L. MORRIS,

      Defendant.

_____

## VERDICT FORM

_____

## COUNT ONE

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count One of the indictment:

      \_\_\_\_   Not Guilty

      \_\_\_\_   Guilty

## COUNT TWO

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Two of the indictment:

      \_\_\_\_   Not Guilty

      \_\_\_\_   Guilty

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 © IE.*

## COUNT THREE

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Three of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT SIX

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Six of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT SEVEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Seven of the indictment:

_____ Not Guilty

_____ Guilty

## COUNT EIGHT

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Eight of the indictment:

_____ Not Guilty

_____ Guilty

*" ACCEPTED "*
*Richard Kellogg Armstrong*
*DECEMBER 28, 2013 CE.*

## COUNT NINE

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Nine of the indictment:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

## COUNT TEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Ten of the indictment:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

## COUNT ELEVEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Eleven of the indictment:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

## COUNT TWELVE

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Twelve of the indictment:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 AoE.*

## COUNT THIRTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Thirteen of the indictment:

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

## COUNT FOURTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Fourteen of the indictment:

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

## COUNT FIFTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Fifteen of the indictment:

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

## COUNT SIXTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Sixteen of the indictment:

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

*"ACCEPTED"*
*Richard Kellis Armstrong*
*DECEMBER 28, 2013  D.E.*

## COUNT SEVENTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Seventeen of the indictment:

_____   Not Guilty

_____   Guilty

## COUNT EIGHTEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Eighteen of the indictment:

_____   Not Guilty

_____   Guilty

## COUNT NINETEEN

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Nineteen of the indictment:

_____   Not Guilty

_____   Guilty

## COUNT TWENTY

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Twenty of the indictment:

_____   Not Guilty

_____   Guilty

*" ACCEPTED "*

*Richard Kellogg Armstrong*
*DECEMBER 29, 2013   R.E.*

## COUNT TWENTY ONE

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Twenty One of the indictment:

_____   Not Guilty

_____   Guilty

## COUNT TWENTY TWO

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Twenty Two of the indictment:

_____   Not Guilty

_____   Guilty

## COUNT TWENTY EIGHT

We, the jury, upon our oaths, unanimously find the defendant, CURTIS L.

MORRIS, in Count Twenty Eight of the indictment:

_____   Not Guilty

_____   Guilty

_____

FOREPERSON

Dated this ____ day of _____, 2011.

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 25

HANDWRITING EVIDENCE

When the identity of the person who has handwritten something is a question in

any trial, any proved or admitted handwriting of this person, or anyone else, may be

received in evidence and used as an exemplar or a specimen for comparison with any

handwriting in dispute.

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Edition, 2008, § 14.12

*"ACCEPTED"*
*Richard Kidow Armstrong*
*DECEMBER 24, 2013 C.E.*

NON-STIP G INSTRUCTION NO. 31

CONSPIRACY TO DEFRAUD THE UNITED STATES WITH RESPECT TO CLAIMS

Defendants Morris and Armstrong are charged in count TWENTY EIGHT with a violation of 18 U.S.C. Section 286.

This law makes it a crime for anyone to conspire with someone else to defraud the government with respect to claims. To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant entered into a conspiracy to obtain payment or allowance of payment of a claim against the United States Department of Treasury, a department of the United States, for tax refunds;

*Second*: the claim was false, fictitious, or fraudulent;

*Third*: the defendant knew at the time that the claim was false, fictitious, or fraudulent;

*Fourth*: the defendant acted with the intent to defraud; and

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to defraud the United States by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to defraud the United States, like any other kind of

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 23, 2013 CE*

agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would defraud the United States by means of some common plan or course of action as alleged in the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendants Morris and Armstrong of the charge contained in Count TWENTY EIGHT of the indictment.

An "intent to defraud" means an intent to deceive or cheat someone.

A "claim," as that word is used in these instructions, is a demand for money, property, credit or reimbursement.


7th Circuit Pattern Jury Instructions, 18 U.S.C. § 286 (1998)(modified); 18 U.S.C. § 286. "conspiracy" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 31:04 (6th ed. 2008).

"interdependence" element, 2.19 Pattern Jury Instructions, Criminal Cases Tenth Circuit

*" ACCEPTED "*

*Richard Kellogg Armstrong*

*DECEMBER 24, 2013 CE.*

(2006) (conspiracy).

'intent to defraud" definition, 2.56 <u>Pattern Jury Instructions, Criminal Cases</u> Tenth Circuit

(2006)(mail fraud).

"claim" definition, O'Malley et al., Federal Jury Prac. and Instructions, Vol. 2, § 30:07

(6th ed. 2008)

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four       Month Twelve       Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 226 Filed 05/10/11 USDC Colorado
Page 1 of 2 Criminal Case no. 10-cr-00317-REB GOVERNMENT PROPOSED VOIR DIRE QUESTIONS
JOHN F. WALSH KEVIN F. SWEENY, Page 2 of 2 Lisa Monet Wayne David L. Owen KEVIN F.
SWEENEY 2, "Document 226-1 Page 1 of 5 GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS, Page
2 of 5, Page 3 of 5, Page 4 of 5, Page 5 of 5"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 226 Filed 05/10/11 USDC Colorado
Page 1 of 2 Criminal Case no. 10-cr-00317-REB GOVERNMENT PROPOSED VOIR DIRE QUESTIONS
JOHN F. WALSH KEVIN F. SWEENY, Page 2 of 2 Lisa Monet Wayne David L. Owen KEVIN F.
SWEENEY 2, "Document 226-1 Page 1 of 5 GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS, Page
2 of 5, Page 3 of 5, Page 4 of 5, Page 5 of 5" and return your offer for closure and
settlement of the accounting.  I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE.**  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road

Attachment: "supra"

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    CURTIS L. MORRIS, and

2.    RICHARD KELLOGG ARMSTRONG,

        Defendants.

---

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

---

      The United States of America, by and through the undersigned counsel, respectfully

requests the Court consider including in its voir dire the attached questions.

                        Respectfully Submitted,

                        JOHN F. WALSH
                        United States Attorney

By:    *s/Kevin F. Sweeney*
          Kevin F. Sweeney
          Trial Attorney
          Tax Division
          U.S. Department of Justice

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 CE.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2011, I electronically filed the foregoing **GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS** with the Clerk of the Court using the CM/ECF, which will send notification to counsel listed below.

Lisa Monet Wayne
lmonet20@aol.com

David L. Owen
davidowen@lodopc.com

I also certify that I sent the foregoing via U.S. Mail to the following:

Richard Kellogg Armstrong
#20413-298
Englewood Federal Correctional Institution
Inmate Mail/parcels
9595 West Quincy Avenue
Littleton, CO 80123

By:     s/ Kevin F. Sweeney
        KEVIN F. SWEENEY
        Trial Attorney

2

*"ACCEPTED"*
*Richard Kellogg (Justice)*
*December 24, 2013 C.E.*

## GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS

1.   This case was investigated by the Internal Revenue Service's Criminal Investigation

Division and is being prosecuted by the Department of Justice.  Have you or any member

of your family, or any of your close friends, had any experience or dispute with either of

these government agencies or the Internal Revenue Service ("IRS") generally that left you

with bad or negative feelings about these governmental agencies?  Have you or any

member of your family, or any of your close friends, had any experience or dispute with

any other federal agency that left you with bad or negative feelings?

   a.   If so, do you think that these experiences or disputes, and your feelings

about them, would prejudice you either for or against the Government in this case

or affect your ability to be fair and impartial in the case?

2.   Have you, your family members, or close friends, had any experience with local, state or

federal law enforcement officers that left you with bad feelings about law enforcement

officers?

3.   Have you, your family members, or your close friends, ever been arrested or charged with

a criminal offense?  (If so, the United States requests that the court question the potential

juror regarding the circumstances at side bar.)

4.   Have any of you, your relatives, or close friends, ever been the subject of a government

investigation or inquiry?

If so:

   a.   How long ago?

   b.   Was the matter resolved to your satisfaction?

   c.   Were you treated fairly by the government officials?

"ACCEPTED"
Richard Kellogg Armstrong
DECEMBER 29, 2013 C.E.

    d.    Do you hold any grudges against the government or against government officials?

    e.    Would your feelings prevent you from listening to the government's case fairly and impartially and rendering a verdict according to the evidence?

5.    Have you, a family member or someone close to you ever been the subject of an audit, been assessed a penalty, or had a similar action (such as a fine, lien, levy or garnishment) taken by the IRS.

    If so:

    a.    How long ago did this occur?

    b.    In your opinion, was the matter resolved satisfactorily?

    c.    Were you or your business or the family member or friend treated fairly by the IRS?

    d.    Would anything about this experience affect your ability to be fair and impartial in this case?

6.    Do you have strong personal views or feelings about the tax system of the United States?

    If so:

    a.    Please explain.

    b.    Would anything about these views or feelings affect your ability to be fair and impartial in this case?

7.    Do you believe that violations of the tax code should be limited to civil penalties and not be subject to criminal prosecution or criminal penalties?

    If so:

    a.    Please explain.

*"ACCEPTED"*
*Robert Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

    b.    Would these views affect your ability to be fair and impartial in this case?

          If so, how?

8.    Have you, a family member or someone close to you ever been affiliated with any group or organization that studied or protested against the tax laws of the United States? If so:

    a.    Please identify the organization.

    b.    What is the organization's position on income taxes?

    c.    How active have you, your family members or persons close to you been in the organization? Are any of you or they still active in it?

    d.    Would anything about your or their experience or involvement in this organization affect your ability to be fair and impartial in this case? If so, how?

9.    Does any member of the jury panel disagree with the Internal Revenue laws of the United States, such that you hold a personal belief or think that the United States should not regulate the payment of income taxes or that the Internal Revenue Service should not investigate or audit taxpayers or tax preparers?

10.    Do any of you think that the income tax laws of the United States are unconstitutional?

11.    Do you feel that it is wrong for the United States to try to make its citizens pay taxes?

12.    Do any of you disagree with the idea that everyone has a duty to obey the income tax laws, as well as all other laws, of this country?

13.    Do you, any member of your family or any close business or social associate hold any personal belief, conviction or prejudice against the laws generally of the United States, or any belief that the United States has no authority over its citizens, such that you could not

*"ACCEPTED"*

*Richard Kellogg Armstrong*

*DECEMBER 24, 2013 &E.*

sit as a fair and impartial juror in this case?

14.     Do you prepare your own income tax returns or do you hire someone to prepare them?  If

you own or run your own business, who prepares the business's tax returns?

14a.    If you have hired someone to prepare your returns or your business's returns:

        a.     Have you generally been satisfied with your tax preparer?

        b.     Have you had any significant problems with the tax preparer that were not

            resolved to your satisfaction? Please explain.

15.     Do you have any specialized knowledge, education or training concerning taxes or tax

laws?

      If so, please describe.

16.     Are you familiar with, or have you used or been involved in the use of the following IRS

forms, in connection with the preparation of your own tax returns or tax returns for a

business that you own, operate or for which you are employed:

        a.     IRS Forms 1040;

        b.     IRS Forms 1040X;

        c.     IRS Forms 1099-OID.

      Please describe your use, involvement or familiarity with these forms.

17.     Have you had any experience with bookkeeping or accounting? Please describe.

18.     Have any of you, your relatives or close friends been the victims of or witnesses to a

crime?  What type of crime? Were you satisfied with the way the police or law

enforcement officers handled the matter?  The prosecutor?  The Court?  The law requires

that your verdict be based on the facts as you find them to be from the evidence.  The law

does not permit you to consider any emotion such as sympathy, prejudice, vengeance,

*"ACCEPTED"*

*Michael Kelley (signature)*
*DECEMBER 24, 2013 C.E.*

fear, or hostility.  Is there anybody here who feels that he or she cannot put these

emotions out of his or her mind when deliberating on a verdict?

19.     This is a criminal trial. Your duty, as jurors, will be to determine whether or not the

defendant is guilty of the crimes charged in the indictment based on the evidence in the

case.  It is my duty, as judge, to determine what punishment, if any, may be imposed in

the event of a guilty verdict.  Would you be able to assess the evidence in this case and

render a verdict without consideration as to the type of sentence or punishment which

ultimately may be imposed as a result of your verdict?

20.     Do any of you have any moral, ethical, religious or any other reservation about, or any

other reason preventing you from sitting in judgment of another person?

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four       Month Twelve             Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 228 Filed 05/11/11 USDC Colorado
Page 1 of 2 Criminal Case 10-cr-00317-REB ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF
Dated at Denver, Colorado this 11th day of may 2011 JOHN F. WALSH TONYA S. ANDREWS,
Page 2 of 2 Kenneth M. Harmon Kevin F. Sweeney David L. Owen Lisa Monet Wayne s/Raisa
Vilensky 2"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 228 Filed 05/11/11 USDC Colorado
Page 1 of 2 Criminal Case 10-cr-00317-REB ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF
Dated at Denver, Colorado this 11th day of may 2011 JOHN F. WALSH TONYA S. ANDREWS,
Page 2 of 2 Kenneth M. Harmon Kevin F. Sweeney David L. Owen Lisa Monet Wayne s/Raisa
Vilensky 2" and return your offer for closure and settlement of the accounting.  I
request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE**.  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road

Attachment: "supra"

NON NEGOTIABLE
NOTICE OF ACCEPTANCE

NNNOA

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     CURTIS L. MORRIS, and

2.     RICHARD KELLOGG ARMSTRONG,

       Defendants.

---

## ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF

---

       COMES NOW the undersigned, a member of the bar of this Court, and herewith enters an appearance as forfeiture co-counsel for the above-named Plaintiff.

       DATED at Denver, Colorado, this 11th day of May, 2011.

               Respectfully submitted,

               JOHN F. WALSH
               United States Attorney

By: s/ *Tonya S. Andrews*
    TONYA S. ANDREWS
    Assistant United States Attorney
    United States Attorney's Office
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    FAX: (303) 454-0402
    E-mail: Tonya.Andrews@usdoj.gov

"*ACCEPTED*"
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 11, 2011, I electronically filed the foregoing **ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth M. Harmon
*Counsel for Plaintiff*

Kevin F. Sweeney
*Counsel for Plaintiff*

David L. Owen, Jr.
*Counsel for Defendant Richard Kellogg Armstrong*

Lisa Monet Wayne
*Counsel for Defendant Curtis L. Morris*

s/ Raisa Vilensky
FSA Data Analyst
Office of the U.S. Attorney

-2-

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four       Month Twelve             Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 229 Filed 05/11/11 USDC Colorado Page
1 of 2 Criminal Case 10-cr-00317-REB ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF Dated
at Denver, Colorado this 11th day of may, 2011 JOHN F. WALSH MARTHA A. PALUCH, Page 2 of
2 Kenneth M. Harmon Kevin F. Sweeney David L. Owen, jr. Lisa Monet Wayne s/Raisa
Vilansky 2"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 229 Filed 05/11/11 USDC Colorado
Page 1 of 2 Criminal Case 10-cr-00317-REB ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF
Dated at Denver, Colorado this 11th day of may, 2011 JOHN F. WALSH MARTHA A. PALUCH,
Page 2 of 2 Kenneth M. Harmon Kevin F. Sweeney David  L. Owen, jr. Lisa Monet Wayne s/
Raisa Vilansky 2" and return your offer for closure and settlement of the court.  I
request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE.**  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road

Attachment: "supra"

NON NEGOTIABLE
NOTICE OF ACCEPTANCE           NNN3A

*"ACCEPTED"*

*Richard Kellogg Armstrong*
*December 24, 2013 C.F.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      CURTIS L. MORRIS, and

2.      RICHARD KELLOGG ARMSTRONG,

        Defendants.

_____

### ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF

_____

      COMES NOW the undersigned, a member of the bar of this Court, and herewith

enters an appearance as forfeiture co-counsel for the above-named Plaintiff.

      DATED at Denver, Colorado, this 11th day of May, 2011.

                    Respectfully submitted,

                    JOHN F. WALSH
                    United States Attorney

                By: s/ *Martha A. Paluch*
                    MARTHA A. PALUCH
                    Assistant United States Attorney
                    United States Attorney's Office
                    1225 17th Street, Suite 700
                    Denver, Colorado 80202
                    Telephone: (303) 454-0100
                    FAX: (303) 454-0402
                    E-mail: Martha.Paluch@usdoj.gov

*" ACCEPTED "*

*Richard Kellogg Armstrong*
*December 24, 2013 C.E.*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 11, 2011, I electronically filed the foregoing **ENTRY OF APPEARANCE OF COUNSEL FOR PLAINTIFF** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth M. Harmon
*Counsel for Plaintiff*

Kevin F. Sweeney
*Counsel for Plaintiff*

David L. Owen, Jr.
*Counsel for Defendant Richard Kellogg Armstrong*

Lisa Monet Wayne
*Counsel for Defendant Curtis L. Morris*

s/ Raisa Vilensky
FSA Data Analyst
Office of the U.S. Attorney

-2-

# NON NEGOTIABLE NOTICE OF ACCEPTANCE

NOTICE DATE: Day Twenty-four        Month Twelve        Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 231 Filed 05/11/11 USDC Colorado Page 1 of 2 Date: May 11, 2011 Criminal Action no. 10-cr-00317-REB COURTROOM MINUTES, Page 2 of 2"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "Case 1:10-cr-00317-REB Document 231 Filed 05/11/11 USDC Colorado Page 1 of 2 Date: May 11, 2011 Criminal Action no. 10-cr-00317-REB COURTROOM MINUTES, Page 2 of 2" and return your offer for closure and settlement of the accounting.  I request you issue me the Order of the Court.

**I indicate my acceptance of your offer by my signature and date.**

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE**.  Dishonor may result if you fail to respond.

Sincerely,

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road Lompoc, California on December 24, 2013 C.E. for same day delivery to Clerk of the Court U.S. District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

*Richard Kellogg Armstrong*

Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE

NNNOA

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Date:                 May 11, 2011

Deputy Clerk:         Nel Steffens
Court Reporter:       Suzanne Claar

---

**Criminal Action No.  10-cr-00317-REB**

*Parties:*                              *Counsel:*

UNITED STATES OF AMERICA,               Kenneth Harmon
                                        Kevin Sweeney

     Plaintiff,

v.

1.  CURTIS L. MORRIS,                   Lisa Wayne
2.  RICHARD KELLOGG ARMSTRONG,          *Pro Se* with David Owen, Advisory
                                        Counsel

     Defendants.

---

## COURTROOM MINUTES

---

**Trial Preparation Conference/Motions Hearing on #208 and #215**

**1:26 p.m.     Court in session.**

Appearances of counsel.  Also seated at government's table is IRS Special Agent Greg Flynn.

Opening statements by the court.

Court's findings and conclusions regarding the motions to continue.

Speedy trial findings.  The court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial.  The court further finds that a period of **six (6) months** is excludable from the calculation of time for a speedy trial under the Speedy Trial Act of 1974.

"*ACCEPTED*"
*Robert Nelson Armstrong*
*DECEMBER 24, 2013 C.E.*

**IT IS ORDERED** as follows:

1.  That defendant Armstrong's **Motion for Enlargement of Time Due to Non
    Receipt of All Discovery and Non Receipt of All Grand Jury
    Transcripts in Printed Format** [#208] filed April 26, 2011, is **GRANTED** to
    the extent consistent with the foregoing findings of fact and conclusions of
    law;

2.  That **Defendant Morris' Second Motion To Exclude Time Within Which
    the Trial for the Offenses Charged in the Superseding Indictment
    Must Commence Pursuant to 18 U.S.C. §3161(h)(7)(b)(i) (ii) and (iv)
    and Continuance of Deadlines Currently Set** [#215] filed May 3, 2011, is
    **GRANTED** to the extent consistent with the foregoing findings of fact and
    conclusions of law;

3.  That the Trial Preparation Conference set for this date and time is
    **VACATED** and **CONTINUED** without date, pending further order of the
    court;

4.  That the Trial by Jury set to commence Monday, May 16, 2011, at 8:30
    a.m. is **VACATED** and **CONTINUED** without date, pending further order of
    the court;

5.  That the court shall conduct a Setting Conference on Friday, September 9,
    2011, at 9:00 a.m. to reset this matter, if possible, for Trial Preparation
    Conference and Trial by Jury, at which counsel and the defendants shall
    again appear before the court without further notice or order of court; and

6.  That to the extent necessary the United States Marshal for the District of
    Colorado shall assist the court in securing the appearance of defendant
    Armstrong at the Setting Conference.

Discussion regarding defendant Armstrong's obtaining paper copies of Grand Jury
transcripts.

Defendant Armstrong tenders a document for filing.

**1:56 p.m.     Court in recess.**

Total time in court:   00:30

Hearing concluded.

# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Twenty-four    Month Twelve                    Year 2013 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 234 Filed 05/16/11 USDC Colorado
Page 1 of 17 REPORTER'S TRANSCRIPT TRIAL PREPARATION CONFERENCE, Page 2 of 17, 3, 4,
5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, Page 17 of 17 s/Suzanne M. Claar"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "Case 1:10-cr-00317-REB Document 234 Filed 05/16/11 USDC Colorado
Page 1 of 17 REPORTER'S TRANSCRIPT TRIAL PREPARATION CONFERENCE, Page 2 of 17, 3, 4, 5,
6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, Page 17 of 17 s/Suzanne M. Claar" and return
your offer for closure and settlement of the accounting.  I request you issue me the
Order of the Court

**I indicate my acceptance of your offer by my signature and date.**

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE.**  Dishonor may result if you fail to respond.

                                        Sincerely,

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong
                                        c/o 20413-298
                                        Federal Correctional
                                        Institution – Lompoc
                                        3600 Guard Road

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with
First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600
Guard Road Lompoc, California on December 24, 2013 C.E. for same day delivery to Clerk of the Court U.S.
District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

                                        *Richard Kellogg Armstrong*
                                        Richard Kellogg Armstrong

NON NEGOTIABLE
NOTICE OF ACCEPTANCE                                                    NNNOA

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 LF.*

1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF COLORADO

3    Criminal Action No. 10-cr-00317-REB

4    UNITED STATES OF AMERICA,

5          Plaintiff,

6     vs.

7    CURTIS L. MORRIS,
     RICHARD KELLOGG ARMSTRONG,

8

9          Defendants.

10   _____

11                   REPORTER'S TRANSCRIPT

12              TRIAL PREPARATION CONFERENCE

13   _____

14          Proceedings before the HONORABLE ROBERT E. BLACKBURN,

15   Judge, United States District Court for the District of

16   Colorado, commencing at 1:25 p.m., on the 11th day of May, 2011,

17   in Courtroom A1001, Alfred A. Arraj United States Courthouse,

18   Denver, Colorado.

19

20

21              Suzanne M. Claar, Official Reporter
                        901 19th St.
22              Denver, Colorado, 80294-3589
                        (303)825-8874
23
          PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY
24            TRANSCRIPTION PRODUCED BY COMPUTER

25

*"ACCEPTED"*[2]
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 CE.*

1

2                            APPEARANCES

3            KENNETH M.HARMON, 1225 17th Street, #700, Denver,

4   Colorado, and KEVIN F. SWEENEY, United States Department of

5   Justice, Tax Division, Western Criminal Enforcement, 601 D

6   Street, N.W., Washington, D.C., Assistant United States

7   Attorneys, appearing for the Government.

8            LISA M. WAYNE, 999 Eighteenth Street, One Denver Place,

9   South Tower #2550, Denver, Colorado, appearing for Defendant

10  Morris.

11           DAVID L. OWEN, JR., 8854 South Miners Street, Highlands

12  Ranch, Colorado, appearing as advisory and stand-by counsel for

13  Defendant Armstrong.

14

15

16

17

18

19

20

21

22

23

24

25

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*DECEMBER 24, 2013 C.E.*

1                    P R O C E E D I N G S

2        (Proceedings commenced at 1:25 p.m.)

3            THE COURT:  Good afternoon.  Thank you.  Please be

4    seated.  This is case 10-cr-317, again identified as United

5    States of America v. defendant No. 1, Curtis L. Morris, and

6    defendant No. 2, Richard Kellogg Armstrong.

7            The matter comes before this court ostensibly and

8    tentatively set for Trial Preparation Conference.

9            The government appears by Mr. Harmon and Mr. Sweeney.

10           Good afternoon.

11           MR. HARMON:  Good afternoon.  And also at the counsel

12   table, your Honor, is our Special Agent Greg Flynn from the IRS.

13   He is our case agent.

14           THE COURT:  Good afternoon.

15           MR. FLYNN:  Good afternoon.

16           THE COURT:  Mr. Morris appears in person together with

17   Ms. Wayne.  Good afternoon.

18           MS. WAYNE:  Good afternoon, your Honor.

19           THE COURT:  Mr. Armstrong appears in person, and

20   advisory and stand-by counsel Mr. Owen is also present.

21           MR. ARMSTRONG:  Good afternoon.

22           MR. OWEN:  Good afternoon, your Honor.

23           THE COURT:  Pending before the court are the

24   defendants' two motions to continue and/or to exclude additional

25   time under the Speedy Trial Act of 1974.

*" ACCEPTED "* [4]
*Richard Kellog Armstrong*
*DECEMBER 24, 2013* C.E.

1    The court heard those motions on May 3 this year.  The

2    court will convert initially this Trial Preparation Conference

3    to a hearing at which the court will enter its orders with

4    respect to those pending motions.

5         On May 6, 2011, the court held a hearing on the motion

6    for enlargement of time due to non-receipt of all discovery and

7    non-receipt of all grand jury transcripts in printed format,

8    document 208, filed April 26, 2011, by Mr. Armstrong, and

9    defendant Morris' Second Motion to Exclude Time Within Which the

10   Trial for the Offenses Charged in the Superseding Indictment

11   Must Commence, pursuant to 18 U.S.C. Section

12   3161(h)(7)(B)(i)(ii) and (iv) and continuance of deadlines

13   currently set, document 215, filed May 3, 2011.

14        In his motion Mr. Armstrong requests a continuance of

15   90 days and defendant Morris requests a continuance of six

16   months.

17        After hearing I took the motions and matters under

18   advisement.  I rehearse the obvious, that in determining what

19   are tantamount to motions to continue trial, the Tenth Circuit

20   has established the following quadripartite factors:  One, the

21   diligence of the party requesting the continuance; two, the

22   likelihood that the continuance, if granted, would accomplish

23   the purpose underlying the parties' express need for the

24   continuance; three, the inconvenience to the opposing party, its

25   witnesses and the court resulting from the continuance, and

1    four, the need asserted for the continuance and the harm that

2    the defendant might suffer as a result of the District Court's

3    denial of the continuance.

4          I cite to *United States v. Rivera*, 900 F.2d 1462 at

5    page 1475, Tenth Circuit, 1990, quoting from the familiar *United*

6    *States v. West*, 828 F.2d 1468 at page 1470, Tenth Circuit, 1987.

7          The fourth and final factor, and I quote the circuit

8    from *Rivera*, is by far the most important.  I have considered

9    carefully each of these factors and find that on balance they

10   weigh in favor of a continuance of the trial.

11         Both motions implicate also the Speedy Trial Act of

12   1974 codified at 18 U.S.C. Section 3161 through 3174.

13   Specifically the motion of Mr. Morris implicates 18 U.S.C.

14   Section 3161(h), which provides in relevant part, and I quote,

15   the following periods of delay shall be excluded in computing

16   the time within which the trial of any offense must commence.

17        7A.  Any period of delay resulting from a continuance

18   granted by any judge at the request of the defendant or his

19   counsel or at the request of the attorney for the government if

20   the judge granted such continuance on the basis of his findings

21   that the ends of justice served by taking such action outweigh

22   the best interests of the public and the defendant in a speedy

23   trial, citing to 18 U.S.C. Section 3161(h)(7)(A).

24        As the Tenth Circuit noted in *United States v. Hill*,

25   the Speedy Trial Act is designed to protect a defendant's

*"ACCEPTED"6*
*Richard Kellog Committee*
*DECEMBER 24, 2013 C.E.*

1    constitutional right to a speedy Indictment and trial and to

2    serve the public interest in ensuring prompt criminal

3    proceedings.  *Hill*, 197 F.3d 436 at page 440, Tenth Circuit,

4    1999.

5            This statutory provision requires that a criminal

6    defendant's trial commence within seventy days after his

7    Indictment or initial appearance, whichever is later, citing to

8    18 U.S.C. Section 3161(c)(1).

9            See also *United States v. Lugo*, L-U-G-O, 170 F.3d 996,

10   1001, Tenth Circuit, 1999.  Certain periods of delay are

11   excluded and do not count toward this seventy-day limit.  See 18

12   U.S.C. Section 3161(h) 1 through 9.  Quoting from the act, the

13   act excludes any period of delay resulting from a continuance

14   granted by any judge on the basis of its findings that the ends

15   of justice served by taking such action outweigh the best

16   interests of the public and the defendant in a speedy trial.

17   *Hill*, 197 F.3d at 440 and 441, Tenth Circuit, 1999, quoting 18

18   U.S.C. Section 3161(h)(7)(A).

19           However, in order for a continuance to qualify as an

20   excludable ends of justice continuance under Section

21   3161(h)(7)(A) certain prerequisites must be satisfied, citing to

22   *Hill* at page 441.

23           First, I must consider the following factors listed in

24   Section 3161(h)(7)(B):  One, whether the failure to grant such a

25   continuance in the proceeding would be likely to make a

*IN ACCEPTED 17*
*Frederick Kellington, unit org*
*DECEMBER 24, 2013    C.E.*

 1   continuance of such proceeding impossible or, as applicable

 2   here, result in a miscarriage of justice; two, whether the case

 3   is so unusual or so complex due to the number of defendants, the

 4   nature of the prosecution or the existence of novel questions of

 5   fact or law, that it is unreasonable to expect adequate

 6   preparation for pretrial proceedings or for the trial itself

 7   within the time limits established by the act; three, whether in

 8   a case in which arrest precedes Indictment, delay and the filing

 9   of the Indictment is caused because the arrest occurs at a time

10   such that it is unreasonable to expect return and filing of the

11   Indictment within the period specified in Section 3161(b) or

12   because the facts upon which the grand jury must base its

13   determination are unusual or complex, and four, whether the

14   failure to grant such a continuance in a case which, taken as a

15   whole, is not so unusual or so complex as to fall within Clause

16   2 would deny the defendant reasonable time to obtain counsel,

17   would unreasonably deny the defendant or the government

18   continuity of counsel or would deny counsel for the defendant or

19   the attorney for the government the reasonable time necessary

20   for effective preparation, taking into account the exercise of

21   due diligence.

22        Those provisions, of course, are taken from 18 U.S.C.

23   Section 3161(h)(7)(B)(i) through (iv).

24        After considering carefully those factors, I must then

25   set forth in the record of the case either orally or in writing

*"ACCEPTED"* [8]
*Richard Kelley Armstrong*
*DECEMBER 24, 2013 RE,*

1   my reasons for finding that the ends of justice served by the

2   granting of the requested continuance outweigh the best

3   interests of the public and the defendants in a speedy trial.

4        And although my findings may be entered on the record

5   after the fact, they may not be made after the fact.  Again,

6   *Hill*, 197 F.3d at 441.

7        Instead, under Tenth Circuit precedent, this balancing

8   must occur contemporaneously with the granting of the

9   continuance because Congress intended that the decision to grant

10  the ends of justice continuance be prospective not retroactive,

11  again citing to *Hill* at page 441.  I have discharged those

12  duties in my consideration and now my resolution by order of

13  these pending motions to continue.

14       Long ago in early September of what is now last year,

15  2010, the court at a hearing and with the aid of the defendants

16  and their counsel organized and developed a reticulated pretrial

17  schedule.

18       That effort and the concomitant order was designed for

19  trial to commence this coming Monday, May 16, 2011.  However,

20  the timing of the filing of the Superseding Indictment on

21  February 15 this year, which was complicated further by the

22  timing of disclosure of additional voluminous discovery in late

23  March 2011, has made it impossible for at least defendant Morris

24  to prepare for and to proceed to trial as now set.

25       During the hearing on May 6, 2011, counsel for

*"ACCEPTED"* [9]
*Michael Villegy Constrom*
*DECEMBER 24, 2013*   *C.E.*

1    Mr. Morris rehearsed at length the numerous reasons that

2    Mr. Morris would not and could not be ready for trial as set.

3          Additionally, the pending pretrial motions that require

4    judicial attention and resolution, some with and some without a

5    formal hearing cannot be resolved before the trial as set.

6          As I may, I adopt, approve and incorporate the facts

7    asserted, reasons stated, arguments advanced and authorities

8    cited by counsel for Mr. Morris at the hearing on May 3, 2011.

9    Noting that those facts, reasons and arguments were largely, if

10   not entirely, unopposed by the government.

11         As I have before in this case, I once again rely on the

12   considerable professional experience and judgment of counsel in

13   fashioning this order.  I continue to be sensitive to and

14   mindful of the teachings of relevant case law, including the

15   principles and holdings in *United States v. Williams*, 511 F.3d

16   1044, Tenth Circuit, 2007, *United States v. Toombs*, 574 F.3d

17   1262, Tenth Circuit, 2009, *Bloate v. United States,* 130 S. Ct.

18   1345.

19         Based on the relevant record measured at the time of

20   the hearing on May 6th, 2011, I find that it would be

21   unreasonable, inequitable and unfair to expect adequate

22   preparation by the defendants, despite due diligence, for the

23   balance of pretrial proceedings which much occur or for trial

24   proceedings within the time initially allowed under 18 U.S.C.

25   Section 3161(c) as extended by my various relevant orders

"ACCEPTED" [10]
Richard Kellogg Armstrong
DECEMBER 24, 2013 C.F.

1   entered in this case.

2        I have considered carefully the factors which I must

3   under 18 U.S.C. Section 3161(h)(7)(B)(i) through (iv).  As

4   required by 18 U.S.C. Section 3161(h)(7)(C), I have not

5   predicated this ruling on congestion of the court's calendar or

6   lack of diligent preparation by counsel or Mr. Armstrong.

7        Accordingly, I conclude as follows:  One, that failure

8   to grant a continuance of trial beyond the time prescribed by 18

9   U.S.C. Section 3161(c), *a fortiori* as extended by my various

10  relevant orders, would likely result in a miscarriage of justice

11  from the perspective of the defendants within the meaning of 18

12  U.S.C. Section 3161(h)(7)(B)(i); two, that even considering due

13  diligence, failure to grant the defense motions for continuance

14  would deny defendant Armstrong and counsel for defendant Morris

15  the reasonable time necessary to complete effective pretrial and

16  trial preparation within the meaning of 18 U.S.C. Section

17  3161(h)(7)(B)(iv).

18       That reasonably six months from May 3, 2011, should and

19  will be excluded from the computation of time for a speedy trial

20  under the Speedy Trial Act of 1974, and four, that therefore the

21  ends of justice served by granting the motions outweigh the best

22  interests of the public and defendants in a speedy trial within

23  the meaning of 18 U.S.C. Section 3161(h)(7)(A).

24       Therefore, it is ordered as follows.  That the

25  defendants' respective motions to continue are granted.

*"ACCEPTED"* [handwritten] 11
*Richard ___ ___* [handwritten] ,F.
*DECEMBER 24, 2013*

1    However, to the extent consistent with my foregoing findings of

2    fact and conclusions of law.

3              Two, that the Trial Preparation Conference set for this

4    date and time is vacated and continued without date pending

5    further order of court.

6              Three, that the trial by jury set to commence Monday,

7    May 16, 2011, at 8:30 a.m. is vacated and continued without date

8    pending further order of court.

9              I digress to set this matter for a setting conference

10   in approximately 90 days.  I exercise my discretion to defer the

11   setting of Trial Preparation Conference and trial by jury in

12   this case because I have nowhere presently to go with this

13   trial, and I am hopeful that in the next 90 to 120 days that

14   something will give and that I can set this matter for trial

15   within a time which will afford the defendants and the public a

16   speedy trial as defined by the act without displacing and

17   disadvantaging litigants who are prepared to proceed to trial

18   and who would suffer the consequences of such a delay, including

19   but not limited to other criminal cases in which the right to a

20   speedy trial under the act, if not the Sixth Amendment of the

21   United States, are also implicated.

22             Thus, let us identify a setting conference within 90 to

23   120 days, three to four months.

24             MS. WAYNE:  Your Honor, may I retrieve my calendar?

25             THE COURT:  You may.  Thank you, counsel.  Please

*"ACCEPTED" 12*
*Richard Kelly Armstrong*
*DECEMBER 24, 2013 C.E.*

```
 1    consider Friday, August 19, 2011, at 1:30 p.m. mountain daylight

 2    time.  Friday, August 19, 1:30 p.m.

 3              Acceptable to the government?

 4              MR. HARMON:  Yes, your Honor.

 5              THE COURT:  Acceptable to defendant Morris?

 6              MS. WAYNE:  Yes, your Honor.

 7              THE COURT:  And acceptable to you, Mr. Armstrong?

 8              MR. ARMSTRONG:  Yes, your Honor.

 9              THE COURT:  Mr. Owen.

10              MR. OWEN:  Your Honor, I am afraid I have a sentencing

11    in front of Judge Brimmer at 1:30 at that time.  It shouldn't

12    take very long but it is scheduled.

13              THE COURT:  Friday, September 9, at 9:00 a.m.

14              The government?

15              MR. HARMON:  Yes, your Honor, we are fine with that.

16              THE COURT:  Defendant Morris?

17              MS. WAYNE:  I am sorry, Judge, I have to -- I

18    apologize, Judge.  I am sorry, what time was that?

19              THE COURT:  9:00 a.m., although I have various times

20    throughout that Friday.

21              MS. WAYNE:  Okay.  I apologize.

22              THE COURT:  You need to stand to address the court.

23              MS. WAYNE:  I apologize, Judge.  I am trying to get the

24    time up.  That's fine.  Nine o'clock.

25              THE COURT:  Yes.
```

*" ACCEPTED "[13]*
*Robert Kelley, Signature C.E.*
*DECEMBER 24, 2013 C.E.*

1          MS. WAYNE:  Thank you, Judge.

2          THE COURT:  Mr. Armstrong?

3          MR. ARMSTRONG:  That's good.

4          THE COURT:  Mr. Owen?

5          MR. OWEN:  It is good, your Honor.  Yes.

6          THE COURT:  Then after conferring with counsel, the

7    court shall conduct a setting conference on Friday, September 9,

8    2011, at nine o'clock a.m. to reset this matter if possible for

9    Trial Preparation Conference and trial by jury, at which counsel

10   and the defendants shall again appear before the court without

11   further notice or order by the court.

12          Provided furthermore that to the extent necessary the

13   United States Marshal for the District of Colorado shall assist

14   the court in securing the appearance of Mr. Armstrong.  All done

15   in open court effective forthwith.

16          Addressing the government momentarily, this court by

17   minute order, document 209, on April 27, 2011, tasked the

18   government with filing a response to that portion of

19   Mr. Armstrong's motion that he had not been provided paper

20   transcripts of grand jury testimony.  I do not have a record of

21   that response being filed but I am prepared to discuss that

22   issue if counsel are.  Mr. Harmon.

23          MR. HARMON:  I am prepared, your Honor.  I -- we had it

24   in mind to address it in our consolidated response.  Perhaps we

25   didn't address it squarely on point and I apologize.

*"ACCEPTED" 14*
*Richard Kieran Armstrong*
*DECEMBER 24, 2013 C.F.*

1    THE COURT:  Or I may have missed it.  You need not be

2    so charitable.

3    MR. HARMON:  The government has been providing

4    discovery to Mr. Armstrong's advisory counsel in two ways;

5    electronically through a disc which is a disc that can be used

6    to search for documents that are imaged on the disc through

7    search terms or it can be used simply to print out paper, and we

8    also are providing paper.

9    Now with respect to the grand jury transcripts, which I

10   think is that particular issue that Mr. Armstrong has raised, we

11   did provide that grand jury testimony, the exhibits and the

12   transcripts, exclusively in the form of a disc and left it to

13   Mr. Armstrong, with Mr. Owen's assistance, to retrieve that

14   material.

15   It's something we leave to counsel and we can provide

16   assistance through our information technology people as to how

17   to print all of that material out but it's fairly easy.

18   So it's there, and it's been there for quite a while

19   and if Mr. Owen is having problems -- I know Mr. Armstrong can't

20   do it -- but if Mr. Owens has a problem printing out the hard

21   copies or if we have an open line of communication with him --

22   we will have an open line and we will make sure that he knows

23   how to do it.  There are commercial copiers that could take that

24   disc and the colloquial term is blow out hard copies, and that's

25   what we suggest to the court.  We would be prepared to assist

"ACCEPTED" 15

Richard Kellogg Armstrong

DECEMBER 24, 2013 CE.

1    Mr. Owen in that.

2                THE COURT:  Thank you.  Mr. Armstrong, have you

3    requested Mr. Owen to provide you with paper copies of these

4    grand jury transcripts in which you are interested and which

5    have been provided to you by the government?

6                And you will need to stand to address the court,

7    please.

8                MR. ARMSTRONG:  I have received a fair percentage of

9    that.  There is a portion still missing.

10               THE COURT:  What are you missing?

11               MR. ARMSTRONG:  I believe that it's the second session

12   of the August 26th hearing.

13               THE COURT:  All right.  Let me inquire of the

14   government, Mr. Harmon, further response to that specific

15   concern voiced by Mr. Armstrong?

16               MR. HARMON:  Yes, your Honor.  I think the way we would

17   propose proceeding is that there an index that accompanies all

18   of this.  I would suggest that Mr. Owen sit down with

19   Mr. Armstrong in that index and identify what portions are

20   missing.  And there are actually assigned Bates numbers, and if

21   he tells us the Bates number range that's missing we will either

22   get him a new disc or if it's not too much we can get him a hard

23   copy.

24               THE COURT:  Mr. Armstrong?

25               MR. ARMSTRONG:  Yes.  I just discovered the absence of

" *ACCEPTED* 16
Richard ... December 24, 2013 C.F.

1   that section just a couple of days ago so we are working on it.

2   But I have no facility over at FDC to print anything.

3          THE COURT:  No, I understand that.

4          MR. ARMSTRONG:  Yes.

5          THE COURT:  Well, it sounds to me like the issue is

6   resolved, at least for now.

7          Very well.  Further business to come before the court

8   in this case from the government?

9          MR. HARMON:  Nothing for the government.  Thank you,

10  your Honor.

11         THE COURT:  Anything further on behalf of Mr. Morris?

12         MS. WAYNE:  Nothing further, your Honor.  Thank you.

13         THE COURT:  Anything further, Mr. Armstrong?

14         MR. ARMSTRONG:  Yes.  I would like your authorization

15  to record a motion with the clerk today if that's okay.

16         THE COURT:  To file one with the clerk?

17         MR. ARMSTRONG:  Uh-huh, yes.

18         THE COURT:  We will receive that paper copy from you.

19  If you will present it to Mr. Owen, he in turn will tender it to

20  Ms. Steffens and it will be scanned in and will become part of

21  the court's electronic CM/ECF system as soon as practicable.

22         MR. ARMSTRONG:  Thank you, your Honor.

23         THE COURT:  Very well.  There being no further business

24  before the court in this case, a special thanks to these Deputy

25  United States Marshals, young men known to me, good afternoon

" ACCEPTED 17
Richard Kellogg Quitare
December 24, 2013 C.E.

1   and thank you.

2          Please close the record.  We are in recess.

3          (Proceedings concluded at 1:55 p.m.)

4                    REPORTER'S CERTIFICATE

5          I certify that the foregoing is a correct transcript

6    from the record of proceedings in the above-entitled matter.

7          Dated at Denver, Colorado, this 16th day of May,

8    2011.

9                         s/Suzanne M. Claar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



"ACCEPTED"

Richard Kellogg Armstrong

DECEMBER 24, 2013 CE.

Richard Kellogg Armstrong(Terminated)
#20413-298

FCI Lompoc
3901 Klein Blvd
Lompoc, CA. 93436

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901 - 19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 01 2013

JEFFREY P. COLWELL
CLERK

FEDERAL FACILITY
REFUSES TO PAY
POSTAGE DUE

POSTAGE
DUE 21

10-cr-00317-REB
Doc. # 629 Returned

Doc. # 223

2 OF 2