# NON NEGOTIABLE NOTICE OF ACCEPTANCE

NOTICE DATE: Day Fourteen      Month One      Year 2014 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 403 Filed 01/24/12 USDC Colorado Page 1 of 6 SECOND TRIAL PREPARATION CONFERENCE ORDER 1, Page 2 of 6 2, 3 3, 4 4, 5 5, Page 6 of 6 Dated January 24, 2012 Robert E. Blackburn United States District Judge 6"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "Case 1:10-cr-00317-REB Document 403 Filed 01/24/12 USDC Colorado Page 1 of 6 SECOND TRIAL PREPARATION CONFERENCE ORDER 1, Page 2 of 6 2, 3 3, 4 4, 5 5, Page 6 of 6 Dated January 24, 2012 Robert E. Blackburn United States District Judge 6" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE**. Dishonor may result if you fail to respond.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 17 2014
JEFFREY P. COLWELL
CLERK

Sincerely,
*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road Lompoc, California on January 14, 2013 C.E. for same day delivery to Clerk of the Court U.S. District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

"ACCEPTED"
*Richard Kellogg Armstrong*
JANUARY 14, 2014 CE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CURTIS L. MORRIS, and
2. RICHARD KELLOGG ARMSTRONG,

    Defendants.

## SECOND TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

Pursuant to **Fed. R. Crim. P. 17.1** and **D.C.COLO.LCrR 26**, the court enters this **Second Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That after conferring with counsel and the defendants and with their concurrence, trial by jury shall commence **April 9, 2012**, at 8:30 a.m., in the Alfred A. Arraj United States Courthouse Annex at 901 19th Street, Denver, Colorado 80194, in courtroom A1001 (tenth floor), at which the defendants shall appear in person without further notice, order, or subpoena;[1]

2. That the court reserves sixteen (16) days for trial:

---

[1] Any motion brought under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, to vacate or continue the trial shall note and circumstantiate, *inter alia*, the specific amount of time to be excluded in computing the time for speedy trial under the act and shall provide non-conclusory reasons to justify the amount of time to be excluded as provided in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Additionally, any motion to vacate and/or continue the trial shall address the factors enunciated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987), pursuant to **REB Cr. Practice Standard II.E.1**.

"ACCEPTED"
*Richard D Kellogg* (signature)
JANUARY 14, 2014 CE

- Monday, April 9, 2012, through Thursday, April 12, 2012;
- Monday, April 16, 2012, through Thursday, April 19, 201;
- Monday, April 23, 2012, through Thursday, April 26, 2012; and
- Monday, April 30, 2012, through Thursday, May 3, 2012;

3. That counsel and the defendants shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

4. That a **Trial Preparation Conference** shall he conducted on **April 6, 2012**, commencing at 1:30 p.m., in courtroom A1001, at which the defendants shall appear in person without further notice, order, or subpoena;

5. That lead counsel and the defendants shall attend the Trial Preparation Conference;

6. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

7. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. stipulated and proposed jury instructions and verdict forms;

"ACCEPTED"
*[signature]*
JANUARY 14, 2014 CE

b. proposed *voir dire* questions of the parties;

c. the jury selection process, including alternate jurors and peremptory challenges:

    1. The use of the one or more alternate jurors [Review Fed. R. Crim. P. 24(c)];

    2. Pretrial designation of the alternate juror(s);

    3. The number and allocation of peremptory challenges [Review Fed. R. Crim. P. 24(b) and (c)(4)]; and

    4. Retention or dismissal of alternate juror(s) [Review Fed. R. Crim. P. 24(c)(3)];

d. the use of juror questionnaires (if a questionnaire is used, the parties shall surrender their copies for destruction immediately subsequent to completion of jury selection);

e. identification of all persons permitted to be seated at each party's table;

f. the pronunciation of any problematic name of a party or witness;

g. the names or monikers that may be used when referring to the defendant or a witness;

h. identification of "will call" and "may call" witnesses;

i. use of deposition testimony, if any:

    1. designation of specific testimony by page and line; and

    2. identification of the person selected to read deposition answers;

j. use of video depositions:

    1. resolution of objections;

"ACCEPTED"
Richard Kellogg
~~[redacted]~~
JANUARY 14, 2014 CJE

        2. pretrial redaction, if necessary; and

        3. arrangements for necessary equipment to broadcast the deposition;

        k. the admission of stipulated exhibits or exhibits about which there are no objections;

        l. the allocation of trial time between the parties;

        m. the necessity for cautionary or limiting instructions;

        n. timing of publication, if any, of trial exhibits to the jury;

        o. appropriate attire and clothing for the defendants;

        p. security precautions, requirements, or issues;

        r. training on the use of courtroom technology; and

        s. transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[2]

    8. That pending further order of this court, the jurors shall not be sequestered before deliberations;

    9. That pending further order of this court, the government shall be permitted voir dire examination not to exceed 30 minutes and each defendant shall be permitted voir dire examination not to exceed 20 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

---

[2] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties. A listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/Judes/Judges.aspx under "Courtroom Technology Manual for Attorneys." Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** at least 14 days before trial. Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

"ACCEPTED"
Richard Kellogg *signature*

January 14, 2014 CE

10. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

11. That pending further order of this court, opening statements shall be limited to **sixty (60)** minutes for the government and **thirty (30)** minutes for each defendant;

12. That the court will not engage in the examination of any witness, except to eschew plain error;

13. That pursuant to REB Cr. Practice Standard III.B., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

14. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury [Review Fed.R.Evid.103(c) and 104(c)];

15. That in marshaling motions or objections during trial, the following sequential protocol shall be observed, unless interrupted by the court: objection, response, reply, ruling;

16. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

17. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard V.A.5., the

*"ACCEPTED"*
*Richard Kellogg* [signature]
*January 14, 2014 CE*

government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and each defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.[insert defendant's surname]-1,[insert defendant's surname]-2; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

18. That pending further order of this court, closing argument shall be limited to **ninety (90)** minutes total for the government and **sixty (60)** minutes for each defendant;

19. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** should be contacted;

20. That to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendants at the Trial Preparation Conference and trial; and

21. That this **Second Trial Preparation Conference Order** supplants and supersedes any previous trial preparation conference order, including the **Trial Preparation Conference Order** [#33] entered June 25, 2010.

Dated January 24, 2012, at Denver, Colorado.

**BY THE COURT:**

[signature]
Robert E. Blackburn
United States District Judge

"ACCEPTED"
*Richard Kellogg Armstrong*
JANUARY 14, 2014 CE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

# ORDER DENYING DEFENDANT ARMSTRONG'S CONDITIONAL MOTION FOR THE APPOINTMENT OF AN ATTORNEY TO ASSIST DEFENDANT WITH CRIMINAL CONTEMPT PROCEEDINGS

**Blackburn, J.**

The matter before me is the **Motion for the Court To Appoint an Attorney as Co-Counsel To Assist Petitioner** [*sic*] **With Criminal Contempt Proceedings [#409]**[1] filed February 8, 2012, *pro se* by the defendant, Richard Kellogg Armstrong. Quintessentially, Mr. Armstrong requests that I appoint an attorney who is acceptable to him to represent or assist him in the pending contempt proceedings.[2] I deny his conditional motion.

Because Mr. Armstrong is proceeding *pro se*, I continue to construe his papers

---

[1] "[#409]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] To me Mr. Armstrong's position is ambiguous. On the one hand his request may be that I appoint and attorney to represent him. On the other hand, his request may be that I appoint an attorney to serve as his co-counsel with Mr. Armstrong serving as his own counsel. I will disambiguate this issue at the next contempt-related hearing.

"ACCEPTED"
*Richard Kellogg Armstrong*
JANUARY 14, 2014 C/E

liberally. **See Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Thus, although the motion was filed beyond the deadline required by the court (**see Courtroom Minutes** [#404] at 4 filed January 24, 2012), I exercise my discretion to consider it.

Mr. Armstrong has been ordered to show cause why he should not be held in criminal contempt for continuing to flout the duly issued orders of this court. (**See Order To Show Cause** [#378] filed December 16, 2011.) As an alleged contemnor, Mr. Armstrong is "entitled to full criminal process," including the right to counsel. **United Mine Workers of America v. Bagwell**, 512 U.S. 821, 831, 834-35 114 S.Ct. 2552, 2560-61, 129 L.Ed.2d 642 (1994).

At the contempt advisement proceedings on January 24, 2012, I asked Mr. Armstrong whether he wanted to be represented by an attorney in the contempt proceedings. He advised me that he would consider the matter, and I required him to inform me of his answer in writing. The instant motion is his response.

However, because Mr. Armstrong attempts to place unreasonable and unacceptable conditions on the appointment of counsel, his request must be denied. Other than the fact that the contempt proceedings arose in the context of this criminal case, the contempt charges themselves have nothing to do with the substantive allegations underlying the Indictment. Therefore, there is no reason whatsoever that Mr. Armstrong requires an attorney who "possess[es] in-depth knowledge of the IRS

"ACCEPTED"
*Richard Kellogg Armstrong*
January 14, 2014 CE

and [has] direct experience in the defense of IRS cases" to defend against the contempt charges. See **Motion** at 1. Indeed, his insistence on such appears to be little more than a thinly veiled attempt to circumvent my denial of his prior motion to dismiss David L. Owen, Jr., Esq., as his standby and advisory counsel. (**See Order Denying Defendant Armstrong's Motion To Terminate Court Appointed Assistance of Counsel** [#189] filed April 6, 2011.)

Moreover, I explicitly and emphatically reject Mr. Armstrong's requirement that he must find the attorney appointed to represent him "acceptable," whatever that may mean. Although an indigent defendant has the right to counsel, he does not have the right to counsel of his choice. **United States v. Nichols**, 841 F.2d 1485, 1504 (10th Cir. 1988). Although Mr. Armstrong continues to profess an unexplicated "personality clash" with Mr. Owen,[3] there is no other attorney better edified or situated to competently represent Mr. Armstrong in the contempt proceedings. He is familiar with the history and development of this case in general and these contempt charges in particular. There is important public interest in having these charges resolved as efficiently and expeditiously as possible, and Mr. Owen is not only eminently qualified, but the best positioned, attorney to efficaciously assist Mr. Armstrong in addressing them.

THEREFORE, IT IS ORDERED that the **Motion for the Court To Appoint an Attorney as Co-Counsel To Assist Petitioner** [sic] **With Criminal Contempt**

---

[3] As I noted in denying Mr. Armstrong's previous motion to dismiss Mr. Owen, this conflict seems to arise largely from Mr. Owen's apparent disagreement with "Mr. Armstrong's views concerning such issues as 'the U.S. monetary system,' the legal status of the IRS, individual sovereignty, 'declared citizenship,' and the standing of the United States. (**Order Denying Defendant Armstrong's Motion To Terminate Court Appointed Assistance of Counsel** at 2 [#189], filed April 6, 2011.) As I said in that order, such allegations "do[] not provide any cogent factual or legal basis" to infer that Mr. Owen cannot represent Mr. Armstrong competently.

3

"ACCEPTED"
*Richard Kellogg Armstrong*

JANUARY 14, 2014 CJE

**Proceedings** [#409] filed February 8, 2012, *pro se* by the defendant, Richard Kellogg Armstrong is **DENIED**.

Dated February 10, 2012, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

4