## NOTICE OF AND RESCISSION OF MOTION TO RECONSIDER MAGISTRATE'S ORDER OF DETENTION FOR CAUSE

**NOTICE DATE:** Day Fourteen        Month One                    Year 2014 C.E.

Clerk of the Court
United States District Court
901 19th Street, Room A-105
Denver, Colorado 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 43 Filed 07/14/10 USDC Colorado Page 1 of 8 MOTION TO RECONSIDER MAGISTATE'S ORDER OF DETENTION 1, Page 2 of 8 2, Page 3 of 8 3, Page 4 of 8 4, Page 5 of 8 5, Page 6 of 8 6, Page 7 of 8 Richard K. Kornfeld 7, Page 8 of 8"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being rescind the original Case 1:10-cr-00317-REB Document 43 Filed 07/14/10 USDC Colorado Page 1 of 8 MOTION TO RECONSIDER MAGISTRATE'S ORDER OF DETENTION 1, Page 2 of 8 2, Page 3 of 8 3, Page 4 of 8 4, Page 5 of 8 5, Page 6 of 8 6, Page 7 of 8 Richard K. Kornfeld 7, Page 8 of 8" including every copy, for cause. I made a mistake creating, preparing and filing the MOTION TO RECONSIDER MAGISTRATE'S ORDER OF DETENTION. I repent of my sin.

I willingly, knowingly, voluntarily, intentionally and intelligently perform this act and deed.

[1]"My son, if you become surety for your friend, if you have shaken hands in a pledge for a stranger", [2]"You are snared by the words of your mouth; you are taken by the words of your mouth." [3]"So do this, my son, and deliver yourself; for you have come into the hand of your friend; go humble yourself; plead with your friend." [4]"Give no sleep to your eyes, nor slumber to your eyelids." [5]"Deliver yourself like a gazelle from the hand of the hunter, and like a bird from the hand of the fowler."

**I RESERVE ALL OF MY RIGHTS WITH EXPLICIT RESERVATION AND WITHOUT PREJUDICE.**

Sincerely

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 7 2014

JEFFREY P. COLWELL
CLERK

Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number: 10-cr-00317-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## MOTION TO RECONSIDER MAGISTRATE'S ORDER OF DETENTION

Defendant, Richard Kellogg Armstrong, by and through his court-appointed attorney, Richard K. Kornfeld, hereby moves this Honorable Court, pursuant to 18 U.S.C. § 3145(b), to review and reconsider the Magistrate Judge's Order of Detention (Document 30). In support of said Motion, Defendant states as follows:

### I. Background

1. Defendant is charged by Indictment with wire fraud and filing false claims, in violation of 18 U.S.C. §§ 1341 and 287. Defendant is facing a total of five counts.

2. Federal agents arrested Defendant in the Southern District of California on May 20, 2010. Defendant appeared before Magistrate Judge Peter C. Lewis for an initial appearance and detention hearing, and Magistrate Judge Lewis found that no condition or combination of conditions would reasonably assure the appearance of Defendant as required (Document 8). Upon information and belief, the government did not argue that Defendant posed a danger to the community.

3. On June 21, 2010, the Defendant appeared before Magistrate Judge Kathleen Tafoya in the District of Colorado, at which time Magistrate Judge Tafoya allowed Defendant to reopen the detention hearing. The government continued to assert that Defendant posed a risk of flight. The government did not argue that Defendant was a danger to the community, and

1

conceded that there was no statutory presumption of detention applicable to the case. After hearing testimony from I.R.S. Special Agent Greg Flynn, and considering the arguments of counsel, Magistrate Judge Tafoya orally held that Defendant posed a risk of flight and, therefore, that he should be detained pending trial. This ruling was codified in a written Order of Detention (Document 30).

Among the factors cited in the Order were the following: 1) the Defendant's titling of properties in the name of various entities; 2) the fact that Defendant is a licensed pilot and allegedly associates with other individuals "who *may* have access to aircraft and *who appear to have* issues with the United States' taxing authorities" (emphasis supplied); 3) the fact that a large portion of the proceeds allegedly illegally paid to Defendant are missing; and 4) the fact that Defendant and his wife spend time in Mexico. See Order of Detention at p. 5. The Magistrate Judge acknowledged that Defendant was willing to surrender his pilot's license and passport. Id. While the government did produce evidence of Defendant's receiving some payments from various bank accounts, some of which are located overseas, it did not produce evidence that Defendant had significant financial resources, either in the United States or abroad, or that Defendant somehow otherwise had access to or control over vast sums of money.

5. Since the detention hearing, a number of new factors have arisen, including the following: 1) due to the volume of discovery and other issues pertinent to effectively preparing for and defending this case, Defendant and his co-Defendant filed a Joint Unopposed Motion for Declaration of Complexity and to Exclude Time Within Which the Trial for the Offenses charged in the Indictment Must Commence (Document 36). As a result of this Motion, the Court has vacated the August trial date and set the matter for hearing on October 22, 2010 (Document 42); 2) the defendants have received more than 7,700 pages of discovery, a mirror computer image, and various recorded telephone calls between Defendant and his wife while Defendant was in custody in California; 3) a review of the recorded telephone calls indicates that Defendant does not have vast financial resources at his disposal and, in fact, is struggling to come up with enough funds to pay for calling cards at the jail; 4) the government has indicated that it may very

well supersede the Indictment in August with new charges against defendants and the possible addition of other indicted individuals.

## II. Standard of Review

6. A District Court's authority to review a Magistrate Judge's decision is codified in 18 U.S.C. § 3145(b), and is *de novo* review. See *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). This Court has the discretion to determine what procedures are most appropriate in order to conduct its review, and it need not conduct a *de novo* evidentiary hearing. See, *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D.Kan. 2002); *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Regardless of how it decides to proceed, a District Court must decide "both the facts and the propriety of detention anew without deference to the Magistrate judge's findings." *United States v. Poole,*, 2004 WL 1732306, at *1 (citing *Lutz*, 207 F.Supp.2d at 1251).

## III. Standard for Detention

7. Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e). The government must prove risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence. *Cisneros*, 328 F.3d at 616. In the present case, the Court's analysis should be limited to risk of flight, inasmuch as the government did not proceed on a theory of dangerousness.

8. In conducting its review, the Court is guided by the factors enumerated in 18 U.S.C. § 3142(g), which include, in relevant part[1], the following:

> 1. the nature and circumstances of the offense charged, including whether the offense charge...;
> 2. the weight of the evidence against the person;

---

[1] A fourth factor under 18 U.S.C. 3142(g) is the "nature and seriousness of the danger to any person of the community that would be posed by the person's release". 18 U.S.C. § 3142(g)(4). Because the government has not argued that Defendant is a danger to the community, this factor is not relevant to the Court's analysis in the instant case.

3

3.    the history and characteristics of the person, including –
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct…criminal history, and record concerning appearance at court proceedings;

## IV. Analysis

9.    A consideration of the factors enumerated in 18 U.S.C. § 3142(g) suggests that there are conditions or a combination of conditions that will reasonably ensure the Defendant's ongoing participation at this case absent his pretrial detention.

10.    Turning to the first of the applicable § 3142(g) factors, this case involves allegations of fraudulent activity associated with the filing of certain IRS forms. According to the discovery provided to date, Defendant allegedly filed certain forms and subsequently received significant payments from the IRS. The government alleges that the Defendants were not entitled to the payments they received from the IRS. Defendant Armstrong utilized the services of co-Defendant Morris, a tax preparer, to file the forms in question. The instant case, therefore, is a fraud case and does not involve allegations of violence, controlled substance offense, or other types of offense that may give rise to a rebuttable of presumption of detention pursuant to 18 U.S.C. § 3142(e).

11.    With respect to the second applicable factor, the weight of the evidence against the person, such a determination is difficult at this point given the volume of discovery, issues involving the advice rendered to Defendant by various tax professionals, and perhaps the most complicated factor, i.e. Defendant's fraudulent intent, or lack thereof. As in many so-called white collar cases, the government appears to be relying on circumstantial evidence to establish that Defendant specifically intended to defraud the government and, in so doing, knew and understood that he was not entitled to the tax payments for which he applied. While undersigned

4

counsel has yet to digest all of the discovery in this case, a review of the Criminal Complaint does not suggest that there is a so-called "smoking gun" document or other piece of evidence that directly establishes Defendant's fraudulent intent. The closest the government may have in this regard are several emails from Defendant's prior accountant, who warned Defendant that the filing of the forms at issues was not proper. However, the evidence establishes that Defendant subsequently contacted co-Defendant Morris, who not only assisted Defendant in the filing of the forms, but also himself filed the same forms, thus circumstantially suggesting that another tax professional believed that the filing of the forms at issue was not improper. The point here is that the issue of Defendant's *mens rea* most likely will be the crux of any trial, and the weight, therefore, of the government's evidence is not overwhelming.

12.     With respect to the third relevant factor, i.e. the history and characteristics of the Defendant, the Defendant's background and present circumstances mitigate against an order of detention. Defendant is 76 years old, a citizen of the United States, and devoid of any prior criminal history. He has work experience in the engineering field, although he has been retired for some time. At the Detention Hearing, the testifying agent suggested that the fact Defendant has historically derived some post-retirement income somehow undermines his assertion that he is retired. However, the fact remains that, like millions of Americans, while Defendant is not working in a fulltime capacity, he has other sources of income, including lines of credit. It is true that Defendant spends time in Mexico every year with his wife where she ostensibly runs a part-time real estate business, although the evidence is devoid of any proof that she is active in the business, or that Defendant is somehow actively engaged in the business. Regardless, there is nothing illegal or nefarious about spending the winter months in Mexico, working in a part-time capacity, or otherwise traveling at will when there are not travel restrictions, as was the case

prior to Defendant's arrest. While Defendant is in very good health for a man of his age, Defendant, his wife and undersigned counsel have concerns about the long-term effects of ongoing incarceration at the Federal Detention Center or any other detention facility. Defendant maintains several homes in Arizona. While at least one of the homes may be titled in some sort of legal entity, that fact alone is not illegal or nefarious and the Defendant has made no secret of his interest in both of the Arizona properties. Although the testifying agent at the Detention Hearing attempted to portray Defendant's alleged failure to maintain a flight log book for his private airplane as evidence of disrespect for governmental authority, the fact remains that Defendant has no negative history of ignoring court orders, failing to file income tax returns or otherwise disobeying government authority. Defendant was cooperative with the pretrial detention officer in both Colorado and California. With respect to Defendant's pilot license, Defendant is willing to give up that license and, upon information and belief, it would not be possible to rent an airplane without producing a valid FAA pilot's license. At the detention hearing, the testifying agent spun a fantastical conspiracy theory about how Defendant might be able to utilize relationships with certain uncharged individuals who, in the past, have expressed anti-government feelings and who may have access to aircraft. Apart from this rank speculation, there is no evidence in the record that Defendant, whose airplane was seized by the IRS upon his arrest, would have access to an airplane that he could utilize to flee the United States. Finally, it is true that Defendant does not have ties to the District of Colorado other than having several friends that live in the Denver area. Were this Court to Order Defendant's release, Defendant would prefer to return to his home in the Phoenix area pending trial. However, Defendant would be willing to remain in the District of Colorado and, upon information and belief, would be able to secure housing with one of his friends in the Denver area.

13. In light of the factors discussed above, Defendant respectfully avers that there are conditions, or combinations of conditions, that will reasonable ensure his ongoing participation in the pending case in the District of Colorado. Such conditions might include, but are not limited to the following: 1) electronic home monitoring; 2) a curfew; 3) travel restrictions; 4) submission of Defendant's passport to the Clerk of the District Court; 5) voluntary relinquishment of Defendant's pilot's license; and, 6) any other condition or combination of conditions that this Court sees fit to impose.

14. Should this Court wish to conduct a hearing regarding this Motion, undersigned counsel respectfully requests that it not be set the week of July 26, 2010, as undersigned counsel is scheduled to be out of state that week.

WHEREFORE, Defendant respectfully requests that this Court review and reconsider the Magistrate Judge's Order of Detention for the reasons set forth herein.

Dated this 14th day of July, 2010.

Respectfully submitted,

s/Richard K. Kornfeld
RICHARD K. KORNFELD
Attorney for Defendant Richard Armstrong
1600 Stout St., Suite 1000
Denver, Colorado 80202
(303) 573-1900
Fax: (303) 446-9400
admin@rechtkornfeld.com

## CERTIFICATE OF SERVICE

,I hereby certify that on this 14th day of July, 2010, I electronically filed the foregoing **Motion to Reconsider Magistrate's Order of Detention** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/Michael Shomler
Michael Shomler

*[Handwritten annotations: "JANUARY 14, 2014 C.E.;" on left; "United Kelley [signature]" in center; "RESCISSION" on right]*