# NON NEGOTIABLE NOTICE OF ACCEPTANCE

NOTICE DATE: Day Fourteen          Month One          Year 2014 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 400 Filed 01/17/12 USDC Colorado Page 1 of 4, Page 2 of 4 2, Page 3 of 4 3, Page 4 of 4 Dated January 17, 2012 Robert E. Blackburn United States District Judge 4"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for value your Presentment "Case 1:!0-cr-00317-REB Document 400 Filed 01/17/12 USDC Colorado Page 1 of 4, Page 2 of 4 2, Page 3 of 4 3, Page 4 of 4 Dated January 17, 2012 Robert E. Blackburn United States District Judge 4" and return your offer for closure and settlement of the accounting.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB
- I request you adjust and set-off all Public charges by the exemption in accord with Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF ACCEPTANCE**. Dishonor may result if you fail to respond.

Sincerely.

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589

### CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc 3600 Guard Road Lompoc, California on January 14, 2013 C.E. for same day delivery to Clerk of the Court U.S. District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 7 2014

JEFFREY P. COLWELL
CLERK

Richard Kellogg Armstrong

*"ACCEPTED"*
*Richard Kellogg* [signature]
*January 14, 2014 CE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

## ORDER DENYING MOTION TO ANSWER CERTIFIED QUESTION OF LAW RELATED TO JURISDICTION IN THIS CASE

---

**Blackburn, J.**

The matter before me is the **Motion To Answer a Certified Question of Law Related to Jurisdiction in This Case, and an Offer of Proof** [#361][1] filed November 18, 2011, by defendant, Richard Kellogg Armstrong.[2] Mr. Armstrong questions, yet again, this court's subject matter jurisdiction by claiming purported deficiencies in the adoption of Title 18 of the United States Code. I deny the motion.

This court has plowed similar ground with Mr. Armstrong previously in this case. (See **Order Denying Defendant Armstrong's Motions To Dismiss** [#169] entered March 3, 2011, at 6-7, ¶ I.2.) This most recent attempt by Mr. Armstrong to resurrect

---

[1] "[#361]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] As I have done assiduously during the time that Mr. Armstrong has represented himself, I construe his papers liberally. See **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

*"ACCEPTED"*
*Richard Kellogg Armstrong*
*JANUARY 14, 2014 CE*

that jejune argument, either for reconsideration by this court or as a series of certified questions to a higher court, is no less frivolous now than it was previously. The reasons his argument fails were explicated cogently by the United States magistrate judge in his recommendation in **United States v. Chillemi**, 2007 WL 2995726 (D. Ariz. Oct. 12, 2007), which recommendation was adopted properly by the district court:

> On June 20, 1948, the House adjourned until December 31, 1948. **House Journal** 80th Congress 2nd Session at 775 (June 18, 1948). The Speaker reported that on June 22, 1948, he signed H.R. 3190. **Id.** at 777. The Committee then presented the bill to the President on June 23, 1948. **Id.** at 778, 780.
>
> The Constitution does not mandate signature of bills by the presiding officers of Congress. Rather, that requirement is made by 1 U.S.C. § 106, which requires in pertinent part:
>
>> When such bill, or joint resolution shall have passed both Houses, it shall be printed and shall then be called the enrolled bill, or joint resolution, as the case may be, and shall be signed by the presiding officers of both Houses and sent to the President of the United States.
>
> This statute makes no express limitation on the time during which the presiding officers may sign. The Ninth Circuit, following the Seventh Circuit's decision in **United States v. Kapsalis**, 214 F.2d 677, 679-83 (7th Cir. 1954), **cert. denied**, 349 U.S. 906, 75 S.Ct. 583, 99 L.Ed. 1242 (1955), has concluded that an adjournment *sine die* does not preclude the ministerial acts necessary to completion of the legislative process.
>
>> **Kapsalis** held that the ministerial acts of examination, enrollment, and presentment may unquestionably be delegated by Congress to its leadership, or to a standing committee, and that these delegated acts may be performed even when Congress stands adjourned *sine die*. **Kapsalis** is persuasive, and we adopt it as the law of this circuit.

2

*"ACCEPTED"*
*Richard Kellogg* [signature]
*JANUARY 14, 2014 CE*

*Mester Mfg. Co. v. I.N.S.*, 879 F.2d 561, 571 (9th Cir. 1989).

*Id.* at *7-*9 (Irwin, M.J.). Numerous other federal courts who have considered this same issue are unanimous in their concurrence with these conclusions and their rejection of the argument. *See, e.g.*, *Robinson v. United States*, 2009 WL 1395467 at *2 (N.D. Miss. May 18, 2009); *United States v. Potts*, 251 Fed. Appx. 109, 111 (3rd Cir. 2007); *Derleth v. United States*, 2006 WL 1804618 (S.D. Tex. June 27, 2006); *United States v. Risquet*, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006); *Jones v. Unknown Warden*, 2006 WL 389833 at *1 (E.D. Mo. Feb. 17, 2006); *United States v. Lawrence*, 2006 WL 250702 at *1 (N.D. Ill. Jan. 27, 2006).

Moreover, and even if Mr. Armstrong's argument were correct as a matter of fact, such would be irrelevant, "since Congress' failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." *Chillemi*, 2007 WL 2995726 at *1 (Rosenblatt, J.). Indeed, the "enrolled bill rule" articulated in *Marshall Field & Co. v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), on which defendant purports to rely in support of his argument refutes rather than supports the notion that any supposed irregularities in the passage of the statute have any bearing on this court's jurisdiction:

> The "enrolled-bill rule" precludes a court from looking beyond the signatures of House and Senate leaders in determining the validity of a statute. The District of Columbia Circuit recently explained the rule thus:
>
> > It is not competent for a party [challenging the validity of a statute] to show, from the journals of either house, from the reports of committees or from other documents printed by authority of Congress, that an enrolled bill differs from that actually passed by

"ACCEPTED"
Richard Kellogg Armstrong
JANUARY 14, 2014 CR

> Congress. The only evidence upon which a court may act when the issue is made as to whether a bill asserted to have become a law, was or was not passed by Congress is an enrolled act attested to by declaration of the two houses, through their presiding officers. An enrolled bill, thus attested, is conclusive evidence that it was passed by Congress. The enrollment itself is the record, which is conclusive as to what the statute is.

**United States v. Farmer**, 583 F.3d 131, 151-52 (2nd Cir. 2009) (internal citations, quotation marks, brackets, and ellipses omitted)), **cert. denied**, 130 S.Ct. 2365 (2910).

Finally, given the patent frivolity of the arguments presented, there is no reason to allow Mr. Armstrong to make an offer of proof, or (assuming *arguendo* that such procedures are otherwise proper and available) to certify the questions presented to the Attorney General or another judge. Thus, the motion must be denied.

**THEREFORE, IT IS ORDERED** that the **Motion To Answer a Certified Question of Law Related to Jurisdiction in This Case, and an Offer of Proof** [#361] filed November 18, 2011, by defendant, Richard Kellogg Armstrong, is **DENIED**.

Dated January 17, 2012, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

4