# NON NEGOTIABLE NOTICE
# OF ACCEPTANCE

NOTICE DATE: Day Fourteen                Month One                          Year 2014 C.E.

Clerk of the Court
U.S. District Court
901 19th Street, Room A-105
Denver, CO 80294-3589

**In reply to:** "Case 1:10-cr-00317-REB Document 210 Filed 04/28/11 USDC Colorado Page 1 of
15, Page 2 of 15 2, 3 3, 4 4, 5 5, 6 6, 7 7, 8 8, 9 9, 10 10, 11 11, 12 12, 13 13, Page
14 of 15 JOHN F. WALSH Kevin F. Sweeney Kenneth M. Harmon 14, Page 15 of 15 Lisa M. Wayne
David L. Owen KENNETH M. HARMON 15"

**PLEASE TAKE NOTICE** that I, Richard Kellogg Armstrong, sentient moral being accept for
value your Presentment "supra" and return your offer for closure and settlement of the
accounting.  I request you issue me the Order of the Court.

I indicate my acceptance of your offer by my signature and date.

- I do not argue any facts in this case;
- I request you issue me the Appearance Bond and waive all Public costs;
- I request you close Account Number 1:10-cr-00317-REB, and issue the Order of the Court
  to me immediately;
- I request you adjust and set-off all Public charges by the exemption in accord with
  Public Policy;
- I request discharge.

Please respond within three (3) days of your receipt of this **NON NEGOTIABLE NOTICE OF
ACCEPTANCE**.  Dishonor may result if you fail to respond.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 7 2014

JEFFREY P. COLWELL
CLERK

Sincerely,

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong
c/o 20413-298
Federal Correctional
Institution - Lompoc
3600 Guard Road
Lompoc, California

Attachment: "supra"
cc: Robert E. Blackburn, United States District Judge U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: John F. Walsh, U.S. Attorney U.S. Attorney's Office 1225 17th Street Seventeenth Street Plaza, #700
    Denver, CO 80202
cc: Kenneth M. Harmon, AUSA, U.S. Attorney's Office 1225 17th Street Seventeenth Street Plaza, #700 Denver, CO
    80202
cc: Kevin F. Sweeney, AUSA, U.S. Attorney's Office 1225 17th Street Seventeenth Street Plaza, #700 Denver,
    CO 80202
cc: David L. Owen, Attorney c/o U.S. District Court 901 19th Street Denver, CO 80294-3589
cc: Lisa Wayne, Attorney, c/o U.S. District Court 901 19th Street Denver, CO 80294-3589

## CERTIFICATE OF MAILING

I, Richard Kellogg Armstrong, certify this **NON NEGOTIABLE NOTICE OF ACCEPTANCE** was sealed in an envelope with
First Class Postage paid and deposited in a United States Postal Mail Box located in Unit J at FCI Lompoc
3600 Guard Road Lompoc, California on January 14, 2013 C.E. for same day delivery to Clerk of the Court
U.S. District Court 901 19th Street, Room A-105 Denver, CO 80294-3589

*Richard Kellogg Armstrong*
Richard Kellogg Armstrong

*" ACCEPTED"*
*Richard Kellogg (signature)*
*JANUARY 14, 2012 CLE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-CR-00317-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    CURTIS L. MORRIS, and
2.    RICHARD KELLOGG ARMSTRONG,

      Defendants.

---

## GOVERNMENT'S CONSOLIDATED RESPONSE
## TO DEFENSE MOTIONS

---

The United States of America, by and through its undersigned counsel, responds to five motions styled by Defendant Curtis L. Morris (hereinafter "Morris") as follows:

(1) "DEFENDANT CURTIS L. MORRIS' MOTION TO EXCLUDE STATEMENTS OF LARRY RAY HALL PURSUANT TO CRAWFORD V. WASHINGTON" (hereinafter "Motion 1"), Doc. No. 198;

(2) "MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO USE 404(b) EVIDENCE AND FOR A PRE-TRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF THAT EVIDENCE" (hereinafter "Motion 2"), Doc. No. 200;

(3) "DEFENDANT CURTIS L. MORRIS' MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FED. R. EVID. 801(d)(2)(E)" (hereinafter "Motion 3"), Doc. No. 197;

(4) "DEFENDANT MORRIS' MOTION FOR SEVERANCE OF DEFENDANTS"

"ACCEPTED"

*Richard Kellogg Armstrong*

JANUARY 14, 2014 CE

(hereinafter "Motion 4"), Doc. No. 201; and

(5) "MOTION TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(I) AND (iv) AND CONTINUANCE OF DEADLINES CURRENTLY SET" (hereinafter "Motion 5"), Doc. No. 191.

The United States of America, by and through its undersigned counsel, also responds to one motion styled by Richard K. Armstrong (hereinafter "Armstrong") as follows:

(6) "MOTION FOR ENLARGEMENT OF TIME DUE TO NON RECEIPT OF ALL DISCOVERY AND NON RECEIPT OF ALL GRAND JURY TRANSCRIPTS" (hereinafter "Motion 6"), Doc. No. 208.

## BACKGROUND

On April 7, 2011, this Court granted "DEFENDANT MORRIS' UNOPPOSED MOTION FOR ADDITIONAL TIME TO FILE MOTIONS AS A RESULT OF THE SUPERSEDING INDICTMENT FILED ON FEBRUARY 15, 2011" filed on February 28, 2011.  Doc. No. 193. The Court extended the deadline for Morris to file non-CJA pretrial motions to April 14, 2011. Doc. No. 193.  The Court also allowed the Government and Armstrong until April 28, 2011 to file responses to any timely-filed motions by Morris.  Doc. No. 193.  The Court noted that this new motions deadline also applied to Motion 5, which Morris previously filed on April 6, 2011. Doc. No. 193.  On April 14, 2011, Defendant Morris filed Motions 1 through 4.  Then, on April 26, 2011, Armstrong filed Motion 6.  Doc. No. 208.  On April 27, 2011, this Court ordered the Government to respond to Motion 6.  Doc. No. 209.  The Government's response will address

2

*"ACCEPTED"*

*Richard Kellog Crmstrng*

*JANUARY 14, 2014   CE*

Motions 1 through 6.[1]

## LAW AND ARGUMENT

### I.   MOTION 1 - Motion to Suppress Grand Jury Statements of Larry R. Hall

The Government does not intend to introduce the grand jury testimony of Larry R. Hall in

its case-in-chief at trial and is not aware of circumstances, at this juncture, that would otherwise

cause the government to introduce that testimony in any other facet of the case.

### II.   MOTION 2 - Motion for Notice of Fed.R.Evid. 404(b) Evidence and Hearing

The Government has mooted the issue of notice by providing this Court with a list of the

evidence it intends to admit pursuant to Fed.R.Evid. 404(b).  Doc. No. 206.  Moreover, the

defense has not identified any particular Fed.R.Evid. 404(b) evidence that should be excluded.

Absent a justifiable challenge to particular Fed.R.Evid. 404(b) evidence, there is no reason to

conduct the hearing requested by the defense.

### III.   MOTION 3 - Motion for James Hearing

Morris in this motion requests that the Court make a pretrial determination as to the

admissibility of any statements that the government intends to offer at trial as co-conspirator

statements under Fed.R.Evid. 801(d)(2)(E) by conducting a pretrial evidentiary hearing in

accordance with United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 99 S.Ct. 2836

(1979), commonly and hereinafter referred to as a "James hearing."  Presumably in order to

facilitate this hearing, and to assist him to prepare for the hearing, Morris further requests that the

Court direct the Government to furnish him, in advance of the hearing, a list identifying any

---

[1] Morris also filed a motion styled, "DEFENDANT MORRIS' MOTION TO SUPPRESS ALLEGED STATEMENTS MADE TO ANY AND ALL LAW ENFORCEMENT ON JULY 1, 2009." Doc. No. 199.  The Government will address this motion in a separate response.

3

*"ACCEPTED"*

*[handwritten signature]*

*JANUARY 14, 2014 CE*

statements that the Government plans on seeking to admit as co-conspirator non-hearsay under

Rule 801(d)(2)(E).

   As a threshold matter, Morris fails to advance any authority to support the proposition

that he is entitled to pre-trial discovery of such statements as a matter of right, no less the

Government's pretrial classification of these statements.  Neither Federal Rule of Evidence

801(d)(2)(E), nor any other provision of the Federal Rules of Evidence, obligates a proponent of

them to furnish advance notice of an intent to offer Fed.R.Evid. 801(d)(2)(E) co-conspirator

statements. Cf. Fed.R.Evid. 404(b)(prescribing pre-trial notice of intent to offer character

evidence).  While requiring the Government to produce to each defendant certain categories of

statements made by that defendant, Rule 16(a)(1) of the Federal Rules of Criminal Procedure

does not, by its terms, provide authority for disclosure of coconspirator statements made during

the course of a conspiracy. United States v. Roberts, 811 F.2d 257 (4th Cir. 1987)(en banc)("The

rule is not intended to apply to discovery of statements made by co-conspirators").[2]  Nor does

any other provision of the Federal Rules of Criminal Procedure mandate pre-trial production of

co-conspirator statements.

   The issue is nonetheless essentially academic in this case.  As part of its disclosures, the

Government has already made disclosure of materials in its possession documenting any

---

[2]      Fed.R.Crim.P. 16(a)(1)(A) and (B) requires that the Government produce to each
defendant, upon such a defendant's request, (1) the defendant's relevant written or recorded
statements; (2) written records containing the substance of relevant oral statements made by a
defendant "in response to interrogation by any person then known to the defendant to be a
Government agent"; (3) the substance of any relevant oral statement made by the defendant "in
response to interrogation by any person then known to the defendant to be a government agent if
the government intends to use the statement at trial"; and (4) a defendant's recorded grand jury
testimony.

"ACCEPTED"
*[handwritten signature]*
JANUARY 14, 2014 LE

statements by individuals of which it is currently aware who could be characterized as indicted or

un-indicted co-conspirators or accomplices, which the Government currently would consider

offering as a co-conspirator statement under Fed.R.Evid. 801.  As part of its document

production to date, the Government has endeavored to furnish the defendants records of any

statements that either defendant has made which is subject to disclosure under Fed.R.Crim. 16.

The Government has also endeavored to furnish the defendants with all records of

communications between either of them and others involved in the charged conduct in this case.

Further, the Government has made available records in its possession of any statements that any

prospective witness has made concerning the subject matters of the case – whether such records

are in the form of reports or memoranda of interviews or transcripts of testimony or written

statements of the prospective witness.  As a consequence, the Government believes that each of

the defendants currently has – as part of the Government's document production to date - records

of any statements, currently in the Government's possession, which could be construed as a

possible co-conspirator statement that the Government would consider offering at trial.

Nor is the Morris's request for a pretrial determination as to the admissibility of co-

conspirator statements through a pretrial <u>James</u> hearing something to which he is entitled as a

matter of statute, rule or case law.  In order to admit co-conspirator statements under Rule

801(d)(2)(E), a trial court must first find by a preponderance of the evidence that : "(1) a

conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3)

the hearsay statements were made in the course of and in furtherance of the conspiracy." <u>United</u>

<u>States v. Lopez-Gutierrez</u>, 83 F.3d 1235, 1242 (10th Cir. 1996).  The Court retains great

discretion and flexibility in deciding the manner and method of ensuring that such statements are

*"ACCEPTED"*
*Robert I Kellogg Armstrong*
*JANUARY 14, 2014 CE*

not admitted in evidence without a proper foundation. As this Court has previously observed:

> The evidence a trial court may consider in deciding these preliminary questions under Fed.R.Evid. 104(a) may be presented in diverse forms, none of which are mutually exclusive. Indeed, "the district court has the discretion to consider any evidence, not subject to a privilege, including both the alleged co-conspirator statements and any other hearsay evidence, whether or not that evidence would be admissible at trial." See United States v. Owens, 70 F.3d 1118, 1124 (10th Cir.1995); Fed.R.Evid. 104(a) and 1101(d)(1). A trial court may consider and rely on the alleged co-conspirator statements to determine whether a predicate conspiracy existed within the meaning of Fed.R.Evid. 801(d)(2)(E). Id. (citing Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). See also United States v. Hernandez, 829 F.2d 988, 994-995 (10th Cir.1987). Bourjaily requires, at most, that there be some evidence linking the defendant to the conspiracy that is independent of the Fed.R.Evid. 801(d)(2)(E) statements that the government seeks to introduce. Owens, 70 F.3d at 1124-25; United States v. Martinez, 825 F.2d 1451, 1453 (10th Cir.1987).

United States v. Graham, Case No. 03-cr-89-REB, 2003 WL 23156628, *1 (D.Colo. Dec. 2, 2003).

The Tenth Circuit, while requiring a trial court to institute procedures to ensure that the co-conspirator foundations have been met before receiving such statements in evidence pursuant to Fed.R.Evid. 802(d)(2)(E), has "never constructed a fixed formula to govern the James prophylaxis." United States v. Roberts, 14 F.3d 502, 514 (10th Cir.1993). The trial court may hold a James hearing, either before trial or during trial outside of the presence of the jury, in order to determine whether the predicate conspiracy existed. United States v. Owens, 70 F.3d at 1123; United States v. Hernandez, 829 F.2d at 994. Alternatively, the trial court may provisionally admit the co-conspirator statements under Fed.R.Evid."with the caveat that the evidence must 'connect up' during the trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. Owens, 70 F.3d at 1123; United States v. Powell, 982 F.2d 1422, 1432 (10th Cir. 1992), cert. denied, 508

*"ACCEPTED"*
*Richard Philip Armstrong*
*JANUARY 14, 2014 CE*

U.S. 917 (1993).  And as part of the discretion entrusted to it with regard to these evidentiary matters, a trial court may also use and incorporate a James proffer and other summary written procedures in making its admissibility determinations under Rule 802(d)(2)(E).  United States v. Owens, 70 F.3d at 1124.

This Court had not been reluctant to use a flexible approach in its past cases, tailoring its procedures to the particular circumstances of the case at hand and eschewing reflexively ordering potentially cumbersome and time-consuming James hearings where other reliable means were available to the Court make admissibility determinations about co-conspirator statements under Federal Rule of Evidence 104(a).  In some cases, the Court has reserved the admissibility determination issue for trial, requiring the Government at that time to prove up the foundational predicates for admission of the statements.  United States v. Silva, Case No. 09-cr-00360-REB, 2010 WL 5014536 (D.Colo. Dec. 3, 2010).  In other cases, the Court has required the Government to submit a written James proffer with a log of statements that it may seek to admit under Rule 802(d)(2)(E) and, following the lodging of defendant objections, either exercising its discretion to require the Government to present its evidence of the existence of a conspiracy at trial before or contemporaneously with the offer of the statements, United States v. Arriola, Case No. 03-cr-00614-REB, 2009 WL 1575177 (D.Colo. Jun. 4, 2009), or choosing simply to rule on the written submission and other evidence already in the record.  United States v. Graham, supra.

The circumstances of the instant case do not require the reflexive imposition of a pretrial James hearing.  The Government's pretrial disclosures of potential co-conspirator statements has been comprehensive.  The Court has evidence already in the record as to the nature and contours of many of the essential aspects of the charged conspiracy through the submission of a criminal

7

*" ACCEPTED"*
*Michael Kellogg Armstrong*
*January 14, 2014 CE*

complaint and supporting affidavit charging Armstrong, based on his involvement with Morris, with crimes in this case and an evidentiary hearing conducted by the Court, in connection with the issue of Armstrong's detention, wherein the Government outlined the core parts of its evidence in this case.  Should the Court so direct, the Government would be prepared to supplement this record through the preparation of a James log, in line with the protocol that the Court has used in other conspiracy cases before it, together with a written James proffer. Morris's motion for a James hearing should accordingly be denied at this juncture.

## IV.    MOTION 4 - Motion for Severance of Defendants

Morris and Armstrong are properly charged in the same Indictment pursuant to Fed.R.Evid 8(b).  The interests of judicial economy and administration furthered by a joint trial outweigh Morris's bald assertions of the prejudice that would result.  Accordingly, a joint trial is proper in this case.  This Court should deny Morris's motion for severance of defendants.

Morris and Armstrong are both properly charged as co-conspirators in the Indictment. Rule 8(b) of the Federal Rules of Criminal Procedure allows the Government to charge two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Moreover, the Tenth Circuit has held that, "when the evidence overlaps, the offenses are similar, and the operable events occurred within a relatively short span of time, joinder of defendants . . . is proper." United States v. Esch, 832 F.2d 531, 538 (10th Cir. 1987), cert. denied, 485 U.S. 908, 991 (1988).

There is a strong preference under that law that Morris and Armstrong be tried together. Both the Supreme Court and the Tenth Circuit have observed that, "[t]here is a preference in the

*"ACCEPTED"*
*Richard Uslog Commission*
*JANUARY 14, 2014 EIE*

federal system for joint trials of defendants who are indicted together," Zafiro v. United States,

506 U.S. 534, 537 (1993), and that, "[a]s a general rule, persons indicted together are tried

jointly." United States v. Martinez, 76 F.3d 1145, 1152 (10th Cir. 1996). More specifically,

"[t]he preference in a conspiracy trial is that persons charged together should be tried together."

United States v. Small, 423 F.3d 1164, 1181 (10th Cir. 2007). Joint trials "[p]romote efficiency

and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."

United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2005).

Rule 14(a) of the Federal Rules of Criminal Procedure authorizes the Court to sever co-

defendants' trials, but only if it appears that a defendant or the government is prejudiced by a

joinder authorized under Rule 8(b). Fed. R. Crim. P. 14(a). The Supreme Court has interpreted

Rule 14(a) narrowly. It has held that "[a] district court should grant a severance under Rule 14

only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro,

506 U.S. at 539.

Morris bears a heavy burden in his motion. As the moving party, he must establish that

clear prejudice would result if he is tried with Armstrong. Martinez, 76 F.3d at 1152. Morris

"[m]ust show more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact,

show real prejudice." United States v. Dirden, 38 F.3d 1131, 1140-41 (10th Cir. 1994)(quoting

United States v. Youngpeter, 986 F.2d 349 , 353 (10th Cir. 1993)). Moreover, before granting

severance, federal district courts must weigh the clear prejudice that would result from a joint

trial, if any, against the "obviously important considerations of economy and expedition in

judicial administration." Dirden, 38 F.3d at 1140 (quoting United States v. Petersen, 611 F.2d

*"ACCEPTED"*

*[handwritten signature]*

*JANUARY 14, 2014 CE*

1313, 1331 (10th Cir. 1979)).   Morris's motion fails to establish that clear prejudice would result

if he is tried with Armstrong.

Morris argues that severance is warranted because the Government will attempt to

introduce statements of one defendant that place blame on a co-defendant to escape criminal

liability.  This argument is without merit.  First, the Government is unaware of any such

statements and Morris offers no details as to when these statements were provided, who they

were provided to, or the substance of the statements.  Second, even assuming that such

statements do exist, the Tenth Circuit has spoken clearly: "Severance is not warranted . . .merely

because defense theories conflict or because one defendant is attempting to cast blame on the

other." United States v. McClure, 734 F.2d 484, 488 (10th Cir. 1984).  In order to warrant

severance "[t]he defenses truly must be mutually exclusive, such that the jury could not believe

the core of one defense without discounting entirely the core of the other." Dirden, 38 F.3d at

1141.  Morris cannot establish that severance is warranted based upon these statements without

presenting evidence that these statements actually exist and do, in fact, render the co-defendants'

defenses mutually exclusive.  Morris has failed to do so here and, thus, failed to justify severance

on this ground.

Morris next alleges that the pretrial determination of whether certain statements are

admissible against him under Federal Rules of Evidence 801(d)(2)(E) could result in prejudice

warranting severance.  This argument is misplaced.  Any such evidence found to be admissible

against Morris in a joint trial would be similarly admissible against him in a separate trial.

"[T]here [is] no prejudice when evidence complained of would have been admissible against

defendant in separate trial."   United States v. Wardell, 591 F.3d 1279, 1301 (10th Cir.

10

"ACCEPTED"
*Richard Welby Armstrong*
*JANUARY 14, 2014 CD*

2009)(stating the holding of <u>United States v. Cardall</u>, 885 F.2d 656, 668 (10th Cir.1989)).

Morris also argues that he will be prejudiced by "Mr. Armstrong's persistence in representing himself." However, "[t]he mere fact that a codefendant is proceeding <u>pro se</u> is not in itself a ground for severance." <u>United States v. Tracy</u>, 12 F.3d 1186, 1194 (2nd Cir. 1993); <u>See also</u>, <u>United States v. Celestin</u>, 612 F.3d 14, 21 (1st Cir. 2010); <u>United States v. Cross</u>, 928 F.2d 1030 (11th Cir. 1991). <u>United States v. Oglesby</u>, 764 F.2d 1273, 1275-6 (7th Cir. 1985). Since Morris has failed to allege, let alone establish, specifically how he would be prejudiced by Armstrong's <u>pro se</u> representation in a joint trial, his argument is not a justifiable ground for severance. Moreover, federal courts have noted that risks of <u>pro se</u> representation can be minimized by the appointment of standby counsel and the use of cautionary and curative instructions. <u>Id</u>. Standby counsel has been appointed in this case and this Court will have the tools of cautionary and curative instructions at its disposal. The general risks of prejudice associated with Armstrong's <u>pro se</u> representation do not warrant severance.

Finally, Morris alleges that he will be denied his Sixth Amendment right to confrontation in a joint trial. Once again, Morris does not identify any statement that is testimonial and implicates his right to confrontation. The Government is unaware of any such statements. Indeed, the only statements of Morris's co-conspirators the Government anticipates introducing during its case-in-chief are statements that were made in furtherance of the conspiracy, which are not testimonial and, therefore, do not implicate Morris's Sixth Amendment right to confrontation.[3] "Although the Supreme Court declined to precisely define 'testimonial,' the

---

[3]     The Government does intend to statements made by Morris to Internal Revenue Service Criminal Investigation Division agents on July 1, 2009. These statements, which were

(continued...)

*"ACCEPTED"*

*Richard S Kellogg Constitution*

*JANUARY 14, 2014   CE*

Court explicitly noted that, historically, 'statements in furtherance of a conspiracy' present an

'example' of 'statements that by their nature [a]re not testimonial." <u>United States v. Ramirez</u>,

479 F.3d 1229, 1249 (10th Cir. 2007)(citing <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004)).

## V.    **MOTIONS 5 & 6 - Motions for a Continuance By Morris and Armstrong**

The Government opposes a one hundred eighty day continuance but does not oppose a

ninety day continuance in this case.  Morris and Armstrong have justifiable reason to request the

exclusion of approximately ninety days of speedy trial computations.  However, there is no

justifiable reason for a one hundred eighty day continuance.

Morris has requested an ends-of-justice continuance of one hundred eighty days pursuant

to 18 U.S.C. § 3161(h)(7)(A).  Doc. No. 191.  In his motion, he notes that this additional time is

needed to prepare for the charges added in the Superseding Indictment, to review the discovery

provided by the Government after the Indictment was superseded, and to contemplate changes to

the defense's trial strategy resulting from this preparation and review.  Doc. No. 191.  The recent

Superseding Indictment and the resulting discovery disclosures justifies a defense continuance in

---

[3](...continued)
made by Morris as part of an interview that was conducting during the execution of a search
warrant on his residence, are the subject of a separate suppression motion filed by Morris in this
case. Doc. No. 199.  During this interview, Morris stated that he prepared Armstrong's false tax
returns.

Though Morris lacks standing to enforce Armstrong's Sixth Amendment right to
confrontation under <u>Bruton</u> or to request severance on these grounds, the Government recognizes
that Morris's possible decision to not testify at trial could create a <u>Bruton</u> issue for Armstrong.
Still, severance is not warranted.  The Government, in accordance with <u>Richardson v. Marsh</u>, 481
U.S. 200 (1987), will elicit any testimony regarding portions of Morris's statement that
incriminate Armstrong in a manner that does not directly implicate Armstrong. <u>See</u> <u>Spears v.
Mullin</u>, 343 F.3d 1215, 1230-32 (10th Cir. 2003); <u>United States v. Verduzco-Martinez</u>, 186 F.3d
1208 1212-15 (10th Cir.1999).

*"ACCEPTED"*
*Robin S. Kelber Armstrong*
*JANUARY 14, 2014 CJE*

this case. However, the defense does not need an additional six months to review two IPRO

disks, eleven data disks, one hard drive, and eight banker's boxes and to prepare for new charges

based upon the same criminal enterprise alleged in the Indictment returned on June 8, 2010.

Armstrong has requested an additional ninety days to prepare for trial in a separate

motion. Doc. No. 208. The Government construes Armstrong's motion as an independent

request for an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A). His request is based

upon the Government's alleged failure to comply with its discovery obligations as well as the

need for additional time to prepare pretrial motions, obtain personal records, and prepare a

defense. The Government has complied with its discovery obligations and Armstrong's time for

filing motions has passed. However, Armstrong's request for a ninety day continuance to

prepare for trial is reasonable and supports the exclusion of the requested time from Speedy Trial

computations, given the additional charges set forth in the Superseding Indictment, which expand

the scope of the alleged fraudulent scheme and classify it as part of an overall conspiracy

involving Armstrong, and the discovery materials produced in connection with these charges.[4]

---

[4]       In assessing amount of time to exclude from Speedy Trial computation, it should
be borne in mind that a one hundred eighty day continuance requested by Morris – whether or not
supportable with respect to Morris – may not be entirely excludable from the computation of
speedy trial for Armstrong. The Tenth Circuit has held that a court may not weigh the interests
of co-defendants in deciding whether to grant an ends-of-justice continuance under 18 U.S.C. §
3161(h)(7)(A). United States v. Theron, 782 F.2d 1510, 1513 (10th Cir. 1986). Therefore, 18
U.S.C. § 3161(h)(7)(A) does not, alone, permit this Court to exclude the ends-of-justice time
sought through a  continuance requested by Morris from the computation of speedy trial for
Armstrong. Nonetheless, under 18 U.S.C. § 3161(h)(6), a court may grant "a reasonable period
of delay [with respect to a defendant] when the defendant is joined for trial with a co-defendant
as to whom the time for trial has not run and no motion for severance has been granted." Theron,
782 F.2d at 1514; See also, United States v. Vogl, 374 F.3d 976 (10th Cir. 2004). Morris's ends-
of-justice request for a one hundred eighty day continuance exceeds the separate ninety day ends-
of-justice made by Armstrong. In light of Armstrong's pretrial detention, a one hundred eighty
                                                                                        (continued...)

*"ACCEPTED"*

*Richard D Kellogg Armstrong*

*JANUARY 14, 2014*

The Government does not, therefore, oppose an ends-of-justice continuance of

approximately ninety days. Both Morris and Armstrong have requested and justified a

continuance of this length. However, a one hundred eighty day continuance is unreasonable in

light of the nature of the additional charges in the Superseding Indictment and the extent of the

resulting discovery the Government has provided.

## CONCLUSION

WHEREFORE, the Government respectfully requests the aforementioned relief.

DATED: April 28, 2011.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


By: Kevin F. Sweeney
Trial Attorney
Tax Division
U.S. Department of Justice


s/Kenneth M. Harmon
By: Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402

---

[4](...continued)
day delay may not be a reasonable period of delay for Armstrong.

The matter remains an academic one, should the Court agree with the Government
that the excludable time warranted by each defendant's continuance request should be the same
number of days and that those days should not exceed the number of days deemed warranted by
the Court for Armstrong.

14

*"ACCEPTED"*

*Richard I Kellogg Armstrong*

*JANUARY 14, 2014 CE*

E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2011, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENSE MOTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Lisa M. Wayne, Esq.
Lmonet20@aol.com
Attorney for Defendant Curtis L. Morris

David L. Owen, Esq.
davidowen@lodopc.com
Advisory Counsel for Defendant Richard Kellogg Armstrong

And I hereby certify that I will cause a copy of the foregoing to be mailed, by U.S. Mail, to defendant Richard Kellogg Armstrong at the following address:

Richard Kellogg Armstrong
#20413-298
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov