**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER DENYING MOTION FOR LEAVE TO FILE

**Blackburn, J.**

The matter is before me on the defendant's *pro se* **Motion for Leave from the USDC Colorado To File Motion for Intervention of Right and Application for Writ in the Nature of Quo Warranto** [#744][1] filed February 1, 2016.[2]  After careful review of the motion, the record, and the file, I conclude that the motion should be denied.

In a two paragraph, two sentence motion, Mr. Armstrong requests leave of the court to file a "Motion For Intervention Of Right And Application For Writ In The Nature Of Quo Warranto" under 28 U.S.C. § 1651. Motion at 1. In ostensible support of his request to file his intended motion, he avers,

> The Petitioner has been placed on a list by the District Court under the status of "Vexatious Litigant" which was done in violation of the First Amendment (right of access to the courts) and the Fifth Amendment (due

---

[1] "[#744]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Because Mr. Armstrong is proceeding *pro se*, I view his motion with the judicial munificence due *pro se* litigants.

process).

*Id.*

To the extent Mr. Armstrong seeks to intervene in this criminal case, his request is superfluous, because, as a named defendant, he is already a party to this case. To the extent he seeks relief in the nature of quo warranto, he does not have standing as a private party to seek such extraordinary relief.[3]

Concerning his assertion that he has been denied access to the courts or to due process, he does not cite a single instance where he sought to properly access the courts, but was improperly denied the opportunity.[4] Thus, his motion to file the motion he describes must be denied for lack of good cause.

**THEREFORE, IT IS ORDERED** that the **Motion for Leave from the USDC Colorado To File Motion for Intervention of Right and Application for Writ in the Nature of Quo Warranto** is denied.

Dated February 4, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3] To be clear, even Rule 81(a)(2) of the Federal Rules of Civil Procedure does not provide for a federal substantive quo warranto proceeding; it only allows the federal courts to use the already existing common law quo warranto action. In turn, the common law action is encumbered by the requirement that the government bring such an action. An action in the nature of quo warranto may not be maintained 'except at the instance of the government.' *See Wallace v. Anderson*, 5 Wheat. 291, 5 L.Ed. 91 (1890) (Marshall, J.). Quo warranto is a right of action 'inherently in the Government * * *' *Territory of Nebraska v. Lockwood*, 3 Wall. 236, 18 L.Ed. 47 (1865). A private party does not have standing to bring such a proceeding. See *Johnson v. Manhattan RR.*, 289 U.S. 479, 502, 53 S.Ct. 721, 77 L.Ed. 1331 (1933).

[4] Neither this court nor its staff, nor the clerk of the court nor his staff must suffer the non-stop filing of the kind of feckless legal rubbish addressed by this court in detail in the **Order** [#741] entered February 27, 2014, concerning which Mr, Armstrong did not seek reconsideration or appellate review.