IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No.  10-cr-00317-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2.  RICHARD KELLOGG ARMSTRONG,

     Defendant.

## ORDER DENYING MOTION FOR LEAVE TO FILE

**Blackburn, J.**

The matter is before me on defendant Richard Kellogg Armstrong's **Motion for Leave To File a 60(b)(4) Motion Accompanied by Memorandum of Law Related to Grand Jury Proceedings Required To Establish Jurisdiction** [#748],[1] filed March 1, 2017.  (*See* Order [#741], filed February 27, 2014, prohibiting Mr. Armstrong from filing any paper without prior leave of court.)  After careful review of the motion, the record, and the apposite law, I conclude the motion should be denied.

Mr. Armstrong ostensibly seeks relief on the basis that the court's judgment is void. *See* **FED. R. CIV. P.** 60(b)(4).[2]  More specifically, he claims the court was without jurisdiction to enter a judgment because the Department of Justice allegedly has determined

---

[1] "[#748]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] While the Federal Rules of Civil Procedure are not expressly applicable in criminal cases, courts in this district rely on caselaw developed under civil law in considering whether relief from judgment is appropriate in a criminal case.  *See **United States v. Loera**,* 182 F.Supp.3d 1173, 1201 (D.N.M. 2016) (citing **United States v. Huff**, 782 F.3d 1221, 1223-24 (10th Cir.), ***cert. denied***, 136 S.Ct. 537 (2015), and **United States v. Christy**, 739 F.3d 534, 539-40 (10th Cir. 2014)).

that 18 U.S.C. § 3231 – which establishes the jurisdiction of the United States district courts over all federal criminal offenses – is unconstitutional.  Whatever the Department of Justice may or may not have determined on the matter,[3] the United States Court of Appeals for the Tenth Circuit has consistently held that challenges to the constitutionality of the jurisdictional statute are frivolous.[4]  *See, e.g.*, **United States v. Tony**, 637 F.3d 1153, 1158 n.9 (10th Cir. 2011); **United States v. Woods**, 2008 WL 313262 at *2 (10th Cir. Feb. 5, 2008); **United States v. Haney**, 264 F.3d 1161, 1163 n.1 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 2362 (2002).  *See also United States v. Yeomans*, 2009 WL 2338049 at *3-4 (D. Colo. July 27, 2009).[5]

**THEREFORE, IT IS ORDERED** that Mr. Armstrong's **Motion for Leave To File a 60(b)(4) Motion Accompanied by Memorandum of Law Related to Grand Jury Proceedings Required To Establish Jurisdiction** [#748], filed March 1, 2017, is denied.

Dated March 14, 2017, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3]  The court has found not a single shred of evidence suggesting the DOJ has conducted an investigation into the constitutionality of 18 U.S.C. § 3231, much less made a determination that the statute is unconstitutional on any basis.

[4]  Mr. Armstrong's suggestion that the statute is unconstitutional on its face likewise is frivolous. **See United States v. Woods**, 2007 WL 1701741 at *2 (D. Colo. June 11, 2007)

[5]  Moreover, while Mr. Armstrong correctly states that "18 USC 4082 and 4081 are not in the Statutes at Large," the import of his observation is obscure.  Plaintiff was found guilty of mail fraud, (18 U.S.C. § 1341), filing false claims against the United States (18 U.S.C. § 287), money laundering (18 U.S.C. § 1957), and conspiracy to defraud the United States (18 U.S.C. § 286).  (**See Judgment** at 1-2 [#588], filed August 14, 2012.)