Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

In Pro se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

Richard Kellogg Armstrong,
    Petitioner

    v.

Steven Langford, Warden
    Respondent

**CV17-7087-VAP (AS)**

Case No.: _____

**TITLE 28 U.S.C. §2241 HABEAS
CORPUS FOR DUE PROCESS AND
CONSTITUTIONAL VIOLATIONS
RESULTING IN ILLEGAL CONFINEMENT
BY VOID JUDGMENT**

**VERIFIED**

COMES NOW, Richard Armstrong, hereinafter "Petitioner",

in Pro se, moves this Court pursuant to Title 28 U.S.C. §2241

Habeas Corpus for Due Process and Constitutional violations of

Armstrong's Constitutionally protected rights which resulted in an

illegal confinement by void judgment, entered in Case No.: 10-CR-

00317-REB-2.

**I.**                         **JURISDICTION**

This is a Petition pursuant to Title 28 U.S.C. §2241 chal-

lenging Petitioner's confinement by the Federal Bureau of Prisons

at FCI - Lompoc.  Petitioner avers that Title 28 U.S.C. §2241

is the proper vehicle to challenge his imprisonment.  Relief

by way of a Petition for Writ of Habeas Corpus extends to a person

in custody if that custody is established by virtue of violation

of the Constitution or laws or treaties of the United States.

1

See 28 U.S.C. §2241.  Petitioner asserts that he suffered violations
of his rights as guaranteed by the United States Constitution.
See Affidavit of Richard Armstrong attached hereto as Exhibit
#1 and incorporated in its entirety.  The Federal District Court
in Los Angeles, California, has jurisdiction over the Federal
Correctional Institute - Lompoc prison and its warden and Petitioner
has properly motioned and; because it is a Constitutional Due
Process issue that the Bureau of Prisons cannot and won't address
through the Administrative Procedure process the Administrative
Remedy Procedure is futile and the issue must be addressed by
this correct court of jurisdiction.

Petitioner is in custody within the jurisdiction of this
court, 28 U.S.C. §2241(d).  Accordingly, this court has jurisdiction
over this action.

II.        **NOTICE TO THE COURT THAT THIS MOTION
            IS NOT A COLLATERAL ATTACK ON HIS
            CONVICTION UNDER 28 U.S.C. §2255**

Petitioner NOTICES this Court that this is NOT a Petition
under 28 U.S.C. §2255(e), nor a Petition under §2255 attacking
his sentence.  Any attempt to recharacterize this motion under
§2255 would be plain error and a manifest injustice.  (See Haines
v. Kerner, 404 U.S. 519, 520 (1972); see also, U.S. v. Castro,
540 U.S. 375 (2003).

Title 28 U.S.C. §2241, Habeas Corpus petition is the proper
remedy for a person deprived of his liberty, as its purpose is
to test the legality of the restraints on a persons liberty,
i.e., whether he is restrained of his liberty pursuant to Due
Process of Law, not his guilt or innocence.

This is Petitioner's claims: This is a challenge to the

2

unlawful imprisonment of Petitioner and Title 28 U.S.C. §2241
is the proper vehicle to make that challenge and is guaranteed
by the Constitution for the United States, Article I, Section 9.

Petitioner is very specific as to the purpose of his 28
U.S.C. §2241 petition in the instant matter.  As required by
§2241.

1)  Petitioner is in custody under color or by authority
    of the United States; and,

2)  Petitioner is in custody in violation of the Constitution
    and Laws of the United States.

A true Habeas Corpus, 28 U.S.C. §2241, does not require
actual innocence (that is a savings clause motion under §2255(e))
but the criteria is **illegal imprisonment**, the **illegal deprivation**
**of Petitioner's liberty** and that is Petitioner's claim herein.
A 28 U.S.C. §2241 has no time restriction and is not governed
by AEDPA and second/successive and other such rules **do not apply**.
28 U.S.C. §2241 applies when a prisoner is **deprived of liberty**
**without due process of law**.  See Rasul v. Bush, 542 U.S. 466,
473 (2004).

The U.S. Supreme Court in O'Neal v. McAninch, 513 U.S. 432,
451 (1995), we are dealing with an error of Constitutional dimensions
- the sort that risks an unreliable trial outcome and the consequent
conviction that when there is a grave doubt about the harmlessness
of an error, "a legal rule requiring issuance of the writ will,
at least often, avoid a grievous wrong - holding a person 'in
custody in violation of the Constitution...of the U.S.'" Ibid.
(quoting 28 U.S.C §2241(c)(3)).

III.                    RELIEF REQUESTED

This Motion is based on this Document, the attached Affidavit of

3

Richard Armstrong   the Docket in Case No.:  10-CR-00317-REB-2
and all other records in the criminal action.

Relief is sought via 28 U.S.C. §2241 on the basis that the
Grand Jury and their proceedings were invalidated and thus the
indictment and judgment in Case No.:  10-CR-00317-REB-2
are void as a matter of law for Constitutional violations of
Petitioner's 4th, 5th, and 6th Amendment rights as enumerated
herein, they are not merely voidable, but void ab initio.  Thus
the commitment order from the court to the Federal Bureau of
Prisons is illegal.

Relief may not be denied even if the court finds that the
neglect that led to the judgment in question was inexcusable,
even if the court believes that the requested relief will unduly
prejudice the government opposing relief, and even if the court
determines that Petitioner's defense to the underlying action
is without merit.

The judgment in this matter is void ab initio and must be
dismissed because the District Court lacked subject matter juris-
diction to render it.  Because of the egregious errors and violations
of Petitioner's 4th, 5th, and 6th Amendment rights there could
be no confidence in the judicial process.  The judgment enforced
against Petitioner's liberty interest became a manifest injustice
perpetrated against him.

The discovery of these multiple structural errors are fatal
flaws which caused the court to lose subject matter jurisdiction
before Petitioner ever set foot into that courtroom.  (See Exhibit
"1" Affidavit of Richard Kellogg Armstrong).

Petitioner shows under the plain error standard of review

4

that:

1) There was an error; and,

2) The error committed was plain; and,

3) The error affected Petitioner's substantial rights; and,

4) The error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

See: <u>United States v. Gonzalez-Aparicio</u>, 663 F.3d 419, 428 (9th Cir. 2011); <u>United States v. Doss</u>, 630 F.3d 1181, 1193 (9th Cir. 2011); see also <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

## IV. NO NOTICE WAS GIVEN TO DEFENDANT OR HIS REPRESENTATIVE OF GRAND JURY SELECTION IN VIOLATION OF F.R.Cr.P. - RULES 6 & 24

From the days of the common law up to and including the present day, an interested party has had the right to challenge the array or individual grand jurors. F.R.Cr.P. - Rule 24 - Trial Jurors - outlines the procedure and number of challenges available to both the government and defense for Grand Jury and petit jurys.

F.R.Cr.P. - Rule 6 - The Grand Jury - at section (b)(1) - Objections to the Grand Jury or to a Grand Juror - Challenges - states:

"Either the Government or a **defendant** may challenge the Grand Jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror was not legally qualified." (emphasis added)

Rule 6 goes on at section (b)(2) - Motion to Dismiss an Indictment -

"...The Motion to Dismiss is governed by 28 U.S.C. §1867."

28 U.S.C. §1867 states in pertinent part at section (d):

"...If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending selection of a grand jury in

5

conformity with this title or dismiss the indictment, which ever is appropriate." (emphasis added)

The requirement is that defendants challenges shall be made before administration of the oath to the jurors. The right to object to irregularities in drawing or impaneling the grand jury or to the legal qualifications of Grand Jurors is not lost by the lack of opportunity or by failure to challenge.

Since the Petitioner or his representative were never NOTICED, and thus was not present, they could not very well "challenge" and individual juror on the ground that the juror was not legally qualified" as provided by F.R.Cr.P. Rules 6 & 24.

### i) FAILURE TO NOTICE DEFENDANT/PETITIONER OF GRAND JURY IMPANELING

The failure to NOTICE Petitioner and allow him his Constitutionally protected right to challenge the array of the Grand Jury is structural error and includes multiple violations of Petitioner's 4th Amendment right to his liberty interests by that failure to comply with the Federal Rules and statutes. Petitioner's 5th Amendment right to Due Process for failure to Notice Petitioner of the Grand Jury impaneling and selection process. A defendant has a right to be present at every stage of trial, including jury impanelment. Which means a defendant must be present at any stage of the criminal proceeding, beginning with voir dire of the Grand Jury during which challenges are to be made. This is a critical distinction. And the Petitioner's 6th Amendment right whose violations voids judgment because the government's failure to follow the statutory and procedural requirements denied Petitioner his day in court by not allowing Petitioner to participate in the voir dire process of the Grand Jury of

his peers constitutes denial of Due Process.

Petitioner has a Constitutional Right to have his indictment dismissed as it was returned by a illegitimate Grand Jury.

"This issue has not been adjudicated by the District Court as mandated by, and in the manner contemplated by, the statute [and Rules of Criminal Procedure] in our view, it must be so adjudicated [] and judgment entered therein is void..." Great American Trading Corp. v. I.C.P. Cocoa, Inc., 629 F.2d 1282 (7th Cir. 1980).

The structural errors enumerated above of Petitioner's Constitutionally protected rights seriously affected Petitioner's Due Process rights and the fairness, integrity or public reputation of the court and the judicial proceedings.

   **ii)   MAGISTRATE JUDGE TOOK PLEA AT ARRAIGNMENT**

At the arraignment, a Magistrate Judge took a plea of Not Guilty and entered it on the record. (See Docket attached to Affidavit attached as Exhibit "1" hereto). This was done in violation of a Magistrate's enumerated duties. See 28 U.S.C. §§ 631-636 et seq. And in violation of Article III of the Constitution and the separation of powers being that the Magistrate's position is an Administrative position under the Executive Branch of government not the Judicial Branch.

The phrase "coram non judcie," means "before a person not a judge" applies, meaning, in effect that the proceedings where a Magistrate asked for and took a plea from Petitioner was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a criminal judgment. A Magistrate Judge being an administrate position has no judicial

authority.

A Magistrate Judge may not require or even ask for a plea to charges, if the charges against the arrestee is not triable before a Magistrate Judge, the Magistrate Judge handling the arraignment may not ask the arrestee to plead to charges at that time.

Once a Magistrate Judge took a plea from Petitioner any judgment rendered by the District Court is void as the District Court lost subject matter jurisdiction and has no power to adjudicate the matter before it.

The structural errors enumerated above of Petitioner's Constitutionally protected rights seriously affected Petitioner's Due Process rights and the fairness, integrity or public reputation of the court and the judicial proceedings.

### iii)          CRIMINAL CONSPIRACY AND BIAS

The Magistrate Judge, United States Attorney, District Court Judge, and Defense Counsel are involved in a Criminal Conspiracy and Bias against Petitioner because as those educated in the law, they knew, or should have known, that Congress enacted the Federal Rules of Criminal Procedure, specifically Rules 6 & 24 addressed herein, as a procedural protection to a defendants 4th, 5th, and 6th Amendment rights.

Petitioner shows multiple violations of those Rules which reflect the 4th, 5th, and 6th Amendment violations and the blatant disregard by these government actors for Petitioner's Constitutionally protected rights and their oaths of office to protect those same rights.

As shown in both issues i and ii above, these actors conspired

jointly and severally to violate Petitioner's 4th Amendment Right
to his Liberty Interest.  His 5th Amendment Right to Due Process
of Law.  And his 6th Amendment Right to Effective Assistance
of Counsel.  These violations of the Constitutionally protected
rights codified by Congress in both the Federal Statutes and
Federal Rules voided any subject matter jurisdiction the District
Court may have had.  And once lost, because of those violations,
cannot be recovered or conferred back to the District Court.

Thus, the indictment is invalid and the judgment **is** void
as opposed to voidable because the Court and its actors acted
in a manner inconsistent with the Constitution and Due Process
of Law.

The structural errors enumerated above of Petitioner's Consti-
tutionally protected rights seriously affected Petitioner's Due
Process rights and the fairness, integrity or public reputation
of the court and the judicial proceedings.

V.                          ANALYSIS

   a)                    VOID JUDGMENT

A void judgment is a legal nullity, which cannot be validated
by the passage of time, even if the time is inordinate.  See
Pacurar v. Hernly, 611 F.2d 179, 181 (7th Cir. 1979).

"If the trial court has no jurisdiction over the action
'it is per se abuse of discretion to deny the motion.'"  Bally
Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986).

There are no time limits on attack or challenge to void judgment
because of its status as nullity.  Thus, any judicial conduct
that denies the movant a meaningful opportunity to participate
in the litigation renders a judgment void for lack of Due Process.

However, if a judgment is void, the only way that the court may exercise its discretion is by granting relief.  In other words, if a court determines that a judgment is truly void, as avered in this Petition and Affidavit attached as Exhibit "1", this court really has no discretion at all; it must recognize that the judgment is a nullity, Petitioner is being held in violation of the Constitution and laws of the United States and grant relief. Also, when a judgment as here is void; the moving party need not show that he has a meritorious claim or defense.  Such instances fit into a slightly less restrictive definition offered by the Seventh Circuit when it declared that "[a] void judgment is one which from its inception, was a complete nullity and without legal effect."  United States v. Zima, 766 F.2d 1153, 1159 (7th Cir. 1985).

Since subject matter to adjudicate the criminal matter by the District Court was lost, there is no discretion by this court but to identify that the Petitioner is being held by a void judgment and grant relief.

b)            **AFFIDAVIT OF RICHARD KELLOGG ARMSTRONG**

Every Federal District in the United States has quoted the Seventh Circuit ruling on Affidavits in, U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981).  "[n]o more than that [Affidavits], is necessary to make the prima facie case." Id. @ 536.  "All the [Defendant] needs to do is develop facts from which a court **might infer** a possibility of some wrongful conduct by the Government. He need not be able to prove that the wrongful conduct in fact exists."  Id. @ 540.  (emphasis in original).  "The District Court should dispose of proceedings on the papers before it and

10

without any evidentiary hearing." Id. @ 539. "An adequate record exists upon which the court may decide the issues." Id. @ 542. "The [Defendant] need only file an affidavit setting forth the elements of a prima facie showing of its good faith." Id. @ 536.

5    The Plaintiff bears the burden of establishing subject matter jurisdiction by preponderance of evidence. The Due Process violations against Petitioner outlined in the attached Affidavit states the facts and provides evidence that show the indictment and courts judgment is void as a matter of law as the Grand Jury and thus the District Court had no jurisdiction to issue them. The action must be dismissed with prejudice and Petitioner released from his illegal confinement.

### c)    SUBJECT MATTER JURISDICTION AND THE EFFECT OF ITS LOSS UPON THE DISTRICT COURT

"A jurisdictional defect must be noticed at any time. See F.R.Cv.P. 12(h)(3). Once jurisdiction is challenged the burden is upon the party claiming jurisdiction to demonstrate that jurisdiction of the subject matter exists." McNutt v. Gen Motors Acceptance Corp., 298 U.S. 178 (1935).

This case begins and ends with the determination of subject matter jurisdiction. F.R.Cv.P. 12(h)(3). As the Supreme Court noted in Freytag v. Commissioner, 501 U.S. 868, 896-97 (1991). "But the question before us here involves the effect of waiver not ex ante but ex post - its effect not upon right but **remedy**; Must a judgment already rendered be set aside because of an alleged structural error in which the losing party did not properly object? There is no reason in principle why that should be so. It will sometimes be so - not, however, because the error was structural,

but because, whether structural or not, it deprived the federal
court of its requisite subject matter jurisdiction.  Such an error
may be raised by a party, and indeed must be noticed sua sponte
by a court, at all points in the litigation." See, e.g., American
Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951); Mansfield
C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884); Capron v. Van
Noorden, 2 Cranch 126, 127 (1804). Since such a jurisdictional
defect deprives the court of its power over such case or controversy."

A jurisdictional defect of a lack of subject matter jurisdic-
tion of a case in a federal court because of Due Process violation,
of course, precludes further adjudication and the case must be
dismissed and the Petitioner released from his illegal confinement.

**VI.**                              **CONCLUSION**

Petitioner has shown that under the plain error standard
of review that:

There was an error; by virtue of the Due Process violations
perpetrated against Petitioner in the criminal action held against
him; and,

The error committed was plain; as the Due Process violations
were Constitutional in nature and violated the Federal Rules and
statutes enacted by Congress to protect Petitioner's substantial
rights; and,

The error affected Petitioner's substantial rights; as he
is being held in violation of the Constitution and Laws of the
Untied States; and,

The error seriously affected the fairness, integrity, or
public reputation of the judicial proceedings; as the District
Court which issued the judgment couldn't do so because the indict-

ment was invalid because the Grand jury was illegally impaneled.

As shown above, this Court is without discretion and precludes it from ignoring a void judgment for Constitutional violations of Petitioner's Due Process rights which caused the loss of subject matter jurisdiction.  Judgment is void when the court that rendered it did not have jurisdiction and committed structural error.

The passage of time does not give validity to such void judgment.

**VII.**                              **PRAYER FOR RELIEF**

Petitioner requests that this Court issue the writ necessary to correct a manifest injustice being perpetrated against his liberty interest and GRANT the attached PROPOSED ORDER of RELEASE. which:

  1) GRANTS this MOTION to RELEASE Petitioner from his
     illegal confinement; and,

  2) Issue that ORDER to the U.S. Marshals Service for
     immediate execution.

**VIII.**                             **VERIFICATION**

I, Richard Armstrong, declare pursuant to Title 28 U.S.C. §1746, that this Motion and attachments are true, correct, complete and not meant to mislead, to the best of my knowledge and belief.

Executed this the **26TH** day of September, 2017.

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

(Seal)



13

# Exhibit #1

Exhibit #1

## AFFIDAVIT OF RICHARD KELLOGG ARMSTRONG

```
county of Santa Barbara      )
                             )    scilicet/videlicet
California state             )
```

> U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981). "Indeed, no more than that [Affidavits], is necessary to make the prima facie case." Id. @ 536. "Moreover the threshold of relevance is a low one." Id. @ 537. "All the [Defendant] needs to do is develop facts from which a court might **infer** a possibility of some wrongful conduct by the Government. He need not be able to prove that the wrongful conduct in fact exists." Id. @ 540 (emphasis in original).

I, Richard Kellogg Armstrong, hereinafter, "Affiant" declare under the pains of penalty for perjury that; I am a resident of California state; an American National citizen; I am over the age of twenty-one (21) year; And I have personal knowledge of the facts as stated herein; And I am competent to testify as to the facts declared herein. Affiant states:

1)    **THAT,** on May 20, 2010, I was arrested at the Calexico, California airport; and,

2)    **THAT,** I was immediately transported to the Imperial County Jail, in Imperial County, California, where I was held as a Federal Prisoner; and,

3)    **THAT,** I was initially represented by an attorney, then pro se, then again represented by an attorney from 06/18/2010 to 01/15/2011 and have represented my self since that date; and,

4)    **THAT,** I was not informed of the impaneling of the Grand Jury and at no time was I present or represented or given the opportunity to challenge the Grand Jury array or individual Grand Jurors as provided by Federal Rules of Criminal Procedure, Rules 6 and 24 and Title 28 U.S.C. §1867, prior to or after the Grand Jury being sworn in; and,

5)    **THAT,** the Docket Report for Case No. 1:10-MJ-01088-KLM shows my arrest on May 20, 2010, an initial Appearance/Arraignment/Detention in Imperial county before Magistrate Judge Kristen L. Mix on 21 May, 2010.

6)    **THAT,** on June 8, 2010, an indictment was entered on Docket Report for Case No. 1-10-CR-00317-REB-2 but does not indicate

1

where or when the Grand Jury hearing was held and was Eighteen (18) days following my arrest. (docket entry no. 5); and,

7)   **THAT,** Affiant has filed multiple pre-trial and post-trial motions to dismiss for lack of subject matter jurisdiction, which were all summarily denied by Judge Robert E. Blackburn; and,

8)   **THAT,** Affiant files a Federal Rules of Criminal Procedure, Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to the Tenth Circuit Court of Appeals because Affiant alleges a Criminal Conspiracy and Bias on the part of Magistrate Judge Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, Assistant United States Attorney, Kenneth Mark Harmon, Federal Public Defender, Richard K. Kornfeld, and Assistance of Counsel, David L. Owen; and,

9)   **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya, District Court Judge Robert E. Blackburn, Assistant United States Attorney, Kenneth Mark Harmon, Federal Public Defender Richard K. Kornfeld, and Assistance of Counsel David L. Owen, knew or should have known that they severally and jointly violated Affiants 4th, 5th, and 6th Amendment, Constitutional rights when they acted in a manner inconsistent with Due Process of Law, and the Court's actions involved plain usurpation of power, as enumerated fully in the attached Motion; and,

10)   **THAT,** on June 21, 2010, another arraignment was held before Magistrate Judge Kathleen M. Tafoya with Richard Kent Kornfeld as my attorney, who, at the request of Magistrate Judge Kathleen M. Tafoya entered a plea of NOT GUILTY. (Docket Entry No. 23); and,

11)   **THAT,** on February 15, 2011, a superseding indictment was entered, presumably as the result of another Grand Jury hearing, date not specified, to which Affiant was not invited to attend to secure his rights to challenge the array. (Docket entry no. 140); and,

12)   **THAT,** on March 2, 2011, a re-arraignment on superseding indictment was held before magistrate Judge Kathleen M. Tafoya. A plea was requested and a answer of NOT GUILTY was entered on the record. (Docket entry No. 157); and,

13)   **THAT,** Affiant files a Federal Rules of Civil Procedure, Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to the Tenth Circuit Court of Appeals because Affiant alleges a Criminal Conspiracy and Bias on the part of Magistrate Judge, Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, AUSA, Kenneth M. Harmon, Federal Public Defender, Richard Kent Kornfeld and Assistance of Counsel, David L. Owen; and,

14)   **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, AUSA, Kenneth Mark Harmon, Federal Public Defender, Richard Kent Kornfeld, and Assistance of Counsel, David L. Owen, knew or should have known

2

that they severally and jointly had violated Afiant's 4th, 5th,
and 6th Amendment, Constitutional Rights when they acted in a
manner inconsistent with Due Process of Law, and the Court's
actions involved plain ursurpation of power, as enumerated fully
in the attached motion; and,

15)   **THAT**, Affiant believes that the rampant disregard for Affiant's
Constitutional rights is a ongoing Criminal Conspiracy being
perpetrated by the Magistrate Judge, District Court Judge, U.S.
Attorney, Federal Public Defender, and Assistant Counsel; and,

16)   **THAT**, Affiant avers that the indictment and judgment in
Case No. 1-10-CR-0317-REB-2 is void and a legal nullity.  That
the violation of Due Process caused the court to lose subject
matter jurisdiction over Affiant; and,

17)   **TAHT**, Affiant never knowlingly or voluntarily conferred
subject matter jurisdiction to the District Court at any time;
and,

18)   **THAT**, Affiant has surveyed District Court Dockets in all
11 Circuits and found the same fatal flaw by the Constitutional
Rights violations, and the same pattern of rampant Criminal Conspir-
acy and Judicial Misconduct in every other District Court surveyed.
This problem is not limited to just this Affiant.

    Further Affiant Sayeth Not.

## VERIFICATION

    I, Richard Kellogg Armstrong, declare pursuant to Title

28 U.S.C. §1746, under the pains of penalty for perjury that

the foregoing is true, correct, complete and not meant to mislead

to the best of my knowledge and belief.

    Executed this the 28TH day of September, 2017.


                              *Richard Kellogg Armstrong*
                              Richard Kellogg Armstrong
                              Fed. Reg. No. 20413-298
                              FCI Lompoc - Low
                              3600 Guard Road
        (Seal)                Lompoc, CA  93436-2705



attachments:  Docket pages for Case No.
              1:10-CR-00317-REB-2


                              3

| | | |
|---|---|---|
| | | been established. Arraignment and Discovery Hearing set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/14/2010) |
| 06/11/2010 | 10 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Initial Appearance as to Richard Kellogg Armstrong held on 6/11/2010. AUSA Ken Harmon; Defendant present in custody without counsel; Pretrial Sue Heckman. The government moves to unseal this case. ORDERED: Government's oral motion to unseal is GRANTED. Defendant advised. Defendant is not requesting court appointed counsel. Arraignment, Discovery and Detention (Detention if a motion to reopen detention is filed) set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/11/2010) |
| 06/09/2010 | 9 | ORDER by Magistrate Judge Boyd N. Boland on 6/9/2010, granting 7 Motion to Seal Case as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (tllsl, ) (Entered: 06/10/2010) |
| 06/09/2010 | 8 | Rule 5(c)(3) Documents Received from the Southern District of California as to Richard Kellogg Armstrong (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 7 | MOTION to Seal Case by USA as to Richard Kellogg Armstrong, Curtis L. Morris. (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 6 | Arrest Warrant Issued in case as to Curtis L. Morris. (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 5 | INDICTMENT as to Curtis L. Morris (1) count(s) 1, 2-3, 4-7, 8-9, Richard Kellogg Armstrong (2) count(s) 1, 4-7. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong) (tllsl, ) (Entered: 06/09/2010) |
| 05/18/2010 | 4 | ORDER granting 3 Motion to Seal Case as to Richard Kellogg Armstrong (1) by Magistrate Judge Kristen L. Mix on 5/18/2010. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 3 | MOTION to Seal Case by USA as to Richard Kellogg Armstrong. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 2 | Arrest Warrant Issued in case as to Richard Kellogg Armstrong. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 1 | COMPLAINT as to Richard Kellogg Armstrong (1). (Attachments: # 1 Criminal Information Sheet) (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |

Copyright © 2015 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

A0049018_68-000000

on 6/21/2010. AUSA Kenneth Harmon; Defendant present in custody with Richard Kornfeld; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Richard Kellogg Armstrong. Discovery memorandum executed. Evidence and testimony from government's witness Greg Flynn. Government's exhibits 1 and 2 admitted. Argument regarding detention. ORDERED: Defendant detained. Counsel to chambers. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape KMT PM) (lab, ) (Entered: 06/22/2010)

| 06/21/2010 | 22 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Discovery Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kenneth Harmon; Defendant's presence was waived for this proceeding; Defense counsel Lisa Wayne present. Discovery memorandum executed. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT PM) (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 21 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Arraignment, Discovery and Bond Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kasandra Carleton (For Kenneth Harmon); Defendant present in custody with Lisa Wayne; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Curtis L. Morris. Defendant released on a $50,000 Unsecured bond with conditions. Defense counsel requests a continuance on the discovery hearing. Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant's presence is waived for the discovery hearing. Defendant remanded for release. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT AM) (lab, ) (Entered: 06/21/2010) |
| 06/18/2010 | 20 | CJA 20: Appointment of Lisa Monet Wayne for Curtis L. Morris by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/18/2010 | 19 | CJA 20: Appointment of Richard Kent Kornfeld for Richard Kellogg Armstrong by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/16/2010 | 18 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 17 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 16 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (kitsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 15 | Arrest Warrant Returned Executed on 6/11/10 in case as to Curtis L. Morris. (kitsl, ) Modified on 6/18/2010 to correct date of arrest (kltsl, ). (Entered: 06/17/2010) |
| 06/16/2010 | 14 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. Defendant has not retained counsel. Financial affidavit reviewed. CJA appointed. Arraignment, Discovery and Detention Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |
| 06/16/2010 | 13 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment and Discovery Hearing as to Curtis L. Morris held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. The court gives the Faretta advisement to the defendant. CJA appointed. Arraignment and Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |
| 06/14/2010 | 12 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (labsl, ) (Entered: 06/14/2010) |
| 06/14/2010 | 11 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Initial Appearance as to Curtis L. Morris held on 6/14/2010. AUSA Kenneth Harmon; Defendant present in custody without Counsel; Pretrial Sue Heckman. Defendant advised. Defendant is not requesting court appointed counsel. Bond set as to Curtis L. Morris (1) $50,000 Unsecured with the condition of electronic home monitoring. Defendant to be brought to court for release once electronic home monitoring has |

*Arrest 5/20/10* (handwritten)
*Not 6/11* (handwritten)

LexisNexis CourtLink - Show Docket                                          50

|  |  |  |
|---|---|---|
|  |  | CONTINUED pending further order of court. by Judge Robert E. Blackburn on 7/12/10. (mjg, ) (Entered: 07/12/2010) |
| 07/09/2010 | 47 | Ex Parte Document. (smatl, ) (Entered: 07/16/2010) |
| 07/09/2010 | 44 | Ex Parte Document. (pponi, ) (Entered: 07/15/2010) |
| 07/07/2010 | 41 | Receipt for Surrender of Passport as to Curtis L. Morris Passport Number 076752955 (lab, ) (Entered: 07/08/2010) |
| 07/07/2010 | 39 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 07/07/2010) |
| 07/07/2010 | 38 | Ex Parte Document. (Attachments: # 1 Exparte Attachment, # 2 Exparte Attachment)(Wayne, Lisa) (Entered: 07/07/2010) |
| 07/07/2010 | 37 | MINUTE ORDER by Judge Robert E. Blackburn on 7/7/2010 Setting Hearing on Motion 36 Joint MOTION to Declare Case Complex, as to defendants Curtis L. Morris and Richard Kellogg Armstrong. Motion Hearing set for 10/22/2010 08:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 07/07/2010) |
| 07/07/2010 | 36 | Joint MOTION to Declare Case Complex and to Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. 3161(h) by Richard Kellogg Armstrong, Curtis L. Morris. (Kornfeld, Richard) (Entered: 07/07/2010) |
| 07/01/2010 | 35 | CJA 24 (Kornfeld, Richard) (Entered: 07/01/2010) |
| 06/28/2010 | 40 | Ex Parte Document. (smatl, ) (Entered: 07/08/2010) |
| 06/25/2010 | 34 | ORDER by Judge Robert E. Blackburn on 6/25/2010, granting 32 Motion to Disclose Grand Jury Material as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (tlisl, ) (Entered: 06/28/2010) |
| 06/25/2010 | 33 | TRIAL PREPARATION CONFERENCE ORDER by Judge Robert E. Blackburn on 6/25/2010 as to Richard Kellogg Armstrong, Curtis L. Morris. Motions due by 7/9/2010. Telephone Conference set for 7/22/2010 10:30 AM before Judge Robert E. Blackburn. Trial Preparation Conference set for 8/20/2010 at 08:30 AM in Courtroom A1001 before Judge Robert E. Blackburn. Jury Trial set for 8/23/2010 08:30 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 06/25/2010) |
| 06/24/2010 | 32 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Richard Kellogg Armstrong, Curtis L. Morris. (Attachments: # 1 Proposed Order (PDF Only)) (Harmon, Kenneth) (Entered: 06/24/2010) |
| 06/24/2010 | 31 | Ex Parte Document. (Attachments: # 1 Exhibit A, # 2 Exparte Attachment)(Kornfeld, Richard) (Entered: 06/24/2010) |
| 06/22/2010 | 30 | ORDER OF DETENTION as to Richard Kellogg Armstrong by Magistrate Judge Kathleen M. Tafoya on 6/22/10. (lab, ) (Entered: 06/23/2010) |
| 06/21/2010 | 29 | ORDER Setting Conditions of Release as to Curtis L. Morris (1) $50,000 Unsecured by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 28 | Unsecured Bond Entered as to Curtis L. Morris in amount of $50,000 (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 27 | Government's EXHIBIT 2 In Support of 23 Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 26 | Sealed Document-Government's exhibit 1 (lab, ) Modified on 6/22/2010 to link to minutes of 6-21-10, entry 23. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 25 | Discovery Conference Memorandum and ORDER: Estimated Trial Time - 5 days as to Richard Kellogg Armstrong by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 24 | Discovery Conference Memorandum and ORDER: Estimated Trial Time - 5 days as to Curtis L. Morris by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 23 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong held |

A0049018_66-000000

LexisNexis CourtLink - Show Docket                                                                50

| 01/18/2011 | 113 | MOTION to Appoint New Counsel by Richard Kellogg Armstrong. (tllsl, ) (Entered: 01/19/2011) |
| 01/14/2011 | 112 | NOTICE by Richard Kellogg Armstrong (tllsl, ) (Entered: 01/19/2011) |
| 01/14/2011 | 110 | MINUTE ORDER by Judge Robert E. Blackburn on 1/14/2011, Setting Hearing on Motion 109 as to Richard Kellogg Armstrong, Curtis L. Morris. Motion Hearing set for 1/21/2011 11:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 01/14/2011) |
| 01/14/2011 | 109 | WITHDRAWN; MOTION to Continue by Richard Kellogg Armstrong. (Owen, David) Modified on 1/28/2011 to withdraw per 128 (tllsl, ). (Entered: 01/14/2011) |
| 01/13/2011 | 173 | Ex Parte Document. (smatl, ) (Entered: 03/24/2011) |
| 01/11/2011 | 108 | NOTICE OF ATTORNEY APPEARANCE: David L. Owen, Jr appearing for Richard Kellogg Armstrong (Owen, David) (Entered: 01/11/2011) |
| 01/07/2011 | 107 | CJA 20: Appointment of David L. Owen, Jr for Richard Kellogg Armstrong by Magistrate Judge Michael J. Watanabe on 1/7/2011. (smatl, ) (Entered: 01/07/2011) |
| 01/05/2011 | 159 | Ex Parte Document. (smatl, ) (Entered: 03/08/2011) |
| 01/05/2011 | 106 | MINUTE ORDER by Magistrate Judge Michael J. Watanabe on 1/5/2011 granting 104 Motion to Withdraw as Attorney. Richard Kent Kornfeld withdrawn from case as to Richard Kellogg Armstrong (2). IT IS FURTHER ORDERED that new counsel from the CJA Panel be appointed to represent Defendant Richard Kellogg Armstrong.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 105 | MEMORANDUM regarding 104 MOTION to Withdraw as Attorney by Richard Kornfeld filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Michael J. Watanabe.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 104 | MOTION to Withdraw as Attorney by Richard Kornfeld by Richard Kellogg Armstrong. (Kornfeld, Richard) (Entered: 01/05/2011) |
| 01/03/2011 | 138 | Ex Parte Document. (pponi, ) (Entered: 02/04/2011) |
| 12/23/2010 | 103 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/23/2010) |
| 12/15/2010 | 102 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 12/15/2010) |
| 12/06/2010 | 101 | ORDER by Judge Robert E. Blackburn on 12/06/2010 granting 92 Motion to Disclose Grand Jury Material as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (prhsl) (Entered: 12/06/2010) |
| 12/02/2010 | 100 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/02/2010) |
| 11/19/2010 | 99 | Ex Parte Document. (pponi, ) (Entered: 11/30/2010) |
| 11/19/2010 | 98 | Ex Parte Document. (smatl, ) (Entered: 11/29/2010) |
| 11/18/2010 | 97 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/18/2010) |
| 11/12/2010 | 96 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/12/2010) |
| 11/10/2010 | 95 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/10/2010) |
| 11/03/2010 | 94 | Ex Parte Document. (Attachments: # 1 Exparte Attachment, # 2 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/03/2010) |
| 10/20/2010 | 93 | MANDATE of USCA as to Richard Kellogg Armstrong re 86 USCA Order/Opinion/Judgment, 56 Notice of Appeal: Affirmed. (USCA Case No. 10-1345) (bjrsl, ) (Entered: 10/21/2010) |
| 10/08/2010 | 92 | Joint MOTION to Disclose Grand Jury Material to Defendant Defense Expert and Investigators by Richard Kellogg Armstrong, Curtis L. Morris. (Kornfeld, Richard) (Entered: 10/08/2010) |

A0049018_62-000000

|  |  | advisory counsel. Motion 109 withdrawn. See order at 128 . (Court Reporter: Suzanne Claar) (tlisl, ) (Entered: 01/31/2011) |
|---|---|---|
| 01/27/2011 | 128 | ORDER by Judge Robert E. Blackburn on 1/27/2011, withdrawing 109 Motion to Continue as to Richard Kellogg Armstrong (2). Motions due by 2/28/2011. Status Conference set for 4/1/2011 10:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 01/28/2011) |
| 01/27/2011 | 127 | NOTICE to the District Court, by Richard Kellogg Armstrong (tlisl, ) (Entered: 01/27/2011) |
| 01/26/2011 | 126 | MINUTE ORDER granting 123 Motion for Hearing as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 1/26/2011. SEE 125 . TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/26/2011) |
| 01/26/2011 | 125 | MINUTE ORDER Setting Hearing on Motion by Judge Robert E. Blackburn on 1/26/2011 as to Richard Kellogg Armstrong, Curtis L. Morris. The 109 MOTION to Continue, is set for 1/27/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 01/26/2011) |
| 01/25/2011 | 188 | Ex Parte Document. (smatl, ) (Entered: 04/06/2011) |
| 01/25/2011 | 123 | MOTION for Hearing by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/25/2011) |
| 01/24/2011 | 122 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/24/2011, granting 119 Motion for Order Directing US Marshal to Provide Hearing Aid Batteries as to Richard Kellogg Armstrong (2). TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/24/2011) |
| 01/24/2011 | 121 | MEMORANDUM regarding 119 MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/24/2011) |
| 01/21/2011 | 124 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing 109 as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/21/2011. IT IS ORDERED that this hearing is VACATED and CONTINUED pending further order of the court. (Court Reporter: Suzanne Claar) (romsl, ) Modified on 1/26/2011 (romsl, ). (Entered: 01/25/2011) |
| 01/21/2011 | 120 | MINUTE ORDER by Magistrate Judge Boyd N. Boland on 1/21/2011 Setting Hearing on Motion 117 motion for bond modification as to Curtis L. Morris. Motion Hearing set for 2/1/2011 10:30 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/21/2011) |
| 01/21/2011 | 119 | MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/21/2011) |
| 01/21/2011 | 118 | MEMORANDUM regarding 117 First MOTION for Bond Modification filed by Curtis L. Morris. Motion referred to Magistrate Judge Boyd N. Boland.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/21/2011) |
| 01/20/2011 | 174 | Ex Parte Document. (smatl, ) (Entered: 03/25/2011) |
| 01/20/2011 | 117 | First MOTION for Bond Modification by Curtis L. Morris. (Wayne, Lisa) (Entered: 01/20/2011) |
| 01/20/2011 | 116 | NOTICE to principal is notice to agent by Richard Kellogg Armstrong (tlisl, ) (Entered: 01/20/2011) |
| 01/19/2011 | 115 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/19/2011, denying 113 Motion to Appoint New Counsel as to Richard Kellogg Armstrong (2).TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 114 | MEMORANDUM regarding 113 MOTION to Appoint Counsel filed by Richard Kellogg Armstrong. Motion(s) referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 111 | Ex Parte Document. (Wayne, Lisa) (Entered: 01/19/2011) |

LexisNexis CourtLink - Show Docket                                                    50

| 02/22/2011 | 145 | NOTICE OF ATTORNEY APPEARANCE Kevin F. Sweeney appearing for USA. (Sweeney, Kevin) (Entered: 02/22/2011) |
|---|---|---|
| 02/17/2011 | 144 | MOTION; NOTICE of challenge of jurisdiction by Richard Kellogg Armstrong (tilsl, ) Modified on 2/22/2011 to correct event to reflect a motion . (tilsl, ). (Entered: 02/18/2011) |
| 02/17/2011 | 143 | RESPONSE to Motion by USA as to Richard Kellogg Armstrong re 134 MOTION to Modify Order (Harmon, Kenneth) (Entered: 02/17/2011) |
| 02/16/2011 | 142 | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 2/16/2011 Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris re 140 Superseding Indictment. Re-Arraignment set for 3/2/2011 10:30 AM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tilsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 253 | Ex Parte Document. (smatl, ) (Entered: 06/17/2011) |
| 02/15/2011 | 141 | Arrest Warrant Issued in case as to Larry Ray Hall. (tilsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 140 | SUPERSEDING INDICTMENT as to Curtis L. Morris (1) count(s) 1s-3s, 6s-22s, 28s, Richard Kellogg Armstrong (2) count(s) 1s, 6s-9s, 13s-16s, 25s-27s, 28s, Larry Ray Hall (3) count(s) 1, 4-5, 6-16, 23-24, 25-27, 28. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong, # 3 Criminal Information Sheet Hall) (tilsl, ) (Entered: 02/16/2011) |
| 02/09/2011 | 139 | MINUTE ORDER by Judge Robert E. Blackburn on 2/9/2011 Re-Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris. Status Conference is now set for 4/4/2011 08:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tilsl, ) (Entered: 02/09/2011) |
| 02/04/2011 | 137 | MOTION to terminate and withdraw court appointed assisstance of counsel, by Richard Kellogg Armstrong. (tilsl, ) Modified on 2/7/2011 to correct typo (tilsl, ). (Entered: 02/04/2011) |
| 02/03/2011 | 136 | MINUTE ORDER as to Richard Kellogg Armstrong re 134 MOTION to Modify Order. Government responses due by 2/17/2011. by Judge Robert E. Blackburn on 2/3/2011. (tilsl, ) (Entered: 02/03/2011) |
| 02/03/2011 | 134 | MOTION to Modify Order 34 by Richard Kellogg Armstrong. (Owen, David) Modified on 2/4/2011 to add linkage (tilsl, ). (Entered: 02/03/2011) |
| 02/03/2011 | 135 | NOTICE to the District Court by Richard Kellogg Armstrong (tilsl, ) (Entered: 02/03/2011) |
| 02/02/2011 | 133 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 02/02/2011) |
| 02/01/2011 | 132 | Government EXHIBITS tendered to the court re: 130 Minute Entry by USA as to Curtis L. Morris. (Attachments: # 1 Exhibit 2A, # 2 Exhibit 2B, # 3 Exhibit 2C, # 4 Exhibit 3A, # 5 Exhibit 3B, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 7A)(romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 131 | EXHIBIT A re: 130 Minute Entry as to Curtis L. Morris (romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 130 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Motion Hearing as to Curtis L. Morris held on 2/1/2011 re 117 First MOTION for Bond Modification filed by Curtis L. Morris. AUSA Kenneth Harmon; Defendant present with Lisa Wayne; Probation Carlos Morales. Argument and Proffer regarding bond conditions. Testimony from witness Greg M. Flynn. Both parties tendered exhibits to the court. Court DENIES 117 Motion for Bond Modification as to Curtis L. Morris. Defendant continued on bond. Total time: 56 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR: BNB AM) (romsl, ) Modified on 2/2/2011 to add text (romsl, ). (Entered: 02/01/2011) |
| 01/27/2011 | 129 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/27/2011. Defendant Armstrong's request to represent himself is Granted and David Owen is appointed as |

LexisNexis CourtLink - Show Docket                                                          50

| 03/14/2011 | 163 | MINUTE ORDER by Judge Robert E. Blackburn on 3/14/2011, granting 162 Motion to Continue as to Curtis L. Morris (1). The Motion Hearing is now set for 3/30/2011 09:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 03/14/2011) |
| 03/14/2011 | 162 | First MOTION to Continue and Reschedule March 24, 2011 Hearing by Curtis L. Morris. (Wayne, Lisa) (Entered: 03/14/2011) |
| 03/10/2011 | 161 | NOTICE to the court by Richard Kellogg Armstrong (tllsl, ) (Entered: 03/11/2011) |
| 03/10/2011 | 160 | RESPONSE by USA as to Richard Kellogg Armstrong re: 154 Notice (Other) filed by Richard Kellogg Armstrong, 144 MOTION to Dismiss filed by Richard Kellogg Armstrong, 149 MOTION to Dismiss for Lack of Jurisdiction filed by Richard Kellogg Armstrong in Opposition (Sweeney, Kevin) (Entered: 03/10/2011) |
| 03/02/2011 | 157 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: RE-Arraignment on superseding indictment as to Richard Kellogg Armstrong and Curtis L. Morris held on 3/2/2011. AUSA Kenneth Harmon; Defendant Richard Kellogg Armstrong present in custody with David Owen as advisory counsel; Defendant Curtis L. Morris present with Lisa Wayne; Pretrial Jerald Mason. Plea of NOT GUILTY entered on all counts of superseding indictment by Richard Kellogg Armstrong and Curtis L. Morris. Counsel to chambers. Defendant Richard Kellogg Armstrong remanded; Defendant Curtis L. Morris continued on bond. Total time: 9 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR: KMT AM) (romsl, ) Modified on 3/7/2011 to correct typo and add text (romsl, ). (Entered: 03/02/2011) |
| 03/01/2011 | 158 | Ex Parte Document. (smatl, ) (Entered: 03/07/2011) |
| 03/01/2011 | 156 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 Setting Hearing on Motion as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. The 153 First MOTION for Order For Unopposed Motion for Extension of Time to File Motions is set for 3/24/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 03/01/2011) |
| 03/01/2011 | 155 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 as to Richard Kellogg Armstrong re 154 Notice (Other). Government Responses due by 3/14/2011. (tllsl, ) (Entered: 03/01/2011) |
| 02/28/2011 | 154 | MOTION/NOTICE to the United States District Court by Richard Kellogg Armstrong (tllsl, ) Modified on 3/23/2011 to make a motion event (mjgsl, ). (Entered: 03/01/2011) |
| 02/28/2011 | 153 | First MOTION for Order For Unopposed Motion for Extension of Time to File Motions by Curtis L. Morris as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. (Wayne, Lisa) (Entered: 02/28/2011) |
| 02/28/2011 | 152 | ORDER granting 134 Motion to Modify 34 and denying as moot 148 Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 151 | ORDER denying 135 Notice/Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 150 | MINUTE ORDER by Judge Robert E. Blackburn on 2/28/2011 as to Richard Kellogg Armstrong re 149 MOTION to Dismiss for Lack of Jurisdiction. Government responses due by 3/10/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/24/2011 | 149 | MOTION ; NOTICE-Challenge of validity of charges by Richard Kellogg Armstrong (tllsl, ) Modified on 2/28/2011 to correct event type per chambers. (tllsl, ). (Entered: 02/25/2011) |
| 02/23/2011 | 264 | Ex Parte Document. (smatl, ) (Entered: 07/21/2011) |
| 02/23/2011 | 148 | (NOTICE) MOTION for release of grand jury transcripts, etc., by Richard Kellogg Armstrong. (tllsl, ) (Entered: 02/23/2011) |
| 02/23/2011 | 147 | Ex Parte Document. (Attachments: ≠ 1 Exparte Attachment)(Wayne, Lisa) (Entered: 02/23/2011) |
| 02/22/2011 | 146 | MINUTE ORDER by Judge Robert E. Blackburn on 2/22/2011 as to Richard Kellogg Armstrong re 144 MOTION to Dismiss. Government responses due by 3/19/2011. |

**A0049018_59-000000**

1          **CERTIFICATE OF SERVICE**

2          I, _Richard K. Armstrong_, hereby certify that I have

3     served a true and correct copy of;
      _Title 28 U.S.C., Sec. 2241 Habeas Corpus for Due Process_
4     _and Constitutional Violations Resulting in Illegal_
      _Confinement by Void Judgment - Verified_
5

6

7

8     [which is considered filed/served at the moment it was delivered

9     to prison authorities for mailing as provided for in Houston v.

10    Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following

11    listed parties/persons by placing a complete copy of the above

12    described materials in a sealed envelope affixed with the

13    appropriate pre-paid first-class United States postage:
      _United States District Court_
14    _Central District of California_
      _Los Angeles Division_
15
      _United States Attorney_
16    _Central District of California_
17

18

19    and deposited same with prison officials here at the Federal

20    Correctional Institution in Lompoc, California, on this the

21    _18th_ day of _September_, 20_17_.

22          Pursuant to Title 28, United States Code section 1746, I

23    declare under penalty of perjury that the foregoing is true and

24    correct.  Executed this the _20th_ day of _September_, 20_17_.

25

26                          (Signature) _Richard K. Armstrong_
27                          Printed Name: _Richard K. Armstrong_
                            Federal Register # _20413-298_
28                          Federal Correctional Institution (Low)
                            3600 Guard Road, Lompoc, CA 93436-2705
                            No Telephone/Fax/E-Mail Available

Date:   09/18/2017                                                                      Location: LOX
Time:   08:31:25 PM

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF PRISONS

### Request for Withdrawal of Inmate's Personal Funds

LOF-J-A, 20413298 - ARMSTRONG, RICHARD

| Encumbrance No.:   4359 |
|---|

Please charge to my account the sum of **$5.00** and authorize the same to be paid to:

**Contact/FMIS Certification Address**
**Cent Div Calif, U S D C**
**312 N SPRING ST**
**Clerk of the Court**
**LOS ANGELES**
**CA 90012**
**United States**

Purpose:  **Court Fees**

Check Memo:

_____          20413298 - ARMSTRONG, RICHARD
(Signature of Inmate)                     (Inmate Register No./Name)

_____
(Signature of Approving Official)

_____          _____
(Signature of Deposit Fund Tech)          (Payment #)

The inmate's personal account has been charged in the amount indicated above.

BP - 199.045 - Jan 2008

Richard K. Armstrong
#20413-298
Federal Correctional
Institution
3600 Guard Rd.
Lompoc, CA 93436




CERTIFIED MAIL

7014 2120 0003 6058 9107





RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 25 2017

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

LEGAL MAIL

⇔20413-298⇔
U S D C Cent Div Calif
312 N Spring ST
Clerk of the Court
LOS Angeles, CA 90012
United States

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

650302 1