1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11    RICHARD KELLOGG ARMSTRONG,          )    Case No. CV 17-07087-VAP (AS)
                                          )
12                    Petitioner,         )    **ORDER REQUIRING RETURN TO**
                                          )
13            v.                          )    **PETITION FOR WRIT OF HABEAS**
                                          )
14    STEVE LANGFORD, Warden,             )    **CORPUS (28 U.S.C. § 2241)**
                                          )
15                    Respondent.         )
      _____)

16
17

        On September 26, 2017, Ricard Kellogg Armstrong ("Petitioner"), a
18
      prisoner in federal custody, filed a "Title 28 U.S.C. §2241 Habeas
19
      Corpus for Due Process and Constitutional Violations Resulting in
20
      Illegal Confinement by Void Judgment" (Docket Entry No. 1), which the
21
      Court construes as a Petition for Writ of Habeas Corpus by a Person in
22
      Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition").  In order to
23
      facilitate the just, speedy, and inexpensive determination of this
24
      action, **IT IS ORDERED** that:
25

26
        1.    The Clerk of this Court shall promptly (a) serve a copy of the
27
      Petition, Petitioner's executed consent to magistrate judge jurisdiction
28
      form (if Petitioner has filed such a consent), and a copy of this Order

on Respondent by delivering them to the United States Attorney, Central District of California or her authorized agent, and (b) serve a copy of this Order on Petitioner.  If Respondent is also willing to consent to magistrate judge jurisdiction, the assigned Assistant United States Attorney shall execute and e-file the consent form concurrently with the filing of the initial response to the Petition.

   2.   Before **October 16, 2017,** Respondent shall file and serve a Notice of Appearance, notifying the Court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served and the attorney's telephone and fax number.  This information is important to assure accurate service of court documents.

   3.   If Respondent contends that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file a Motion to Dismiss on or before **October 31, 2017.**  The Motion to Dismiss shall <u>not</u> address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.  At the time the Motion to Dismiss is filed, Respondent shall also lodge with the Court all records bearing on Respondent's contention in this regard.

   4.   If Respondent files a Motion to Dismiss, Petitioner shall file an Opposition to the Motion, or a Notice of Non-Opposition to the

2

Motion, within thirty (30) days of the date of service thereof.[1]  At the time the Opposition is filed (assuming an Opposition is filed), Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the Motion.  Petitioner's Opposition shall state whether Petitioner admits or denies each allegation of fact contained in the Motion, and be limited to facts and contentions responsive to matters raised in the Motion.  The Court will not consider grounds for relief that Petitioner asserts for the first time in his Opposition. Petitioner is further advised that failure to oppose a Motion to Dismiss may be construed as consent to the granting of the Motion and dismissal of the action.  See Local Rule 7-12.

5.    Unless the Court orders otherwise, Respondent shall not file a Reply to Petitioner's Opposition to the Motion to Dismiss.  If the Motion is denied, the Court will set a new schedule for the Respondent to answer the Petition and for Petitioner's optional reply.

6.    If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve a Return to the Petition ("Return") on or before **November 30, 2017.**  At the time the Return is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims.  The Return shall also specifically address the

---

[1]    The date of service means the date Respondent's certificate of service shows that the Motion to Dismiss or Answer was mailed to Petitioner (or otherwise served upon Petitioner).

necessity for an evidentiary hearing to resolve any issue.  The Court expects full compliance with Rules 2 and 5 of the Rules Government Section 2255 Cases in the United States District Courts (if applicable).

7.    Petitioner may file a single Reply ("Reply") to matters raised in the Return within thirty (30) days of the date of service thereof. Any Reply filed by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the Return; (b) shall be limited to facts or arguments responsive to matters raised in the Return; and (c) shall not raise new grounds for relief that were not asserted in the Petition.  No Reply shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8.    A request by a party for an extension of time within which to file any of the pleadings required hereunder will be granted only upon a showing of good cause and should be made in advance of the due date of the pleading.  Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary and by a proposed form order granting the requested extension.

9.    Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's Opposition to a Motion to Dismiss and/or Petitioner's Reply to the Return is due.

10.    Every document filed in the clerk's office or delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party,

if such party is not represented by counsel).  Any document without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11.  Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted and served with papers, this action will be subject to dismissal for failure to prosecute.  See also Local Rule 41-6.

DATED: September 29, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

In Pro se



LODGED
CLERK, U.S. DISTRICT COURT

SEP 2 5 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 6 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

Richard Kellogg Armstrong,
        Petitioner

        v.

Steven Langford, Warden
        Respondent

Case No.: **CV17-7087-VAP (AS)**

**TITLE 28 U.S.C. §2241 HABEAS
CORPUS FOR DUE PROCESS AND
CONSTITUTIONAL VIOLATIONS
RESULTING IN ILLEGAL CONFINEMENT
BY VOID JUDGMENT**

**VERIFIED**

COMES NOW, Richard Armstrong, hereinafter "Petitioner",
in Pro se, moves this Court pursuant to Title 28 U.S.C. §2241
Habeas Corpus for Due Process and Constitutional violations of
Armstrong's Constitutionally protected rights which resulted in an
illegal confinement by void judgment, entered in Case No.: 10-CR-
00317-REB-2.

I.                    **JURISDICTION**

This is a Petition pursuant to Title 28 U.S.C. §2241 chal-
lenging Petitioner's confinement by the Federal Bureau of Prisons
at FCI - Lompoc.  Petitioner avers that Title 28 U.S.C. §2241
is the proper vehicle to challenge his imprisonment.  Relief
by way of a Petition for Writ of Habeas Corpus extends to a person
in custody if that custody is established by virtue of violation
of the Constitution or laws or treaties of the United States.

1

See 28 U.S.C. §2241.   Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. See Affidavit of Richard Armstrong attached hereto as Exhibit #1 and incorporated in its entirety.   The Federal District Court in Los Angeles, California, has jurisdiction over the Federal Correctional Institute - Lompoc prison and its warden and Petitioner has properly motioned and; because it is a Constitutional Due Process issue that the Bureau of Prisons cannot and won't address through the Administrative Procedure process the Administrative Remedy Procedure is futile and the issue must be addressed by this correct court of jurisdiction.

Petitioner is in custody within the jurisdiction of this court, 28 U.S.C. §2241(d).   Accordingly, this court has jurisdiction over this action.

## II.   NOTICE TO THE COURT THAT THIS MOTION IS <u>NOT</u> A COLLATERAL ATTACK ON HIS CONVICTION UNDER 28 U.S.C. §2255

Petitioner NOTICES this Court that this is <u>NOT</u> a Petition under 28 U.S.C. §2255(e), nor a Petition under §2255 attacking his sentence.   Any attempt to recharacterize this motion under §2255 would be plain error and a manifest injustice.   (See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); see also, <u>U.S. v. Castro</u>, 540 U.S. 375 (2003).

Title 28 U.S.C. §2241, Habeas Corpus petition is the proper remedy for a person deprived of his liberty, as its purpose is to test the legality of the restraints on a persons liberty, i.e., whether he is restrained of his liberty pursuant to Due Process of Law, not his guilt or innocence.

This is Petitioner's claims: This is a challenge to the

unlawful imprisonment of Petitioner and Title 28 U.S.C. §2241
is the proper vehicle to make that challenge and is guaranteed
by the Constitution for the United States, Article I, Section 9.

Petitioner is very specific as to the purpose of his 28
U.S.C. §2241 petition in the instant matter.  As required by
§2241.

1) Petitioner is in custody under color or by authority
of the United States; and,

2) Petitioner is in custody in violation of the Constitution
and Laws of the United States.

A true Habeas Corpus, 28 U.S.C. §2241, does not require
actual innocence (that is a savings clause motion under §2255(e))
but the criteria is **illegal imprisonment**, the **illegal deprivation
of Petitioner's liberty** and that is Petitioner's claim herein.
A 28 U.S.C. §2241 has no time restriction and is not governed
by AEDPA and second/successive and other such rules **do not apply**.
28 U.S.C. §2241 applies when a prisoner is **deprived of liberty
without due process of law**.  See Rasul v. Bush, 542 U.S. 466,
473 (2004).

The U.S. Supreme Court in O'Neal v. McAninch, 513 U.S. 432,
451 (1995), we are dealing with an error of Constitutional dimensions
- the sort that risks an unreliable trial outcome and the consequent
conviction that when there is a grave doubt about the harmlessness
of an error, "a legal rule requiring issuance of the writ will,
at least often, avoid a grievous wrong - holding a person 'in
custody in violation of the Constitution...of the U.S.'" Ibid.
(quoting 28 U.S.C §2241(c)(3)).

III.                    **RELIEF REQUESTED**

This Motion is based on this Document, the attached Affidavit of

3

Richard Armstrong  the Docket in Case No.: 10-CR-00317-REB-2
and all other records in the criminal action.

Relief is sought via 28 U.S.C. §2241 on the basis that the
Grand Jury and their proceedings were invalidated and thus the
indictment and judgment in Case No.: 10-CR-00317-REB-2
are void as a matter of law for Constitutional violations of
Petitioner's 4th, 5th, and 6th Amendment rights as enumerated
herein, they are not merely voidable, but void ab initio.  Thus
the commitment order from the court to the Federal Bureau of
Prisons is illegal.

Relief may not be denied even if the court finds that the
neglect that led to the judgment in question was inexcusable,
even if the court believes that the requested relief will unduly
prejudice the government opposing relief, and even if the court
determines that Petitioner's defense to the underlying action
is without merit.

The judgment in this matter is void ab initio and must be
dismissed because the District Court lacked subject matter juris-
diction to render it.  Because of the egregious errors and violations
of Petitioner's 4th, 5th, and 6th Amendment rights there could
be no confidence in the judicial process.  The judgment enforced
against Petitioner's liberty interest became a manifest injustice
perpetrated against him.

The discovery of these multiple structural errors are fatal
flaws which caused the court to lose subject matter jurisdiction
before Petitioner ever set foot into that courtroom.  (See Exhibit
"1" Affidavit of Richard Kellogg Armstrong).

Petitioner shows under the plain error standard of review

that:

1)   There was an error; and,

2)   The error committed was plain; and,

3)   The error affected Petitioner's substantial rights; and,

4)   The error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

See: <u>United States v. Gonzalez-Aparicio</u>, 663 F.3d 419, 428 (9th Cir. 2011); <u>United States v. Doss</u>, 630 F.3d 1181, 1193 (9th Cir. 2011); see also <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

**IV.        NO NOTICE WAS GIVEN TO DEFENDANT OR HIS
             REPRESENTATIVE OF GRAND JURY SELECTION
             IN VIOLATION OF F.R.Cr.P. - RULES 6 & 24**

From the days of the common law up to and including the present day, an interested party has had the right to challenge the array or individual grand jurors. F.R.Cr.P. - Rule 24 - Trial Jurors - outlines the procedure and number of challenges available to both the government and defense for Grand Jury and petit jurys.

F.R.Cr.P. - Rule 6 - The Grand Jury - at section (b)(1) - Objections to the Grand Jury or to a Grand Juror - Challenges - states:

> "Either the Government or a **defendant** may challenge the Grand Jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror was not legally qualified." (emphasis added)

Rule 6 goes on at section (b)(2) - Motion to Dismiss an Indictment -

> "...The Motion to Dismiss is governed by 28 U.S.C. §1867."

28 U.S.C. §1867 states in pertinent part at section (d):

> "...If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending selection of a grand jury in

conformity with this title or dismiss the indictment, which ever is appropriate." (emphasis added)

The requirement is that defendants challenges shall be made before administration of the oath to the jurors. The right to object to irregularities in drawing or impaneling the grand jury or to the legal qualifications of Grand Jurors is not lost by the lack of opportunity or by failure to challenge.

Since the Petitioner or his representative were never NOTICED, and thus was not present, they could not very well "challenge" and individual juror on the ground that the juror was not legally qualified" as provided by F.R.Cr.P. Rules 6 & 24.

### i)   FAILURE TO NOTICE DEFENDANT/PETITIONER OF GRAND JURY IMPANELING

The failure to NOTICE Petitioner and allow him his Constitutionally protected right to challenge the array of the Grand Jury is structural error and includes multiple violations of Petitioner's 4th Amendment right to his liberty interests by that failure to comply with the Federal Rules and statutes. Petitioner's 5th Amendment right to Due Process for failure to Notice Petitioner of the Grand Jury impaneling and selection process. A defendant has a right to be present at every stage of trial, including jury impanelment. Which means a defendant must be present at any stage of the criminal proceeding, beginning with voir dire of the Grand Jury during which challenges are to be made. This is a critical distinction. And the Petitioner's 6th Amendment right whose violations voids judgment because the government's failure to follow the statutory and procedural requirements denied Petitioner his day in court by not allowing Petitioner to participate in the voir dire process of the Grand Jury of

his peers constitutes denial of Due Process.

Petitioner has a Constitutional Right to have his indictment dismissed as it was returned by a illegitimate Grand Jury.

"This issue has not been adjudicated by the District Court as mandated by, and in the manner contemplated by, the statute [and Rules of Criminal Procedure] in our view, it must be so adjudicated [] and judgment entered therein is void..." <u>Great American Trading Corp. v. I.C.P. Cocoa, Inc.</u>, 629 F.2d 1282 (7th Cir. 1980).

The structural errors enumerated above of Petitioner's Constitutionally protected rights seriously affected Petitioner's Due Process rights and the fairness, integrity or public reputation of the court and the judicial proceedings.

### ii)   MAGISTRATE JUDGE TOOK PLEA AT ARRAIGNMENT

At the arraignment, a Magistrate Judge took a plea of Not Guilty and entered it on the record.  (See Docket attached to Affidavit attached as Exhibit "1" hereto).  This was done in violation of a Magistrate's enumerated duties.  See 28 U.S.C. §§ 631-636 et seq.  And in violation of Article III of the Constitution and the separation of powers being that the Magistrate's position is an Administrative position under the Executive Branch of government not the Judicial Branch.

The phrase "coram non judcie," means "before a person not a judge" applies, meaning, in effect that the proceedings where a Magistrate asked for and took a plea from Petitioner was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a criminal judgment. A Magistrate Judge being an administrate position has no judicial

authority.

A Magistrate Judge may not require or even ask for a plea to charges, if the charges against the arrestee is not triable before a Magistrate Judge, the Magistrate Judge handling the arraignment may not ask the arrestee to plead to charges at that time.

Once a Magistrate Judge took a plea from Petitioner any judgment rendered by the District Court is void as the District Court lost subject matter jurisdiction and has no power to adjudicate the matter before it.

The structural errors enumerated above of Petitioner's Constitutionally protected rights seriously affected Petitioner's Due Process rights and the fairness, integrity or public reputation of the court and the judicial proceedings.

**iii)**          **CRIMINAL CONSPIRACY AND BIAS**

The Magistrate Judge, United States Attorney, District Court Judge, and Defense Counsel are involved in a Criminal Conspiracy and Bias against Petitioner because as those educated in the law, they knew, or should have known, that Congress enacted the Federal Rules of Criminal Procedure, specifically Rules 6 & 24 addressed herein, as a procedural protection to a defendants 4th, 5th, and 6th Amendment rights.

Petitioner shows multiple violations of those Rules which reflect the 4th, 5th, and 6th Amendment violations and the blatant disregard by these government actors for Petitioner's Constitutionally protected rights and their oaths of office to protect those same rights.

As shown in both issues i and ii above, these actors conspired

jointly and severally to violate Petitioner's 4th Amendment Right
to his Liberty Interest.  His 5th Amendment Right to Due Process
of Law.  And his 6th Amendment Right to Effective Assistance
of Counsel.  These violations of the Constitutionally protected
rights codified by Congress in both the Federal Statutes and
Federal Rules voided any subject matter jurisdiction the District
Court may have had.  And once lost, because of those violations,
cannot be recovered or conferred back to the District Court.

Thus, the indictment is invalid and the judgment **is** void
as opposed to voidable because the Court and its actors acted
in a manner inconsistent with the Constitution and Due Process
of Law.

The structural errors enumerated above of Petitioner's Consti-
tutionally protected rights seriously affected Petitioner's Due
Process rights and the fairness, integrity or public reputation
of the court and the judicial proceedings.

V.                          ANALYSIS

   a)                     VOID JUDGMENT

A void judgment is a legal nullity, which cannot be validated
by the passage of time, even if the time is inordinate.  See
Pacurar v. Hernly, 611 F.2d 179, 181 (7th Cir. 1979).

"If the trial court has no jurisdiction over the action
'it is per se abuse of discretion to deny the motion.'"  Bally
Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986).

There are no time limits on attack or challenge to void judgment
because of its status as nullity.  Thus, any judicial conduct
that denies the movant a meaningful opportunity to participate
in the litigation renders a judgment void for lack of Due Process.

However, if a judgment is void, the only way that the court may exercise its discretion is by granting relief. In other words, if a court determines that a judgment is truly void, as avered in this Petition and Affidavit attached as Exhibit "1", this court really has no discretion at all; it must recognize that the judgment is a nullity, Petitioner is being held in violation of the Constitution and laws of the United States and grant relief. Also, when a judgment as here is void; the moving party need not show that he has a meritorious claim or defense. Such instances fit into a slightly less restrictive definition offered by the Seventh Circuit when it declared that "[a] void judgment is one which from its inception, was a complete nullity and without legal effect." United States v. Zima, 766 F.2d 1153, 1159 (7th Cir. 1985).

Since subject matter to adjudicate the criminal matter by the District Court was lost, there is no discretion by this court but to identify that the Petitioner is being held by a void judgment and grant relief.

b)            AFFIDAVIT OF RICHARD KELLOGG ARMSTRONG

Every Federal District in the United States has quoted the Seventh Circuit ruling on Affidavits in, U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981). "[n]o more than that [Affidavits], is necessary to make the prima facie case." Id. @ 536. "All the [Defendant] needs to do is develop facts from which a court **might infer** a possibility of some wrongful conduct by the Government. He need not be able to prove that the wrongful conduct in fact exists." Id. @ 540. (emphasis in original). "The District Court should dispose of proceedings on the papers before it and

without any evidentiary hearing." Id. @ 539.  "An adequate record
exists upon which the court may decide the issues." Id. @ 542.
"The [Defendant] need only file an affidavit setting forth the
elements of a prima facie showing of its good faith." Id. @ 536.

5    The Plaintiff bears the burden of establishing subject matter
jurisdiction by preponderance of evidence.  The Due Process viola-
tions against Petitioner outlined in the attached Affidavit states
the facts and provides evidence that show the indictment and
courts judgment is void as a matter of law as the Grand Jury
and thus the District Court had no jurisdiction to issue them.
The action must be dismissed with prejudice and Petitioner released
from his illegal confinement.

      c)              **SUBJECT MATTER JURISDICTION
AND THE EFFECT OF ITS LOSS
UPON THE DISTRICT COURT**

"A jurisdictional defect must be noticed at any time.  See
F.R.Cv.P. 12(h)(3).  Once jurisdiction is challenged the burden
is upon the party claiming jurisdiction to demonstrate that juris-
diction of the subject matter exists." McNutt v. Gen Motors
Acceptance Corp., 298 U.S. 178 (1935).

This case begins and ends with the determination of subject
matter jurisdiction.  F.R.Cv.P. 12(h)(3).  As the Supreme Court
noted in Freytag v. Commissioner, 501 U.S. 868, 896-97 (1991).
"But the question before us here involves the effect of waiver
not ex ante but ex post - its effect not upon right but **remedy;**
Must a judgment already rendered be set aside because of an alleged
structural error in which the losing party did not properly object?
There is no reason in principle why that should be so.  It will
sometimes be so - not, however, because the error was structural,

but because, whether structural or not, it deprived the federal court of its requisite subject matter jurisdiction.  Such an error may be raised by a party, and indeed must be noticed sua sponte by a court, at all points in the litigation." See, e.g., American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951); Mansfield C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884); Capron v. Van Noorden, 2 Cranch 126, 127 (1804).  Since such a jurisdictional defect deprives the court of its power over such case or controversy."

A jurisdictional defect of a lack of subject matter jurisdiction of a case in a federal court because of Due Process violation, of course, precludes further adjudication and the case must be dismissed and the Petitioner released from his illegal confinement.

VI.                    CONCLUSION

Petitioner has shown that under the plain error standard of review that:

There was an error; by virtue of the Due Process violations perpetrated against Petitioner in the criminal action held against him; and,

The error committed was plain; as the Due Process violations were Constitutional in nature and violated the Federal Rules and statutes enacted by Congress to protect Petitioner's substantial rights; and,

The error affected Petitioner's substantial rights; as he is being held in violation of the Constitution and Laws of the Untied States; and,

The error seriously affected the fairness, integrity, or public reputation of the judicial proceedings; as the District Court which issued the judgment couldn't do so because the indict-

ment was invalid because the Grand jury was illegally impaneled.

As shown above, this Court is without discretion and precludes it from ignoring a void judgment for Constitutional violations of Petitioner's Due Process rights which caused the loss of subject matter jurisdiction. Judgment is void when the court that rendered it did not have jurisdiction and committed structural error.

The passage of time does not give validity to such void judgment.

**VII.**                            **PRAYER FOR RELIEF**

Petitioner requests that this Court issue the writ necessary to correct a manifest injustice being perpetrated against his liberty interest and GRANT the attached PROPOSED ORDER of RELEASE. which:

1) GRANTS this MOTION to RELEASE Petitioner from his illegal confinement; and,

2) Issue that ORDER to the U.S. Marshals Service for immediate execution.

**VIII.**                          **VERIFICATION**

I, Richard Armstrong, declare pursuant to Title 28 U.S.C. §1746, that this Motion and attachments are true, correct, complete and not meant to mislead, to the best of my knowledge and belief.

Executed this the **26TH** day of September, 2017.

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

(Seal)



13

# Exhibit #1

Exhibit #1

## AFFIDAVIT OF RICHARD KELLOGG ARMSTRONG

county of Santa Barbara    )
                               )    scilicet/videlicet

California state                )

> U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981). "Indeed, no more than that [Affidavits], is necessary to make the prima facie case." Id. @ 536. "Moreover the threshold of relevance is a low one." Id. @ 537. "All the [Defendant] needs to do is develop facts from which a court might **infer** a possibility of some wrongful conduct by the Government. He need not be able to prove that the wrongful conduct in fact exists." Id. @ 540 (emphasis in original).

I, Richard Kellogg Armstrong, hereinafter, "Affiant" declare under the pains of penalty for perjury that; I am a resident of California state; an American National citizen; I am over the age of twenty-one (21) year; And I have personal knowledge of the facts as stated herein; And I am competent to testify as to the facts declared herein.  Affiant states:

1)    **THAT,** on May 20, 2010, I was arrested at the Calexico, California airport; and,

2)    **THAT,** I was immediately transported to the Imperial County Jail, in Imperial County, California, where I was held as a Federal Prisoner; and,

3)    **THAT,** I was initially represented by an attorney, then pro se, then again represented by an attorney from 06/18/2010 to 01/15/2011 and have represented my self since that date; and,

4)    **THAT,** I was not informed of the impaneling of the Grand Jury and at no time was I present or represented or given the opportunity to challenge the Grand Jury array or individual Grand Jurors as provided by Federal Rules of Criminal Procedure, Rules 6 and 24 and Title 28 U.S.C. §1867, prior to or after the Grand Jury being sworn in; and,

5)    **THAT,** the Docket Report for Case No. 1:10-MJ-01088-KLM shows my arrest on May 20, 2010, an initial Appearance/Arraignment/ Detention in Imperial county before Magistrate Judge Kristen L. Mix on 2/ May, 2010.

6)    **THAT,** on June 8, 2010, an indictment was entered on Docket Report for Case No. 1-10-CR-00317-REB-2 but does not indicate

1

where or when the Grand Jury hearing was held and was Eighteen (18) days following my arrest.  (docket entry no. 5); and,

7)   **THAT,** Affiant has filed multiple pre-trial and post-trial motions to dismiss for lack of subject matter jurisdiction, which were all summarily denied by Judge Robert E. Blackburn; and,

8)   **THAT,** Affiant files a Federal Rules of Criminal Procedure, Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to the Tenth Circuit Court of Appeals because Affiant alleges a Criminal Conspiracy and Bias on the part of Magistrate Judge Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, Assistant United States Attorney, Kenneth Mark Harmon, Federal Public Defender, Richard K. Kornfeld, and Assistance of Counsel, David L. Owen; and,

9)   **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya, District Court Judge Robert E. Blackburn, Assistant United States Attorney, Kenneth Mark Harmon, Federal Public Defender Richard K. Kornfeld, and Assistance of Counsel David L. Owen, knew or should have known that they severally and jointly violated Affiants 4th, 5th, and 6th Amendment, Constitutional rights when they acted in a manner inconsistent with Due Process of Law, and the Court's actions involved plain usurpation of power, as enumerated fully in the attached Motion; and,

10)  **THAT,** on June 21, 2010, another arraignment was held before Magistrate Judge Kathleen M. Tafoya with Richard Kent Kornfeld as my attorney, who, at the request of Magistrate Judge Kathleen M. Tafoya entered a plea of NOT GUILTY. (Docket Entry No. 23); and,

11)  **THAT,** on February 15, 2011, a superseding indictment was entered, presumably as the result of another Grand Jury hearing, date not specified, to which Affiant was not invited to attend to secure his rights to challenge the array.  (Docket entry no. 140); and,

12)  **THAT,** on March 2, 2011, a re-arraignment on superseding indictment was held before magistrate Judge Kathleen M. Tafoya. A plea was requested and a answer of NOT GUILTY was entered on the record.  (Docket entry No. 157); and,

13)  **THAT,** Affiant files a Federal Rules of Civil Procedure, Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to the Tenth Circuit Court of Appeals because Affiant alleges a Criminal Conspiracy and Bias on the part of Magistrate Judge, Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, AUSA, Kenneth M. Harmon, Federal Public Defender, Richard Kent Kornfeld and Assistance of Counsel, David L. Owen; and,

14)  **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn, AUSA, Kenneth Mark Harmon, Federal Public Defender, Richard Kent Kornfeld, and Assistance of Counsel, David L. Owen, knew or should have known

that they severally and jointly had violated Afiant's 4th, 5th, and 6th Amendment, Constitutional Rights when they acted in a manner inconsistent with Due Process of Law, and the Court's actions involved plain ursurpation of power, as enumerated fully in the attached motion; and,

15)   **THAT,** Affiant believes that the rampant disregard for Affiant's Constitutional rights is a ongoing Criminal Conspiracy being perpetrated by the Magistrate Judge, District Court Judge, U.S. Attorney, Federal Public Defender, and Assistant Counsel; and,

16)   **THAT,** Affiant avers that the indictment and judgment in Case No. 1-10-CR-0317-REB-2 is void and a legal nullity.  That the violation of Due Process caused the court to lose subject matter jurisdiction over Affiant; and,

17)   **TAHT,** Affiant never knowlingly or voluntarily conferred subject matter jurisdiction to the District Court at any time; and,

18)   **THAT,** Affiant has surveyed District Court Dockets in all 11 Circuits and found the same fatal flaw by the Constitutional Rights violations, and the same pattern of rampant Criminal Conspiracy and Judicial Misconduct in every other District Court surveyed. This problem is not limited to just this Affiant.

Further Affiant Sayeth Not.

## VERIFICATION

I, Richard Kellogg Armstrong, declare pursuant to Title

28 U.S.C. §1746, under the pains of penalty for perjury that

the foregoing is true, correct, complete and not meant to mislead

to the best of my knowledge and belief.

Executed this the **28**TH day of ~~August~~ SEPTEMBER, 2017.


Richard Kellogg Armstrong
Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI Lompoc - Low
3600 Guard Road
Lompoc, CA  93436-2705

(Seal)

attachments:  Docket pages for Case No.
              1:10-CR-00317-REB-2

LexisNexis CourtLink - Show Docket                                              50

|            |    | been established. Arraignment and Discovery Hearing set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/14/2010) |
| 06/11/2010 | 10 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Initial Appearance as to Richard Kellogg Armstrong held on 6/11/2010. AUSA Ken Harmon; Defendant present in custody without counsel; Pretrial Sue Heckman. The government moves to unseal this case. ORDERED: Government's oral motion to unseal is GRANTED. Defendant advised. Defendant is not requesting court appointed counsel. Arraignment, Discovery and Detention (Detention if a motion to reopen detention is filed) set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/11/2010) |
| 06/09/2010 | 9  | ORDER by Magistrate Judge Boyd N. Boland on 6/9/2010, granting 7 Motion to Seal Case as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (tllsl, ) (Entered: 06/10/2010) |
| 06/09/2010 | 8  | Rule 5(c)(3) Documents Received from the Southern District of California as to Richard Kellogg Armstrong (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 7  | MOTION to Seal Case by USA as to Richard Kellogg Armstrong, Curtis L. Morris. (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 6  | Arrest Warrant Issued in case as to Curtis L. Morris. (tllsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 5  | INDICTMENT as to Curtis L. Morris (1) count(s) 1, 2-3, 4-7, 8-9, Richard Kellogg Armstrong (2) count(s) 1, 4-7. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong) (tllsl, ) (Entered: 06/09/2010) |
| 05/18/2010 | 4  | ORDER granting 3 Motion to Seal Case as to Richard Kellogg Armstrong (1) by Magistrate Judge Kristen L. Mix on 5/18/2010. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 3  | MOTION to Seal Case by USA as to Richard Kellogg Armstrong. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 2  | Arrest Warrant Issued in case as to Richard Kellogg Armstrong. (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 1  | COMPLAINT as to Richard Kellogg Armstrong (1). (Attachments: # 1 Criminal Information Sheet) (tllsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |

Copyright © 2015 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

A0049018_68-000000

on 6/21/2010. AUSA Kenneth Harmon; Defendant present in custody with Richard Kornfeld; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Richard Kellogg Armstrong. Discovery memorandum executed. Evidence and testimony from government's witness Greg Flynn. Government's exhibits 1 and 2 admitted. Argument regarding detention. ORDERED: Defendant detained. Counsel to chambers. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT PM) (lab, ) (Entered: 06/22/2010)

| 06/21/2010 | 22 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Discovery Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kenneth Harmon; Defendant's presence was waived for this proceeding; Defense counsel Lisa Wayne present. Discovery memorandum executed. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT PM) (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 21 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Arraignment, Discovery and Bond Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kasandra Carleton (For Kenneth Harmon); Defendant present in custody with Lisa Wayne; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Curtis L. Morris. Defendant released on a $50,000 Unsecured bond with conditions. Defense counsel requests a continuance on the discovery hearing. Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant's presence is waived for the discovery hearing. Defendant remanded for release. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT AM) (lab, ) (Entered: 06/21/2010) |
| 06/18/2010 | 20 | CJA 20: Appointment of Lisa Monet Wayne for Curtis L. Morris by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/18/2010 | 19 | CJA 20: Appointment of Richard Kent Kornfeld for Richard Kellogg Armstrong by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/16/2010 | 18 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 17 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 16 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (kltsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 15 | Arrest Warrant Returned Executed on 6/11/10 in case as to Curtis L. Morris. (kltsl, ) Modified on 6/18/2010 to correct date of arrest (kltsl, ). (Entered: 06/17/2010) |
| 06/16/2010 | 14 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. Defendant has not retained counsel. Financial affidavit reviewed. CJA appointed. Arraignment, Discovery and Detention Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |
| 06/16/2010 | 13 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment and Discovery Hearing as to Curtis L. Morris held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. The court gives the Faretta advisement to the defendant. CJA appointed. Arraignment and Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |

*Arrest 5/20/10*

| 06/14/2010 | 12 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (labsl, ) (Entered: 06/14/2010) |

*Not 6/11*

| 06/14/2010 | 11 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Initial Appearance as to Curtis L. Morris held on 6/14/2010. AUSA Kenneth Harmon; Defendant present in custody without Counsel; Pretrial Sue Heckman. Defendant advised. Defendant is not requesting court appointed counsel. Bond set as to Curtis L. Morris (1) $50,000 Unsecured with the condition of electronic home monitoring. Defendant to be brought to court for release once electronic home monitoring has |

LexisNexis CourtLink - Show Docket                                                              50

|  |  | CONTINUED pending further order of court. by Judge Robert E. Blackburn on 7/12/10. (mjg, ) (Entered: 07/12/2010) |
|---|---|---|
| 07/09/2010 | 47 | Ex Parte Document. (smatl, ) (Entered: 07/16/2010) |
| 07/09/2010 | 44 | Ex Parte Document. (pponi, ) (Entered: 07/15/2010) |
| 07/07/2010 | 41 | Receipt for Surrender of Passport as to Curtis L. Morris Passport Number 076752955 (lab, ) (Entered: 07/08/2010) |
| 07/07/2010 | 39 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 07/07/2010) |
| 07/07/2010 | 38 | Ex Parte Document. (Attachments: # 1 Exparte Attachment, # 2 Exparte Attachment)(Wayne, Lisa) (Entered: 07/07/2010) |
| 07/07/2010 | 37 | MINUTE ORDER by Judge Robert E. Blackburn on 7/7/2010 Setting Hearing on Motion 36 Joint MOTION to Declare Case Complex, as to defendants Curtis L. Morris and Richard Kellogg Armstrong. Motion Hearing set for 10/22/2010 08:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 07/07/2010) |
| 07/07/2010 | 36 | Joint MOTION to Declare Case Complex and to Exclude Time Within Which the Trial for the Offenses Charged in the Indictment Must Commence Pursuant to 18 U.S.C. 3161(h) by Richard Kellogg Armstrong, Curtis L. Morris. (Kornfeld, Richard) (Entered: 07/07/2010) |
| 07/01/2010 | 35 | CJA 24 (Kornfeld, Richard) (Entered: 07/01/2010) |
| 06/28/2010 | 40 | Ex Parte Document. (smatl, ) (Entered: 07/08/2010) |
| 06/25/2010 | 34 | ORDER by Judge Robert E. Blackburn on 6/25/2010, granting 32 Motion to Disclose Grand Jury Material as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (tlisl, ) (Entered: 06/28/2010) |
| 06/25/2010 | 33 | TRIAL PREPARATION CONFERENCE ORDER by Judge Robert E. Blackburn on 6/25/2010 as to Richard Kellogg Armstrong, Curtis L. Morris. Motions due by 7/9/2010. Telephone Conference set for 7/22/2010 10:30 AM before Judge Robert E. Blackburn. Trial Preparation Conference set for 8/20/2010 at 08:30 AM in Courtroom A1001 before Judge Robert E. Blackburn. Jury Trial set for 8/23/2010 08:30 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 06/25/2010) |
| 06/24/2010 | 32 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Richard Kellogg Armstrong, Curtis L. Morris. (Attachments: # 1 Proposed Order (PDF Only)) (Harmon, Kenneth) (Entered: 06/24/2010) |
| 06/24/2010 | 31 | Ex Parte Document. (Attachments: # 1 Exhibit A, # 2 Exparte Attachment)(Kornfeld, Richard) (Entered: 06/24/2010) |
| 06/22/2010 | 30 | ORDER OF DETENTION as to Richard Kellogg Armstrong by Magistrate Judge Kathleen M. Tafoya on 6/22/10. (lab, ) (Entered: 06/23/2010) |
| 06/21/2010 | 29 | ORDER Setting Conditions of Release as to Curtis L. Morris (1) $50,000 Unsecured by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 28 | Unsecured Bond Entered as to Curtis L. Morris in amount of $50,000 (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 27 | Government's EXHIBIT 2 In Support of 23 Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 26 | Sealed Document-Government's exhibit 1 (lab, ) Modified on 6/22/2010 to link to minutes of 6-21-10, entry 23. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 25 | Discovery Conference Memorandum and ORDER: Estimated Trial Time - 5 days as to Richard Kellogg Armstrong by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 24 | Discovery Conference Memorandum and ORDER: Estimated Trial Time - 5 days as to Curtis L. Morris by Magistrate Judge Kathleen M. Tafoya on 6/21/10. (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 23 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong held |

A0049018_66-000000

| 01/18/2011 | 113 | MOTION to Appoint New Counsel by Richard Kellogg Armstrong. (tllsl, ) (Entered: 01/19/2011) |
|---|---|---|
| 01/14/2011 | 112 | NOTICE by Richard Kellogg Armstrong (tllsl, ) (Entered: 01/19/2011) |
| 01/14/2011 | 110 | MINUTE ORDER by Judge Robert E. Blackburn on 1/14/2011, Setting Hearing on Motion 109 as to Richard Kellogg Armstrong, Curtis L. Morris. Motion Hearing set for 1/21/2011 11:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 01/14/2011) |
| 01/14/2011 | 109 | WITHDRAWN; MOTION to Continue by Richard Kellogg Armstrong. (Owen, David) Modified on 1/28/2011 to withdraw per 128 (tllsl, ). (Entered: 01/14/2011) |
| 01/13/2011 | 173 | Ex Parte Document. (smatl, ) (Entered: 03/24/2011) |
| 01/11/2011 | 108 | NOTICE OF ATTORNEY APPEARANCE: David L. Owen, Jr appearing for Richard Kellogg Armstrong (Owen, David) (Entered: 01/11/2011) |
| 01/07/2011 | 107 | CJA 20: Appointment of David L. Owen, Jr for Richard Kellogg Armstrong by Magistrate Judge Michael J. Watanabe on 1/7/2011. (smatl, ) (Entered: 01/07/2011) |
| 01/05/2011 | 159 | Ex Parte Document. (smatl, ) (Entered: 03/08/2011) |
| 01/05/2011 | 106 | MINUTE ORDER by Magistrate Judge Michael J. Watanabe on 1/5/2011 granting 104 Motion to Withdraw as Attorney. Richard Kent Kornfeld withdrawn from case as to Richard Kellogg Armstrong (2). IT IS FURTHER ORDERED that new counsel from the CJA Panel be appointed to represent Defendant Richard Kellogg Armstrong.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 105 | MEMORANDUM regarding 104 MOTION to Withdraw as Attorney by Richard Kornfeld filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Michael J. Watanabe.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 104 | MOTION to Withdraw as Attorney by Richard Kornfeld by Richard Kellogg Armstrong. (Kornfeld, Richard) (Entered: 01/05/2011) |
| 01/03/2011 | 138 | Ex Parte Document. (pponi, ) (Entered: 02/04/2011) |
| 12/23/2010 | 103 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/23/2010) |
| 12/15/2010 | 102 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 12/15/2010) |
| 12/06/2010 | 101 | ORDER by Judge Robert E. Blackburn on 12/06/2010 granting 92 Motion to Disclose Grand Jury Material as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (prhsl) (Entered: 12/06/2010) |
| 12/02/2010 | 100 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/02/2010) |
| 11/19/2010 | 99 | Ex Parte Document. (pponi, ) (Entered: 11/30/2010) |
| 11/19/2010 | 98 | Ex Parte Document. (smatl, ) (Entered: 11/29/2010) |
| 11/18/2010 | 97 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/18/2010) |
| 11/12/2010 | 96 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/12/2010) |
| 11/10/2010 | 95 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/10/2010) |
| 11/03/2010 | 94 | Ex Parte Document. (Attachments: # 1 Exparte Attachment, # 2 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/03/2010) |
| 10/20/2010 | 93 | MANDATE of USCA as to Richard Kellogg Armstrong re 86 USCA Order/Opinion/Judgment, 56 Notice of Appeal: Affirmed. (USCA Case No. 10-1345) (bjrsl, ) (Entered: 10/21/2010) |
| 10/08/2010 | 92 | Joint MOTION to Disclose Grand Jury Material to Defendant Defense Expert and Investigators by Richard Kellogg Armstrong, Curtis L. Morris. (Kornfeld, Richard) (Entered: 10/08/2010) |

A0049018_62-000000

advisory counsel. Motion 109 withdrawn. See order at 128 . (Court Reporter: Suzanne Claar) (tlisl, ) (Entered: 01/31/2011)

| 01/27/2011 | 128 | ORDER by Judge Robert E. Blackburn on 1/27/2011, withdrawing 109 Motion to Continue as to Richard Kellogg Armstrong (2). Motions due by 2/28/2011. Status Conference set for 4/1/2011 10:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 01/28/2011) |
|---|---|---|
| 01/27/2011 | 127 | NOTICE to the District Court, by Richard Kellogg Armstrong (tlisl, ) (Entered: 01/27/2011) |
| 01/26/2011 | 126 | MINUTE ORDER granting 123 Motion for Hearing as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 1/26/2011. SEE 125 . TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/26/2011) |
| 01/26/2011 | 125 | MINUTE ORDER Setting Hearing on Motion by Judge Robert E. Blackburn on 1/26/2011 as to Richard Kellogg Armstrong, Curtis L. Morris. The 109 MOTION to Continue, is set for 1/27/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 01/26/2011) |
| 01/25/2011 | 188 | Ex Parte Document. (smatl, ) (Entered: 04/06/2011) |
| 01/25/2011 | 123 | MOTION for Hearing by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/25/2011) |
| 01/24/2011 | 122 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/24/2011, granting 119 Motion for Order Directing US Marshal to Provide Hearing Aid Batteries as to Richard Kellogg Armstrong (2). TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/24/2011) |
| 01/24/2011 | 121 | MEMORANDUM regarding 119 MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/24/2011) |
| 01/21/2011 | 124 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing 109 as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/21/2011. IT IS ORDERED that this hearing is VACATED and CONTINUED pending further order of the court. (Court Reporter: Suzanne Claar) (romsl, ) Modified on 1/26/2011 (romsl, ). (Entered: 01/25/2011) |
| 01/21/2011 | 120 | MINUTE ORDER by Magistrate Judge Boyd N. Boland on 1/21/2011 Setting Hearing on Motion 117 motion for bond modification as to Curtis L. Morris. Motion Hearing set for 2/1/2011 10:30 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/21/2011) |
| 01/21/2011 | 119 | MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/21/2011) |
| 01/21/2011 | 118 | MEMORANDUM regarding 117 First MOTION for Bond Modification filed by Curtis L. Morris. Motion referred to Magistrate Judge Boyd N. Boland.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/21/2011) |
| 01/20/2011 | 174 | Ex Parte Document. (smatl, ) (Entered: 03/25/2011) |
| 01/20/2011 | 117 | First MOTION for Bond Modification by Curtis L. Morris. (Wayne, Lisa) (Entered: 01/20/2011) |
| 01/20/2011 | 116 | NOTICE to principal is notice to agent by Richard Kellogg Armstrong (tlisl, ) (Entered: 01/20/2011) |
| 01/19/2011 | 115 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/19/2011, denying 113 Motion to Appoint New Counsel as to Richard Kellogg Armstrong (2).TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 114 | MEMORANDUM regarding 113 MOTION to Appoint Counsel filed by Richard Kellogg Armstrong. Motion(s) referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlisl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 111 | Ex Parte Document. (Wayne, Lisa) (Entered: 01/19/2011) |

LexisNexis CourtLink - Show Docket                                          50

| | | |
|---|---|---|
| | | (tilsl, ) (Entered: 02/22/2011) |
| 02/22/2011 | 145 | NOTICE OF ATTORNEY APPEARANCE Kevin F. Sweeney appearing for USA. (Sweeney, Kevin) (Entered: 02/22/2011) |
| 02/17/2011 | 144 | MOTION; NOTICE of challenge of jurisdiction by Richard Kellogg Armstrong (tilsl, ) Modified on 2/22/2011 to correct event to reflect a motion . (tilsl, ). (Entered: 02/18/2011) |
| 02/17/2011 | 143 | RESPONSE to Motion by USA as to Richard Kellogg Armstrong re 134 MOTION to Modify Order (Harmon, Kenneth) (Entered: 02/17/2011) |
| 02/16/2011 | 142 | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 2/16/2011 Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris re 140 Superseding Indictment. Re-Arraignment set for 3/2/2011 10:30 AM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tilsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 253 | Ex Parte Document. (smatl, ) (Entered: 06/17/2011) |
| 02/15/2011 | 141 | Arrest Warrant Issued in case as to Larry Ray Hall. (tilsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 140 | SUPERSEDING INDICTMENT as to Curtis L. Morris (1) count(s) 1s-3s, 6s-22s, 28s, Richard Kellogg Armstrong (2) count(s) 1s, 6s-9s, 13s-16s, 25s-27s, 28s, Larry Ray Hall (3) count(s) 1, 4-5, 6-16, 23-24, 25-27, 28. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong, # 3 Criminal Information Sheet Hall) (tilsl, ) (Entered: 02/16/2011) |
| 02/09/2011 | 139 | MINUTE ORDER by Judge Robert E. Blackburn on 2/9/2011 Re-Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris. Status Conference is now set for 4/4/2011 08:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tilsl, ) (Entered: 02/09/2011) |
| 02/04/2011 | 137 | MOTION to terminate and withdraw court appointed assisstance of counsel, by Richard Kellogg Armstrong. (tilsl, ) Modified on 2/7/2011 to correct typo (tilsl, ). (Entered: 02/04/2011) |
| 02/03/2011 | 136 | MINUTE ORDER as to Richard Kellogg Armstrong re 134 MOTION to Modify Order. Government responses due by 2/17/2011. by Judge Robert E. Blackburn on 2/3/2011. (tilsl, ) (Entered: 02/03/2011) |
| 02/03/2011 | 134 | MOTION to Modify Order 34 by Richard Kellogg Armstrong. (Owen, David) Modified on 2/4/2011 to add linkage (tilsl, ). (Entered: 02/03/2011) |
| 02/02/2011 | 135 | NOTICE to the District Court by Richard Kellogg Armstrong (tilsl, ) (Entered: 02/03/2011) |
| 02/02/2011 | 133 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 02/02/2011) |
| 02/01/2011 | 132 | Government EXHIBITS tendered to the court re: 130 Minute Entry by USA as to Curtis L. Morris. (Attachments: # 1 Exhibit 2A, # 2 Exhibit 2B, # 3 Exhibit 2C, # 4 Exhibit 3A, # 5 Exhibit 3B, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 7A)(romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 131 | EXHIBIT A re: 130 Minute Entry as to Curtis L. Morris (romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 130 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Motion Hearing as to Curtis L. Morris held on 2/1/2011 re 117 First MOTION for Bond Modification filed by Curtis L. Morris. AUSA Kenneth Harmon; Defendant present with Lisa Wayne; Probation Carlos Morales. Argument and Proffer regarding bond conditions. Testimony from witness Greg M. Flynn. Both parties tendered exhibits to the court. Court DENIES 117 Motion for Bond Modification as to Curtis L. Morris. Defendant continued on bond. Total time: 56 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR: BNB AM) (romsl, ) Modified on 2/2/2011 to add text (romsl, ). (Entered: 02/01/2011) |
| 01/27/2011 | 129 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/27/2011. Defendant Armstrong's request to represent himself is Granted and David Owen is appointed as |

A0049018_60-000000

| 03/14/2011 | 163 | MINUTE ORDER by Judge Robert E. Blackburn on 3/14/2011, granting 162 Motion to Continue as to Curtis L. Morris (1). The Motion Hearing is now set for 3/30/2011 09:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 03/14/2011) |
| 03/14/2011 | 162 | First MOTION to Continue and Reschedule March 24, 2011 Hearing by Curtis L. Morris. (Wayne, Lisa) (Entered: 03/14/2011) |
| 03/10/2011 | 161 | NOTICE to the court by Richard Kellogg Armstrong (tllsl, ) (Entered: 03/11/2011) |
| 03/10/2011 | 160 | RESPONSE by USA as to Richard Kellogg Armstrong re: 154 Notice (Other) filed by Richard Kellogg Armstrong, 144 MOTION to Dismiss filed by Richard Kellogg Armstrong, 149 MOTION to Dismiss for Lack of Jurisdiction filed by Richard Kellogg Armstrong in Opposition (Sweeney, Kevin) (Entered: 03/10/2011) |
| 03/02/2011 | 157 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: RE-Arraignment on superseding indictment as to Richard Kellogg Armstrong and Curtis L. Morris held on 3/2/2011. AUSA Kenneth Harmon; Defendant Richard Kellogg Armstrong present in custody with David Owen as advisory counsel; Defendant Curtis L. Morris present with Lisa Wayne; Pretrial Jerald Mason. Plea of NOT GUILTY entered on all counts of superseding indictment by Richard Kellogg Armstrong and Curtis L. Morris. Counsel to chambers. Defendant Richard Kellogg Armstrong remanded; Defendant Curtis L. Morris continued on bond. Total time: 9 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR: KMT AM) (romsl, ) Modified on 3/7/2011 to correct typo and add text (romsl, ). (Entered: 03/02/2011) |
| 03/01/2011 | 158 | Ex Parte Document. (smatl, ) (Entered: 03/07/2011) |
| 03/01/2011 | 156 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 Setting Hearing on Motion as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. The 153 First MOTION for Order For Unopposed Motion for Extension of Time to File Motions is set for 3/24/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 03/01/2011) |
| 03/01/2011 | 155 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 as to Richard Kellogg Armstrong re 154 Notice (Other). Government Responses due by 3/14/2011. (tllsl, ) (Entered: 03/01/2011) |
| 02/28/2011 | 154 | MOTION/NOTICE to the United States District Court by Richard Kellogg Armstrong (tllsl, ) Modified on 3/23/2011 to make a motion event (mjgsl, ). (Entered: 03/01/2011) |
| 02/28/2011 | 153 | First MOTION for Order For Unopposed Motion for Extension of Time to File Motions by Curtis L. Morris as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. (Wayne, Lisa) (Entered: 02/28/2011) |
| 02/28/2011 | 152 | ORDER granting 134 Motion to Modify 34 and denying as moot 148 Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 151 | ORDER denying 135 Notice/Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 150 | MINUTE ORDER by Judge Robert E. Blackburn on 2/28/2011 as to Richard Kellogg Armstrong re 149 MOTION to Dismiss for Lack of Jurisdiction. Government responses due by 3/10/2011. (tllsl, ) (Entered: 02/28/2011) |
| 02/24/2011 | 149 | MOTION ; NOTICE-Challenge of validity of charges by Richard Kellogg Armstrong (tllsl, ) Modified on 2/28/2011 to correct event type per chambers. (tllsl, ). (Entered: 02/25/2011) |
| 02/23/2011 | 264 | Ex Parte Document. (smatl, ) (Entered: 07/21/2011) |
| 02/23/2011 | 148 | (NOTICE) MOTION for release of grand jury transcripts, etc., by Richard Kellogg Armstrong. (tllsl, ) (Entered: 02/23/2011) |
| 02/23/2011 | 147 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 02/23/2011) |
| 02/22/2011 | 146 | MINUTE ORDER by Judge Robert E. Blackburn on 2/22/2011 as to Richard Kellogg Armstrong re 144 MOTION to Dismiss. Government responses due by 3/19/2011. |

1    **CERTIFICATE OF SERVICE**

2    I, *Richard K. Armstrong*, hereby certify that I have

3    served a true and correct copy of;
     *Title 28 U.S.C. Sec. 2241 Habeas Corpus for Due Process*

4    *And Constitutional Violations Resulting in Illegal*

5    *Confinement by Void Judgment – Verified*

6

7

8    [which is considered filed/served at the moment it was delivered

9    to prison authorities for mailing as provided for in Houston v.

10   Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following

11   listed parties/persons by placing a complete copy of the above

12   described materials in a sealed envelope affixed with the

13   appropriate pre-paid first-class United States postage:
     *United States District Court*

14   *Central District of California*

15   *Los Angeles Division*

16   *United States Attorney*
     *Central District of California*

17

18

19   and deposited same with prison officials here at the Federal

20   Correctional Institution in Lompoc, California, on this the

21   *18th* day of *September*, 20*17*.

22       Pursuant to Title 28, United States Code section 1746, I

23   declare under penalty of perjury that the foregoing is true and

24   correct.   Executed this the *20th* day of *September*, 20*17*.

25

26                          (Signature) *Richard K. Armstrong*

27   Printed Name: *Richard K. Armstrong*
     Federal Register # *20413-298*

28   Federal Correctional Institution (Low)
     3600 Guard Road, Lompoc, CA 93436-2705
     No Telephone/Fax/E-Mail Available

Date:   09/18/2017                                                                          Location: LOX
Time:   08:31:25 PM

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF PRISONS

### Request for Withdrawal of Inmate's Personal Funds

LOF-J-A, 20413298 - ARMSTRONG, RICHARD

| Encumbrance No.:   4359 |
|---|

Please charge to my account the sum of **$5.00** and authorize the same to be paid to:

**Contact/FMIS Certification Address**
**Cent Div Calif, U S D C**
**312 N SPRING ST**
**Clerk of the Court**
**LOS ANGELES**
**CA 90012**
**United States**

Purpose:  **Court Fees**

Check Memo:

_____                    20413298 - ARMSTRONG, RICHARD
(Signature of Inmate)                               _____
                                                    (Inmate Register No./Name)


_____
(Signature of Approving Official)


_____                    _____
(Signature of Deposit Fund Tech)                    (Payment #)


The inmate's personal account has been charged in the amount indicated above.

BP - 199.045 - Jan 2008

Richard K. Armstrong
06=20413-298
Federal Correctional
    Institution
3600 Guard Rd.
Lompoc, CA 93436







LEGAL MAIL

⇔20413-298⇔
U S D C Cent Div Calif
312 N Spring ST
Clerk of the Court
LOS Angeles, CA 90012
United States

7014 2120 0003 6058 9107

MADE 9" X 12" PRESS & SEAL
WHITE ENVELOPES SOTUW

650302 1

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR PARTY, OR NAME,
ADDRESS & INMATE ID # OF PETITIONER IF PETITIONER IS PRO PER

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Petitioner, | |
| v. | |
| | **CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE (STATE /FEDERAL HABEAS CASE)** |
| Respondent. | |

## I    NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY

1.    A magistrate judge is available under 28 U.S.C. § 636 ( c) to conduct all proceedings in this case, including dispositive matters, and entry of final judgment.  However, a magistrate judge can be assigned to rule on dispositive matters only if all parties voluntarily consent.

2.    You are free to withhold consent to magistrate judge jurisdiction.

3.    If both parties consent to have a magistrate judge decide the case, either party may appeal directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

4.    If both parties do not consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide all non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

## II    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

Name of Counsel **OR** Party if Pro Per          Signature and date          Counsel for (Name Party)

## III    NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, please specify the case number as _____ on all documents subsequently filed in this case.