SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2274
     Facsimile: (213) 894-0141
     E-mail:    benedetto.balding@usdoj.gov

Attorneys for Respondent
Steven Langford

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KELLOGG ARMSTRONG,<br><br>       Petitioner,<br><br>              v.<br><br>STEVEN LANGFORD, Warden,<br><br>       Respondent. | No. CV 17-07087-VAP (AS)<br><br>MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

     Respondent Steven Langford, Warden, by and through his counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Benedetto L. Balding, hereby files his Motion to Dismiss petitioner Richard Kellogg Armstrong's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     For the reasons set forth in the attached memorandum of points and authorities, respondent requests that this Court treat the petition as a motion under 28 U.S.C. § 2255 and, therefore, either dismiss the petition or transfer it to the United States District Court for the District of Colorado.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2017          Respectfully submitted,

                                 SANDRA R. BROWN
                                 Acting United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 BENEDETTO L. BALDING
                                 Assistant United States Attorney

                                 Attorneys for Respondent
                                 STEVEN LANGFORD

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Following a jury trial from April 9-26, 2012 in the District of Colorado, petitioner Richard Kellogg Armstrong ("petitioner") was found guilty on all thirteen counts in the indictment for which he was charged.  He was ultimately sentenced to a total of 190 months' imprisonment and is currently incarcerated in a United States Penitentiary in Lompoc, California.

On September 26, 2017, petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241 (the "petition").  The relief that petitioner seeks, however, has nothing to do with the conditions of his incarceration in Lompoc, which would be the appropriate subject of a § 2241 motion.  Instead, petitioner challenges his convictions, revealing that his petition is, in fact, a § 2255 motion.  Viewing it as a § 2255 motion, this Court cannot entertain it because it does not fall within the "savings clause" exception.  As such, the Court should dismiss the petition or transfer it to the District of Colorado, where petitioner was convicted and sentenced.

**II.   PROCEDURAL BACKGROUND**

In April 2012, following a three-week trial, petitioner was convicted of one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, eight counts of false claims in violation of 18 U.S.C. §§ 287 and 2, three counts of monetary transactions in criminally derived property in violation of 18 U.S.C. §§ 1957 and 2, and one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286.  Following his conviction, as well as a subsequent

judgment of contempt, petitioner was sentenced to a total of 190 months' imprisonment.[1]

After being sentenced in his underlying criminal case, petitioner appears to have bombarded the sentencing court with "non-stop filing" of "feckless legal rubbish." (D. Col. Case No. 10-cr-00317-REB-02, Dkt. No. 745.) Accordingly, on February 27, 2014, long after petitioner was sentenced, the Hon. Robert E. Blackburn, United States District Judge for the District of Colorado, issued a <u>sua sponte</u> order enjoining, restraining, and prohibiting petitioner from filing any further papers without first obtaining leave of court. (D. Col. Case No. 10-cr-00317-REB-02, Dkt. No. 741.)[2]

Of all the filings that petitioner submitted, however, it appears he did not file any § 2255 petitions in the District of Colorado. Indeed, petitioner sought and was granted leave to file a § 2241 motion in that court, but it does not appear he ever actually filed such a motion. (D. Col. Case No. 10-cr-00317-REB-02, Dkt. No. 746, 747.)

On March 14, 2017, Judge Blackburn denied petitioner's request to file a Rule 60(b)(4) motion in which petitioner sought to challenge the grand jury proceedings in his underlying criminal case. (D. Col. Case No. 10-cr-00317-REB-02, Dkt. No. 748, 749.) Notably, the argument petitioner raised in that request is similar to the substantive argument he appears to raise in the present petition;

---

[1] Petitioner's underlying criminal case was assigned case number 10-cr-00317-REB-02 in the District of Colorado.

[2] Judge Blackburn's February 27, 2014 order sets forth the procedural history of petitioner's underlying criminal case and petitioner's history of frivolous post-sentencing filings. A copy of that order is attached hereto as Appendix A.

2

there, Judge Blackburn found petitioner's substantive argument to be frivolous. (D. Col. Case No. 10-cr-00317-REB-02, Dkt. No. 749.)

On September 26, 2017, petitioner filed the instant petition with this Court. Petitioner appears to argue that his § 2241 petition is appropriate because he is being unconstitutionally detained based on a void judgment. The substance of petitioner's argument is that his sentence was invalid due to purported defects in the grand jury process and the fact that a Magistrate Judge (rather than a District Judge) took petitioner's plea of not guilty in the underlying criminal case.

**III. ARGUMENT**

**A. The Petition Should Be Construed as a Motion Pursuant to 28 U.S.C. § 2255 and Dismissed or Transferred**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lorentson v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241."); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens, 464 F.3d at 897; Tripati, 843 F.2d at 1162. Rather, a § 2241 habeas petition is the

3

means by which a prisoner challenges the manner, location, or conditions of that sentence's execution. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

Here, while the petition is styled as a habeas petition under § 2241, it is, in reality, a motion to vacate petitioner's sentence under § 2255. Since petitioner challenges the validity of his conviction and sentence, and not how his sentence is being carried out, he must bring his claims by way of a § 2255 motion. The Court should, therefore, construe petitioner's filing as a § 2255 motion, and hold that he is barred from filing such a motion in this District. <u>Hernandez</u>, 204 F.3d at 864; see also <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a Section 2241 petition does not overcome the bar against successive 2255 motions.").

**B.   The Petition Does Not Satisfy the "Savings Clause"**

The "savings clause" provides a narrow exception to the bar set forth above by permitting federal prisoners to file a § 2241 petition in lieu of a § 2255 motion only if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. § 2255 (fifth paragraph); see also <u>United States v. Hayman</u>, 342 U.S. 205, 209 (1952) (affirming the validity of this "savings clause").

A petition can only meet the savings clause criteria where a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (internal quotation marks omitted). The

4

1  burden is on the petitioner to show that the § 2255 remedy is
2  inadequate or ineffective.  Redfield v. United States, 315 F.2d 76,
3  83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241
4  fails to meet this burden, the § 2241 petition will be dismissed for
5  lack of jurisdiction.  Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir.
6  2003).  Petitioner has not met, and cannot meet, either of these
7  criteria, much less both of them.
8       To satisfy the standard of actual innocence, defendant must
9  demonstrate that "in light of all the evidence, it is more likely
10 than not that no reasonable juror would have convicted him."  Bousely
11 v. United States, 523 U.S. 614, 623 (1998) (internal quotations
12 omitted).  "Actual innocence means factual innocence, not mere legal
13 insufficiency."  Id. at 623-24.
14      Here, petitioner cannot trigger the "savings clause" of § 2255
15 with his § 2241 petition because the petition fails to meet the
16 standards required to invoke this extreme remedy.  Courts have
17 narrowly interpreted this clause, and petitioner has not demonstrated
18 why § 2255 is inadequate or ineffective here.
19      Notably, petitioner does not raise a claim of actual innocence
20 and does not argue that no reasonable juror would have convicted him
21 if the purported deficiencies in the grand jury and magistrate judge
22 process had been remedied.  Indeed, even if there had been an error
23 in the grand jury process, petitioner fails to recognize that a petit
24 jury's conviction on April 30, 2012 renders "any error in the grand
25 jury proceeding connected with the charging decision [] harmless
26 beyond a reasonable doubt."  United States v. Mechanik, 475 U.S. 66,
27 70 (1986); see also People of Territory of Guam v. Muna, 999 F.2d
28 397, 399 (9th Cir. 1993).  And it defies logic to think that

5

petitioner's <u>not</u> guilty plea (whether directly to a District Judge or to a Magistrate Judge authorized to accept such a plea) could have had any bearing on his conviction by a jury in a trial that would not have happened if petitioner had pleaded guilty instead. Accordingly, the Court need not inquire further because petitioner fails to meet an essential element of the savings clause.

Even if petitioner argued and could demonstrate actual innocence, which he does not and cannot, his "unobstructed procedural shot" at presenting his claims renders him ineligible for the saving clause. To determine whether the savings clause applies, the Court should examine "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." <u>Harrison v. Ollison</u>, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted).

Here, petitioner does not even appear to have sought leave of Court in the District of Colorado to file a § 2255 motion, and cannot demonstrate that he has not had an "unobstructed shot" at making his arguments in that court. Petitioner thus fails to meet this prong of the savings clause as well.

**C. The Petition Should Be Dismissed or Transferred Because Petitioner Filed in the Wrong District**

When properly construed as a § 2255 motion, the instant petition should be dismissed. An inmate can only bring such a motion in the district of sentencing because only the sentencing court has jurisdiction. <u>Hernandez</u>, 204 F.3d at 864; <u>Tripati</u>, 843 F.2d at 1163. Accordingly, the Court should dismiss this petition because

6

petitioner filed it in the wrong district.  Alternatively, the Court should transfer the matter to the District of Colorado.  However, because the legal basis of the petition is meritless, transfer would be futile and respondent respectfully suggests that dismissal is more appropriate.

**IV. CONCLUSION**

For the foregoing reasons, respondent respectfully requests that this Court construe petitioner's § 2241 petition as a motion under § 2255 and dismiss it or transfer it to the District of Colorado. Finally, because the record demonstrates that petitioner is not entitled to relief, there is no need for an evidentiary hearing. Anderson v. United States, 898 F.2d 751, 753 (9th Cir. 1990).

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

# ORDER

**Blackburn, J.**

    This matter is before me *sua sponte*. This matter was tried to a jury on April 9 - 26, 2012. Mr. Armstrong was found guilty on all thirteen counts of the Indictment in which he was charged. (**Verdict Form as to Richard Kellogg Armstrong** [#516-8], filed April 30, 2012. Mr. Armstrong subsequently was sentenced to a total of 190 months imprisonment. (**Order of Contempt** [510], filed May 1, 2012; **Judgment** [#588], filed August 14, 2012; and **Judgment On Contempt** [#601], filed October 3, 2012.)

    Mr. Armstrong, representing himself *pro se*, has a long and well-documented history of filing feckless "notices" and other irrelevant papers with the court in an obvious attempt to inundate the court system and obfuscate proper legal process. Since at least May 17, 2011, Mr. Armstrong has been aware that the filing of such notices is improper. (***See* Order** [#235], filed May 17, 2011.) For a year thereafter, I struck such improper filings no less than nine times. (***See* Sixth Order To Show Cause** at 2 [#547], filed May 16, 2012.) When, despite repeated warnings that such

actions risked contempt of court, Mr. Armstrong was not deterred, I ordered him to show cause why he should be held in criminal contempt of court. (*Id*. at 3-6.) While the contempt charge was pending, Mr. Armstrong continued frowardly to file improper and irrelevant notices. (*See* [## 550, 551, 558, 559, 562, 574, 585, 586, 587.) Following sentencing and the entry of judgment, I heard the contempt charge and found Mr. Armstrong guilty of criminal contempt. (**Courtroom Minutes** ¶ 1 at 3 [#594], filed September 7, 2012.) Judgment for contempt was entered on October 3, 2012. (**Judgment on Contempt** [#601], filed October 3, 2012.)

Since the entry of the judgment of contempt, Mr. Armstrong nonetheless has continued to demonstrate his utter contempt for the rule of law and the dignity of the court by literally inundating the court at regular intervals with all manner of ineffectual and irrelevant papers. (*See, e.g.*, ##638, 640, 643[1], 644, 646, 650, 651, 652, 653, 654, 669, 670, 671, 672, 673, 674, 675, 676, 679, 680, 682, 683, 684, 685, 686, 687. 688, 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 711, 717, 718, 719, 720, 723, 724, 725, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 736, 737, 738, 739, 740.) Both the frequency and the volume of these filings is increasing over time.[2] The most recent filing, received this

---

[1] Early in this process, Mr. Armstrong purported to have recognized that he had dishonored the court system and its various participants, including this judge and the U.S. Attorneys. (*See* "Notice of and Repentance of Sin" [#643], filed February 28, 2013.) Any such repentance apparently has not dissuaded him from his abusive course of conduct.

[2] Mr. Armstrong's *modus operandi* is to file multiple such documents together at one time. Beginning in May 2013, in an act of attempted self-preservation, the clerk of the court began docketing papers filed together as attachments under a single docket entry, rather than assigning each a distinct docketing number and entry. This strategy, however, is no longer sufficient to address the burden of Mr. Armstrong's tactics.

week, contains 175 pages of redundant and utterly ridiculous papers, steeped in faux-legalese, that have absolutely no bearing on any matter in this case.

The clear and obvious purpose of these filings is to provoke a reaction from the court. Post judgment, the court simply ignored Mr. Armstrong's jejune and puerile antics. This tactic, however, has not only not deterred Mr. Armstrong, but apparently fueled and increased his proclivity for the ingravescent abuse of the legal process. The point has now been reached where the burden on the clerk of the court in docketing Mr. Armstrong's prolix, edentate papers has become unreasonably onerous. All Mr. Armstrong's papers, even though wholly ineffectual and plainly not intended to serve any purpose other than to harass, must be individually scanned page-by-page into the court's CM/ECF system at the expense of the real business of the court and the colorable claims of other litigants. Requiring the clerk of the court and his staff to continue to expend any amount of additional time on these matters is prodigal.

The court can no longer countenance what is clearly intended to be – and, indeed, has become – a contumacious abuse of the legal process. I therefore will enter prophylactic orders to protect the clerk, the court, and the legal process from Mr. Armstrong's disaffected machinations. The measures I take are extraordinary, but the situation in which Mr. Armstrong has placed himself and this court is extraordinary as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That effective immediately, the defendant, Richard Kellogg Armstrong, is **ENJOINED, RESTRAINED,** and **PROHIBITED** from filing any further paper(s),

3

regardless of how titled or denominated, in this case without prior order of the court by proper motion and only for good cause shown;

2. That the defendant, Richard Kellogg Armstrong, is **ENJOINED, RESTRAINED,** and **PROHIBITED** from tendering any further paper(s) for filing in this case without the order required in paragraph 1 above;

3. That any paper(s) sought to be filed **SHALL NOT BE ATTACHED** or **APPENDED** to the motion required in paragraph 1 above;

4. That a motion to file additional papers **SHALL NOT BE CONTAINED** or **INCLUDED** in any paper(s) sought to be filed;

5. That any paper(s) sought to be filed **SHALL NOT BE TENDERED** with the motion to file additional papers; and

6. That unless otherwise ordered, the clerk of the court **SHALL DESTROY** any paper(s) tendered for filing by Mr. Armstrong that is not preceded and authorized by the order required in paragraph 1 above.

Dated February 27, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

4

# CERTIFICATE OF SERVICE

I, **TEMERIA WYLIE**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

service was:

- ☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:
- ☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
- ☐ By hand delivery, addressed as follows:
- ☐ By facsimile, as follows:
- ☐ By messenger, as follows:
- ☐ By Federal Express, as follows:

Richard Kellogg Armstrong
Reg No 20413-298
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436-2705

This Certificate is executed on **October 31, 2017**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Temeria Wylie*
TEMERIA WYLIE
*United States Attorney's Office*
*Legal Assistant*