7015 0640 0003 4678 7644

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

In Pro se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| Richard Kellogg Armstrong,<br>     Petitioner | ) <br>) Case No.: 17-07087-VAP(AS)<br>) |
| v. | ) <br>) <br>) REPLY TO RESPONDENT'S MOTION TO<br>) DISMISS PETITION FOR WRIT OF |
| Steven Langford, Warden<br>     Respondent | ) HABEAS CORPUS PURSUANT TO<br>) 28 U.S.C. §2241(c)(3)<br>)          VERIFIED |

COMES NOW, Richard Kellogg Armstrong, hereinafter ("Armstrong"), in pro se, and Reply's to Respondent's Motion to Dismiss Petition... Pursuant to 28 U.S.C. §2241(c)(3).

Respondent's Motion is incorrect in its reasons for denying Armstrong's Petition and is merely another attempt to obfuscate and use a invalid procedural bar to continue a criminal conspiracy. The Respondent's Response is but a series of excuses and fails to address the only issue at hand which is:

Constitutionally Protected Due Process Rights.

(1)  During the course of events leading up to trial did there occur any incident or condition upon which by its execution, violate Armstrong's 4th, 5th and 6th Amendment Constitutional Rights to Due Process?

Armstrong's claim is **YES**, on multiple occasions.

(2)  At the time of violation, was said violation a violation of Due Process?

1

Armstrong's claim is **YES**.

A fundamental requisite of Due Process is the opportunity to be heard, and when there is a violation of Due Process the court immediately loses jurisdiction both personal and subject matter over the case or controversy. As a fundamental right a violation of Due Process protected by the Constitution is not harmless error.

The Supreme Court in Kotteakos v. United States, 328 U.S. 750, 764-765, 776 90 L.Ed. 1557, 66 S.Ct. 1239 (1946) quoted in Merolillo v. Yates, 663 F.3d 444, 455 (9th Cir. 2011) and more recently in Schab v. Ryan, 2013 U.S. App. LEXIS 5395 (9th Cir. 2013). If a violation is harmless then there is no casual connection between "violation" and "custody," and the prisoner is not "in custody" in violation of the Constitution. There is no language in the statute that allows the court to treat a violation as harmless when it is in grave doubt about its harmlessness.

In order for the court to grant a habeas petition by a person in custody he must demonstrate both that: (1) the court committed federal constitutional error; and, (2) that he was prejudiced as a result. Armstrong has done both in his petition and affidvit in support and he alleges that his custody commitment is based on a void judgment.

If there is one doctrine more deeply rooted than any other in the process of Constitutional adjudication, it is that courts ought not to pass on questions of constitutionality of a conviction. But the Supreme Court has never held - or even suggested - that petitioners such as Armstrong have not successfully alleged they are "in custody in violation of the Constitution, or laws or treaties

2

of the United States. See 28 U.S.C. §2241(c)(3). To the contrary, as Arrmstrong suggests he meets this statutory language and may seek a writ of habeas corpus since he is; (1) in custody, and (2) his custody "could potentially" end once the unconstitutional procedure is brought to light that voided the proceedings. See e.g., Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), If, however, the federal courts are unable to grant relief (because, for example, of the provisions of the AEDPA bars the filing of a 28 U.S.C. §2255 motion), the prisoner should be able to resort to §2241 remedy, at least where not letting the prisoner do so would raise a serious Constitutional question. (See Triestman v. United States, 124 F.3d 361, 377-79 (2nd Cir. 1997) quoted in Thompson v. Calderon, 151 F.3d 1998 (9th Cir. 1998).

By statute, federal courts must "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment only on the ground that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). According to the Supreme Court, this language as well as "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the tradional function of the writ is to secure release from illegal custody." Prieser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). And "a district court's jurisdiction to adjudicate a habeas corpus petition is limited to challenges to the 'fact or duration' of a petitioner's confinement." Prieser at 489-98.

This court in Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) stated "habeas corpus action is proper mechanism for challenging

'legality ro duration' of confinement."

"A prisoner who shows his sentencing was unconstitutional is actually entitled to release, because the judgment pursuant to which he is confined has been invalidated." Wilkinson v. Dotson, 544 U.S. 74, 86 (2005).

Petitions for writ of habeas corpus may be brought under 28 U.S.C. §2241(c)(3). The Supreme Court regularly interprets that language to include prisoners who assert their confinement to be predicated on a violation of a procedural right, even if the proceeding in question might have come out the same way had constitutionally proper procedures been followed. See e.g., Dixon v. Williams, 750 F.3d 1027, 1032 (9th Cir. 2014)(due process) and Campbell v. Blodgett, 978 F.2d 1502, 1508 (9th Cir. 1992)(right to be present during voir dire).

When a violation of a procedural right is alleged, the Constitutional claim cannot be dismissed by another procedurally inaccurate bar, "[T]he right to procedural Due Process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantial assertions..." Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). This principle exists to protect individual rights and to maintain the public good stemming form the scrupulous enforcement of impartial procedures. Armstrongs right to procedural Due Process, for instance, has long been "recognized as a safeguard against any attempt to employ our courts as instruments of persecution." In re Oliver, 333 U.S. 257, 270, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

Armstrong has alleged in his 28 U.S.C. §2241(c)(3) motion the Constitutionally protected procedural rules violations of

of his Due Process rights, and proven those allegations by virtue of his sworn affidavits, backed by the court's own record. Pursuant to United States v. Kis, 658 F.2d 526 (7th Cir. 1981) which courts in this circuit have quoted over dozen times, "indeed, no more than that [Affidavits] is necessary to make the prima facie case." "Moreover, the threshold of relevance is a low one." And "all [Armstrong] needs to do is develop facts from which a court might **INFER** a possibility of some wrongful conduct by the government. he need not be able to prove that the wrongful conduct in fact exists." (emphasis in original). "an adequate record exists showing of its good faith."

The affidavit of Armstrong is attached to his §2241(c)(3) Motion as Exhibit #1 for the court's examination.

Armstrong's §2241(c)(3) Motion and Affidavit are clear and concise regarding the violations of his 4th, 5th and 6th Amendment Constitutionally protected rights, and the rules, laws and statutes placed by Congress to protect them.

"Petitions that challenge the manner, location, or conditions of a sentences execution must be brought pursuant to 28 U.S.C. §2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000), as quoted in respondents memorandum of points and authorities at page 4.

## SUPPORTING PAPERS

This reply is based on the pleadings, affidavits, and papers on file in this action.

## CONCLUSION

As a matter of law the judgment against Armstrong is void and unenforceable. There can be no collateral attack on a void

judgment as it is a legal nullity. The Respondent has failed to answer the allegations put forward by Armstrong and mere memoranda of law do not suffice for a showing of evidence against a affidavit. See <u>Kis</u> supra. The only thing the court can now do is determine for itself that the allegations of Due Process violations are true and whether the judgment underlying the confinement is void or it is not. The confinement of Armstrong begins and ends with Constitutionally protected Due Process.

When the court does its duty to inquire into the allegations of Due Process violations as described in Armstrong's 28 U.S.C. §2241(c)(3) Motion it has no discretion but to dismiss the action against ARmstrong and release him from his illegal confinement.

Thus, either the Court can (1) deny the respondents opposition to Armstrong's 28 U.S.C. §2241(c)(3) Petition and order them to respond to the motion by verified sworn affidavit, or; (2) Rule based on the papers, affidavits and exhibits already filed with the court. There can be no credence given to the respondents opposition.

## VERIFICATION

I, Richard Kellogg Armstrong, declare pursuant to the pains of penalty for perjury, 28 U.S.C. §1746, that the foregoing is true, correct, complete and not meant to mislead.

Executed this the 27TH day of November, 2017.

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA 93436-2705

(Seal)

6

## CERTIFICATE OF SERVICE

I, <u>Richard Kellogg Armstrong</u> hereby certify that I have served a true and correct copy of; REPLY TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241(c)(3), VERIFIED

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following listed parties/persons by placing a complete copy of the above described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

Clerk of the Court
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION
312 N. Spring Street, Room G-8
Los Angeles, CA  90012

UNITED STATES ATTORNEY'S OFFICE
312 N. Spring Street
Los Angeles, CA  90012

and deposited same with prison officials here at the Federal Correctional Institution in Lompoc, California, on this the 27TH day of November, 20 17.

Pursuant to Title 28, United States Code section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this the 27TH day of November, 20 17.

(Signature) *Richard Kellogg Armstrong*
Printed Name: Richard Kellogg Armstrong
Federal Register # 20413-298
Federal Correctional Institution (Low)
3600 Guard Road, Lompoc, CA 93436-2705
No Telephone/Fax/E-Mail Available

(Seal)

RICHARD K. ARMSTRONG
#20413-298
FEDERAL CORRECTIONAL
INSTITUTION
3600 GUARD RD.
LOMPOC, CA 93436



CERTIFIED MAIL

7015 0640 0003 4678 7644





RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 30 2017
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY



(AS)

⇔20413-298⇔
U S D C Cent Div Calif
312 N Spring ST
Clerk of the Court
LOS Angeles, CA 90012
United States

LEGAL MAIL

FCI LOMPOC
3600 GUARD ROAD
LOMPOC, CA 93436

DATE 11-28-17

The _____ letter was processed through special mailing procedures. If the writer raises _____ has been neither opened or inspected. If you may wish to return over which this facility has jurisdiction. If the writer the material for further information or clarification, enclosed correspondence for forwarding to another address, please return the enclosed to the above address.

MEAD 9" X 12" PRESS & SEAL
WHITE ENVELOPES 6CT/PK