**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD KELLOGG ARMSTRONG, | ) | Case No. CV 17-07087-VAP (AS) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION OF A** |
| v. | ) | **UNITED STATES MAGISTRATE JUDGE** |
| STEVE LANGFORD, Warden, | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons discussed below, it is recommended that this action be transferred to the United States District Court for the District of Colorado.

**I.   INTRODUCTION**

On September 26, 2017, Darian K. Robinson ("Petitioner"), a federal prisoner proceeding pro se, filed what the Court construed

as a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition") (see Docket Entry No. 3 at 1). (Docket Entry No. 1). Petitioner challenges his convictions for one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, eight counts of false claims in violation of 18 U.S.C. §§ 287 and 2, three counts of conducting monetary transactions in criminally deprived property in violation of 18 U.S.C. §§ 1957 and 2, and one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286, in the United States District Court for the District of Colorado. See United States v. Morris, et al., Case No. CR 10-00317-REB, United States District Court, District of Colorado, Docket Nos. 516, 588. (Petition at 1, 4-10, attached Affidavit of Richard Kellogg Armstrong at 1-3).[1]

On October 31, 2017, Respondent filed a Motion to Dismiss the Petition, contending that the Petition is a disguised motion under 28 U.S.C. § 2255 over which the Court does not have jurisdiction.

---

[1] The crux of Petitioner's claims is that "the Grand Jury and their proceedings were invalidated and thus the indictment and judgment in Case No.: 10-CR-00371-REB-2 are void as a matter of law for Constitutional violations of Petitioner's 4th, 5th, and 6th Amendment rights as enumerated herein, they are not merely voidable, but void ab initio." Petitioner identifies the following errors: the failure to give him or his counsel notice of grand jury impanelment and selection process; the Magistrate Judge was not authorized to take Petitioner's plea at the arraignment, thereby rendering any judgment by the district court void, and conspiracy and bias on the part of the Magistrate Judge, United States Attorney, District Court Judge and Petitioner's counsel. (See Petition at 4-10; see also Opposition at 16).

(Docket Entry No. 6).

On November 30, 2017, Petitioner filed a Reply to the Motion to Dismiss the Petition ("Opposition"). (Docket Entry No. 9).

For the reasons discussed below, the Court recommends that the Petition be transferred to the United States District Court for the District of Colorado.

## II.   PROCEDURAL BACKGROUND

Petitioner was charged in a a Superseding Indictment, filed in the United States District Court for the District of Colorado, with one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, eight counts of filing false claims in violation of 18 U.S.C. §§ 287 and 2, three counts of conducting monetary transactions in criminally deprived property in violation of 18 U.S.C. §§ 287 and 2, and one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286. See United States v. Richard Kellog Armstrong, (Case No. 10-cr-317-REB-01, United States District Court, District of Colorado).[2]

On April 30, 2012, the jury found Petitioner guilty of all

---

[2] The Court takes judicial notice of the records of the United States District Court for the District of Colorado and the United States Court of Appeals for the Tenth Circuit available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

charges alleged in the Superseding Indictment. Id., Docket Nos. 516, 588.

On August 14, 2012, the district court sentenced Petitioner to prison for a total of 108 months. Id., Docket No. 588.[3]

Petitioner proceeded to file numerous pleadings with the district court, which led the district court, on February 27, 2014, to sua sponte issue an Order enjoining, restraining and prohibiting Petitioner from filing any further papers without first obtaining leave of court. Id., Docket No. 741; Motion to Dismiss, Appendix "A."

Although the district court granted Petitioner leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 5, 2016, (id. Docket Nos. 746-47), it does not appear that any such petition was filed.

On March 1, 2017, Petitioner filed a motion for leave to file a Motion to Set Aside the Judgment pursuant to Fed.R.Civ.P. 60(b)(4) ("the judgment is void"), which was denied on March 14, 2017. Id., Docket Entry Nos. 748-49.

It does not appear that Petitioner has appealed his

---

[3] The district court also sentenced Petitioner, consecutively, for several judgments of contempt. Id., Docket Entry No. 588; see also Motion to Dismiss, Appendix "A" at 1.

convictions and sentence to the Tenth Circuit Court of Appeal, or filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Colorado.

### III.   DISCUSSION

A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "Generally, motions to contest the legality of a sentence must be filed under § 2255, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations and footnote omitted). A prisoner generally may not substitute a habeas petition under 28 U.S.C. § 2241 for a § 2255 motion.

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or

5

ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006); Hernandez, 204 F.3d at 864-65.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id.; see also Stephens, 464 F.3d at 897. This "savings clause" exception to § 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003). Mere lack of success in the sentencing court does not make the § 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive § 2241 petition in the district of incarceration.

Similarly, neither the enforcement of the statute of limitations nor the enforcement of restrictions on successive § 2255 motions renders the § 2255 remedy "inadequate or ineffective" within the meaning of the statute. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (the possibility that a § 2255 remedy, once available, now may be barred by the applicable statute of limitations does not render the § 2255 remedy

6

"inadequate or ineffective"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal of a § 2255 motion as successive does not render the § 2255 remedy "ineffective or inadequate"). The savings clause does apply, however, when a petitioner demonstrates both "actual innocence" and the lack of an "unobstructed procedural shot" at presenting the petitioner's claims. See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008); Stephens, 464 F.3d at 898. In order to "establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(citation and quotations omitted); see Stephens, supra. "[T]he issue is 'factual innocence, not mere legal insufficiency.'" Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (quoting Bousley, supra).

Here, Petitioner's claims are confined to the legality of his detention, specifically, a challenge to his conviction and sentence. Thus, Petitioner may only proceed with the instant federal petition under § 2241 if he can make a claim of actual innocence *and* establish that he has not had an unobstructed shot at presenting that claim under the savings clause in 28 U.S.C. § 2255.

Petitioner has failed to make a claim of actual innocence, or even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)("To be credible, [a claim of actual innocence] requires

7

petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.").

Because the savings clause requires Petitioner to satisfy both his actual innocence *and* his lack of an "unobstructed procedural shot" at presenting his claims, see Harrison, supra, Petitioner's failure to allege actual innocence renders it unnecessary for the Court to address whether Petitioner lacked an unobstructed procedural shot to pursue the claims presented in his Petition.

Since Petitioner has failed to make a claim of actual innocence, Petitioner can only raise his contentions in a motion that is filed pursuant to 28 U.S.C. § 2255 and the only court with jurisdiction over such a motion is the sentencing court which is the United States District Court for the District of Colorado.

A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). The Court finds that in the interest of justice, this action should be transferred to the United States District Court for the District of Colorado.

8

## IV.   RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the district court issue an Order: (1) approving and accepting this Report and Recommendation; (2) granting the Motion to Dismiss the Petition; and (3) transferring this action to the United States District Court for the District of Colorado.

DATED: December 13, 2017

```
                              /s/
                          ALKA SAGAR
                 UNITED STATES MAGISTRATE JUDGE
```

### **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.