**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00133-GPG

RICHARD KELLOGG ARMSTRONG,

    Petitioner,

v.

STEVEN LANGFORD, WARDEN,

    Respondent.

**ORDER ADMINISTRATIVELY CLOSING CIVIL ACTION**

Acting *pro se*, on September 26, 2017, Petitioner, Richard Kellogg Armstrong, filed a document entitled "Title 28 U.S.C. § 2241 Habeas Corpus for Due Process and Constitutional Violations Resulting in Illegal Confinement by Void Judgment" ("Petition") in the United States District Court, Central District of California, Los Angeles Division ("California District Court"). (ECF No. 1). On September 29, 2017, the California District Court issued an Order Requiring Return to Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) directing service of a copy of the Order and the Petition on the office of the United States Attorney, Central District of California. (ECF No. 2). The Order requested a limited response from the United States Attorney's office regarding whether the Petition could be decided without reaching the merits of Petitioner's claims and, if so, for that office to file a Motion to Dismiss confined to the basis for dismissal of the claims without reaching the merits. (*Id.* at 2). If a Motion to Dismiss was filed, the Order provided opportunity for the Petitioner to file an Opposition to the Motion or a Notice of

1

Case 1:10-cr-00317-REB   Document 752-14   Filed 01/25/18   USDC Colorado   Page 2 of 4

Non-Opposition. (*Id.* at 2-3).

On October 31, 2017, a Motion to Dismiss was filed by the California United States Attorney's office arguing that the Petition should be construed as a Motion pursuant to 28 U.S.C. § 2255 and dismissed or transferred because the claims presented by the Petitioner challenge the validity or constitutionality of his conviction or sentence and not the manner, location or conditions of the execution of his sentence. (ECF No. 6 at 5-6). The Motion to Dismiss contended that the Petitioner had not met his burden of showing that the § 2255 remedy is inadequate or ineffective (*id.* at 6-8) and that the Petition should be dismissed or transferred to his district of sentencing (*id.* at 8-9). Petitioner filed his reply to the motion on November 30, 2017. (ECF No. 9).

The matter was referred to United States Magistrate Judge Alka Sagar, who issued a Report and Recommendation of United States Magistrate Judge on December 13, 2017. (ECF No. 11). The Magistrate Judge recommended that the district court grant the Motion to Dismiss and transfer the action to the United States District Court for the District of Colorado. (*Id.* at 9). Petitioner filed his objections to the Report and Recommendation on January 2, 2018 (ECF No. 12), with the Magistrate Judge issuing a Final Report and Recommendation which again recommended the granting of the Motion to Dismiss and transfer of the action to this Court (ECF No. 13). On January 17, 2018, Chief United States District Judge Virginia A. Phillips concurred with and accepted the findings and conclusions of the Magistrate Judge in the Final Report and Recommendation, and issued her Order Accepting Findings, Conclusions and Recommendations of United State Magistrate Judge that the Motion to Dismiss be granted and this action be transferred to the United States District Court for the District of Colorado. (ECF No. 14).

Neither Judge Phillips' Order nor the Final Report and Recommendation of the Magistrate Judge specifically addressed whether the Petition should be docketed in this Court as a motion under 28 U.S.C. § 2241 or one under 28 U.S.C. § 2255. Based on the titling of the Petition that was transferred, the Clerk of the District of Colorado docketed the Petition under 28 U.S.C. § 2241 in Civil Action No. 18-cv-00133-GPG and the matter was assigned for preliminary review of a prisoner pleading pursuant to D.C.COLO.LCivR 8.1(b).

In conducting a preliminary review of the materials transferred from the California District Court, this Court notes that the Final Report and Recommendation of the Magistrate Judge accepted by the District Judge in her final Order found that:

> The crux of Petitioner's claims is that "the Grand Jury and their proceedings were invalidated and thus the indictment and judgment in Case No.: 10-CR-00371-REB-2 are void as a matter of law for Constitutional violations of Petitioner's 4th, 5th, and 6th Amendment rights as enumerated herein, they are not merely voidable, but void ab initio." Petitioner identifies the following errors: the failure to give him or his counsel notice of grand jury impanelment and selection process; the Magistrate Judge was not authorized to take Petitioner's plea at the arraignment, thereby rendering any judgment by the district court void, and conspiracy and bias on the part of the Magistrate Judge, United States Attorney, District Court Judge and Petitioner's counsel.

(ECF No. 13 at 2 n. 1.).

The California District Court further found that the "Petitioner's claims are confined to the legality of his detention, specifically a challenge to his conviction and sentence" and that he had not satisfied his burden of establishing that his remedy under § 2255 is inadequate or ineffective. (*Id.* at 5-9). The conclusion of the California District Court was that "Petitioner can only raise his contentions in a motion that is filed pursuant to 28 U.S.C. § 2255 and the only court with jurisdiction over such a motion is the sentencing court which is the United States District Court for the District of

Colorado." (ECF No. 13 at 9; *see also* ECF No. 14).  Accordingly, it is

HEREBY ORDERED that the Title 28 U.S.C. § 2241 Habeas Corpus for Due Process and Constitutional Violations Resulting in Illegal Confinement by Void Judgment  (ECF No. 1) shall be construed as a motion pursuant to 28 U.S.C. § 2255 and shall be filed in Criminal Case No. 10-cr-00317-REB-2. It is

FURTHER ORDERED that the remaining documents and other information filed in this action as CM/ECF entries No. 2 through No. 16 shall also be filed in Criminal Case No. 10-cr-00317-REB-2.  It is

FURTHER ORDERED that the Clerk of the Court is instructed to close this case administratively, pursuant to D.C.COLO.LCivR 41.2.

DATED at Denver, Colorado, this  25th  day of   January       , 2018.

BY THE COURT:

  s/Lewis T. Babcock                       
LEWIS T. BABCOCK, Senior Judge
United States District Court

4