IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 10-cr-00317-REB-2
(Civil No. 18-cv-00192-REB)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

2.  RICHARD KELLOGG ARMSTRONG,

    Defendant-Movant.

---

# UNITED STATES' ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

---

The United States responds to defendant's motion citing 28 U.S.C. § 2241 and alleging that constitutional violations have resulted in his illegal confinement and a void judgment (#751). This court has construed the motion as if filed under 28 U.S.C. § 2255 and has ordered the government to respond (#753). The United States maintains the motion is untimely, as well as being utterly devoid of merit.

## BACKGROUND

Following a 13-day jury trial before this court in April of 2012, the defendant was convicted of one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; eight counts of filing false claims against the United States (income tax returns), in violation of 18 U.S.C. §§ 287 and 2; three counts of conducting monetary transactions in criminally

1

deprived property, in violation of 18 U.S.C. §§ 1957 and 2; and one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286. *Se*e Verdict (# 516).

On August 10, 2012, this court sentenced the defendant to concurrent terms of imprisonment of 108 months in the Bureau of Prisons (Minute Entry #584). Based upon defendant's conduct during trial, this court issued two Orders of Contempt (#484 and #510), finding a total of ten contempt of court citations, and imposing increasingly severe sanctions involving both fines and terms of imprisonment. These sanctions were imposed to run consecutively to one another, and consecutively to the 108-month sentence arising from defendant's convictions at trial.

Final judgment entered August 14, 2012 (#588). A bench trial on criminal contempt charges was also held on September 7, 2012, and this court found the defendant to be guilty (Minute entry, #594). The judgment subsequently entered on October 3, 2012, imposed additional consecutive terms of imprisonment (#601).[1]

Beginning in January 2013, the defendant filed approximately 194 "Notices" and other filings; this continued through early February 24, 2014. *See* docket entries #638 through # 740.[2] On February 27, 2014, this court, acting *sua sponte*, issued an Order (#741) that effective immediately, the defendant was "ENJOINED, RESTRAINED, and PROHIBITED from filing any further paper(s), regardless of how titled or denominated, in this case without prior order of the court by proper motion and only for good cause shown . . . ." The Order also enjoined the defendant from submitting any additional

---

[1] This court later concluded defendant's sentence totaled 190 months' imprisonment (#741 at 1).

[2] Beginning in May of 2013, the Clerk's Office began consolidating the defendant's Notices into single documents.

deprived property, in violation of 18 U.S.C. §§ 1957 and 2; and one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286. *Se*e Verdict (# 516).

On August 10, 2012, this court sentenced the defendant to concurrent terms of imprisonment of 108 months in the Bureau of Prisons (Minute Entry #584). Based upon defendant's conduct during trial, this court issued two Orders of Contempt (#484 and #510), finding a total of ten contempt of court citations, and imposing increasingly severe sanctions involving both fines and terms of imprisonment. These sanctions were imposed to run consecutively to one another, and consecutively to the 108-month sentence arising from defendant's convictions at trial.

Final judgment entered August 14, 2012 (#588). A bench trial on criminal contempt charges was also held on September 7, 2012, and this court found the defendant to be guilty (Minute entry, #594). The judgment subsequently entered on October 3, 2012, imposed additional consecutive terms of imprisonment (#601).[1]

Beginning in January 2013, the defendant filed approximately 194 "Notices" and other filings; this continued through early February 24, 2014. *See* docket entries #638 through # 740.[2] On February 27, 2014, this court, acting *sua sponte*, issued an Order (#741) that effective immediately, the defendant was "ENJOINED, RESTRAINED, and PROHIBITED from filing any further paper(s), regardless of how titled or denominated, in this case without prior order of the court by proper motion and only for good cause shown . . . ." The Order also enjoined the defendant from submitting any additional

---

[1] This court later concluded defendant's sentence totaled 190 months' imprisonment (#741 at 1).

[2] Beginning in May of 2013, the Clerk's Office began consolidating the defendant's Notices into single documents.

papers to the Clerk's Office – *e.g.,* appended to a motion seeking permission to file – without prior authorization of the court. The Clerk was ordered to destroy any such papers submitted (#741 at 3-4).

Although this court subsequently granted the defendant leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#747), the docket sheet does not reflect that such a petition was filed in Colorado.

The defendant also filed a Motion for Leave to file a Motion to Set Aside the Judgment pursuant to Fed.R.Civ.P. 60(b)(4), arguing that the judgment against him was void (#748). This court denied the motion (#749).

On September 26, 2017, the defendant filed in U.S. District Court for the Central District of California, a document titled: "TITLE 28 U.S.C. §2241 HABEAS CORPUS FOR DUE PROCESS AND CONSTITUTIONAL VIOLATIONS RESULTING IN ILLEGAL CONFINEMENT BY VOID JUDGMENT." The California District Court concluded that the defendant could raise the claims stated only in a motion filed under 28 U.S.C. § 2255, and that the only court with jurisdiction was the U.S. District Court for the District of Colorado. The California District Court ordered the matter dismissed and transferred to this court. *See* doc. entry 752-11 at 9; 752-12 at 2.[3] Upon receipt of the case, a Judge of this Court (J. Babcock) also ordered that defendant's motion be construed as a motion pursuant to 28 U.S.C. § 2255, and filed in criminal case no. 10-cr-317-REB-2

---

[3] Proceedings in the Central District of California have been filed in this court as docket entry #752.

(#752-14). The Clerk's Office so filed defendant's motion and, as noted above, this court has ordered the government to respond (#753).[4]

## DEFENDANT'S CLAIMS

The gravamen of defendant's argument is that "[t]he judgment in this matter is void ab initio and must be dismissed because the District Court lacked subject matter jurisdiction to render it." Motion (#751 at 4). *See also* Motion at 11 ("This case begins and ends with the determination of subject matter jurisdiction"). In attempting to make out this argument, the defendant claims: (1) he was not provided notice of the impaneling of the Grand Jury and that this was structural error that denied him due process of law, *id.* at 6-7; (2) his rights were violated when a Magistrate Judge entered a not guilty plea at his arraignment, *id.* at 7-8; and (3) these two violations of his rights show that the court system, defense counsel, and U.S. Attorney are involved in a criminal conspiracy against him. The defendant concludes that the judgment against him is void and asks that he be released from confinement. *Id.* at 13.

## TIMELINESS

Title 28, U.S.C. § 2255(f) requires in most cases that a motion be filed within one year of the date on which the judgment of conviction becomes final.[5] Final judgment on defendant's trial convictions entered on August 14, 2012 (#588). The defendant did not

---

[4] Defendant insists that his motion is under § 2241, not under § 2255. Motion (#751) at 2. This issue was briefed in the Central District of California, including whether the so-called "savings clause" of § 2255(e) would allow defendant to bring his claims under § 2241, as a writ of habeas corpus. The District Court in California ruled against the defendant, and this court has also ordered defendant's motion to be construed under § 2255.

[5] Exceptions exist, but the defendant has not alleged such circumstances and the record would not support such an argument.

4

appeal and his convictions became final upon expiration of the time for filing a notice of appeal. That would be August 28, 2012. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (for purposes of § 2255's one year limitations period, if the defendant does not file an appeal, his conviction becomes final upon expiration of the time in which to take a direct criminal appeal); *see also* Fed.R.App.P. 4(b) (criminal defendant has fourteen days from entry of final judgment to file notice of appeal).

The defendant's instant motion was filed in U.S. District Court in California on September 26, 2017, and refiled in U.S. District Court in Colorado on January 25, 2018. Under either filing date, the defendant's motion is untimely, being over four years' late.

Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States notes that the defendant has filed other post-trial motions, as set out in some detail above. However the docket sheet does not show that the defendant has previously filed a motion pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

The standard for post-conviction relief is high. In *United States v. Addonizio*, 442 U.S. 178, 184 (1979), the Supreme Court held that "[i]t has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Thus, according to the Rules Governing Section 2255 Proceedings, "the appropriate inquiry is whether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice" and whether the error presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Rule 1, Advisory Committee

5

Notes, 1976 Adoption (next to last ¶ ), quoting *Davis v. United States*, 417 U.S. 333 (1974).

Following these holdings, the Tenth Circuit has held that a defendant may establish his entitlement to relief under § 2255 only by providing evidence that failure to hear his claims will result in a miscarriage of justice, *e.g.*, by showing that the claimed error in the trial proceedings probably resulted in the conviction of one who is actually innocent. *See United States v. Cervini*, 379 F.3d 987, 990-91 (10th Cir. 2004) (quoting *United States v. Barajas Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002)).

## ARGUMENT

As noted above, defendant's primary argument is that this court lacks subject matter jurisdiction over him. On numerous occasions during his prosecution, the defendant asserted the same argument. *See, e.g.*, "Motion/Notice of challenge of jurisdiction" (#144). This court denied the motion. *See* Order (#169 at 4) (describing defendant's arguments as "jejune and feckless"). When the defendant reasserted his claim of lack of subject matter jurisdiction, *see* Motion . . . Related to Jurisdiction (#361), this court again denied the motion. *See* Order (#400).

The defendant reasserts his arguments in the instant motion (#751). Normally, there would be a procedural barrier to this claim, because the defendant did not appeal this court's adverse rulings on subject matter jurisdiction. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996) (holding that "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal"). But subject

matter jurisdiction cannot be waived and can be raised on collateral attack. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citations omitted).

However, defendant's argument that this court lacks subject matter jurisdiction is meritless. Jurisdiction in the district court over the defendant was conferred by 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). *See United States v. Williams*, 341 U.S. 58, 65-66 (1951) ("[t]he District Court had jurisdiction of offenses against the laws of the United States" under § 3231). Those offenses include all of the Title 18 tax fraud and related charges of which the defendant was convicted at trial. The "hackneyed tax protester refrain" that federal criminal jurisdiction does not extend to them "blithely ignores 18 U.S.C. § 3231." *United States v. Collins*, 920 F.2d 619, 628 (10th Cir.1990). And "[e]fforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation." *Id.* (collecting cases).

One of the claims asserted by the defendant in his earlier motions is that he is a sovereign citizen and therefore not subject to this court's jurisdiction. *See* Challenge of Validity of Charges Brought by IRS . . . . (#149). A similar argument was advanced in *Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990), where the defendants argued they were not subject to federal income tax laws because they were "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens." The Tenth Circuit rejected their arguments as "lacking in legal merit and patently frivolous."

7

*Id.* at 1448. *See also United States v. Sellors*, 572 Fed.Appx. 628, 632 (10th Cir. 2014) (unpublished) (describing similar arguments as "patently frivolous"); *United States v. Palmer*, – Fed.Appx. – , 2017 WL 4685531 at 2 (10th Cir. 2017) (unpublished) (claim of being 'sovereign citizen' did not place defendant beyond jurisdiction of the courts). The Seventh Circuit, in *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011), has held that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."

### DEFENDANT'S SPECIFIC CLAIMS

The more specific arguments defendant advances seem to be an attempt to establish his primary claim of lack of subject matter jurisdiction. But defendant's specific arguments – such as defects in calling the grand jury and taking his not guilty plea – claim the existence of legal errors in pre-trial proceedings. The defendant cites no authority for his claims that these purported legal errors are capable of depriving the court of jurisdiction. Subject matter jurisdiction concerns the power of a court to hear an entire class of cases. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006) ("Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases"); *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). The claims of legal error the defendant asserts with regard to his own prosecution do not undermine the court's authority to hear criminal tax prosecutions under § 3231. The defendant's arguments are also conclusory. He has provided no

8

evidence and no coherent argument that might support a conclusion that the alleged legal errors deprived this court of jurisdiction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations insufficient to support claim).

Thus, these claims are procedurally barred because the defendant failed to raise them on direct appeal. As noted above, in *United States v. Cox*, the court held that "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." 83 F.3d at 342, citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994). Hence, "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id*. Ineffective assistance of counsel may provide cause for failure to raise an issue on appeal. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *Murray v.Carrier*, 477 U.S. 478, 488 (1986). But defendant's counsel was long since relieved of his duties (#106), and the defendant was proceeding *pro se* (with advisory counsel, #157). He can have no claim to having ineffective counsel, and indeed does not make that assertion. Thus, the defendant cannot show cause for failing to raise on direct appeal the claims of legal error contained in his motion. Nor can he show prejudice, because his arguments are meritless.

**CLAIM 1 – GRAND JURY IMPANELING**

The defendant argues that he did not receive notice of the impaneling of the grand jury and was therefore deprived of the right to challenge the composition of the

grand jury. Motion at 5-6, citing Fed.R.Crim.P. 6 and 24. This argument is without merit for numerous reasons.

First, even if there had been an error in the grand jury process, defendant's convictions at trial by a petit jury rendered any such error harmless beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70-73 (1986); *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1244-45 (10th Cir.1996).

Second, defendant's arguments reflect a misunderstanding of the operation of a grand jury. Defendant claims that he was entitled to challenge the selection of the grand jury when it was summoned. But Fed.R.Crim.P. 6 applies to challenges by a defendant *after* return of an indictment. For example, Rule 6(b)(2) provides a party may move to dismiss an indictment based upon defects in grand jury proceedings. Rule 6(b)(1) permits challenges to the summoning of a grand jury by either the government or a defendant. But one is not "a defendant" until an indictment is returned. When the grand jury was summoned, no indictment had been returned against the defendant, nor against anyone else, because the grand jury had not been impaneled or sworn.

Defendant's own arguments reflect his confusion. He argues "a defendant <u>must</u> be present at any stage of the criminal proceeding, beginning with voir dire of the Grand Jury during which challenges are to be made." Motion (#751) at 6. But there was no criminal proceeding respecting the defendant when the grand jury was chosen. The defendant was free to file motions challenging the grand jury's composition during pre-trial proceedings in his case, but apparently did not. And he has not here shown any basis for such a challenge to the grand jury.

10

In an affidavit attached to defendant's motion, he complains that he was not invited to attend the grand jury that returned the superseding indictment against him. Motion (#751), Exhibit 1 at 2, ¶ 11. The defendant had no such right. In *Costello v. United States*, 350 U.S. 359, 363 (1956), the Court held that "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *See also United States v. Ciambrone*, 601 F.2d 616, 622 (2d Cir. 1979) (we have held that a defendant does not have a constitutional right to appear personally before the grand jury); *United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir. 1979) (holding that a grand jury is not an adversary proceeding and "an accused has no right to be called as a witness before the grand jury that is considering his indictment"); *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976) ( "an accused has no right to appear before the Grand Jury to state her case"). As noted above, the defendant was entitled to challenge grand jury proceedings *after* return of the indictment, but he did not.

Defendant also cites Fed.R.Crim.P. 24 in support of his right to challenge the legal qualifications of grand jurors. But Rule 24 is titled "Trial Jurors" and has no

11

application to grand jury proceedings. And defendant's citation to the decision in *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282 (7th Cir. 1980), is misplaced. In that case, "[t]he sole issue presented for review is whether the district court was required, under the provisions of the United States Arbitration Act of 1925 (USAA), 9 U.S.C. s 1 *et seq.*, to hold a trial prior to ordering the parties to arbitration on the issue of the making of an agreement to arbitrate." *Id.* at 1284. The decision has no bearing upon grand jury proceedings.

#### CLAIM 2 – ROLE OF THE MAGISTRATE JUDGE

The defendant argues that when a magistrate judge entered a not guilty plea at his arraignment, this violated federal law and deprived this court of subject matter jurisdiction. Motion at 7-8, *citing* 28 U.S.C. §§ 631-636. Title 28 contradicts this argument. Section 636 provides in relevant part that a United States magistrate judge shall have "all powers and duties conferred . . .by the rules of Criminal Procedure for the United States District Courts . . . ." Fed.R.Crim.P 59(a) provides that "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Entering a not guilty plea at arraignment does not dispose of a charge or defense and is therefore within the powers of a magistrate judge.

The defendant also argues that a magistrate judge is a member of the Executive Branch, rather than the Judicial Branch, of government. That also is wrong. Section 631(a) authorizes judges of the District Court to appoint magistrate judges to serve within their respective judicial districts. Magistrate judges are authorized to carry out the duties set out in § 636(a), the Federal Rules of Criminal Procedure, and other duties

designated by district judges. *See* § 636(b)(1). These statutes exist within Part III of Title 28, which is titled "Court Officers and Employees." *See also* S.Rep. No. 96–74, p. 3 (1979), U.S. Code Cong. & Admin. News 1979, pp. 1469, 1471 (1979 amendments to Federal Magistrates Act) ("In enacting the Federal Magistrates Act in 1968, the Congress clearly intended that the magistrate should be a judicial officer whose purpose was to assist the district judge to the end that the judge could have more time to preside at the trial of cases").[6] Magistrate judges are part of the judicial branch of government. And as noted above, the duties of a magistrate judge, such as they may be, do not diminish or increase the subject matter jurisdiction of the court.

## CLAIM 3 – CONSPIRACY

Relying upon the two issues above, the defendant argues they show a conspiracy to violate his rights by the Magistrate Judge, District Judge, U.S. Attorney, and his defense counsel. Motion (#751) at 8-9. At this portion of his motion, the defendant cites no authority and advances no separate argument supporting his claims. As shown above, the defendant has shown no legal errors in the criminal proceedings, nor any lack of subject matter jurisdiction. Because his arguments are conclusory, they must be rejected. *Hall v. Bellmon*, 935 F.2d at 1110 (conclusory allegations insufficient to support claim).

---

[6] Cited in *Peretz v. United States*, 501 U.S. 923, 942 (1991).

## Conclusion

The defendant's motion (#751) should be denied: the motion is untimely, most of the arguments are procedurally barred, and the arguments are meritless.

Respectfully Submitted,

ROBERT C. TROYER
United States Attorney

s/ *James C. Murphy*
James C. Murphy
Assistant U.S. Attorney
1801 California, Suite 1600
Denver, Colorado  80202
(303) 454-0100

USACO.ECFAppellate@usdoj.gov;
James.Murphy3@usdoj.gov

## Certificate of Service

I hereby certify that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Richard Kellogg Armstrong  #20413-298
FCI-Lompoc (Low)
3600 Guard Road
Lomoc, CA 93436-2705

*s/ Amanda Bell*
Amanda Bell
United States Attorney's Office

14