7017 2620 0001 0914 8048

Richard Kellogg Armstrong
Fed. Reg. No.: 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA 93436-2705

In Pro se

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2018

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| Richard Kellogg Armstrong,<br>Defendant - Movant | Crim. No.: 10-cr-00317-REB-2<br>Civil No.: 18-cv-00192-REB |
| v. | GENERAL TRAVERSE TO GOVERNMENT'S UNSWORN/UNCERTIFIED OPPOSITION AND AS SUCH IS LEGALLY NON-RESPONSIVE AND MUST BE SET-ASIDE AND STRUCK FROM THE RECORD. |
| UNITED STATES OF AMERICA,<br>Plaintiff - Respondent | VERIFIED |

COMES NOW, Richard Kellogg Armstrong, pro se, hereinafter "Movant", moves this court with this Verified General Traverse to Government's Unsworn/Uncertified Opposition to Armstrong's Motion to Dismiss Case No.: 10-CR-00317-REB-2, and as such, is legally Non-Responsive and must be set-aside and struck from the record.

I. BACKGROUND

Since this court has itself denied Armstrong from filing his allegations of Constitutional Due Process violations directly to this court, on August 8, 2017, Armstrong executed his Motion to Set-Aside Judgment Pursuant to F.R.Cv.P. 60(b)(4) and/or Title 28 U.S.C. §1651, the All Writs Act, Verified, with Affidanit in Support, directly to the 10th Circuit Court of Appeals.

On August 14, 2017, it was received by the Circuit Court and returned to Armstrong on August 15, 2017 unfiled. (See: Exhibit 1, attached and incorporated in its entirety hereto.).

On September 18, 2017, Movant filed in his court of custody, the United States District Corut, Central District of California, Los Angeles Division, the exact same arguments under Title 28, U.S.C. §2241. Compare Exhibit 1 arguments to the Motion now before this court.

On January 25, 2018, the Los Angeles District Court recharacterized Movants Motion as a 28 U.S.C. §2255 and transferred it back to his sentencing court to Case No.: 10-cr-00317-REB-2 for adjudication.

On January 30, 2018, this court ordered the Respondent to reply by February 28, 2018, after stating, "Based on my initial consideration of Defendants motion, which includes my consideration of the motion and the record of prior proceedings. I cannot conclude summarily that the Defendant-Movant is not entitled to relief and the motion should be dismissed." See Order dated January 30, 2018, p. 1, ¶2, ln 3, to p. 2, ¶1, ln 1.

II. RECHARACTERIZATION OF ARMSTRONG'S MOTION

By submitting his Motion to Dismiss as a 28 U.S.C. §2241, Armstrong avers that his Motion may only be recharaterized as a F.R.Cv.P. 60(b)(4) Motion because his affidavit in support and Motion allege that his judgment is void for Constitutional violations. The court has an obligation in recharacterizing a pro se litigants Motion as to one for relief that may be available, for the court to retain jurisdiction, see <u>Steel Co. v. Citizens for Better Env.</u>, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and a

federal court has "virtually unflagging obligation." Colorado River Water Conserv. Dist. v. U.S., 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), to assert jurisdiction where it has that authority. Nor can the established practice of recharacterizing pleadings so as to offer the possibility of relief justify the approach that, as here, renders relief impossible and sidesteps the judicial obligation to assert jurisdiction. If a litigant misbrands a motion, but could get relief under a different label, a court should make the requisite change. See, e.g., 12 J. Moore, Moore's Federal Practice, §59.11[4] (3rd Ed. 2015) (explaining how courts treat untimely Rule 59 motions as Rule 60 motions because the latter have no time limit).

But that established practice does not entail sidestepping the judicial obligation to exercise jurisdiction. And it results in identifying a route to relief, not in rendering relief impossible. That makes all the difference between a court's generously reading pleadings and a court's construing away adjudicative authority. See; Castro v. U.S., 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (discussing this distinction).

## III. ANALYSIS

Movants motion is Verified (Sworn) with Affidavit in Support Attached, the Supreme Court and the 10th Circuit have repeatedly been abundantly clear that in responding to Movant's showing of good faith by Affidavit, it is clear that Respondents must factually oppose Movant's allegations by affidavit. The Respondents must oppose Movant's allegations by affidavit, legal conclusions and mere memoranda of law will not suffice.

Movant avers that Respondents have been given their opportunity

to respond and oppose and have made no effort to contradict his calims based upon Armstrong's Uncontested affidavit and Verified Motion, which was accepted by this court, which subsequently ordered a response from Respondents which they have failed to do. Unsworn statements made in briefs are not evidence. See U.S. v. Smit, 2012 U.S. Dist. LEXIS 107848 (DC10, July 13, 2012) quoting U.S. v. Bal. Fin. Management, Inc., 769 F.2d 1440, 1444 (10th Cir. 1985); see also Villarreal v. U.S., 524 Fed.App. 419, 423 (10th Cir. 2013).

Once Armstrong filed his Verified Motion with Affidavit in Support the burden shifted to the Respondent to disprove the assertions of Constitutional Due Process violations, also by sworn affidavit. Since at this stage, Respondents failed to do so, and have not refuted Movants prima facie showing by affidavit, Armstrongs affidavit is now uncontested and Movant avers taht this is adequate to support judgement in his favor. This court should dispose of the proceedings on Armstrong's papers alone before it.

In Johnson v. U.S., 1998 U.S. Dist. LEXIS 8199 (CA9, May 18, 1998) the court quoted both the 3rd and 10th Circuits. "In response to [Armstrong's] showing, it is clear that [Respondent] must factually oppose [Armstrong's] allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." See: Bal. Fin. Management, Inc., @ 1440 (quoting U.S. v. Garden State Nat'l Bank, 607 F.2d 61 (3rd Cir. 1979)).

The opposition filed by Respondent consists of unmeritorious legal conclusions and unsworn/uncertified memoranda of law, unsuppoprted by any factual information contesting the declaration

and affidavit of Armstrong.

It is true that this might have made evidence of the Government Response if they had properly rebutted Armstron's testimoy. But it does not follow, that an error will not occur and be prejudicial to Armstrong if the Respondents opposition is not struck by the court as it is legally non-responsive. The real difficulty here is that Respondent had a chance to correctly/legally oppose Armstrongs Verified Motion and Affidavit in Support, which the court in its ruling stated that it couldn't summarily dismiss because of the alleged Constitutional violations, but in its usual slipshod manner Respondent is attempting to use unsworn/uncertified mere memoranda as substantive evidence.

The various documents referenced by Respondent so far as this action is concerned are unsworn/uncertified mere memoranda and as such are not properly admissible and must be set-aside and struck from the record as non-responsive.

Supreme Court dicta in U.S. v. Clarke, 189 L.Ed.2d 330 (2014) quoting Fortney v. U.S., 59 F.3d 117 (CA9 1995) (requiring "some minimal amount of evidence 'beyond' mere memoranda of law or allegations." (internal quotations and alterations omitted)). See also, Ryder v. U.S., 2014 U.S. Dist. LEXIS 32139 (CA9 2014), "The showing must be more than '[l]egal conclusions[.] mere memoranda of law[,] or allegations.'" Fortney @ 121.

In Young v. Martin, 19 L.Ed 418, 8 Wall 354, 357 (1869), the Supreme Court stated, "These entries do not present the action of the court and the exceptions in such form that we can take any notice of them." "Unless so signed and sealed they do not constitute any part of the record which can be considered."

The 10th Circuit has continually quoted the 7th Circuit's ruling on affidavits in U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981), "[n]o more than that [Affidavits] is necessary to make the prima facie case." See, e.g., Johnson v. U.S., 2016 U.S. Dist. LEXIS 134855 (DC10, September 26, 2016), also Bal. Fin. Mgmt., Inc. supra.

With the prima facie case established by Armstrongs affidavit, the burden shifted to Respondent to rebut Armstrong's claims, by Affidavit. Once Armstrong made a prima facie showing by affidavit the Respondent bears a heavy burden of factually refuting Armstrong's allegations of demonstrating an affirmative defense such as a lack of good faith without an opposing sworn affidavit. See, Kis, supra.

Respondent had failed to meet that burden, in their attempts to sway this court with unsworn/uncertified testimony and mere memoranda of law which now must be set-aside as non-responsive and struck from the record.

## IV. DUE PROCESS VIOLATIONS = LACK OF SUBJECT MATTER JURISDICTION = VOID JUDGMENT

At the heart of the matter before this court is the Constitutional Due Process violations which occurred prior to the indictment of Armstrong and tolled all time from that point forward. (See Motion and Affidavit in Support). Once those Due Process violations occurred, the court lost any pretext of having subject matter jurisdiction over the case and the judgment subsequent to those Constitutional violstions of Due Process is **VOID**; not merely voidable. Any amount of time no matter how short or long can cure that error. Defects in procedural rules may be waived

or forfeited by a party who fails to object properly, whereas defects in a courts subject-matter jurisdiction go to the inherent power of the court and cannot be waived or forfeited.

The Supreme Court in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) stated; "Subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (emphasis added); U.S. v. Cotton, 535 U.S 625, 630 (2002, more over, courts ... have an independent obligation to determine subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). When a federal court is shown that it lacks subject-matter jurisdiction, the court MUST dismiss the complaint in its entirety. See, 16 Moore, :106.66[1] pp. 106-88 to 106-89.

Supreme Court dicta in, Kontrick v. Ryan, 546 U.S. 443 (2003), "A litigant generally may raise a courts lack of subject matter jurisdiction at any time..." Mansfield C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be raised at any stage of the proceedings, and the court should raise the question sua sponte.); Capron v. Van Noorden, 2 Cranch 126, 127 (1804) (judgment loser successfully raised lack of [subject-matter] jurisdiction for the first time before the Supreme Court.)" F.R.Cv.P. 12(h)(3) states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject-matter the court SHALL dismiss the action." Id. Kontrick, supra.

The Governments Respondent continued assumption that the rules don't apply to them is contradicted by 10th Circuit and Supreme Court dicta cited herein. But does show Respondents lack

of compliance to, and adherence to, those rules, precedents and Constitutionally protected mandates in its handling of this case from day one.

V. CONCLUSION

Armstrong avers that Respondents unsworn/uncertified opposition to his Verified Motion to Set-Aside Judgment and Affidavit in Support must be accordingly struck from the record as unquestionably it does not meet their burden to rebut Movant's prima facie good faith showing. That Armstrong, [develop[ed] [] facts from which a court might infer a possibility of some wrongful [government] conduct." Kis @ 540, is undisputed.

Respondent was required to respond with factual support by Affidavit. Legal conclusions or mere memoranda as tendered does not suffice. At this stage, Respondent's failure to respond to Armstrong's prima facie good faith showing of Due Process Constitutional violations, and Respondents failure to produce a proper legally admissible affirmative defense, leaves Movant's Verified Motion and Supporting Affidavit, UNCONTESTED.

This court should GRANT Armstrong's Relief Requested in his uncontested Motion and Affidavit in Support pursuant to F.R.Cv.P. 60(b)(4) in its entirety and dispose of this proceeding on Movant's papers before it alone, without an evidentiary hearing and seal the record from the public forthwith.

VI. VERIFICATION

I, Richard Kellogg Armstrong, declare under the pains of penalty for perjury, pursuant to Title 28 U.S.C. §1746, that the foregoing it true, correct, complete and not meant to mislead to the best of my knowledge and belief.

Executed this the 20TH day of March, 2018.

Richard Kellogg Armstrong

(Seal)

Richard Kellogg Armstrong
Fed. Reg. No.: 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA 93436-2705

CERTIFICATE OF SERVICE

I, Richard Kellogg Armstrong hereby certify that I have served a true and correct copy of;

GENERAL TRAVERSE TO GOVERNMENT'S UNSWORN/UNCERTIFIED OPPOSITION AND AS SUCH IS LEGALLY NON-RESPONSIVE AND MUST BE SET-ASIDE AND STRUCK FROM THE RECORD

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following listed parties/persons by placing a complete copy of the above described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

⇔20413-298⇔
U S D C Clerk Of The Court
901 19TH ST
Gregory C. Langham
Denver, CO 80294-3589
United States

⇔20413-298⇔
U S Dept Of Justice Col
1225 17TH ST
Suite 700
Denver, CO 80202
United States

and deposited same with prison officials here at the Federal Correctional Institution in Lompoc, California, on this the 20TH day of March, 2018.

Pursuant to Title 28, United States Code section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this the 20TH day of March, 2018.

(Signature) Richard Kellogg Armstrong
Printed Name: Richard Kellogg Armstrong
Federal Register # 20413-298
Federal Correctional Institution (Low)
3600 Guard Road, Lompoc, CA 93436-2705
No Telephone/Fax/E-Mail Available

(Seal)