# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

Chris Wolpert
Chief Deputy Clerk

August 15, 2017

Richard Kellogg Armstrong
FCI - Lompoc
3600 Guard Road
Lompoc, CA 93436-2705
#20413-298

Dear Mr. Armstrong,

The court is in receipt of your "Motion to Set Aside Judgment Pursuant to F.R.Cv.P. 60(b)(4) and/or Title 28 U.S.C. §165,1 the All Writs Act."

You do not have a pending matter in this court. Please note that this is a court of limited jurisdiction and that the Federal Rules of Appellate Procedure and the Tenth Circuit Rules apply in this court. You may not file a motion to set aside judgment in this court in the first instance. The jurisdiction of this court is limited to cases and controversies brought in accordance with federal law and rules of procedure. The court's primary jurisdiction is over appeals from final decisions made by the federal district courts within this circuit. We find no basis for this court's jurisdiction over your motion. The motion therefore cannot be accepted for filing nor can the court take any action on it. Accordingly, we are returning the motion to you.

Sincerely,

Lindy Lucero Schaible
Counsel to the Clerk

Enclosure:    Motion to Set Aside Judgment Pursuant to F.R.Cv.P. 60(b)(4) and/or Title 28 U.S.C. §1651 the All Writs Act" Received August 8, 2017

7015 0640 0003 4678 6715

Certifed Mail Return Receipt No.: 7015 0640 0003 4678 6715

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
Federal Correctional Institution
Lompoc, Low
3600 Guard Road
Lompoc, CA  93436-2705

8 August, 2017

Clerk of the Court
United States Court of Appeals
for the Tenth Circuit
1823 Stout Street
1st Floor
Denver, CO  80257

Re:  Enclosed Motion to Set Aside Judgment Pursuant to F.R.Cv.P.
     60(b)(4) and/or Title 28 U.S.C. §1651 the All Writs Act.

Dear Clerk:

     Please find the above captioned Motion with attachments
enclosed.  This Motion is being brought before this Court of
Appeals because Defendant, Richard Kellogg Armstrong, is alleging
a Criminal Conspiracy, Bias and Judicial Misconduct against the
District Court.

     The Rules and Law are clear that the District Court has
no jurisidiction and the judgment is void.  Please forward the
enclosed proposed ORDER to the appropriate judge for immediate
execution.

     If after three (3) days from your receipt of this Motion
I haven't heard from this court, I will assume a denial of my
rights from this court also and will take the issue directly
to the Supreme Court and the media for their opinion.

     Thank you in advance for your prompt time and attention
to this matter.

     Sincerely,

     Richard Kellogg Armstrong

attachments:  as described above

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
Federal Correctional Institution
Lompoc - Low
3600 Guard Road
Lompoc, CA  93436-2705

In Pro se

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

| | |
|---|---|
| Richard Kellogg Armstrong,<br>　　Defendant | )<br>) D.C. Case Nos.: 1:10-MJ-01088-KLM<br>)　　　　　　　 1:10-CR-00317-REB-2<br>) |
| v. | )<br>) MOTION TO SET ASIDE JUDGMENT<br>) PURSUANT TO F.R.CV.P. 60(B)(4)<br>) AND/OR TITLE 28 U.S.C. §1651, |
| UNITED STATES OF AMERICA,<br>　　Plaintiff | ) THE ALL WRITS ACT<br>)<br>) VERIFIED |

I.                    RELIEF REQUESTED

Comes now, Richard Kellogg Armstrong, pro se, Defendant,
moves this court, pursuant to Rule 60(b)(4) and/or Title 28 U.S.C.
§1651, for an order setting aside a void judgment entered in
Case Numbers 1:10-MJ-01088-KLM and 1:10-CR-00317-REB-2.

This Motion is based on this Document, the attached Affidavit
of Richard Kellogg Armstrong, the Docket in Case Nos. 1:10-MJ-01088-
KLM and 1:10-CR-00317-REB-1 and all of the pleading, papers,
and other records on file in this action.

Relief is sought on the basis that the judgment is void for
lack of subject matter jurisdiction, not merely voidable, because
of violations of Defendants Constitutionally protected rights
enumerated herein.  Relief may not be denied even if the court
finds that the neglect that led to the judgment in question was
inexcusable, even if the court believes that the requested relief

1

will unduly prejudice the government opposing relief, and even if the court determines that Defendant's defense to the action is without merit.

Defendant avers that the Constitution for the United States and its subsequent Amendments are the Supreme Law for the United States and like the Ten Commandments in the Bible for Christians around the world they are not merely suggestions, they are the rules that may not be broken or the offender must suffer the consequences.

II.                    GROUNDS FOR RELIEF

The judgment in this matter must be set aside because the District Court lacked subject matter jurisdiction to render it. As more fully explained below and in the Affidavit of Defendant attached hereto and incorporated fully herein.

A)   NO NOTICE OF GRAND JURY SELECTION IN VIOLATION
     OF FEDERAL RULES OF CRIMINAL PROCEDURE 6 & 24.

From the days of the common law up to and including the present day an interested party has had the right to challenge the array or individual grand jurors. F.R.Cr.P. 24 - Trial Jurors - outlines the procedure and number of challenges available to both prosecution and defense for Grand Jury and petit jurys. F.R.Cr.P. 6 - The Grand Jury - at section (b)(1) - Objection to the Grand Jury or to a Grand Juror - Challenges - states:

> "Either the Government or a defendant may challenge
> the Grand Jury on the ground that it was not lawfully
> drawn, summoned, or selected, and may challenge an
> individual juror on the ground that the juror was
> not legally qualified."

Rule 6 goes on at section (b)(2) - Motion to Dismiss an Indictment -

> "... The Motion to dismiss is governed by 28 U.S.C.
> §1867."

2

28 U.S.C. §1867 states in pertinent part at section (d):

"... If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending selection of a grand jury in conformity with this title or dismiss the indictment, which ever is appropriate." (emphasis added).

The requirement is that defendants challenges shall be made before administration of the oath to the jurors.  The right to object to irregularities in drawing or impaneling the grand jury or to the legal qualifications of Grand Jurors is not lost by the lack of opportunity or by failure to challenge.

Since the defendant or his representative were never Noticed, and thus were not present, they could not very well "challenge an individual juror on the ground that the juror was not legally qualified" as provided by F.R.Cr.P. 6 & 24.

The failure to Notice Defendant and allow him his Constitutionally protected right to challenge the array of the Grand Jury is a multiple violation of the 4th Amendment, his liberty interests have been violated by failure to comply with the Federal Rules and statutes, 5th Amendment, Due Process violation for failure to Notice defendant of the Grand Jury selection because a defendant has a right to be present at every stage of trial, including jury impanelment.  Which means a defendant must be present at any stage of the criminal proceeding, beginning with the voir dire of the Grand Jury during which challenges are made.  This is a critical distinction, and the 6th Amendment violations as this voids judgment because the government's failure to follow the statutory or procedural requirements denied defendant his day in court, by not allowing defendant to participate in the voir dire process of a Grand Jury of his peers Constitutes another

denial of Due Process.

Defendant has a Constitutional right to have his indictment dismissed as it was returned by a illegitimate Grand Jury.

"This issue has not been adjudicated by the District Court as mandated by, and in the manner contemplated by, the statute [and Rules of Criminal Procedure] [] in our view, it must be so adjudicated [] and judgment entered therein is void..." <u>Great American Trading Corp. v. I.C.P. Cocoa, Inc.</u>, 629 F.2d 1282 (7th Cir. 1980).

B.   <u>MAGISTRATE JUDGE TOOK PLEA AT ARRAIGNMENT</u>

At the arraignment, a Magistrate Judge took a plea of not guilty and entered it on the record.  (See Docket and Affidavit attached).  This was done in violation of a Magistrate's enumerated duties.  See 28 U.S.C. §§ 631-636 et seq.  And in violation of Article III of the Constitution and the separation of powers being that the Magistrate is an Administrative position under the Executive Branch of government not the Judicial Branch.

The phrase "coram non judcie;" means "before a person not a judge" applies, meaning, in effect that the proceeding where the Magistrate asked for and took a plea from Defendant was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a criminal judgment.  A Magistrate Judge being an administrative position has no judicial authority.

A Magistrate Judge may not require or even ask for a plea to charges. if the charges against the arrestee is not triable before a Magistrate Judge; the Magistrate Judge handling the arraignment may not ask the arrestee to plead to charges at that

time.

Once a Magistrate took a plea from Defendant any judgment rendered by the District Court is void as the District Court lost subject matter jurisdiction and has no power to adjudicate the matter before it.

C.   <u>CRIMINAL CONSPIRACY AND BIAS</u>.

The Magistrate Judge, U.S. Attorney, District Court Judge, and Defense Counsel are involved in a Criminal Conspiracy and Bias  against Defendant because as those educated in the law, they knew, or should have known, that Congress enacted the Federal Rules of Criminal Procedure, specifically Rules 3 thru 12 addressed herein, as a procedural protection to the 4th, 5th and 6th Amendments.

Defendant shows multiple violations of those Rules which reflect the 4th, 5th and 6th Amendment violations and the blatant disregard by these government actors for Defendant's Constitutionally protected rights and their oaths of office to protect those same rights.

As shown in both issues A and B above, these actors conspired jointly and severally to violate Defendant's 4th Amendment Right to his Liberty Interest.  His 5th Amendment Right to Due Process of Law.  And his 6th Amendment Right to Effective Assistance of Counsel.  These violations of the Constitutionally protected rights codified by Congress in both the Federal Statutes and Federal Rules voided any subject matter jurisdiction the District Court may have had.  And once lost, because of those violations, cannot be recovered or conferred back to the District Court.

Thus, the indictment is invalid and the judgment **is** void as opposed to voidable because the Court and its actors acted

in a manner inconsistent with the Constitution and Due Process
of Law.

III.                          ANALYSIS

   i)   Rule 60(b)(4).

Although Rule 60(b)(4) requires parties to request vacation
within a reasonable time, "The reasonable time criteria of Rule
60(b) as it relates to void judgments means no time limit."  Rodd
v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir. 1986).  This
is because a void judgment, [], is a legal nullity, which cannot
be validated by the passage of time, even if the time is inordinate.
Pacurar v. Hernly, 611 F.2d 179, 181 (7th Cir. 1979).

"If the trial court has no jurisdiction over the action,
'it is per se abuse of discretion to deny the [60(b)(4)] motion.'"
Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir.
1986).

Under this standard, even lengthy delays between a [] judgment
and filing a Rule 60(b)(4) motion do not preclude relief.  The
Seventh Circuit courts have vacated judgments even after extremely
long periods of time.  In Taft v. Donellan Jerome, Inc., 407
F.2d 807, 808 (7th Cir. 1969), for example, the plaintiff waited
thirteen (13) years to challenge jurisdiction.

There are no time limits on F.R.Cv.P. 60(b)(4) attack on
judgment as void: one year limit applicable to some F.R.Cv.P.
60(b) motions is expressly inapplicable and requirement that
motion be made within "reasonable time" cannot be enforced with
regard to F.R.Cv.P. 60(b)(4) motion.  New York Life Ins. Co.
v. Brown, 84 F.3d 137 (CA5 La 1996); see also Uniteed States
v. One Toshiba Color TV, 213 F.3d 147 (CA3 Pa 2000).  There are

no time limits with regards to challenge to void judgment (F.R.Cv.P. 60(b)(4)) because its status as nullity.

An alternate, and more generic test for whether a judgment is void in context of a Rule 60(b)(4) motion for relief is whether "the judgment was entered in violation of Due Process." Thus, any judicial conduct that denies the movant a meaningful opportunity to participate in the litigation renders a judgment void for lack of Due Process.

Every Rule 60(b) motion is theoretically, subject to the court's discretion. However, if a judgment is void, the only way that the court may exercise its discretion is by granting relief. In other words, if a court determines that a judgment is truly void, as avered herein, the court really has no discretion at all; it must recognize that the judgment is a nullity and grant relief. Also, when a judgment as here is void; the moving party need not show that he has a meritorious claim or defense. Such instances fit into a slightly less restrictive definition offered by the Seventh Circuit when it declared that "[a] void judgment is one which from its inception, was a complete nullity and without legal effect." United States v. Zima, 766 F.2d 1153, 1159 (7th Cir. 1985).

ii)  28 U.S.C. §1651.

The All Writs Act, 28 U.S.C. §1651, is a federal statute that gives the U.S. Supreme Court and all other federal courts established by Congress the power to issue all writs necessary in aid of their jurisdiction and in conformity with the usages and principles of law.

This Court of Appeals has appellate jurisdiction over

the District Court avered herein that had no subject matter juris-
diction once it was lost by virtue of the Due Process violations
committed against Defendant as outlined herein in sections A,
B, and C of this motion.

Since subject matter jurisdiction of the District Court was lost,
there is no discretion available but for the Appellate Court
using their appellate jurisdiction to dismiss the action against
Defendant and release him from his unlawful imprisonment.

   iii) AFFIDAVIT OF DEFENDANT.

   Every Federal District in the United States has quoted the
Seventh Circuit ruling on Affidavits in, U.S. v. Kis, 658 F.2d
526 (7th Cir. 1981). "[n]o more than that [Affidavits] is necessary
to make the prima facie case." Id. @ 536. "All the [Defendant]
needs to do is develop facts from which a court might **infer** a
possibility of some wrongful conduct by the Government. He need
not be able to prove that the wrongful conduct in fact exists."
Id. @ 540. (emphasis in original). "The District Courts should
dispose of proceeding on the papers before it and without any
evidentiary hearing." Id. @ 539. "An adequate record exists
upon which the court may decide the issues." Id. @ 542. "The
[Defendant] need only file an affidavit setting forth the elements
of a prima facie showing of its good faith." Id. @ 536.

   The Plaintiff bears the burden of establishing subject matter
jurisdiction by preponderance of evidence. The due process violations
against Defendant outlined in the attached Affidavit states the
facts that show the indictment and courts judgment is void as
the Grand Jury and District Court had no jurisdiction to issue
them. The action must be dismissed and Defendant ordered to

be released from his unlawful imprisonment.

    iv)   <u>SUBJECT MATTER JURISDICTION</u>.

"A jurisdictional defect must be noticed at any time.  See F.R.Cv.P. 12(h)(3).  Once jurisdiction is challenged the burden is upon the party claiming jurisdiction to demonstrate that jurisdiction of the subject matter exists." <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178 (1935).

This case begins and ends with the determination of subject matter jurisdiction.  F.R.Cv.P. 12(h)(3).  As the Supreme Court noted in <u>Freytag v. Commissioner</u>, 501 U.S. 868, 896-97 (1991). "But the question before us here involves the  effect of waiver not ex ante but ex post - its effect not upon right but **remedy**; Must a judgment already rendered be set aside because of an alleged structural error in which the losing party did not properly object? There is no reason in principle why that should be so.  It will sometimes be so - not, however, because the error was structural, but because, whether structural or not, it deprived the federal court of its requisite subject matter jurisdiction.  Such an error may be raised by a party, and indeed must be noticed sua sponte by a court, at all points in the litigation." See, e.g., <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 17-18 (1951); <u>Mansfield, C&L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884); <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127 (1804).  Since such a jurisdictional defect deprives the court of its power over such case or controversy."

A jurisdictional defect of a lack of subject matter jurisdiction of a case in a federal court, of course, precludes further adjudication and the case must be dismissed."

IV.                    CONCLUSION

The District Court is without discretion and precludes the court from ignoring its lack of subject matter jurisdiction. Judgment is void when the court that rendered it did not have jurisdiction and the passage of time does not give validity to such void judgment.

As Defendant is being denied his liberty interest on a void judgment, he should not have to wait to be released, even for the relatively short period of time until a hearing takes place.

V.                    PRAYER FOR RELIEF

Defendant prays that this court sign the attached proposed order which:

1.   GRANTS this motion in its entirety without dalay; and,

2.   Issues an Order of Immediate Release for Defendant; and,

3.   Orders the Clerk of the Court to transmit that order of Release to the U.S. Marshal's Service for immediate execution.

VI.                   VERIFICATION

I, Richard Kellogg Armstrong, declare pursuant to Title 28 U.S.C. §1746 that this Motion and Attachments are true, correct, complete and not meant to mislead, to the best of my knowledge and belief.

Executed this the *8TH* day of August, 2017.

Respectfully submitted,

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI - Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436-2705

(Seal)

10

## AFFIDAVIT OF RICHARD KELLOGG ARMSTRONG

county of Santa Barbara    )
                           )    scilicet/videlicet
California state           )

  U.S. v. Kis, 658 F.2d 526 (7th Cir. 1981). "Indeed,
no more than that [Affidavits], is necessary to make
the prima facie case." Id. @ 536. "Moreover the
threshold of relevance is a low one." Id. @ 537.
"All the [Defendant] needs to do is develop facts from
which a court might infer a possibility of some wrong-
ful conduct by the Government. He need not be able
to prove that the wrongful conduct in fact exists."
Id. @ 540 (emphasis in original).

  I, Richard Kellogg Armstrong, hereinafter, "Affiant" declare

under the pains of penalty for perjury that; I am a resident

of California state; an American National citizen; I am over

the age of twenty-one (21) year; And I have personal knowledge

of the facts as stated herein; And I am competent to testify as

to the facts declared herein. Affiant states:

1) **THAT**, on May 20, 2010, I was arrested at the Calexico, Cali-
fornia airport; and,

2) **THAT**, I was immediately transported to the Imperial County
Jail, in Imperial County, California, where I was held as a Federal
Prisoner; and,

3) **THAT**, I was initially represented by an attorney, then pro
se, then again represented by an attorney from 06/18/2010 to
01/15/2011 and have represented my self since that date; and,

4) **THAT**, I was not informed of the impaneling of the Grand
Jury and at no time was I present or represented or given the
opportunity to challenge the Grand Jury array or individual Grand
Jurors as provided by Federal Rules of Criminal Procedure, Rules
6 and 24 and Title 28 U.S.C. §1867, prior to or after the Grand
Jury being sworn in; and,

5) **THAT**, the Docket Report for Case No. 1:10-MJ-01088-KLM shows
my arrest on May 20, 2010, an initial Appearance/Arraignment/
Detention in Imperial county before Magistrate Judge Kristen
L. Mix on 2l May, 2010.

6) **THAT**, on June 8, 2010, an indictment was entered on Docket
Report for Case No. 1-10-CR-00317-REB-2 but does not indicate

where or when the Grand Jury hearing was held and was Eighteen
(18) days following my arrest.  (docket entry no. 5); and,

7)    **THAT,** Affiant has filed multiple pre-trial and post-trial
motions to dismiss for lack of subject matter jurisdiction, which
were all summarily denied by Judge Robert E. Blackburn; and,

8)    **THAT,** Affiant files a Federal Rules of Criminal Procedure,
Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to
the Tenth Circuit Court of Appeals because Affiant alleges a
Criminal Conspiracy and Bias on the part of Magistrate Judge
Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn,
Assistant United States Attorney, Kenneth Mark Harmon, Federal
Public Defender, Richard K. Kornfeld, and Assistance of Counsel,
David L. Owen; and,

9)    **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya,
District Court Judge Robert E. Blackburn, Assistant United States
Attorney, Kenneth Mark Harmon, Federal Public Defender Richard
K. Kornfeld, and Assistance of Counsel David L. Owen, knew or
should have known that they severally and jointly violated Affiants
4th, 5th, and 6th Amendment, Constitutional rights when they
acted in a manner inconsistent with Due Process of Law, and the
Court's actions involved plain usurpation of power, as enumerated
fully in the attached Motion; and,

10)   **THAT,** on June 21, 2010, another arraignment was held before
Magistrate Judge Kathleen M. Tafoya with Richard Kent Kornfeld
as my attorney, who, at the request of Magistrate Judge Kathleen
M. Tafoya entered a plea of NOT GUILTY. (Docket Entry No. 23);
and,

11)   **THAT,** on February 15, 2011, a superseding indictment was
entered, presumably as the result of another Grand Jury hearing,
date not specified, to which Affiant was not invited to attend
to secure his rights to challenge the array.  (Docket entry no.
140); and,

12)   **THAT,** on March 2, 2011, a re-arraignment on superseding
indictment was held before magistrate Judge Kathleen M. Tafoya.
A plea was requested and a answer of NOT GUILTY was entered on
the record.  (Docket entry No. 157); and,

13)   **THAT,** Affiant files a Federal Rules of Civil Procedure,
Rule 60(b)(4) and/or Title 28 U.S.C. §1651 Motion directly to
the Tenth Circuit Court of Appeals because Affiant alleges a
Criminal Conspiracy and Bias on the part of Magistrate Judge,
Kathleen M. Tafoya, District Court Judge, Robert E. Blackburn,
AUSA, Kenneth M. Harmon, Federal Public Defender, Richard Kent
Kornfeld and Assistance of Counsel, David L. Owen; and,

14)   **THAT,** Affiant avers that Magistrate Judge, Kathleen M. Tafoya,
District Court Judge, Robert E. Blackburn, AUSA, Kenneth Mark
Harmon, Federal Public Defender, Richard Kent Kornfeld, and
Assistance of Counsel, David L. Owen, knew or should have known

that they severally and jointly had violated Afiant's 4th, 5th, and 6th Amendment, Constitutional Rights when they acted in a manner inconsistent with Due Process of Law, and the Court's actions involved plain ursurpation of power, as enumerated fully in the attached motion; and,

15) **THAT**, Affiant believes that the rampant disregard for Affiant's Constitutional rights is a ongoing Criminal Conspiracy being perpetrated by the Magistrate Judge, District Court Judge, U.S. Attorney, Federal Public Defender, and Assistant Counsel; and,

16) **THAT**, Affiant avers that the indictment and judgment in Case No. 1-10-CR-0317-REB-2 is void and a legal nullity.  That the violation of Due Process caused the court to lose subject matter jurisdiction over Affiant; and,

17) **TAHT**, Affiant never knowlingly or voluntarily conferred subject matter jurisdiction to the District Court at any time; and,

18) **THAT**, Affiant has surveyed District Court Dockets in all 11 Circuits and found the same fatal flaw by the Constitutional Rights violations, and the same pattern of rampant Criminal Conspiracy and Judicial Misconduct in every other District Court surveyed. This problem is not limited to just this Affiant.

Further Affiant Sayeth Not.

## VERIFICATION

I, Richard Kellogg Armstrong, declare pursuant to Title 28 U.S.C. §1746, under the pains of penalty for perjury that the foregoing is true, correct, complete and not meant to mislead to the best of my knowledge and belief.

Executed this the _8TH_ day of August, 2017.

Richard Kellogg Armstrong
Fed. Reg. No. 20413-298
FCI Lompoc - Low
3600 Guard Road
Lompoc, CA  93436-2705

(Seal)

attachments:  Docket pages for Case No.
             1:10-CR-00317-REB-2

3

LexisNexis CourtLink - Show Docket                                                    50

|  |  |  |
|---|---|---|
|  |  | been established. Arraignment and Discovery Hearing set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ONLY ENTRY – NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/14/2010) |
| 06/11/2010 | 10 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland; Initial Appearance as to Richard Kellogg Armstrong held on 6/11/2010. AUSA Ken Harmon; Defendant present in custody without counsel; Pretrial Sue Heckman; The government moves to unseal this case. ORDERED: Government's oral motion to unseal is GRANTED. Defendant advised. Defendant is not requesting court appointed counsel. Arraignment, Discovery and Detention (Detention if a motion to reopen detention is filed) set for 6/16/2010 10:00 AM in Courtroom A401 before Magistrate Judge Boyd N. Boland. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED (Tape #FTR BNB PM) (labsl, ) (Entered: 06/11/2010) |
| 06/09/2010 | 9 | ORDER by Magistrate Judge Boyd N. Boland on 6/9/2010, granting 7 Motion to Seal Case as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (tilsl, ) (Entered: 06/10/2010) |
| 06/09/2010 | 8 | Rule 5(c)(3) Documents Received from the Southern District of California as to Richard Kellogg Armstrong (tilsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 7 | MOTION to Seal Case by USA as to Richard Kellogg Armstrong, Curtis L. Morris. (tilsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 6 | Arrest Warrant Issued in case as to Curtis L. Morris. (tilsl, ) (Entered: 06/09/2010) |
| 06/08/2010 | 5 | INDICTMENT as to Curtis L. Morris (1) count(s) 1, 2-3, 4-7, 8-9, Richard Kellogg Armstrong (2) count(s) 1, 4-7. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong) (tilsl, ) (Entered: 06/09/2010) |
| 05/18/2010 | 4 | ORDER granting 3 Motion to Seal Case as to Richard Kellogg Armstrong (1) by Magistrate Judge Kristen L. Mix on 5/18/2010. (tilsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 3 | MOTION to Seal Case by USA as to Richard Kellogg Armstrong. (tilsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 2 | Arrest Warrant Issued in case as to Richard Kellogg Armstrong. (tilsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |
| 05/18/2010 | 1 | COMPLAINT as to Richard Kellogg Armstrong (1). (Attachments: # 1 Criminal Information Sheet) (tilsl, ) [1:10-mj-01088-KLM *SEALED*] (Entered: 05/18/2010) |

Copyright © 2015 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

A0049018_68-000000

|            |    |    |
|------------|----|----|
|            |    | on 6/21/2010. AUSA Kenneth Harmon; Defendant present in custody with Richard Kornfeld; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Richard Kellogg Armstrong. Discovery memorandum executed. Evidence and testimony from government's witness Greg Flynn. Government's exhibits 1 and 2 admitted. Argument regarding detention. ORDERED: Defendant detained. Counsel to chambers. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT PM) (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 22 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Discovery Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kenneth Harmon; Defendant's presence was waived for this proceeding; Defense counsel Lisa Wayne present. Discovery memorandum executed. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT PM) (lab, ) (Entered: 06/22/2010) |
| 06/21/2010 | 21 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: Arraignment, Discovery and Bond Hearing as to Curtis L. Morris held on 6/21/2010. AUSA Kasandra Carleton (For Kenneth Harmon); Defendant present in custody with Lisa Wayne; Pretrial Sue Heckman. Plea NOT GUILTY on all counts entered by Curtis L. Morris. Defendant released on a $50,000 Unsecured bond with conditions. Defense counsel requests a continuance on the discovery hearing. Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant's presence is waived for the discovery hearing. Defendant remanded for release. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR KMT AM) (lab, ) (Entered: 06/21/2010) |
| 06/18/2010 | 20 | CJA 20: Appointment of Lisa Monet Wayne for Curtis L. Morris by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/18/2010 | 19 | CJA 20: Appointment of Richard Kent Kornfeld for Richard Kellogg Armstrong by Magistrate Judge Boyd N. Boland on 6/18/2010. (smatl, ) (Entered: 06/18/2010) |
| 06/16/2010 | 18 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 17 | Sealed Document-Financial Affidavit (labsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 16 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (kltsl, ) (Entered: 06/17/2010) |
| 06/16/2010 | 15 | Arrest Warrant Returned Executed on 6/11/10 in case as to Curtis L. Morris. (kltsl, ) Modified on 6/18/2010 to correct date of arrest (kltsl, ). (Entered: 06/17/2010) |
| 06/16/2010 | 14 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment, Discovery and Detention Hearing as to Richard Kellogg Armstrong held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. Defendant has not retained counsel. Financial affidavit reviewed. CJA appointed. Arraignment, Discovery and Detention Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |
| 06/16/2010 | 13 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Arraignment and Discovery Hearing as to Curtis L. Morris held on 6/16/2010. AUSA Kenneth Harmon; Defendant present in custody without counsel; Pretrial Keith Williams. The court gives the Faretta advisement to the defendant. CJA appointed. Arraignment and Discovery Hearing continued to 6/21/2010 2:30 PM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Defendant remanded. TEXT ENTRY ONLY-NO DOCUMENT ATTACHED. (Tape #FTR BNB AM) (lab, ) (Entered: 06/16/2010) |
| 06/14/2010 | 12 | Arrest Warrant Returned Executed on 6/11/10 in case as to Richard Kellogg Armstrong. (labsl, ) (Entered: 06/14/2010) |
| 06/14/2010 | 11 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Initial Appearance as to Curtis L. Morris held on 6/14/2010. AUSA Kenneth Harmon; Defendant present in custody without Counsel; Pretrial Sue Heckman. Defendant advised. Defendant is not requesting court appointed counsel. Bond set as to Curtis L. Morris (1) $50,000 Unsecured with the condition of electronic home monitoring. Defendant to be brought to court for release once electronic home monitoring has |

*Arrest 5/20/10*
*Not 6/11*

| 01/18/2011 | 113 | MOTION to Appoint New Counsel by Richard Kellogg Armstrong. (tllsl, ) (Entered: 01/19/2011) |
|---|---|---|
| 01/14/2011 | 112 | NOTICE by Richard Kellogg Armstrong (tllsl, ) (Entered: 01/19/2011) |
| 01/14/2011 | 110 | MINUTE ORDER by Judge Robert E. Blackburn on 1/14/2011, Setting Hearing on Motion 109 as to Richard Kellogg Armstrong, Curtis L. Morris. Motion Hearing set for 1/21/2011 11:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 01/14/2011) |
| 01/14/2011 | 109 | WITHDRAWN; MOTION to Continue by Richard Kellogg Armstrong. (Owen, David) Modified on 1/28/2011 to withdraw per 128 (tllsl, ). (Entered: 01/14/2011) |
| 01/13/2011 | 173 | Ex Parte Document. (smatl, ) (Entered: 03/24/2011) |
| 01/11/2011 | 108 | NOTICE OF ATTORNEY APPEARANCE: David L. Owen, Jr appearing for Richard Kellogg Armstrong (Owen, David) (Entered: 01/11/2011) |
| 01/07/2011 | 107 | CJA 20: Appointment of David L. Owen, Jr for Richard Kellogg Armstrong by Magistrate Judge Michael J. Watanabe on 1/7/2011. (smatl, ) (Entered: 01/07/2011) |
| 01/05/2011 | 159 | Ex Parte Document. (smatl, ) (Entered: 03/08/2011) |
| 01/05/2011 | 106 | MINUTE ORDER by Magistrate Judge Michael J. Watanabe on 1/5/2011 granting 104 Motion to Withdraw as Attorney. Richard Kent Kornfeld withdrawn from case as to Richard Kellogg Armstrong (2). IT IS FURTHER ORDERED that new counsel from the CJA Panel be appointed to represent Defendant Richard Kellogg Armstrong.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 105 | MEMORANDUM regarding 104 MOTION to Withdraw as Attorney by Richard Kornfeld filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Michael J. Watanabe.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (romsl, ) (Entered: 01/05/2011) |
| 01/05/2011 | 104 | MOTION to Withdraw as Attorney by Richard Kornfeld by Richard Kellogg Armstrong. (Kornfeld, Richard) (Entered: 01/05/2011) |
| 01/03/2011 | 138 | Ex Parte Document. (pponi, ) (Entered: 02/04/2011) |
| 12/23/2010 | 103 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/23/2010) |
| 12/15/2010 | 102 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 12/15/2010) |
| 12/06/2010 | 101 | ORDER by Judge Robert E. Blackburn on 12/06/2010 granting 92 Motion to Disclose Grand Jury Material as to Curtis L. Morris (1), Richard Kellogg Armstrong (2). (prhsl) (Entered: 12/06/2010) |
| 12/02/2010 | 100 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 12/02/2010) |
| 11/19/2010 | 99 | Ex Parte Document. (pponi, ) (Entered: 11/30/2010) |
| 11/19/2010 | 98 | Ex Parte Document. (smatl, ) (Entered: 11/29/2010) |
| 11/18/2010 | 97 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/18/2010) |
| 11/12/2010 | 96 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/12/2010) |
| 11/10/2010 | 95 | Ex Parte Document. (Kornfeld, Richard) (Entered: 11/10/2010) |
| 11/03/2010 | 94 | Ex Parte Document. (Attachments: # 1 Exparte Attachment, # 2 Exparte Attachment)(Kornfeld, Richard) (Entered: 11/03/2010) |
| 10/20/2010 | 93 | MANDATE of USCA as to Richard Kellogg Armstrong re 86 USCA Order/Opinion/Judgment, 56 Notice of Appeal: Affirmed. (USCA Case No. 10-1345) (bjrsl, ) (Entered: 10/21/2010) |
| 10/08/2010 | 92 | Joint MOTION to Disclose Grand Jury Material to Defendant Defense Expert and Investigators by Richard Kellogg Armstrong, Curtis L. Morris. (Kornfeld, Richard) (Entered: 10/08/2010) |

A0049018_62-000000

|  | | advisory counsel. Motion 109 withdrawn. See order at 128 . (Court Reporter: Suzanne Claar) (tllsl, ) (Entered: 01/31/2011) |
|---|---|---|
| 01/27/2011 | 128 | ORDER by Judge Robert E. Blackburn on 1/27/2011, withdrawing 109 Motion to Continue as to Richard Kellogg Armstrong (2). Motions due by 2/28/2011. Status Conference set for 4/1/2011 10:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 01/28/2011) |
| 01/27/2011 | 127 | NOTICE to the District Court, by Richard Kellogg Armstrong (tllsl, ) (Entered: 01/27/2011) |
| 01/26/2011 | 126 | MINUTE ORDER granting 123 Motion for Hearing as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 1/26/2011. SEE 125 . TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/26/2011) |
| 01/26/2011 | 125 | MINUTE ORDER Setting Hearing on Motion by Judge Robert E. Blackburn on 1/26/2011 as to Richard Kellogg Armstrong, Curtis L. Morris. The 109 MOTION to Continue, is set for 1/27/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tllsl, ) (Entered: 01/26/2011) |
| 01/25/2011 | 188 | Ex Parte Document. (smatl, ) (Entered: 04/06/2011) |
| 01/25/2011 | 123 | MOTION for Hearing by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/25/2011) |
| 01/24/2011 | 122 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/24/2011, granting 119 Motion for Order Directing US Marshal to Provide Hearing Aid Batteries as to Richard Kellogg Armstrong (2). TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/24/2011) |
| 01/24/2011 | 121 | MEMORANDUM regarding 119 MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries filed by Richard Kellogg Armstrong. Motion referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/24/2011) |
| 01/21/2011 | 124 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing 109 as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/21/2011. IT IS ORDERED that this hearing is VACATED and CONTINUED pending further order of the court. (Court Reporter: Suzanne Claar) (romsl, ) Modified on 1/26/2011 (romsl, ). (Entered: 01/25/2011) |
| 01/21/2011 | 120 | MINUTE ORDER by Magistrate Judge Boyd N. Boland on 1/21/2011 Setting Hearing on Motion 117 motion for bond modification as to Curtis L. Morris. Motion Hearing set for 2/1/2011 10:30 AM in Courtroom A 401 before Magistrate Judge Boyd N. Boland. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/21/2011) |
| 01/21/2011 | 119 | MOTION for Order Directing US Marshal to Provide Hearing Aid Batteries by Richard Kellogg Armstrong. (Owen, David) (Entered: 01/21/2011) |
| 01/21/2011 | 118 | MEMORANDUM regarding 117 First MOTION for Bond Modification filed by Curtis L. Morris. Motion referred to Magistrate Judge Boyd N. Boland.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/21/2011) |
| 01/20/2011 | 174 | Ex Parte Document. (smatl, ) (Entered: 03/25/2011) |
| 01/20/2011 | 117 | First MOTION for Bond Modification by Curtis L. Morris. (Wayne, Lisa) (Entered: 01/20/2011) |
| 01/20/2011 | 116 | NOTICE to principal is notice to agent by Richard Kellogg Armstrong (tllsl, ) (Entered: 01/20/2011) |
| 01/19/2011 | 115 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 1/19/2011, denying 113 Motion to Appoint New Counsel as to Richard Kellogg Armstrong (2).TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 114 | MEMORANDUM regarding 113 MOTION to Appoint Counsel filed by Richard Kellogg Armstrong, Motion(s) referred to Magistrate Judge Kristen L. Mix.TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tllsl, ) (Entered: 01/19/2011) |
| 01/19/2011 | 111 | Ex Parte Document. (Wayne, Lisa) (Entered: 01/19/2011) |

LexisNexis CourtLink - Show Docket                                                50

(tlsl, ) (Entered: 02/22/2011)

| 02/22/2011 | 145 | NOTICE OF ATTORNEY APPEARANCE Kevin F. Sweeney appearing for USA. (Sweeney, Kevin) (Entered: 02/22/2011) |
|---|---|---|
| 02/17/2011 | 144 | MOTION; NOTICE of challenge of jurisdiction by Richard Kellogg Armstrong (tlsl, ) Modified on 2/22/2011 to correct event to reflect a motion . (tlsl, ). (Entered: 02/18/2011) |
| 02/17/2011 | 143 | RESPONSE to Motion by USA as to Richard Kellogg Armstrong re 134 MOTION to Modify Order (Harmon, Kenneth) (Entered: 02/17/2011) |
| 02/16/2011 | 142 | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 2/16/2011 Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris re 140 Superseding Indictment. Re-Arraignment set for 3/2/2011 10:30 AM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (tlsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 253 | Ex Parte Document. (smatl, ) (Entered: 06/17/2011) |
| 02/15/2011 | 141 | Arrest Warrant Issued in case as to Larry Ray Hall. (tlsl, ) (Entered: 02/16/2011) |
| 02/15/2011 | 140 | SUPERSEDING INDICTMENT as to Curtis L. Morris (1) count(s) 1s-3s, 6s-22s, 28s, Richard Kellogg Armstrong (2) count(s) 1s, 6s-9s, 13s-16s, 25s-27s, 28s, Larry Ray Hall (3) count(s) 1, 4-5, 6-16, 23-24, 25-27, 28. (Attachments: # 1 Criminal Information Sheet Morris, # 2 Criminal Information Sheet Armstrong, # 3 Criminal Information Sheet Hall) (tlsl, ) (Entered: 02/16/2011) |
| 02/09/2011 | 139 | MINUTE ORDER by Judge Robert E. Blackburn on 2/9/2011 Re-Setting Hearing as to Richard Kellogg Armstrong, Curtis L. Morris. Status Conference is now set for 4/4/2011 08:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlsl, ) (Entered: 02/09/2011) |
| 02/04/2011 | 137 | MOTION to terminate and withdraw court appointed assisstance of counsel, by Richard Kellogg Armstrong. (tlsl, ) Modified on 2/7/2011 to correct typo (tlsl, ). (Entered: 02/04/2011) |
| 02/03/2011 | 136 | MINUTE ORDER as to Richard Kellogg Armstrong re 134 MOTION to Modify Order. Government responses due by 2/17/2011. by Judge Robert E. Blackburn on 2/3/2011. (tlsl, ) (Entered: 02/03/2011) |
| 02/03/2011 | 134 | MOTION to Modify Order 34 by Richard Kellogg Armstrong. (Owen, David) Modified on 2/4/2011 to add linkage (tlsl, ). (Entered: 02/03/2011) |
| 02/02/2011 | 135 | NOTICE to the District Court by Richard Kellogg Armstrong (tlsl, ) (Entered: 02/03/2011) |
| 02/02/2011 | 133 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Kornfeld, Richard) (Entered: 02/02/2011) |
| 02/01/2011 | 132 | Government EXHIBITS tendered to the court re: 130 Minute Entry by USA as to Curtis L. Morris. (Attachments: # 1 Exhibit 2A, # 2 Exhibit 2B, # 3 Exhibit 2C, # 4 Exhibit 3A, # 5 Exhibit 3B, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 7A)(romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 131 | EXHIBIT A re: 130 Minute Entry as to Curtis L. Morris (romsl, ) (Entered: 02/02/2011) |
| 02/01/2011 | 130 | Minute Entry for proceedings held before Magistrate Judge Boyd N. Boland: Motion Hearing as to Curtis L. Morris held on 2/1/2011 re 117 First MOTION for Bond Modification filed by Curtis L. Morris. AUSA Kenneth Harmon; Defendant present with Lisa Wayne; Probation Carlos Morales. Argument and Proffer regarding bond conditions. Testimony from witness Greg M. Flynn. Both parties tendered exhibits to the court. Court DENIES 117 Motion for Bond Modification as to Curtis L. Morris. Defendant continued on bond. Total time: 56 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR::BNB AM)(romsl, ) Modified on 2/2/2011 to add text (romsl, ). (Entered: 02/01/2011) |
| 01/27/2011 | 129 | Minute Entry for proceedings held before Judge Robert E. Blackburn: Motion Hearing as to Richard Kellogg Armstrong, Curtis L. Morris held on 1/27/2011. Defendant Armstrong's request to represent himself is Granted and David Owen is appointed as |

A0049018_60-000000

| 03/14/2011 | 163 | MINUTE ORDER by Judge Robert E. Blackburn on 3/14/2011, granting 162 Motion to Continue as to Curtis L. Morris (1). The Motion Hearing is now set for 3/30/2011 09:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 03/14/2011) |
| 03/14/2011 | 162 | First MOTION to Continue and Reschedule March 24, 2011 Hearing by Curtis L. Morris. (Wayne, Lisa) (Entered: 03/14/2011) |
| 03/10/2011 | 161 | NOTICE to the court by Richard Kellogg Armstrong (tlisl, ) (Entered: 03/11/2011) |
| 03/10/2011 | 160 | RESPONSE by USA as to Richard Kellogg Armstrong re: 154 Notice (Other) filed by Richard Kellogg Armstrong, 144 MOTION to Dismiss filed by Richard Kellogg Armstrong, 149 MOTION to Dismiss for Lack of Jurisdiction filed by Richard Kellogg Armstrong in Opposition (Sweeney, Kevin) (Entered: 03/10/2011) |
| 03/02/2011 | 157 | Minute Entry for proceedings held before Magistrate Judge Kathleen M. Tafoya: RE-Arraignment on superseding indictment as to Richard Kellogg Armstrong and Curtis L. Morris held on 3/2/2011. AUSA Kenneth Harmon; Defendant Richard Kellogg Armstrong present in custody with David Owen as advisory counsel; Defendant Curtis L. Morris present with Lisa Wayne; Pretrial Jerald Mason. Plea of NOT GUILTY entered on all counts of superseding indictment by Richard Kellogg Armstrong and Curtis L. Morris. Counsel to chambers. Defendant Richard Kellogg Armstrong remanded; Defendant Curtis L. Morris continued on bond. Total time: 9 minutes. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED. (FTR: KMT AM) (romsl, ) Modified on 3/7/2011 to correct typo and add text (romsl, ). (Entered: 03/02/2011) |
| 03/01/2011 | 158 | Ex Parte Document. (smatl, ) (Entered: 03/07/2011) |
| 03/01/2011 | 156 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 Setting Hearing on Motion as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. The 153 First MOTION for Order For Unopposed Motion for Extension of Time to File Motions is set for 3/24/2011 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. (tlisl, ) (Entered: 03/01/2011) |
| 03/01/2011 | 155 | MINUTE ORDER by Judge Robert E. Blackburn on 3/1/2011 as to Richard Kellogg Armstrong re 154 Notice (Other). Government Responses due by 3/14/2011. (tlisl, ) (Entered: 03/01/2011) |
| 02/28/2011 | 154 | MOTION/NOTICE to the United States District Court by Richard Kellogg Armstrong (tlisl, ) Modified on 3/23/2011 to make a motion event (mjgsl, ). (Entered: 03/01/2011) |
| 02/28/2011 | 153 | First MOTION for Order For Unopposed Motion for Extension of Time to File Motions by Curtis L. Morris as to Richard Kellogg Armstrong, Curtis L. Morris, Larry Ray Hall. (Wayne, Lisa) (Entered: 02/28/2011) |
| 02/28/2011 | 152 | ORDER granting 134 Motion to Modify 34 and denying as moot 148 Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tlisl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 151 | ORDER denying 135 Notice/Motion for Order as to Richard Kellogg Armstrong (2). by Judge Robert E. Blackburn on 2/28/2011. (tlisl, ) (Entered: 02/28/2011) |
| 02/28/2011 | 150 | MINUTE ORDER by Judge Robert E. Blackburn on 2/28/2011 as to Richard Kellogg Armstrong re 149 MOTION to Dismiss for Lack of Jurisdiction. Government responses due by 3/10/2011. (tlisl, ) (Entered: 02/28/2011) |
| 02/24/2011 | 149 | MOTION ; NOTICE-Challenge of validity of charges by Richard Kellogg Armstrong (tlisl, ) Modified on 2/28/2011 to correct event type per chambers. (tlisl, ). (Entered: 02/25/2011) |
| 02/23/2011 | 264 | Ex Parte Document. (smatl, ) (Entered: 07/21/2011) |
| 02/23/2011 | 148 | (NOTICE) MOTION for release of grand jury transcripts, etc., by Richard Kellogg Armstrong. (tlisl, ) (Entered: 02/23/2011) |
| 02/23/2011 | 147 | Ex Parte Document. (Attachments: # 1 Exparte Attachment)(Wayne, Lisa) (Entered: 02/23/2011) |
| 02/22/2011 | 146 | MINUTE ORDER by Judge Robert E. Blackburn on 2/22/2011 as to Richard Kellogg Armstrong re 144 MOTION to Dismiss. Government responses due by 3/19/2011. |