IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00317-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    RICHARD KELLOGG ARMSTRONG,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT TO FIRST STEP ACT OF 2018
AND MOTION FOR APPOINTMENT OF COUNSEL
(DOC. NOS. 776 and 779)**

---

The United States of America, by and through Jason R. Dunn, United States Attorney for the District of Colorado, and Barbara S. Skalla, Assistant United States Attorney for said District, submits the following in response to the defendant's Motion for Sentence Reduction Pursuant to First Step Act of 2018 (Doc. No. 776) and Motion For Appointment Of Counsel (Doc No. 779). In his motion, defendant appears to be seeking a sentencing reduction under 1) the Fair Sentencing Act and 2) The First Step Act, through 18 U.S.C. § 3582(c). He appears to seek application of a retroactive amendment to a Sentencing Guideline provision that applies to drug offenses involving cocaine base even though he was not convicted of a drug offense and was not sentenced under the guideline applicable to drug offenses. Accordingly, his motion should be denied.

**Procedural Background**

Following a 13-day jury trial before this Court in April 2012, the defendant was convicted of one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, eight counts of filing false claims against the United States (income tax returns, in violation of 18 U.S.C. §§ 287 and 2, three counts of conducting monetary transactions in criminally derived property, in violation of 18 U.S.C. §§ 1957 and 2, and one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286.

On August 10, 2012, the defendant was sentenced to concurrent terms of imprisonment of 108 months. Based on the defendant's conduct during trial, this Court issued two Orders of Contempt, finding a total of ten contempt of court citations, and imposing increasingly severe sanctions involving both fines and imprisonment. These sanctions were imposed to run consecutively to one another, and consecutively to the 108-month sentence arising from the defendant's convictions at trial.

Final judgment entered on August 14, 2012. A bench trial on criminal contempt charges was held on September 7, 2012, and this Court found the defendant guilty. The judgment subsequently entered on October 3, 2012, imposed an additional consecutive term of imprisonment. According to the Bureau of Prisons (BOP) Inmate Locator system, the defendant is expected to be released on August 28, 2020.

## The Fair Sentencing Act of 2010

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was enacted on August 3, 2010, and applied to a defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. *Dorsey v. United States*, 567 U.S. 260 (2012).

Section 2 of the Fair Sentencing Act made the following changes to the threshold quantities triggering statutory penalties under 21 U.S.C. § 841(b)(1) and 21 U.S.C. § 960(b) for offenses involving cocaine base:

| BEFORE | Statutory Penalties | AFTER |
|---|---|---|
| 5 grams | 5-yr min; 40-yr max (§§ 841(b)(1)(B) & 960(b)(2)) | 28 grams |
| 50 grams | 10-yr min; life max (§§ 841(b)(1)(A) & 960(b)(1)) | 280 grams |

Section 3 of the Fair Sentencing Act eliminated the provision in 21 U.S.C. § 844(a) that had imposed a five-year statutory-minimum sentence for possession of cocaine base, if the offense involved five grams or more (or three grams if the person had a prior conviction for cocaine-base possession under this subsection, or one gram if the person had two or more such prior convictions).

## The First Step Act of 2018

Section 404 of the First Step Act of 2018 ("First Step Act") makes retroactive the portions of the Fair Sentencing Act that lowered the threshold quantities triggering statutory penalties for certain offenses involving cocaine base. The First Step Act applies

3

to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010," and provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

### Eligibility

The sentencing-reduction procedure set forth in Section 404(b) of the First Step Act is available only to a narrow group of defendants. The court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense"—*i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[,] . . . that was committed before August 3, 2010."

The defendant is not serving a sentence for a "covered offense," namely an offense involving cocaine base for which the penalties were reduced by the Fair Sentencing Act. Therefore, he is not eligible for relief under either the Fair Sentencing Act or the First Step Act.

### Elderly Inmates

On page two, paragraph 5 of his motion, the defendant references "elderly offender." Section 603(a) of the First Step Act reauthorizes the pilot program described in 34 U.S.C. § 60541(g) ["Second Chance Act"] and expands the group of elderly and terminally ill inmates who are eligible for consideration for home detention as opposed to

4

incarceration. The Second Chance Act created a pilot program under which the Attorney General could "remov[e] eligible elderly offenders from a Bureau of Prisons ("BOP") facility and plac[e] such offenders on home detention until the expiration of the prison term to which the offender was sentenced." See *Izzo v. Wiley*, 620 F.3d 1257, 1259 (2010).

Under the First Step Act, "the Attorney General may release some or all eligible elderly offenders… from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender…" An "eligible elderly offender" is an inmate

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

>    (vii)   who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

The BOP is tasked with assessing an inmate's eligibility under this program. Unless and until inmates exhaust their administrative remedies with the BOP, *see* 28 C.F.R. §§ 542.10–.16, district courts cannot afford any relief. "After a district court sentences a federal offender, the Attorney General, though the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). An inmate must exhaust his administrative remedies, and only then, if dissatisfied, may he seek review via a 2241 habeas petition. *See, e.g.*, *Reno v. Koray*, 515 U.S. 50, 53 (1995); *United States v. Callahan*, 800 F.3d 422, 426 (8th Cir. 2015); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000); *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Checchini*, 967 F.2d at 350; *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). The defendant's motion does indicate whether he has pursued administrative relief and does not specify whether the BOP has assessed his eligibility under this program.

Moreover, a petition under Section 2241 ordinarily must be filed in the district of confinement. The defendant is currently serving his sentence at Lompoc FCI, in Lompoc, California. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

Therefore, this Court lacks jurisdiction over the computation and administration of the defendant's sentence because he is not in custody in this district.  Accordingly, his petition, if construed as a 2241 motion, should be transferred to the United States District Court for the Central District of California.

## Request for Appointment of Counsel

The defendant also seeks appointment of counsel. Federal statutes outline certain situations where counsel shall be appointed for indigent defendants, but motions for reduction or recalculation of sentence are not included. See 18 U.S.C. § 3006A(a)(1). The courts of appeals to address the issue have uniformly held that a defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion filed after a defendant's direct appeal has concluded. *See, e.g.*, *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995); *United States v. Hart*, 331 F. App'x 972 (3d Cir. 2009) (not precedential); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015); *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 793-95 (11th Cir. 2009).

Further, a defendant has no statutory right to counsel in connection with a Section 3582(c) motion. The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." The courts have uniformly rejected the argument that a Section 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c). To the contrary, the courts have consistently found that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion. *See, e.g.*, *Whitebird*, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); *Reddick*, 53 F.3d at 464-65 (same); *cf. Burrell v. United States*, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)). As the Fifth Circuit has observed:

> The legislative history of this amendment [adding the term "ancillary matters" to Section 3006A(c)] indicates that it was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial such as habeas corpus ad testificandum and mental competency hearings. There is no indication that the amendment was intended to create a statutory right to counsel to aid in the filing of motions after final conviction. The appointment of counsel in these instances is a matter within the sound discretion of the trial court.

*Whitebird*, 55 F.3d at 1011 (quoting *Burrell*, 332 A.2d at 347). *See also Webb*, 565 F.3d at 793-95 (extensive discussion explaining the view of all Circuits that a defendant has no right to counsel under the Constitution or the Criminal Justice Act, 18 U.S.C. § 3006A(c), with respect to a motion to reduce an otherwise final sentence).

Counsel may be appointed for a "financially eligible" defendant "seeking relief under section 2241… of title 18," when "the interests of justice so require."  See 18 U.S.C. § 3006A(a)(2)(B).

It appears that appointment of counsel would be futile in this case because the defendant is seeking relief under a provision of The First Step Act that does not apply to the offenses for which he was sentenced, and even if construed as a 2241 motion, his motion was not properly filed in this District.

## Conclusion

Wherefore, the government respectfully submits that the defendant's motion should be denied, or, in the alternative, treated as a 2241 motion and transferred to the United States District Court for the Central District of California, where the defendant currently is in custody.

Dated this 5th day of June, 2019.

                Respectfully submitted,

                JASON R. DUNN
                United States Attorney

By:   *s/Barbara S. Skalla*
       Barbara S. Skalla
       Assistant U.S. Attorney
       United States Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       (303) 454-0100
       Fax: (303) 454-0405
       e-mail:  Barbara.Skalla@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of June, 2019, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO FIRST STEP ACT OF 2018 AND MOTION FOR APPOINTMENT OF COUNSEL (DOC. NOS. 776 and 779)** with the Clerk of the Court using the CM/ECF system and a copy was placed in the U.S. Mail, postage pre-paid, to the following address:

Richard K. Armstrong
#20413-298
LOMPOC - Federal Correctional Institution
Inmate Mail/Parcels
3600 Guard Road
Lompoc, CA  93436


                        *s/Maggie E. Grenvik*
                        Maggie E. Grenvik
                        Legal Assistant