## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER

**Blackburn, J.**

This matters before me are two **Letters** ([#789], filed September 16, 2019; and [#784], filed June 11, 2019) submitted by defendant, Richard Armstrong. I strike these unauthorized, informal submissions to the court and again remind Mr. Armstrong of the limits imposed by this court on his ability to file papers in this matter, which I reiterate and reaffirm.

Mr. Armstrong has long been a cantankerous and recalcitrant litigant. His puerile and contumacious antics before, during, and after the trial of this case caused me to issue no less than three contempt orders (*see* **Order of Contempt** [#601], filed October 3, 2012; **Order of Contempt** [#484], filed April 17, 2012; **Order of Contempt** [#510], filed May 1, 2012), imposing substantial fines and additional, sentences, extending Mr. Armstrong's already lengthy sentence for the substantive crimes in this case.[1]

---

[1] These orders were backed by an extensive and ignominious history in which Mr. Armstrong repeatedly filed "notices" requesting relief from the court and obstinately ignored my oral and written orders that any such request must be filed as a motion in order to receive proper attention from the court.

Both before and after the entry of these orders, Mr. Armstrong continued to inundate the court with rafts of feckless "notices" and other irrelevant papers. (*See* **Order** [#741], filed February 27, 2014.) Finding these filings to be pointless and intended solely to harass the court and abuse the legal process, I entered orders, including most specifically for present purposes, the following:

> 1. That effective immediately, the defendant, Richard Kellogg Armstrong, is **ENJOINED**, **RESTRAINED**, and **PROHIBITED** from filing any further paper(s), regardless of how titled or denominated, in this case without prior order of the court by proper motion and only for good cause shown;
> 2. That the defendant, Richard Kellogg Armstrong, is **ENJOINED**, **RESTRAINED**, and **PROHIBITED** from tendering any further paper(s) for filing in this case without the order required in paragraph 1 above;

(*Id.* at 3-4.) For several years, Mr. Armstrong adhered to these guidelines, filing motions for leave to file various motions (*see* [##744, 746, 748]), which were each denied in turn (*see* [##745, 747, 749]).

In early 2018, Mr. Armstrong filed a petition for habeas corpus under 28 U.S.C. § 2255 ([#751], filed January 25, 2018). Because, unlike his previous filings, this one was (1) framed and presented as an actual motion; and (2) not obviously frivolous or meant

---

I first made Mr. Armstong aware of this requirement at a hearing on April 7, 2011. (*See* **Order** at 2 [#241], filed May 31, 2011). Although Mr. Armstrong continued to ignore this order, despite the fact that I reiterated it on each occasion where I struck yet another "notice" filed by Mr. Armstrong. (*See, e.g.*, **Order** ¶ 3 at 6-7 [#235], filed May 17, 2011; **Order** [#241], filed May 31, 2011; **Order Striking Defendant's Notices** at 2-3 [#251], filed June 10, 2011; **Order Striking Notice** at 1-2 [#364], filed November 28, 2011; **Order Striking Papers** [#395], filed January 12, 2012; **Order Striking Defendant's Notices** [#463], filed April 5, 2012; **Order Striking Defendant's Notices** [#467], filed April 6, 2012; **Order Striking Defendant's Notices** [#494], filed April 23, 2012; **Amended Order Striking Defendant's Notices** [#539], filed May 8, 2012; **Order Striking Defendant's Notices** [#546], filed May 15, 2012.) Mr. Armstrong thus cannot be unaware of this court's requirement that any request for relief will not receive attention from this court unless presented in the context of a proper motion, and then only if preceded by a motion for leave to file said motion.

solely to harass, I chose to overlook Mr. Armstrong's failure to file a motion for leave to submit that motion to the court for determination.  For similar reasons, I allowed Mr. Armstrong to file, without prior leave, a motion for reduction of sentence under the First Step Act ([#776], filed March 28, 2019) and a motion for appointment of counsel ([#779], filed May 6, 2019).  Nevertheless, during this same period of time, I struck other filings that were plainly feckless, abusive, and/or harassing ([##770, 771]).

To the extent this series of events has produced confusion regarding the court's intention to continue to enforce the parameters of its prior orders delineating the specific manner by which Mr. Armstrong may submit matters to this court for resolution, I write now to clarify that I stand by and will continue to enforce those limitations.  Although to eschew delay and avoid further cluttering the already over-stuffed docket in this case, I will not strike Mr. Armstrong's 2255 motion, motion for relief under the First Step Act, and motion for appointment of counsel, but I will strike both of the recently filed letters, as well as all further submissions, however designated, that do not comply with the limitations previously imposed.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Armstrong's **Letter** [#789], filed September 16, 2019, is stricken;

2. That Mr. Armstrong's **Letter** [#784], filed June 11, 2019, is stricken;

3. That Mr. Armstrong may not file any further paper with this court, no matter how described or designated, without first obtaining prior leave of court; and

4. That this order does not supersede or supplant my prior **Order** [#741], filed February 27, 2014, but is to be read in conjunction with that prior Order, which remains

in full force and effect.

      Dated October 1, 2019, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

4