Richard Kellogg Armstrong
Reg. No. 20413-298
Federal Correctional Institution
3600 Guard Rd.
Lompoc, CA 93436

in Pro Se



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. <u>1:10-cr-00317-REB-2</u> |
| **Plaintiff,** | |
| v. | **MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)** |
| <u>**Richard Kellogg Armstrong,**</u> Defendant. | |

### Introduction

The defendant, ~~Armstrong~~ ~~without~~ attorneys, respectfully moves this Court pursuant to

the newly-amended 18 U.S.C. § 3582(c)(1)(A)(i) for an order reducing his sentence to time served

based on his poor physical health (1A); his age, health concerns and  the time

he has already served. He has worsening arthritis problems,  and  recent medi-

cal exams show irregular heart beat conditions needing surgery. His circumstances

satisfy the "extraordinary and  compelling  reasons" standard under  § 3582(c)(1)(A)(i), as

elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13. After considering the applicable

factors set forth in 18 U.S.C. § 3553(a), we respectfully request that the Court reduce Armstrong's

sentence to time served and modify the terms of supervised release to accommodate his probation-approved release plan.

**Jurisdiction**

On December 21, 2018, the President signed the First Step Act into law. Among the criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for reduction of sentence based on extraordinary and compelling reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). In this case, Armstrong has fully exhausted his administrative remedies within the Bureau of Prisons. On or about 01/23/2019, Armstrong filed his formal request with the Prison's warden Mr. Felipe Martinez, Jr., and on or about 02/13/2019, I received a response from the warden's office whereby no actual or effective action was taken, and I do accept it as a denial of my request, since no action was taken of any kind, making me as if having made all my exhausting administrative remedies complete. Therefore, I am allowed to present my request directly to the district court. See attached.

**Sentence Reduction Authority Under 18 U.S.C. § 3582(c)(1)(A)(i)**

This Court has discretion to reduce the term of imprisonment imposed in this case based on § 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" In 28 U.S.C. § 994(t), Congress delegated to the Sentencing Commission the authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." As relevant here, the examples of "extraordinary and compelling reasons" in U.S.S.G. § 1B1.13 include Armstrong 's circumstances:

> Due to a weakening heart condition, Armstrong is forced to limiting his physical activities. His arthritis condition is a limiting factor to his physical activities. Armstrong's age is 85 years and five months. Armstrong is also subjected to the use of medication for elevated blood preassure as well as an enlarged prostate. Conditions appear to be worsening with age. Armstrong also has extremely poor hearing in both ears, making communications with others, to include BOP's personnel, very difficult. See n.1(A)(ii)(I) & 1(B).

> Armstrong is over 85 years of age, and has served 100% of his primary sentence with good time credit and 54% of his criminal contempt judgment, or a combined 90% of his total sentencing term of imprisonment.

**Page 3   MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)**

U.S.S.G. § 1B1.13, comment. n.1(**). The Commission's standard has parallels under the Bureau of Prisons (BOP) program statement on compassionate release PS 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, at ** (Jan. 17, 2019) (providing compassionate release consideration for inmates with **). Under the First Step Act, the BOP's program statement retains relevance only to the extent that its criteria are broader than the standards set by the Commission. U.S.S.G. § 1B1.13, comment. n. 1(D) (recognizing that the Director of the BOP can designate additional "extraordinary and compelling reason other than, or in combination with, the reasons described in" the commentary).

**Relevant Facts and Procedural History**

On 05/20/2010 He  was sentenced to 136 months in prison upon his conviction in a  jury trial for the offense of 18 U.S.C. §§ 287, 1957, 286 and 1341. Armstrong was denied bond after arrest at age of 76. Armstrong was a pro se litigant from 01/02/2011, an admitted error in judgment. There were no health factors to worry about at the time of sentencing, but since the incarceration process, things are deteriorating due to my health which is diminishing on account of age in prison, which makes this situation an "extraordinary and compelling reason, under §1B1.13 n.2 of the U.S.S.G.

Armstrong has been subjected to cruel and unusual punishment by being sent to the Special Housing Units (segregation for 9 months) for  wrongful charges.

Armstrong has been in custody in connection with the present offenses since his arrest on 05/20/10 which amounts to 115 months of actual incarceration. Counting good time credits earned, he has served the equivalent of a 115-month sentence.

During the service of the sentence I was made aware of the compassionate re-lease program through internet publications and legal newsletters form legal firms.

With assistance from prison personnel, Armstrong submitted a request for compassionate release. As previously noted, application was made to the warden's office without a satisfactory response. No actions was done for me of any kind to help me to obtain any relief or remedy to my request. Please see attached exhibits "A" and "B." Due to the fact that there was no action done by the BOP, I feel I have fully exhausted my administrative remedies in seeking compassionate release for "extraordinary and compelling reasons," as required by the statute under 18 U.S.C. § 3582(c)(1)(A)(i). I have assumed that non-actions is equivalent as denial of my official request, allowing me to proceede to the district court directly to request relief as explained hereby.

Because the General Counsel's denial is a final administrative decision, Armstrong has no pathway for further administrative remedy.

## Argument

### A. Armstrong  Has Established Extraordinary And Compelling Reasons That Warrants A Sentence Reduction.

Under U.S.S.G. § 1B1.13, commentary note 1(**), extraordinary and compelling reasons for a sentence reduction exist when " U.S.S.G. n.1(A)(ii)(I)&1(B)  "Armstrong satisfies this simple criteria.

As explained before, Armstrong's advanced age of 85 and his deteriora-ting health conditions, create a limiting ability to be able to move around in the prison's environment, having to come to the aid of other inmates  to tend for  certain necessities on a daily basis. He is obliged to have to walk long distances, even to go to the messhall to eat.

Under the present statutory regime, the existence of extraordinary and compelling circumstances confers on this Court the authority to consider the relevant 18 U.S.C. § 3553(a) factors and determine whether the circumstances warrant a sentence reduction.

This Court should not give weight to the BOP's compassionate release denial because it was based solely on sentencing-related factors better left to the Court's discretion. The statutory responsibility to decide whether a motion to reduce should be granted falls to this Court, not the BOP. Decisions about sentencing "[should] not be left to employees of the same Department of Justice that conducts the prosecution." *Setser v. United States*, 566 U.S. 231, 242 (2012); *see also id.* at 240 ("[T]he Bureau is not charged with applying § 3553(a)."). Here, the BOP recognized that Armstrong's circumstances present an extraordinary and compelling reason that triggers sentence reduction eligibility. Under § 3582(c)(1)(A) and § 1B.13, it is the Court, not the BOP, that is charged with considering the "extraordinary and compelling reasons," then evaluating whether the sentencing factors under § 3553(a)—including public safety under the standard in 18 U.S.C. § 3142(g)—warrants a reduction in sentence.

The First Step Act's amendment to § 3582(c)(1)(A) reflects the congressional aim to diminish the BOP's control over compassionate release by permitting defendants to file sentence reduction motions directly with the sentencing court. The BOP's administration of the compassionate release program has long been the subject of criticism. The Department of Justice's Office of the Inspector General has repeatedly found that the program results in needless and expensive incarceration and is administered ineffectively. Department of Justice, Office of the Inspector General, *The Federal Bureau of Prisons' Compassionate Release Program*, at 11 (April

2013) ("The BOP does not properly manage the compassionate release program, resulting in inmates who may be eligible candidates for release not being considered."); Department of Justice, Office of the Inspector General, *The Impact of an Aging Inmate Population on the Federal Bureau of Prisons*, at 51 (May 2015) ("Although the BOP has revised its compassionate release policy to expand consideration for early release to aging inmates, which could help mitigate the effects of a growing aging inmate population, few aging inmates have been released under it."). Aside from the expense and inefficiency, the human costs of the BOP's stinting view of compassionate release has been documented by prisoner advocates. Human Rights Watch & Families Against Mandatory Minimums, *The Answer Is No: Too Little Compassionate Release in US Federal Prisons* (Nov. 2012).

As previously stated, the BOP failed  to take any action on behalf of the inmate, therefore, he has fully completed the  exhaustion of administrative remedy.

With the enactment of the First Step Act, the authority shifts to this Court to decide whether the undisputed extraordinary and compelling reasons warrant a sentence reduction in this case without deference to any administrative agency.

**B.     With Full Consideration Of The § 3553(a) Factors, Armstrong 's Time Served Constitutes A Sentence Sufficient But Not Greater Than Necessary To Accomplish The Goals Of Sentencing.**

Under all of the circumstances in this case, the COURT should conclude that the time that has already served is sufficient to satisfy the purposes of sentencing. Under *Pepper v. United States*, 562 U.S. 476, 490-93 (2011), the Court can, and indeed must, consider post-offense developments under § 3553(a), which provides "the most up-to-date picture" of the defendant's history and characteristics and "sheds light on the likelihood that [the defendant] will engage in future criminal conduct." *Id.* at 492.

Page 7   **MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)**

Here, the Commission's policy statement recognizes that Armstrong's circumstances are "extraordinary and compelling," which should weigh heavily in the sentencing equation. Although the circumstances of the present offense and Armstrong's criminal history qualified him for the serious sentence that this Court originally imposed, therefore, due to Armstrong's advanced age, his deminishing health status, his good conduct and substantially clean behavior under the rules of the BOP, do apply to the factors under § 3553(a).

As recognized in the Sentencing Commission's policy statement on physical condition, extraordinary impairments provide reasons for downward departures for "seriously infirm" defendants, including to home detention at initial sentencing "as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H14; see also 18 U.S.C. § 3553(a)(2)(D)(consideration of providing needed medical care in the most effective manner). Armstrong's physical and mental condition following his health decline realistically forcloses a probability of dangerous recidivism. Further, at 85 years old, Armstrong's age places him in the class of prisoners least likely to recidivate. United States Sentencing Commission, **The Effects of Aging on Recidivism Among Federal Offenders** (December 2017). Having undergone a very long period of incarceration, and having experienced physical and mental deterioration, Armstrong does not constitute a danger to any other person or to the community. He has mainatained exellent behavior during his incarceration.

The Court should conclude that the 115-month sentence already served has sufficiently met the purposes of sentencing after considering Armstrong's extraordinary and compelling circumstances.

Page 8   MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)

C.     **The Conditions Of Supervised Release Should Be Modified To Accommodate The Reasons For The Sentencing Reduction.**

**Armstrong** has formulated a solid release plan with the assistance of the Probation Office during the administrative compassionate release proceedings. The plan involves `that he will be cared by his son including medical.` Accordingly, if the Court grants this motion, we would ask the Court to impose `home arrest.` as an added condition of supervised release.

**Conclusion**

For the foregoing reasons, Armstrong respectfully requests that the Court grant reduction in sentence to time served and amend the conditions of supervised release as requested.

Respectfully submitted this  6th  day of  November         , 2019.

/s/ Richard Kellogg Armstrong
`Richard Kellogg Armstrong,`
`Defendant in Pro Se`


`Notice:` `It is hereby requested to have counsel appointed due to the complicated factors involved and I am not versed in the law, also I hereby apply as an indigent defendant.`

## EXHIBIT "A"

BP-A0148                      **INMATE REQUEST TO STAFF** CDFRM
JUNE 10
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Warden Felipe Martinez, Jr./FCC Lompoc | DATE: 01/23/2019 |
|---|---|
| FROM: Richard Kellogg Armstrong | REGISTER NO.: 20413-298 |
| WORK ASSIGNMENT: Unassg Med | UNIT: J    Bed Assignment: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.

Warden Martinez, I hereby make my formal request for your consideration of my immediate release, pursuant to the new law as recently passed and signed by President Trump, as the FIRST STEP ACT of 2018 (H.R. 5682 FIRST STEP ACT 115th. Congress (2017-2018), sec. 403 FEDERAL PRISONER REENTRY INITIATIVE REAUTHORIZATION, sec. 231(g) of the SECOND CHANCE ACT of 2007 (34 U.S.C. § 8054 as amended, "elderly offender." I am under some medical complications due to my advanced age of 84+ years. I feel I qualify for such new law, or on the alternative, I would like to be considered for the HOME CONFINEMENT FOR LOW RISK PRISONER, sec. 402, Title 18 U.S.C. § 3624(c)(2). Thank you.

cc: file                    (Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                        Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER      **SECTION 6**

# EXHIBIT "B"

### RESPONSE TO INMATE REQUEST TO STAFF

NAME: ARMSTRONG, Richard
REGISTER NUMBER: 20413-298
HOUSING UNIT: A-unit/J02-005L (Low)
DATE OF REQUEST: 01-23-2019
REQUEST NUMBER:  028-19


This is in response to your Inmate Request to Staff, received on January 29, 2019, in which you request consideration for immediate release based on the First Step Act of 2018 or reconsideration for home confinement.

A review of this matter reveals the following.  The Department of Justice and Federal Bureau of Prisons are currently reviewing the new legislation.  Once the Risk and Needs Assessment System is completed and issued by the Attorney General, staff will carry out all necessary steps to comply with this significant legislation.

I trust this has been responsive to your request.


Felipe Martinez, Jr., Complex Warden                    Date

<u>**CERTIFICATE OF SERVICE**</u>

I, Richard K. Armstrong_____, hereby certify that I have

served a true and correct copy of;

MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

[which is considered filed/served at the moment it was delivered

to prison authorities for mailing as provided for in Houston v.

Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following

listed parties/persons by placing a complete copy of the above

described materials in a sealed envelope affixed with the

appropriate pre-paid first-class United States postage:

Ckerk                              U.S. Attorney's Office
U.S. District Court                District of Colorado
District of Colorado               1225 17th. St., Ste. 700
901 19th. St., Room A105           Denver, CO 80202
Denver, CO 80294-3589

and deposited same with prison officials here at the Federal

Correctional Institution in Lompoc, California, on this the

_6th__ day of _November_____, 20_19_ .

    Pursuant to Title 28, United States Code section 1746, I

declare under penalty of perjury that the foregoing is true and

correct.  Executed this the _6th__ day of _November___, 20_19_ .

(Signature) _Richard Kellogg Armstrong_

Printed Name: Richard Kellogg Armstrong
Federal Register # 20413-298
Federal Correctional Institution (Low)
3600 Guard Road, Lompoc, CA 93436-2705
No Telephone/Fax/E-Mail Available