IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER

**Blackburn, J.**

The matters before me are defendant Richard Armstong's (1) **Motion for Leave To File a Motion for Release From Custody** [#791],[1] filed October 28, 2019; and (2) **Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)** [#792], filed November 18, 2019.  By these motions, Mr. Armstrong seeks compassionate release under section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (the "First Step Act" or the "Act").  The government has filed a response to the substantive motion ([#798], filed January 30, 2020).  I grant the motion for leave and deny the motion to reduce sentence.[2]

---

[1] "[#791]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] As these motions plainly supplant and supersede the previously submitted **Defendant Richard Kellogg Armstrong's Verified Motion for Sentence Reduction Pursuant to: The First Step Act of 2018** ([#776], filed March 28, 2019), I will deny that motion as moot. Likewise, I deny as moot the government's motion to file its response to that motion out of time.  (*See* Motion for Extension of Time To File Response to Defendant's Motion Under 18 U.S.C. § 3582 (Doc. No. 776) and Motion for Appointment of Counsel (Doc. No. 779) [#782], filed June 5, 2019.)   Moreover, because as discussed more fully here, Mr. Armstrong appears to have been granted the precise relief requested by the motion, I

The First Step Act does not change the substantive standards governing compassionate release. ***United States v. Willis***, 382 F.Supp.3d 1185, 1187 (D.N.M. 2019). A proposed sentence reduction still must be "supported by: (1) extraordinary and compelling reasons; (2)"applicable policy statements issued by the Sentencing Commission[;] and (3) the factors set forth in [18 U.S.C. §] 3553(a)." ***Id.*** (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (internal quotation marks omitted). Instead, it merely, but importantly, expands the universe of those who may request such relief. ***See*** First Step Act of 2018, 132 Stat. at 5239 (purpose of section 603(b) is to "increas[e] the use and transparency of compassionate release"). Whereas previously, only the Director of the Bureau of Prisons could file a motion for compassionate release, ***United States v. Gutierrez***, – F.Supp.3d –, 2019 WL 1472320 at *1 (D.N.M. Apr. 3, 2019), now a defendant himself may seek such relief from the court "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," 18 U.S.C. § 3582(c)(1)(A).

Mr. Armstrong has failed to prove he exhausted his administrative remedies before bringing this motion. Although he claims he submitted a request to the warden's office, the exhibits which purportedly substantiate this fact are not attached to the motion. (***See* Motion** at 5.)[3] The motion is subject to denial on that basis alone.

---

find and conclude that his **Motion for Appointment of Counsel** ([#779], filed May 6, 2019), is moot and should be denied on that basis.

[3] I note that no such proof was attached to any of Mr. Armstrong's earlier motions, either.

Moreover, as the government notes in its response, since the time this motion was filed, Mr. Armstrong has been transferred from FCI Lompoc to the Bureau of Prisons' Residential Reentry Management field office in Milan, Michigan.[4]  The government further represents that, according to Mr. Armstrong's current case manager, Mr. Armstrong is on home confinement and living with his son.  This appears to be precisely the relief he sought by this motion.  (*See* **Motion** at 9.)  Thus, the motion also is moot and may be denied on that basis as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Leave To File a Motion for Release From Custody** [#791], filed October 28, 2019, by the defendant is granted;

2. That the **Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)** [#792], filed November 18, 2019, by the defendant is denied and/or denied as moot;

3. That the **Motion for Appointment of Counsel** [#779], filed May 6, 2019, by the defendant is denied;

4. That  **Defendant Richard Kellogg Armstrong's Verified Motion for Sentence Reduction Pursuant to: The First Step Act of 2018** [#776], filed March 28, 2019, is denied as moot;

---

[4]  A fact confirmed by reference to the BOP's online Federal Inmate Locator service. (*See* https://www.bop.gov/inmateloc/) (last accessed February 3, 2020).  Mr. Armstrong did not apprise the court of this change in his status.  Absent knowledge of his son's address, I will direct the clerk of the court to mail a copy of this order to RRM Detroit, care of Mr. Armstrong's case manager, and to change Mr. Armstrong's address of record to that RRM for the time being.

5.  That the **Motion for Extension of Time To File Response to Defendant's Motion Under 18 U.S.C. § 3582 (Doc. No. 776) and Motion for Appointment of Counsel (Doc. No. 779)** [#782], filed June 5, 2019, by the government is denied as moot; and

6.  That the clerk is authorized and directed to update Mr. Armstrong's mailing address of record to: Richard Kellogg Armstrong, c/o Andrew Hershey, RRM Detroit, Residential Reentry Office, 4206 E. Arkona Rd., Milan, MI 48160.

Dated February 19, 2020, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

4