**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 10-cr-00317-REB-2
(Civil Action No. 18-cv-00192-REB)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

2.  RICHARD KELLOGG ARMSTRONG,

      Defendant-Movant.

## ORDER DENYING § 2255 MOTION

**Blackburn, J.**

This matter is before me on the **Title 28 U.S.C. § 2241 Habeas Corpus for Due Process And Constitutional Violations Resulting in Illegal Confinement By Void Judgment** [#751][1] filed January 25, 2018, by the defendant-movant.[2] The government filed a response [#754]. Liberally, I treat the motion as having been filed under 28 U.S.C. § 2255.[3] Having considered carefully the motion, the response, the record, and

---

[1] "[#751]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The defendant-movant is proceeding pro se. Thus, as I have done sedulously throughout the evolution of this case, I have viewed and treated his paper with the judicial munificence due a pro se litigant. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] My treatment is consistent with the conclusions of the United States District Court for the Central District of California, Los Angeles Division, in civil action CV-17-7087, *see* [#752-11 at 9 & 752-12 at 2] and a judge of this court, the Honorable Lewis T. Babcock, Senior United States District Judge for the United States District of Colorado, *see* [#752-14].

the apposite law, I deny the motion as untimely.

## I. BACKGROUND

Judgment entered August 12, 2012, [#588] after sentence was imposed on the crimes for which the defendant-movant was found guilty after trial by jury. Relatedly, judgment for contempt entered October 3, 2012 [#601]. The defendant-movant did not file a direct appeal as to either judgment. The instant motion was filed in the United States District Court for the Central District of California on September 26, 2017, and in this court on January 25, 2018.[4]

## II. JURISDICTION

The defendant-movant claims, *inter alia*, that this court lacks subject matter jurisdiction. This argument is as jejune and feckless now as when the defendant-movant first raised it on February 17, 2011 [#144]. I rejected the motion then, *see* [#169] filed March 23, 2011, and I do so now. Under 18 U.S.C. § 3231, United States district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." See ***United States v. Williams***, 341 U.S. 58, 65-66 (1951). Those offenses include all of the offenses charged under Title 18, United States Code, in the Indictment and Superseding Indictment against the defendant-movant. ***Id***. Accordingly, this court has subject matter jurisdiction in this case.

## III. TIMELINESS

The government contends the motion of the defendant-movant was not timely filed. I agree. The Antiterrorism and Effective Death Penalty Act (AEDPA) established

---

[4] A complete chronology of relevant events is stated by the government in its response, *see* [#754] at pp. 1-3, which I approve, adopt, and incorporate herein.

a one-year period of limitation for actions seeking habeas corpus relief, including actions under § 2255.  28 U.S.C. § 2255(f).  Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[5]

The last final judgment (for contempt) against the defendant-movant entered on

---

[5] Absent exceptional circumstances, which are neither pled nor present, this court does not have the authority to extend the one year deadline for filing a motion under § 2255.  The Supreme Court of the United States has recognized that the purpose of Congress in adding this provision was to adopt "a tight time line" that would "advance the finality of criminal convictions." **Mayle v. Felix**, 545 U.S. 644, 662 (2005).  In extraordinary circumstances, the one year deadline of § 2255(f) may be subject to equitable tolling.  See **Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000) (describing extraordinary circumstances necessary to equitably toll one year limitations period for habeas application under 28 U.S.C. § 2254); **U.S. v. Willis**, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (equitable tolling may be applicable to § 2255 petition; citing **Gibson v. Klinger**).

October 3, 2012.[6]  *Judgment* [#601].  The deadline to file a notice of appeal expired 14 days later.  The defendant-movant did not file a direct appeal.  Thus, his convictions and sentences became final no later than October 17, 2012, when the deadline to file a notice of appeal expired.  Fed. R. App. P. 4(b)(1)(A)(i) (defendant must file notice of appeal within 14 days of judgment); **United States v. Prows**, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (if the defendant does not appeal, the conviction becomes final when the time for filing an appeal expires).  The instant § 2255 motion [#751] was filed more than four years after his convictions and sentences became final.  Dismissal is warranted and required.

## IV.  COA & IFP

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), I may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  The defendant-movant has not made a substantial showing of the denial of a constitutional right or other legal right.  Therefore, a certificate of appealability is denied.

Under 28 U.S.C. § 1915(a)(3), I certify that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  **See Coppedge v. United States**, 369 U.S. 438 (1962).  If the

---

[6] Recall that judgment on the crimes charged in the Superseding Indictment entered August 12, 2012, *see* [#588]. In an act of judicial munificence, I resolve all doubts in favor of the defendant-movant and use the later of the two dates, *i.e.*, October 3, 2012. In any event the ultimate result is the same.

defendant-movant files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit.

## CONCLUSIONS & ORDERS

The court clearly possesses subject matter jurisdiction. The motion of the defendant-movant was not timely filed, and there is no circumstantiated basis to apply equitable tolling to extend the filing deadline. Thus, the motion of the defendant-movant must be denied as untimely.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Title 28 U.S.C. § 2241 Habeas Corpus for Due Process And Constitutional Violations Resulting in Illegal Confinement By Void Judgment** [#751] is denied;

2. That under 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied;

3. That leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit; and

4. That the related Civil Action No. 18-cv-00192-REB is closed.

Dated April 3, 2020, at Denver, Colorado.

**BY THE COURT**:

Bob Blackburn
Robert E. Blackburn
United States District Judge